Olu K. Orange, Esq.  (SBN 213653)
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., No. 2910
Los Angeles, CA 90010
T: (213) 736-9900/F: (213) 417-8800
orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile:  (626) 577-7079
Emails: dstormer@hadsellstormer.com
    mricketts@hadsellstormer.com


*Attorneys for Plaintiffs, M.S. and I.H.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,<br><br>                                 *Plaintiffs,*<br>        vs.<br><br>Oliver Angus, Michael Angus, Jamie Angus, Marae Cruce, Gregory Pitts, Antonio Shelton, Santa Monica Malibu Unified School District and Does 1 through 10.<br>                                 *Defendants.* | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1.   VIOLATION OF CIVIL RIGHTS 42 U.S.C. §12101, *et seq*, Americans with Disabilities Act<br>2.   VIOLATION OF CIVIL RIGHTS 29 U.S.C. §794, *et seq*, Sec. 504 of the Rehabilitation Act<br>3.   VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983, Fourteenth Amendment – Procedural<br>4.   VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983, Fourteenth Amendment - Substantive<br>5.   VIOLATION OF CIVIL RIGHTS 42 U.S.C.  §1983, (Entity |

- 1-

Liability)

6. SEXUAL BATTERY – Cal Civ Code § 1708.5 & Cal Code Civ Pro § 340.1
7. NONSTATUTORY PARENTAL LIABILITY
8. EDUCATION CODE – Cal. Educ. Code § 201
9. DISCRIMINATORY PROGRAM – Cal. Govt. Code §11135
10. DUE PROCESS – Cal. Const. Art. 1, Sec. 7
11. NEGLIGENCE
12. ASSAULT
13. BATTERY

**DEMAND FOR JURY TRIAL**

## I.   <u>INTRODUCTION</u>

1. This lawsuit seeks to remedy harm suffered by two minors who are special education students, M.S. and I.H., who have suffered violent physical, emotional and sexual abuse on and off the campus of Santa Monica High School by one of their fellow students Oliver Angus – who is also a martial arts instructor.

2. In addition to subjecting M.S. and I.H. to violent physical, emotional and sexual abuse, Oliver Angus also recorded by audio and visual means, and transmitted via the internet, some of the sexual abuse he perpetrated upon his minor schoolmates.

3. Oliver Angus' parents, Michael and Jamie Angus, and officials and employees of the Santa Monica Malibu Unified School District ("SMMUSD"), including but not limited to Marae Cruce, Gregory Pitts and Antonio Shelton, were informed and aware of – or should have been aware of – Oliver Angus' deviant, demented, violent, illegally sexual and harmful propensity and/or acts and took no effective or adequate action to prevent harm from befalling M.S. and I.H.

Complaint for Damages

## II.   JURISDICTION AND VENUE

4. M.S. and I.H. ("Plaintiffs") present federal claims for relief under 42 U.S.C. §1983, Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Plaintiffs' claims arise out of acts by all defendants in the County of Los Angeles, State of California. Accordingly, venue is proper within the Central District of California.

5.  Plaintiffs' state law causes of action arise under the general laws and Constitution of the State of California, and pursuant to CA Civ Pro Code § 340.1 and Cal. Gov't Code § 11135. Pursuant to 28 U.S.C. § 1367, this court has jurisdiction over Plaintiffs' state law claims as they arise from the same nucleus of operative facts as Plaintiffs' federal claims.

6. Plaintiffs have complied with the California Tort Claims Act requirements for matters requiring such compliance by presenting a tort claim to the entity-affiliated defendants embracing the substance of the matters herein, which was denied. For matters which require presentation of a request to late-file a tort claim, such requests have been filed but not yet ruled upon. For matters including but not limited to sexual assault and federal causes of action, no tort claim is required.

## III.   PARTIES

7.  Plaintiffs M.S. and I.H., are minors who currently attend, and at all times material herein attended, school facilities within the Santa Monica Malibu Unified School District, in the County of Los Angeles, California. Each of them are private residents in the County of Los Angeles, State of California. Plaintiffs M.S. and I.H. are qualified individuals with disabilities under the Americans with Disabilities Act ("ADA") and Section 504.

8. Defendant Santa Monica Malibu Unified School District ("SMMUSD") is a public entity organized and existing under the laws of the State of California. Santa

- 3-

Monica High School is a school facility within SMMUSD. This Defendant is sued on Plaintiffs' state law claims based on *respondeat superior*, under California Government Code §815.2 and mandatory duties under California Government Code §815.6. SMMUSD is a public entity for purposes of Title II of the ADA, and receives federal financial assistance for purposes of Section 504.

9. Defendant Antonio Shelton ("Shelton") is, and at all times material herein was, the Superintendent of SMMUSD. As such, Shelton is a supervisor and policymaker for SMMUSD. Defendant Shelton is sued in his individual and official capacities.

10. Defendant Marae Cruce ("Cruce") is, and at all times material herein was, a Principal at Santa Monica High School responsible for setting policy for the entire school and for rules and protocol for students with Individualized Education Plans and the personnel who instruct and supervise them. As such, Cruce is a supervisor and policymaker for SMMUSD. Defendant Cruce is sued in her individual and official capacities.

11. Defendant Gregory Pitts ("Pitts") is, and at all times material herein was, a Principal at Santa Monica High School responsible for setting policy for the entire school and for rules and protocol for students with Individualized Education Plans and the personnel who instruct and supervise them. As such, Pitts is a supervisor and policymaker for SMMUSD. Defendant Pitts is sued in his individual and official capacities.

