UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


CIVIL MINUTES—GENERAL


**Case No.  CV 23-9957-MWF (MARx)**           **Date:  October 3, 2024**
Title:  M.S., et al. v. Oliver Angus, et al.


Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:
None Present                           None Present

**Proceedings (In Chambers):**   ORDER GRANTING IN PART AND DENYING IN
                                  PART DEFENDANTS' MOTION TO DISMISS [97]


Before the Court is a Motion to Dismiss (the "Motion"), filed by Defendants
Santa Monica Malibu Unified School District ("SMMUSD"), Marae Cruce, Gregory
Pitts, and Antonio Shelton (collectively, "District Defendants") on August 29, 2024.
(Docket No. 97).  Plaintiffs M.S. and I.H. filed an Opposition on September 9, 2024.
(Docket No. 98).  District Defendants filed a Reply on September 16, 2024.  (Docket
No. 64).  Plaintiffs filed an Objection and Request to Strike Consideration of the
District Defendants' Reply on September 23, 2024.  (Docket No. 100).

The Court has read and considered the papers on the motions and held a hearing
on **September 30, 2024**.

The Court rules as follows:

Third and Fourth Claims for Relief: As Plaintiffs concede, the Motion must be
**GRANTED** to the extent the Third and Fourth Claims for Relief are brought against
Defendants in their official capacity and against SMMUSD.  However, the Motion is
**DENIED** as to the Third and Fourth Claims for Relief to the extent brought against the
district personnel in their individual capacities.

Fifth Claim for Relief: The Motion is **GRANTED** as to the Fifth Claim for
Relief, which Plaintiffs concede was brought in error and should be dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 23-9957-MWF (MARx)**                **Date:  October 3, 2024**
Title:  M.S., et al. v. Oliver Angus, et al.

Tenth Claim for Relief: The Motion is **GRANTED** *with leave to amend* as to the Tenth Claim for Relief, because, as written, it does not seek injunctive relief.

## I.   **BACKGROUND**

The parties are by now quite familiar with the factual background of this action, which is fully set forth in the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and/or Strike (the "Prior Order").  (Docket No. 74).  Therefore, the Court will not repeat all of those facts here but incorporates by reference the factual background from the Prior Order.  In the Prior Order, the Court granted Plaintiffs leave to file a Second Amended Complaint ("SAC") by July 8, 2024.  (Prior Order at 16). Plaintiffs filed their SAC on June 24, 2024.  (Docket No. 75).

The SAC sets forth thirteen claims for relief, the Third, Fourth, Fifth, and Tenth of which Defendants seek to dismiss through this Motion.  Those claims for relief are as follows:

(3)   deprivation of procedural due process under the Fourteenth Amendment, 42 U.S.C. § 1983 (against SMMUSD, Shelton, Cruce, and Pitts)

(4)   deprivation of substantive due process under the Fourteenth Amendment, 42 U.S.C. § 1983 (against SMMUSD, Shelton, Cruce, and Pitts);

(5)   entity and supervisor liability, 42 U.S.C. § 1983 (against SMMUSD, Shelton, Cruce, and Pitts);

(10)   violation of due process under California Constitution art. I, § 7 (against SMMUSD, Shelton, Cruce, and Pitts).

(SAC ¶¶ 71-100, 137-45).

District Defendants now move to dismiss these claims in the SAC under Rule 12(b)(6) for failure to state claims upon which relief can be granted.  Specifically,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-9957-MWF (MARx)**              **Date:  October 3, 2024**
Title:  M.S., et al. v. Oliver Angus, et al.

District Defendants argue that the Section 1983 claims must be dismissed because "California public school districts are immune as a matter of law from claims under 42 U.S.C. § 1983," and because "immunity also applies to protect the individual employee District Defendants . . . to the extent that they are sued in their official capacity and to the extent Plaintiffs are seeking anything other than prospective relief, such as money damages, as is the case here."  (Motion at 5-6).  District Defendants also argue that the Tenth Claim is barred because California courts have held that damages are unavailable for violations of Article I, Section 7 of the California Constitution.  (Motion at 6).  District Defendants also argue that each claim contains insufficient facts to support Plaintiffs' entitlement to relief.  (*Id.* at 7-8).  Finally, District Defendants argue that Plaintiffs do not have standing to bring a claim for injunctive relief, because one Plaintiff has graduated from high school and the other has not alleged "a real and immediate threat of repeated injury.  (*Id.* at 8).

