Olu K. Orange, Esq. (SBN 213653)
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., No. 2910
Los Angeles, CA 90010
T: (213) 736-9900/F: (213) 417-8800
orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
     mricketts@hadsellstormer.com

*Attorneys for Plaintiffs, M.S. and I.H.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor, by and through his guardian *ad litem,* Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez, <br><br> *Plaintiffs,* <br><br> vs. <br><br> Oliver Angus, Michael Angus, Jamie Angus, Marae Cruce, Gregory Pitts, Antonio Shelton, Santa Monica Malibu Unified School District and Does 1 through 10. <br><br> *Defendants.* | Case No. CV23-09957-MWF-MAR <br><br> **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO PROTECTIVE ORDER FOR THE DEPOSITION OF OLIVER ANGUS PURSUANT TO LOCAL RULE 37-2** <br><br> Hon. Serena R. Murillo <br> **Hon. Mag. Margo A. Rocconi** |

//

PLAINTIFFS' SUPPL OPPOSITION

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to CACD LR 37-2.3, Plaintiffs submit this Supplemental Memorandum in opposition to Angus Defendants' motion for protective order.

DATED: MARCH 24, 2025.

**ORANGE LAW OFFICES**
Attorneys for Plaintiff

/s/ - Olu K. Orange

Olu K. Orange, Esq.

PLAINTIFFS' SUPPL OPPOSITION

## MEMORANDUM OF POINTS AND AUTHORITIES

This memorandum is supplemental, so Plaintiffs will spare the Court a recitation of the facts from the submitted Joint Stipulation.

I.    **DEFENDANTS' PROPOSED ORDER AS TO ACCOMMODATIONS CONTAINS TERMS NOT MET AND CONFERRED UPON AND VIOLATES CACD LOCAL RULES**

CACD Local Rule 37-1 states in pertinent part: "The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought." Further, where a party includes discovery issues in its motion that it did not include in its meet and confer letter there is a potential failure to fully comply with its meet and confer obligations. *Martinez v. Cty. of L.A.*, No. 2:22-cv-06589-DSF-MARx, 2023 U.S. Dist. LEXIS 178510, at *39-40 (C.D. Cal. Sep. 29, 2023).

Thus, the moving party's meet and confer letter must specify all the terms to be sought in the order from the Court. As to the issue of deposition accommodations for Oliver Angus, Defendants' February 28, 2025, meet and confer letter addresses them in the next to last paragraph on page 2 (Dkt No. 136-2, p. 46). The letter requests: i) no deposing "three days in a row;" and ii) "two dates between deposition dates."

Contrarily, Angus Defendants' March 10, 2025, Proposed Order (Dkt No. 136-4) requests accommodations of: i) limiting Angus' deposition to two hours per day; ii) deposing only once per week; iii) questioning in only 30 minute blocks with 30 minute breaks; iv) "continuous access to food and drink;" and v) deposing remotely or in Culver City instead of Pasadena.

The terms in Angus Defendants' March 10th Proposed Order clearly do not match the terms in their February 28th meet and confer letter. The meet and confer letter made no mention of a two-hour daily questioning limit, nor a one day a week questioning limit, nor continuous access to food and drink, nor changing the city in which the deposition occurs from Pasadena to Culver City – nor changing the method. New terms (i and ii) in Angus Defendants' Proposed Order are found in Dr. Batra's March 7, 2025, letter (Dkt No. 136-2) – in bold face, presumably to highlight how absent they are from the meet and confer letter. Yet, new terms (iii through v) are in neither the meet and confer letter nor Dr. Batra's letter. These terms were not met and conferred upon, should not be the subject of the instant motion, and should not be in the Proposed Order.

## II. <u>DEFENDANTS ARE NOT ENTITLED TO MEET AND CONFER ON NEW AND PREVIOUSLY UNDISCUSSED ISSUES AFTER PLAINTIFFS ADDED THEIR PORTION TO THE JOINT STIPULATION</u>

CACD Local Rule 37-2.2 explains the preparation of the joint stipulation and requires that the moving party send its portion of the joint stipulation to the opposing party. Then, in seven days, the opposing party sends its portion to the moving party. Then, the moving party compiles the document, the parties sign it, and the moving party files it – along with all the exhibits.

Once the parties add their portions to the Joint Stipulation, the moving party is not entitled to an additional meet and confer about issues it failed to put in its meet and confer letter, failed to discuss on a meet and confer call, but decides to raise in its motion. The CACD Local Rules make no such provision for such an entitlement. Indeed, the rules encourage parties to make full disclosure *before* preparing the Joint Stipulation, rather than ambushing each other *in the* Joint Stipulation and seeking

cover by offering to meet and confer only after the other side makes a point of the impropriety.

## III.    <u>CONCLUSION</u>

Angus Defendants' failed to meet and confer on the terms of their Proposed Order. Oliver Angus failed to attend his deposition. Angus Defendants' motion should be denied in its entirety.

DATED: March 24, 2025.

**ORANGE LAW OFFICES**

Attorneys for Plaintiff

/s/- Olu K. Orange

Olu K. Orange, Esq.

PLAINTIFFS' SUPPL OPPOSITION