Olu K. Orange, Esq. (SBN 213653)
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., No. 2910
Los Angeles, CA 90010
T: (213) 736-9900/F: (213) 417-8800
orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
    mricketts@hadsellstormer.com

*Attorneys for Plaintiffs, M.S. and I.H.*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor, by and through his guardian *ad litem,* Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem,* Candace Hernandez, <br><br>            *Plaintiffs,* <br><br>    vs. <br><br> Oliver Angus, Michael Angus, Jamie Angus, Marae Cruce, Gregory Pitts, Antonio Shelton, Santa Monica Malibu Unified School District and Does 1 through 10. <br><br>            *Defendants.* | Case No. CV23-09957-MWF-MAR <br><br> **AMENDED STIPULATED PROTECTIVE ORDER AND ORDER** <br><br> Hon. Michael W. Fitzgerald, Crtm. 5A <br> **Hon. Margo A. Rocconi, Crtm. 790** |

1.  **PURPOSES AND LIMITATIONS**

    Discovery in this action is likely to involve production of confidential,

- 1 -

proprietary, or private information for which special protection from public
disclosure and from use for any purpose other than prosecuting this litigation may
be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to
enter the following Stipulated Protective Order.  The parties acknowledge that this
Stipulated Protective Order does not confer blanket protections on all disclosures or
responses to discovery and that the protection it affords from public disclosure and
use extends only to the limited information or items that are entitled to confidential
treatment under the applicable legal principles.  The parties further acknowledge, as
set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle
them to file confidential information under seal.  Local Rule 79-5 sets forth the
procedures that must be followed and the standards that will be applied when a party
seeks permission from the Court to file material under seal. Discovery in this action
is likely to involve production of confidential, proprietary, or private information for
which special protection from public disclosure.

2.    **GOOD CAUSE STATEMENT**

This action involves Santa Monica Malibu Unified School District ("SMMUSD");
SMMUSD students M.S., I.H. and O.A.; as well as O.A.'s father, M.A.; O.A.'s
mother, J.A.; Santa Monica High School Principal Marae Cruce ("Cruce"); Santa
Monica High School Principal Gregory Pitts ("Pitts"); SMMUSD Superintendent
Antonio Shelton ("Shelton") and unnamed DOES 1 through 10.  Plaintiffs seek
materials and information that the Defendants and third parties maintain as
confidential, such as the medical, physical, educational, psychological, disability
related, and mental health records of minors and persons with physical and mental
disabilities; private financial records and information; law enforcement investigative
reports; and personnel and employment records; and other administrative materials
and information, and which the parties believe need special protection from public
disclosure and from use for any purpose other than prosecuting this litigation.
Similarly, Defendants seek the same or substantially similar information from

1  Plaintiffs.

2      The parties assert that the confidentiality of the materials and information

3  they seek is recognized by California and federal law. The Defendants have not

4  publicly released the materials and information referenced above, except under

5  protective order or pursuant to a court order, if at all.

6      The parties contend that absent a protective order delineating the

7  responsibilities of nondisclosure on the part of the parties hereto, there is a specific

8  risk of unnecessary and undue disclosure by one or more of the many attorneys,

9  secretaries, law clerks, paralegals and expert witnesses involved in this case, as well

10  as the corollary risk of embarrassment, harassment and professional and legal harm

11  on the part of the parties referenced in the materials and information.

12      The parties also contend that the unfettered disclosure of the materials and

13  information, absent a protective order, would allow the media to share this

14  information with potential jurors in the area, impacting the rights of the parties

15  herein to receive a fair trial.

16      Accordingly, to expedite the flow of information, to facilitate the prompt

17  resolution of disputes over confidentiality of discovery materials, to adequately

18  protect information the parties are entitled to keep confidential, to ensure that the

19  parties are permitted reasonable necessary uses of such material in preparation for

20  and in the conduct of trial, to address their handling at the end of the litigation, and

21  serve the ends of justice, a protective order for such information is justified in this

22  matter.  It is the intent of the parties that information will not be designated as

23  confidential for tactical reasons and that nothing be so designated without a good

24  faith belief that it has been maintained in a confidential, non-public manner, and

25  there is good cause why it should not be part of the public record of this case.

