UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:23-cv-09957-SRM-MAR                                             Date:  October 20, 2025

Title:  *M.S. et al v. O.A. et al*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER RE: EX PARTE APPLICATION, DKT. 267**

    Presently before the Court is an Ex Parte Application to Temporarily Stay the Deposition of Oliver Angus filed by Defendants Jamie Angus, Michael Angus, and Oliver Angus ("O.A.") (collectively, the "Family Defendants").  ECF Docket No. ("Dkt.") 267.  The facts of this case are well known to the parties, and are recounted in detail in this Court's prior orders, including the Court's Order re. Ex Parte Application (the "Prior Order"), Dkt. 188, which resolved the Family Defendants' earlier, similar ex parte application.  As recounted in the Prior Order, Plaintiffs M.S. and I.H. allege that their classmate, Defendant O.A., physically and sexually abused them both on and off the campus of Santa Monica High School.  Prior Order at 1.  Plaintiffs' operative Third Amended Compaint alleges battery claims against O.A. and brings several claims against O.A's parents and the Santa Monica-Malibu Unified School District and several school administrators, alleging that these Defendants should have done more to protect Plaintiffs from O.A.'s abuse.  Third Amended Complaint, Dkt. 108.

/
/
/
/
/
/
/

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                           Date:  October 20, 2025

Title:   *M.S. et al v. O.A. et al*

On August 2, 2025, the Family Defendants filed an ex parte application to stay O.A.'s forthcoming deposition pending resolution of a concurrently-filed motion for a protective order related to the deposition.  Dkt. 159.  This Court granted the application, but declined to enter an indefinite stay, and instead postponed the deposition three weeks to August 26—a date that the parties had already determined was mutually agreeable.  Dkt. 161.  In so ruling, the Court noted that Plaintiffs' opposition "raise[d] serious questions about whether the Family Defendants might have created the crisis" that ultimately resulted in their application for ex parte relief.  Id. at 13.

The Court later denied the Family Defendants' motion for a protective order and ordered O.A.'s deposition to proceed on August 26, absent an agreement by the parties to reschedule to a mutually agreeable date.  Dkt. 168 at 13.  Ultimately, however, the deposition did not proceed on August 26.  Instead, both parties filed motions before the district judge seeking review of this Court's order regarding the motion for a protective order (the "motions for review").  Dkts. 176, 184.

On September 15, 2025, the Family Defendants filed a second ex parte application to once again stay O.A.'s deposition, this time pending the district judge's rulings on the motions for review, which were set to be heard by mid-October.  Dkt. 181.  This Court granted this second application and postponed O.A.'s deposition for four weeks, to October 21, 2025.  Id. at 2.  The Court noted, however, that it "shared Plaintiffs' concerns that Defendants intend to indefinitely delay the deposition at issue."  Id.

On October 17, 2025, the Family Defendants filed the instant ex parte application (the "Third Ex Parte Application") seeking to delay O.A.'s deposition for a third time, pending the district judge's ruling on the motions for review and on Defendants' separate motion to continue various deadlines set forth in the scheduling order.  Dkt. 183.  Plaintiffs once again oppose any further delay of O.A.'s deposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  2:23-cv-09957-SRM-MAR | Date:  October 20, 2025 |
| Title:  *M.S. et al v. O.A. et al* | |

Regardless of whether the Family Defendants bear any responsibility for creating this, the latest in a series of discovery-related crises that have occupied a disproportionate amount of the Court's, and presumably the parties', time and resources, the Court remains concerned that the Family Defendants may be attempting to circumvent their discovery obligations by seeking to postpone O.A.'s deposition to a date beyond the discovery cutoff.  At the same time, however, the Court also remains mindful that it would be improper to order the deposition to proceed while the possibility remains that the district judge will, in ruling on the motions for review, alter this Court's order regarding a protective order related to O.A.'s deposition.  Accordingly, the Family Defendants' Third Ex Parte Application is **GRANTED**, to the extent that they seek to postpone the deposition until the district judge rules on the motions for review.

In ordering such relief, the Court reiterates its reluctance to stay O.A's deposition indefinitely.  In an effort to balance the competing considerations described above, the court hereby postpones the deposition only until such time as the district judge rules on the parties' motions for review.  Should the district judge's ruling leave this Court's order materially unaltered, O.A.'s deposition shall take place within seven days of the district judge's ruling, or at a later date mutually agreeable to the parties.  In the absence of such an agreement, this seven-day deadline shall apply regardless of whether the district judge also continues the discovery cutoff.

**IT IS SO ORDERED.**

**Initials of Preparer** : vv