Olu K. Orange, Esq. (SBN 213653)
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., No. 2910
Los Angeles, CA 90010
T: (213) 736-9900/F: (213) 417-8800
orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com
        mricketss@hadsellstormer.com

*Attorneys for Plaintiffs, M.S. and I.H.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor, by and through his guardian *ad litem,* Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez, <br><br> *Plaintiffs,* <br><br> vs. <br><br> Oliver Angus, Michael Angus, Jamie Angus, Marae Cruce, Gregory Pitts, Antonio Shelton, Santa Monica Malibu Unified School District and Does 1 through 10. <br><br> *Defendants.* | Case No. CV23-09957-SRM-MAR <br><br> Hon. Serena R. Murillo <br> **Hon. Mag. Margo A. Rocconi** <br><br> **REQUEST FOR JUDICIAL NOTICE OF LOS ANGELES SUPERIOR COURT ORDER STATING DOCUMENTS ARE NOT IMMUNIZED FROM PRODUCTION IN FEDERAL CASE; DECLARATION OF OLU K. ORANGE; EXHIBIT** |

**TO THE COURT ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE:**

//

- 1 -                                                            REQ JUD NTC

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.      Matters of Which Judicial Notice Is Requested**

Pursuant to Federal Rule of Evidence 201(a) through (d), Plaintiff respectfully request that this Court take judicial notice of the document and facts contained in the document attached hereto as Exhibit A described herein below as:

*The February 6, 2026, Order in Los Angeles Superior Court Case No. 24STCV07875, stating "Certainly the fact that any document might also be subject to the protective order in the state case does not immunize it from production in the federal case." (p. 2, last paragraph)*

Plaintiff requests that the Court take notice of the contents of the order in their entirety.

**II.     Why Judicial Notice Should Be Taken**

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice is mandatory where a party requests it and supplies the court with the necessary information. Fed. R. Evid. 201(c)(2). Requests for judicial notice require no advance notice to an adverse party and judicial notice can be taken at any stage of the proceedings.[1] Fed. R. Evid. 201(d).

The LASC Court Order of February 6th, is an undisputedly public record for which the necessary information has been provided, as well as an attached copy. The

---

[1] Fed. R. Evid. 201, *Advisory Committee Notes* – "Subdivision (e). Basic considerations of procedural fairness demand an opportunity to be heard on the propriety of taking judicial notice and the tenor of the matter noticed. The rule requires the granting of that opportunity upon request. No formal scheme of giving notice is provided. An adversely affected party may learn in advance that judicial notice is in contemplation, either by virtue of being served with a copy of a request by another party under subdivision (d) that judicial notice be taken, or through an advance indication by the judge. Or he may have no advance notice at all."

REQ JUD NTC

contents of the order are not subject to reasonable dispute and the language used is clear and understandable (Judge Kitchens used the word "certainly" when stating his position). Pursuant to Federal Rule of Evidence 201(b), taking judicial notice is appropriate.

Under Fed. R. Evid. 201, this Court may judicially notice the records and orders of other courts. "We take judicial notice of the Montana state court orders and proceedings. See Fed. R. Evid. 201(b),(c)[.]" *Dawson v. Mahoney,* 451 F.3d 550, 551 n.1 (9th Cir. 2006). "[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Bryant v. Carleson*, 444 F.2d 353, 357 (9th Cir.) (court took judicial notice of proceedings and filings in other courts, including a decision of the California Supreme Court issued while the parties' appeal in the federal case was pending), *cert. denied,* 404 U.S. 967, 92 S. Ct. 344, 30 L. Ed. 2d 287 (1971).

The portions of the order stating that: i) from Judge Kitchens' perspective, "nothing stopped either party from requesting whatever documents might appropriately be requested in the federal action"; ii) "Certainly the fact that any document might also be subject to the protective order in the state case does not immunize it from production in the federal case;" and iii) that Judge Kitchens declined to modify his protective order to accommodate Ms. DeVita's blanket request – are relevant because this Court has ruled on multiple occasions in this litigation that Plaintiffs must pursue modification of the state court protective order before this court will exercise its authority to order records from the state court case produced. This Court most recently set this forth in its order in Docket No 272. Additionally, in Docket No. 272, at page 6, the Court stated:

> *"Documents produced by O.A. in the course of pursuing a claim that DeVita falsely accused him of physically and sexually abusing M.S. almost certainly bear on, or could lead to matters that bear on, M.S.'s claims here*

*that he was physically and sexually abused by O.A."*

*"Accordingly, this Court will not order O.A. to produce those materials produced in the state court case that are subject to the state court protective order, absent an attempt by Plaintiff to modify the protective order in state court."* (See Docket No 272, Judge Rocconi Discovery Order. P. 6).

Thus, Judge Kitchens' order should be taken notice of because it removes the barrier to production of discovery materials this Court has stated "almost certainly bear on" claims in this case. Even if it Judge Kitchens had not stated that his order is no barrier to federal discovery, his order shows that Plaintiffs followed the Court's directive regarding comity and federalism.

As has been typical, Defendants continue to use the state court protective order to avoid complying with their discovery obligations (See Dkt No. 306, p. 3:23-25 / Dkt No. 308, p. 3:9-14), *inter alia*. Judge Kitchens' current order eliminates Defendants' excuse. Here, taking judicial notice of Judge Kitchens' order serves purposes relevant and necessary to this litigation.

## III.   Conclusion

Plaintiffs respectfully request that the Court take judicial notice of the matters herein above, upon the grounds stated. Plaintiffs further request that the Court consider this request and its ruling in resolving all issues to which it relates.

Respectfully submitted,                    ORANGE LAW OFFICES
DATE: February 17, 2026

/s/ - *Olu K. Orange, Esq.*
Olu K. Orange, Esq.
Attorney for Plaintiffs

## DECLARATION OF OLU K. ORANGE

**I, OLU K. ORANGE, declare as follows:**

1.      I am an attorney at law, duly licensed to practice in the Supreme Court of the United States, all of the Courts of the State of California, the United States Court of Appeals for the Ninth Circuit, the United States District Court for the Central District of California, United States District Court for the Eastern District of Missouri, and the United States District Court for the Northern District of Texas. I am over 18 years of age. If called and sworn as a witness, I could and would competently testify to the following based on personal knowledge and on my review of files regularly maintained by my office:

2.      I am an attorney for the plaintiffs in this matter. I am also counsel for Jessica DeVita in Los Angeles Superior Court Case No. 24STCV07875.

3.      In my roles as counsel in both cases, I have seen the discovery in both cases and Oliver Angus, Jamie Angus and Michael Angus, and their counsel, are withholding responsive and significant discovery in this federal case while exchanging it freely in the state case.

4.      I am informed and believe Exhibit A to this Request for Judicial Notice and declaration to be a true and accurate copy of the February 6, 2026, Order in Los Angeles Superior Court Case No. 24STCV07875, the state court defamation case brought by Oliver Angus, Michael Angus and Jamie Angus against Jessica DeVita.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration was executed this 17th day of February 2026, at Los Angeles, California.

/s/ - *Olu K. Orange*

_____

Olu K. Orange, Declarant

- 5 -                                                                REQ JUD NTC