Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
Bina Ahmad, Esq. [SB. #329387]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. #349594]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
    bahmad@hadsellstormer.com / kmcfarlane@hadsellstormer.com
    igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,<br><br>Plaintiffs,<br><br>v.<br><br>OLIVER ANGUS, MICHAEL ANGUS, JAMIE ANGUS, MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,<br><br>Defendants. | Case No.: 2:23-cv-09957-SRM-MAR<br><br>[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]<br><br>**CORRECTED PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR TERMINATING SANCTIONS DUE TO FAMILY DEFENDANTS' WILLFUL SPOLIATION OF KEY EVIDENCE**<br><br>DATE:      May 27, 2026<br>TIME:      1:30 p.m.<br>CRTRM:  5D<br><br>[*Filed concurrently herewith: 1) Pltf I.H. Decl; 2) Orange Decl & Exs; 3) Geczy Decl & Exs; and 4) [Prop] Order*]<br><br>Complaint filed:    November 22, 2023<br>Motion Cutoff:      May 27, 2026<br>Discovery Cutoff:  March 13, 2026<br>Trial Date:            September 8, 2026 |

CORRECTED PLTF'S MTN FOR SANCTIONS DUE
TO FAMILY DEFTS' SPOLIATION OF KEY EVID

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on May 27, 2026, at 1:30 p.m., or as soon as counsel may be heard in Courtroom 5D of the First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, California 90012, Plaintiffs M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez ("Plaintiffs"), will and hereby does move this Court for an order for terminating sanctions due to the Family Defendants' willful spoliation of key evidence.

This Motion is and will be based upon this Notice of Motion; the pleadings and records on file with this court; the concurrently filed Declarations and accompanying exhibits; any evidence of which the Court may take judicial notice prior to or at the hearing of this matter; and upon such oral or documentary evidence as may be presented at the hearing of this motion.

This motion is made following several meet and confer efforts, pursuant to Local Rule 7-3. These discussions took place in person on February 19 and March 31, 2026. Declaration of Isabelle Geczy ("Geczy Decl.") ¶¶ 17-24.

Dated: April 30, 2026

Respectfully Submitted,

ORANGE LAW OFFICES

HADSELL STORMER RENICK & DAI LLP

By:    /s/- Isabelle Geczy
      Olu K. Orange
      Dan Stormer
      Morgan Ricketts
      Bina Ahmad
      Kate McFarlane
      Isabelle Geczy
Attorneys for Plaintiffs M.S. and I.H.

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES...................................................................................iii

I.    INTRODUCTION...................................................................................... 1

II.    PERTINENT ALLEGATIONS IN THE COMPLAINT........................... 1

III.    RELEVANT BACKGROUND ................................................................. 2

IV.    SPOLIATION ............................................................................................ 6

    a.    Intentional Deletion of Entire Instagram Account, Absent Selective Preservation of One Favorable Post ................. 6

    b.    Selected Reddit Posts................................................................. 8

    c.    Oliver and Michael Angus Deleted Responsive Posts To Keep Plaintiffs From "Painting Oliver As A Bad Person".................................. 11

    d.    Family Defendants Make False Representations About The Cause Of The Deleted Instagram Account................................................................. 12

V.    LEGAL STANDARD................................................................................ 12

VI.    ARGUMENT ............................................................................................ 14

    a.    Rule 37(e)'s Prerequisites for Sanctions Are Met....................... 14

        1.    ESI is lost here, because it is irretrievable ...................... 15

            i.    The entirety of Oliver Angus's Instagram account was destroyed and cannot be restored.................................... 15

            ii.    Multiple Reddit posts and comments were permanently destroyed .......................................... 16

        2.    The Family Defendants had a duty to preserve Oliver Angus's social media accounts after they were served with the Complaint ................................................. 16

    b.    Family Defendants Acted with Intent to Deprive the Plaintiffs of Evidence to Use in Litigation................................. 17

///

CORRECTED PLTF'S MTN FOR SANCTIONS DUE
TO FAMILY DEFTS' SPOLIATION OF KEY EVID    -i-

1. Timing of Destruction: Oliver Angus's Instagram Account and Reddit Account Content Were Deleted After the Commencement of Litigation................................................17

    i. Family Defendants Failed to Preserve Oliver Angus's Instagram While Discovery Was Ongoing ...........................18

    ii. Family Defendants Failed to Preserve Oliver Angus's Reddit While Discovery Was Ongoing..................................18

2. The Family Defendants Took Affirmative Steps to Delete Evidence ...........................................................................18

3. The Family Defendants Engaged in Selective Preservation of Self-Serving Social Media Posts...................................................19

VII. TERMINATING SANCTIONS ARE THE ONLY APPROPRIATE REMEDY; LESSER SANCTIONS ARE INSUFFICIENT................................20

VIII. PLAINTIFFS HAVE BEEN SEVERELY PREJUDICED BY THE SPOLIATION OF ESI, THEREFORE AUTHORIZING SANCTIONS UNDER RULE 37(E)(1), TOO ................................................................21

IX. CONCLUSION ................................................................24

## TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Apple Inc. v. Samsumg Elecs. Co.*
888 F. Supp. 2d 976 (N.D. Cal. 2012) ................................................................. 12

*Brower v. Target Corp.*
2025 U.S. Dist. LEXIS 258883 (W. WA. Dec. 15, 2025) .................................... 16

*Colonies Partners L.P. v. Cty. of San Bernardino*
2020 U.S. Dist. LEXIS 56922 (C.D. Cal. 2020) ............................................ 17, 19

*Fast v. GoDaddy.com LLC*
340 F.R.D. 326 (Az. Dist. Ct. 2022) ....................................................... 13, 19, 22

*Herbert v. Lynch*
2025 U.S. Dist. LEXIS 1370 (S.D.N.Y Jan. 2, 2024) ......................................... 16

*Hiq Labs, Inc. v. Linkedin Corp.*
639 F. Supp. 3d 944 (N.D. Cal. 2022) ................................................................. 17

*Jones v. Riot Hosp. Grp. LLC*
95 F.4th 730 (9th Cir. 2024) ..................................................................... 14, 17, 21

*Kelly v. Fashion Nova, Inc.*
No. CV 23-02360-JAK, 2023 U.S. Dist. LEXIS 207931
(C.D. Cal. Oct. 30, 2023) ................................................................................*passim*