12. Defendant Oliver Angus at all times material herein attended school facilities within the Santa Monica Malibu Unified School District, in the County of Los Angeles, California. He is a private resident in the County of Los Angeles, State of California.

13. Defendant Michael Angus at all times material herein was the father and a parental guardian of Oliver Angus. He is a private resident in the County of Los Angeles, State of California.

- 4-

14. Defendant Jamie Angus at all times material herein was the mother and a parental guardian of Oliver Angus. She is a private resident in the County of Los Angeles, State of California.

15. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will give notice of this complaint, and of one or more DOES' true names and capacities, when ascertained. Plaintiffs allege, based on information and belief that Defendants DOES 1 through 10 are responsible in some manner for the damages and injuries complained of throughout this entire Complaint.

16. Upon information and belief, Plaintiffs further allege that, at all times relevant herein, Defendants Cruce, Pitts, Shelton and/or Supervisory Doe Defendants participated in, approved, and/or ratified the unconstitutional and/or harmful acts complained of herein.

17. Plaintiffs are informed and believe that at all times relevant herein, the individual Defendants, and each of them, were the agents, servants and employees of each other and/or their respective employers and were acting at all times within the scope of their agency and employment, and with the knowledge and consent of their principals and employers. At all times herein, Defendants, and each of them, acted in coordination with, approval of, and in conspiracy with one another.  At all times herein, Defendants, and each of them, were acting under the color of law – directly, and/or by conspiracy. All said Defendants, and each of them, ratified the aforesaid conduct committed under color of law. All entity Defendants are liable for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2.

## IV.   <u>**FACTUAL ALLEGATIONS**</u>

18. Plaintiff M.S. is a male Santa Monica high school student within the Santa Monica Malibu Unified School District. Claimant is eligible to receive special education services under the category of Autism (AUT) and secondary eligibility of Specific Learning Disability (SLD). Claimant has an Individual Education Program (IEP) and his original Special Education entry date is November 13, 2009.

19. Plaintiff I.H. is a female Santa Monica high school student within the Santa Monica Malibu Unified School District. Claimant is eligible to receive special education services pursuant to an Individual Education Program (IEP) and her participation in the Special Education program for a learning disability.

## <u>DEFENDANT OLIVER ANGUS' ABUSE OF M.S.</u>

20. On May 12, 2023, M.S. reported to SMMUSD school officials that he had suffered multiple instances of being sexually assaulted and/or raped by Defendant Oliver Angus.

21. On or about April 17, 2023 up through and including May 12, 2023, in bathrooms, classrooms, gathering spaces, hidden areas and other locations on the campus of Santa Monica High School, Defendant Oliver Angus groomed Plaintiff M.S. for sexual exploitation and bullied him, and threatened him, and sexually assaulted and battered him, and subjected him to videotaping in sexually suggestive ways.

22. In April of 2023, M.S. reported to SMMUSD employees and/or agents that Defendant Oliver Angus threatened M.S. with a pocket/boot knife and stabbed M.S.'s backpack with the knife. SMMUSD employees took no action and/or unreasonably insufficient action to enhance supervision of Oliver Angus, who also has an IEP (for alleged extreme fatigue), and protection of M.S.

23. On October 10, 2022 and November 4, 2022, Defendant Oliver Angus sexually assaulted and raped M.S. off-campus. Defendant Oliver Angus also exposed his

- 6-

genitals to M.S. over the SMMUSD school zoom account and took photographs and videos of his abuse of M.S.

24. On November 4, 2022, Defendant Oliver Angus sexually assaulted and/or raped M.S. on-campus during lunch in a space which was hidden and/or shielded from public view.

25. During the several years prior to, as well as up through and including May 12, 2023, Oliver Angus executed karate moves upon M.S. and threatened to and did twist M.S.'s ears, fingers and arms and kick and punch M.S. in the genitals at SMMUSD school facilities. From May 12th to 14th 2023, M.S. reported to his mother, Jessica DeVita that over the years Oliver Angus abused him on a multitude of occasions, including but not limited to the following:

a. "I have a memory of elementary school at a playdate at Oliver's house. Oliver asked me if I'd ever had sex and exposed his penis to me. I didn't understand what it was yet". "This was in his house, in his basement. When I was in elementary school."

b. "Oliver exposed himself to M.S. over Facetime and Zoom, and Oliver became angry when M.S. refused to expose himself to Oliver."

c. "Things Oliver says to me after the punching, slapping, twisting ears and fingers, and arms. Oliver says "you deserved it". He's really mean, he does the middle finger to me a lot. The violent stuff is worse so I'm not too offended by it but maybe he should stop doing that."

d. "Oliver said 'touch it touch it ' even though I didn't want to. Oliver said 'come on, let's do it. Let 's do it, no one will see us' I didn't like it. I was afraid of getting in trouble."

e. "He pinched my neck sometimes, dragged me on the floor twisted my arms my ears my fingers, he makes threats to punch me in the nuts or kick me in the nuts, and break certain bones or something, and again with the knife thing, he

- 7-

pointed the switchblade knife at me, he brought it to school, he pointed it at me, and it really hurt."

f. "I didn't want to do it. He' s a bully."

26. On multiple occasions M.S. has demanded that Defendant Oliver Angus delete the explicit and pornographic recordings of M.S. and other students that Oliver Angus maintains. Defendant Oliver Angus consistently responds that if he deletes the files he will simply restore them from back-up.