## II.    **LEGAL STANDARD**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In ruling on the Motion under Rule 12(b)(6), the Court follows *Twombly*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.");  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-9957-MWF (MARx)**                    **Date:  October 3, 2024**
**Title:  M.S., et al. v. Oliver Angus, et al.**

strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

## III.  **DISCUSSION**

### A.  **Fifth Claim for Relief**

The Court begins where the parties agree.  "Plaintiffs[] concede their fifth cause of action should be dismissed in its entirety." (Opposition at 5).  In comparison to the third and fourth claims where Plaintiffs contend the district employees may be liable in their individual capacity, no such claim can be made as to the Fifth Claim.  Although it nominally claims to be brought against Defendants Shelton, Cruce, and Pitts, in addition to SMMUSD, this claim for entity and supervisor liability is in substance entirely about SMMUSD's alleged *de facto* policies and customs which endangered Plaintiffs.  (*See* SAC ¶¶ 93-100).  As such, this claim is barred in its entirety. "California public school districts are immune from suit under § 1983 because California public school districts are state agencies for Eleventh Amendment purposes." *Chadam v. Palo Alto Unified Sch. Dist.*, 666 Fed. Appx. 615, 618 (9th Cir. 2016).

### B.  **Third and Fourth Claims for Relief**

The parties also agree to a limited degree as to the Third and Fourth Claims. Plaintiffs acknowledge that SMMUSD is immune and that the district employees are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-9957-MWF (MARx)**                    **Date:  October 3, 2024**
Title:  M.S., et al. v. Oliver Angus, et al.

also immune when sued in their official capacities.  (Opposition at 5).  But the SAC
brings its claims against the district employees in both their official and individual
capacities (*see* SAC ¶¶ 9-11), so Plaintiffs' concession does not fully resolve whether
these claims for relief should be dismissed.

Defendants argue that the SAC contains insufficient facts to support liability for
the district employees in their individual capacities.  (*See* Motion 7-8).  Following
Plaintiffs' Opposition, District Defendants attempted to tack on an additional argument
that the claims against the district employees were barred by qualified immunity.
(Reply 2-3).  This argument was not fairly raised in the Motion itself, and the Court
will not consider it here.  *See Nw. Acceptance Corp. v. Lynwood Equipment, Inc.*, 841
F.2d 918, 924 (9th Cir. 1988) ("It is well established in this circuit that "'[t]he general
rule is that appellants cannot raise a new issue for the first time in their reply briefs.'")
(quoting *United States v. Birtle*, 792 F.2d 846, 848 (9th Cir. 1986)).  This lack of
consideration now is without prejudice and District Defendants may assert their
qualified immunity defense going forward, including in a motion for summary
judgment, as appropriate.

The Court finds that the SAC contains adequate facts to put the district
employees fairly on notice of which conduct is alleged to have been undertaken in their
individual capacities.  A complaint which brings causes of actions against government
officials in their individual capacities need not identify which actions by the officials
were undertaken in their individual capacities or their official capacities.  *Choi v.
Wolfgang*, No. CV 14-017070-VAP (DTBx), 2014 WL 12873338, at *4 (C.D. Cal.
Dec. 3, 2014) (rejecting the argument that Plaintiffs need provide specific facts about
how challenged conduct was outside the scope of an official's employment in an
individual capacity suit) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).  But in similar
actions, and particularly those where a qualified immunity defense is forthcoming,
ambiguity or a lack of specificity in the pleadings has been fatal.  *See, e.g.*, *Vance v.
County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing action and
holding that "[i]n this action the Defendants will undoubtably be asserting some form
of absolute or qualified immunity.  The Plaintiffs need to provide the Defendants with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 23-9957-MWF (MARx)**           **Date:** **October 3, 2024**
Title:  M.S., et al. v. Oliver Angus, et al.

proper notice of the claims against them and afford the Defendants a fair opportunity to assert any immunity defenses.").

Here, however, Plaintiffs have pled sufficient facts to put District Defendants on notice of the challenged conduct.  Plaintiffs allege that Cruce and Pitts were Santa Monica High School principals "responsible for setting policy for the entire school and for rules and protocol for students with Individualized Education Plans and the personnel who instruct and supervise them." (SAC ¶¶ 10-11).  Plaintiffs allege Shelton was the superintendent and similarly had supervisory and policymaking roles. (*Id.* ¶ 9).  Plaintiffs specifically allege that these administrators were contacted regarding the alleged bullying and ignored the complaints (*id.* ¶ 39), that complaints of abuse committed by and against special education students was ignored by these administrators regularly (*id.* ¶ 40), and that Pitts, Cruce, and Shelton failed to adhere to professional standards in assessing Angus's IEP (*id.* ¶ 48), among other allegations.