26

27      The parties jointly contend that there is typically a particularized need for

28  protection as to the types of records described herein because of the privacy interests

STIPULATED PROTECTIVE ORDER

1    at stake therein. Because of these sensitive interests, a Court Order should address

2    these documents rather than a private agreement between the parties.

3        The parties therefore stipulate that there is Good Cause for, and hereby jointly

4    request that this Honorable Court issue a Protective Order regarding confidential

5    documents consistent with the terms and provisions of this Stipulation. However,

6    the entry of a Protective Order by the Court pursuant to this Stipulation shall not be

7    construed as any ruling by the Court on the aforementioned legal statements or

8    privilege claims in this section, nor shall this section be construed as part of any

9    such Court Order.

10   **3.**     **DEFINITIONS**

11      3.1    **Action**: *M.S. and I.H., v. O.A., M.A., J.A., Marae Cruce, Gregory*

12              *Pitts, Antonio Shelton, Santa Monica Malibu Unified School District*

13              *and DOES 1—10*, Case No. CV23-09957-MWF-MAR.

14      3.2    **Challenging Party**: A Party or Nonparty that challenges the

15              designation of information or items under this Stipulated Protective

16              Order.

17      3.3    **"CONFIDENTIAL" Information or Items**: Information (regardless

18              of how it is generated, stored or maintained) or tangible things that

19              qualify for protection under Federal Rules of Civil Procedure 26(c), and

20              as specified above in the Good Cause Statement – whether acquired

21              before or after the filing of the instant case. This also includes (1) any

22              information copied or extracted from the Confidential information; (2)

23              all copies, excerpts, summaries, abstracts or compilations of

24              Confidential information; and (3) any testimony, conversations, or

25              presentations that might reveal Confidential information.

26      3.4    **Counsel**: Outside Counsel of Record and In-House Counsel (as well as

27              their support staff).

28      3.5    **Designating Party**: A Party or Nonparty that designates information

STIPULATED PROTECTIVE ORDER

or items that it produces in disclosures or in responses to discovery as
"CONFIDENTIAL."

3.6    **Disclosure or Discovery Material**:  All items or information,
regardless of the medium or manner in which it is generated, stored, or
maintained (including, among other things, testimony, transcripts, and
tangible things), that are produced or generated in disclosures or
responses to discovery in this matter.

3.7    **Expert**:  A person with specialized knowledge or experience in a
matter pertinent to the litigation, who has been retained by a Party or its
counsel to serve as an expert witness or as a consultant in this Action.

3.8    **Final Disposition**:  when this Action has been fully and completely
terminated by way of settlement, dismissal, trial, appeal, and/or remand
to state court.

3.9    **In-House Counsel**:  Attorneys who are employees of a party to this
Action.  In-House Counsel does not include Outside Counsel of Record
or any other outside counsel.

3.10   **Non-Party**:  Any natural person, partnership, corporation, association
or other legal entity not named as a Party to this action.

3.11   **Outside Counsel of Record**:  Attorneys who are not employees of a
party to this Action but are retained to represent or advise a party to this
Action and have appeared in this Action on behalf of that party or are
affiliated with a law firm that has appeared on behalf of that party, and
includes support staff.

3.12   **Party**:  Any party to this Action, including all of its officers, directors,
boards, departments, divisions, employees, consultants, retained
experts, In-House Counsel, and Outside Counsel of Record (and their
support staff).

3.13   **Producing Party**:  A Party or Nonparty that produces Disclosure or

STIPULATED PROTECTIVE ORDER

1    Discovery Material in this Action.

2        3.14  **Professional Vendors**:  Persons or entities that provide litigation

3            support services (e.g. photocopying, videotaping, translating, preparing

4            exhibits or demonstrations, and organizing, storing, or retrieving data in

5            any form or medium) and their employees and subcontractors.

6        3.15  **Protected Material**:  Any Disclosure or Discovery Material that is

7            designated as "CONFIDENTIAL."

8        3.16  **Receiving Party**:  A Party that receives Disclosure or Discovery

9            Material from a Producing Party.

10   **4.**    **SCOPE**

11   The protections conferred by this Stipulated Protective Order cover not only

12   Protected Material (as defined above), but also (1) any information copied or

13   extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, or

14   compilations of Protected Material; and (3) any testimony, conversations, or

15   presentations by Parties or their Counsel that might reveal Protected Material.