*Laub v. Horbaczewski*
2020 U.S. Dist. LEXIS 252867 (C.D. Cal. July 22, 2020) ............................ 13, 17

*N.T.A.A., Inc. v. Nordstrom, Inc.*
2023 U.S. Dist. LEXIS 234230 (C.D. Cal. Nov. 3, 2023) ................................... 13

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*
328 F.R.D. 543 (N.D. Cal. 2018) ......................................................................... 15

*Snap Lock Indus. V. Swisstrax Corp.*
2021 U.S. Dist. LEXIS 42688 (Nev. D. Ct. March 5, 2021) ............................... 13

*United States v. Kitsap Physicians Serv.*
314 F.3d 995 (9th Cir. 2002) ............................................................................... 16

*United States v. Stratics Networks Inc.*
    2026 U.S. Dist. LEXIS 30552 (S.D. Cal. Feb. 13, 2026) .....................................17

*Welter v. Hurt*
    2025 U.S. LEXIS 63498 (C.D. Cal. April 1, 2025) ........................................15, 17

## FEDERAL STATUTES AND REGULATIONS

Federal Rules of Civil Prodecure
    Rule 37 .......................................................................................................13
    Rule 37(e) ................................................................................................*passim*
    Rule 37(e)(1) .........................................................................13, 21, 22, 23
    Rule 37(e)(2) ...........................................................................................*passim*

## OTHER AUTHORITIES

Stored Communications Act ...................................................................................3, 14

CORRECTED PLTF'S MTN FOR SANCTIONS DUE
TO FAMILY DEFTS' SPOLIATION OF KEY EVID          -iv-

## I.    INTRODUCTION

This lawsuit accuses Defendant Oliver Angus of sexually abusing minor children, Plaintiffs I.H. and M.S., recording the abuse, and transmitting it over the internet. He posted on Instagram and Reddit about Plaintiffs, and also messaged I.H. relentlessly. Defendant Michael Angus – Oliver's father and a Harvard-trained lawyer – reviewed his son's social media and saw how his posts could be "used in ways to paint [Oliver] as a bad person." Michael and Oliver then "took down" a number of posts; Plaintiffs have learned that Oliver's entire Instagram account and numerous Reddit posts were deleted during the course of this litigation. This has deprived Plaintiffs of evidence vital to proving their case.

This was no accident. Family Defendants never admitted in discovery that any responsive documents might have once existed, nor that any were lost or destroyed; instead, they have offered shifting explanations for their failure to produce social media ESI, ranging from Oliver Angus's account being "hacked" to "losing the password." They even claimed at one point that Michael couldn't remember when he deleted the posts; this runs contrary to Michael's sworn testimony.

Plaintiffs are able to establish by a preponderance of the evidence that sanctions for spoliation of ESI are appropriate under Rule 37(e); and that Family Defendants had the requisite intent to deprive Plaintiffs of the ESI and the use of it during this litigation. Plaintiffs believe that this evidence would have substantially bolstered their case, including with admissions that Oliver had sexually abused Plaintiffs while knowing they did not consent to the activity, admissions that the Angus parents were failing to supervise Oliver and his digital behavior, and admissions that the Angus parents knew about his conduct and the risk to others well in advance of several of the most damaging incidents. Terminating sanctions against the Family Defendants are the only appropriate remedy.

## II.    PERTINENT ALLEGATIONS IN THE COMPLAINT

The original complaint served on Family Defendants contained the following

allegations, which placed them on notice of the relevance of Oliver's digital and social media content.

Plaintiffs I.H. and M.S. allege that as minors, they suffered physical, emotional, and sexual abuse on and off the campus of Santa Monica High School. Dkt. 1; *see also* Third Amended Complaint (hereafter "TAC"), Dkt. 108. This abuse was perpetrated by Defendant Oliver Angus, a fellow student at the time who was also receiving special education services for a combination of physical conditions. *Id.* at ¶¶ 1-2, 12, 20-51, 95-99, 143-145.

Plaintiffs I.H. and M.S. were functioning with intellectual deficits and/or disorders and were incapable of consenting to sexual activity. *Id.* at ¶¶ 7, 18-19, 37. Defendants Jamie and Michael Angus, Oliver's parents, knew or should have known about Oliver's propensity to engage in physically and sexually abusive acts, and did not take effective or adequate action to prevent I.H. and M.S. from suffering harm. *Id.* at ¶¶ 3, 13-14, 100-114.

Plaintiffs allege that Oliver recorded some of the sexual abuse he perpetrated upon Plaintiffs by audio and visual means, and transmitted it via the internet. Dkt. 1, ¶ 2; see also Dkt. 108 ¶ 3.

## III.   RELEVANT BACKGROUND

On November 22, 2023, Plaintiffs filed their Complaint against Oliver, Jamie, and Michael Angus ("Family Defendants") and other defendants associated with the school. Dkt. 1.

In January 2024, Plaintiffs served litigation hold notices on Apple, Google, Reddit, and TikTok to preserve all data related to Oliver Angus' social media accounts.

On February 15, 2024, Plaintiffs served the Family Defendants with the Complaint. Dkt. 32-34. The Complaint contained allegations that Oliver Angus had "recorded by audio and visual means, and transmitted via the internet, some of the sexual abuse he perpetrated on his minor school mates." Dkt. 1 at ¶ 2.

On May 7, 2024, discovery began. Dkt. 69.

On June 18, 2024, Plaintiffs served subpoenas on Apple, Google, Reddit, and TikTok seeking the contents of Oliver's posts ("content subpoenas"). Orange Dec ¶¶ 5-9, Exs. 1-4.

On June 27, 2024, the Family Defendants served objections to the content subpoenas, stating:

"[T]he Family Defendants contend the subpoenas seek documents that violate the Stored Communications Act as the subpoenas seek contents of stored communications associated with various online accounts. (citations omitted). Finally, if there is any relevant information sought by Plaintiffs, then it could be obtained through other sources, such as written and oral discovery. Based on the foregoing, the Family Defendants intend to file a motion to quash and/or seek a protective order". Orange Dec. ¶ 10, Ex. 5.

On July 9, 2024, Plaintiffs withdrew the content subpoenas so that they could be reissued with all requests for content removed, and seeking only the metadata of Oliver's social media instead. Orange Dec. ¶ 11.

On July 28, 2024, Oliver's entire Instagram account was deleted. Geczy Dec. ¶¶ 25-27, Ex. 18.