27. M.S. is presently extremely scared of Defendant Oliver Angus and believes that now that he has reported these incidents, Defendant Oliver Angus will try to kill him. M.S. requires therapy and a sedative prescription because of his fear of Defendant Oliver Angus.

## DEFENDANT OLIVER ANGUS' ABUSE OF I.H.

28. On or about November 22, 2022, and for years prior, in classrooms, gathering spaces and other locations on the campus of Santa Monica High School, as well as at off-campus locations, including but limited to his home, Defendant Oliver Angus groomed Plaintiff I.H. for sexual exploitation and bullied her, and threatened her, and sexually assaulted and battered her.

29. On or about November 22, 2022, Defendant Oliver Angus, violently attacked and severely bit I.H.'s upper extremities several times causing her extreme pain and leaving severe bruising. SMMUSD employees and agents were in the classroom and present for Defendant Oliver Angus' violent attack upon I.H., yet failed to prevent it or stop it. Defendant Oliver Angus continued the attack and then ended it at a time of his own choosing when the school bell rang.

30. Within a proximity of mere days to his violent attack upon I.H., Defendant Oliver Angus used the District email system to state that he wanted to "cum on I.H."

Complaint for Damages

31. Following Defendant Oliver Angus' violent attack on I.H., SMMUSD employees and/or agents did not move or remove Defendant Oliver Angus from the classroom. Instead, they made I.H. go to another classroom. SMMUSD employees took no action and/or unreasonably insufficient action to enhance supervision of Defendant Oliver Angus and protection of I.H.

32. Leading up to his November 22, 2022 attack on I.H., Defendant Oliver Angus engaged in abuse of I.H., including but not limited to the following:

    a. Locked I.H. in his room and pushed her to the floor and told her that if she would not be his girlfriend he would hurt her friends and that it would be her fault;

    b. While I.H. was in the basement of his house Defendant Oliver Angus pushed I.H. onto the floor and forced her mouth open and forced his penis into her mouth and told her to suck his penis. When she bit his penis, he then hit her and bit her thigh and pulled her hair;

    c. Stalked I.H. and took her cellular phone so that she could not call her friends and parents to tell them what he was doing to her;

    d. Pushed I.H. into the shower at his house and demanded that she take of her pants. When she refused, after he tried to pull them off himself, he left I.H. in the shower in the dark intermittently coming back to demand that she take of her clothes and not letting her out until his mother, Jamie Oliver, came and saw that I.H. was in the shower;

    e. Choking I.H. and leaving red marks on her neck and touching her genitalia against her will every time she was taken to Defendant Oliver Angus' house.

33. I.H. is extremely fearful that Defendant Oliver Angus will violently retaliate against her for reporting him.

<u>SMMUSD DEFENDANTS' INACTION AND INDIFFERENCE</u>

- 9-

Complaint for Damages

34. A special relationship existed between SMMUSD and Plaintiffs, imposing an affirmative duty on SMMUSD to take all reasonable steps to protect Plaintiffs (see *M. W. v. Panama Buena Vista Union Sch. Dist.*, 110 Cal. App. 4th 508, 517 (2003)). Plaintiffs M.S.' and I.H.'s status as special needs students exposes them to special vulnerability requiring SMMUSD to give consideration to M.S.' and I.H.'s special needs status when monitoring the school grounds, as special needs students are more susceptible to victimization by fellow students. Where SMMUSD maintained hidden and/or secluded areas, SMMUSD and its administrators and employees were on constructive notice that such spaces were potential places for victimization of special needs students (see *Jennifer C. v. L.A. Unified Sch. Dist.*, 168 Cal. App. 4th 1320, 1328 (2008)).

35. At all times relevant herein, Plaintiffs M.S. and I.H. were minors, were functioning with intellectual deficits and/or disorders and incapable of consenting to sexual activity of any sort. Conversely, Defendant Oliver Angus' IEP did not involve intellectual functioning disorders. Instead, his IEP was for a combination of physical conditions allegedly resulting in rapid and/or extreme fatigue and exhaustion – though he was/is also a martial arts instructor.

36. On or about June 1, 2022, Plaintiff M.S.' mother, Jessica DeVita, contacted Defendant Pitts to complain of Defendant Oliver Angus' physical abuse of M.S. at school. Even after being informed of the need for M.S. to be protected from Defendant Oliver Angus' physical abuse, SMMUSD officials and employees did not take action as to Defendant Oliver Angus so as to protect M.S. and other special needs students such as I.H. from Defendant Oliver Angus.

37. On or about April 11, 2023, Plaintiff M.S.' mother, Jessica DeVita, caused a Department of Children and Family Services ("DCFS") report to be filed regarding Defendant Oliver Angus' physical abuse of M.S. at school.  DCFS then contacted administrators at Santa Monica High School regarding the bullying.  Even after being informed on this occasion of the need for M.S. to be protected

from Defendant Oliver Angus' physical abuse, SMMUSD officials and employees did not take action as to Defendant Oliver Angus so as to protect M.S. and other special needs students such as I.H. from Defendant Oliver Angus.

38. Plaintiffs are informed, believe and allege that for the several years prior to 2022, SMMUSD special education teachers, staff, students and/or parents have complained to SMMUSD administrators that certain special education staff and/or students were abusive toward other students, but that SMMUSD administrators did not take action to effectively address those complaints because the victims were students with disabilities who SMMUSD treated differently and as less important and valued than students without disabilities.

39. SMMUSD Policy BP 5131.7 Students "Weapons and Dangerous Instruments" states "Students possessing or threatening others with any weapon, dangerous instrument, or imitation firearm are subject to suspension and/or expulsion in accordance with law, Board policy, and administrative regulations."