These facts are sufficient to establish a claim for relief that rises above the level of mere speculation.  Although the Court remains skeptical that these claims for relief will survive a qualified immunity defense, the facts alleged are sufficient at this stage.

## C.     Tenth Claim for Relief

District Defendants bring two arguments against Plaintiffs' Tenth Claim for Relief—first, that it contains inadequate factual support, and second, that it inappropriately seeks damages where damages are a prohibited remedy.  The first of these arguments is duplicative of those already addressed regarding the Third and Fourth Claims, and the Court finds the argument unpersuasive for the same reasons. However, the argument regarding remedies warrants further attention.

District Defendants argue that money damages are a prohibited remedy for violation of Article I, Section 7 of the California Constitution.  District Defendants cite *Katzberg v. Regents of the University of California*, 29 Cal. 4th 300, 127 Cal. Rptr. 2d 482 (2002), for the proposition.  There, the California Supreme Court established that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-9957-MWF (MARx)          **Date:** October 3, 2024
Title: M.S., et al. v. Oliver Angus, et al.

"we discern no evidence from which to infer within article I, section 7(a), an intent to afford a right to seek damages to remedy the asserted violation of the due process liberty interest alleged in this case." *Id.* at 329. However, the Court also found that "like many other constitutional provisions, this section supports an action, brought by a private plaintiff against a proper defendant, for declaratory relief or for injunction." *Id.* at 307.

Plaintiffs raise this very argument in their Opposition, arguing that this claim should not be dismissed because Plaintiffs are capable of winning an injunctive remedy. (Opposition at 9). Returning to the language of the SAC, as we must, it is not clear that Plaintiffs actually seek an injunction for the Tenth Claim. In other claims for relief, namely, the First, Second, Third, Fourth, Eighth, and Ninth, Plaintiffs affirmatively plead that they are entitled to injunctive relief. (*See, e.g.*, SAC ¶ 135) ("Because Defendant's discriminatory and wrongful conduct is ongoing, declaratory and injunctive relief are appropriate remedies."). As for the Tenth Claim, Plaintiffs allege that they "have suffered and continue to suffer injury and damages as set forth herein, in an amount to be determined according to proof at trial." (*Id.* ¶ 140). The claim therefore cannot be maintained as written.

## IV.  LEAVE TO AMEND

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these, "the consideration of prejudice to the opposing party carries the greatest weight." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-9957-MWF (MARx)**                    **Date:  October 3, 2024**
Title:  M.S., et al. v. Oliver Angus, et al.

767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend).

These factors weigh in favor of a limited amendment in this case.  Of course, Plaintiffs will not be granted leave to amend those claims which they concede are barred by clearly established law, as such amendment would be futile.  Accordingly, the Fifth Claim must be dismissed without leave to amend, as must the Third and Fourth Claims as against SMMUSD and the district employees in their official capacities.

In its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and/or to Strike (Docket No 92), the Court wrote that Plaintiffs would have a limited opportunity to amend their Complaint and file a Third Amended Complaint to meet the pleading requirements of the special damages they seek.  The Court wrote that "[t]here will be no Fourth Amended Complaint."  (*Id.* at 14).  The Court determined that it would set a deadline for filing the Third Amended Complaint pending resolution of other motions to dismiss.  (*Id.*).

Similarly here, the balance of equities weighs in favor of a limited amendment such that Plaintiffs can convert their request for money damages in the Tenth Claim to one for injunctive relief.  Plaintiffs have demonstrated utmost good faith in prosecuting this action—conceding that certain claims must be dismissed when that result is supported by law.  Such amendment can be achieved without delay.  District Defendants are unlikely to be prejudiced, as Plaintiffs already seek injunctive relief on their other claims.  Amendment is not futile, as California law establishes injunctive relief is an appropriate remedy for violation of the relevant constitutional provision.  That Plaintiffs have already amended their Complaint weighs against allowing amendment here, but this is outweighed by the other factors permitting amendment.

Accordingly, the Motion is **GRANTED *in part with leave to amend***.  Plaintiffs may file a Third Amended Complaint ("TAC") by no later than **October 21, 2024**.  Defendants shall file an Answer or respond to the SAC, if filed, by no later than **November 4, 2024**.  Any future successful motion to dismiss will be granted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 23-9957-MWF (MARx)**                **Date:**  **October 3, 2024**
Title:  M.S., et al. v. Oliver Angus, et al.

without leave to amend.  Failure to file a TAC by that date will be deemed a decision by Plaintiffs to stand upon the existing allegations.

　　　IT IS SO ORDERED.