16   Any use of Protected Material at trial shall be governed by the orders of the trial

17   judge. This Stipulated Protective Order does not govern the use of Protected

18   Material at trial.

19   **5.**    **DURATION**

20   This protective order expires at the start of trial. Accordingly, the terms of this

21   protective order do not extend beyond the commencement of the trial as to the

22   CONFIDENTIAL information and materials introduced or admitted as an exhibit at

23   trial. This provision does not prevent any party from seeking a protective order to

24   cover trial by stipulation or court order.

25   **6.**    **DESIGNATING PROTECTED MATERIAL**

26       **6.1**    **Exercise of Restraint and Care in Designating Material for**

27           **Protection**

28

1    Each Party or Nonparty that designates information or items for protection

2    under this Stipulated Protective Order must take care to limit any such designation

3    to specific material that qualifies under the appropriate standards. The Designating

4    Party must designate for protection only those parts of material, documents, items or

5    oral or written communications that qualify so that other portions of the material,

6    documents, items or communications for which protection is not warranted are not

7    swept unjustifiably within the ambit of this Stipulated Protective Order.

8    Mass, indiscriminate or routinized designations are prohibited. Designations

9    that are shown to be clearly unjustified or that have been made for an improper

10   purpose (e.g., to unnecessarily encumber the case development process or to impose

11   unnecessary expenses and burdens on other parties) may expose the Designating

12   Party to sanctions.

13   If it comes to a Designating Party's attention that information or items that it

14   designated for protection do not qualify for protection, that Designating Party must

15   promptly notify all other Parties that it is withdrawing the inapplicable designation.

16   **6.2    Manner and Timing of Designations**

17   Except as otherwise provided in this Stipulated Protective Order (see, e.g.,

18   second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered,

19   Disclosure or Discovery Material that qualifies for protection under this Stipulated

20   Protective Order must be clearly so designated before the material is disclosed or

21   produced.

22   Designation in conformity with this Stipulated Protective Order requires:

23   (a) for information in documentary form (e.g., paper or electronic documents,

24   but excluding transcripts of depositions or other pretrial or trial proceedings), that

25   the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or words of

26   a similar effect, and that includes the case name and case number (hereinafter

27   "CONFIDENTIAL legend"), to each page that contains protected material. If only a

28

- 7 -

portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

**6.3**    **Inadvertent Failures to Designate**

If timely corrected, an inadvertent failure to designate qualified information or items does not standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely

STIPULATED PROTECTIVE ORDER

1  correction of a designation, the Receiving Party must make reasonable efforts to

2  assure that the material is treated in accordance with the provisions of this Stipulated

3  Protective Order.

4  **7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

5  **7.1     Timing of Challenges**

6  Any Party or Nonparty may challenge a designation of confidentiality at any

7  time that is consistent with the Court's Scheduling Order.

8  **7.2     Meet and Confer**

9  The Challenging Party shall initiate the dispute resolution process under

10  Local Rule 37[1].

11  **7.3     Burden of Persuasion**

12  The burden of persuasion in any such challenge proceeding shall be on the

13  Designating Party. Frivolous challenges, and those made for an improper purpose

14  (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

15  expose the Challenging Party to sanctions. Unless the Designating Party has waived

16  or withdrawn the confidentiality designation, all parties shall continue to afford the

17  material in question the level of protection to which it is entitled under the

18  Producing Party's designation until the Court rules on the challenge.

19  **8.     ACCESS TO AND USE OF PROTECTED MATERIAL**

20  **8.1     Basic Principles**

21  A Receiving Party may use Protected Material that is disclosed or produced

22  by another Party or by a Nonparty in connection with this Action only for

23  prosecuting, defending or attempting to settle this Action. Such Protected Material

24  may be disclosed only to the categories of persons and under the conditions

25  described in this Stipulated Protective Order. When the Action reaches a final

26  _____

27  [1] Magistrate Judge Margo A. Rocconi's chamber rules are available at:
   https://www.cacd.uscourts.gov/honorable-margo-rocconi

28

STIPULATED PROTECTIVE ORDER

1  disposition, a Receiving Party must comply with the provisions of section 14 below

2  (FINAL DISPOSITION).