On September 26, 2024, Plaintiffs served Oliver Angus with Requests for Production, including RFP No. 10, which sought:

Each WRITING maintained, received, or generated by YOU, or available to YOU, constituting, depicting or referring to internet posts related to Plaintiff I.H. and/or Plaintiff M.S.

Orange Dec. ¶ 12, Ex. 6.

On December 4, 2024, Oliver Angus served his response to RFP No. 10. Orange Dec. ¶ 13, Ex. 7. The response stated:

After conducting a diligent search and reasonable inquiry to locate responsive documents, Responding Party will comply with this request by producing non-privileged, responsive documents that are in Responding Party's possession, custody, or control.

The response did not indicate that any responsive documents had been lost or

destroyed.

Along with his responses and production, Oliver also served a privilege log. Orange Dec. ¶ 14, Ex. 8. The privilege log addressed RFP Nos. 2, 3, 6, 14, and 16 through 20, but did not include any reference to RFP No. 10. However, Oliver's associated production was only four pages. Orange Dec. ¶ 15. These four pages were screenshotted Instagram posts from Oliver's Instagram account, "ozonemusic5".[1] At the time of the screenshots, Oliver's Instagram account was still active.

On February 12, 2025, Plaintiffs reissued their subpoena to Reddit Inc., this time only for metadata tied to Oliver Angus's Reddit username, "OzoneMusicOpinions". Geczy Dec. ¶ 4, Ex. 2. On February 12, 13, 19, and 24, 2025, Plaintiffs served Apple, Google, TikTok, and Meta with similar subpoenas for Oliver's user metadata (the Meta subpoena was for metadata associated with Oliver's Instagram account, "ozonemusic5". Geczy Dec. ¶¶ 5-8, Exs. 3-6 (Collectively, "metadata subpoenas").

On March 21, 2025, the Family Defendants sent Plaintiffs' counsel a meet and confer letter regarding their intent to file a motion to quash all of the metadata subpoenas. Geczy Dec. ¶ 9, Ex. 7.

On April 25, 2025, Defendants moved to quash the metadata subpoenas in the Northern District of California. M.S. et al. v. Oliver Angus, et al., No. 3:25-MC-80096-KAW (N.D. Cal. 2025), Dkt. 1. The motion was later withdrawn. *Id.* at Dkt. 10.

On July 2, 2025, Family Defendants moved again to quash in the Central District of California. Dkt. 149.

On July 21, 2025, Oliver provided a supplemental response to RFP No. 10. Orange Dec. ¶ 16, Ex. 10. That response was:

> "…following a further diligent search and reasonable inquiry, Responding Party confirms that all documents in his possession, custody, or control that are responsive to this Request have already been produced. Responding Party is not producing any additional documents in response to this Request."

No further responsive documents had been produced beyond the original four

---

[1] Family Defendants do not dispute that this account belongs to Oliver. Geczy Dec. ¶ 18.

pages of screenshots. Again, the response did not indicate that any responsive documents had been lost or destroyed.

On September 2, 2025, the Court denied the Family Defendants' Motion to Quash the metadata subpoenas. Dkt. 170 at 5-14.

On September 4, 2025, Plaintiffs sent letters to the social media companies informing them of this Court's Order denying the Motion to Quash and included the Order. Geczy Dec. ¶¶ 10-14, Exs. 8-11.

On September 14, 2025, Plaintiffs served Oliver Angus with M.S.'s Third Set of Requests for Production. All of these RFPs related to the content of Oliver's social media or digital communications. Orange Dec. 17, Ex. 11. They included RFP No. 43, which sought a complete data download of Oliver's Reddit account, as well as RFP No. 46, which sought a complete data download of Oliver's Instagram account.[2] *Id.*

On October 14, 2025, the Family Defendants served Responses to RFP Nos. 43 and 46. In response to RFP No. 43, Family Defendants stated that Oliver's Reddit account

> remains publicly viewable, and Plaintiffs therefore have equal access to the same publicly available information [….] At present, all information reasonably available to Responding Party from his Reddit account has either been produced or is publicly accessible to Plaintiffs through the platform itself.

Orange Dec. ¶ 18, Ex. 12.

In response to RFP No. 46, Family Defendants stated that Oliver's Instagram account was

> reviewed using standard user access, and no additional non-privileged, responsive materials have been located beyond those already produced.

*Id.* No further materials were produced. To date, no further content from Oliver's Instagram or Reddit accounts has been produced by Family Defendants.

In early 2026, Plaintiffs discovered that Oliver's entire Instagram account had been deleted. Geczy Dec. ¶ 16.

---

[2] Plaintiffs also offered a tailored alternative: to produce only posts in proximity to significant dates, such as the dates of Oliver's known sexual assaults on Plaintiffs.

On February 12, 2026, Defendant Michael Angus – a Harvard-trained lawyer who has worked as general counsel for a large media conglomerate – testified that after the commencement of the present litigation, he went through the social media accounts with Oliver Angus, and they deleted various posts together, because "things that you say […] can be taken out of context and used in ways to paint you as a bad person." Orange Dec. ¶ 30, Ex. 14.

The parties have met and conferred in person about this spoliation. On February 19, 2026, they discussed the deletion of Oliver's Instagram account. Geczy Dec. ¶ 18. Family Defendants insisted they did not close or delete the account. Geczy Dec. ¶ 18. On March 31, 2026, the parties discussed the deletion of posts from Oliver's OzoneMusicOpinions Reddit account. Geczy Dec. ¶ 24. During this meeting, Family Defendants took varied positions about Michael Angus's recollection of when he deleted his son's posts, ultimately representing that he could not recall when he deleted them. Geczy Dec. ¶ 24. On April 17, 2026, Family Defendants provided Plaintiffs with a declaration from Michael Angus contradicting his admission at deposition that he had learned of the posts through this lawsuit. Orange Dec. ¶ 31, Ex 15.

In April 2026, Meta produced a document showing the Basic Subscriber Information ("BSI") for Oliver's ozonemusic5 Instagram account on April 22, 2026. Geczy Dec ¶ 25, Ex. 18. The BSI shows that the account was closed on July 28, 2024. Geczy Dec. ¶ 27. The BSI also shows that Michael Angus's phone number was the verified phone number for the account, and that Michael Angus's email address was the registered email address for the account. Geczy Dec. ¶ 26.