40. SMMUSD Policy AR 5131.7 Students "Weapons and Dangerous Instruments" states "Weapons and dangerous instruments include, but are not limited to: … 2. Knives …"

41. SMMUSD Policy BP 5131.7 Students "Weapons and Dangerous Instruments" further states "The principal or designee shall notify law enforcement authorities when any student possesses a weapon without permission or commits any act of assault with a firearm or other weapon. (Education Code 48902; Penal Code 245, 626.9, 626.10; 20 USC 7151)"

42. SMMUSD Policy BP 5131.2 Students "Bullying" states "No student or group of students shall, through physical, written, verbal, or other means, harass, sexually harass, threaten, intimidate, cyberbully, cause bodily injury to, or commit hate violence against any other student or school personnel" and further states "Any student who engages in bullying on school premises, or off campus in a manner that causes or is likely to cause a substantial disruption of a school activity or

Complaint for Damages

school attendance, shall be subject to discipline, which may include suspension or expulsion, in accordance with district policies and regulations."

43. Even after the November 2022 biting incident wherein Defendant Oliver Angus harmed Plaintiff I.H., and Plaintiff I.H.'s mother, Candace Hernandez, reported the incident to SMMUSD and its employees and administrators – they still did not take action per their policies, or otherwise, as to Defendant Oliver Angus so as to protect I.H. and other special needs students such as M.S. from Defendant Oliver Angus.

44. Even after the April 2023 knife incident and prior bullying incidents involving Defendant Oliver Angus, as reported to SMMUSD officials by Plaintiff M.S.' mother Jessica DeVita in June of 2022 and April of 2023, SMMUSD and its officials did not take action per their policies, or otherwise,  as to Defendant Oliver Angus so as to protect M.S. and other special needs students such as I.H. from Defendant Oliver Angus.

45. Plaintiffs are informed, believe and allege that Defendant Oliver Angus' behavior toward them was intended to groom them for sexual exploitation for his pleasure and fits a professionally cognizable pattern of such grooming.

46. Plaintiffs are informed, believe and allege that Defendant Oliver Angus' IEP was fraudulent and/or ineffectively evaluated and accepted by Defendants SMMUSD, Pitts, Cruce and Shelton, and DOES 1 through 10 and said Defendants, and each of them, failed to adhere to professional standards and norms when making determinations regarding Defendant Oliver Angus' IEP, what services he needed, if any, and whether he was safe to be in the company of special needs students.

47. Plaintiffs are informed, believe and allege that Defendants SMMUSD, Pitts, Cruce and Shelton, and DOES 1 through 10, failed to protect Plaintiffs from Defendant Oliver Angus at least in part because said defendants refuse to acknowledge that Plaintiffs' disability and minority makes them incapable of consenting to such

abuse and makes Plaintiffs highly susceptible to victimization by deviant persons such as Defendant Oliver Angus.

48. Defendants SMMUSD's, Pitts', Cruce's and Shelton's, and DOES 1 through 10's, acts and omissions complained of herein are deliberately indifferent to the civil rights of Plaintiffs, discriminatory and shocking to the conscience.

49. Defendants SMMUSD's, Pitts', Cruce's and Shelton's, and DOES 1 through 10's, failures to protect Plaintiffs and other similarly situated students from Defendant Oliver Angus were so dangerous that Plaintiff M.S.'s mother, Jessica DeVita, removed Plaintiff M.S. from attendance at Santa Monica High School and brought a civil case for a permanent restraining order and litigated it with a temporary restraining order in place until SMMUSD confirmed in writing that Defendant Oliver Angus had been transferred to a different campus where he was no longer an immediate threat to M.S. and I.H.

## **CAUSES OF ACTION**

### **COUNT ONE - 42 U.S.C. §12131, *et seq.***
### **[AMERICANS WITH DISABILITIES ACT]**
### **(Plaintiffs Against SMMUSD)**

50. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

51. Title II of the Americans with Disabilities Act ("ADA"), in particular, prohibits discrimination against individuals with disabilities in the provision of services, programs, or activities by public entities. 42 U.S.C. § 12132.

52. At all times relevant to this action, Defendant SMMUSD is a "public entity" within the meaning of Title II of the ADA and through its several departments described in greater detail above operated and continue to operate programs, provide services, and engage in activities within the meaning of Title II of the ADA that

are open to the general public and operate to protect and provide a benefit to the general welfare of the school children within its district.

53. At all times relevant to this action, Plaintiffs I.H. and M.S. are qualified individuals with disabilities. They are being discriminated against and denied the benefits of SMMUSD services and programs because SMMUSD fails to adequately meet their safety and supervision needs in its special education program operation, because of their disability. Further, because Plaintiffs are IEP students, SMMUSD allows conduct creating risks of harm and actual harm to them that it would not allow to befall non-IEP students. This failure/exclusion unduly burdens Plaintiffs.

54. Pursuant to Title II, public entities are required to provide meaningful access to their programs, services and activities. Among the requirements to provide meaningful access, public entities must modify their policies and procedures when necessary to accommodate disability related needs, also known as "reasonable accommodation." 28 C.F.R. §35.130(b)(7). Public entities cannot provide programs, services or benefits to a person with a disability that are not equal to those provided to others or deny a person with a disability the opportunity to participate in programs, services or activities. 28 C.F.R. §35.130(b)(1). Moreover, a public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability. 28 C.F.R. §35.130(b)(3)(i).