3    Protected Material must be stored and maintained by a Receiving Party at a

4  location and in a secure manner that ensure says that access is limited to the persons

5  authorized under this Stipulated Protective Order.

6    **8.2    Disclosure of "CONFIDENTIAL" Information or Items**

7    Unless otherwise ordered by the court or permitted in writing by the

8  Designating Party, a Receiving Party may disclose any information or item

9  designated "CONFIDENTIAL" only to:

10    (a) The Receiving Party's Counsel of Record in this Action, as well as

11  employees of said Counsel of Record to whom it is reasonably necessary to disclose

12  the information for this Action;

13    (b) The officers, directors, and employees (including In-House Counsel) of

14  the Receiving Party to whom disclosure is reasonably necessary for this Action;

15    (c) Experts of the Receiving Party to whom disclosure is reasonably necessary

16  for this Action and who have signed the "Acknowledgment and Agreement to Be

17  Bound" (Exhibit A);

18    (d) The Court and its personnel;

19    (e) Court reporters and their staff;

20    (f) Professional jury or trial consultants, mock jurors, and Professional

21  Vendors to whom disclosure is reasonably necessary for this Action and who have

22  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

23    (g) The author or recipient of a document containing the information or a

24  custodian or other person who otherwise possessed or knew the information;

25    (h) During their depositions, witnesses, and attorneys for witnesses, in the

26  Action to whom disclosure is reasonably necessary provided: (i) the deposing party

27  requests that the witness sign the "Acknowledgment and Agreement to Be Bound"

28  (Exhibit A); and (ii) the witness will not be permitted to keep any confidential

STIPULATED PROTECTIVE ORDER

- 10 -

1    information unless they sign the "Acknowledgment and Agreement to Be Bound,"

2    unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

3    transcribed deposition testimony or exhibits to depositions that reveal Protected

4    Material may be separately bound by the court reporter and may not be disclosed to

5    anyone except as permitted under this Stipulated Protective Order;

6         (i) Any mediator or settlement officer, and their supporting personnel,

7    mutually agreed upon by any of the parties engaged in settlement discussions and

8    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

9    and

10         (j) All counsel in the matter of *O.A. by and through his Guardian ad Litem,*

11    *J.A., J.A., and M.A., v. Jessica DeVita*, LASC Case No.: 24STCV0785 (as well as

12    their support staff) for use of said Protected Material in that matter, and who have

13    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

14    **9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED**

15           **PRODUCED IN OTHER LITIGATION**

16         If a Party is served with a subpoena or a court order issued in other litigation

17    that compels disclosure of any information or items designated in this Action as

18    "CONFIDENTIAL," that Party must:

19         (a) Promptly notify in writing the Designating Party. Such notification shall

20    include a copy of the subpoena or court order;

21         (b) Promptly notify in writing the party who caused the subpoena or order to

22    issue in the other litigation that some or all of the material covered by the

23    subpoena or order is subject to this Stipulated Protective Order. Such notification

24    shall include a copy of this Stipulated Protective Order; and

25         (c) Cooperate with respect to all reasonable procedures sought to be pursued

26    by the Designating Party whose Protected Material may be affected. The Party

27    served with the subpoena or court order shall not produce any information

28    designated in this action as "CONFIDENTIAL", unless the Party has obtained the

STIPULATED PROTECTIVE ORDER

- 11 -

1 Designating Party's permission or an order from the court from which the subpoena

2 or order issued.

3      Nothing in these provisions should be construed as authorizing or

4 encouraging a Receiving Party in this Action to disobey a lawful directive from

5 another court.

6 **10.    A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE**

7       **PRODUCED IN THIS LITIGATION**

8      **10.1  Application**

9      The terms of this Stipulated Protective Order are applicable to information

10 produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such

11 information produced by Nonparties in connection with this litigation is protected

12 by the remedies and relief provided by this Stipulated Protective Order. Nothing in

13 these provisions should be construed as prohibiting a Nonparty from seeking

14 additional protections.