## IV.   SPOLIATION

### a. Intentional Deletion of Entire Instagram Account, Absent Selective Preservation of One Favorable Post

/ / /

/ / /

/ / /

CORRECTED PLTF'S MTN FOR SANCTIONS DUE TO FAMILY DEFTS' SPOLIATION OF KEY EVID          -6-

Oliver's production in response to RFP 10 consisted of four pages of screenshots. Two of the pages (FAM DEF 000538-00539) pertained to I.H., in which Oliver described her as "like a sister to me" ("Sister Post").





**FAM DEF 000538**

**FAM DEF 000539**

(See Orange Dec. ¶ 15, Ex. 9 and Geczy Dec. ¶ 19).

The Sister Post was posted in October 2022. Geczy Dec. ¶ 18, 19, Ex. 14. Each comment on the post lists that they were posted 87 weeks before the time the post was viewed, denoted by the "87w" next to each poster's username. Geczy Dec. ¶ 20. The comments could not have been posted before October 2022, and therefore the screenshot of the Sister Post could not have been taken sooner than approximately June 2024 (87 weeks after October 2022). Geczy Dec. ¶ 20. At the time the screenshot of the Sister Post was taken, the ozonemusic5 account was still active.[3] Therefore, Oliver's Instagram

---

[3] The account's active status is indicated by the form and components of the post: a profile picture for the poster ozonemusic5 is visible in the corner of the screen and in

account was still active in June 2024 – well after service of the complaint was effected on Family Defendants in February 2024.

The Sister Post portrays Oliver as not romantically or sexually interested in I.H. It is the only Instagram content Family Defendants have produced. However, I.H. and Oliver Angus corresponded extensively on Instagram, and these writings are responsive to RFP Nos. 10 and 43.

I.H. no longer has these messages because after the November 2022 biting incident and before this litigation was contemplated, she deleted the conversation to help her to stop ruminating about Oliver. I.H. Dec. ¶¶ 8-9.

Despite numerous opportunities to explain that the account had been deleted, Plaintiffs only learned about the deletion from a third party – Meta – after months of diligent follow up. Worse, the Basic Subscriber Information document strongly suggests that Oliver and/or Michael deleted it on July 28, 2024 – since they had the ability to recover it using Michael's email or phone number.

### b. Selected Reddit Posts

Oliver frequently posted on Reddit under two different accounts: OzoneMusicOpinions and Professional-Goal582. Orange Dec. ¶ 19.

One Reddit post under the OzoneMusicOpinions account described a fight Oliver had in an Instagram group chat with I.H. and other students at Santa Monica High School in which the group called Oliver "toxic" ("Toxic Post"). Geczy Dec. ¶ 29, Ex. 19; ¶ 34, Ex. 23.

The Toxic Post is responsive to RFP 10 (all social media posts pertaining to I.H.) as well as RFP 43 (all Reddit account data).

During the course of this litigation, Plaintiffs located and retained the URL of the Toxic Post. Orange Dec. ¶ 22. That URL is

https://www.reddit.com/r/teenagers/comments/xcr4o0/deleted_by_user/?solution=6b66e

---

the "Add a comment" dialog box at the bottom of the interface, as well as relative timestamps in weeks that indicate how long ago the comments on the post were made. Geczy Dec. ¶ 20.

a5233eb076d6b66ea5233eb076d&js_challenge=1&token=bbbe4bf1c9a2b5160829c4be34da5861d3372dff8818ff60a0a07534c790881d&jsc_orig_r=

The Toxic Post has since been deleted by user – i.e., by Oliver. Orange Dec. ¶ 24.



However, the Wayback Machine – an internet site that archives internet pages – happened to capture this particular post while it was active. The URL of that post as archived on the Wayback Machine is:

https://web.archive.org/web/20220913004124/https://www.reddit.com/r/teenagers/comments/xcr4o0/the_worst_thing_a_girl_can_do/ Orange Dec. ¶ 25. The archived post appears as shown below:

/ / /

/ / /

/ / /



Orange Dec. ¶ 25. The Toxic Post is no longer visible on Oliver's publicly accessible Reddit account, contrary to Family Defendants' verified response to RFP No. 10, and has never been produced by the Family Defendants. Orange Dec. ¶¶ 26-27.

The Toxic Post is not the only Reddit post that Oliver – and possibly Michael – deleted. Plaintiffs have discovered that a multitude of Oliver's Reddit posts have been "deleted by user", and on information and belief, these deletions occurred after this litigation was filed.[4] Twelve more were independently removed by moderators. Geczy Dec. ¶ 30.

At least six of the moderator-removed posts appeared to refer to I.H. specifically, with titles like "Me (18M) my GF (17F)_r_relationships" and "Advice about me and my girlfriend of 1 year_r_relationships"; others may have contained statements or admissions relevant to issues in the litigation, such as a post describing substantial physical activity in connection with playing Pokemon ("Is this a problem_I have hatched

---

[4] Plaintiffs have been following up diligently with the social media companies. During this process counsel for Reddit indicated they may be able to provide a declaration of counsel as to the dates of the deletions, but Plaintiffs have not received this declaration in time to incorporate it into this filing. Plaintiffs intend to incorporate any new and relevant information into their Reply, and to stipulate that Family Defendants should be permitted to file a Sur-reply to address any newly obtained evidence.

10 eggs in one week_r_pokemon"), posts evidencing his language and intellectual abilities ("Played Bananagrams with the fam and got this_r_brooklynninenine"), and posts evidencing his comments on women he was sexually attracted to ("Roleplay_r_TayamillerOF"), "Rate them and you will get a surprise_r_RateMyRack"). Geczy Dec. ¶¶ 30-32, Exs. 20-22.

All of these removed posts show that they were posted two years ago – well after the commencement of this litigation and also after Defendants were served with the initial complaint. While Plaintiffs can see the titles and the dates of these posts, and in some instances comments on the posts, they cannot see the contents of the posts, do not have them, and have no way of recovering or obtaining them. See Geczy Dec. ¶¶ 30-32, Exs. 20-22. If the Family Defendants failed to preserve this data, then it is gone.

### c. Oliver and Michael Angus Deleted Responsive Posts To Keep Plaintiffs From "Painting Oliver As A Bad Person"

Michael Angus was aware that Oliver Angus used social media. Geczy Dec. ¶ 3, Ex. 1.

On February 12, 2026, Plaintiffs took the deposition of Michael Angus. Mr. Angus testified that he has a degree from Harvard Law School and has been employed in multiple legal roles throughout his career, including as General Counsel for a media conglomerate. Orange Dec. ¶ 30, Ex. 14.