55. The challenged actions and omissions by Defendants evince discrimination under the ADA, and a failure to reasonably accommodate Plaintiffs. Defendant has done so with deliberate indifference to Plaintiffs' rights under the ADA.

56. As a direct and proximate cause of the aforementioned acts, Plaintiffs damaged in an amount to be proven at trial.

57. As a result of the foregoing, Plaintiffs suffered and continue to suffer injury, including, but not limited to, denial of meaningful access to the benefits of Defendant's programs, activities or services.

58. Because Defendant's discriminatory and wrongful conduct is ongoing, declaratory and injunctive relief are appropriate remedies. Plaintiffs seek injunctive relief and attorneys' fees as a result.

## COUNT TWO - 29 U.S.C. § 794(a)
## [SECTION 504 OF THE REHABILITATION ACT OF 1973]
### (Plaintiffs Against SMMUSD)

59. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

60. Section 504 requires that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

61. At all times relevant to this action, SMMUSD was a public entity receiving federal financial assistance.

62. Under Section 504 public entities are required to provide meaningful access to their programs, services and activities, and must provide reasonable accommodations. Specifically, the aids, benefits and services may not deny a person with a disability "an equal opportunity to achieve the same benefits that others achieve in the program or activity". 28 C.F.R. 42.503(B)(1)(ii).

63. At all times relevant to this action, Plaintiffs I.H. and M.S. are qualified individuals with disabilities. They are being discriminated against and denied the benefits of SMMUSD services and programs because SMMUSD fails to adequately meet their safety and supervision needs in its special education

- 15-

program operation, because of their disability. Further, because Plaintiffs are IEP students, SMMUSD allows conduct creating risks of harm and actual harm to them that it would not allow to befall non-IEP students. This failure/exclusion unduly burdens Plaintiffs.

64. Defendants acted in violation of Section 504 through failing to provide a safe and discrimination free program, including by its failure to provide reasonable accommodations and supervision. Defendants' failure is the cause of the harm Plaintiffs have suffered and further harm they face.

65. The challenged actions and omissions by Defendants evince a failure to accommodate Plaintiffs, and caused Plaintiffs harm. Defendant has done so with deliberate indifference to Plaintiffs' rights under Section 504.

66. As a direct and proximate cause of the aforementioned acts, Plaintiffs were damaged in an amount to be proven at trial.

67. As a result of the foregoing, Plaintiffs suffered and continue to suffer injury, including, but not limited to, denial of meaningful access to the benefits of Defendant's program.

68. Because Defendant's discriminatory and wrongful conduct is ongoing, declaratory and injunctive relief are appropriate remedies. Plaintiffs seek injunctive relief and attorneys' fees as a result.

## COUNT THREE - 42 U.S.C. §1983
## [FOURTEENTH AMENDMENT – PROCEDURAL DUE PROCESS]
### (Plaintiffs Against SMMUSD, Shelton, Cruce, Pitts and DOES 1 through 10)

69. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

70. This cause of action arises under United States Code, Title 42, Sections 1983 and 1988, wherein Student Plaintiffs seek to redress a deprivation under color of law of

- 16-

a right, privilege or immunity secured to them by the Fourteenth Amendment to the United States Constitution.

71. "Liberty interests protected by the Fourteenth Amendment may arise from two sources -- the Due Process Clause itself and the laws of the States." *Meachum v. Fano*, 427 U.S. 215, 223-227 (1976). It has been "repeatedly held that state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment." *Vitek v. Jones*, 445 U.S. 480, 488 (1980). "Protected interests in property are normally 'not created by the Constitution. Rather, they are created and their dimensions are defined' by an independent source such as state statutes or rules entitling the citizen to certain benefits." *Goss v. Lopez*, 419 U.S. 565, 572-73 (1975).

72. By virtue of California law, "[T]he right of all students to a school environment fit for learning cannot be questioned. Attendance is mandatory and the aim of all schools is to teach. Teaching and learning cannot take place without the physical and mental well-being of the students." *In re William G.*, 40 Cal. 3d 550, 563 (1985). "The volume and scope of State regulation indicate the pervasive role the State itself has chosen to assume in order to ensure a fair, high quality public education for all California students. … [T]he statutes address at length such matters as … school health, safety, and nutrition …" *Butt v. State of Cal.*, 4 Cal. 4th 668, 689 (1992).

73. Accordingly, the students' educational environment rights provide a state-created due process interest which the Fourteenth Amendment protects.

74. The core basis for these allegations is SMMUSD's failure to effectively discipline, supervise and/or expel Defendant Oliver Angus after notice of his violent and deviant acts.

75. The challenged actions and omissions by Defendants invade and infringe upon Plaintiffs' legally protected interests and were taken as part of a plan to intentionally deprive them of protection of those interests.

- 17-

76. Therefore, Plaintiffs and class members are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

77. As a direct and proximate cause of the aforementioned acts, were damaged in an amount to be proven at trial.

78. Because Defendants' wrongful conduct is ongoing, declaratory and injunctive relief are appropriate remedies. Plaintiffs seek injunctive relief and attorneys' fees as a result.

**COUNT FOUR - 42 U.S.C. §1983**

**[FOURTEENTH AMENDMENT – SUBSTANTIVE DUE PROCESS]**

**(Plaintiffs Against SMMUSD, Shelton, Cruce, Pitts and DOES 1 through 10)**

79. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

80. This cause of action arises under United States Code, Title 42, Sections 1983 and 1988, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to them by the Fourteenth Amendment to the United States Constitution.