15     **10.2  Notification**

16     In the event that a Party is required, by a valid discovery request, to produce a

17 Nonparty's confidential information in its possession, and the Party is subject to an

18 agreement with the Nonparty not to produce the Nonparty's confidential

19 information, then the Party shall:

20     (a) Promptly notify in writing the Requesting Party and the Nonparty that

21 some or all of the information requested is subject to a confidentiality agreement

22 with a Nonparty;

23     (b) Promptly provide the Nonparty with a copy of the Stipulated

24 Protective Order in this Action, the relevant discovery request(s), and a

25 reasonably specific description of the information requested; and

26     (c) Make the information requested available for inspection by the

27 Nonparty, if requested.

28     **10.3  Conditions of Production**

STIPULATED PROTECTIVE ORDER

1   If the Nonparty fails to seek a protective order from this Court within fourteen

2   (14) days of receiving the notice and accompanying information, the Receiving

3   Party may produce the Nonparty's confidential information responsive to the

4   discovery request. If the Nonparty timely seeks a protective order, the Receiving

5   Party shall not produce any information in its possession or control that is subject to

6   the confidentiality agreement with the Nonparty before a determination by the

7   Court. Absent a court order to the contrary, the Nonparty shall bear the burden and

8   expense of seeking protection in this court of its Protected Material.

9   **11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

10   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

11   Protected Material to any person or in any circumstance not authorized under this

12   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

13   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

14   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

15   persons to whom unauthorized disclosures were made of all the terms of this

16   Stipulated Protective Order, and (d) request such person or persons to execute the

17   "Acknowledgment and Agreement to Be Bound" (Exhibit A).

18   **12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

19   **PROTECTED MATERIAL**

20   When a Producing Party gives notice to Receiving Parties that certain

21   inadvertently produced material is subject to a claim of privilege or other protection,

22   the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

23   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

24   may be established in an e-discovery order that provides for production without

25   prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

26   as the parties reach an agreement on the effect of disclosure of a communication or

27   information covered by the attorney-client privilege or work product protection, the

28

STIPULATED PROTECTIVE ORDER

parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**13.    MISCELLANEOUS**

**13.1    Right to Further Relief**

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

**13.2    Right to Assert Other Objections**

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

**13.3    Filing Protected Material**

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**14.    FINAL DISPOSITION**

After the FINAL DISPOSITION of this Action, as defined in paragraph 3.8, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day

deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

//
//
//

**15.** <u>**VIOLATION**</u>

Any violation of this Stipulated Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

*IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:*

DATE: MAY 2, 2025                            DATE:  May 2, 2025
ORANGE LAW OFFICES, P.C.              LAW OFFICES OF HIRJI & CHAU, LLP

_____              _____
Olu K. Orange, Esq.                          Rosa K. Hirji, Esq.
Attorney for Minors M.S. and I.H.      Attorneys for O.A., M.A. and J.A.

DATE:
BORDIN SEMMER LLP

_____
Joshua Bordin-Wosk
Bryan C. Swaim, Esq.
Jennifer L. Stone, Esq.
Attorneys for Defendants
SMMUSD, Cruce, Pitts and Shelton

*FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.*

Dated:                                      _____

                                            Honorable Margo A. Rocconi

                                            U.S. Magistrate Judge

STIPULATED PROTECTIVE ORDER

15.    <u>**VIOLATION**</u>

Any violation of this Stipulated Protective Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

*IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:*

DATE:                                              DATE:
ORANGE LAW OFFICES, P.C.            LAW OFFICES OF HIRJI & CHAU, LLP

_____            _____
Olu K. Orange, Esq.                        Rosa K. Hirji, Esq.
Attorney for Minors M.S. and I.H.    Attorneys for O.A., M.A. and J.A.

DATE: 05/01/2025
BORDIN SEMMER LLP

_____
Joshua Bordin-Wosk
Bryan C. Swaim, Esq.
Jennifer L. Stone, Esq.
Attorneys for Defendants
SMMUSD, Cruce, Pitts and Shelton


*FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.*

Dated:    6/11/2025

_____
Honorable Margo A. Rocconi

U.S. Magistrate Judge

STIPULATED PROTECTIVE ORDER