Mr. Angus further admitted in deposition that he became aware of the problematic nature of Oliver's posts through this lawsuit. Orange Dec. ¶ 30, Ex. 14. Michael Angus himself summarized this portion of his testimony as follows:

> "Mr. Orange proceeded to ask how I became aware of the posts. I responded that I did not recall, but that it was through some of this lawsuit."

Michael Angus Dec. ¶ 7. Orange Dec. 31, Ex. 15.[5]

Michael Angus then admitted that he went through the social media accounts with

---

[5] Michael Angus, one day prior to this filing, submitted proposed changes to his deposition transcript which addressed this line of questioning, seeking to materially alter his deposition testimony. Plaintiffs do not believe this is a proper use of an errata and intend to file a Motion to Strike the changes.

Oliver, and they deleted various posts together, because "things that you say […] can be taken out of context and used in ways to paint you as a bad person." Orange Dec ¶ 30, Ex. 14.

### d. Family Defendants Make False Representations About The Cause Of The Deleted Instagram Account

During the in-person meet and confer on February 19, 2025, counsel maintained that the Family Defendants "lost access" to the Instagram account in June 2024, due to "losing the password," and that Family Defendants were unable to recall how they even obtained the screenshot of the Sister Post. Geczy Dec. ¶¶ 18, 21, Ex. 14. Counsel also stated that "kids forget passwords" and asked what course of action they should have taken, abdicating responsibility for preserving the account. Geczy Dec. ¶ 21. In subsequent meet and confer communications, counsel for Family Defendants further maintained that in October 2025, Family Defendants "discovered they no longer had access to the account" but that they "did not close or delete the account." Geczy Dec. ¶ 22, Ex. 15.

Meta's records show otherwise. The Family Defendants retained a single screenshot of a favorable responsive post on June 8, then deleted the entire account on July 28, 2024. Then, over a year later on October 14, 2025, Family Defendants responded to RFP No. 46, which asked for the contents of Instagram posts and private messages. Family Defendants responded that "no additional non-privileged, responsive materials have been located beyond those already produced." Orange Dec. ¶ 18, Ex. 12.

### V.   LEGAL STANDARD

Spoliation occurs when a party "destroys or alters material evidence or fails to preserve" evidence when the party is under a duty to preserve it. *Apple Inc. v. Samsumg Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012). "Federal Rule of Civil Procedure 37(e) ('Rule 37(e)') governs the loss of electronically stored information ('ESI'). *Kelly v. Fashion Nova, Inc.,* No. CV 23-02360-JAK (RAOx), 2023 U.S. Dist. LEXIS 207931, at *9, *23-26 (C.D. Cal. Oct. 30, 2023) (recommending finding of spoliation of ESI and

issuing of adverse inference instruction and monetary sanctions), *recommendation accepted by* No. CV 23-02360 JAK (RAOx), 2023 U.S. Dist. LEXIS 206558 (C.D. Cal. Nov. 16, 2023). "Rule 37(e) applies '[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery.'" *Id.* (quoting Fed. R. Civ. P. 37(e)).

Here, the Family Defendants spoliated an entire Instagram account and numerous Reddit posts. Social media accounts are electronically stored information and therefore governed by Rule 37(e). *See, e.g.*, *N.T.A.A., Inc. v. Nordstrom, Inc.*, 2023 U.S. Dist. LEXIS 234230 (C.D. Cal. Nov. 3, 2023) (imposing terminating sanctions for spoliation of evidence, including deletion of Facebook and WhatsApp messages, under Rule 37 and Court's inherent authority); *Snap Lock Indus. V. Swisstrax Corp.*, 2021 U.S. Dist. LEXIS 42688 at *8 (Nev. D. Ct. March 5, 2021)(holding Rule 37(e) applicable to social media post spoliation, disallowing inapplicability argument furthered that 2015 amendment to Rule 37(e) indicated other intent or purpose); *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 338-339 (Az. Dist. Ct. 2022)(authorizing sanctions under Rule 37(e)(2) where deletion of Facebook posts supported finding of intent to deprive). As social media accounts and their posts are ESI, Rule 37(e) thus governs the remedy for Family Defendant's spoliation of evidence.

Courts can impose sanctions under Rule 37(e) where: "(1) the information at issue constitutes electronically stored information (ESI); (2) ESI was lost and cannot be restored or replaced through additional discovery; (3) the loss was due to the responding party's failure to take reasonable steps to preserve the ESI; and (4) the responding party was under a duty to preserve the ESI." *Laub v. Horbaczewski*, 2020 U.S. Dist. LEXIS 252867 at *7 (C.D. Cal. July 22, 2020).

"Rule 37(e) authorizes two tiers of sanctions for spoliation. Upon a finding of prejudice to another party from loss of the information, a court may employ measures 'no greater than necessary to cure the prejudice.' Fed. R. Civ. P. 37(e)(1). If a court finds

that the spoliating party 'acted with the intent to deprive another party of the information's use in the litigation,' the court may impose harsh sanctions, including presuming that the lost information was unfavorable to that party, instructing the jury that it may or must presume the information was unfavorable to that party, dismissing the action, or entering a default judgment. Fed. R. Civ. P. 37(e)(2)." *Kelly v. Fashion Nova, Inc.* at *10. "The standard of proof for spoliation in the Ninth Circuit is 'preponderance of the evidence.'" *Id.*

To impose terminating sanctions under Rule 37(e)(2), "a district court need only find that the Rule 37(e) prerequisites are met, the spoliating party acted with the intent required under Rule 37(e)(2), and lesser sanctions are insufficient to address the loss of the ESI." *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024). Intent to deprive "is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Id.* Circumstantial evidence a court may consider when determining intent includes "the timing of destruction, affirmative steps taken to delete evidence, and selective preservation." *Id.*

## VI.   ARGUMENT

### a.  Rule 37(e)'s Prerequisites for Sanctions Are Met

The Court can impose sanctions for spoliation of ESI where the facts meet the Rule 37(e) prerequisites. The information lost is ESI under Rule 37(e). The ESI cannot be restored or replaced through additional discovery, because the Stored Communications Act prohibits Plaintiffs from obtaining this information from Instagram or Reddit, and limits Plaintiffs to obtaining these from Oliver. See 18 U.S.C. § 2701 *et seq*.