81. Plaintiffs were at all relevant times in possession of legally protected interests as set forth throughout this Complaint.

82. "Because the harm of a substantive due process violation occurs at the time of the wrongful government action, Plaintiffs' section 1983 action arises when the wrongful action is taken." *Sierra Lake Res. v. Rocklin*, 938 F.2d 951, 957-58 (9th Cir. 1991)(vacated on other grounds).

83. The acts and omissions of Defendants' SMMUSD, Shelton, Cruce and Pitts and DOES 1 through 10, as set forth throughout this entire Complaint violated all Plaintiffs' substantive due process rights because those actions were "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Sierra Lake Res. v. Rocklin*, 938 F.2d 951, 957-58 (9th Cir. 1991)(vacated on other grounds).

84. Plaintiffs are informed and believe that SMMUSD, Shelton, Cruce and Pitts, were on notice of Defendant Oliver Angus' violent and deviant acts and knowingly declined to enhance supervision of Defendant Olver Angus so as to protect those vulnerable students around him.

85. Additionally, Plaintiffs are informed, believe and allege that SMMUSD defendants did not act to protect the victims of Defendant Oliver Angus specifically because, in part or wholly, because Defendant Oliver Angus has an IEP. This allegation is made separately and apart from Plaintiffs' allegations based on their own status as IEP recipients.

86. The challenged actions and omissions by said Defendants compromise the health and safety of Plaintiffs – and are clearly unreasonable. Beyond that, those actions shock the conscience.

87. The invasion and infringement of Plaintiffs' interests is itself a due process violation.

88. Therefore, Plaintiffs are entitled to bring suit and recover damages pursuant to 42 U.S.C. §1983.

89. As a direct and proximate cause of the aforementioned acts, Plaintiffs were damaged in an amount to be proven at trial.

90. As a result of the foregoing, Plaintiffs suffered and continue to suffer injury, including, but not limited to, denial of due process. Plaintiffs seek damages and declaratory and injunctive relief, and attorneys' fees as a result.

## COUNT FIVE - 42 U.S.C. §1983
### [ENTITY & SUPERVISOR LIABILITY]
**(Plaintiffs Against SMMUSD, Shelton, Cruce, Pitts and DOES 1 through 10)**

91. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

- 19-

92. This cause of action arises under United States Code, Title 42, Sections 1983 and 1988, wherein Plaintiffs seek to redress a deprivation under color of law of a right, privilege or immunity secured to them by the United States Constitution.

93. "A municipality may be held liable under § 1983 for a single decision by its properly constituted legislative body -- whether or not that body had taken similar action in the past or intended to do so in the future -- because even a single decision by such a body unquestionably constitutes an act of official government policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

94. Additionally, Defendant SMMUSD violated Plaintiffs' constitutional rights, as alleged *supra*, by creating and maintaining the following unconstitutional customs and practices, *inter alia*:

   (i) Plaintiffs allege that Defendant SMMUSD has a *de facto* policy, custom or practice of failing to protect students with disabilities in its Programs;

   (ii) Plaintiffs allege that Defendant SMMUSD has a *de facto* policy, custom or practice of failing to properly supervise and/or discipline students with disabilities in its Programs;

   (iii) Plaintiffs allege that Defendant SMMUSD has, under the Programs, a *de facto* policy, custom or practice of condoning, ratifying, and/or approving its employees' failures to maintain safe environments for its students with disabilities; and

95. Defendant's policies or customs caused and were the moving force and/or affirmative link behind some or all of the violations of Plaintiffs' constitutional rights at issue in this case.

96. Plaintiffs are informed, believe, and thereupon allege that these policies, practices, customs, and procedures are intentional and/or the result of deliberate indifference on the part of Defendant SMMUSD, by and through its decision makers.

97. The foregoing unconstitutional customs and practices were a direct and legal cause of harm to Plaintiffs.

98. Plaintiffs specifically allege that Defendant SMMUSD's policies, customs, and/or practices, as described herein, were within the control of Defendant SMMUSD and within the feasibility of Defendant SMMUSD, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

## COUNT SIX – Cal Civ Code § 1708.5

## and Cal Code Civ Pro § 340.1

## [Sexual Battery]

## (Plaintiffs Against All Defendants)

99. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

100. This cause of action arises under Cal Civ Code § 1708.5 and Cal Code Civ Pro § 340.1.

101. By doing the acts set forth throughout this Complaint, Defendant Oliver Angus: Acted with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly resulted and/or Defendant Oliver Angus acted with the intent to cause a harmful or offensive contact with another by use of his intimate part, and a sexually offensive contact with that person directly or indirectly results.

102. As a direct, legal and proximate result of Defendant's conduct, Plaintiffs have suffered and continue to suffer injury and damages as set forth herein, in an amount to be determined according to proof at trial.

103. Defendant City is liable to Plaintiffs with disabilities for the acts of its employees, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2 (for

public employees) and California Civil Code §2330, et seq. (for private employees).

104. Plaintiffs specifically allege that all Defendants' acts and omissions, as described herein, were within the control and feasibility of Defendants to alter, adjust, and/or correct so as to prevent some or all of the injury complained of herein by Plaintiffs.

105. Because SMMUSD Defendants' wrongful conduct is ongoing, declaratory and injunctive relief are appropriate remedies. Plaintiffs seek injunctive relief and attorneys' fees as a result.