The loss of this ESI was due to the Family Defendants' failure to take reasonable steps to preserve the ESI, and in both cases, was due to the Family Defendants actively destroying the ESI themselves. Finally, the Family Defendants were under a duty to preserve the ESI at the time of the destruction, because they had been served with the Complaint and subpoenas seeking the ESI.

### 1. ESI is lost here, because it is irretrievable.

ESI is lost for purposes of Rule 37(e) only "if it is irretrievable from another source." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 328 F.R.D. 543, 552 (N.D. Cal. 2018). The party seeking sanctions "must show by competent evidence, which could take the form of expert testimony or other evidence, that the ESI sought was actually lost." *Welter v. Hurt*, 2025 U.S. Dist. LEXIS 63498 at \*16 (C.D. Cal. April 1, 2025) (additional citation omitted).

### i. The entirety of Oliver Angus's Instagram account was destroyed and cannot be restored.

The entirety of Oliver Angus's Instagram account no longer exists. All of Oliver Angus's posts (including photos, captions, comments, and timestamps) and any direct messages he sent (including the recipients, photos, any text content in the messages, and timestamps) no longer exist.

The Basic Subscriber Information Meta produced after Plaintiffs' meet and confer efforts revealed Oliver's account was deleted on July 28, 2024. Geczy Dec. ¶¶ 25, 27, Ex. 18.

Under Meta Platforms's Instagram Terms and Conditions, when content or an account is deleted, the deletion process will automatically begin "no more than 30 days" after the request. Geczy Dec. ¶ 28. (https://help.instagram.com/581066165581870/?helpref=hc_fnav). It may "take up to 90 days to delete content after the deletion process begins." *Id*. In some instances content will not be deleted within 90 days if doing so "is not possible due to technical limitations" or where complying would restrict Instagram's ability to "comply with a legal obligation, such as the preservation of evidence." *Id*.

Though served with a subpoena in February 2025, Oliver's Instagram account data was fully deleted no later than October 26, 2024.

Oliver's ozonemusic5 account is now irretrievable: photos, text on posts, comments, and direct messages; corresponding timestamps; potential other witnesses in

CORRECTED PLTF'S MTN FOR SANCTIONS DUE TO FAMILY DEFTS' SPOLIATION OF KEY EVID    -15-

the form of other users who may have commented or engaged with posts, comments, or messages)—is all lost and irreplaceable.

### ii. Multiple Reddit posts and comments were permanently destroyed.

During this litigation the Family Defendants also deleted numerous Reddit comments and posts, which are now permanently lost. Plaintiffs only know about the content of a single deleted post because they retained the URL before the deletions. They cannot know what the contents of the other deleted posts were.

Plaintiffs raised the issue of these Reddit deletions in July 2025. Dkt. 149-2, ¶ 6. The Family Defendants failed to contact Reddit to preserve and retrieve these posts.

### 2. The Family Defendants had a duty to preserve Oliver Angus's social media accounts after they were served with the Complaint

"The common-law duty to preserve continues to apply even under Rule 37(e)." *Kelly v. Fashion Nova, Inc.,* No. CV 23-02360-JAK (RAOx), 2023 U.S. Dist. LEXIS 207931, at *10 (C.D. Cal. Oct. 30, 2023)(citing Rule 37(e) Advisory Committee Note). "A party commits spoliation of evidence 'only if it had some notice that the evidence was potentially relevant to the litigation.'" *Brower v. Target Corp.*, 2025 U.S. Dist. LEXIS 258883, at *5 (W. WA. Dec. 15, 2025) citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). "As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." *UMG Recordings, Inc. v. Hummer Winblad Venture Partners* (*In re* Napster, Inc. Copyright Litig.), 462 F.Supp. 2d 1060, 1067 (N.D. Cal. 2006) (additional citations omitted). The duty to preserve ESI undisputably arises when a complaint is served upon defendants. *Herbert v. Lynch*, 2025 U.S. Dist. LEXIS 1370 at *19-20 (S.D.N.Y Jan. 2, 2024).

Plaintiffs served the Family Defendants with the Complaint in this litigation on February 15, 2024. Dkt. 32-34. That complaint explicitly identified Oliver Angus's online communications as central evidence. Dkt. 1, ¶ 2. Upon being served, the Family

CORRECTED PLTF'S MTN FOR SANCTIONS DUE TO FAMILY DEFTS' SPOLIATION OF KEY EVID          -16-

Defendants had a duty to preserve Oliver Angus's digital content and communications, *at least* as it pertained to M.S. or I.H. The Family Defendants not only failed to pressure this ESI, they willfully deleted the ESI with the intent of depriving Plaintiffs of evidence.

### b. Family Defendants Acted with Intent to Deprive the Plaintiffs of Evidence to Use in Litigation

Under Rule 37(e)(2), intent to deprive "is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024). As intent "can rarely be shown directly, a district court may consider circumstantial evidence in determining whether a party acted with the intent required." *Id.* "Relevant considerations include the timing of destruction, affirmative steps taken to delete evidence, and selective preservation." *Id.* (citing *Laub v. Horbaczewski*, 2020 U.S. Dist. LEXIS at *6 (C.D. Cal. July 22, 2020)).

### 1. Timing of Destruction: Oliver Angus's Instagram Account and Reddit Account Content Were Deleted After the Commencement of Litigation

"The most decisive factor in the intent analysis is the timing of the offending conduct." *Hiq Labs, Inc. v. Linkedin Corp.*, 639 F. Supp. 3d 944, 978 (N.D. Cal. 2022). Courts weigh when in the litigation process the spoliation occurred; especially the proximity of spoliation to the discovery process. *See, e.g. Welter v. Hurt*, 2025 U.S. LEXIS 63498 at *27 (C.D. Cal. April 1, 2025) (spoliation occurring several months after removal to federal court but before commencement of fact discovery suggested intent to deprive); *United States v. Stratics Networks Inc.*, 2026 U.S. Dist. LEXIS 30552 at *22 (S.D. Cal. Feb. 13, 2026) (abandoning efforts to preserve ESI by failing to pay for web services account containing ESI opposing party was actively seeking in discovery indicated intent to deprive); *Colonies Partners L.P. v. Cty. of San Bernardino*, 2020 U.S. Dist. LEXIS 56922 at *22 (C.D. Cal. 2020) (continuing to delete text messages that

pertained to litigation and entire campaign email account after litigation commenced supported finding of intent to deprive).