**COUNT SEVEN – Nonstatutory Parental Liability**

[*Ellis v. D'Angelo* (1953) 116 Cal.App.2d 310 / *Costello v. Hart* (1972) 23 Cal.App.3d 898]

**(Plaintiffs Against Defendants Michael Angus and Jamie Angus)**

106. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

107. This cause of action arises under California law as set forth by precedent (see *Ellis v. D'Angelo* (1953) 116 Cal.App.2d 310 / *Costello v. Hart* (1972) 23 Cal.App.3d 898).

108. For all complained of conduct by Oliver Angus occurring prior to October 20, 2023, Defendants Michael Angus and Jamie Angus, and each of them, were aware of Oliver Angus' habits or tendencies that created an unreasonable risk of harm to other persons. Said defendants had the opportunity and ability to control the conduct of Oliver Angus but were negligent because they failed to take reasonable precautions to prevent harm to others. Such negligence was a substantial factor in causing harm to Plaintiffs M.S. and I.H, and each of them.

109. As a direct, legal and proximate result of Defendant's conduct, Plaintiffs with disabilities have suffered and continue to suffer injury and damages as set forth herein, in an amount to be determined according to proof at trial.

110. Plaintiffs specifically allege that all Defendants' acts and omissions, as described herein, were within the control and feasibility of Defendants to alter, adjust, and/or correct so as to prevent some or all of the injury complained of herein by Plaintiffs.

### COUNT EIGHT - Cal. Educ. Code § 201
### [EDUCATION CODE]

**(Plaintiffs Against SMMUSD, Shelton, Cruce, Pitts and DOES 1 through 10)**

111. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

112. The California Education Code states in pertinent part "(a) All pupils have the right to participate fully in the educational process, free from discrimination and harassment. (b) California's public schools have an affirmative obligation to combat racism, sexism, and other forms of bias, and a responsibility to provide equal educational opportunity." Cal. Educ. Code § 201.

113. The acts and omissions complained of throughout this Complaint constitute a violation of Cal. Educ. Code § 201.

114. As a direct, legal and proximate result of Defendant's conduct, Plaintiffs have suffered and continue to suffer injury and damages as set forth herein, in an amount to be determined according to proof at trial.

115. Defendant SMMUSD is liable to Plaintiffs for the acts of its employees, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2 (for public employees) and California Civil Code §2330, et seq. (for private employees).

- 23-

116. Because Defendants' discriminatory and wrongful conduct is ongoing, declaratory and injunctive relief are appropriate remedies. Plaintiffs seek injunctive relief and attorneys' fees as a result.

### COUNT NINE- Cal. Gov't Code §11135
### [DISCRIMINATORY PROGRAM]
### (Plaintiffs Against SMMUSD)

117. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

118. California Government Code section 11135 sets forth a nondiscrimination policy for state programs. It provides that in pertinent part:

> [n]o person in the State of California shall, on the basis of race, national origin, ethnic group identification, religion, age, sex, sexual orientation, color, genetic information or disability, be unlawfully denied full and equal access to the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is conducted, operated, or administered by the state or by any state agency, is funded directly by the state, or receives any financial assistance from the state. Cal. Gov't Code § 11135(a).

119. It is a discriminatory practice for a recipient of state financial assistance, in carrying out any program or activity, on the basis of disability, (a) to deny a person the opportunity to participate in, or benefit from an aid, benefit or service; (b) to afford a person the opportunity to participate in or benefit from an aid, benefit or service that is not equal to that afforded others; (c) to provide a person with an aid, benefit or service that is not as effective in affording an equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others . . . (g) to otherwise limit a person in the enjoyment of any right, privilege, advantage or opportunity enjoyed by others

- 24-

receiving any aid, benefit or service resulting from the program or activity." 22 Cal. Code Regs. § 98101 (a)-(c), (g).

120. It is also discrimination for a recipient of state financial assistance to utilize criteria or methods of administration that: "(1) have the purpose or effect of subjecting a person to discrimination on the basis of disability; [or] (2) have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the recipient's program with respect to a person with a disability. . ." 22 Cal. Code Regs. § 98101(i).

121. Defendant SMMUSD was, at all times relevant to this action, and is currently operating or administering a program or activity that receives state financial assistance, within the meaning of Section 11135.

122. Defendant City has violated the rights of Plaintiffs secured by Cal. Gov't Code § 11135 et seq.

123. Because Defendant's discriminatory and wrongful conduct is ongoing, declaratory and injunctive relief are appropriate remedies.   Further, as a direct result of Defendant's actions, Plaintiffs are suffering irreparable harm and therefore speedy and immediate relief is appropriate.

124. Plaintiffs are entitled to declaratory and injunctive relief as well as reasonable attorneys' fees and costs incurred in bringing this action.

## COUNT TEN - CAL. CONST. ART. 1, SEC. 7
### (Due Process)
**[ Plaintiffs Against SMMUSD, Shelton, Cruce, Pitts and DOES 1 through 10]**

125. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

126. Per the California Constitution, "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws; provided, that nothing contained herein or elsewhere in this Constitution imposes

upon the State of California or any public entity, board, or official any obligations or responsibilities which exceed those imposed by the Equal Protection Clause of the 14th Amendment to the United States Constitution with respect to the use of pupil school assignment or pupil transportation."

127.  As set forth throughout this entire Compliant, Defendants SMMUSD, Shelton, Cruce, Pitts and DOES 1 through 10 violated Plaintiffs' procedural due process rights.

128.  As a direct, legal and proximate result of Defendant's conduct, Plaintiffs have suffered and continue to suffer injury and damages as set forth herein, in an amount to be determined according to proof at trial.