Here, the timing strongly supports a finding of intent. The Instagram account was deleted months after the Complaint had been filed and served; after discovery had begun; two months after the Family Defendants received notice that Plaintiffs intended to subpoena the contents of Oliver's posts, and just four weeks after they had served objections to those subpoenas.

### i. Family Defendants Failed to Preserve Oliver Angus's Instagram While Discovery Was Ongoing

Family Defendants had access to Oliver Angus's Instagram account during the discovery window, on or around June 8, 2024. Geczy Dec. ¶ 22 Ex. 15. When, in October 2025, Family Defendants "discovered they lost access to the account" Family Defendants provided misleading responses in written discovery, implying the account was still active and all responsive information had been produced. *See* Section III, IV(d) *supra*. In fact, the Family Defendants knew they had deleted the entire account over a year prior to that representation.

The intentional deletion of the entire account during discovery shows an intent to deprive Plaintiffs of evidence.

### ii. Family Defendants Failed to Preserve Oliver Angus's Reddit While Discovery Was Ongoing

Family Defendants also failed to preserve a number of Reddit posts and comments, and actively deleted posts instead. These admitted deletions are further indication of an intent to deprive Plaintiffs of evidence.

### 2. The Family Defendants Took Affirmative Steps to Delete Evidence

Michael Angus testified at deposition that he and Oliver actively deleted social media posts after this litigation commenced. Michael Angus is an Ivy League-trained lawyer who has served as general counsel for a large media conglomerate. He had to have known that posts that "paint" Oliver as "a bad person" would hurt Defendants'

position in this lawsuit. Permanently deleting social media content while under a duty to preserve evidence establishes intent to deprive. *See Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 338-340 (Az. Dist. Ct. 2022) (authorizing sanctions under Rule 37(e)(2) for deleting Facebook posts where 1) the deleted posts were relevant to the litigation, 2) spoliator knew posts were useful to the opposing party, 3) spoliator deliberately, permanently deleted posts, and 4) spoliator offered implausible explanation for why she deleted the posts). When evaluating destruction of evidence, courts are particularly unsympathetic where, as here, spoliators are sophisticated parties operating under the assistance of counsel. See *Colonies Partners L.P. v. Cty. of San Bernardino*, 2020 U.S. Dist. LEXIS 56922 at *26 (C.D. Cal. 2020) ("[Spoliator], as a former DA, is a sophisticated party who had the assistance of experienced civil litigation counsel….[h]is explanations that he was unaware of these obligations to retain the emails and text messages that could be relevant and material to the litigation he was embroiled in are unconvincing.").

Michael Angus knew the Reddit posts were relevant to the litigation, as he learned about them due to the present litigation. Orange Dec. ¶ 30, Ex. 14. Furthermore, he was well aware that the posts reflected poorly on his son's character, and that his "inappropriate" and "disrespectful" posts about women would be harmful to his son's defense. *Id*. Michael Angus also went through, post-by-post, and deleted the ESI with his son. *Id*. Michael Angus did not try to archive the posts; he just permanently deleted them. This is more than sufficient to find an intent to deprive by a preponderance of the evidence.

### 3. The Family Defendants Engaged in Selective Preservation of Self-Serving Social Media Posts

When evaluating whether a party's spoliation was carried out with the intent to deprive the opposing party of ESI, selective preservation is another relevant circumstantial consideration. *See Jones. v. Riot. Hosp. Grp. LLC*, 95 F.4th 730, 735. The Family Defendants only produced a single Instagram post from Oliver Angus's

Instagram account, claiming it was the only relevant social media post Oliver Angus made about I.H. The singular post that they chose to produce portrays Oliver as not romantically or sexually interested in I.H.

When Plaintiffs sought more discovery tied to this Instagram account, including messages and metadata, the Family Defendants responded in October 2025 that "no additional responsive materials have been located beyond those already produced," Orange Dec. ¶ 18, Ex. 12, despite knowing they had deleted the account over a year prior and that Oliver regularly communicated with I.H. using Instagram.

Family Defendants direct Plaintiffs to the remaining Reddit posts that are still publicly viewable. Since Michael Angus admits that offensive posts have been deleted, the publicly available posts are selectively preserved.

Therefore, both Oliver's Reddit and Instagram accounts were selectively preserved to deprive Plaintiffs of critical evidence.

## VII.    TERMINATING SANCTIONS ARE THE ONLY APPROPRIATE REMEDY; LESSER SANCTIONS ARE INSUFFICIENT

Plaintiffs have established, by a preponderance of the evidence, that the Family Defendants acted with the intent to deprive Plaintiffs of vital ESI: Defendant Oliver Angus's social media accounts. When viewed together, the timing of the destruction of Oliver Angus's social media posts, comments, and account; the affirmative destructive acts of the social media posts, comments, and account; the selective preservation of evidence favorable to the Family Defendants; the misleading responses to discovery; and shifting explanations for the missing ESI all indicate that the Family Defendants intended to deprive Plaintiffs of ESI under Rule 37(e)(2).

Since the Family Defendants had the requisite intent under Rule 37(e)(2), this Court may "impose harsh sanctions, including presuming that the lost information was unfavorable to that party, instructing the jury that it may or must presume the information was unfavorable to that party, dismissing the action, or entering a default judgment." *Kelly v. Fashion Nova, Inc.* at *10.

---

CORRECTED PLTF'S MTN FOR SANCTIONS DUE
TO FAMILY DEFTS' SPOLIATION OF KEY EVID          -20-

Here, only the entry of default judgement will be an effective remedy for the spoliation Plaintiffs have suffered. Less drastic sanctions are insufficient to redress the loss, as the information lost was indispensable to Plaintiffs' case. *Jones. v. Riot. Hosp. Grp. LLC*, 95 F.4th 730, 737 (quoting Fed. R. Civ. P. 37 Advisory Committee's Note to 2015 Amendment). Even a required presumption that the lost ESI would have been unfavorable to Defendants is simply not equivalent to being able to show the jury Oliver's own words towards the Plaintiffs, photographs of the abuse, and Oliver's own admissions about what he had done and lack of remorse – all of which are likely what were deleted, particularly with the loss of Oliver's direct messages to I.H. on Instagram.

Nor would precluding the Family Defendants from being able to introduce social media evidence in his favor be an adequate remedy. The Family Defendants' entire strategy throughout this litigation has been to prevent Oliver from being seen or heard from entirely, so it is no disadvantage to them to preclude them from introducing other posts. The ability to selectively delete his worst admissions, and then pay for it by simply not being able to introduce other evidence, is the greatest possible result for the Family Defendants. They have no evidence to introduce; precluding some category of their evidence will in no way make up for what they have taken from Plaintiffs.

Terminating sanctions are the only appropriate remedy.

## VIII. PLAINTIFFS HAVE BEEN SEVERELY PREJUDICED BY THE SPOLIATION OF ESI, THEREFORE AUTHORIZING SANCTIONS UNDER RULE 37(E)(1), TOO

"Rule 37(e)(2) does not mention prejudice as a prerequisite to sanctions, including dismissal." *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 736 (9th Cir. 2024). The Advisory Committee Notes explain that "a finding of prejudice was not included as a requirement because 'the finding of intent required by [Rule 37(e)(2)] can support not only an inference that the lost information was unfavorable to the party that intentionally destroyed it, but also an inference that the opposing party was prejudiced by the loss of information that would have favored its position.'" *Id*. (quoting Fed. R. Civ. P. 37

CORRECTED PLTF'S MTN FOR SANCTIONS DUE TO FAMILY DEFTS' SPOLIATION OF KEY EVID

-21-

Advisory Committee's Note to 2015 Amendment).

Plaintiffs can demonstrate prejudice, authorizing sanctions under Rule 37(e)(1) as well. To show prejudice resulting from spoliation, "courts have held that a party must only come forward with plausible, concrete suggestions as to what [the destroyed] evidence might have been." *Fast v. GoDaddy.com LLC*, 340 F.R.D 326, 339 (Az. Dist. Ct. 2022). The Advisory Committee Notes to Rule 37(e) "make clear that the rule does not place a burden of proving or disproving prejudice on one party or the other but instead leaves judges with discretion to determine how best to assess prejudice in particular cases." *Id.* at n. 6 (quoting Fed. R. Civ. P. 37 Advisory Committee's Note to 2015 Amendment).

Here, the digital communications between the parties are critical to establishing Plaintiffs' claims of assault, battery, and sexual battery, as well as to illustrating Oliver Angus's campaign of grooming and abuse. Plaintiffs are prejudiced by the loss of Oliver Angus's Instagram account, as well as the loss of an untold number of other deleted Reddit posts. Oliver Angus and I.H. communicated on Instagram through the direct messages feature. I.H. Dec. ¶ 4. In this correspondence, Oliver Angus persistently made inappropriate, sexual, and abusive comments. I.H. Dec. ¶ 5. In these messages I.H. believes there would also be information relevant to her claims that she can no longer clearly recall due to the trauma, since when she and Oliver would breakup, I.H. would explain to Oliver over Instagram that she was breaking up with him because of the abuse. I.H Dec. ¶¶ 6-7. Additionally, when Oliver Angus demanded I.H. send him pictures of herself—including revealing pictures where she was not wearing all of her clothing—he demanded she send them to him through Instagram direct messages. I.H. Dec. ¶ 5. Due to I.H.'s poor memory, records such as these direct messages would be particularly helpful to substantiating her claims. I.H. Dec. ¶ 7.

As for the unknown number of Oliver Angus's deleted Reddit posts and comments, based on the post Plaintiffs know was deleted by Oliver Angus, Plaintiffs believe that the other posts and comments also pertained to Plaintiffs' claims. *See* Section IV(b),

---

VI(a)1(ii) *supra*. The deleted Reddit posts and comments likely included information or narrative about Oliver Angus's abuse of Plaintiffs. Furthermore, as Oliver posted photos of himself on the platform, he very well could have posted photos of I.H. or M.S. on Reddit. Orange Dec. ¶¶ 28-29, Ex. 13. Oliver Angus's pattern of photographing individuals (Plaintiffs, young girls at school) without their permission and then retaining those photos for his perverse enjoyment is already documented in the record. Geczy Dec. ¶ 35, Ex. 24. Oliver engaged significantly on Reddit with sexual content, including photos of women in various states of undress. Orange Dec. ¶¶ 28-29, Ex. 13. Given his engagement with such content, Oliver's deleted posts and comments could very well have been photos of Plaintiffs that Oliver took while sexually assaulting them, or photos of Plaintiffs in various states of undress that Oliver took without consent. These photos could have had text captions or comments associated with them that substantiate Plaintiffs' claims these acts were nonconsensual.

The lost Reddit and Instagram ESI could also have substantiated other elements of Plaintiffs claims as well: the spoliated data could have included messages where Oliver confessed to the assaults, or expressed remorse or guilt, therefore providing evidence that Oliver had knowledge that it was wrong to assault Plaintiffs. Oliver Angus could have just as likely commented on his own mental fitness to testify too, or given information about his disorder that would tend to suggest he does not have an intellectual deficit. Oliver could have also made statements that revealed premeditation or a predatory intent. He could have even made statements that implicated his parents, for example, by directly discussing the lack of supervision over his Internet use or his playdates, or through comments that support such an inference.

As discussed above, Plaintiffs have been significantly prejudiced by loss of the social media ESI—both through the loss of the entirety of the Instagram account, as well as the loss of the unknown number of deleted Reddit posts and comments—therefore allowing sanctions to be issued under Rule 37(e)(1) as well.

/ / /

CORRECTED PLTF'S MTN FOR SANCTIONS DUE TO FAMILY DEFTS' SPOLIATION OF KEY EVID -23-

## IX.    CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion for terminating sanctions for spoliation of evidence should be granted. In the event the Court does not feel that terminating sanctions are appropriate, a range of lesser sanctions are available as well, and Plaintiffs request both an order precluding Family Defendants from arguing that the acts were consensual or that they did not occur, and a mandatory adverse inference instruction (instructing the jury that it must assume the deleted evidence would have been harmful to Defendants' position).

Dated: April 30, 2026                    Respectfully Submitted,

                                         ORANGE LAW OFFICES

                                         HADSELL STORMER RENICK & DAI LLP


                                         By:    /s/- Isabelle Geczy
                                                Olu K. Orange
                                                Dan Stormer
                                                Morgan Ricketts
                                                Bina Ahmad
                                                Kate McFarlane
                                                Isabelle Geczy
                                         Attorneys for Plaintiffs M.S. and I.H.


### Certificate of Compliance

The undersigned, counsel of record for Plaintiffs M.S. and I.H., certifies that this brief contains 6877 words, which complies with the word limit of L.R. 11-6.1


Dated: April 30, 2026
                                         /s/- Isabelle Geczy
                                         Isabelle Geczy