129.  Defendants SMMUSD, Shelton, Cruce, Pitts and DOES 1 through 10 are liable to Plaintiffs for the acts of its employees, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2 (for public employees) and California Civil Code §2330, et seq. (for private employees). As a result of the foregoing, Plaintiffs and members of the proposed class suffered and continue to suffer injury, including, but not limited to, denial of their civil rights.

130.  As set forth throughout this entire Compliant, Defendants SMMUSD, Shelton, Cruce and Pitts violated all Plaintiffs' substantive due process rights.

131.  As set forth throughout this entire Compliant, Defendants SMMUSD, Shelton, Cruce and Pitts conduct was deliberately indifferent and shocking to the conscience.

132.  As a direct, legal and proximate result of Defendants' conduct, Plaintiffs have suffered and continue to suffer injury and damages as set forth herein, in an amount to be determined according to proof at trial.

133.  Defendant SMMUSD is liable to Plaintiffs for the acts of its employees, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2 (for public employees)

and California Civil Code §2330, et seq. (for private employees). As a result of the foregoing, Plaintiffs and members of the proposed class suffered and continue to suffer injury, including, but not limited to, denial of their civil rights.

## COUNT ELEVEN - Cal Civ. Code §§ 1714, 3333
## and Cal. Gov't Code §815.2
## [NEGLIGENCE]
### (Plaintiffs Against All Defendants)

134. Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

135. Defendants, and each of them, owed Plaintiffs a duty of reasonable care to avoid exposing them to reasonably foreseeable risks of harm or injury by acting reasonably under the circumstances complained of in this Complaint.

136. Each Defendant breached its duty of reasonable care as complained of in this Complaint by failing to act reasonably under the circumstances.

137. As a direct, legal and proximate result of Defendants' conduct, Plaintiffs have suffered and continue to suffer injury and damages as set forth herein, in an amount to be determined according to proof at trial.

138. Defendant SMMUSD is liable to Plaintiffs for the acts of its employees, for conduct and/or omissions herein alleged, pursuant to the doctrine of Respondeat Superior, codified at California Government Code § 815.2 (for public employees) and California Civil Code §2330, et seq. (for private employees). As a result of the foregoing, Plaintiffs and members of the proposed class suffered and continue to suffer injury, including, but not limited to, denial of their civil rights

## COUNT TWELVE - Assault
### (Plaintiffs Against Defendant Oliver Angus)

139.  Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

140.  Defendant Oliver Angus, by doing and/or causing the acts complained of in this entire Complaint, is liable for committing the tort of assault upon each Plaintiff.

141.  Plaintiffs specifically allege that Defendant's complained of acts and/or omissions, were within his control, and within the feasibility of him, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

**COUNT THIRTEEN - Battery**

**(Plaintiffs Against Defendant Oliver Angus)**

142.  Each and every allegation throughout this entire complaint is incorporated as though repeated and fully set forth herein.

143.  Defendant Oliver Angus, by doing and/or causing the acts complained of in this entire Complaint, is liable for committing the tort of battery upon each Plaintiff.

144.  Plaintiffs specifically allege that Defendant's complained of acts and/or omissions, were within his control, and within the feasibility of him, to alter, adjust, and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

**V.   KNOWING AND WILLFUL ACTION**

145.  Plaintiffs specifically allege that Defendants' policies, customs and/or practices, as described herein above, were within the control of Defendants and within the feasibility of Defendants to alter, adjust and/or correct so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs.

- 28-

146. Plaintiffs specifically allege that Defendants, and each of them, made a calculated, knowing and voluntary choice not to alter, adjust and/or correct their policies, customs and/or practices, as described herein above, so as to prevent some or all of the unlawful acts and injury complained of herein by Plaintiffs. The conduct by each individual defendant was with malice, fraud and/or oppression, and said Defendants are therefore liable for punitive damages.

## VI.   PRAYER

WHEREFORE, Plaintiffs, on behalf of themselves and the class members they represent, request damages against each Defendant as follows:

1.    A declaration that each defendant violated the statutes, rules and/or regulations pled herein;

2.    General, presumed and special damages according to proof;

3.    Temporary, preliminary, and permanent injunctive relief requiring SMMUSD to revise its safety protocol for school facility spaces within its district;

4.    Temporary, preliminary, and permanent injunctive relief requiring SMMUSD to revise its safety protocol for IEP students within its district;

5.    Temporary, preliminary and permanent injunctive relief prohibiting Defendants from continuing to engage in the unlawful action and practices complained of herein;

6.    As against the individual Defendants only, punitive damages according to proof;

7.    In addition to actual damages, statutory damages as may be allowed by law, and treble damages under California Civil Code §§52 and 52.1;

//
//
//

- 29-

8.    Attorneys' fees and costs under 42 U.S.C. §1988, 42 U.S.C. §12205, 29 U.S.C. §794(b), California Civil Code §§52(b)(3), 52.1 (h), California Code of Civil Procedure §1021.5, and whatever other Statute or law may be applicable;

9.    The costs of this suit and such other relief as is just and proper.


Respectfully submitted,

DATE: November 22, 2023                                    /s/ Olu K. Orange

_____

Olu K. Orange, Esquire
Attorney for the Plaintiffs

- 30-

1

## <u>JURY DEMAND</u>

2

3          Plaintiffs hereby demand trial by jury in this action.

4     Respectfully submitted,

5       DATE: November 22, 2023

6                                              /s/ Olu K. Orange

7                                    _____

8                                    Olu K. Orange, Esquire
                                     Attorney for the Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages