Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
Bina Ahmad, Esq. [SB. #329387]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. # 349594]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails:  dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
         bahmad@hadsellstormer.com / kmcfarlane@hadsellstormer.com
         igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,<br><br>Plaintiffs,<br><br>v.<br><br>OLIVER ANGUS, MICHAEL ANGUS, JAMIE ANGUS, MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,<br><br>Defendants. | Case No.: 2:23-cv-09957-SRM-MAR<br><br>[Assigned to the Honorable Serena R. Murillo– Courtroom 5D]<br><br>**CORRECTED DECLARATION OF ISABELLE GECZY AND EXHIBITS IN SUPPORT OF PLAINTIFFS' MOTION FOR TERMINATING SANCTIONS DUE TO FAMILY DEFENDANTS' WILLFUL SPOLIATION OF KEY EVIDENCE**<br><br>DATE:  May 27, 2026<br>TIME:  01:30 PM<br>CRTRM:  5D<br><br>Complaint filed:  November 22, 2023<br>Motion Cut-Off:  May 27, 2026<br>Disc. Cut-Off:  March 13, 2026<br>Trial Date:  September 8, 2026 |

CORRECTED GECZY DECL & EXS ISO PLTFS' MTN FOR
SANCTIONS RE FAM DEFTS' SPOLIATION OF KEY EVID

## CORRECTED DECLARATION OF ISABELLE GECZY

I, Isabelle Geczy, declare and state:

1.     I am an attorney at Hadsell Stormer Renick & Dai LLP and am one of the attorneys of record for Plaintiffs in this matter. I am licensed to practice law in the state of California and before this Court. The following information is based upon my personal knowledge, or upon review of files and documents generated or received and regularly maintained by my office in connection with this case. If called upon to do so, I could and would competently testify to the truth of the matters stated herein.

2.     I submit this declaration in support of Plaintiffs' Motion for Terminating Sanctions Due to Family Defendants' Willful Spoliation of Key Evidence.

3.     On December 4, 2024, Michael Angus responded to Plaintiff M.S.'s Requests for Admission (Set 1). Attached hereto as **Exhibit 1** is a true and correct excerpts from Defendant Michael Angus's Responses to Plaintiff M.S.'s Requests for Admission (Set 1).

4.     On February 12, 2025, Plaintiffs served a subpoena on Reddit, seeking metadata for Oliver Angus's account. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' Subpoena to Produce Documents to Reddit, dated February 12, 2025.

5.     On February 12, 2025, Plaintiffs served a subpoena on Google, seeking metadata for Oliver Angus's account. Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiffs' Subpoena to Produce Documents to Google, dated February 12, 2025.

6.     On February 13, 2025, Plaintiffs served a subpoena on Apple, seeking metadata for Oliver Angus's account. Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiffs' Subpoena to Produce Documents to Apple, dated February 13, 2025.

7.     On February 19, 2025, Plaintiffs served a subpoena on TikTok, seeking metadata for Oliver Angus's account. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiffs' Subpoena to Produce Documents to TikTok, dated February 19, 2025.

8. On February 24, 2025, Plaintiffs issued a subpoena to Meta Platforms, Inc., seeking metadata for Oliver Angus's Instagram account. Attached hereto as **Exhibit 6** is a true and correct copy of Plaintiffs' Subpoena to Produce Documents to Meta Platforms Inc., dated February 24, 2025.

9. On March 21, 2025, the Family Defendants counsel sent Plaintiffs' counsel a meet and confer letter regarding their intent to file a motion to quash all of the metadata subpoenas. Attached hereto as **Exhibit 7** is a true and correct copy of the Meet and Confer Letter dated March 21, 2025.

10. On September 4, 2025, after the Court denied the Family Defendants' Motion to Quash the metadata subpoenas, Plaintiffs sent letters to the social media companies informing them of the Court's Order denying the Motion to Quash, and included the Order.

11. Attached hereto as **Exhibit 8** is a true and correct copy of Plaintiffs' Letter to Apple Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025.

12. Attached hereto as **Exhibit 9** is a true and correct copy of Plaintiffs' Letter to Google Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025.

13. Attached hereto as **Exhibit 10** is a true and correct copy of Plaintiffs' Letter to Reddit Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025.

14. Attached hereto as **Exhibit 11** is a true and correct copy of Plaintiffs' Letter to Meta Platform's Inc. (Instagram) Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025.

15. Attached hereto as **Exhibit 12** is a true and correct copy of Plaintiffs' Letter to Tiktok Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025.

16. In early 2026, Plaintiffs discovered that Oliver's entire Instagram account

(username: ozonemusic5) was deleted.

17.    On February 11, 2026, I sent Family Defendants a meet and confer letter regarding the spoliation of Oliver's Instagram account. Attached hereto as **Exhibit 13** is a true and correct copy of the Meet and Confer Letter.

18.    The parties met and conferred in-person on February 19, 2026. Family Defendants do not dispute that the ozonemusic5 Instagram account belonged to Oliver. Family Defendants insisted that that they did not close or delete Oliver's Instagram account. Plaintiffs sent a confirmation email of the parties' positions following the meeting. Attached hereto as **Exhibit 14** is a true and correct copy of the Confirmation Email, dated February 25, 2026.

19.    During the meet and confer on February 19, 2026, Family Defendants confirmed that the Sister Post, wherein Oliver posted about I.H. on Instagram (produced at FAM DEF 000538-00539) was posted in October 2022.

20.    A true and correct copy of the Sister Post is reproduced in the body of the Motion. Each comment on the post lists that they were posted 87 weeks before the time the post was viewed, denoted by the "87w" next to each poster's username. The comments could not have been posted before October 2022, and therefore the screenshot of the Sister Post could not have been taken sooner than approximately June 2024 (87 weeks after October 2022). At the time the screenshot of the Sister Post was taken, the ozonemusic5 account was still active. The account's active status is indicated by the form and components of the post: a profile picture for the poster ozonemusic5 is visible in the corner of the screen and in the "Add a comment" dialog box at the bottom of the interface, as well as relative timestamps in weeks that indicate how long ago the comments on the post were made.

21.    During the in-person meet and confer on February 19, 2026, counsel maintained that the Family Defendants "lost access" to the Instagram account in June 2024, due to "losing the password," and that Family Defendants were unable to recall how they even obtained the screenshot of the Sister Post. Counsel also stated that "kids

forget passwords" and asked what course of action they should have taken, abdicating responsibility for preserving the account.

22.   In subsequent meet and confer communications, Family Defendants confirmed that they had access to Oliver Angus's Instagram account during the discovery window, on or around June 8, 2024. Counsel for Family Defendants further maintained that in October 2025, Family Defendants "discovered they no longer had access to the account" but that they "did not close or delete the account." Attached hereto as **Exhibit 15** is a true and correct copy of Family Defendant's email correspondence, dated February 27, 2026.

23.   On March 27, 2026, I sent the Family Defendants a meet and confer letter regarding the spoliation of Oliver's OzoneMusic Opinions Reddit account; specifically the deletion of posts. Attached hereto as **Exhibit 16** is a true and correct copy of the Meet and Confer Letter, dated March 27, 2026.

24.   The parties met and conferred in-person on March 31, 2026. During this meeting, Family Defendants took varied positions about Michael Angus's recollection of when he deleted his son's posts, ultimately representing that he could not recall when he deleted them. Plaintiffs sent a confirmation email of the parties' positions following the meeting. Attached hereto as **Exhibit 17** is a true and correct copy of the Confirmation Email, dated April 8, 2026.

25.   In April 2026, after significant conferring with counsel for Meta Platforms, Inc. regarding Plaintiffs' subpoena for Oliver's Instagram account metadata, Meta Platforms, Inc. produced a document showing the Basic Subscriber Information ("BSI") for Oliver's ozonemusic5 Instagram account on April 22, 2026. Attached hereto as **Exhibit 18** is a true and correct copy of the Basic Subscriber Information.

26.   The Basic Subscriber Information showed that Michael Angus's phone number was the verified phone number for the account, and that Michael Angus's email address was the registered email address for the account.

27.   The Basic Subscriber Information revealed Oliver's account was deleted

on July 28, 2024.

28.    Under Meta Platforms's Instagram Terms and Conditions, when content or an account is deleted, the deletion process will automatically begin "no more than 30 days" after the request. In some instances content will not be deleted within 90 days if doing so "is not possible due to technical limitations" or where complying would restrict Instagram's ability to "comply with a legal obligation, such as the preservation of evidence." (https://help.instagram.com/581066165581870/?helpref=hc_fnav)

29.    On September 2022, I.H. and other students at Santa Monica High School students had a fight with Oliver in an Instagram group chat, in which the group called Oliver "toxic". Attached hereto as hereto as **Exhibit 19** is a screenshot of the messages, produced during the course of discovery by Plaintiffs as Plaintiff's-002383 through Plaintiff's-002387 and also introduced as Exhibit 4 at the Deposition of I.H. on September 8, 2025.

30.    Multiple posts on Oliver's Reddit profile have been "deleted by user" or were independently removed by moderators. Twelve posts were independently removed by Reddit moderators. At least six of those moderator-removed posts appeared to refer to I.H. specifically, with titles like "Me (18M) my GF (17F)_r_relationships" and "Advice about me and my girlfriend of 1 year_r_relationships. " Attached hereto as **Exhibit 20** is a true and correct copy of the Reddit record of the six moderator-removed posts.

31.    Additional moderator-removed posts appeared to contain statements or admissions relevant to issues in the litigation, such as a post describing Oliver's substantial physical activity in connection with playing Pokemon ("Is this a problem_I have hatched 10 eggs in one week_r_pokemon") and posts evidencing Oliver's language and intellectual abilities ("Played Bananagrams with the fam and got this_r_brooklynninenine"). Attached hereto as **Exhibit 21** is a true and correct copy of the Reddit record of the moderator-removed posts.

32.    Additional moderator-removed posts appeared to evidence Oliver's

comments on women he was sexually attracted to ("Roleplay_r_TayamillerOF"), "Rate them and you will get a surprise_r_RateMyRack"). Attached hereto as **Exhibit 22** is a true and correct copy of the Reddit record of the moderator-removed posts.

33.    All of these removed posts show that they were posted two years ago – well after the commencement of this litigation and also after Defendants were served with the initial complaint. While Plaintiffs can see the titles and the dates of these posts, and in some instances comments on the posts, they cannot see the contents of the posts, do not have them, and have no way of recovering or obtaining them.

34.    Attached hereto as **Exhibit 23** is a true and correct copy of excerpts from the Deposition of Plaintiff I.H., Volume II, taken September 8, 2025.

35.    Attached hereto as **Exhibit 24** is at true and correct copy of excerpts from the Deposition of Plaintiff M.S., Volume I, taken September 24, 2025.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 30th day of April, 2026, in Pasadena, California.

_____/s/ - *Isabelle Geczy*_____
Isabelle Geczy

# INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Excerpts from Defendant Michael Angus's Responses to Plaintiff M.S.'s Requests for Admission (Set 1). |
| 2 | Plaintiffs' Subpoena to Produce Documents to Reddit, dated February 12, 2025. |
| 3 | Plaintiffs' Subpoena to Produce Documents to Google, dated February 12, 2025. |
| 4 | Plaintiffs' Subpoena to Produce Documents to Apple, dated February 13, 2025. |
| 5 | Plaintiffs' Subpoena to Produce Documents to TikTok, dated February 19, 2025. |
| 6 | Plaintiffs' Subpoena to Produce Documents to Meta Platforms Inc., dated February 24, 2025. |
| 7 | Meet and Confer Letter Regarding Intent to File a Motion to Quash all of the Metadata Subpoenas dated March 21, 2025. |
| 8 | Plaintiffs' Letter to Apple Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025. |
| 9 | Plaintiffs' Letter to Google Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025. |
| 10 | Plaintiffs' Letter to Reddit Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025. |
| 11 | Plaintiffs' Letter to Meta Platform's Inc. (Instagram) Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025. |
| 12 | Plaintiffs' Letter to Tiktok Regarding the Court's Denial of Family Defendants' Motion to Quash, dated September 4, 2025. |
| 13 | Meet and Confer Letter Regarding Spoliation of Oliver's Instagram account, dated February 11, 2026. |
| 14 | Confirmation Email re Parties' Positions Following In-Person Meeting of Oliver's Instagram Account, dated February 25, 2026. |
| 15 | Family Defendant's Email Correspondence, dated February 27, 2026. |
| 16 | Meet and Confer Letter, Regarding the Spoliation of Oliver's OzoneMusic Opinions Reddit Account; Specifically, the Deletion of Posts, dated March 27, 2026. |
| 17 | Confirmation Email of the Parties' Positions Following, dated April 8, 2026. |
| 18 | Basic Subscriber Information for Oliver's ozonemusic5 Instagram account on April 22, 2026. |

CORRECTED GECZY DECL & EXS ISO PLTFS' MTN FOR
SANCTIONS RE FAM DEFTS' SPOLIATION OF KEY EVID

-i-

| Exhibit | Description |
|---------|-------------|
| 19 | Screenshot of Messages, Produced During the Course of Discovery by Plaintiffs as Plaintiff's-002383 Through Plaintiff's-002387 and Also Introduced as Exhibit 4 at the Deposition of I.H. on September 8, 2025. |
| 20 | Reddit Record of the Six Moderator-Removed Posts Referred to I.H., Specifically. |
| 21 | Reddit Record of the Moderator-Removed Posts Evidencing Oliver's Language and Intellectual Abilities. |
| 22 | Reddit Record of the Moderator-Removed Posts Evidencing Oliver's Comments on Women He Was Sexually Attracted To. |
| 23 | Excerpts from the Deposition of Plaintiff I.H., Volume II, taken September 8, 2025. |
| 24 | Excerpts from the Deposition of Plaintiff M.S., Volume I, taken September 24, 2025. |

Ex. 1

Rosa K. Hirji (SBN 204722)
  *rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
  *alex@rkhlawoffice.com*
**LAW OFFICES OF HIRJI & CHAU, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* Oliver Angus,
Michael Angus, and Jamie Angus

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita; and I.H., a minor, by and through her guardian ad litem, Candace Hernandez,<br><br>    Plaintiffs,<br><br>v.<br><br>Oliver Angus, Michael Angus, Jamie Angus, Marae Cruce, Gregory Pitts, Antonio Shelton, Santa Monica Malibu Unified School District, and Does 1 through 10,<br><br>    Defendants. | CASE NO. 2:23−CV−09957-MWF-MAR<br>*Hon. Michael W. Fitzgerald*<br>*Hon. Mag. Margo A. Rocconi*<br><br>**DEFENDANT MICHAEL ANGUS' RESPONSES TO PLAINTIFF M.S.' REQUEST FOR ADMISSION, SET ONE**<br><br>Complaint Filed:  November 22, 2023<br>FAC Filed:  January 8, 2024<br>SAC Filed:  June 24, 2024<br>TAC Filed:  October 21, 2024<br><br>Trial Date:  Unassigned |

**PROPOUNDING PARTY:**     Plaintiff M.S.

**RESPONDING PARTY:**     Defendant Michael Angus

**SET NO.:**     One

---

**i**
**DEFENDANT MICHAEL ANGUS' RESPONSE TO PLAINTIFF M.S.' REQUEST FOR ADMISSION, SET ONE**

of action, Responding Party responds as follows:

Responding Party cannot admit or deny the question as posed.

**REQUEST FOR ADMISSION NO. 33:**

YOU are aware that, prior to this litigation, YOUR son made and/or controlled several social media accounts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Objection. Responding Party objects to this request on the grounds that it is vague, ambiguous, and compound as to the term "several social media accounts." Without waiving said objections and without limiting Defendants' right to present additional or other facts at trial to support his causes of action, Responding Party responds as follows:

Admit that Responding Party is aware that prior to this litigation, O.A. had social media accounts.

**REQUEST FOR ADMISSION NO. 34:**

Prior to this litigation, YOU did not supervise YOUR son's social media use.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Objection. Responding Party objects to this request on the grounds that it is vague and ambiguous as to the terms "supervise" and "social media use," and overbroad, and ambiguous as to time. Responding Party also objects to the extent that it requires legal analysis and seeks conclusion of law. Without waiving said objections and without limiting Defendants' right to present additional or other facts at trial to support his causes of action, Responding Party responds as follows:

Deny.

**REQUEST FOR ADMISSION NO. 35:**

YOU did not make posts on any of YOUR son's social media account(s).

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Objection. Responding Party objects to this request on the grounds that it is vague and ambiguous as to the terms "posts" and "social media use," and

**REQUEST FOR ADMISSION NO. 74:**

YOUR son was present and participated in the 2024 SAMOHI graduation ceremony.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Admit.

**REQUEST FOR ADMISSION NO. 75:**

YOUR son was present and participated in 2024 SAMOHI graduation practice.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Admit.

DATED: December 4, 2024                    LAW OFFICES OF HIRJI & CHAU, LLP.

_____
Rosa K. Hirji
Attorney for Defendant Michael
Angus

**DEFENDANT MICHAEL ANGUS' RESPONSE TO PLAINTIFF M.S.' REQUEST FOR ADMISSION, SET ONE**

*M.S., et al. v. Oliver Angus, et al.*

2:23−cv−09957-MWF-MAR

## PROOF OF SERVICE
(FRCP 5)

**STATE OF CALIFORNIA**                )
                                               ) **ss.**
**COUNTY OF LOS ANGELES**       )

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 5173 Overland Avenue, Culver City, CA 90230.

On December 5, 2024, I served the within *[SEE ATTACHED DOCUMENT LIST]* on the interested parties in said action by delivering, or causing to be delivered, **[X] a true and correct copy** or **[ ] the original** thereof by one or more of the means set forth below:

☐ **BY CERTIFIED MAIL** – I deposited such envelope in the mail at Culver City, CA. The envelope was mailed with postage thereof fully prepaid. I am "readily familiar" with the firm's practices of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in Culver City, CA. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by _____.

☒ **VIA ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified below using the address(es) indicated.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: December 4, 2024

_____
TRAVIS WESTER

---

**1**
**PROOF OF SERVICE**

## DOCUMENT LIST

**DEFENDANT JAMIE ANGUS' RESPONSES TO PLAINTIFF M.S.'
REQUEST FOR ADMISSION, SET ONE**

**DEFENDANT JAMIE ANGUS' RESPONSES TO PLAINTIFF M.S.'
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, SET
ONE**

**DEFENDANT JAMIE ANGUS' RESPONSES TO PLAINTIFF M.S.'
INTERROGATORIES, SET ONE**

**DEFENDANT MICHAEL ANGUS' RESPONSES TO PLAINTIFF M.S.'
REQUEST FOR ADMISSION, SET ONE**

**DEFENDANT MICHAEL ANGUS' RESPONSES TO PLAINTIFF M.S.'
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, SET
ONE**

**DEFENDANT MICHAEL ANGUS' RESPONSES TO PLAINTIFF M.S.'
INTERROGATORIES, SET ONE**

**DEFENDANT OLIVER ANGUS' RESPONSES TO PLAINTIFF M.S.'
REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS, SET
ONE**

**DEFENDANTS OLIVER, MICHAEL, AND JAMIE ANGUS' PRIVILEGE
LOG WITH REGARD TO RESPONSES TO PLAINTIFF M.S.'S
REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE**

---

**1**
**PROOF OF SERVICE**

**SERVICE LIST**

Olu K. Orange, Esq.
*orangelawoffices@att.net*
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd, No. 2910
Los Angeles, CA 90010

**Attorneys for Plaintiffs M.S. and I.H.**

Dan Stormer, Esq.
*dstormer@hadsellstormer.com*
Morgan E. Ricketts, Esq.
*mricketts@hadsellstormer.com*
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103

**Attorneys for Plaintiffs M.S. and I.H.**

Joshua Bordin-Wosk
*jbordinwosk@bordinsemmer.com*
Bryan C. Swaim
*bswaim@bordinsemmer.com*
Sophia Arim
*sarim@bordinsemmer.com*
BORDIN SEMMER LLP
6100 Center Drive, Suite 1100
Los Angeles, CA 90045

**Attorneys for Defendants Marae Cruce, Gregory Pitts, Antonio Shelton, and Santa Monica Malibu Unified School District**

Ex. 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| M.S., I.H., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:        Reddit, Inc. c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC 215 N. Marengo Ave., Pasadena, CA 91101 (626) 744-1333 | Date and Time: 03/17/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/12/2025

| CLERK OF COURT | OR | *Morgan Ricketts* |
|---|---|---|
| _____ *Signature of Clerk or Deputy Clerk* | | _____ *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiffs
M.S., I.H., et al.,                                                          , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| DAN STORMER ESQ., Bar #101967<br>HADSELL STORMER & RENICK, LLP<br>128 N. FAIR OAKS AVENUE<br>PASADENA, CA 91103<br>Telephone No: 626-585-9600    FAX No: 626-577-7079 | | |

*Ref. No. or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*

*Plaintiff:* M.S.

*Defendant:* SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT

| **PROOF OF SERVICE**<br>**SUBPOENA** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA

3. a. *Party served:*                  REDDIT, INC.
   b. *Person served:*            CRYSTAL COLLINS, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*     CSC, LAWYERS INCORPORATING SERVICE
                                     2710 GATEWAY OAKS DRIVE
                                     SUITE 150 N
                                     SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Feb. 13, 2025 (2) at: 11:07AM
   b. *I received this subpoena for service on:*       Wednesday, February 12, 2025

6. *Witness fees were not demanded or paid.*

7. **Person Who Served Papers:**
   a. JEREMY GLAZE

     **2300 P Street**
     **Sacramento, CA 95816**
     **(916) 498-0808**
     **FAX (916) 498-0817**

Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*   $35.00

   e. I am: (3) registered California process server
       (i)   Independent Contractor
       (ii)  *Registration No.:*   2011-65
       (iii) *County:*          Sacramento

8. **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

   *Date: Fri, Feb. 14, 2025*

                                             (JEREMY GLAZE)

Judicial Council Form              PROOF OF SERVICE                        dst.489684
Rule 2.150.(a)&(b) Rev January 1, 2007      SUBPOENA

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**Reddit Attachment**

The following records, data, or information for Reddit.com user OLIVER ANGUS identified with the username <u>OzoneMusicOpinions</u> between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:
   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information** related to the user OLIVER ANGUS, including:

   a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

   b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

   c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

   d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation or as far back as possible through June 18, 2024, including but not limited to uploading posts, making comments on other users' posts, reactions to other users' posts, saving or bookmarking other users' posts, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the Reddit app, *excluding* information that may contain content data, such as private messages.

   e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

   f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation or as far back as possible through June 18, 2024,

*excluding* information that may contain content data, such as the content of the posts themselves.

g.  Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h.  Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Reddit features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i.  All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Reddit, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j.  Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k.  Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Reddit, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n. Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o. Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r.  For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s.  All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t.  The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u.  All privacy settings and other account settings, including privacy settings for individual Reddit posts and activities, and all records showing which Reddit users have been blocked by OLIVER ANGUS's account and which accounts have blocked OLIVER ANGUS from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v.  All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Reddit and any person regarding OLIVER ANGUS's Reddit account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Reddit may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user OLIVER ANGUS, including:

a. Any other information ordinarily captured by Reddit in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

Ex. 3

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| M.S., I.H., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. ___2:23-cv-09957-MWF-MAR___ |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Google LLC. c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC<br>215 N. Marengo Ave., Pasadena, CA 91101<br>(626) 744-1333 | Date and Time:<br><br>03/17/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/12/2025

| CLERK OF COURT | | |
|---|---|---|
| _____ | OR | *Morgan Ricketts* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
M.S., I.H., et al.,                                                          , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| *Attorney or Party without Attorney:*<br>DAN STORMER ESQ., Bar #101967<br>HADSELL STORMER & RENICK, LLP<br>128 N. FAIR OAKS AVENUE<br>PASADENA, CA 91103<br>*Telephone No:* 626-585-9600    *FAX No:* 626-577-7079 | *For Court Use Only* |
|---|---|

*Ref. No. or File No.:*

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*

*Plaintiff:* M.S.

*Defendant:* SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT

| **PROOF OF SERVICE**<br>**SUBPOENA** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA

3. a. *Party served:*      GOOGLE LLC
   b. *Person served:*      CRYSTAL COLLINS, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*      CSC, LAWYERS INCORPORATING SERVICE
   2710 GATEWAY OAKS DRIVE
   SUITE 150 N
   SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Feb. 13, 2025 (2) at: 11:07AM
   b. *I received this subpoena for service on:*      Wednesday, February 12, 2025

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*
   a. JEREMY GLAZE

   2300 P Street
   Sacramento, CA 95816
   (916) 498-0808
   FAX (916) 498-0817

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*      $55.00

   e. I am: (3) registered California process server
        *(i)*    Independent Contractor
        *(ii)*    *Registration No.:*    2011-65
        *(iii)*    *County:*    Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: Fri, Feb. 14, 2025

   *Judicial Council Form*
   *Rule 2.150.(a)&(b) Rev January 1, 2007*

   PROOF OF SERVICE
   SUBPOENA

   (JEREMY GLAZE)

   *dst.489685*

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**Google Attachment**

The following records, data, or information for Google user "OLIVER ANGUS" identified with the Google email osa@smmk12.org between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information**, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation or as far back as possible through June 18, 2024, including but not limited to uploading videos or other posts, making comments on other users' posts, reactions to other users' posts, saving or bookmarking other users' posts, messaging, following, or "friending" other users, participating in live chats, and/or other activities through Google, *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of

account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Google features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Google, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag", if any, associated with any of user OLIVER ANGUS's activities on Google, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o.  Documents or metadata sufficient to identify the size (in KB, MB, etc.) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r. For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s. All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t. The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u. All privacy settings and other account settings, including privacy settings for individual Google posts and activities, and all records showing which Google users have been blocked by OLIVER ANGUS's account from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Google and any person regarding OLIVER ANGUS's Google account(s), including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Google may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information**, including:

a. Any other information ordinarily captured by Google in the ordinary course of business regarding or relating to OLIVER ANGUS's

account(s) from the time the account was created and continued until

June 18, 2024, *excluding* information that may contain content data.

Ex. 4

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| M.S., I.H., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Apple Inc.
20705 Valley Green Drive, Cupertino, CA 95014
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC 215 N. Marengo Ave., Pasadena, CA 91101 (626) 744-1333 | Date and Time: 03/17/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/12/2025

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*Morgan Ricketts*
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
M.S., I.H., et al., _____ , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Morgan Ricketts SBN 268892**<br>**Hadsell Stormer Renick & Dai LLP**<br>**128 N Fair Oaks Ave. 204**<br>**Pasadena, CA 91103**<br>ATTORNEY FOR   **Plaintiff** | **(626) 585-9600** | |

| | |
|---|---|
| First Street Federal Courthouse Los Angeles<br>350 W 1st Street<br>Los Angeles, CA 90012 | |

| SHORT TITLE OF CASE:<br>S, M | |
|---|---|

| DATE:<br>03/17/2025 | TIME:<br>10:00 AM | DEP./DIV. | CASE NUMBER:<br>2:23-cv-09957-MWF-MAR |
|---|---|---|---|

| **Declaration of Service** | Ref. No. or File No:<br>M.S. |
|---|---|

United States District Court

I, the undersigned, declare under penalty of perjury that I was on the date herein referred to over the age of 21 years and

not a party to the within entitled action. I served the: **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISESINA CIVIL ACTION  - Apple.02-12-25**

On: **Apple Inc.**

**20705 Valley Green Dr  Cupertino, CA 95014**

In the above named action by delivering to and leaving with:

**Cesar Flores**  Whose title is: **Reception**

On: **2/13/2025**          Date:  **12:05 PM**

Fees paid: **$0.00**

Person attempting service:

  a. Name: **Scott M. Feely**
  b. Address: **500 Allerton Street Suite 105, Redwood City, CA 94063**
  c. Telephone number: **650-364-9612**
  d. **The fee** for this service was: **150.00**
  e. I am an independent contractor

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.



**Scott M. Feely**                              Date: **02/19/2025**

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

## **Apple Attachment**

The following records, data, or information for Apple, Inc. user OLIVER ANGUS identified with the cellular numbers 669-577-8284 and/or 424-268-0113; and/or email: osa@smmk12.org; and/or username: OzoneMusicOpinions; and/or username: ozonemusic5 between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:
    a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).
    b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.
    c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.
    d. Addresses associated with the account(s).
    e. Billing records or records of session times and durations.
    f. Length of service and types of service utilized.
    g. The means and source of payment for such a service (including bank account or credit card number).
    h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continuing until June 18, 2024.
    i. Status of account(s).

/ / /

1

2. **All Transactional Information**, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through Apple Inc., *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation or as far back as possible through June 18, 2024,

2

*excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Apple, Inc. features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Apple, Inc., the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continuing until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Apple Inc., from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l. Documents or metadata sufficient to identify whether each post made

3

by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n. Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o. Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or metadata sufficient to identify whether any filters, added text, or other

4

manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r. For any posts made by user OLIVER ANGUS from the time the account was created and continuing until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s. All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data.

t. The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data.

u. All privacy settings and other account settings, including privacy settings for individual Apple, Inc. posts and activities, and all records showing which Apple, Inc. users have been blocked by OLIVER ANGUS's account or have blocked OLIVER ANGUS's account from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data.

v. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the account was created and continuing until June 18, 2024, *excluding*

5

information that may contain content data.

w.  Records pertaining to the date and time of all communications between Apple, Inc. and any person regarding OLIVER ANGUS's Apple, Inc. account, including contacts with support services and records of actions taken from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x.  Any investigation(s) Apple, Inc. may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y.  All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continuing until June 18, 2024.

z.  All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continuing until June 18, 2024.

3.  **Other Non-Content information**, including:

a.  Any other information ordinarily captured by Apple, Inc. in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continuing until

6

June 18, 2024, *excluding* information that may contain content data.

Ex. 5

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| M.S., I.H., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    TikTok Inc.
c/o 2710 Gateway Oaks Dr, Sacramento, CA 95833
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC<br>215 N. Marengo Ave., Pasadena, CA 91101<br>(626) 744-1333 | Date and Time:<br><br>03/24/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        02/18/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Morgan Ricketts* |
| _____<br>*Signature of Clerk or Deputy Clerk* | | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiffs
M.S., I.H., et al.,                                          , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| *Attorney or Party without Attorney:* | | | | *For Court Use Only* |
|---|---|---|---|---|
| DAN STORMER ESQ., Bar #101967 HADSELL STORMER & RENICK, LLP 128 N. FAIR OAKS AVENUE PASADENA, CA 91103 *Telephone No:* 626-585-9600    *FAX No:* 626-577-7079 | | | | |
| *Attorney for:* Plaintiff | | *Ref. No. or File No.:* | | |

*Insert name of Court, and Judicial District and Branch Court:*

*Plaintiff:* M.S.

*Defendant:* SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT

| **PROOF OF SERVICE SUBPOENA** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:* 2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA

3. a. *Party served:*      TIKTOK INC.
   b. *Person served:*    MADDIE BRIGHT, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*    CSC, LAWYERS INCORPORATING SERVICE
   2710 GATEWAY OAKS DRIVE
   SUITE 150 N
   SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Feb. 19, 2025 (2) at: 9:55AM
   b. *I received this subpoena for service on:*    Wednesday, February 19, 2025

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*
   a. JEREMY GLAZE

   2300 P Street
   Sacramento, CA 95816
   (916) 498-0808
   FAX (916) 498-0817

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*    $55.00

   e. I am: (3) registered California process server
      (i)   Independent Contractor
      (ii)  *Registration No.:*    2011-65
      (iii) *County:*    Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   *Date: Wed, Feb. 19, 2025*

   (JEREMY GLAZE)

Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUBPOENA

dst.490051

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## TikTok Attachment

The following records, data, or information for TikTok user "OLIVER ANGUS" identified with the username @ozonemusic5 between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information** related to "OzoneMusic5", including:

    a. Device information for all devices associated with the OzoneMusic5 user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OzoneMusic5 account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OzoneMusic5 account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OzoneMusic5's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the TikTok app, *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OzoneMusic5 friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OzoneMusic5 saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation through June 18, 2024, *excluding*

information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OzoneMusic5 viewed more than five times from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OzoneMusic5's use of the "Duet" feature, and records of the date and time of OzoneMusic5's use of that feature, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OzoneMusic5's use of the "Challenge" feature, and records of the date and time of OzoneMusic5's use of that feature, from the time of account creation through June 18, 2024, *excluding* information that may contain content data.

j. All IP logs for OzoneMusic5's username or IP address, including information about the actions taken by a user IP or IP address on TikTok, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

k. Documents or metadata sufficient to identify the date and time of all posts made by user OzoneMusic5 from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OzoneMusic5's activities on TikTok, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

m.  Documents or metadata sufficient to identify whether each post made by user OzoneMusic5, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

n.  Documents or metadata sufficient to identify whether each post made by user OzoneMusic5, for all posts made from the time of account creation through June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

o.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OzoneMusic5 for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OzoneMusic5 for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

q.  For each post made by user OzoneMusic5 between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata

sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

r.  For each post made by user OzoneMusic5 between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

s.  For any posts made by user OzoneMusic5 from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

t.  All data showing account logins and/or logouts for OzoneMusic5's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u.  The types of services utilized by OzoneMusic5, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v.  All privacy settings and other account settings associated with OzoneMusic5's acount, including privacy settings for individual TikTok posts and activities, and all records showing which TikTok users have been blocked by OzoneMusic5's account from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the account OzoneMusic5 was created and continued until June 18, 2024, *excluding* information that may contain content data.

x. Records pertaining to the date and time of all communications between TikTok and any person regarding OzoneMusic5's TikTok account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

y. Any investigation(s) TikTok may have conducted into OzoneMusic5's account as a result of complaints, "flags" by OzoneMusic5 or by other users regarding content posted by OzoneMusic5, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user "OzoneMusic5," including:

a. Any other information ordinarily captured by TikTok in the ordinary course of business regarding or relating to OzoneMusic5's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

Ex. 6

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| M.S., I.H., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                  Meta Platforms, Inc.
                            1 Meta Way, Menlo Park, CA 94025

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC 215 N. Marengo Ave., Pasadena, CA 91101 (626) 744-1333 | Date and Time: 03/31/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/24/2025

*CLERK OF COURT*
                                                              OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
M.S., I.H., et al.,                                                    , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Morgan Ricketts SBN 268892**<br>**Hadsell Stormer Renick & Dai LLP**<br>**128 N Fair Oaks Ave. 204**<br>**Pasadena, CA 91103**<br>ATTORNEY FOR   **Plaintiff** | **(626) 585-9600** | |

| First Street Federal Courthouse Los Angeles<br>350 W 1st Street<br>Los Angeles, CA 90012 | |
|---|---|

| SHORT TITLE OF CASE:<br>S, M.S. , I.H., et al v. Angus, Oliver et al. | |
|---|---|

| DATE:<br>03/31/2025 | TIME:<br>10:00 AM | DEP./DIV. | CASE NUMBER:<br>2:23-cv-09957-MWF-MAR |
|---|---|---|---|

| **Declaration of Service** | Ref. No. or File No:<br>M.S. |
|---|---|

United States District Court

I certify that I am authorized to serve the Summons and Complaint in the within action pursuant to F.R.Civ.P 4(c) and that I served the:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION - Instagram(Meta).02-24-25**

On: **Meta Platforms, Inc.**

I served the summons at:

**1 Meta Wy  Menlo Park, CA 94025**

On: **2/24/2025**        Date:  **05:20 PM**

In the above mentioned action  by personally serving to and leaving with

**Luis Lopez  -  Lead Security/Authorized to Accept**

A declaration of diligence and/or mailing is attached if applicable

Person attempting service:

  a. Name: **Gregory Vartanian**
  b. Address: **500 Allerton Street Suite 105, Redwood City, CA 94063**
  c. Telephone number: **650-364-9612**
  d. **The fee** for this service was: **125.00**
  e. I am an independent contractor:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.

**Gregory Vartanian**                    Date: **02/26/2025**

| **Declaration of Service** | **Invoice #: 11396444** |
|---|---|

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Instagram Attachment**

The following records, data, or information for Instagram user "OLIVER ANGUS" between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:
    a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

    b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

    c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

    d. Addresses associated with the account(s).

    e. Billing records or records of session times and durations.

    f. Length of service and types of service utilized.

    g. The means and source of payment for such a service (including bank account or credit card number).

    h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

    i. Status of account(s).

/ / /

2. **All Transactional Information** related to the user OLIVER ANGUS, including:

   a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

   b. Documents sufficient to identify every IP Address used to access the OzoneMusic5 account, from the time of account creation through June 18, 2024.

   c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as private messages.

   d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the Instagram app, *excluding* information that may contain content data, such as private messages.

   e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

   f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of

account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Instagram features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Instagram, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Instagram, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made from the time of account creation through June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n. Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o. Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r. For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s. All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t. The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u. All privacy settings and other account settings, including privacy settings for individual Instagram posts and activities, and all records showing which Instagram users have been blocked by OLIVER ANGUS's account and which accounts have blocked OLIVER ANGUS from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Instagram and any person regarding OLIVER ANGUS's Instagram account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Instagram may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user OLIVER ANGUS, including:

a.  Any other information ordinarily captured by Instagram in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

Ex. 7

# Hirji, Chau & Rodriguez, LLP

March 21, 2025

Morgan Ricketts
Hadsell, Stormer, Renick & Dai LLP
128 N. Fair Oaks Ave.
Pasadena, CA 91103

Sent via e-mail: mricketts@hadsellstormer.com

**Re*:*** ***M.S., a minor, by and through his guardian ad litem, Jessica DeVita, and I.H., a minor, by and through her guardian ad litem, Candace Hernandez v. Oliver Angus, Michael Angus, Jamie Angus, et al.*, U.S. District Court, Central District of California, Case No. CV23-09957-MWF-MAR**

Dear Mrs. Ricketts,

As you know, my office represents Defendants Oliver Angus, Jamie Angus, and Michael Angus (collectively herein known as Family Defendants) in the above-referenced matter. I am writing to initiate the meet and confer process, pursuant to Central District's Local Rule 7-3, regarding a motion to quash and/or protective order for the following subpoenas received by my office on March 18, 2025:

(1) Reddit, Inc. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833;

(2) TikTok Inc., c/o 2710 Gateway Oaks Dr. Sacramento, CA 95833;

(3) Apple Inc., 20705 Valley Green Drive, Cupertino, CA 95014;

(4) Google LLC. c/o Corporation Service Company, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833; and

(5) Meta Platforms, Inc., 1 Meta Way, Menlo Park, CA 94025.

Rosa K. Hirji
Managing Partner
rosa@rkhlawoffice.com

Jenny Chau
Senior Partner
jenny@rkhlawoffice.com

Alexander Rodriguez
Partner
alex@rkhlawoffice.com

Robert D. Skeels
Senior Attorney
robert@rkhlawoffice.com

Tania Garcia
Administrative Assistant
tania@rkhlawoffice.com

Travis Wester
Paralegal
travis@rkhlawoffice.com

March 21, 2025

The general rule is that a party has no standing to move to quash a subpoena served upon a third party except as to privilege claims relating to any documents being sought. *California Sportfishing Protection Alliance v. Chico Scrap Metal, Inc.*, 299 FRD 638, 643 (ED CA 2014). A party claiming privilege as to the subpoenaed documents may move: to quash the subpoena (e.g. for improper service, inadequate description, or lack of control of the designated documents); to modify the subpoena on the grounds it requires disclosure of privileged or otherwise protected information, or subjects a person to undue burden (FRCP 45(d)(3); or for a protective order under Rule 26(c) (to prevent annoyance, embarrassment, oppression, undue burden). A subpoena may be quashed where it is "served for the purpose of annoying and harassment and not really for the purpose of getting information." [*Mattel, Inc. v. Walking Mountain Productions*, 353 F3d 792, 814 (9th Cir. 2003). In addition, a party may seek to quash a subpoena by emphasizing that the documents can be sought from a party or other sources without the need to seek them from a nonparty by subpoena. *Soto v. Castlerock Framing & Transport, Inc.*, 282 FRD 492, 505 (ED CA 2012).

Here, first and foremost, the Family Defendants assert that these subpoenas should be quashed for improper service as the Family Defendants and Defendants Santa Monica-Malibu Unified School District ("SMMUSD") and its employees, did not receive any notice of these subpoenas until March 18, 2025, which was after the date of the subpoenas directed at Apple, Google, and Reddit. On March 18, 2025, the Family Defendants received an email from counsel for Defendant SMMUSD that Google had contacted them regarding the subpoena, which neither Defendants were aware that these subpoenaed had been issued, and that was the first instance in which Defendants became aware of the five aforementioned subpoenas. Therefore, the five subpoenas should be quashed as they were improperly served.

Next, the Family Defendants assert that the information sought invades the Family Defendants' constitutional right to privacy, and their First Amendment right to anonymous and free speech. *Watchtower Bible & Tract Soc'y of New York v. Village of Stratton*, 536 U.S. 150, 166–67 (2002); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 341–42 (1995); *Hone v. Presidente U.S.A. Inc.,* No. 5:08–mc–80071–JF, 2008 U.S. Dist. LEXIS 55722, *4 (N.D. Cal. July 21, 2008) (quashing, on plaintiff's motion, a subpoena delivered to Yahoo that sought emails from plaintiff's email account because it complying with the subpoena would result in an "impermissible disclosure of information"). Moreover, Plaintiffs are leading a fishing expedition into documents that are wholly irrelevant to any party's claims or defenses, and the proportional needs of this case. In addition, Plaintiffs' subpoenas are overbroad and not tailored to a particular purpose, except to cause an undue burden, annoyance, embarrassment, and oppression. If the subpoenas stand, then Plaintiffs will receive a plethora of documents that are completely unrelated to any possible issues in this case, such as "all basic subscriber information", which includes but not limited to "personal identifies", telephone or instrument number", "addresses associated with the account", "billing records or records of session times and durations", "means and source of payment for such services (including bank account or credit card number)". In addition, Plaintiffs will receive a plethora of documents that are completely unrelated to any possible issues of this case, such as "all transitional information", which includes but not limited to "device information of all devices associated with Oliver Angus", "documents sufficient to identify every IP address used", "dates and times of each instance of access", "all activity logs or log files", "documents or metadata sufficient to identify the specific user OLIVER Angus friended, sent a message, followed, reacted, or otherwise interacted with", "all IP logs for Oliver

2

March 21, 2025


Angus' username or IP address", "geotag", "privacy setting", etc.  Further, the Family Defendants contend the subpoenas seek documents that violate the Stored Communications Act as the subpoenas seek contents of stored communications associated with various online accounts. *Optiver Australia Pty. Ltd. V. Tibra Trading Pty. Ltd.*, 2013 WL 256771, at *2-3 (N.D. Cal. Jan. 23, 2013). Finally, if there is any relevant information sought by Plaintiffs, then it could be obtained through other sources, such as written and oral discovery.

Based on the foregoing, the Family Defendants intend to file a motion to quash and/or seek a protective order. Please provide your available dates to discuss the contents of this letter between March 24, 2025 and March 28, 2025, pursuant to Local Rule 7-3. I appreciate your prompt attention to this matter and hope we can resolve these issues without court intervention

Sincerely,

_____
Alexander F. Rodriguez

Ex. 8



September 4, 2025

**<u>VIA PERSONAL SERVICE</u>**

Apple Inc. c/o CT Corp System
330 N. Brand Blvd.
Glendale, CA 91203

      Re:    <u>M.S. et al., v. Oliver Angus, et al.</u>
              2:23-cv-09957-SRM-MAR

Dear Counsel,

You were previously served on February 12, 2025, with Plaintiff's subpoena for records of Defendant Oliver Angus, which is enclosed.

Defendant moved to quash that subpoena. The Court has now ruled on that Motion. I am enclosing that order here for your review. The Court denied all aspects of the Motion to Quash except one subsection as to Google only. Therefore, Apple should produce all responsive documents as soon as possible.

Please advise as to when we can expect production.

                                Sincerely,

                                Morgan Ricketts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                         Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

|  Valerie Velasco  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

|  Attorneys Present for Plaintiffs:  |  Attorneys Present for Defendants:  |
|---|---|
|  N/A  |  N/A  |

**Proceedings:**      **(In Chambers) ORDER RE: MOTIONS TO QUASH, DKTS. 149, 154**

## I.
## BACKGROUND

On November 22, 2023, Plaintiffs M.S. and S.H. ("Plaintiffs"), by and through their respective guardians, filed the original complaint naming two primary groups of Defendants: (1) O.A. and his parents, Michael and Jamie Angus ("Family Defendants"); and (2) the Santa Monica Malibu Unified School District ("the District") and several of its administrators, including Superintendent Antonio Shelton, Santa Monica High School Principals Marae Cruce and Gregory Pitts, and ten unnamed Doe defendants ("District Defendants").  ECF. Docket No. ("Dkt.") 1 ¶¶ 7–15.[1]  Plaintiffs filed the operative Third Amended Complaint ("TAC") on October 21, 2024, naming the same Defendants.  Dkt. 108 ¶¶ 7–15.  Plaintiffs and Defendant O.A. were classmates at Santa Monica High School.  Id. ¶ 1. Plaintiffs allege that O.A. physically, emotionally, and sexually abused them both on and off campus.  Id. ¶¶ 20–35.  Plaintiffs allege that the District Defendants were aware of O.A's abuses that happened on school grounds and failed to take any action to protect them from O.A. because they were students with disabilities who[m] [the District] treated differently and as less important."  Id. ¶¶ 36–51.  Plaintiffs brought this action alleging numerous civil rights violations under federal law as well as several state law torts.  Id. ¶¶ 52–148.

---

1 All citations to electronically filed documents refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Between February 12, 2025, and June 6, 2025, Plaintiffs served subpoenas on several technological companies—Reddit, TikTok, Apple, Google, and Meta—seeking the production of information related to O.A.'s online and social media accounts.  Dkt. 149 ("Defs.' MTQ") at 6–7, 14–16.  Defendants contend that the subpoenas are overbroad, were improperly served, seek privileged and protected information, and impose an undue burden.  Id. at 10–19.  The parties discussed the subpoenas and met and conferred several times but remain at an impasse.  Id. at 7–10.  Accordingly, Defendants filed a motion to quash the subpoenas on July 2, 2025, which is before the Court on the parties' joint stipulation.  Dkt. 149.

Additionally, on June 5, 2025, Plaintiffs' counsel served a subpoena on the Santa Monica Police Department, a non-party, requesting the production of documents stemming from its separate investigation into O.A.  Dkt. 154 ("City's MTQ") at 2.  The subpoena encompasses "data and photographs from [O.A.'s] cellular phone," including "images of the genitalia of a minor."  Id.

Plaintiffs and the City of Santa Monica ("the City") discussed the subpoena after service and met and conferred on July 7, 2025.  Id.  However, Plaintiffs and the City remain at an impasse, and the City served objections to the subpoena on July 7, 2025.  Id.  The City primarily argues that it cannot produce responsive documents because a California juvenile court ordered the City to seal and destroy the records, and that transmission of the genitalia images may constitute a state or federal crime.  Id. at 2–3.  Accordingly, the City filed this motion to quash the subpoena, which is before the Court on the City and parties' joint stipulation.  Dkt. 154.  On August 20, 2025, both the City and Plaintiffs filed a supplemental memorandum.  Dkts. 166 ("City's Supp. Memo"); 167 ("Pls.' Supp. Memo").
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

The Court finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons discussed below, Defendants' motion to quash is **GRANTED in part** and **DENIED in part** and the City's motion to quash is **GRANTED**.

## II.
## GENERAL STANDARDS

Generally, under the Federal Rules of Civil Procedure,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                     Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

Rule 45 of the Federal Rules of Civil Procedure governs the issuing and service of subpoenas on nonparties.  Fed. R. Civ. P. 45.  If necessary to enforce that subpoena, a party may move to compel the nonparty to comply in the court where the discovery is to be taken.  Fed. R. Civ. P. 37(a)(1)–(2).  Under Rule 45, a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or if the subpoena "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv); see also Fed. R. Civ. P. 45(d)(1) (party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

Whether a subpoena imposes an undue burden on a particular witness is a "case specific inquiry."  Thayer v. Chiczewski, 257 F.R.D. 466, 469 (N.D. Ill. 2009) (internal quotations and citations omitted).  "To determine whether a subpoena imposes undue burden on the recipient, the Court must balance the relevance of information sought, the requesting party's need for the information, and the extent of the burden imposed."  Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon, No. 2:13-cv-04392-ODW(CWx), 2013 WL 12139833, at *3 (C.D. Cal. Aug. 7, 2013).

Generally, the scope of discovery available through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b).  Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc., No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm. note to 1970 amendment).  However, while discovery should not be unnecessarily restricted, nonparty discovery is more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents.  Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980).  Accordingly, "concern for the unwanted burden thrust upon nonparties is a factor entitled to special weight in evaluating the balance of competing needs."  Cusumano v. Microsoft Corp., 162 F.3d

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                         Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

708, 717 (1st Cir. 1998).  However, "third party discovery is a time-honored device to get at the truth of a claim or defense.  A party in litigation is not obligated to take the word of an opponent regarding what relevant documents do or do not exist."  L.G. Philips LCD Co., Ltd v. Tatung Co., No. C 07 80073WHA, 2007 WL 869256, at *2 (N.D. Cal. Mar. 20, 2007).

## III.
## DISCUSSION

### A.   THE FAMILY DEFENDANTS' MOTION TO QUASH

First, Defendants contend that Plaintiffs' internet subpoenas were improperly served because Plaintiffs notified Defendants about the subpoenas after serving already serving three on Reddit, Apple, and Google.  Defs.' MTQ at 12.  Defendants assert that the "untimely service . . . created an unnecessary burden . . . and hindered the efficient progression of the case."  Id.  Second, Defendants argue that Plaintiffs' subpoenas violate their "constitutional right to privacy, their First Amendment right to anonymous and free speech, and violate the Stored Communications Act" ("SCA").  Id. at 12–13.  Third, Defendants claim that the subpoenas impose an undue burden because they constitute "an unchartered boundless fishing expedition."  Id. at 18–19.

In response, Plaintiffs contend that the inadvertent and untimely notice of the subpoenas did not prejudice Defendants.  Id. at 23–24.  Additionally, Plaintiffs assert that their subpoenas do not violate the SCA because they only seek the "non-content user and account information for a four-year period coinciding with the abuse."  Id. at 22.  Furthermore, Plaintiffs maintain that social media posts are not privileged or private and are relevant to O.A.'s state of mind.  Id. at 28–29.  Lastly, Plaintiffs argue that they should be able to discover O.A.'s social media and online activities because:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:23-cv-09957-SRM-MAR                                Date:  September 2, 2025

Title:    *M.S., et al. v. Oliver Angus, et al.*

they could prove several of Plaintiffs' allegations; Plaintiffs already have evidence showing O.A. used these platforms to abuse and harass Plaintiffs online; and O.A.'s online activities could show that he is not as intellectually deficient as Defendants claim.  Id. at 26–28.

## 1.    Notice and timing under Rule 45

Defendants move to quash on the grounds that: (1) they were not properly provided with advance notice as required by Federal Rule of Civil Procedure ("Rule") 45(a)(4); and (2) Plaintiffs did not provide the technology companies reasonable time to comply with the subpoena as required by Rule 45(d)(3)(A)(i).  Defs.' MTQ at 11. Here, Defendants have standing to move to quash on the ground that Rule 45(a)(4)'s prior notice requirement was not met; however, Defendants do not have standing to challenge a potentially unreasonable production deadline under Rule 45(d)(3)(A)(i). See Littlefield v. NutriBullet, L.L.C., No. CV 16-6894 MWF (SSX), 2018 WL 5264148, at *4–*5 (C.D. Cal. Jan. 22, 2018) (holding defendant did "have standing to object to the [non-party] subpoenas on the ground that Rule 45's prior notice requirement was not met," but not on the ground that "the production deadline was unreasonable").  Accordingly, the Court overrules Defendants' objections with respect to the technology companies' production deadline and will only address Defendants' Rule 45(a)(4) notice arguments.

Here, Plaintiffs concede that they "inadvertently failed to timely serve their third-party subpoenas for social media information on Defendants."  Defs.' MTQ at 24.  However, it does not appear that Plaintiffs' delay prejudiced Defendants.

In a previous order denying Plaintiffs' motion to quash Defendants' subpoenas for untimely service, this Court explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

> Importantly, Defendants instructed their process server not to forward Defendants any documents obtained from the subpoenas until Plaintiffs had an opportunity to seek court intervention.  Given that the subpoenas have been effectively paused until the Court hears and adjudicates Plaintiffs' challenges to the subpoenas, the Court tends to agree with Defendants that Plaintiffs have not been prejudiced by the delay. The Court notes that there are no allegations of bad faith or gamesmanship. The Court also notes that Defendants do not argue that any of Plaintiffs' arguments should be deemed waived as untimely. Otherwise, the Court cannot discern, and Plaintiffs have not articulated, the potential for any specific prejudice resulting from the delay in receiving notice.

Dkt. 130 at 5.

The reasons that led this Court to deny Plaintiffs' motion to quash apply equally here to Defendants' motion.  "Plaintiffs immediately informed their deposition officer not to forward any documents produced until Defendants had an opportunity to seek court intervention."  Defs.' MTQ at 24. Additionally, Defendants make no allegation of bad faith or gamesmanship, and Plaintiffs make no argument that any of Defendants' arguments should be deemed waived as timely.  Accordingly, like with Defendants' previous subpoenas, this Court cannot discern the potential for any specific prejudice resulting from the delay in receiving notice that is sufficient to quash Plaintiffs' subpoenas.  See Est. of Najera-Aguirre v. Cnty. of Riverside, No. EDCV 18-762- DMG-SPX, 2019 WL 4452975, at *3 (C.D. Cal. June 13, 2019) (explaining that most courts "have held that the consequences of untimely notice should not be an automatic quashing of the subpoena, at least in the absence of prejudice to the opposing party") (quoting 9A Wright & Miller, Federal Practice and Procedure § 2454, p. 406); see also Littlefield, 2018 WL 5264148, at *5 (same) (collecting cases).  Defendants' notice objections are overruled.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                               Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

### 2.   Defendants' constitutional and statutory arguments

Here, Defendants contend that the subpoenas at issue invade their constitutional right to privacy and First Amendment rights to anonymous and free speech.  Defs.' MTQ at 14.  Additionally, Defendants assert that the subpoenas "seek [the] contents of stored communications associated with various online accounts" in violation of the SCA.  Id. at 13.  Defendants particularly object that the subpoenas seek the "means and source of payment" for each technological service, because that language could require Defendants to disclose the irrelevant and private financial information of the District employees that set up O.A.'s Google account.  Id. at 13–14.  Plaintiffs respond that O.A. does not enjoy a right to privacy in his social media activities; Defendants provide no authority indicating the subpoenas violate their First Amendment rights; and that the subpoenas do not violate the SCA because they only seek the metadata, not the content, associated with O.A.'s online accounts.  Id. at 21–23, 28–29.

### a.   Privacy concerns

First, Plaintiffs are correct that "[g]enerally, [social networking site] content is neither privileged nor protected by any right to privacy."  Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (quotations and citation omitted); see also Voe v. Roman Cath. Archbishop of Portland in Or., No. 3:14-CV-01016-SB, 2015 WL 12669899, at *2 (D. Or. Mar. 10, 2015) ("The content of social networking sites is not protected from discovery merely because a party deems the content 'private'.") (cleaned up) (citation omitted).  Furthermore, Plaintiffs have made a strong showing that O.A.'s social media habits are relevant to this case for several reasons: Plaintiffs allege that O.A. bullied and groomed them online for six years and only seek four years of information; O.A. recorded the abuse of Plaintiffs and divulged it online; O.A. "posted publicly in favor of celebrities accused of sexual assault;" and his social

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                   Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

media habits may show that O.A. knew his conduct was wrong, and was not entitled to special education services, and functioned at a higher intellectual level than the Family Defendants contend.  Defs.' MTQ at 21–22, 26–28; see also Hinostroza v. Denny's Inc., No. 2:17-cv-2561-RFB-NJK, 2018 WL 3212014, *6 (D. Nev. June 29, 2018) ("Courts within the Ninth Circuit have permitted discovery of a party's social media information and communications where the request was narrowed by websites or platforms, time-period, and content related to the case.") (collecting cases).

On the other hand, Defendants cite no case law supporting their assertion that the subpoenas seeking the metadata, let alone the actual contents, of O.A.'s social media accounts invade his rights to privacy.  Furthermore, Defendants offer no explanation why the protective order already in place is insufficient to address their privacy concerns.  Dkt. 147; see also Botta v. PricewaterhouseCoopers LLP, No. 18-cv-02615-RS (LB), 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018) (explaining that when "a plaintiff initiates an employment lawsuit, his privacy interest in employment records is reduced," and finding the parties' protective order sufficient to address plaintiff's privacy concerns); see also United States v. City of Hesperia, No. EDCV 19-2298-AB (SPx), 2021 WL 5034381, at *13 (C.D. Cal. June 17, 2021) (finding protective order sufficient to protect third-party's privacy interests in data regarding contacts with the criminal justice system after defendants failed to explain why the protective order was insufficient).

Accordingly, Defendants' privacy concerns are largely insufficient to quash or modify Plaintiffs' subpoenas and thus their objections on this basis are overruled.  However, the Court does agree with Defendants insofar as Plaintiffs' subpoenas seek the financial information of the District employee that set up O.A.'s school Google account.  The financial information of an uninvolved District employee is irrelevant to this case and confidential.  See Inland Empire Waterkeeper v. Columbia Steel, Inc., No. SACV 20-1062-FLA (ADSx), 2021 WL 4295138, at *3 (C.D. Cal. May 6, 2021)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                       Date:  September 2, 2025

Title:       *M.S., et al. v. Oliver Angus, et al.*

(explaining right to privacy under federal and California law encompasses personal financial information).  Thus, the Court **GRANTS** Defendants' motion to quash subsection 1(g) of Plaintiffs' subpoena to Google, which calls for  "[t]he means and source of payment for such a service (including bank account or credit card number").  Dkt. 149-1, Declaration of Alex Rodriguez in Support of Defendants' Motion to Quash ("Rodriguez Decl."), Ex. B, at 25.  Otherwise, Defendants' privacy objections are overruled.

### b.      Anonymous speech

Here, Defendants contend that Plaintiffs' subpoenas invade their "First Amendment right to anonymous and free speech."  Defs.' MTQ at 12, 14.  Plaintiffs respond by noting "Defendants offer no authority to support" this argument.  Id. at 29.

Indeed, the Supreme Court has held that "an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment."  McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 352 (1995).  Additionally, "online speech stands on the same footing as other speech," and "the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism'."  In re Anonymous Online Speakers, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting McIntyre, 514 U.S. at 341–42).

Anonymous online speech is clearly protected; however, Defendants make no showing that O.A. "deci[ded] to remain anonymous" with respect to any of his online accounts.  Indeed, one subpoena relates to his school-issued Google account, which could not possibly be anonymous, given the District created this account and O.A.'s

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

initials appear in his email address.  Defs.' MTQ at 14 (explaining the District set up the Google account); Dkt. 149-2, Declaration of Morgan E. Ricketts in Support of the Joint Stipulation ("Ricketts Decl."), Ex. M, at 6 (email showing O.A.'s school email address, which includes his initials).  Without any evidence or indication that O.A. actually engaged in anonymous speech on any of these platforms, this Court cannot find that Plaintiffs' subpoenas violate his First Amendment rights to engage in anonymous speech.  Accordingly, Defendants First Amendment objections are overruled.

### c.   SCA

The SCA, which applies to civil subpoenas, states that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."  18 U.S.C. § 2702(a)(1); see also Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 974 (holding a party had standing to quash non-party subpoena on the grounds that the subpoena sought information protected by the SCA).  The "contents" of a "wire, oral, or electronic communication" is defined as "any information concerning the substance, purport, or meaning of that communication."  Optiver Austl. Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors., No. C 12-80242 EJD PSG, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (citations omitted).

Defendants claim that Plaintiffs "seek contents of stored communications associated with various online accounts."  Defs.' MTQ at 16.  Plaintiffs argue that they have "limited their subpoenas to non-content user and account information over a four[-]year period coinciding with the abuse."  Id. at 22.  For example, Plaintiffs seek the date and time of posts and messages, the size of media files attached to posts, and whether photos or videos had been manipulated.  Id.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

In reviewing the subpoenas at issue here, the Court agrees with Plaintiffs because the subpoenas explicitly seek only non-content information.  The subpoenas seek "subscriber information," such as contact information related to the account; "transactional information," including the devices associated with the account, O.A.'s activities online, and the size of videos and photos uploaded; and "non-content information" that is "ordinarily captured" by the responding company.  See, e.g., Rodriguez Decl., Ex. A, at 13–19.  Furthermore, for any request that may encompass potential "contents," Plaintiffs explicitly call for the responding company to "exclude[e] information that may contain content data."  Id. at 14–18.  Indeed, Defendants even state that Plaintiffs' subpoenas "seek[] non-content information." Defs.' MTQ at 18.  Accordingly, because, as discussed above, the information Plaintiffs seek appears highly relevant, they are "entitled to such non-content metadata, and such metadata [they] shall receive."  Optiver, 2013 WL 256771, at *3 (finding that plaintiff could discover non-content metadata even though the court "struggle[d] to understand how such information would be helpful [to plaintiff]"). Defendants' SCA objections are overruled.

### 3.        Undue burden and other miscellaneous objections

Defendants contend that Plaintiffs' subpoena served on Apple specifically "imposes an undue burden" and "is not narrowly tailored."  Defs.' MTQ at 18. However, Defendants "lack[] standing to quash a subpoena on grounds that it is overbroad or unduly burdensome on a third party."  Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co., No. EDCV 15-979-JGB (SPx), 2016 WL 7486606, at *3 (C.D. Cal. Oct. 27, 2016) (citation omitted); see generally Crispin, 717 F. Supp. 2d at 973–74 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.") (quoting 9A Charles Wright & Arthur Miller, Federal Practice & Procedure, § 2459 (3d ed. 2008)).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:  *M.S., et al. v. Oliver Angus, et al.*

Thus, the Court overrules Defendants' undue burden and relevance objections.  In any event, as discussed above, Plaintiffs' subpoenas appear relevant and proportionate to the needs of the case given their allegations that O.A. abused and groomed Plaintiffs and disseminated nude photographs of Plaintiffs on these platforms, and to rebut Defendants' defenses that O.A. is not high-functioning mentally and the sexual encounters were consensual.

Defendants also assert that Plaintiffs' subpoenas may uncover O.A.'s educational records and privileged communications between Defendants and their attorneys.  Defs.' MTQ at 16–17.  Defendants offer little to no explanation for how these subpoenas would uncover the contents of O.A.'s educational records or attorney-client communications, given that the subpoenas seek non-content metadata.  Additionally, Defendants' vague and unspecific assertion of attorney-client privilege falls well below what is necessary to show that the information at issue is protected.  See, e.g., id. at 17 ("If Plaintiffs' subpoenas stand, then Plaintiffs will receive a plethora of documents, including potential communications between Defendants and their attorneys."); see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005) (emphasizing that "a proper assertion of privilege must be more specific than a generalized, boilerplate objection.").  Defendants simply assert that the attorney-client privilege may apply, without offering any explanation.  See In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992) (explaining that "the party asserting the [attorney-client] privilege must make a prima facie showing that the privilege" applies to the information sought); Kandel v. Brother Intern. Corp., 683 F. Supp. 2d 1076, 1083 (C.D. Cal. 2010) ("Like the attorney-client privilege, the party claiming work product immunity has the burden of proving the applicability of the doctrine.").  Accordingly, the Court overrules Defendants' objections on these grounds as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                            Date:  September 2, 2025

Title:      _M.S., et al. v. Oliver Angus, et al._

In conclusion, the Court **GRANTS** Defendants' motion to quash with respect to subsection 1(g) of the Google subpoena but **DENIES** the remainder of their motion on all other grounds.

## B.    THE CITY OF SANTA MONICA'S MOTION TO QUASH

Here, the information Plaintiffs seek—police records of the investigation into O.A.'s alleged sexual abuse of Plaintiffs at issue in this lawsuit—is undoubtedly relevant.  However, the California juvenile court that oversaw O.A.'s delinquency proceedings has ordered these documents to be sealed and ultimately destroyed.  Dkt. 154-2, Declaration of Patricia Ford in Support of Santa Monica's Motion to Quash ("Ford Decl."), Ex. 7, at 46 (juvenile court ordering that "[a]ll records pertaining to [O.A.'s] dismissed petition in the custody of . . . Law Enforcement Agencies" be sealed and destroyed).  Under California state law, a person seeking access to a sealed juvenile case "shall petition the juvenile court," which must then determine whether disclosure is "detrimental to the safety, protection, or physical or emotional well-being of a child, minor, or person who is . . . connected to the juvenile case."  Cal. Welf. & Inst. Code § 827(3)(A).

"When confronted with a motion regarding access to sealed state court records, federal courts have recognized the 'sensitive issues of comity and federalism' raised by such a request."  Sabey v. Butterfield, No. 23-10957-PBS, 2025 WL 1043437, at *2 (D. Mass. Apr. 8, 2025) (quoting Resolution Trust Corp. v. Castellet, 156 F.R.D. 89, 92 (D.N.J. 1994)); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (explaining that "[e]very court has supervisory power over its own records and files").  "Federalism, comity, and abstention underpin a fundamental rule of law that controls here: a federal trial court cannot review, reconsider, or modify a decision by a state trial court."  United States v. Olson, No. 2:12-CR-327-APG-VCF, 2015 WL 1959850, at *2 (D. Nev. Apr. 29, 2015).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Abiding by these principals, "courts have generally required a party seeking sealed state court records pursuant to a subpoena to first petition the court holding such records."  Sabey, 2025 WL 1043437, at *2 (requiring plaintiff to petition the juvenile court in accordance with state procedures "to unseal the records they seek pursuant to the subpoena"); see also Goldstein v. City of Long Beach, 603 F. Supp. 2d 1242, 1252 (C.D. Cal. 2009) (collecting cases and explaining they stood for the proposition that a "party seeking state grand jury material [must] petition the state court before seeking a federal ruling"); Wilfong v. City of Boise, No. 1:21-cv-298-BLW, 2022 WL 1912218, at *3 (D. Idaho June 3, 2022) (refusing to enforce a subpoena because of comity and federalism concerns and requiring plaintiff to "file a motion to unseal the records she [sought in accordance with] the procedures specifically detailed in the state court decision denying her previous public records request").  Thus, Plaintiffs must first attempt to recover the information they seek before this Court will consider enforcing the subpoena in contradiction to a state court's sealing order.  See Shell v. Wall, 760 F. Supp. 545, 546 (W.D.N.C. 1991) ("The Court finds the intrusion into what is a statutorily defined part of the state court . . . to be deeply offensive to the notion of federalism, and one that should be avoided if at all possible.").

Plaintiffs argue that the Supremacy Clause requires the City to comply with the subpoena.  City's MTQ at 23–24; see also U.S. Const. art. VI, cl. 2 (explaining federal law "shall be the supreme law of the land; and the judges in every state shall be bound thereby").  The Ninth Circuit has made clear that this Court has the authority to require the City to comply with the subpoena.  See Gonzalez v. Spencer, 336 F.3d 832, 835 (9th Cir. 2003) (explaining a district court could order disclosure of state juvenile court records "notwithstanding state law").  However, whether this Court should exercise this authority is another matter; recognizing the competing constitutional concerns of federalism and comity, absent extraordinary circumstances, district courts in this circuit have generally required parties to petition the state court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

before ordering the production of documents that state court sealed.  See Wilfong, 2022 WL 1912218, at *3 (granting motion to quash and advising plaintiff to petition state court for sealed records); Olson, 2015 WL 1959850, at *2–*3 (refusing to enter order "to relieve a nonparty of the consequences of disobeying a state court [judge's sealing] order"); cf. Goldstein, 603 F. Supp. 2d at 1260 (ordering narrowly tailored disclosure of state grand jury transcripts in "one-of-a-kind case" where plaintiff was attempting "to establish that as a result of the malfeasance and neglect of prosecutors and police he served [twenty-four] years in prison for a crime he did not commit"). At this point, Plaintiffs have not established extraordinary circumstances to justify ordering the City to comply with the subpoena.  See Shell, 760 F. Supp. at 546 (finding there were not "extraordinary circumstances" to issue an order compelling the disclosure of sealed state grand jury records that would "tread on the finely woven federalist fabric on which this nation is founded").

Plaintiffs contend Bilbrew v. City of Hawthorne, where the court ordered plaintiff to produce his own juvenile court records, controls.  No. CV 11-8282-FMO, 2013 WL 12125749, at *3 (C.D. Cal. February 1, 2013); Pls.' Supp. Memo at 2–3. However, Bilbrew is inapposite.  In that case, the plaintiff objected to a request for production because a state court had sealed his juvenile court records.  Id. at *2. Critically though, the Bilbrew plaintiff sought to prevent disclosure of his own juvenile court records, even though he had "[publicly] announced his arrest via the filing of [the instant] federal action."  Id.  Here, Plaintiffs are not trying to prevent production of their own juvenile court records; they seek Defendant O.A.'s sealed juvenile court records, and unlike in Bilbrew, O.A. has not waived any privacy objections by making the underlying police investigation publicly available.

Furthermore, Plaintiffs argue that this Court's previous order requiring the Los Angeles Superior Court to respond to Plaintiffs' subpoena controls here.  City's MTQ at 23; Dkt. 117.  However, when this Court issued its previous order on December 4,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

2024, the juvenile court had not yet issued an order sealing all documents related to O.A.'s juvenile court proceedings.  See Ford Decl., Ex. 7, at 46 (juvenile court order entered on June 17, 2025).  As discussed above, the sealing order raises new concerns of federalism and comity that were not present when this Court issued its previous order.  Accordingly, this Court's previous order does not now require the Court to compel the City to respond to Plaintiffs' subpoena.

Lastly, given that Plaintiffs must first petition the juvenile court, the Court will determine the applicability of the official information privilege once the issue is ripe. See City's MTQ at 9 (the City arguing the official information privilege prevented disclosure of investigation records).

In conclusion, out of respect for the state court's sealing order, the Court **GRANTS** the City's motion to quash.  Furthermore, Plaintiffs must petition the state juvenile court that entered the sealing order before again asking this Court to enforce Plaintiffs' subpoena.  See Wilfong, 2022 WL 1912219, at *3 (granting city's motion to quash subpoena that sought sealed grand jury records and advising plaintiff "to file a motion to unseal the records" in state court).

## C.   COSTS AND FEES

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) ("Rule 37"), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  Pursuant to Rule 37(a)(5)(B), if a discovery motion is denied, "the court . . . must, after giving an opportunity to be heard, require

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                           Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the movant's positions were "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).

Here, the Court has granted the City's motion to quash, while essentially denying Defendants' motion to quash in its entirety.  Neither party, nor the City, seeks expenses.  In any case, the parties' arguments were not unreasonable and given that this Court overruled components of each of the parties' objections, the Court declines to apportion costs and fees.  Accordingly, each party shall bear its own costs and fees on this matter.

## IV.
## ORDER

**IT IS THEREFORE ORDERED** that:

1)   Defendants' motion to quash, Dkt. 149, is **GRANTED** with respect to subsection 1(g) of the Google subpoena;
2)   The remainder of Defendants' motion to quash, Dkt. 149, is **DENIED;**
3)   The City's motion to quash, Dkt. 154 is **GRANTED**; and
4)   the Court declines to apportion fees and costs.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| M.S., I.H., et al., | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Apple Inc.
                    20705 Valley Green Drive, Cupertino, CA 95014
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC<br>215 N. Marengo Ave., Pasadena, CA 91101<br>(626) 744-1333 | Date and Time:<br><br>03/17/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        02/12/2025

        *CLERK OF COURT*
                                                                    OR        *Morgan Ricketts*
        _____                                   _____
            *Signature of Clerk or Deputy Clerk*                               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        Plaintiffs
M.S., I.H., et al.,  _____ , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Morgan Ricketts SBN 268892**<br>**Hadsell Stormer Renick & Dai LLP**<br>**128 N Fair Oaks Ave. 204**<br>**Pasadena, CA 91103**<br>ATTORNEY FOR  **Plaintiff** | **(626) 585-9600** | |

| | |
|---|---|
| First Street Federal Courthouse Los Angeles<br>350 W 1st Street<br>Los Angeles, CA 90012 | |

| | |
|---|---|
| SHORT TITLE OF CASE:<br>S, M | |

| DATE:<br>03/17/2025 | TIME:<br>10:00 AM | DEP./DIV. | CASE NUMBER:<br>2:23-cv-09957-MWF-MAR |
|---|---|---|---|

| **Declaration of Service** | Ref. No. or File No:<br>M.S. |
|---|---|

United States District Court

I, the undersigned, declare under penalty of perjury that I was on the date herein referred to over the age of 21 years and

not a party to the within entitled action. I served the: **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISESINA CIVIL ACTION  - Apple.02-12-25**

On: **Apple Inc.**

**20705 Valley Green Dr  Cupertino, CA 95014**

In the above named action by delivering to and leaving with:

**Cesar Flores**  Whose title is: **Reception**

On: **2/13/2025**          Date:  **12:05 PM**

Fees paid: **$0.00**

Person attempting service:

  a. Name: **Scott M. Feely**
  b. Address: **500 Allerton Street Suite 105, Redwood City, CA 94063**
  c. Telephone number: **650-364-9612**
  d. **The fee** for this service was: **150.00**
  e. I am an independent contractor

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.

| Declaration of Service | Invoice #: 11326398-01 |
|---|---|



**Scott M. Feely**                    Date: **02/19/2025**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Apple Attachment**

The following records, data, or information for Apple, Inc. user OLIVER ANGUS identified with the cellular numbers 669-577-8284 and/or 424-268-0113; and/or email: osa@smmk12.org; and/or username: OzoneMusicOpinions; and/or username: ozonemusic5 between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continuing until June 18, 2024.

   i. Status of account(s).

/ / /

1

2. **All Transactional Information**, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through Apple Inc., *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation or as far back as possible through June 18, 2024,

*excluding* information that may contain content data, such as the content of the posts themselves.

g.  Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h.  Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Apple, Inc. features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i.  All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Apple, Inc., the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continuing until June 18, 2024.

j.  Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k.  Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Apple Inc., from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify whether each post made

3

by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n. Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o. Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or metadata sufficient to identify whether any filters, added text, or other

4

manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r.  For any posts made by user OLIVER ANGUS from the time the account was created and continuing until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s.  All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data.

t.  The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data.

u.  All privacy settings and other account settings, including privacy settings for individual Apple, Inc. posts and activities, and all records showing which Apple, Inc. users have been blocked by OLIVER ANGUS's account or have blocked OLIVER ANGUS's account from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data.

v.  All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the account was created and continuing until June 18, 2024, *excluding*

information that may contain content data.

w. Records pertaining to the date and time of all communications between Apple, Inc. and any person regarding OLIVER ANGUS's Apple, Inc. account, including contacts with support services and records of actions taken from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Apple, Inc. may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continuing until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continuing until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continuing until June 18, 2024.

3. **Other Non-Content information**, including:

   a. Any other information ordinarily captured by Apple, Inc. in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continuing until

6

June 18, 2024, *excluding* information that may contain content data.

Ex. 9



September 4, 2025

**<u>VIA PERSONA SERVICE</u>**
Google LLC. c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N.
Sacramento, CA 95833

Email: google-legal-support@google.com

   Re: <u>M.S. et al., v. Oliver Angus, et al.</u>
     2:23-cv-09957-SRM-MAR

Dear Counsel,

  You were previously served on February 12, 2025, with Plaintiff's subpoena for records of Defendant Oliver Angus, which is enclosed.

  Defendant moved to quash that subpoena. The Court has now ruled on that Motion. I am enclosing that order here for your review. The Court denied all aspects of the Motion to Quash except one subsection as to Google only. Therefore, Google should provide responsive documents as soon as possible.

Please let me know when we can expect a document production.

I am attaching the original subpoena and your objection letter for your convenience to assist you in locating the file.

       Sincerely,

       *Morgan Ricketts*
       Morgan Ricketts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                               Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      **(In Chambers) ORDER RE: MOTIONS TO QUASH, DKTS. 149, 154**

## I.
## BACKGROUND

On November 22, 2023, Plaintiffs M.S. and S.H. ("Plaintiffs"), by and through their respective guardians, filed the original complaint naming two primary groups of Defendants: (1) O.A. and his parents, Michael and Jamie Angus ("Family Defendants"); and (2) the Santa Monica Malibu Unified School District ("the District") and several of its administrators, including Superintendent Antonio Shelton, Santa Monica High School Principals Marae Cruce and Gregory Pitts, and ten unnamed Doe defendants ("District Defendants").  ECF. Docket No. ("Dkt.") 1 ¶¶ 7–15.[1]  Plaintiffs filed the operative Third Amended Complaint ("TAC") on October 21, 2024, naming the same Defendants.  Dkt. 108 ¶¶ 7–15.  Plaintiffs and Defendant O.A. were classmates at Santa Monica High School.  Id. ¶ 1. Plaintiffs allege that O.A. physically, emotionally, and sexually abused them both on and off campus.  Id. ¶¶ 20–35.  Plaintiffs allege that the District Defendants were aware of O.A's abuses that happened on school grounds and failed to take any action to protect them from O.A. because they were students with disabilities who[m] [the District] treated differently and as less important."  Id. ¶¶ 36–51.  Plaintiffs brought this action alleging numerous civil rights violations under federal law as well as several state law torts.  Id. ¶¶ 52–148.

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Between February 12, 2025, and June 6, 2025, Plaintiffs served subpoenas on several technological companies—Reddit, TikTok, Apple, Google, and Meta— seeking the production of information related to O.A.'s online and social media accounts.  Dkt. 149 ("Defs.' MTQ") at 6–7, 14–16.  Defendants contend that the subpoenas are overbroad, were improperly served, seek privileged and protected information, and impose an undue burden.  Id. at 10–19.  The parties discussed the subpoenas and met and conferred several times but remain at an impasse.  Id. at 7–10.  Accordingly, Defendants filed a motion to quash the subpoenas on July 2, 2025, which is before the Court on the parties' joint stipulation.  Dkt. 149.

Additionally, on June 5, 2025, Plaintiffs' counsel served a subpoena on the Santa Monica Police Department, a non-party, requesting the production of documents stemming from its separate investigation into O.A.  Dkt. 154 ("City's MTQ") at 2.  The subpoena encompasses "data and photographs from [O.A.'s] cellular phone," including "images of the genitalia of a minor."  Id.

Plaintiffs and the City of Santa Monica ("the City") discussed the subpoena after service and met and conferred on July 7, 2025.  Id.  However, Plaintiffs and the City remain at an impasse, and the City served objections to the subpoena on July 7, 2025.  Id.  The City primarily argues that it cannot produce responsive documents because a California juvenile court ordered the City to seal and destroy the records, and that transmission of the genitalia images may constitute a state or federal crime.  Id. at 2–3.  Accordingly, the City filed this motion to quash the subpoena, which is before the Court on the City and parties' joint stipulation.  Dkt. 154.  On August 20, 2025, both the City and Plaintiffs filed a supplemental memorandum.  Dkts. 166 ("City's Supp. Memo"); 167 ("Pls.' Supp. Memo").

///
///

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

The Court finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons discussed below, Defendants' motion to quash is **GRANTED in part** and **DENIED in part** and the City's motion to quash is **GRANTED**.

## II.
## GENERAL STANDARDS

Generally, under the Federal Rules of Civil Procedure,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Rule 45 of the Federal Rules of Civil Procedure governs the issuing and service of subpoenas on nonparties.  Fed. R. Civ. P. 45.  If necessary to enforce that subpoena, a party may move to compel the nonparty to comply in the court where the discovery is to be taken.  Fed. R. Civ. P. 37(a)(1)–(2).  Under Rule 45, a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or if the subpoena "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv); see also Fed. R. Civ. P. 45(d)(1) (party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

Whether a subpoena imposes an undue burden on a particular witness is a "case specific inquiry."  Thayer v. Chiczewski, 257 F.R.D. 466, 469 (N.D. Ill. 2009) (internal quotations and citations omitted).  "To determine whether a subpoena imposes undue burden on the recipient, the Court must balance the relevance of information sought, the requesting party's need for the information, and the extent of the burden imposed."  Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon, No. 2:13-cv-04392-ODW(CWx), 2013 WL 12139833, at *3 (C.D. Cal. Aug. 7, 2013).

Generally, the scope of discovery available through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b).  Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc., No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm. note to 1970 amendment).  However, while discovery should not be unnecessarily restricted, nonparty discovery is more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents.  Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980).  Accordingly, "concern for the unwanted burden thrust upon nonparties is a factor entitled to special weight in evaluating the balance of competing needs."  Cusumano v. Microsoft Corp., 162 F.3d

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

708, 717 (1st Cir. 1998).  However, "third party discovery is a time-honored device to get at the truth of a claim or defense.  A party in litigation is not obligated to take the word of an opponent regarding what relevant documents do or do not exist."  L.G. Philips LCD Co., Ltd v. Tatung Co., No. C 07 80073WHA, 2007 WL 869256, at *2 (N.D. Cal. Mar. 20, 2007).

## III.
## DISCUSSION

## A.     THE FAMILY DEFENDANTS' MOTION TO QUASH

First, Defendants contend that Plaintiffs' internet subpoenas were improperly served because Plaintiffs notified Defendants about the subpoenas after serving already serving three on Reddit, Apple, and Google.  Defs.' MTQ at 12.  Defendants assert that the "untimely service . . . created an unnecessary burden . . . and hindered the efficient progression of the case."  Id.  Second, Defendants argue that Plaintiffs' subpoenas violate their "constitutional right to privacy, their First Amendment right to anonymous and free speech, and violate the Stored Communications Act" ("SCA").  Id. at 12–13.  Third, Defendants claim that the subpoenas impose an undue burden because they constitute "an unchartered boundless fishing expedition."  Id. at 18–19.

In response, Plaintiffs contend that the inadvertent and untimely notice of the subpoenas did not prejudice Defendants.  Id. at 23–24.  Additionally, Plaintiffs assert that their subpoenas do not violate the SCA because they only seek the "non-content user and account information for a four-year period coinciding with the abuse."  Id. at 22.  Furthermore, Plaintiffs maintain that social media posts are not privileged or private and are relevant to O.A.'s state of mind.  Id. at 28–29.  Lastly, Plaintiffs argue that they should be able to discover O.A.'s social media and online activities because:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

they could prove several of Plaintiffs' allegations; Plaintiffs already have evidence showing O.A. used these platforms to abuse and harass Plaintiffs online; and O.A.'s online activities could show that he is not as intellectually deficient as Defendants claim.  Id. at 26–28.


### 1.      Notice and timing under Rule 45


Defendants move to quash on the grounds that: (1) they were not properly provided with advance notice as required by Federal Rule of Civil Procedure ("Rule") 45(a)(4); and (2) Plaintiffs did not provide the technology companies reasonable time to comply with the subpoena as required by Rule 45(d)(3)(A)(i).  Defs.' MTQ at 11. Here, Defendants have standing to move to quash on the ground that Rule 45(a)(4)'s prior notice requirement was not met; however, Defendants do not have standing to challenge a potentially unreasonable production deadline under Rule 45(d)(3)(A)(i). See Littlefield v. NutriBullet, L.L.C., No. CV 16-6894 MWF (SSX), 2018 WL 5264148, at \*4–\*5 (C.D. Cal. Jan. 22, 2018) (holding defendant did "have standing to object to the [non-party] subpoenas on the ground that Rule 45's prior notice requirement was not met," but not on the ground that "the production deadline was unreasonable").  Accordingly, the Court overrules Defendants' objections with respect to the technology companies' production deadline and will only address Defendants' Rule 45(a)(4) notice arguments.

Here, Plaintiffs concede that they "inadvertently failed to timely serve their third-party subpoenas for social media information on Defendants."  Defs.' MTQ at 24.  However, it does not appear that Plaintiffs' delay prejudiced Defendants.

In a previous order denying Plaintiffs' motion to quash Defendants' subpoenas for untimely service, this Court explained:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                   Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Importantly, Defendants instructed their process server not to forward Defendants any documents obtained from the subpoenas until Plaintiffs had an opportunity to seek court intervention.  Given that the subpoenas have been effectively paused until the Court hears and adjudicates Plaintiffs' challenges to the subpoenas, the Court tends to agree with Defendants that Plaintiffs have not been prejudiced by the delay. The Court notes that there are no allegations of bad faith or gamesmanship. The Court also notes that Defendants do not argue that any of Plaintiffs' arguments should be deemed waived as untimely. Otherwise, the Court cannot discern, and Plaintiffs have not articulated, the potential for any specific prejudice resulting from the delay in receiving notice.

Dkt. 130 at 5.

The reasons that led this Court to deny Plaintiffs' motion to quash apply equally here to Defendants' motion.  "Plaintiffs immediately informed their deposition officer not to forward any documents produced until Defendants had an opportunity to seek court intervention."  Defs.' MTQ at 24. Additionally, Defendants make no allegation of bad faith or gamesmanship, and Plaintiffs make no argument that any of Defendants' arguments should be deemed waived as timely.  Accordingly, like with Defendants' previous subpoenas, this Court cannot discern the potential for any specific prejudice resulting from the delay in receiving notice that is sufficient to quash Plaintiffs' subpoenas.  See Est. of Najera-Aguirre v. Cnty. of Riverside, No. EDCV 18-762- DMG-SPX, 2019 WL 4452975, at *3 (C.D. Cal. June 13, 2019) (explaining that most courts "have held that the consequences of untimely notice should not be an automatic quashing of the subpoena, at least in the absence of prejudice to the opposing party") (quoting 9A Wright & Miller, Federal Practice and Procedure § 2454, p. 406); see also Littlefield, 2018 WL 5264148, at *5 (same) (collecting cases).  Defendants' notice objections are overruled.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

### 2.      Defendants' constitutional and statutory arguments

Here, Defendants contend that the subpoenas at issue invade their constitutional right to privacy and First Amendment rights to anonymous and free speech.  Defs.' MTQ at 14.  Additionally, Defendants assert that the subpoenas "seek [the] contents of stored communications associated with various online accounts" in violation of the SCA.  Id. at 13.  Defendants particularly object that the subpoenas seek the "means and source of payment" for each technological service, because that language could require Defendants to disclose the irrelevant and private financial information of the District employees that set up O.A.'s Google account.  Id. at 13– 14.  Plaintiffs respond that O.A. does not enjoy a right to privacy in his social media activities; Defendants provide no authority indicating the subpoenas violate their First Amendment rights; and that the subpoenas do not violate the SCA because they only seek the metadata, not the content, associated with O.A.'s online accounts.  Id. at 21– 23, 28–29.

### a.      Privacy concerns

First, Plaintiffs are correct that "[g]enerally, [social networking site] content is neither privileged nor protected by any right to privacy."  Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (quotations and citation omitted); see also Voe v. Roman Cath. Archbishop of Portland in Or., No. 3:14-CV-01016-SB, 2015 WL 12669899, at *2 (D. Or. Mar. 10, 2015) ("The content of social networking sites is not protected from discovery merely because a party deems the content 'private'.") (cleaned up) (citation omitted).  Furthermore, Plaintiffs have made a strong showing that O.A.'s social media habits are relevant to this case for several reasons: Plaintiffs allege that O.A. bullied and groomed them online for six years and only seek four years of information; O.A. recorded the abuse of Plaintiffs and divulged it online; O.A. "posted publicly in favor of celebrities accused of sexual assault;" and his social

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                     Date:  September 2, 2025

Title:      _M.S., et al. v. Oliver Angus, et al._

media habits may show that O.A. knew his conduct was wrong, and was not entitled to special education services, and functioned at a higher intellectual level than the Family Defendants contend.  Defs.' MTQ at 21–22, 26–28; see also Hinostroza v. Denny's Inc., No. 2:17-cv-2561-RFB-NJK, 2018 WL 3212014, *6 (D. Nev. June 29, 2018) ("Courts within the Ninth Circuit have permitted discovery of a party's social media information and communications where the request was narrowed by websites or platforms, time-period, and content related to the case.") (collecting cases).

On the other hand, Defendants cite no case law supporting their assertion that the subpoenas seeking the metadata, let alone the actual contents, of O.A.'s social media accounts invade his rights to privacy.  Furthermore, Defendants offer no explanation why the protective order already in place is insufficient to address their privacy concerns.  Dkt. 147; see also Botta v. PricewaterhouseCoopers LLP, No. 18-cv-02615-RS (LB), 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018) (explaining that when "a plaintiff initiates an employment lawsuit, his privacy interest in employment records is reduced," and finding the parties' protective order sufficient to address plaintiff's privacy concerns); see also United States v. City of Hesperia, No. EDCV 19-2298-AB (SPx), 2021 WL 5034381, at *13 (C.D. Cal. June 17, 2021) (finding protective order sufficient to protect third-party's privacy interests in data regarding contacts with the criminal justice system after defendants failed to explain why the protective order was insufficient).

Accordingly, Defendants' privacy concerns are largely insufficient to quash or modify Plaintiffs' subpoenas and thus their objections on this basis are overruled. However, the Court does agree with Defendants insofar as Plaintiffs' subpoenas seek the financial information of the District employee that set up O.A.'s school Google account.  The financial information of an uninvolved District employee is irrelevant to this case and confidential.  See Inland Empire Waterkeeper v. Columbia Steel, Inc., No. SACV 20-1062-FLA (ADSx), 2021 WL 4295138, at *3 (C.D. Cal. May 6, 2021)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:      *M.S., et al. v. Oliver Angus, et al.*

(explaining right to privacy under federal and California law encompasses personal financial information).  Thus, the Court **GRANTS** Defendants' motion to quash subsection 1(g) of Plaintiffs' subpoena to Google, which calls for  "[t]he means and source of payment for such a service (including bank account or credit card number").  Dkt. 149-1, Declaration of Alex Rodriguez in Support of Defendants' Motion to Quash ("Rodriguez Decl."), Ex. B, at 25.  Otherwise, Defendants' privacy objections are overruled.

### b.      Anonymous speech

Here, Defendants contend that Plaintiffs' subpoenas invade their "First Amendment right to anonymous and free speech."  Defs.' MTQ at 12, 14.  Plaintiffs respond by noting "Defendants offer no authority to support" this argument.  Id. at 29.

Indeed, the Supreme Court has held that "an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment."  McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 352 (1995).  Additionally, "online speech stands on the same footing as other speech," and "the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism'."  In re Anonymous Online Speakers, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting McIntyre, 514 U.S. at 341–42).

Anonymous online speech is clearly protected; however, Defendants make no showing that O.A. "deci[ded] to remain anonymous" with respect to any of his online accounts.  Indeed, one subpoena relates to his school-issued Google account, which could not possibly be anonymous, given the District created this account and O.A.'s

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

initials appear in his email address.  Defs.' MTQ at 14 (explaining the District set up the Google account); Dkt. 149-2, Declaration of Morgan E. Ricketts in Support of the Joint Stipulation ("Ricketts Decl."), Ex. M, at 6 (email showing O.A.'s school email address, which includes his initials).  Without any evidence or indication that O.A. actually engaged in anonymous speech on any of these platforms, this Court cannot find that Plaintiffs' subpoenas violate his First Amendment rights to engage in anonymous speech.  Accordingly, Defendants First Amendment objections are overruled.

### c.     SCA

The SCA, which applies to civil subpoenas, states that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."  18 U.S.C. § 2702(a)(1); see also Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 974 (holding a party had standing to quash non-party subpoena on the grounds that the subpoena sought information protected by the SCA).  The "contents" of a "wire, oral, or electronic communication" is defined as "any information concerning the substance, purport, or meaning of that communication."  Optiver Austl. Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors., No. C 12-80242 EJD PSG, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (citations omitted).

Defendants claim that Plaintiffs "seek contents of stored communications associated with various online accounts."  Defs.' MTQ at 16.  Plaintiffs argue that they have "limited their subpoenas to non-content user and account information over a four[-]year period coinciding with the abuse."  Id. at 22.  For example, Plaintiffs seek the date and time of posts and messages, the size of media files attached to posts, and whether photos or videos had been manipulated.  Id.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

In reviewing the subpoenas at issue here, the Court agrees with Plaintiffs because the subpoenas explicitly seek only non-content information.  The subpoenas seek "subscriber information," such as contact information related to the account; "transactional information," including the devices associated with the account, O.A.'s activities online, and the size of videos and photos uploaded; and "non-content information" that is "ordinarily captured" by the responding company.  See, e.g., Rodriguez Decl., Ex. A, at 13–19.  Furthermore, for any request that may encompass potential "contents," Plaintiffs explicitly call for the responding company to "exclude[e] information that may contain content data."  Id. at 14–18.  Indeed, Defendants even state that Plaintiffs' subpoenas "seek[] non-content information." Defs.' MTQ at 18.  Accordingly, because, as discussed above, the information Plaintiffs seek appears highly relevant, they are "entitled to such non-content metadata, and such metadata [they] shall receive."  Optiver, 2013 WL 256771, at *3 (finding that plaintiff could discover non-content metadata even though the court "struggle[d] to understand how such information would be helpful [to plaintiff]"). Defendants' SCA objections are overruled.

### 3.    Undue burden and other miscellaneous objections

Defendants contend that Plaintiffs' subpoena served on Apple specifically "imposes an undue burden" and "is not narrowly tailored."  Defs.' MTQ at 18. However, Defendants "lack[] standing to quash a subpoena on grounds that it is overbroad or unduly burdensome on a third party."  Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co., No. EDCV 15-979-JGB (SPx), 2016 WL 7486606, at *3 (C.D. Cal. Oct. 27, 2016) (citation omitted); see generally Crispin, 717 F. Supp. 2d at 973–74 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.") (quoting 9A Charles Wright & Arthur Miller, Federal Practice & Procedure, § 2459 (3d ed. 2008)).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                         Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

Thus, the Court overrules Defendants' undue burden and relevance objections.  In any event, as discussed above, Plaintiffs' subpoenas appear relevant and proportionate to the needs of the case given their allegations that O.A. abused and groomed Plaintiffs and disseminated nude photographs of Plaintiffs on these platforms, and to rebut Defendants' defenses that O.A. is not high-functioning mentally and the sexual encounters were consensual.

Defendants also assert that Plaintiffs' subpoenas may uncover O.A.'s educational records and privileged communications between Defendants and their attorneys.  Defs.' MTQ at 16–17.  Defendants offer little to no explanation for how these subpoenas would uncover the contents of O.A.'s educational records or attorney-client communications, given that the subpoenas seek non-content metadata.  Additionally, Defendants' vague and unspecific assertion of attorney-client privilege falls well below what is necessary to show that the information at issue is protected.  See, e.g., id. at 17 ("If Plaintiffs' subpoenas stand, then Plaintiffs will receive a plethora of documents, including potential communications between Defendants and their attorneys."); see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005) (emphasizing that "a proper assertion of privilege must be more specific than a generalized, boilerplate objection.").  Defendants simply assert that the attorney-client privilege may apply, without offering any explanation.  See In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992) (explaining that "the party asserting the [attorney-client] privilege must make a prima facie showing that the privilege" applies to the information sought); Kandel v. Brother Intern. Corp., 683 F. Supp. 2d 1076, 1083 (C.D. Cal. 2010) ("Like the attorney-client privilege, the party claiming work product immunity has the burden of proving the applicability of the doctrine.").  Accordingly, the Court overrules Defendants' objections on these grounds as well.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

In conclusion, the Court **GRANTS** Defendants' motion to quash with respect to subsection 1(g) of the Google subpoena but **DENIES** the remainder of their motion on all other grounds.

## B.    THE CITY OF SANTA MONICA'S MOTION TO QUASH

Here, the information Plaintiffs seek—police records of the investigation into O.A.'s alleged sexual abuse of Plaintiffs at issue in this lawsuit—is undoubtedly relevant.  However, the California juvenile court that oversaw O.A.'s delinquency proceedings has ordered these documents to be sealed and ultimately destroyed.  Dkt. 154-2, Declaration of Patricia Ford in Support of Santa Monica's Motion to Quash ("Ford Decl."), Ex. 7, at 46 (juvenile court ordering that "[a]ll records pertaining to [O.A.'s] dismissed petition in the custody of . . . Law Enforcement Agencies" be sealed and destroyed).  Under California state law, a person seeking access to a sealed juvenile case "shall petition the juvenile court," which must then determine whether disclosure is "detrimental to the safety, protection, or physical or emotional well-being of a child, minor, or person who is . . . connected to the juvenile case."  Cal. Welf. & Inst. Code § 827(3)(A).

"When confronted with a motion regarding access to sealed state court records, federal courts have recognized the 'sensitive issues of comity and federalism' raised by such a request."  Sabey v. Butterfield, No. 23-10957-PBS, 2025 WL 1043437, at *2 (D. Mass. Apr. 8, 2025) (quoting Resolution Trust Corp. v. Castellet, 156 F.R.D. 89, 92 (D.N.J. 1994)); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (explaining that "[e]very court has supervisory power over its own records and files").  "Federalism, comity, and abstention underpin a fundamental rule of law that controls here: a federal trial court cannot review, reconsider, or modify a decision by a state trial court."  United States v. Olson, No. 2:12-CR-327-APG-VCF, 2015 WL 1959850, at *2 (D. Nev. Apr. 29, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Abiding by these principals, "courts have generally required a party seeking sealed state court records pursuant to a subpoena to first petition the court holding such records."  Sabey, 2025 WL 1043437, at *2 (requiring plaintiff to petition the juvenile court in accordance with state procedures "to unseal the records they seek pursuant to the subpoena"); see also Goldstein v. City of Long Beach, 603 F. Supp. 2d 1242, 1252 (C.D. Cal. 2009) (collecting cases and explaining they stood for the proposition that a "party seeking state grand jury material [must] petition the state court before seeking a federal ruling"); Wilfong v. City of Boise, No. 1:21-cv-298-BLW, 2022 WL 1912218, at *3 (D. Idaho June 3, 2022) (refusing to enforce a subpoena because of comity and federalism concerns and requiring plaintiff to "file a motion to unseal the records she [sought in accordance with] the procedures specifically detailed in the state court decision denying her previous public records request").  Thus, Plaintiffs must first attempt to recover the information they seek before this Court will consider enforcing the subpoena in contradiction to a state court's sealing order.  See Shell v. Wall, 760 F. Supp. 545, 546 (W.D.N.C. 1991) ("The Court finds the intrusion into what is a statutorily defined part of the state court . . . to be deeply offensive to the notion of federalism, and one that should be avoided if at all possible.").

Plaintiffs argue that the Supremacy Clause requires the City to comply with the subpoena.  City's MTQ at 23–24; see also U.S. Const. art. VI, cl. 2 (explaining federal law "shall be the supreme law of the land; and the judges in every state shall be bound thereby").  The Ninth Circuit has made clear that this Court has the authority to require the City to comply with the subpoena.  See Gonzalez v. Spencer, 336 F.3d 832, 835 (9th Cir. 2003) (explaining a district court could order disclosure of state juvenile court records "notwithstanding state law").  However, whether this Court should exercise this authority is another matter; recognizing the competing constitutional concerns of federalism and comity, absent extraordinary circumstances, district courts in this circuit have generally required parties to petition the state court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

before ordering the production of documents that state court sealed.  See Wilfong, 2022 WL 1912218, at *3 (granting motion to quash and advising plaintiff to petition state court for sealed records); Olson, 2015 WL 1959850, at *2–*3 (refusing to enter order "to relieve a nonparty of the consequences of disobeying a state court [judge's sealing] order"); cf. Goldstein, 603 F. Supp. 2d at 1260 (ordering narrowly tailored disclosure of state grand jury transcripts in "one-of-a-kind case" where plaintiff was attempting "to establish that as a result of the malfeasance and neglect of prosecutors and police he served [twenty-four] years in prison for a crime he did not commit").  At this point, Plaintiffs have not established extraordinary circumstances to justify ordering the City to comply with the subpoena.  See Shell, 760 F. Supp. at 546 (finding there were not "extraordinary circumstances" to issue an order compelling the disclosure of sealed state grand jury records that would "tread on the finely woven federalist fabric on which this nation is founded").

Plaintiffs contend Bilbrew v. City of Hawthorne, where the court ordered plaintiff to produce his own juvenile court records, controls.  No. CV 11-8282-FMO, 2013 WL 12125749, at *3 (C.D. Cal. February 1, 2013); Pls.' Supp. Memo at 2–3.  However, Bilbrew is inapposite.  In that case, the plaintiff objected to a request for production because a state court had sealed his juvenile court records.  Id. at *2.  Critically though, the Bilbrew plaintiff sought to prevent disclosure of his own juvenile court records, even though he had "[publicly] announced his arrest via the filing of [the instant] federal action."  Id.  Here, Plaintiffs are not trying to prevent production of their own juvenile court records; they seek Defendant O.A.'s sealed juvenile court records, and unlike in Bilbrew, O.A. has not waived any privacy objections by making the underlying police investigation publicly available.

Furthermore, Plaintiffs argue that this Court's previous order requiring the Los Angeles Superior Court to respond to Plaintiffs' subpoena controls here.  City's MTQ at 23; Dkt. 117.  However, when this Court issued its previous order on December 4,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                     Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

2024, the juvenile court had not yet issued an order sealing all documents related to O.A.'s juvenile court proceedings.  See Ford Decl., Ex. 7, at 46 (juvenile court order entered on June 17, 2025).  As discussed above, the sealing order raises new concerns of federalism and comity that were not present when this Court issued its previous order.  Accordingly, this Court's previous order does not now require the Court to compel the City to respond to Plaintiffs' subpoena.

Lastly, given that Plaintiffs must first petition the juvenile court, the Court will determine the applicability of the official information privilege once the issue is ripe.  See City's MTQ at 9 (the City arguing the official information privilege prevented disclosure of investigation records).

In conclusion, out of respect for the state court's sealing order, the Court **GRANTS** the City's motion to quash.  Furthermore, Plaintiffs must petition the state juvenile court that entered the sealing order before again asking this Court to enforce Plaintiffs' subpoena.  See Wilfong, 2022 WL 1912219, at *3 (granting city's motion to quash subpoena that sought sealed grand jury records and advising plaintiff "to file a motion to unseal the records" in state court).

## C.    COSTS AND FEES

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) ("Rule 37"), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  Pursuant to Rule 37(a)(5)(B), if a discovery motion is denied, "the court . . . must, after giving an opportunity to be heard, require

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:    _M.S., et al. v. Oliver Angus, et al._

the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the movant's positions were "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).

Here, the Court has granted the City's motion to quash, while essentially denying Defendants' motion to quash in its entirety.  Neither party, nor the City, seeks expenses.  In any case, the parties' arguments were not unreasonable and given that this Court overruled components of each of the parties' objections, the Court declines to apportion costs and fees.  Accordingly, each party shall bear its own costs and fees on this matter.

## IV.
## ORDER

**IT IS THEREFORE ORDERED** that:

1)    Defendants' motion to quash, Dkt. 149, is **GRANTED** with respect to subsection 1(g) of the Google subpoena;
2)    The remainder of Defendants' motion to quash, Dkt. 149, is **DENIED;**
3)    The City's motion to quash, Dkt. 154 is **GRANTED**; and
4)    the Court declines to apportion fees and costs.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | vv |



Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com

July 3, 2024

*Via Email*
*orangelawoffices@att.net*

Olu K. Orange
Orange Law Offices, P.C.
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
213-736-9900

**Re: *M.S., I.H., et al. v. Oliver Angus, Jamie Angus, Michael Angus, et al.*, United States District Court for the Central District of California, CV23-09957-MWF-MAR (Internal Ref. No. 64038311)**

Dear Olu K. Orange:

Google LLC ("Google"), a non-party to your litigation, has received your subpoena, dated June 18, 2024, in the above-referenced matter (the "Subpoena"). As we understand it, your Subpoena requests documents or testimony related to the purported Google accounts outlined in your Subpoena.

Without waiving our objections, Google may be willing to produce responsive non-content data, to the extent it exists and is available. Any productions made by Google are subject to the objections and limitations set forth below. Google further hereby makes the following objections to the Subpoena.

**Jurisdiction**

Google objects to the Subpoena to the extent that it has been issued by a court without subpoena power over non-party Google, and has not been properly domesticated in California as required by Cal. Civ. Proc. Code §§ 2029.100, *et seq*, see also the Uniform Interstate Depositions and Discovery Act ("UIDDA"). Subpoena power over a non-party does not extend beyond state lines, and Google is headquartered in California and documents and information regarding its business are retrievable and will be produced only from its headquarters in Santa Clara County, California. Accordingly, Google accepts and responds to subpoenas issued from Santa Clara Superior Court and properly served upon Google, or the appropriate office of Google's registered agent, Corporation Service Company (CSC) (*see* https://support.google.com/faqs/answer/6151275?hl=en). California law provides a mechanism for obtaining a subpoena from a California court for use in judicial proceedings pending in other state court jurisdictions. *See* Cal. Civil Proc. Code § 2029.100 *et seq*.

**GIL Entity**

To the extent that a Google account you are requesting information for, relates to services provided by Google Ireland Limited (GIL), which is incorporated in Ireland and which operates under Irish law, Google objects to those requests. In order to provide the information related to

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

accounts whose services are provided by Google Ireland Limited, Google requires binding legal process issued by an Irish court or under Irish law which must be validly served on Google Ireland.

**Request for Google Workspace User(s)**

To the extent that your request implicates a Google Workspace account, Google objects to the Subpoena because the appropriate entity to whom you should direct your request is the owner of the Workspace domain. The owner of the domain has custody and control over data associated with their domain, and accordingly legal process seeking such data should be directed towards the owner of the Workspace account. If you are seeking content related to a Google Workspace account, you have several options at your disposal as to how you can lawfully obtain this information:

1. You can ask the administrator for the content. The administrator can find instructions for downloading the organization's data at https://support.google.com/a/answer/100458.
2. Google users can obtain and produce their account content themselves by using Google Takeout, available at www.google.com/takeout/; or
3. You can request a court to order the administrator to comply with #1.

**Insufficient Information**

If there is limited information provided in the Subpoena such as the lack of proper and reliable identifiers, date ranges or proper names, Google objects to the Subpoena because it is unable to determine whether there is a relevant account in our records. Google cannot respond to the subpoena if it fails to sufficiently identify a Google account. Google has hundreds of millions of users, making it impossible to ensure that searches based on proper name, company name, birthday, social security number, presumed location, or similar information accurately identify the correct records.

**Service**

Google objects to the Subpoena to the extent it was improperly served. *See* Cal. Civ. Proc. Code § 2029.400; Fed. R. Civ. P. § 45(b)(1).

**User Notification**

Google objects to the Subpoena to the extent it fails to allow sufficient time for Google to notify the affected user and for the user to assert his or her rights in response. Google provides its users at least 21 days to object to your request or to inform Google of their intent to file a motion to quash. If your subpoena sufficiently identifies a Google account, Google intends to forward notice of this matter, including your name and contact information, to the user at the email address associated with the Google Account.

**First Amendment**

Google objects to the Subpoena to the extent that the Subpoena asks for Google to disclose the identity of Google users who posted certain reviews or certain content, which implicates the First Amendment rights of Google users to engage in anonymous speech. *Glassdoor, Inc. v.*

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

*Superior Court*, 9 Cal. App. 5th 623 (Cal. Ct. App. 2017) (holding that online provider had standing to assert First Amendment objections to subpoena seeking to unmask anonymous users, and requiring a litigant to demonstrate a prima facie cause of action and provide evidence supporting its claim); *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1164-64 (Cal. App. Ct. 2008) (stating that "[s]peech on the Internet is...accorded First Amendment protection," and that, "[o]nce notified of a lawsuit by the website host or ISP, a defendant may then assert his or her First Amendment right to speak anonymously through an application for a protective order or...a motion to quash the subpoena."). California law requires a court to evaluate whether a plaintiff has made a prima facie showing of its cause of action before a plaintiff can compel a provider such as Google to disclose identifying information regarding an anonymous online speaker. *Glassdoor*, 9 Cal. App. 5th at 636 ("It is the court, not counsel, that must determine whether a prima facie showing of actionable statements has been made."). Litigants must further make "a showing of specific facts demonstrating discovery of [the Google users'] identities] [is] reasonably calculated to lead to the discovery of admissible evidence." *Digital Music News LLC v. Superior Court*, 226 Cal. App. 4th 216, 226 (2014), disapproved of on other grounds, *Williams v. Superior Court*, 3 Cal. 5th 531 (2017); *see also ZL Technologies, Inc. v. Does 1-7*, 13 Cal. App. 5th 603, 617 (2017) (plaintiffs can obtain identifying information from a provider when a court determines discovery of a person's identity is "necessary" to pursue the claim).  Although there is no indication you have done so, if a court has considered and imposed the First Amendment safeguards required before a litigant may be permitted to unmask the identity of an anonymous speaker, please provide us with a copy of any relevant documents. Moreover, please provide us with a copy of the plaintiff's complaint in this matter so that we can assess whether the plaintiff has or will be able to meet the First Amendment standard or demonstrate a compelling need for this discovery.

**Violation of Federal Law**

To the extent the Subpoena can be construed to include information we are prohibited from disclosing, Google objects on the grounds that Section 2702(a) of the federal Stored Communications Act ("SCA") prohibits Google from disclosing the content of electronic communications or content stored on behalf of the user, pursuant to a subpoena. The SCA prohibits Google from disclosing the content of electronic communications, including the headers for e-mails containing specific terms, pursuant to a subpoena. The production you seek would cause Google to disclose the presence or absence of communications containing specified content. A subpoena is not sufficient legal process for Google to disclose the existence of communications containing specific content. It is our position that this is a disclosure prohibited by the Stored Communications Act. 18 U.S.C. § 2702(a) *see e.g., Suzlon Energy Ltd. v. Microsoft Corp*, 671 F.3d 726, 730 (9th Cir. 2011); *Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004); *Mintz v. Mark Bartelstein & Assocs.*, Inc. 885 F. Supp. 2d 987, 993-94 (C.D. Cal. 2012); *In re Subpoena Duces Tecum to AOL, LLC.*, 550 F.Supp.2d 606, 611 (E.D. Va. 2008); *Flagg v. City of Detroit*, 252 F.R.D. 346, 366 (E.D. Mich. 2008); *Viacom Int'l Inc. v. YouTube Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008); *O'Grady v. Superior Court of Santa Clara*, 139 Cal. App. 4th 1423, 1441-43 (2006).

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043

google-legal-support@google.com
www.google.com



Instead, the appropriate way to seek such content is to direct your request to the account holder who has custody and control of the data in the account, is not bound by the SCA, and is the party to whom discovery requests should be directed. *Suzlon*, 671 F.3d 726, 730-31; *Mintz*, 885 F. Supp. 2d at 993-94; *O'Grady*, 139 Cal. App. 4th at 1446-47. If the account holder is a party to the underlying litigation, you may serve a document request on the account holder for the content sought. *See Mintz*, 885 F. Supp. 2d at 993-94; *O'Grady*, 13 Cal. App. 4th at 1446-67; *see also Flagg*, 252 F.R.D. at 348, 366-67. Google users can obtain and produce their account content themselves, or by using Google Takeout, available at www.google.com/takeout/. To the extent you are seeking the production of content based on a signed consent form, Google objects to the request because Google is unable to verify that the person signing the form is the account owner.

Additionally, if the Subpoena seeks preservation of the contents related to a user's account, Google objects to the Subpoena on the grounds that it requests that Google preserve the content of electronic communications or content stored on behalf of the user. Preservation is for information that Google would ultimately be able to produce under the SCA.

## Authentication

You do not need Google to authenticate any records. Google cannot authenticate the identity of the person who drafted or received a communication. Moreover, under California law, any of the following can authenticate the content in question: the owner of the account; any witness with knowledge; any participant to the communications; circumstantial evidence; or the person who collects the content for production. *See* Cal. Evid. Code § 1410 (No restriction on "the means by which a writing may be authenticated."); *id*. § 1421 (Writing can be authenticated by its contents.). The Court of Appeal has held that a printout of an online profile was sufficiently authenticated by the police investigator that downloaded the printout, noting that the "threshold authentication burden for admissibility is not to establish validity or negate falsity in a categorical fashion, but rather to make a showing on which the trier of fact reasonably could conclude the proffered writing is authentic." *People v. Valdez*, 201 Cal. App. 4th 1429, 1434-37 (2011). Thus, defendant, his or her authorized representative, a defense investigator, or any witness with knowledge are all proper parties to authenticate content, and authentication by Google is therefore unnecessary.

## Obligations of Parties to Litigation

Google, a nonparty to the litigation objects to the subpoena because it would impose an undue burden to. *See* Fed. R. Civ. P. 45(d)(1). Provided that the account in question appears to belong to a party-opponent in the litigation, a third-party subpoena is not justified. *See Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (upholding refusal to enforce subpoena issued to non-party where same documents were available from party opponent); *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D. Mass. 1996) ("If documents are available from a party," it is "preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness.") (internal alterations and citation omitted); *Musarra v. Digital Dish, Inc.*, No. 2:05-CV-545, 2008 WL 4758699, at *4 (S.D. Ohio Oct. 30, 2008) ("[T]he Court will not impose on this non-party the burden of producing documents presumably available to



plaintiffs from a party to this litigation."); *Calcor Space Facility, Inc. v. Superior Court*, 53 Cal. App. 4th 216, 225 (1997) ("As between parties to litigation and nonparties, the burden of discovery should be placed on the latter only if the former do not possess the material sought to be discovered.").

To the extent these records are sought to verify the completeness or accuracy of discovery from a party to the litigation, the Federal Rules of Civil Procedure do not permit third-party subpoenas for hypothetical impeachment evidence. *See, e.g., Cusumano v. Microsoft Corp.*, 162 F.3d 708, 712 (1st Cir. 1998) (affirming the trial court's denial of a Rule 45 subpoena where the information was sought "for purposes akin to impeachment."); *Musarra*, 2008 WL 4758699, at *3-4 (rejecting plaintiff's request for non-party discovery to "compare[] and contrast[]" with defendants' production). If you have reason to suspect that another party has not complied with their discovery obligations, you have other means available that do not place an undue burden on a third party. For example, you can request that the other party produce account data while under supervision by the court or by a special master or obtain the services of an e-discovery consultant. *See, e.g., Seven Seas Cruises S. De R.L. v. V. Ships Leisure SAM*, No. 09-23411-CIV, 2011 WL 772855, at *7 (S.D. Fla. Feb. 19, 2011), report and recommendation adopted, No. 09-23411-CIV, 2011 WL 772902 (S.D. Fla. Feb. 28, 2011) (granting a motion to compel after finding that defendant's production contained significant gaps, and ordering defendant to "retain the services of a qualified third party E-Discovery consultant or vendor and perform a search."). *See also Logtale, Ltd. v. IKOR, Inc.*, No. C-11-05452 CW (DMR), 2013 WL 3967750, at *3 (N.D. Cal. July 31, 2013) (noting "obvious gaps and underproduction," and suggesting that, if there were "continuing problems. . . the court [would] order [defendants] to retain the services of an e-discovery vendor and . . . submit sworn, detailed declarations regarding their document preservation and collection efforts.").

**Deposition/Testimony**

Google objects to the Subpoena to the extent it calls for a deposition or testimony and does not intend to make a witness available on the requested date pursuant to its objections below.

1. Google objects on the grounds that the Subpoena imposes an undue burden on Google, a non-party. Google also objects on the grounds that the information sought can be obtained through less burdensome means, including from the parties to the case or through the production of documents in response to the Subpoena.

2. Google objects to the extent that the Subpoena is seeking testimony to authenticate records produced by Google. Such testimony is unnecessary and unduly burdensome as records can be authenticated by Certificate of Authenticity.

3. Google objects to the extent that the Subpoena calls for testimony more properly sought from an expert witness, including but not limited to testimony regarding how Google's products or services work.

4. Google objects on the grounds that the Subpoena is vague, overbroad, duplicative, cumulative, and oppressive. Google further objects to the extent the Subpoena is served for the purpose of annoying and harassing Google, a non-party.

5. Google objects on the grounds that the Subpoena demands that Google, a non-party, appear as a witness at its own expense. To the extent that Google appears as a witness



pursuant to the Subpoena, Google shall only do so upon compensation allowed under applicable law for any costs, including attorney fees, related to the deposition.

6. Google objects to the time and place set by the Subpoena for the deposition. The time and place of the requested deposition was selected unilaterally, without consulting with Google about the availability of its witness(es) or its counsel. To the extent Google produces a witness to provide deposition testimony in response to the Subpoena, Google shall do so at a mutually agreeable time and place.

7. Google objects to any Topics to the extent they seek testimony regarding confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order.

8. Google objects to the Topics to the extent it seeks testimony protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

9. Google objects to the Topics to the extent they seek testimony regarding information that is not within Google's knowledge.

10. Google objects to the Topics to the extent that they are vague, ambiguous, unlimited in time or scope, or fails to identify the testimony sought with reasonable particularity.

11. Google objects to the Topics to the extent they seek testimony regarding information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.

12. Google objects to the Topics to the extent that they seek testimony or impose obligations beyond what is permissible under applicable law.

**Additional Objections**

1. Google objects to the Subpoena to the extent it seeks to impose an undue burden on a disinterested non-party. Google further objects to the Subpoena to the extent it seeks information already in a party's possession or available to a party from some other source (including public sources) that is more convenient, less burdensome or less expensive. Google objects to the Subpoena to the extent it seeks electronically stored information that is not reasonably accessible to Google.

2. Google objects to the Subpoena to the extent it seeks information that is not proportionate to the needs of the case, not relevant to any party's claims or defenses, or not reasonably calculated to lead to the discovery of admissible evidence.

3. Google objects to the Subpoena to the extent it specifies a date of production or date of deposition that is unreasonable and unduly burdensome, including because it may not afford Google time to provide sufficient notice to the user.

4. Google objects to the Subpoena to the extent that it is vague, ambiguous, unlimited in time or scope, or fails to identify the information sought with reasonable particularity. Accordingly, Google further objects to the Subpoena to the extent it purports to require Google to preserve the requested information. Therefore you should not assume that Google will undertake steps to preserve any information in response to your Subpoena. Google is willing to meet and confer to discuss any preservation request.

5. Google objects to the Subpoena to the extent it seeks to impose obligations on Google

Google LLC
1600 Amphitheatre Parkway
Mountain View, California 94043



google-legal-support@google.com
www.google.com

beyond what is permissible under applicable law.

6. Google objects to the subpoena to the extent it seeks information in the possession, custody or control of any other entity besides Google LLC.

7. Google objects to the Subpoena to the extent it requests information created subsequent to the issuance of the legal process.

8. Non-party Google is located in Santa Clara County, California, which is also where Google resides. Google therefore objects to the Subpoena because it designates a place for compliance that is more than 100 miles from its headquarters. *See* Fed. R. Civ. P. 45(c)(2)(A).

9. Google also objects to the Subpoena to the extent it seeks information containing confidential financial, proprietary or trade secret information, or any information subject to a confidentiality agreement or protective order.

10. Google further objects to the Subpoena to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Google reserves the right to further object to the Subpoena in any additional response.

If you have any questions, please feel free to contact the undersigned at the Legal Support Department alias at GOOGLE-LEGAL-SUPPORT@GOOGLE.COM. Additionally, should you wish to seek any judicial relief in connection with this matter, Google requests the opportunity to meet and confer in advance of any such filing. Thank you.

Regards,

Google Legal Investigations Support

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| M.S., I.H., et al.,<br>*Plaintiff*<br>v.<br>Oliver Angus, Jamie Angus, Michael Angus, et al.,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  2:23-cv-09957-MWF-MAR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Google LLC. c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC<br>215 N. Marengo Ave., Pasadena, CA 91101<br>(626) 744-1333 | Date and Time:<br><br>03/17/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  02/12/2025

| CLERK OF COURT | | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | OR | *Morgan Ricketts*<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiffs
M.S., I.H., et al., _____ , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| *Attorney or Party without Attorney:* | | | *For Court Use Only* |
|---|---|---|---|
| DAN STORMER ESQ., Bar #101967<br>HADSELL STORMER & RENICK, LLP<br>128 N. FAIR OAKS AVENUE<br>PASADENA, CA 91103 | | | |

*Telephone No:* 626-585-9600    *FAX No:* 626-577-7079

| | *Ref. No. or File No.:* |
|---|---|
| *Attorney for:* Plaintiff | |

*Insert name of Court, and Judicial District and Branch Court:*

*Plaintiff:* M.S.

*Defendant:* SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT

| **PROOF OF SERVICE**<br>**SUBPOENA** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA

3. a. *Party served:*               GOOGLE LLC
   b. *Person served:*              CRYSTAL COLLINS, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*    CSC, LAWYERS INCORPORATING SERVICE
   2710 GATEWAY OAKS DRIVE
   SUITE 150 N
   SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Feb. 13, 2025 (2) at: 11:07AM
   b. *I received this subpoena for service on:*    Wednesday, February 12, 2025

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*
   a. JEREMY GLAZE

   2300 P Street
   Sacramento, CA 95816
   (916) 498-0808
   FAX (916) 498-0817

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*    $55.00

   e. I am: (3) registered California process server
      (i)   Independent Contractor
      (ii)  *Registration No.:*    2011-65
      (iii) *County:*    Sacramento

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   Date: Fri, Feb. 14, 2025

   _____
   (JEREMY GLAZE)

Judicial Council Form
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUBPOENA

dst.489685

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Google Attachment**

The following records, data, or information for Google user "OLIVER ANGUS" identified with the Google email osa@smmk12.org between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information**, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation or as far back as possible through June 18, 2024, including but not limited to uploading videos or other posts, making comments on other users' posts, reactions to other users' posts, saving or bookmarking other users' posts, messaging, following, or "friending" other users, participating in live chats, and/or other activities through Google, *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of

account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

g.  Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h.  Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Google features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i.  All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Google, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j.  Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k.  Documents or metadata sufficient to identify the location or "geotag", if any, associated with any of user OLIVER ANGUS's activities on Google, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o.  Documents or metadata sufficient to identify the size (in KB, MB, etc.) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r. For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s. All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t. The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u. All privacy settings and other account settings, including privacy settings for individual Google posts and activities, and all records showing which Google users have been blocked by OLIVER ANGUS's account from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Google and any person regarding OLIVER ANGUS's Google account(s), including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Google may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information**, including:

a. Any other information ordinarily captured by Google in the ordinary course of business regarding or relating to OLIVER ANGUS's

account(s) from the time the account was created and continued until

June 18, 2024, *excluding* information that may contain content data.

Ex. 10



September 4, 2025

**VIA U.S. MAIL**
Jessenia Nuñez-Lopez
Julie Schwartz
Reddit, Inc. c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Email: jnunezlopez@perkinscoie.com
        jschwartz@perkinscoie.com


Re:    M.S. et al., v. Oliver Angus, et al.
       2:23-cv-09957-SRM-MAR

Dear Counsel,

You were previously served on February 12, 2025, and June 6, 2025, with Plaintiff's subpoena for records of Defendant Oliver Angus, which is enclosed.

Defendant moved to quash that subpoena. The Court has now ruled on that Motion. I am enclosing that order here for your review. The Court denied all aspects of the Motion to Quash except one subsection as to Google only. Therefore, Reddit should produce all responsive documents as soon as possible.

Please advise as to when we can expect production.


Sincerely,

*Morgan Ricketts*

Morgan Ricketts


128 North Fair Oaks Avenue, Pasadena, California 91103
Tel: 626.585.9600 • Fax: 626.577.7079 • www.hadsellstormer.com
Pasadena | Los Angeles | Garden Grove

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                           Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Present: The Honorable:  MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**      **(In Chambers) ORDER RE: MOTIONS TO QUASH, DKTS. 149, 154**

## I.
## <u>BACKGROUND</u>

On November 22, 2023, Plaintiffs M.S. and S.H. ("Plaintiffs"), by and through their respective guardians, filed the original complaint naming two primary groups of Defendants: (1) O.A. and his parents, Michael and Jamie Angus ("Family Defendants"); and (2) the Santa Monica Malibu Unified School District ("the District") and several of its administrators, including Superintendent Antonio Shelton, Santa Monica High School Principals Marae Cruce and Gregory Pitts, and ten unnamed Doe defendants ("District Defendants").  ECF. Docket No. ("Dkt.") 1 ¶¶ 7–15.[1]  Plaintiffs filed the operative Third Amended Complaint ("TAC") on October 21, 2024, naming the same Defendants.  Dkt. 108 ¶¶ 7–15.  Plaintiffs and Defendant O.A. were classmates at Santa Monica High School.  Id. ¶ 1. Plaintiffs allege that O.A. physically, emotionally, and sexually abused them both on and off campus.  Id. ¶¶ 20–35.  Plaintiffs allege that the District Defendants were aware of O.A's abuses that happened on school grounds and failed to take any action to protect them from O.A. because they were students with disabilities who[m] [the District] treated differently and as less important."  Id. ¶¶ 36–51.  Plaintiffs brought this action alleging numerous civil rights violations under federal law as well as several state law torts.  Id. ¶¶ 52–148.

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                     Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

Between February 12, 2025, and June 6, 2025, Plaintiffs served subpoenas on several technological companies—Reddit, TikTok, Apple, Google, and Meta— seeking the production of information related to O.A.'s online and social media accounts.  Dkt. 149 ("Defs.' MTQ") at 6–7, 14–16.  Defendants contend that the subpoenas are overbroad, were improperly served, seek privileged and protected information, and impose an undue burden.  Id. at 10–19.  The parties discussed the subpoenas and met and conferred several times but remain at an impasse.  Id. at 7–10. Accordingly, Defendants filed a motion to quash the subpoenas on July 2, 2025, which is before the Court on the parties' joint stipulation.  Dkt. 149.

Additionally, on June 5, 2025, Plaintiffs' counsel served a subpoena on the Santa Monica Police Department, a non-party, requesting the production of documents stemming from its separate investigation into O.A.  Dkt. 154 ("City's MTQ") at 2.  The subpoena encompasses "data and photographs from [O.A.'s] cellular phone," including "images of the genitalia of a minor."  Id.

Plaintiffs and the City of Santa Monica ("the City") discussed the subpoena after service and met and conferred on July 7, 2025.  Id.  However, Plaintiffs and the City remain at an impasse, and the City served objections to the subpoena on July 7, 2025.  Id.  The City primarily argues that it cannot produce responsive documents because a California juvenile court ordered the City to seal and destroy the records, and that transmission of the genitalia images may constitute a state or federal crime. Id. at 2–3.  Accordingly, the City filed this motion to quash the subpoena, which is before the Court on the City and parties' joint stipulation.  Dkt. 154.  On August 20, 2025, both the City and Plaintiffs filed a supplemental memorandum.  Dkts. 166 ("City's Supp. Memo"); 167 ("Pls.' Supp. Memo").

///

///

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

The Court finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons discussed below, Defendants' motion to quash is **GRANTED in part** and **DENIED in part** and the City's motion to quash is **GRANTED**.

## II.
## GENERAL STANDARDS

Generally, under the Federal Rules of Civil Procedure,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

Rule 45 of the Federal Rules of Civil Procedure governs the issuing and service of subpoenas on nonparties.  Fed. R. Civ. P. 45.  If necessary to enforce that subpoena, a party may move to compel the nonparty to comply in the court where the discovery is to be taken.  Fed. R. Civ. P. 37(a)(1)–(2).  Under Rule 45, a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or if the subpoena "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv); see also Fed. R. Civ. P. 45(d)(1) (party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

Whether a subpoena imposes an undue burden on a particular witness is a "case specific inquiry."  Thayer v. Chiczewski, 257 F.R.D. 466, 469 (N.D. Ill. 2009) (internal quotations and citations omitted).  "To determine whether a subpoena imposes undue burden on the recipient, the Court must balance the relevance of information sought, the requesting party's need for the information, and the extent of the burden imposed."  Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon, No. 2:13-cv-04392-ODW(CWx), 2013 WL 12139833, at *3 (C.D. Cal. Aug. 7, 2013).

Generally, the scope of discovery available through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b).  Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc., No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm. note to 1970 amendment).  However, while discovery should not be unnecessarily restricted, nonparty discovery is more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents.  Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980).  Accordingly, "concern for the unwanted burden thrust upon nonparties is a factor entitled to special weight in evaluating the balance of competing needs."  Cusumano v. Microsoft Corp., 162 F.3d

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

708, 717 (1st Cir. 1998).  However, "third party discovery is a time-honored device to get at the truth of a claim or defense.  A party in litigation is not obligated to take the word of an opponent regarding what relevant documents do or do not exist."  L.G. Philips LCD Co., Ltd v. Tatung Co., No. C 07 80073WHA, 2007 WL 869256, at *2 (N.D. Cal. Mar. 20, 2007).

## III.
## DISCUSSION

## A.    THE FAMILY DEFENDANTS' MOTION TO QUASH

First, Defendants contend that Plaintiffs' internet subpoenas were improperly served because Plaintiffs notified Defendants about the subpoenas after serving already serving three on Reddit, Apple, and Google.  Defs.' MTQ at 12.  Defendants assert that the "untimely service . . . created an unnecessary burden . . . and hindered the efficient progression of the case."  Id.  Second, Defendants argue that Plaintiffs' subpoenas violate their "constitutional right to privacy, their First Amendment right to anonymous and free speech, and violate the Stored Communications Act" ("SCA").  Id. at 12–13.  Third, Defendants claim that the subpoenas impose an undue burden because they constitute "an unchartered boundless fishing expedition."  Id. at 18–19.

In response, Plaintiffs contend that the inadvertent and untimely notice of the subpoenas did not prejudice Defendants.  Id. at 23–24.  Additionally, Plaintiffs assert that their subpoenas do not violate the SCA because they only seek the "non-content user and account information for a four-year period coinciding with the abuse."  Id. at 22.  Furthermore, Plaintiffs maintain that social media posts are not privileged or private and are relevant to O.A.'s state of mind.  Id. at 28–29.  Lastly, Plaintiffs argue that they should be able to discover O.A.'s social media and online activities because:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:    *M.S., et al. v. Oliver Angus, et al.*

they could prove several of Plaintiffs' allegations; Plaintiffs already have evidence showing O.A. used these platforms to abuse and harass Plaintiffs online; and O.A.'s online activities could show that he is not as intellectually deficient as Defendants claim.  Id. at 26–28.

## 1.    Notice and timing under Rule 45

Defendants move to quash on the grounds that: (1) they were not properly provided with advance notice as required by Federal Rule of Civil Procedure ("Rule") 45(a)(4); and (2) Plaintiffs did not provide the technology companies reasonable time to comply with the subpoena as required by Rule 45(d)(3)(A)(i).  Defs.' MTQ at 11. Here, Defendants have standing to move to quash on the ground that Rule 45(a)(4)'s prior notice requirement was not met; however, Defendants do not have standing to challenge a potentially unreasonable production deadline under Rule 45(d)(3)(A)(i). See Littlefield v. NutriBullet, L.L.C., No. CV 16-6894 MWF (SSX), 2018 WL 5264148, at *4–*5 (C.D. Cal. Jan. 22, 2018) (holding defendant did "have standing to object to the [non-party] subpoenas on the ground that Rule 45's prior notice requirement was not met," but not on the ground that "the production deadline was unreasonable").  Accordingly, the Court overrules Defendants' objections with respect to the technology companies' production deadline and will only address Defendants' Rule 45(a)(4) notice arguments.

Here, Plaintiffs concede that they "inadvertently failed to timely serve their third-party subpoenas for social media information on Defendants."  Defs.' MTQ at 24.  However, it does not appear that Plaintiffs' delay prejudiced Defendants.

In a previous order denying Plaintiffs' motion to quash Defendants' subpoenas for untimely service, this Court explained:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:      *M.S., et al. v. Oliver Angus, et al.*

> Importantly, Defendants instructed their process server not to forward
> Defendants any documents obtained from the subpoenas until Plaintiffs
> had an opportunity to seek court intervention.  Given that the subpoenas
> have been effectively paused until the Court hears and adjudicates
> Plaintiffs' challenges to the subpoenas, the Court tends to agree with
> Defendants that Plaintiffs have not been prejudiced by the delay. The
> Court notes that there are no allegations of bad faith or gamesmanship.
> The Court also notes that Defendants do not argue that any of Plaintiffs'
> arguments should be deemed waived as untimely. Otherwise, the Court
> cannot discern, and Plaintiffs have not articulated, the potential for any
> specific prejudice resulting from the delay in receiving notice.

Dkt. 130 at 5.

The reasons that led this Court to deny Plaintiffs' motion to quash apply equally here to Defendants' motion.  "Plaintiffs immediately informed their deposition officer not to forward any documents produced until Defendants had an opportunity to seek court intervention."  Defs.' MTQ at 24. Additionally, Defendants make no allegation of bad faith or gamesmanship, and Plaintiffs make no argument that any of Defendants' arguments should be deemed waived as timely.  Accordingly, like with Defendants' previous subpoenas, this Court cannot discern the potential for any specific prejudice resulting from the delay in receiving notice that is sufficient to quash Plaintiffs' subpoenas.  See Est. of Najera-Aguirre v. Cnty. of Riverside, No. EDCV 18-762- DMG-SPX, 2019 WL 4452975, at *3 (C.D. Cal. June 13, 2019) (explaining that most courts "have held that the consequences of untimely notice should not be an automatic quashing of the subpoena, at least in the absence of prejudice to the opposing party") (quoting 9A Wright & Miller, Federal Practice and Procedure § 2454, p. 406); see also Littlefield, 2018 WL 5264148, at *5 (same) (collecting cases).  Defendants' notice objections are overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:     _M.S., et al. v. Oliver Angus, et al._

### 2.      Defendants' constitutional and statutory arguments

Here, Defendants contend that the subpoenas at issue invade their constitutional right to privacy and First Amendment rights to anonymous and free speech.  Defs.' MTQ at 14.  Additionally, Defendants assert that the subpoenas "seek [the] contents of stored communications associated with various online accounts" in violation of the SCA.  Id. at 13.  Defendants particularly object that the subpoenas seek the "means and source of payment" for each technological service, because that language could require Defendants to disclose the irrelevant and private financial information of the District employees that set up O.A.'s Google account.  Id. at 13–14.  Plaintiffs respond that O.A. does not enjoy a right to privacy in his social media activities; Defendants provide no authority indicating the subpoenas violate their First Amendment rights; and that the subpoenas do not violate the SCA because they only seek the metadata, not the content, associated with O.A.'s online accounts.  Id. at 21–23, 28–29.

### a.      Privacy concerns

First, Plaintiffs are correct that "[g]enerally, [social networking site] content is neither privileged nor protected by any right to privacy."  Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (quotations and citation omitted); see also Voe v. Roman Cath. Archbishop of Portland in Or., No. 3:14-CV-01016-SB, 2015 WL 12669899, at *2 (D. Or. Mar. 10, 2015) ("The content of social networking sites is not protected from discovery merely because a party deems the content 'private'.") (cleaned up) (citation omitted).  Furthermore, Plaintiffs have made a strong showing that O.A.'s social media habits are relevant to this case for several reasons: Plaintiffs allege that O.A. bullied and groomed them online for six years and only seek four years of information; O.A. recorded the abuse of Plaintiffs and divulged it online; O.A. "posted publicly in favor of celebrities accused of sexual assault;" and his social

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

media habits may show that O.A. knew his conduct was wrong, and was not entitled to special education services, and functioned at a higher intellectual level than the Family Defendants contend.  Defs.' MTQ at 21–22, 26–28; see also Hinostroza v. Denny's Inc., No. 2:17-cv-2561-RFB-NJK, 2018 WL 3212014, *6 (D. Nev. June 29, 2018) ("Courts within the Ninth Circuit have permitted discovery of a party's social media information and communications where the request was narrowed by websites or platforms, time-period, and content related to the case.") (collecting cases).

On the other hand, Defendants cite no case law supporting their assertion that the subpoenas seeking the metadata, let alone the actual contents, of O.A.'s social media accounts invade his rights to privacy.  Furthermore, Defendants offer no explanation why the protective order already in place is insufficient to address their privacy concerns.  Dkt. 147; see also Botta v. PricewaterhouseCoopers LLP, No. 18-cv-02615-RS (LB), 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018) (explaining that when "a plaintiff initiates an employment lawsuit, his privacy interest in employment records is reduced," and finding the parties' protective order sufficient to address plaintiff's privacy concerns); see also United States v. City of Hesperia, No. EDCV 19-2298-AB (SPx), 2021 WL 5034381, at *13 (C.D. Cal. June 17, 2021) (finding protective order sufficient to protect third-party's privacy interests in data regarding contacts with the criminal justice system after defendants failed to explain why the protective order was insufficient).

Accordingly, Defendants' privacy concerns are largely insufficient to quash or modify Plaintiffs' subpoenas and thus their objections on this basis are overruled.  However, the Court does agree with Defendants insofar as Plaintiffs' subpoenas seek the financial information of the District employee that set up O.A.'s school Google account.  The financial information of an uninvolved District employee is irrelevant to this case and confidential.  See Inland Empire Waterkeeper v. Columbia Steel, Inc., No. SACV 20-1062-FLA (ADSx), 2021 WL 4295138, at *3 (C.D. Cal. May 6, 2021)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

(explaining right to privacy under federal and California law encompasses personal financial information).  Thus, the Court **GRANTS** Defendants' motion to quash subsection 1(g) of Plaintiffs' subpoena to Google, which calls for  "[t]he means and source of payment for such a service (including bank account or credit card number").  Dkt. 149-1, Declaration of Alex Rodriguez in Support of Defendants' Motion to Quash ("Rodriguez Decl."), Ex. B, at 25.  Otherwise, Defendants' privacy objections are overruled.

### b.    Anonymous speech

Here, Defendants contend that Plaintiffs' subpoenas invade their "First Amendment right to anonymous and free speech."  Defs.' MTQ at 12, 14.  Plaintiffs respond by noting "Defendants offer no authority to support" this argument.  Id. at 29.

Indeed, the Supreme Court has held that "an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment."  McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 352 (1995).  Additionally, "online speech stands on the same footing as other speech," and "the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism'."  In re Anonymous Online Speakers, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting McIntyre, 514 U.S. at 341–42).

Anonymous online speech is clearly protected; however, Defendants make no showing that O.A. "deci[ded] to remain anonymous" with respect to any of his online accounts.  Indeed, one subpoena relates to his school-issued Google account, which could not possibly be anonymous, given the District created this account and O.A.'s

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

initials appear in his email address.  Defs.' MTQ at 14 (explaining the District set up the Google account); Dkt. 149-2, Declaration of Morgan E. Ricketts in Support of the Joint Stipulation ("Ricketts Decl."), Ex. M, at 6 (email showing O.A.'s school email address, which includes his initials).  Without any evidence or indication that O.A. actually engaged in anonymous speech on any of these platforms, this Court cannot find that Plaintiffs' subpoenas violate his First Amendment rights to engage in anonymous speech.  Accordingly, Defendants First Amendment objections are overruled.

> ### c.   SCA

The SCA, which applies to civil subpoenas, states that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."  18 U.S.C. § 2702(a)(1); see also Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 974 (holding a party had standing to quash non-party subpoena on the grounds that the subpoena sought information protected by the SCA).  The "contents" of a "wire, oral, or electronic communication" is defined as "any information concerning the substance, purport, or meaning of that communication."  Optiver Austl. Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors., No. C 12-80242 EJD PSG, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (citations omitted).

Defendants claim that Plaintiffs "seek contents of stored communications associated with various online accounts."  Defs.' MTQ at 16.  Plaintiffs argue that they have "limited their subpoenas to non-content user and account information over a four[-]year period coinciding with the abuse."  Id. at 22.  For example, Plaintiffs seek the date and time of posts and messages, the size of media files attached to posts, and whether photos or videos had been manipulated.  Id.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

In reviewing the subpoenas at issue here, the Court agrees with Plaintiffs because the subpoenas explicitly seek only non-content information.  The subpoenas seek "subscriber information," such as contact information related to the account; "transactional information," including the devices associated with the account, O.A.'s activities online, and the size of videos and photos uploaded; and "non-content information" that is "ordinarily captured" by the responding company.  See, e.g., Rodriguez Decl., Ex. A, at 13–19.  Furthermore, for any request that may encompass potential "contents," Plaintiffs explicitly call for the responding company to "exclude[e] information that may contain content data."  Id. at 14–18.  Indeed, Defendants even state that Plaintiffs' subpoenas "seek[] non-content information." Defs.' MTQ at 18.  Accordingly, because, as discussed above, the information Plaintiffs seek appears highly relevant, they are "entitled to such non-content metadata, and such metadata [they] shall receive."  Optiver, 2013 WL 256771, at *3 (finding that plaintiff could discover non-content metadata even though the court "struggle[d] to understand how such information would be helpful [to plaintiff]"). Defendants' SCA objections are overruled.

### 3.      Undue burden and other miscellaneous objections

Defendants contend that Plaintiffs' subpoena served on Apple specifically "imposes an undue burden" and "is not narrowly tailored."  Defs.' MTQ at 18. However, Defendants "lack[] standing to quash a subpoena on grounds that it is overbroad or unduly burdensome on a third party."  Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co., No. EDCV 15-979-JGB (SPx), 2016 WL 7486606, at *3 (C.D. Cal. Oct. 27, 2016) (citation omitted); see generally Crispin, 717 F. Supp. 2d at 973–74 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.") (quoting 9A Charles Wright & Arthur Miller, Federal Practice & Procedure, § 2459 (3d ed. 2008)).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                         Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Thus, the Court overrules Defendants' undue burden and relevance objections.  In any event, as discussed above, Plaintiffs' subpoenas appear relevant and proportionate to the needs of the case given their allegations that O.A. abused and groomed Plaintiffs and disseminated nude photographs of Plaintiffs on these platforms, and to rebut Defendants' defenses that O.A. is not high-functioning mentally and the sexual encounters were consensual.

Defendants also assert that Plaintiffs' subpoenas may uncover O.A.'s educational records and privileged communications between Defendants and their attorneys.  Defs.' MTQ at 16–17.  Defendants offer little to no explanation for how these subpoenas would uncover the contents of O.A.'s educational records or attorney-client communications, given that the subpoenas seek non-content metadata.  Additionally, Defendants' vague and unspecific assertion of attorney-client privilege falls well below what is necessary to show that the information at issue is protected.  See, e.g., id. at 17 ("If Plaintiffs' subpoenas stand, then Plaintiffs will receive a plethora of documents, including potential communications between Defendants and their attorneys."); see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005) (emphasizing that "a proper assertion of privilege must be more specific than a generalized, boilerplate objection.").  Defendants simply assert that the attorney-client privilege may apply, without offering any explanation.  See In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992) (explaining that "the party asserting the [attorney-client] privilege must make a prima facie showing that the privilege" applies to the information sought); Kandel v. Brother Intern. Corp., 683 F. Supp. 2d 1076, 1083 (C.D. Cal. 2010) ("Like the attorney-client privilege, the party claiming work product immunity has the burden of proving the applicability of the doctrine.").  Accordingly, the Court overrules Defendants' objections on these grounds as well.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                  Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

In conclusion, the Court **GRANTS** Defendants' motion to quash with respect to subsection 1(g) of the Google subpoena but **DENIES** the remainder of their motion on all other grounds.

## B.   THE CITY OF SANTA MONICA'S MOTION TO QUASH

Here, the information Plaintiffs seek—police records of the investigation into O.A.'s alleged sexual abuse of Plaintiffs at issue in this lawsuit—is undoubtedly relevant.  However, the California juvenile court that oversaw O.A.'s delinquency proceedings has ordered these documents to be sealed and ultimately destroyed.  Dkt. 154-2, Declaration of Patricia Ford in Support of Santa Monica's Motion to Quash ("Ford Decl."), Ex. 7, at 46 (juvenile court ordering that "[a]ll records pertaining to [O.A.'s] dismissed petition in the custody of . . . Law Enforcement Agencies" be sealed and destroyed).  Under California state law, a person seeking access to a sealed juvenile case "shall petition the juvenile court," which must then determine whether disclosure is "detrimental to the safety, protection, or physical or emotional well-being of a child, minor, or person who is . . . connected to the juvenile case."  Cal. Welf. & Inst. Code § 827(3)(A).

"When confronted with a motion regarding access to sealed state court records, federal courts have recognized the 'sensitive issues of comity and federalism' raised by such a request."  Sabey v. Butterfield, No. 23-10957-PBS, 2025 WL 1043437, at *2 (D. Mass. Apr. 8, 2025) (quoting Resolution Trust Corp. v. Castellet, 156 F.R.D. 89, 92 (D.N.J. 1994)); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (explaining that "[e]very court has supervisory power over its own records and files").  "Federalism, comity, and abstention underpin a fundamental rule of law that controls here: a federal trial court cannot review, reconsider, or modify a decision by a state trial court."  United States v. Olson, No. 2:12-CR-327-APG-VCF, 2015 WL 1959850, at *2 (D. Nev. Apr. 29, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Abiding by these principals, "courts have generally required a party seeking sealed state court records pursuant to a subpoena to first petition the court holding such records." Sabey, 2025 WL 1043437, at *2 (requiring plaintiff to petition the juvenile court in accordance with state procedures "to unseal the records they seek pursuant to the subpoena"); see also Goldstein v. City of Long Beach, 603 F. Supp. 2d 1242, 1252 (C.D. Cal. 2009) (collecting cases and explaining they stood for the proposition that a "party seeking state grand jury material [must] petition the state court before seeking a federal ruling"); Wilfong v. City of Boise, No. 1:21-cv-298-BLW, 2022 WL 1912218, at *3 (D. Idaho June 3, 2022) (refusing to enforce a subpoena because of comity and federalism concerns and requiring plaintiff to "file a motion to unseal the records she [sought in accordance with] the procedures specifically detailed in the state court decision denying her previous public records request"). Thus, Plaintiffs must first attempt to recover the information they seek before this Court will consider enforcing the subpoena in contradiction to a state court's sealing order. See Shell v. Wall, 760 F. Supp. 545, 546 (W.D.N.C. 1991) ("The Court finds the intrusion into what is a statutorily defined part of the state court . . . to be deeply offensive to the notion of federalism, and one that should be avoided if at all possible.").

Plaintiffs argue that the Supremacy Clause requires the City to comply with the subpoena. City's MTQ at 23–24; see also U.S. Const. art. VI, cl. 2 (explaining federal law "shall be the supreme law of the land; and the judges in every state shall be bound thereby"). The Ninth Circuit has made clear that this Court has the authority to require the City to comply with the subpoena. See Gonzalez v. Spencer, 336 F.3d 832, 835 (9th Cir. 2003) (explaining a district court could order disclosure of state juvenile court records "notwithstanding state law"). However, whether this Court should exercise this authority is another matter; recognizing the competing constitutional concerns of federalism and comity, absent extraordinary circumstances, district courts in this circuit have generally required parties to petition the state court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                         Date:  September 2, 2025

Title:      *M.S., et al. v. Oliver Angus, et al.*

before ordering the production of documents that state court sealed.  See Wilfong, 2022 WL 1912218, at *3 (granting motion to quash and advising plaintiff to petition state court for sealed records); Olson, 2015 WL 1959850, at *2–*3 (refusing to enter order "to relieve a nonparty of the consequences of disobeying a state court [judge's sealing] order"); cf. Goldstein, 603 F. Supp. 2d at 1260 (ordering narrowly tailored disclosure of state grand jury transcripts in "one-of-a-kind case" where plaintiff was attempting "to establish that as a result of the malfeasance and neglect of prosecutors and police he served [twenty-four] years in prison for a crime he did not commit").  At this point, Plaintiffs have not established extraordinary circumstances to justify ordering the City to comply with the subpoena.  See Shell, 760 F. Supp. at 546 (finding there were not "extraordinary circumstances" to issue an order compelling the disclosure of sealed state grand jury records that would "tread on the finely woven federalist fabric on which this nation is founded").

Plaintiffs contend Bilbrew v. City of Hawthorne, where the court ordered plaintiff to produce his own juvenile court records, controls.  No. CV 11-8282-FMO, 2013 WL 12125749, at *3 (C.D. Cal. February 1, 2013); Pls.' Supp. Memo at 2–3. However, Bilbrew is inapposite.  In that case, the plaintiff objected to a request for production because a state court had sealed his juvenile court records.  Id. at *2. Critically though, the Bilbrew plaintiff sought to prevent disclosure of his own juvenile court records, even though he had "[publicly] announced his arrest via the filing of [the instant] federal action."  Id.  Here, Plaintiffs are not trying to prevent production of their own juvenile court records; they seek Defendant O.A.'s sealed juvenile court records, and unlike in Bilbrew, O.A. has not waived any privacy objections by making the underlying police investigation publicly available.

Furthermore, Plaintiffs argue that this Court's previous order requiring the Los Angeles Superior Court to respond to Plaintiffs' subpoena controls here.  City's MTQ at 23; Dkt. 117.  However, when this Court issued its previous order on December 4,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                     Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

2024, the juvenile court had not yet issued an order sealing all documents related to O.A.'s juvenile court proceedings.  See Ford Decl., Ex. 7, at 46 (juvenile court order entered on June 17, 2025).  As discussed above, the sealing order raises new concerns of federalism and comity that were not present when this Court issued its previous order.  Accordingly, this Court's previous order does not now require the Court to compel the City to respond to Plaintiffs' subpoena.

Lastly, given that Plaintiffs must first petition the juvenile court, the Court will determine the applicability of the official information privilege once the issue is ripe. See City's MTQ at 9 (the City arguing the official information privilege prevented disclosure of investigation records).

In conclusion, out of respect for the state court's sealing order, the Court **GRANTS** the City's motion to quash.  Furthermore, Plaintiffs must petition the state juvenile court that entered the sealing order before again asking this Court to enforce Plaintiffs' subpoena.  See Wilfong, 2022 WL 1912219, at *3 (granting city's motion to quash subpoena that sought sealed grand jury records and advising plaintiff "to file a motion to unseal the records" in state court).

### C.     COSTS AND FEES

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) ("Rule 37"), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  Pursuant to Rule 37(a)(5)(B), if a discovery motion is denied, "the court . . . must, after giving an opportunity to be heard, require

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the movant's positions were "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).

Here, the Court has granted the City's motion to quash, while essentially denying Defendants' motion to quash in its entirety.  Neither party, nor the City, seeks expenses.  In any case, the parties' arguments were not unreasonable and given that this Court overruled components of each of the parties' objections, the Court declines to apportion costs and fees.  Accordingly, each party shall bear its own costs and fees on this matter.

## IV.
## ORDER

**IT IS THEREFORE ORDERED** that:

1)   Defendants' motion to quash, Dkt. 149, is **GRANTED** with respect to subsection 1(g) of the Google subpoena;
2)   The remainder of Defendants' motion to quash, Dkt. 149, is **DENIED;**
3)   The City's motion to quash, Dkt. 154 is **GRANTED**; and
4)   the Court declines to apportion fees and costs.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

|  | : |
| --- | --- |
| **Initials of Preparer** | vv |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| M.S., I.H., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Reddit, Inc. c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC 215 N. Marengo Ave., Pasadena, CA 91101 (626) 744-1333 | Date and Time: 03/17/2025 10:00 am |
|---|---|

□ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     02/12/2025

| CLERK OF COURT | OR | *Morgan Ricketts* |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
M.S., I.H., et al.,_____ , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| DAN STORMER ESQ., Bar #101967<br>HADSELL STORMER & RENICK, LLP<br>128 N. FAIR OAKS AVENUE<br>PASADENA, CA 91103<br>Telephone No: 626-585-9600    FAX No: 626-577-7079 | | |

Ref. No. or File No.:

Attorney for: Plaintiff

Insert name of Court, and Judicial District and Branch Court:

Plaintiff: M.S.

Defendant: SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT

| PROOF OF SERVICE<br>SUBPOENA | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA

3. a. *Party served:*  REDDIT, INC.
   b. *Person served:*  CRYSTAL COLLINS, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*  CSC, LAWYERS INCORPORATING SERVICE
   2710 GATEWAY OAKS DRIVE
   SUITE 150 N
   SACRAMENTO, CA 95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Thu., Feb. 13, 2025 (2) at: 11:07AM
   b. *I received this subpoena for service on:*  Wednesday, February 12, 2025

6. *Witness fees were not demanded or paid.*

7. **Person Who Served Papers:**
   a. JEREMY GLAZE

   **2300 P Street**
   **Sacramento, CA 95816**
   **(916) 498-0808**
   **FAX (916) 498-0817**

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*    $35.00

   e. I am: (3) registered California process server
      (i)   Independent Contractor
      (ii)  *Registration No.:*    2011-65
      (iii) *County:*    Sacramento

8. **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**

   Date: Fri, Feb. 14, 2025

   (JEREMY GLAZE)

| Judicial Council Form<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | PROOF OF SERVICE<br>SUBPOENA | | dst.489684 |
|---|---|---|---|

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Reddit Attachment**

The following records, data, or information for Reddit.com user OLIVER ANGUS identified with the username <u>OzoneMusicOpinions</u> between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information** related to the user OLIVER ANGUS, including:

   a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

   b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

   c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

   d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation or as far back as possible through June 18, 2024, including but not limited to uploading posts, making comments on other users' posts, reactions to other users' posts, saving or bookmarking other users' posts, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the Reddit app, *excluding* information that may contain content data, such as private messages.

   e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

   f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation or as far back as possible through June 18, 2024,

*excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Reddit features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Reddit, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Reddit, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n. Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o. Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q. For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r. For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s. All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t. The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u. All privacy settings and other account settings, including privacy settings for individual Reddit posts and activities, and all records showing which Reddit users have been blocked by OLIVER ANGUS's account and which accounts have blocked OLIVER ANGUS from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Reddit and any person regarding OLIVER ANGUS's Reddit account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Reddit may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user OLIVER ANGUS, including:

a. Any other information ordinarily captured by Reddit in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Central District of California

| | |
|---|---|
| M.S., I.H., et al.,<br>*Plaintiff*<br>v.<br>Oliver Angus, Jamie Angus, Michael Angus, et al.,<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  2:23-cv-09957-MWF-MAR

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         Reddit, Inc. c/o Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC<br>215 N. Marengo Ave., Pasadena, CA 91101<br>(626) 744-1333 | Date and Time:<br><br>07/09/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:         06/06/2025

| CLERK OF COURT | OR | |
|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | *Morgan Ricketts*<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*          Plaintiffs
M.S., I.H., et al., _____ , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| DAN STORMER ESQ., Bar #101967<br>HADSELL STORMER & RENICK, LLP<br>128 N. FAIR OAKS AVENUE<br>PASADENA, CA 91103<br>Telephone No: 626-585-9600    FAX No: 626-577-7079 | | |
| Attorney for: Plaintiff | Ref. No. or File No.: | |

*Insert name of Court, and Judicial District and Branch Court:*

*Plaintiff:* M.S.

*Defendant:* SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT

| PROOF OF SERVICE SUBPOENA | Hearing Date:<br>Wed, Jul. 09, 2025 | Time:<br>10:00AM | Dept/Div: | Case Number:<br>2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA

3. a. *Party served:*      REDDIT, INC.
    b. *Person served:*     REBECCA VANG, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*     CSC, LAWYERS INCORPORATING SERVICE
                                      2710 GATEWAY OAKS DRIVE
                                      SUITE 150 N
                                      SACRAMENTO, CA 95833

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Mon., Jun. 09, 2025 (2) at: 12:55PM
    b. *I received this subpoena for service on:*     Friday, June 06, 2025

6. *Witness fees were not demanded or paid.*

7. ***Person Who Served Papers:***
    a. CHRISTOPHER I WHITCOMB

       **2300 P Street
       Sacramento, CA 95816
       (916) 498-0808
       FAX (916) 498-0817**

                     Recoverable Cost Per CCP 1033.5(a)(4)(B)
    d. ***The Fee for Service was:***     $55.00

    e. I am: (3) registered California process server
          *(i)*    Independent Contractor
          *(ii)*   *Registration No.:*     2020-34
          *(iii)*   *County:*             Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    *Date:* **Mon, Jun. 09, 2025**

                                                              (CHRISTOPHER I WHITCOMB)

Judicial Council Form                     PROOF OF SERVICE                                dst.497497
Rule 2.150.(a)&(b) Rev January 1, 2007               SUBPOENA

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**Reddit Attachment**

The following records, data, or information for Reddit.com user OLIVER ANGUS identified with the username <u>Professional-Goal582</u> between the dates of April 17, 2020, through June 6, 2025:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

    a.  Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

    b.  Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

    c.  Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

    d.  Addresses associated with the account(s).

    e.  Billing records or records of session times and durations.

    f.  Length of service and types of service utilized.

    g.  The means and source of payment for such a service (including bank account or credit card number).

    h.  All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

    i.  Status of account(s).

/ / /

2. **All Transactional Information** related to the user OLIVER ANGUS, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OLIVER ANGUS account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation or as far back as possible through June 18, 2024, including but not limited to uploading posts, making comments on other users' posts, reactions to other users' posts, saving or bookmarking other users' posts, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the Reddit app, *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation or as far back as possible through June 18, 2024,

*excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Reddit features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Reddit, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Reddit, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o.  Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r.  For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s.  All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t.  The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u.  All privacy settings and other account settings, including privacy settings for individual Reddit posts and activities, and all records showing which Reddit users have been blocked by OLIVER ANGUS's account and which accounts have blocked OLIVER ANGUS from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v.  All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Reddit and any person regarding OLIVER ANGUS's Reddit account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Reddit may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account, including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user OLIVER ANGUS, including:

a. Any other information ordinarily captured by Reddit in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

Ex. 11



September 4, 2025

**<u>VIA PERSONAL SERVICE</u>**

Meta Platforms, Inc.
1 Meta Way
Menlo Park, CA 94025

      Re:   <u>M.S. et al., v. Oliver Angus, et al.</u>
           2:23-cv-09957-SRM-MAR

Dear Counsel,

You were previously served on February 24, 2025, with Plaintiff's subpoena for records of Defendant Oliver Angus, which is enclosed.

Defendant moved to quash that subpoena. The Court has now ruled on that Motion. I am enclosing that order here for your review. The Court denied all aspects of the Motion to Quash except one subsection as to Google only. Therefore, Meta should produce all responsive documents as soon as possible.

Please advise as to when we can expect production.

                     Sincerely,

                     Morgan Ricketts

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                          Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**        (In Chambers) ORDER RE: MOTIONS TO QUASH, DKTS. 149, 154

### I.
### BACKGROUND

On November 22, 2023, Plaintiffs M.S. and S.H. ("Plaintiffs"), by and through their respective guardians, filed the original complaint naming two primary groups of Defendants: (1) O.A. and his parents, Michael and Jamie Angus ("Family Defendants"); and (2) the Santa Monica Malibu Unified School District ("the District") and several of its administrators, including Superintendent Antonio Shelton, Santa Monica High School Principals Marae Cruce and Gregory Pitts, and ten unnamed Doe defendants ("District Defendants").  ECF. Docket No. ("Dkt.") 1 ¶¶ 7–15.[1]  Plaintiffs filed the operative Third Amended Complaint ("TAC") on October 21, 2024, naming the same Defendants.  Dkt. 108 ¶¶ 7–15.  Plaintiffs and Defendant O.A. were classmates at Santa Monica High School.  Id. ¶ 1. Plaintiffs allege that O.A. physically, emotionally, and sexually abused them both on and off campus.  Id. ¶¶ 20–35.  Plaintiffs allege that the District Defendants were aware of O.A's abuses that happened on school grounds and failed to take any action to protect them from O.A. because they were students with disabilities who[m] [the District] treated differently and as less important."  Id. ¶¶ 36–51.  Plaintiffs brought this action alleging numerous civil rights violations under federal law as well as several state law torts.  Id. ¶¶ 52–148.

---

[1] All citations to electronically filed documents refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Between February 12, 2025, and June 6, 2025, Plaintiffs served subpoenas on several technological companies—Reddit, TikTok, Apple, Google, and Meta— seeking the production of information related to O.A.'s online and social media accounts.  Dkt. 149 ("Defs.' MTQ") at 6–7, 14–16.  Defendants contend that the subpoenas are overbroad, were improperly served, seek privileged and protected information, and impose an undue burden.  Id. at 10–19.  The parties discussed the subpoenas and met and conferred several times but remain at an impasse.  Id. at 7–10. Accordingly, Defendants filed a motion to quash the subpoenas on July 2, 2025, which is before the Court on the parties' joint stipulation.  Dkt. 149.

Additionally, on June 5, 2025, Plaintiffs' counsel served a subpoena on the Santa Monica Police Department, a non-party, requesting the production of documents stemming from its separate investigation into O.A.  Dkt. 154 ("City's MTQ") at 2.  The subpoena encompasses "data and photographs from [O.A.'s] cellular phone," including "images of the genitalia of a minor."  Id.

Plaintiffs and the City of Santa Monica ("the City") discussed the subpoena after service and met and conferred on July 7, 2025.  Id.  However, Plaintiffs and the City remain at an impasse, and the City served objections to the subpoena on July 7, 2025.  Id.  The City primarily argues that it cannot produce responsive documents because a California juvenile court ordered the City to seal and destroy the records, and that transmission of the genitalia images may constitute a state or federal crime. Id. at 2–3.  Accordingly, the City filed this motion to quash the subpoena, which is before the Court on the City and parties' joint stipulation.  Dkt. 154.  On August 20, 2025, both the City and Plaintiffs filed a supplemental memorandum.  Dkts. 166 ("City's Supp. Memo"); 167 ("Pls.' Supp. Memo").
///
///

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

The Court finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons discussed below, Defendants' motion to quash is **GRANTED in part** and **DENIED in part** and the City's motion to quash is **GRANTED**.

## II.
## GENERAL STANDARDS

Generally, under the Federal Rules of Civil Procedure,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:  *M.S., et al. v. Oliver Angus, et al.*

Rule 45 of the Federal Rules of Civil Procedure governs the issuing and service of subpoenas on nonparties.  Fed. R. Civ. P. 45.  If necessary to enforce that subpoena, a party may move to compel the nonparty to comply in the court where the discovery is to be taken.  Fed. R. Civ. P. 37(a)(1)–(2).  Under Rule 45, a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or if the subpoena "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv); see also Fed. R. Civ. P. 45(d)(1) (party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

Whether a subpoena imposes an undue burden on a particular witness is a "case specific inquiry."  Thayer v. Chiczewski, 257 F.R.D. 466, 469 (N.D. Ill. 2009) (internal quotations and citations omitted).  "To determine whether a subpoena imposes undue burden on the recipient, the Court must balance the relevance of information sought, the requesting party's need for the information, and the extent of the burden imposed."  Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon, No. 2:13-cv-04392-ODW(CWx), 2013 WL 12139833, at *3 (C.D. Cal. Aug. 7, 2013).

Generally, the scope of discovery available through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b).  Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc., No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm. note to 1970 amendment).  However, while discovery should not be unnecessarily restricted, nonparty discovery is more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents.  Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980).  Accordingly, "concern for the unwanted burden thrust upon nonparties is a factor entitled to special weight in evaluating the balance of competing needs."  Cusumano v. Microsoft Corp., 162 F.3d

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                           Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

708, 717 (1st Cir. 1998).  However, "third party discovery is a time-honored device to get at the truth of a claim or defense.  A party in litigation is not obligated to take the word of an opponent regarding what relevant documents do or do not exist."  L.G. Philips LCD Co., Ltd v. Tatung Co., No. C 07 80073WHA, 2007 WL 869256, at *2 (N.D. Cal. Mar. 20, 2007).

## III.
## DISCUSSION

## A.   THE FAMILY DEFENDANTS' MOTION TO QUASH

First, Defendants contend that Plaintiffs' internet subpoenas were improperly served because Plaintiffs notified Defendants about the subpoenas after serving already serving three on Reddit, Apple, and Google.  Defs.' MTQ at 12.  Defendants assert that the "untimely service . . . created an unnecessary burden . . . and hindered the efficient progression of the case."  Id.  Second, Defendants argue that Plaintiffs' subpoenas violate their "constitutional right to privacy, their First Amendment right to anonymous and free speech, and violate the Stored Communications Act" ("SCA").  Id. at 12–13.  Third, Defendants claim that the subpoenas impose an undue burden because they constitute "an unchartered boundless fishing expedition."  Id. at 18–19.

In response, Plaintiffs contend that the inadvertent and untimely notice of the subpoenas did not prejudice Defendants.  Id. at 23–24.  Additionally, Plaintiffs assert that their subpoenas do not violate the SCA because they only seek the "non-content user and account information for a four-year period coinciding with the abuse."  Id. at 22.  Furthermore, Plaintiffs maintain that social media posts are not privileged or private and are relevant to O.A.'s state of mind.  Id. at 28–29.  Lastly, Plaintiffs argue that they should be able to discover O.A.'s social media and online activities because:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                           Date:  September 2, 2025

Title:      *M.S., et al. v. Oliver Angus, et al.*

they could prove several of Plaintiffs' allegations; Plaintiffs already have evidence
showing O.A. used these platforms to abuse and harass Plaintiffs online; and O.A.'s
online activities could show that he is not as intellectually deficient as Defendants
claim.  Id. at 26–28.

> 1.      **Notice and timing under Rule 45**

Defendants move to quash on the grounds that: (1) they were not properly
provided with advance notice as required by Federal Rule of Civil Procedure ("Rule")
45(a)(4); and (2) Plaintiffs did not provide the technology companies reasonable time
to comply with the subpoena as required by Rule 45(d)(3)(A)(i).   Defs.' MTQ at 11.
Here, Defendants have standing to move to quash on the ground that Rule 45(a)(4)'s
prior notice requirement was not met; however, Defendants do not have standing to
challenge a potentially unreasonable production deadline under Rule 45(d)(3)(A)(i).
See Littlefield v. NutriBullet, L.L.C., No. CV 16-6894 MWF (SSX), 2018 WL
5264148, at *4–*5 (C.D. Cal. Jan. 22, 2018) (holding defendant did "have standing to
object to the [non-party] subpoenas on the ground that Rule 45's prior notice
requirement was not met," but not on the ground that "the production deadline was
unreasonable").  Accordingly, the Court overrules Defendants' objections with respect
to the technology companies' production deadline and will only address Defendants'
Rule 45(a)(4) notice arguments.

Here, Plaintiffs concede that they "inadvertently failed to timely serve their
third-party subpoenas for social media information on Defendants."  Defs.' MTQ at
24.  However, it does not appear that Plaintiffs' delay prejudiced Defendants.

In a previous order denying Plaintiffs' motion to quash Defendants' subpoenas
for untimely service, this Court explained:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:      *M.S., et al. v. Oliver Angus, et al.*

> Importantly, Defendants instructed their process server not to forward Defendants any documents obtained from the subpoenas until Plaintiffs had an opportunity to seek court intervention.  Given that the subpoenas have been effectively paused until the Court hears and adjudicates Plaintiffs' challenges to the subpoenas, the Court tends to agree with Defendants that Plaintiffs have not been prejudiced by the delay. The Court notes that there are no allegations of bad faith or gamesmanship. The Court also notes that Defendants do not argue that any of Plaintiffs' arguments should be deemed waived as untimely. Otherwise, the Court cannot discern, and Plaintiffs have not articulated, the potential for any specific prejudice resulting from the delay in receiving notice.

Dkt. 130 at 5.

The reasons that led this Court to deny Plaintiffs' motion to quash apply equally here to Defendants' motion.  "Plaintiffs immediately informed their deposition officer not to forward any documents produced until Defendants had an opportunity to seek court intervention."  Defs.' MTQ at 24. Additionally, Defendants make no allegation of bad faith or gamesmanship, and Plaintiffs make no argument that any of Defendants' arguments should be deemed waived as timely.  Accordingly, like with Defendants' previous subpoenas, this Court cannot discern the potential for any specific prejudice resulting from the delay in receiving notice that is sufficient to quash Plaintiffs' subpoenas.  See Est. of Najera-Aguirre v. Cnty. of Riverside, No. EDCV 18-762- DMG-SPX, 2019 WL 4452975, at *3 (C.D. Cal. June 13, 2019) (explaining that most courts "have held that the consequences of untimely notice should not be an automatic quashing of the subpoena, at least in the absence of prejudice to the opposing party") (quoting 9A Wright & Miller, Federal Practice and Procedure § 2454, p. 406); see also Littlefield, 2018 WL 5264148, at *5 (same) (collecting cases).  Defendants' notice objections are overruled.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

### 2.      Defendants' constitutional and statutory arguments

Here, Defendants contend that the subpoenas at issue invade their constitutional right to privacy and First Amendment rights to anonymous and free speech.  Defs.' MTQ at 14.  Additionally, Defendants assert that the subpoenas "seek [the] contents of stored communications associated with various online accounts" in violation of the SCA.  Id. at 13.  Defendants particularly object that the subpoenas seek the "means and source of payment" for each technological service, because that language could require Defendants to disclose the irrelevant and private financial information of the District employees that set up O.A.'s Google account.  Id. at 13–14.  Plaintiffs respond that O.A. does not enjoy a right to privacy in his social media activities; Defendants provide no authority indicating the subpoenas violate their First Amendment rights; and that the subpoenas do not violate the SCA because they only seek the metadata, not the content, associated with O.A.'s online accounts.  Id. at 21–23, 28–29.

### a.      Privacy concerns

First, Plaintiffs are correct that "[g]enerally, [social networking site] content is neither privileged nor protected by any right to privacy."  Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (quotations and citation omitted); see also Voe v. Roman Cath. Archbishop of Portland in Or., No. 3:14-CV-01016-SB, 2015 WL 12669899, at *2 (D. Or. Mar. 10, 2015) ("The content of social networking sites is not protected from discovery merely because a party deems the content 'private'.") (cleaned up) (citation omitted).  Furthermore, Plaintiffs have made a strong showing that O.A.'s social media habits are relevant to this case for several reasons: Plaintiffs allege that O.A. bullied and groomed them online for six years and only seek four years of information; O.A. recorded the abuse of Plaintiffs and divulged it online; O.A. "posted publicly in favor of celebrities accused of sexual assault;" and his social

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

media habits may show that O.A. knew his conduct was wrong, and was not entitled to special education services, and functioned at a higher intellectual level than the Family Defendants contend.  Defs.' MTQ at 21–22, 26–28; see also Hinostroza v. Denny's Inc., No. 2:17-cv-2561-RFB-NJK, 2018 WL 3212014, *6 (D. Nev. June 29, 2018) ("Courts within the Ninth Circuit have permitted discovery of a party's social media information and communications where the request was narrowed by websites or platforms, time-period, and content related to the case.") (collecting cases).

On the other hand, Defendants cite no case law supporting their assertion that the subpoenas seeking the metadata, let alone the actual contents, of O.A.'s social media accounts invade his rights to privacy.  Furthermore, Defendants offer no explanation why the protective order already in place is insufficient to address their privacy concerns.  Dkt. 147; see also Botta v. PricewaterhouseCoopers LLP, No. 18-cv-02615-RS (LB), 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018) (explaining that when "a plaintiff initiates an employment lawsuit, his privacy interest in employment records is reduced," and finding the parties' protective order sufficient to address plaintiff's privacy concerns); see also United States v. City of Hesperia, No. EDCV 19-2298-AB (SPx), 2021 WL 5034381, at *13 (C.D. Cal. June 17, 2021) (finding protective order sufficient to protect third-party's privacy interests in data regarding contacts with the criminal justice system after defendants failed to explain why the protective order was insufficient).

Accordingly, Defendants' privacy concerns are largely insufficient to quash or modify Plaintiffs' subpoenas and thus their objections on this basis are overruled. However, the Court does agree with Defendants insofar as Plaintiffs' subpoenas seek the financial information of the District employee that set up O.A.'s school Google account.  The financial information of an uninvolved District employee is irrelevant to this case and confidential.  See Inland Empire Waterkeeper v. Columbia Steel, Inc., No. SACV 20-1062-FLA (ADSx), 2021 WL 4295138, at *3 (C.D. Cal. May 6, 2021)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

(explaining right to privacy under federal and California law encompasses personal financial information).  Thus, the Court **GRANTS** Defendants' motion to quash subsection 1(g) of Plaintiffs' subpoena to Google, which calls for  "[t]he means and source of payment for such a service (including bank account or credit card number").  Dkt. 149-1, Declaration of Alex Rodriguez in Support of Defendants' Motion to Quash ("Rodriguez Decl."), Ex. B, at 25.  Otherwise, Defendants' privacy objections are overruled.

### b.    Anonymous speech

Here, Defendants contend that Plaintiffs' subpoenas invade their "First Amendment right to anonymous and free speech."  Defs.' MTQ at 12, 14.  Plaintiffs respond by noting "Defendants offer no authority to support" this argument.  Id. at 29.

Indeed, the Supreme Court has held that "an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment."  McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 352 (1995).  Additionally, "online speech stands on the same footing as other speech," and "the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism'."  In re Anonymous Online Speakers, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting McIntyre, 514 U.S. at 341–42).

Anonymous online speech is clearly protected; however, Defendants make no showing that O.A. "deci[ded] to remain anonymous" with respect to any of his online accounts.  Indeed, one subpoena relates to his school-issued Google account, which could not possibly be anonymous, given the District created this account and O.A.'s

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

initials appear in his email address.  Defs.' MTQ at 14 (explaining the District set up the Google account); Dkt. 149-2, Declaration of Morgan E. Ricketts in Support of the Joint Stipulation ("Ricketts Decl."), Ex. M, at 6 (email showing O.A.'s school email address, which includes his initials).  Without any evidence or indication that O.A. actually engaged in anonymous speech on any of these platforms, this Court cannot find that Plaintiffs' subpoenas violate his First Amendment rights to engage in anonymous speech.  Accordingly, Defendants First Amendment objections are overruled.


### c.    SCA


The SCA, which applies to civil subpoenas, states that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."  18 U.S.C. § 2702(a)(1); see also Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 974 (holding a party had standing to quash non-party subpoena on the grounds that the subpoena sought information protected by the SCA).  The "contents" of a "wire, oral, or electronic communication" is defined as "any information concerning the substance, purport, or meaning of that communication."  Optiver Austl. Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors., No. C 12-80242 EJD PSG, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (citations omitted).


Defendants claim that Plaintiffs "seek contents of stored communications associated with various online accounts."  Defs.' MTQ at 16.  Plaintiffs argue that they have "limited their subpoenas to non-content user and account information over a four[-]year period coinciding with the abuse."  Id. at 22.  For example, Plaintiffs seek the date and time of posts and messages, the size of media files attached to posts, and whether photos or videos had been manipulated.  Id.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

In reviewing the subpoenas at issue here, the Court agrees with Plaintiffs because the subpoenas explicitly seek only non-content information.  The subpoenas seek "subscriber information," such as contact information related to the account; "transactional information," including the devices associated with the account, O.A.'s activities online, and the size of videos and photos uploaded; and "non-content information" that is "ordinarily captured" by the responding company.  See, e.g., Rodriguez Decl., Ex. A, at 13–19.  Furthermore, for any request that may encompass potential "contents," Plaintiffs explicitly call for the responding company to "exclude[e] information that may contain content data."  Id. at 14–18.  Indeed, Defendants even state that Plaintiffs' subpoenas "seek[] non-content information." Defs.' MTQ at 18.  Accordingly, because, as discussed above, the information Plaintiffs seek appears highly relevant, they are "entitled to such non-content metadata, and such metadata [they] shall receive."  Optiver, 2013 WL 256771, at *3 (finding that plaintiff could discover non-content metadata even though the court "struggle[d] to understand how such information would be helpful [to plaintiff]"). Defendants' SCA objections are overruled.

> **3.     Undue burden and other miscellaneous objections**

Defendants contend that Plaintiffs' subpoena served on Apple specifically "imposes an undue burden" and "is not narrowly tailored."  Defs.' MTQ at 18. However, Defendants "lack[] standing to quash a subpoena on grounds that it is overbroad or unduly burdensome on a third party."  Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co., No. EDCV 15-979-JGB (SPx), 2016 WL 7486606, at *3 (C.D. Cal. Oct. 27, 2016) (citation omitted); see generally Crispin, 717 F. Supp. 2d at 973–74 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.") (quoting 9A Charles Wright & Arthur Miller, Federal Practice & Procedure, § 2459 (3d ed. 2008)).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Thus, the Court overrules Defendants' undue burden and relevance objections.  In any event, as discussed above, Plaintiffs' subpoenas appear relevant and proportionate to the needs of the case given their allegations that O.A. abused and groomed Plaintiffs and disseminated nude photographs of Plaintiffs on these platforms, and to rebut Defendants' defenses that O.A. is not high-functioning mentally and the sexual encounters were consensual.

Defendants also assert that Plaintiffs' subpoenas may uncover O.A.'s educational records and privileged communications between Defendants and their attorneys.  Defs.' MTQ at 16–17.  Defendants offer little to no explanation for how these subpoenas would uncover the contents of O.A.'s educational records or attorney-client communications, given that the subpoenas seek non-content metadata.  Additionally, Defendants' vague and unspecific assertion of attorney-client privilege falls well below what is necessary to show that the information at issue is protected.  See, e.g., id. at 17 ("If Plaintiffs' subpoenas stand, then Plaintiffs will receive a plethora of documents, including potential communications between Defendants and their attorneys."); see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005) (emphasizing that "a proper assertion of privilege must be more specific than a generalized, boilerplate objection.").  Defendants simply assert that the attorney-client privilege may apply, without offering any explanation.  See In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992) (explaining that "the party asserting the [attorney-client] privilege must make a prima facie showing that the privilege" applies to the information sought); Kandel v. Brother Intern. Corp., 683 F. Supp. 2d 1076, 1083 (C.D. Cal. 2010) ("Like the attorney-client privilege, the party claiming work product immunity has the burden of proving the applicability of the doctrine.").  Accordingly, the Court overrules Defendants' objections on these grounds as well.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

In conclusion, the Court **GRANTS** Defendants' motion to quash with respect to subsection 1(g) of the Google subpoena but **DENIES** the remainder of their motion on all other grounds.

## B.     THE CITY OF SANTA MONICA'S MOTION TO QUASH

Here, the information Plaintiffs seek—police records of the investigation into O.A.'s alleged sexual abuse of Plaintiffs at issue in this lawsuit—is undoubtedly relevant.  However, the California juvenile court that oversaw O.A.'s delinquency proceedings has ordered these documents to be sealed and ultimately destroyed.  Dkt. 154-2, Declaration of Patricia Ford in Support of Santa Monica's Motion to Quash ("Ford Decl."), Ex. 7, at 46 (juvenile court ordering that "[a]ll records pertaining to [O.A.'s] dismissed petition in the custody of . . . Law Enforcement Agencies" be sealed and destroyed).  Under California state law, a person seeking access to a sealed juvenile case "shall petition the juvenile court," which must then determine whether disclosure is "detrimental to the safety, protection, or physical or emotional well-being of a child, minor, or person who is . . . connected to the juvenile case."  Cal. Welf. & Inst. Code § 827(3)(A).

"When confronted with a motion regarding access to sealed state court records, federal courts have recognized the 'sensitive issues of comity and federalism' raised by such a request."  Sabey v. Butterfield, No. 23-10957-PBS, 2025 WL 1043437, at *2 (D. Mass. Apr. 8, 2025) (quoting Resolution Trust Corp. v. Castellet, 156 F.R.D. 89, 92 (D.N.J. 1994)); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (explaining that "[e]very court has supervisory power over its own records and files").  "Federalism, comity, and abstention underpin a fundamental rule of law that controls here: a federal trial court cannot review, reconsider, or modify a decision by a state trial court."  United States v. Olson, No. 2:12-CR-327-APG-VCF, 2015 WL 1959850, at *2 (D. Nev. Apr. 29, 2015).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

Abiding by these principals, "courts have generally required a party seeking sealed state court records pursuant to a subpoena to first petition the court holding such records."  Sabey, 2025 WL 1043437, at *2 (requiring plaintiff to petition the juvenile court in accordance with state procedures "to unseal the records they seek pursuant to the subpoena"); see also Goldstein v. City of Long Beach, 603 F. Supp. 2d 1242, 1252 (C.D. Cal. 2009) (collecting cases and explaining they stood for the proposition that a "party seeking state grand jury material [must] petition the state court before seeking a federal ruling"); Wilfong v. City of Boise, No. 1:21-cv-298-BLW, 2022 WL 1912218, at *3 (D. Idaho June 3, 2022) (refusing to enforce a subpoena because of comity and federalism concerns and requiring plaintiff to "file a motion to unseal the records she [sought in accordance with] the procedures specifically detailed in the state court decision denying her previous public records request").  Thus, Plaintiffs must first attempt to recover the information they seek before this Court will consider enforcing the subpoena in contradiction to a state court's sealing order.  See Shell v. Wall, 760 F. Supp. 545, 546 (W.D.N.C. 1991) ("The Court finds the intrusion into what is a statutorily defined part of the state court . . . to be deeply offensive to the notion of federalism, and one that should be avoided if at all possible.").

Plaintiffs argue that the Supremacy Clause requires the City to comply with the subpoena.  City's MTQ at 23–24; see also U.S. Const. art. VI, cl. 2 (explaining federal law "shall be the supreme law of the land; and the judges in every state shall be bound thereby").  The Ninth Circuit has made clear that this Court has the authority to require the City to comply with the subpoena.  See Gonzalez v. Spencer, 336 F.3d 832, 835 (9th Cir. 2003) (explaining a district court could order disclosure of state juvenile court records "notwithstanding state law").  However, whether this Court should exercise this authority is another matter; recognizing the competing constitutional concerns of federalism and comity, absent extraordinary circumstances, district courts in this circuit have generally required parties to petition the state court

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:     *M.S., et al. v. Oliver Angus, et al.*

before ordering the production of documents that state court sealed.  See Wilfong, 2022 WL 1912218, at *3 (granting motion to quash and advising plaintiff to petition state court for sealed records); Olson, 2015 WL 1959850, at *2–*3 (refusing to enter order "to relieve a nonparty of the consequences of disobeying a state court [judge's sealing] order"); cf. Goldstein, 603 F. Supp. 2d at 1260 (ordering narrowly tailored disclosure of state grand jury transcripts in "one-of-a-kind case" where plaintiff was attempting "to establish that as a result of the malfeasance and neglect of prosecutors and police he served [twenty-four] years in prison for a crime he did not commit"). At this point, Plaintiffs have not established extraordinary circumstances to justify ordering the City to comply with the subpoena.  See Shell, 760 F. Supp. at 546 (finding there were not "extraordinary circumstances" to issue an order compelling the disclosure of sealed state grand jury records that would "tread on the finely woven federalist fabric on which this nation is founded").

Plaintiffs contend Bilbrew v. City of Hawthorne, where the court ordered plaintiff to produce his own juvenile court records, controls.  No. CV 11-8282-FMO, 2013 WL 12125749, at *3 (C.D. Cal. February 1, 2013); Pls.' Supp. Memo at 2–3. However, Bilbrew is inapposite.  In that case, the plaintiff objected to a request for production because a state court had sealed his juvenile court records.  Id. at *2. Critically though, the Bilbrew plaintiff sought to prevent disclosure of his own juvenile court records, even though he had "[publicly] announced his arrest via the filing of [the instant] federal action."  Id.  Here, Plaintiffs are not trying to prevent production of their own juvenile court records; they seek Defendant O.A.'s sealed juvenile court records, and unlike in Bilbrew, O.A. has not waived any privacy objections by making the underlying police investigation publicly available.

Furthermore, Plaintiffs argue that this Court's previous order requiring the Los Angeles Superior Court to respond to Plaintiffs' subpoena controls here.  City's MTQ at 23; Dkt. 117.  However, when this Court issued its previous order on December 4,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

2024, the juvenile court had not yet issued an order sealing all documents related to O.A.'s juvenile court proceedings.  See Ford Decl., Ex. 7, at 46 (juvenile court order entered on June 17, 2025).  As discussed above, the sealing order raises new concerns of federalism and comity that were not present when this Court issued its previous order.  Accordingly, this Court's previous order does not now require the Court to compel the City to respond to Plaintiffs' subpoena.

Lastly, given that Plaintiffs must first petition the juvenile court, the Court will determine the applicability of the official information privilege once the issue is ripe.  See City's MTQ at 9 (the City arguing the official information privilege prevented disclosure of investigation records).

In conclusion, out of respect for the state court's sealing order, the Court **GRANTS** the City's motion to quash.  Furthermore, Plaintiffs must petition the state juvenile court that entered the sealing order before again asking this Court to enforce Plaintiffs' subpoena.  See Wilfong, 2022 WL 1912219, at *3 (granting city's motion to quash subpoena that sought sealed grand jury records and advising plaintiff "to file a motion to unseal the records" in state court).

## C.   COSTS AND FEES

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) ("Rule 37"), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  Pursuant to Rule 37(a)(5)(B), if a discovery motion is denied, "the court . . . must, after giving an opportunity to be heard, require

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                           Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the movant's positions were "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).

Here, the Court has granted the City's motion to quash, while essentially denying Defendants' motion to quash in its entirety.  Neither party, nor the City, seeks expenses.  In any case, the parties' arguments were not unreasonable and given that this Court overruled components of each of the parties' objections, the Court declines to apportion costs and fees.  Accordingly, each party shall bear its own costs and fees on this matter.

## IV.
## ORDER

**IT IS THEREFORE ORDERED** that:

1) Defendants' motion to quash, Dkt. 149, is **GRANTED** with respect to subsection 1(g) of the Google subpoena;
2) The remainder of Defendants' motion to quash, Dkt. 149, is **DENIED;**
3) The City's motion to quash, Dkt. 154 is **GRANTED**; and
4) the Court declines to apportion fees and costs.  Each party shall bear its own costs.

**IT IS SO ORDERED.**

|                      | :   |
|----------------------|-----|
| **Initials of Preparer** | vv  |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| M.S., I.H., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Meta Platforms, Inc.
1 Meta Way, Menlo Park, CA 94025

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC<br>215 N. Marengo Ave., Pasadena, CA 91101<br>(626) 744-1333 | Date and Time:<br><br>03/31/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    02/24/2025

| CLERK OF COURT | OR | |
|---|---|---|
| | | *Morgan Ricketts* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
M.S., I.H., et al.,                                     , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Morgan Ricketts SBN 268892**<br>**Hadsell Stormer Renick & Dai LLP**<br>**128 N Fair Oaks Ave. 204**<br>**Pasadena, CA 91103**<br>ATTORNEY FOR  **Plaintiff** | **(626) 585-9600** | |

| | |
|---|---|
| First Street Federal Courthouse Los Angeles<br>350 W 1st Street<br>Los Angeles, CA 90012 | |

| | |
|---|---|
| SHORT TITLE OF CASE:<br>S, M.S. , I.H., et al v. Angus, Oliver et al. | |

| DATE:<br>03/31/2025 | TIME:<br>10:00 AM | DEP./DIV. | CASE NUMBER:<br>2:23-cv-09957-MWF-MAR |
|---|---|---|---|
| | **Declaration of Service** | | Ref. No. or File No:<br>M.S. |

United States District Court

I certify that I am authorized to serve the Summons and Complaint in the within action pursuant to F.R.Civ.P 4(c) and that I served the:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION - Instagram(Meta).02-24-25**

On: **Meta Platforms, Inc.**

I served the summons at:

**1 Meta Wy  Menlo Park, CA 94025**

On: **2/24/2025**          Date:  **05:20 PM**

In the above mentioned action  by personally serving to and leaving with

**Luis Lopez  -  Lead Security/Authorized to Accept**

A declaration of diligence and/or mailing is attached if applicable

Person attempting service:

  a. Name: **Gregory Vartanian**
  b. Address: **500 Allerton Street Suite 105, Redwood City, CA 94063**
  c. Telephone number: **650-364-9612**
  d. **The fee** for this service was: **125.00**
  e. I am an independent contractor:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.

**Gregory Vartanian**          Date: **02/26/2025**

| | |
|---|---|
| **Declaration of Service** | **Invoice #: 11396444** |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**Instagram Attachment**

The following records, data, or information for Instagram user "OLIVER ANGUS" between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:
   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information** related to the user OLIVER ANGUS, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OzoneMusic5 account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the Instagram app, *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of

account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Instagram features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Instagram, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j. Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k. Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Instagram, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made from the time of account creation through June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o.  Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r. For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s. All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t. The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u. All privacy settings and other account settings, including privacy settings for individual Instagram posts and activities, and all records showing which Instagram users have been blocked by OLIVER ANGUS's account and which accounts have blocked OLIVER ANGUS from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Instagram and any person regarding OLIVER ANGUS's Instagram account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Instagram may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user OLIVER ANGUS, including:

a. Any other information ordinarily captured by Instagram in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

Ex. 12



HADSELL
STORMER
& RENICK
DAI | LLP

September 4, 2025

**VIA EMAIL & U.S. MAIL**
Bryan D. Pasciak
Elizabeth D. Peterson
Malcolm D. Coffman
TikTok Inc.
c/o 2710 Gateway Oaks Dr.
Sacramento, CA 95833

Email: bryan.pasciak@faegredrinker.com
    elizabeth.peterson@faegredrinker.com
    malcolm.coffman@faegredrinker.com

    Re:    M.S. et al., v. Oliver Angus, et al.
        2:23-cv-09957-SRM-MAR

Dear Counsel,

    You were previously served on February 18, 2025, with Plaintiff's subpoena for records
of Defendant Oliver Angus, which is enclosed.

    Defendant moved to quash that subpoena. The Court has now ruled on that Motion. I am
enclosing that order here for your review. The Court denied all aspects of the Motion to Quash
except one subsection as to Google only. Therefore, TikTok should produce all responsive
documents as soon as possible.

Please advise as to when we can expect production.

                Sincerely,

                *Morgan Ricketts*

                Morgan Ricketts

128 North Fair Oaks Avenue, Pasadena, California 91103
Tel: 626.585.9600 • Fax: 626.577.7079 • www.hadsellstormer.com
Pasadena | Los Angeles | Garden Grove

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| Valerie Velasco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

Proceedings:          (In Chambers) ORDER RE: MOTIONS TO QUASH, DKTS. 149, 154

## I.
## BACKGROUND

On November 22, 2023, Plaintiffs M.S. and S.H. ("Plaintiffs"), by and through their respective guardians, filed the original complaint naming two primary groups of Defendants: (1) O.A. and his parents, Michael and Jamie Angus ("Family Defendants"); and (2) the Santa Monica Malibu Unified School District ("the District") and several of its administrators, including Superintendent Antonio Shelton, Santa Monica High School Principals Marae Cruce and Gregory Pitts, and ten unnamed Doe defendants ("District Defendants").  ECF. Docket No. ("Dkt.") 1 ¶¶ 7–15.[1]  Plaintiffs filed the operative Third Amended Complaint ("TAC") on October 21, 2024, naming the same Defendants.  Dkt. 108 ¶¶ 7–15.  Plaintiffs and Defendant O.A. were classmates at Santa Monica High School.  Id. ¶ 1. Plaintiffs allege that O.A. physically, emotionally, and sexually abused them both on and off campus.  Id. ¶¶ 20–35.  Plaintiffs allege that the District Defendants were aware of O.A's abuses that happened on school grounds and failed to take any action to protect them from O.A. because they were students with disabilities who[m] [the District] treated differently and as less important."  Id. ¶¶ 36–51.  Plaintiffs brought this action alleging numerous civil rights violations under federal law as well as several state law torts.  Id. ¶¶ 52–148.

---

1 All citations to electronically filed documents refer to the CM/ECF pagination.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Between February 12, 2025, and June 6, 2025, Plaintiffs served subpoenas on several technological companies—Reddit, TikTok, Apple, Google, and Meta—seeking the production of information related to O.A.'s online and social media accounts.  Dkt. 149 ("Defs.' MTQ") at 6–7, 14–16.  Defendants contend that the subpoenas are overbroad, were improperly served, seek privileged and protected information, and impose an undue burden.  Id. at 10–19.  The parties discussed the subpoenas and met and conferred several times but remain at an impasse.  Id. at 7–10.  Accordingly, Defendants filed a motion to quash the subpoenas on July 2, 2025, which is before the Court on the parties' joint stipulation.  Dkt. 149.

Additionally, on June 5, 2025, Plaintiffs' counsel served a subpoena on the Santa Monica Police Department, a non-party, requesting the production of documents stemming from its separate investigation into O.A.  Dkt. 154 ("City's MTQ") at 2.  The subpoena encompasses "data and photographs from [O.A.'s] cellular phone," including "images of the genitalia of a minor."  Id.

Plaintiffs and the City of Santa Monica ("the City") discussed the subpoena after service and met and conferred on July 7, 2025.  Id.  However, Plaintiffs and the City remain at an impasse, and the City served objections to the subpoena on July 7, 2025.  Id.  The City primarily argues that it cannot produce responsive documents because a California juvenile court ordered the City to seal and destroy the records, and that transmission of the genitalia images may constitute a state or federal crime.  Id. at 2–3.  Accordingly, the City filed this motion to quash the subpoena, which is before the Court on the City and parties' joint stipulation.  Dkt. 154.  On August 20, 2025, both the City and Plaintiffs filed a supplemental memorandum.  Dkts. 166 ("City's Supp. Memo"); 167 ("Pls.' Supp. Memo").

///
///

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                   Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

The Court finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); Local Rule 7-15.  For the reasons discussed below, Defendants' motion to quash is **GRANTED in part** and **DENIED in part** and the City's motion to quash is **GRANTED**.

## II.
## GENERAL STANDARDS

Generally, under the Federal Rules of Civil Procedure,

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).  Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  However, a court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:      _M.S., et al. v. Oliver Angus, et al._

Rule 45 of the Federal Rules of Civil Procedure governs the issuing and service of subpoenas on nonparties.  Fed. R. Civ. P. 45.  If necessary to enforce that subpoena, a party may move to compel the nonparty to comply in the court where the discovery is to be taken.  Fed. R. Civ. P. 37(a)(1)–(2).  Under Rule 45, a subpoena must be modified or quashed if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or if the subpoena "subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv); see also Fed. R. Civ. P. 45(d)(1) (party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena").

Whether a subpoena imposes an undue burden on a particular witness is a "case specific inquiry."  Thayer v. Chiczewski, 257 F.R.D. 466, 469 (N.D. Ill. 2009) (internal quotations and citations omitted).  "To determine whether a subpoena imposes undue burden on the recipient, the Court must balance the relevance of information sought, the requesting party's need for the information, and the extent of the burden imposed."  Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of N.Y. Mellon, No. 2:13-cv-04392-ODW(CWx), 2013 WL 12139833, at *3 (C.D. Cal. Aug. 7, 2013).

Generally, the scope of discovery available through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b).  Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc., No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm. note to 1970 amendment).  However, while discovery should not be unnecessarily restricted, nonparty discovery is more limited to protect nonparties from harassment, inconvenience, or disclosure of confidential documents.  Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980).  Accordingly, "concern for the unwanted burden thrust upon nonparties is a factor entitled to special weight in evaluating the balance of competing needs."  Cusumano v. Microsoft Corp., 162 F.3d

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                              Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

708, 717 (1st Cir. 1998).  However, "third party discovery is a time-honored device to get at the truth of a claim or defense.  A party in litigation is not obligated to take the word of an opponent regarding what relevant documents do or do not exist."  L.G. Philips LCD Co., Ltd v. Tatung Co., No. C 07 80073WHA, 2007 WL 869256, at *2 (N.D. Cal. Mar. 20, 2007).

## III.
## DISCUSSION

## A.     THE FAMILY DEFENDANTS' MOTION TO QUASH

First, Defendants contend that Plaintiffs' internet subpoenas were improperly served because Plaintiffs notified Defendants about the subpoenas after serving already serving three on Reddit, Apple, and Google.  Defs.' MTQ at 12.  Defendants assert that the "untimely service . . . created an unnecessary burden . . . and hindered the efficient progression of the case."  Id.  Second, Defendants argue that Plaintiffs' subpoenas violate their "constitutional right to privacy, their First Amendment right to anonymous and free speech, and violate the Stored Communications Act" ("SCA").  Id. at 12–13.  Third, Defendants claim that the subpoenas impose an undue burden because they constitute "an unchartered boundless fishing expedition."  Id. at 18–19.

In response, Plaintiffs contend that the inadvertent and untimely notice of the subpoenas did not prejudice Defendants.  Id. at 23–24.  Additionally, Plaintiffs assert that their subpoenas do not violate the SCA because they only seek the "non-content user and account information for a four-year period coinciding with the abuse."  Id. at 22.  Furthermore, Plaintiffs maintain that social media posts are not privileged or private and are relevant to O.A.'s state of mind.  Id. at 28–29.  Lastly, Plaintiffs argue that they should be able to discover O.A.'s social media and online activities because:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

they could prove several of Plaintiffs' allegations; Plaintiffs already have evidence showing O.A. used these platforms to abuse and harass Plaintiffs online; and O.A.'s online activities could show that he is not as intellectually deficient as Defendants claim.  Id. at 26–28.

### 1.      Notice and timing under Rule 45

Defendants move to quash on the grounds that: (1) they were not properly provided with advance notice as required by Federal Rule of Civil Procedure ("Rule") 45(a)(4); and (2) Plaintiffs did not provide the technology companies reasonable time to comply with the subpoena as required by Rule 45(d)(3)(A)(i).  Defs.' MTQ at 11. Here, Defendants have standing to move to quash on the ground that Rule 45(a)(4)'s prior notice requirement was not met; however, Defendants do not have standing to challenge a potentially unreasonable production deadline under Rule 45(d)(3)(A)(i). See Littlefield v. NutriBullet, L.L.C., No. CV 16-6894 MWF (SSX), 2018 WL 5264148, at *4–*5 (C.D. Cal. Jan. 22, 2018) (holding defendant did "have standing to object to the [non-party] subpoenas on the ground that Rule 45's prior notice requirement was not met," but not on the ground that "the production deadline was unreasonable").  Accordingly, the Court overrules Defendants' objections with respect to the technology companies' production deadline and will only address Defendants' Rule 45(a)(4) notice arguments.

Here, Plaintiffs concede that they "inadvertently failed to timely serve their third-party subpoenas for social media information on Defendants."  Defs.' MTQ at 24.  However, it does not appear that Plaintiffs' delay prejudiced Defendants.

In a previous order denying Plaintiffs' motion to quash Defendants' subpoenas for untimely service, this Court explained:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

> Importantly, Defendants instructed their process server not to forward Defendants any documents obtained from the subpoenas until Plaintiffs had an opportunity to seek court intervention.  Given that the subpoenas have been effectively paused until the Court hears and adjudicates Plaintiffs' challenges to the subpoenas, the Court tends to agree with Defendants that Plaintiffs have not been prejudiced by the delay. The Court notes that there are no allegations of bad faith or gamesmanship. The Court also notes that Defendants do not argue that any of Plaintiffs' arguments should be deemed waived as untimely. Otherwise, the Court cannot discern, and Plaintiffs have not articulated, the potential for any specific prejudice resulting from the delay in receiving notice.

Dkt. 130 at 5.

The reasons that led this Court to deny Plaintiffs' motion to quash apply equally here to Defendants' motion.  "Plaintiffs immediately informed their deposition officer not to forward any documents produced until Defendants had an opportunity to seek court intervention."  Defs.' MTQ at 24. Additionally, Defendants make no allegation of bad faith or gamesmanship, and Plaintiffs make no argument that any of Defendants' arguments should be deemed waived as timely.  Accordingly, like with Defendants' previous subpoenas, this Court cannot discern the potential for any specific prejudice resulting from the delay in receiving notice that is sufficient to quash Plaintiffs' subpoenas.  See Est. of Najera-Aguirre v. Cnty. of Riverside, No. EDCV 18-762- DMG-SPX, 2019 WL 4452975, at *3 (C.D. Cal. June 13, 2019) (explaining that most courts "have held that the consequences of untimely notice should not be an automatic quashing of the subpoena, at least in the absence of prejudice to the opposing party") (quoting 9A Wright & Miller, Federal Practice and Procedure § 2454, p. 406); see also Littlefield, 2018 WL 5264148, at *5 (same) (collecting cases).  Defendants' notice objections are overruled.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                          Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

### 2.      Defendants' constitutional and statutory arguments

Here, Defendants contend that the subpoenas at issue invade their constitutional right to privacy and First Amendment rights to anonymous and free speech.  Defs.' MTQ at 14.  Additionally, Defendants assert that the subpoenas "seek [the] contents of stored communications associated with various online accounts" in violation of the SCA.  Id. at 13.  Defendants particularly object that the subpoenas seek the "means and source of payment" for each technological service, because that language could require Defendants to disclose the irrelevant and private financial information of the District employees that set up O.A.'s Google account.  Id. at 13–14.  Plaintiffs respond that O.A. does not enjoy a right to privacy in his social media activities; Defendants provide no authority indicating the subpoenas violate their First Amendment rights; and that the subpoenas do not violate the SCA because they only seek the metadata, not the content, associated with O.A.'s online accounts.  Id. at 21–23, 28–29.

### a.      Privacy concerns

First, Plaintiffs are correct that "[g]enerally, [social networking site] content is neither privileged nor protected by any right to privacy."  Mailhoit v. Home Depot U.S.A., Inc., 285 F.R.D. 566, 570 (C.D. Cal. 2012) (quotations and citation omitted); see also Voe v. Roman Cath. Archbishop of Portland in Or., No. 3:14-CV-01016-SB, 2015 WL 12669899, at *2 (D. Or. Mar. 10, 2015) ("The content of social networking sites is not protected from discovery merely because a party deems the content 'private'.") (cleaned up) (citation omitted).  Furthermore, Plaintiffs have made a strong showing that O.A.'s social media habits are relevant to this case for several reasons: Plaintiffs allege that O.A. bullied and groomed them online for six years and only seek four years of information; O.A. recorded the abuse of Plaintiffs and divulged it online; O.A. "posted publicly in favor of celebrities accused of sexual assault;" and his social

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:       *M.S., et al. v. Oliver Angus, et al.*

media habits may show that O.A. knew his conduct was wrong, and was not entitled to special education services, and functioned at a higher intellectual level than the Family Defendants contend.  Defs.' MTQ at 21–22, 26–28; see also Hinostroza v. Denny's Inc., No. 2:17-cv-2561-RFB-NJK, 2018 WL 3212014, *6 (D. Nev. June 29, 2018) ("Courts within the Ninth Circuit have permitted discovery of a party's social media information and communications where the request was narrowed by websites or platforms, time-period, and content related to the case.") (collecting cases).

On the other hand, Defendants cite no case law supporting their assertion that the subpoenas seeking the metadata, let alone the actual contents, of O.A.'s social media accounts invade his rights to privacy.  Furthermore, Defendants offer no explanation why the protective order already in place is insufficient to address their privacy concerns.  Dkt. 147; see also Botta v. PricewaterhouseCoopers LLP, No. 18-cv-02615-RS (LB), 2018 WL 6257459, at *2 (N.D. Cal. Nov. 30, 2018) (explaining that when "a plaintiff initiates an employment lawsuit, his privacy interest in employment records is reduced," and finding the parties' protective order sufficient to address plaintiff's privacy concerns); see also United States v. City of Hesperia, No. EDCV 19-2298-AB (SPx), 2021 WL 5034381, at *13 (C.D. Cal. June 17, 2021) (finding protective order sufficient to protect third-party's privacy interests in data regarding contacts with the criminal justice system after defendants failed to explain why the protective order was insufficient).

Accordingly, Defendants' privacy concerns are largely insufficient to quash or modify Plaintiffs' subpoenas and thus their objections on this basis are overruled.  However, the Court does agree with Defendants insofar as Plaintiffs' subpoenas seek the financial information of the District employee that set up O.A.'s school Google account.  The financial information of an uninvolved District employee is irrelevant to this case and confidential.  See Inland Empire Waterkeeper v. Columbia Steel, Inc., No. SACV 20-1062-FLA (ADSx), 2021 WL 4295138, at *3 (C.D. Cal. May 6, 2021)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                     Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

(explaining right to privacy under federal and California law encompasses personal financial information).  Thus, the Court **GRANTS** Defendants' motion to quash subsection 1(g) of Plaintiffs' subpoena to Google, which calls for  "[t]he means and source of payment for such a service (including bank account or credit card number").  Dkt. 149-1, Declaration of Alex Rodriguez in Support of Defendants' Motion to Quash ("Rodriguez Decl."), Ex. B, at 25.  Otherwise, Defendants' privacy objections are overruled.

### b.    Anonymous speech

Here, Defendants contend that Plaintiffs' subpoenas invade their "First Amendment right to anonymous and free speech."  Defs.' MTQ at 12, 14.  Plaintiffs respond by noting "Defendants offer no authority to support" this argument.  Id. at 29.

Indeed, the Supreme Court has held that "an author's decision to remain anonymous, like other decisions concerning omissions or additions to the content of a publication, is an aspect of the freedom of speech protected by the First Amendment."  McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 352 (1995).  Additionally, "online speech stands on the same footing as other speech," and "the ability to speak anonymously on the Internet promotes the robust exchange of ideas and allows individuals to express themselves freely without 'fear of economic or official retaliation . . . [or] concern about social ostracism'."  In re Anonymous Online Speakers, 661 F.3d 1168, 1173 (9th Cir. 2011) (quoting McIntyre, 514 U.S. at 341–42).

Anonymous online speech is clearly protected; however, Defendants make no showing that O.A. "deci[ded] to remain anonymous" with respect to any of his online accounts.  Indeed, one subpoena relates to his school-issued Google account, which could not possibly be anonymous, given the District created this account and O.A.'s

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:      *M.S., et al. v. Oliver Angus, et al.*

initials appear in his email address.  Defs.' MTQ at 14 (explaining the District set up the Google account); Dkt. 149-2, Declaration of Morgan E. Ricketts in Support of the Joint Stipulation ("Ricketts Decl."), Ex. M, at 6 (email showing O.A.'s school email address, which includes his initials).  Without any evidence or indication that O.A. actually engaged in anonymous speech on any of these platforms, this Court cannot find that Plaintiffs' subpoenas violate his First Amendment rights to engage in anonymous speech.  Accordingly, Defendants First Amendment objections are overruled.

> c.      **SCA**

The SCA, which applies to civil subpoenas, states that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service."  18 U.S.C. § 2702(a)(1); see also Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 974 (holding a party had standing to quash non-party subpoena on the grounds that the subpoena sought information protected by the SCA).  The "contents" of a "wire, oral, or electronic communication" is defined as "any information concerning the substance, purport, or meaning of that communication."  Optiver Austl. Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors., No. C 12-80242 EJD PSG, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (citations omitted).

Defendants claim that Plaintiffs "seek contents of stored communications associated with various online accounts."  Defs.' MTQ at 16.  Plaintiffs argue that they have "limited their subpoenas to non-content user and account information over a four[-]year period coinciding with the abuse."  Id. at 22.  For example, Plaintiffs seek the date and time of posts and messages, the size of media files attached to posts, and whether photos or videos had been manipulated.  Id.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                    Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

In reviewing the subpoenas at issue here, the Court agrees with Plaintiffs because the subpoenas explicitly seek only non-content information.  The subpoenas seek "subscriber information," such as contact information related to the account; "transactional information," including the devices associated with the account, O.A.'s activities online, and the size of videos and photos uploaded; and "non-content information" that is "ordinarily captured" by the responding company.  See, e.g., Rodriguez Decl., Ex. A, at 13–19.  Furthermore, for any request that may encompass potential "contents," Plaintiffs explicitly call for the responding company to "exclude[e] information that may contain content data."  Id. at 14–18.  Indeed, Defendants even state that Plaintiffs' subpoenas "seek[] non-content information." Defs.' MTQ at 18.  Accordingly, because, as discussed above, the information Plaintiffs seek appears highly relevant, they are "entitled to such non-content metadata, and such metadata [they] shall receive."  Optiver, 2013 WL 256771, at *3 (finding that plaintiff could discover non-content metadata even though the court "struggle[d] to understand how such information would be helpful [to plaintiff]"). Defendants' SCA objections are overruled.

### 3.      Undue burden and other miscellaneous objections

Defendants contend that Plaintiffs' subpoena served on Apple specifically "imposes an undue burden" and "is not narrowly tailored."  Defs.' MTQ at 18. However, Defendants "lack[] standing to quash a subpoena on grounds that it is overbroad or unduly burdensome on a third party."  Dale Evans Parkway 2012, LLC v. Nat'l Fire & Marine Ins. Co., No. EDCV 15-979-JGB (SPx), 2016 WL 7486606, at *3 (C.D. Cal. Oct. 27, 2016) (citation omitted); see generally Crispin, 717 F. Supp. 2d at 973–74 ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.") (quoting 9A Charles Wright & Arthur Miller, Federal Practice & Procedure, § 2459 (3d ed. 2008)).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                                      Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Thus, the Court overrules Defendants' undue burden and relevance objections.  In any event, as discussed above, Plaintiffs' subpoenas appear relevant and proportionate to the needs of the case given their allegations that O.A. abused and groomed Plaintiffs and disseminated nude photographs of Plaintiffs on these platforms, and to rebut Defendants' defenses that O.A. is not high-functioning mentally and the sexual encounters were consensual.

Defendants also assert that Plaintiffs' subpoenas may uncover O.A.'s educational records and privileged communications between Defendants and their attorneys.  Defs.' MTQ at 16–17.  Defendants offer little to no explanation for how these subpoenas would uncover the contents of O.A.'s educational records or attorney-client communications, given that the subpoenas seek non-content metadata.  Additionally, Defendants' vague and unspecific assertion of attorney-client privilege falls well below what is necessary to show that the information at issue is protected.  See, e.g., id. at 17 ("If Plaintiffs' subpoenas stand, then Plaintiffs will receive a plethora of documents, including potential communications between Defendants and their attorneys."); see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont., 408 F.3d 1142, 1147 (9th Cir. 2005) (emphasizing that "a proper assertion of privilege must be more specific than a generalized, boilerplate objection.").  Defendants simply assert that the attorney-client privilege may apply, without offering any explanation.  See In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992) (explaining that "the party asserting the [attorney-client] privilege must make a prima facie showing that the privilege" applies to the information sought); Kandel v. Brother Intern. Corp., 683 F. Supp. 2d 1076, 1083 (C.D. Cal. 2010) ("Like the attorney-client privilege, the party claiming work product immunity has the burden of proving the applicability of the doctrine.").  Accordingly, the Court overrules Defendants' objections on these grounds as well.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                          Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

In conclusion, the Court **GRANTS** Defendants' motion to quash with respect to subsection 1(g) of the Google subpoena but **DENIES** the remainder of their motion on all other grounds.

## B.   THE CITY OF SANTA MONICA'S MOTION TO QUASH

Here, the information Plaintiffs seek—police records of the investigation into O.A.'s alleged sexual abuse of Plaintiffs at issue in this lawsuit—is undoubtedly relevant.  However, the California juvenile court that oversaw O.A.'s delinquency proceedings has ordered these documents to be sealed and ultimately destroyed.  Dkt. 154-2, Declaration of Patricia Ford in Support of Santa Monica's Motion to Quash ("Ford Decl."), Ex. 7, at 46 (juvenile court ordering that "[a]ll records pertaining to [O.A.'s] dismissed petition in the custody of . . . Law Enforcement Agencies" be sealed and destroyed).  Under California state law, a person seeking access to a sealed juvenile case "shall petition the juvenile court," which must then determine whether disclosure is "detrimental to the safety, protection, or physical or emotional well-being of a child, minor, or person who is . . . connected to the juvenile case."  Cal. Welf. & Inst. Code § 827(3)(A).

"When confronted with a motion regarding access to sealed state court records, federal courts have recognized the 'sensitive issues of comity and federalism' raised by such a request."  Sabey v. Butterfield, No. 23-10957-PBS, 2025 WL 1043437, at *2 (D. Mass. Apr. 8, 2025) (quoting Resolution Trust Corp. v. Castellet, 156 F.R.D. 89, 92 (D.N.J. 1994)); see also Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (explaining that "[e]very court has supervisory power over its own records and files").  "Federalism, comity, and abstention underpin a fundamental rule of law that controls here: a federal trial court cannot review, reconsider, or modify a decision by a state trial court."  United States v. Olson, No. 2:12-CR-327-APG-VCF, 2015 WL 1959850, at *2 (D. Nev. Apr. 29, 2015).

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                         Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

Abiding by these principals, "courts have generally required a party seeking sealed state court records pursuant to a subpoena to first petition the court holding such records."  Sabey, 2025 WL 1043437, at *2 (requiring plaintiff to petition the juvenile court in accordance with state procedures "to unseal the records they seek pursuant to the subpoena"); see also Goldstein v. City of Long Beach, 603 F. Supp. 2d 1242, 1252 (C.D. Cal. 2009) (collecting cases and explaining they stood for the proposition that a "party seeking state grand jury material [must] petition the state court before seeking a federal ruling"); Wilfong v. City of Boise, No. 1:21-cv-298-BLW, 2022 WL 1912218, at *3 (D. Idaho June 3, 2022) (refusing to enforce a subpoena because of comity and federalism concerns and requiring plaintiff to "file a motion to unseal the records she [sought in accordance with] the procedures specifically detailed in the state court decision denying her previous public records request").  Thus, Plaintiffs must first attempt to recover the information they seek before this Court will consider enforcing the subpoena in contradiction to a state court's sealing order.  See Shell v. Wall, 760 F. Supp. 545, 546 (W.D.N.C. 1991) ("The Court finds the intrusion into what is a statutorily defined part of the state court . . . to be deeply offensive to the notion of federalism, and one that should be avoided if at all possible.").

Plaintiffs argue that the Supremacy Clause requires the City to comply with the subpoena.  City's MTQ at 23–24; see also U.S. Const. art. VI, cl. 2 (explaining federal law "shall be the supreme law of the land; and the judges in every state shall be bound thereby").  The Ninth Circuit has made clear that this Court has the authority to require the City to comply with the subpoena.  See Gonzalez v. Spencer, 336 F.3d 832, 835 (9th Cir. 2003) (explaining a district court could order disclosure of state juvenile court records "notwithstanding state law").  However, whether this Court should exercise this authority is another matter; recognizing the competing constitutional concerns of federalism and comity, absent extraordinary circumstances, district courts in this circuit have generally required parties to petition the state court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:23-cv-09957-SRM-MAR                      Date:  September 2, 2025

Title:   *M.S., et al. v. Oliver Angus, et al.*

before ordering the production of documents that state court sealed.  See Wilfong, 2022 WL 1912218, at *3 (granting motion to quash and advising plaintiff to petition state court for sealed records); Olson, 2015 WL 1959850, at *2–*3 (refusing to enter order "to relieve a nonparty of the consequences of disobeying a state court [judge's sealing] order"); cf. Goldstein, 603 F. Supp. 2d at 1260 (ordering narrowly tailored disclosure of state grand jury transcripts in "one-of-a-kind case" where plaintiff was attempting "to establish that as a result of the malfeasance and neglect of prosecutors and police he served [twenty-four] years in prison for a crime he did not commit").  At this point, Plaintiffs have not established extraordinary circumstances to justify ordering the City to comply with the subpoena.  See Shell, 760 F. Supp. at 546 (finding there were not "extraordinary circumstances" to issue an order compelling the disclosure of sealed state grand jury records that would "tread on the finely woven federalist fabric on which this nation is founded").

Plaintiffs contend Bilbrew v. City of Hawthorne, where the court ordered plaintiff to produce his own juvenile court records, controls.  No. CV 11-8282-FMO, 2013 WL 12125749, at *3 (C.D. Cal. February 1, 2013); Pls.' Supp. Memo at 2–3.  However, Bilbrew is inapposite.  In that case, the plaintiff objected to a request for production because a state court had sealed his juvenile court records.  Id. at *2.  Critically though, the Bilbrew plaintiff sought to prevent disclosure of his own juvenile court records, even though he had "[publicly] announced his arrest via the filing of [the instant] federal action."  Id.  Here, Plaintiffs are not trying to prevent production of their own juvenile court records; they seek Defendant O.A.'s sealed juvenile court records, and unlike in Bilbrew, O.A. has not waived any privacy objections by making the underlying police investigation publicly available.

Furthermore, Plaintiffs argue that this Court's previous order requiring the Los Angeles Superior Court to respond to Plaintiffs' subpoena controls here.  City's MTQ at 23; Dkt. 117.  However, when this Court issued its previous order on December 4,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                Date:  September 2, 2025

Title:   _M.S., et al. v. Oliver Angus, et al._

2024, the juvenile court had not yet issued an order sealing all documents related to O.A.'s juvenile court proceedings.  See Ford Decl., Ex. 7, at 46 (juvenile court order entered on June 17, 2025).  As discussed above, the sealing order raises new concerns of federalism and comity that were not present when this Court issued its previous order.  Accordingly, this Court's previous order does not now require the Court to compel the City to respond to Plaintiffs' subpoena.

Lastly, given that Plaintiffs must first petition the juvenile court, the Court will determine the applicability of the official information privilege once the issue is ripe. See City's MTQ at 9 (the City arguing the official information privilege prevented disclosure of investigation records).

In conclusion, out of respect for the state court's sealing order, the Court **GRANTS** the City's motion to quash.  Furthermore, Plaintiffs must petition the state juvenile court that entered the sealing order before again asking this Court to enforce Plaintiffs' subpoena.  See Wilfong, 2022 WL 1912219, at *3 (granting city's motion to quash subpoena that sought sealed grand jury records and advising plaintiff "to file a motion to unseal the records" in state court).

## C.    COSTS AND FEES

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A) ("Rule 37"), if a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's objection was "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A).  Pursuant to Rule 37(a)(5)(B), if a discovery motion is denied, "the court . . . must, after giving an opportunity to be heard, require

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


## CIVIL MINUTES – GENERAL

Case No.   2:23-cv-09957-SRM-MAR                                    Date:  September 2, 2025

Title:      *M.S., et al. v. Oliver Angus, et al.*

the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless the movant's positions were "substantially justified" or "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).

Here, the Court has granted the City's motion to quash, while essentially denying Defendants' motion to quash in its entirety.  Neither party, nor the City, seeks expenses.  In any case, the parties' arguments were not unreasonable and given that this Court overruled components of each of the parties' objections, the Court declines to apportion costs and fees.  Accordingly, each party shall bear its own costs and fees on this matter.


## IV.
## ORDER

**IT IS THEREFORE ORDERED** that:

1)   Defendants' motion to quash, Dkt. 149, is **GRANTED** with respect to subsection 1(g) of the Google subpoena;
2)   The remainder of Defendants' motion to quash, Dkt. 149, is **DENIED;**
3)   The City's motion to quash, Dkt. 154 is **GRANTED**; and
4)   the Court declines to apportion fees and costs.  Each party shall bear its own costs.


**IT IS SO ORDERED.**

|                         | :  |
| ----------------------- | --- |
| **Initials of Preparer** | vv |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| M.S., I.H., et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                          TikTok Inc.
c/o 2710 Gateway Oaks Dr, Sacramento, CA 95833
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC<br>215 N. Marengo Ave., Pasadena, CA 91101<br>(626) 744-1333 | Date and Time:<br><br>03/24/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       02/18/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | *Morgan Ricketts* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Plaintiffs
M.S., I.H., et al.,                                    , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| DAN  STORMER ESQ., Bar #101967<br>HADSELL STORMER & RENICK, LLP<br>128 N. FAIR OAKS AVENUE<br>PASADENA, CA  91103<br>Telephone No: 626-585-9600        FAX No: 626-577-7079 | | |

Attorney for: Plaintiff

Ref. No. or File No.:

Insert name of Court, and Judicial District and Branch Court:

Plaintiff: M.S.

Defendant: SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT

| **PROOF OF SERVICE**<br>**SUBPOENA** | Hearing Date: | Time: | Dept/Div: | Case Number:<br>2:23-CV-09957-MWF-MAR |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUBPOENA

3. a. *Party served:*           TIKTOK INC.
   b. *Person served:*         MADDIE BRIGHT, AUTHORIZED TO ACCEPT SERVICE.

4. *Address where the party was served:*      CSC, LAWYERS INCORPORATING SERVICE
   2710 GATEWAY OAKS DRIVE
   SUITE 150 N
   SACRAMENTO, CA  95833

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Wed., Feb. 19, 2025 (2) at: 9:55AM
   b. *I received this subpoena for service on:*      Wednesday, February 19, 2025

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*
   a. JEREMY  GLAZE

   2300 P Street
   Sacramento, CA 95816
   (916) 498-0808
   FAX (916) 498-0817

   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*     $55.00

   e. I am: (3) registered California process server
       (i)   Independent Contractor
       (ii)  *Registration No.:*     2011-65
       (iii) *County:*               Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

   Date: **Wed, Feb. 19, 2025**

   (JEREMY  GLAZE)

PROOF OF SERVICE
SUBPOENA

dst.490051

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**TikTok Attachment**

The following records, data, or information for TikTok user "OLIVER ANGUS" identified with the username @ozonemusic5 between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:

   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information** related to "OzoneMusic5", including:

   a. Device information for all devices associated with the OzoneMusic5 user account including device make and model(s), device serial number(s), and associated phone number(s).

   b. Documents sufficient to identify every IP Address used to access the OzoneMusic5 account, from the time of account creation through June 18, 2024.

   c. The dates and times of each instance of access to the OzoneMusic5 account, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as private messages.

   d. All activity logs or log files for the account and all other documents showing OzoneMusic5's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the TikTok app, *excluding* information that may contain content data, such as private messages.

   e. Documents or metadata sufficient to identify the specific user OzoneMusic5 friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

   f. Documents or metadata sufficient to identify the specific post OzoneMusic5 saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of account creation through June 18, 2024, *excluding*

information that may contain content data, such as the content of the posts themselves.

g. Documents or metadata sufficient to identify the date and time of any post, and its user, which OzoneMusic5 viewed more than five times from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the post itself.

h. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OzoneMusic5's use of the "Duet" feature, and records of the date and time of OzoneMusic5's use of that feature, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i. Documents or metadata sufficient to identify the date, time, and user associated with any instance of OzoneMusic5's use of the "Challenge" feature, and records of the date and time of OzoneMusic5's use of that feature, from the time of account creation through June 18, 2024, *excluding* information that may contain content data.

j. All IP logs for OzoneMusic5's username or IP address, including information about the actions taken by a user IP or IP address on TikTok, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

k. Documents or metadata sufficient to identify the date and time of all posts made by user OzoneMusic5 from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OzoneMusic5's activities on TikTok, from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

m.  Documents or metadata sufficient to identify whether each post made by user OzoneMusic5, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

n.  Documents or metadata sufficient to identify whether each post made by user OzoneMusic5, for all posts made from the time of account creation through June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

o.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OzoneMusic5 for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OzoneMusic5 for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

q.  For each post made by user OzoneMusic5 between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata

sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

r. For each post made by user OzoneMusic5 between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

s. For any posts made by user OzoneMusic5 from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

t. All data showing account logins and/or logouts for OzoneMusic5's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u. The types of services utilized by OzoneMusic5, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v. All privacy settings and other account settings associated with OzoneMusic5's acount, including privacy settings for individual TikTok posts and activities, and all records showing which TikTok users have been blocked by OzoneMusic5's account from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the account OzoneMusic5 was created and continued until June 18, 2024, *excluding* information that may contain content data.

x. Records pertaining to the date and time of all communications between TikTok and any person regarding OzoneMusic5's TikTok account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

y. Any investigation(s) TikTok may have conducted into OzoneMusic5's account as a result of complaints, "flags" by OzoneMusic5 or by other users regarding content posted by OzoneMusic5, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user "OzoneMusic5," including:

a.  Any other information ordinarily captured by TikTok in the ordinary course of business regarding or relating to OzoneMusic5's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

Ex. 13

## Karla Jinez

| | |
|---|---|
| **From:** | Isabelle Geczy |
| **Sent:** | Wednesday, February 11, 2026 6:54 PM |
| **To:** | rosa@rkhlawoffice.com; alex@rkhlawoffice.com; Ariel Harman-Holmes; Travis Wester; Guadalupe Ramirez-Gomez |
| **Cc:** | Dan Stormer; Olu Orange (law office); Kate McFarlane; Bina Ahmad; Santiago Villegas; Tami Galindo; Juan Aviles; Karla Jinez |
| **Subject:** | Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence |
| **Attachments:** | MS_Motion for Sanctions for Spoliation_7.3 Meet and Confer Letter.pdf |

Counsel,

Please find attached our letter seeking to meet and confer regarding Plaintiffs' planned motion for sanctions due to spoliation of evidence.

As counsel for the Family Defendants will already be present at our offices tomorrow, Plaintiffs can make themselves available following the deposition to meet and confer regarding the motion for sanctions. Should this be unacceptable, please advise me of three possible days and times when you are available to meet at our office in Pasadena within the next seven days.

Regards,
Isabelle Geczy

*Isabelle Geczy*
Associate Attorney
**HADSELL STORMER RENICK & DAI LLP**
128 N. Fair Oaks Ave.
Pasadena, California 91103
T (626) 585-9600
F (626) 577-7079
igeczy@hadsellstormer.com
Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.



February 11, 2026

<u>**VIA ELECTRONIC MAIL ONLY**</u>

Rosa K. Hirji
Alexander F. Rodriguez
Ariel S. Harman-Holmes
HIRJI, CHAU & RODRIGUEZ, LLP
5173 Overland Avenue
Culver City, CA 90230
Emails: rosa@rkhlawoffice.com
     alex@rkhlawoffice.com
     ariel@rkhlawoffice.com

       **Re:**   <u>**M.S. et al. v. Oliver Angus, et. al**</u>
             Case No. 2:23−CV−09957-SRM-MAR

Counsel,

    I am writing to meet and confer regarding Plaintiffs' planned motion for sanctions in USDC CACD Case No. CV23-09957-SRM-MAR due to spoliation of evidence.

    On December 4, 2024, the Angus Family Defendants responded to Plaintiff M.S.'s Set 1 of propounded discovery. In Oliver Angus's Response to Plaintiff M.S.'s Request for Production No. 10, Defendants produced FAM DEF 000538-00539. FAM DEF 000538-00539 are screenshots of an Instagram post featuring a photo of I.H. and Oliver Angus. This post was made by Instagram user ozonemusic5. The screenshot was taken while the user ozonemusic5 was an active account on Instagram. Given the content of the post and the comments made on the post by Instagram user ozonemusic5, Plaintiffs understand that Oliver Angus was the user of this account.

    On October 12, 2025, Defendant Oliver Angus responded to Plaintiff M.S.'s Requests for Production, Set 3. Here, in response to Request to Production No. 46, Defendant stated that Oliver Angus's Instagram was "reviewed using standard user access, and no additional non-privileged, responsive materials have been located beyond those already produced." To date, no further content from ozonemusic5 Instagram account has been produced by Defendants. Given Defendants' obstructionist conduct during discovery, Plaintiffs sought to independently verify that all responsive material from the ozonemusic5 Instagram account was, in fact, produced.

***Hadsell Stormer Renick & Dai LLP***

February 11, 2026
Page 2

When Plaintiffs attempted to carry out this verification, however, it became evident that the account was deleted and no longer exists.

Spoliation occurs when a party "destroys or alters material evidence or fails to preserve" evidence when the party is under a duty to preserve it. *Apple Inc. v. Samsumg Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012). "Federal Rule of Civil Procedure 37(e) ('Rule 37(e)') governs the loss of electronically stored information ('ESI'). *Kelly v. Fashion Nova, Inc.,* No. CV 23-02360-JAK (RAOx), 2023 U.S. Dist. LEXIS 207931, at *9, *23-26 (C.D. Cal. Oct. 30, 2023) (recommending finding of spoliation of ESI and issuing of adverse inference instruction and monetary sanctions), *recommendation accepted by* No. CV 23-02360 JAK (RAOx), 2023 U.S. Dist. LEXIS 206558 (C.D. Cal. Nov. 16, 2023). "Rule 37(e) applies '[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery.'" *Id.* (quoting Fed. R. Civ. P. 37(e)). The destruction of electronically stored information, which, the wholesale deletion of an Instagram account during active litigation indeed is, is sanctionable spoliation of evidence. *Holloway v. County of Orange*, 2021 U.S. Dist. LEXIS 31681 (granting motion for sanctions for spoliation based on deletion of Facebook account during discovery and recommending adverse inference jury instruction).

In the interest of satisfying CACD LR 7-3, Plaintiffs desire to meet and confer within the next seven days regarding our motion. As counsel for the Family Defendants will already be present at our offices tomorrow for the deposition of Michael Angus, Plaintiffs can make themselves available following the deposition to meet and confer regarding the planned motion for sanctions. Should this be unacceptable, please advise me of three possible days and times when you are available to meet at our office in Pasadena within the next seven days.

Regards,

Isabelle M. Geczy

Ex. 14

**Karla Jinez**

| | |
|---|---|
| **From:** | Isabelle Geczy |
| **Sent:** | Wednesday, February 25, 2026 3:26 PM |
| **To:** | Rosa Hirji |
| **Cc:** | alex@rkhlawoffice.com; Ariel Harman-Holmes; Travis Wester; Guadalupe Ramirez-Gomez; Dan Stormer; Olu Orange (law office); Kate McFarlane; Bina Ahmad; Santiago Villegas; Tami Galindo; Juan Aviles; Karla Jinez |
| **Subject:** | RE: Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence |
| **Attachments:** | Autho of Release of Records.pdf |

Counsel,

Thank you for your time last Thursday (2/19) to meet and confer in-person regarding Plaintiffs' forthcoming motion for sanctions for spoliation of evidence.

As discussed during our meet and confer, Plaintiffs and Family Defendants are in agreement that the Instagram account with the username "ozonemusic5" belonged to Oliver Angus.

Additionally, as discussed, you provided that the Instagram post Family Defendants produced as a screenshot at FAM DEF 538-539 possessed metadata dating the post to October 2022. As discussed, Family Defendants maintain that they "lost access" to the Instagram account in June 2024, due to "losing the password." A subsequent attempt to recover the Instagram account in July 2024 was not successful, according to Family Defendants. Additionally, you stated that while the contents of FAM DEF 538-539 were sent to your office (Hirji, Chau & Rodriguez LLP) by the Family Defendants for production in response to Plaintiffs' discovery requests, the Family Defendants do not recall how they obtained the contents of FAM DEF 538-539.

As you mentioned at the end of our discussion, should your clients have further information about their timeline of accessing the Instagram, or other social media accounts you maintain were "hacked" or where the password was "lost", please do not hesitate to let me know.

Finally, attached for your client's signature is an Authorization for Release of Records for the ozonemusic5 Instagram account. By COB tomorrow please either provide the signed release or inform me of your client's refusal to sign.

Thanks again for meeting last Thursday, especially after a deposition.

Best,


*Isabelle Geczy*
Associate Attorney
**HADSELL STORMER RENICK & DAI LLP**
128 N. Fair Oaks Ave.
Pasadena, California 91103
T (626) 585-9600
F (626) 577-7079

1

igeczy@hadsellstormer.com
Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

**From:** Rosa Hirji <rosa@rkhlawoffice.com>
**Sent:** Friday, February 13, 2026 4:39 PM
**To:** Isabelle Geczy <igeczy@hadsellstormer.com>
**Cc:** alex@rkhlawoffice.com; Ariel Harman-Holmes <ariel@rkhlawoffice.com>; Travis Wester <travis@rkhlawoffice.com>; Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>; Dan Stormer <dstormer@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Bina Ahmad <bahmad@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** Re: Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Thanks for the timestamp Isabelle. See you on 2/19 at Bordin Semmers office. The depo starts at 1pm.

On Fri, Feb 13, 2026 at 4:20 PM Isabelle Geczy <igeczy@hadsellstormer.com> wrote:

Hi Rosa,

It's surprising that you were unaware of our letter yesterday, as it was sent on Wednesday, February 11, at 6:54 PM.

Setting that aside, Plaintiffs will make ourselves available to meet and confer in-person on Thursday, February 19 at Bordin Semmer about our motion for sanctions for spoliation.

Best,

*Isabelle Geczy*

Associate Attorney

## Hadsell Stormer Renick & Dai LLP

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

igeczy@hadsellstormer.com

Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

---

**From:** Rosa Hirji <rosa@rkhlawoffice.com>
**Sent:** Friday, February 13, 2026 1:01 PM
**To:** Isabelle Geczy <igeczy@hadsellstormer.com>
**Cc:** alex@rkhlawoffice.com; Ariel Harman-Holmes <ariel@rkhlawoffice.com>; Travis Wester <travis@rkhlawoffice.com>; Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>; Dan Stormer <dstormer@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Bina Ahmad <bahmad@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** Re: Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi Isabelle,

3

You sent this after hours on Thursday (7pm) and I did not see it until now. I was at your office yesterday but Mr. Orange did not mention this. My client testified yesterday that Oliver's account was hacked and closed by the IG. I will get further information but there was no action on our part to close the account. I cannot come to Pasadena in the next seven days.

I will be at the District office at the next deposition, on Feb 19 and am available for an in person meeting and confer at that time.

Rosa

On Wed, Feb 11, 2026 at 6:54 PM Isabelle Geczy <igeczy@hadsellstormer.com> wrote:

Counsel,

Please find attached our letter seeking to meet and confer regarding Plaintiffs' planned motion for sanctions due to spoliation of evidence.

As counsel for the Family Defendants will already be present at our offices tomorrow, Plaintiffs can make themselves available following the deposition to meet and confer regarding the motion for sanctions. Should this be unacceptable, please advise me of three possible days and times when you are available to meet at our office in Pasadena within the next seven days.

Regards,

Isabelle Geczy

*Isabelle Geczy*

Associate Attorney

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

4

T (626) 585-9600

F (626) 577-7079

igeczy@hadsellstormer.com

Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

--

Rosa K. Hirji

Managing Partner

**Hirji, Chau & Rodriguez LLP**

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: rosa@rkhlawoffice.com

Website: http://lawyer4children.com/

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

--
Rosa K. Hirji
Managing Partner
**Hirji, Chau & Rodriguez LLP**
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: rosa@rkhlawoffice.com
Website: http://lawyer4children.com/

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

## AUTHORIZATION FOR RELEASE OF RECORDS

I, _____, hereby authorize <u>Meta Platforms, Inc.</u> to release the records, data, and information for the <u>ozonemusic5</u> Instagram account associated with Oliver Angus, to <u>Hadsell Stormer Renick & Dai LLP</u>, pursuant to the subpoena issued on February 24, 2025, attached to this authorization as Exhibit 1.

The release can be made directly to the attorney indicated in the subpoena, whose information is reproduced here:

> Morgan Ricketts (SBN 268892)
> Hadsell Stormer Renick & Dai LLP
> 128 N. Fair Oaks Ave., Pasadena, CA 91103
> mricketts@hadsellstormer.com

I acknowledge that by signing this document I provide my consent for the release of this information and do not contest the release of the records, data, and information for the <u>ozonemusic5</u> Instagram account associated with Oliver Angus.

I, _____, am the duly appointed Guardian Ad Litem for Oliver Angus, and therefore possess the capacity to provide this authorization.

_____
Signature of G.A.L. for Oliver Angus

_____
Date

Ex. 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| M.S., I.H., et al., | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  2:23-cv-09957-MWF-MAR |
| Oliver Angus, Jamie Angus, Michael Angus, et al., | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                     Meta Platforms, Inc.
                              1 Meta Way, Menlo Park, CA 94025
                    *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Image Quest Plus LLC<br>215 N. Marengo Ave., Pasadena, CA 91101<br>(626) 744-1333 | Date and Time:<br><br>03/31/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      02/24/2025

| CLERK OF COURT | OR | |
|---|---|---|
| | | *Morgan Ricketts* |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Plaintiffs
M.S., I.H., et al., _____ , who issues or requests this subpoena, are:

Morgan Ricketts, Esq., 128 N. Fair Oaks Ave., Pasadena, CA 91103, mricketts@hadsellstormer.com, (626) 585-9600

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Morgan Ricketts SBN 268892**<br>**Hadsell Stormer Renick & Dai LLP**<br>**128 N Fair Oaks Ave. 204**<br>**Pasadena, CA 91103**<br>ATTORNEY FOR   **Plaintiff** | **(626) 585-9600** | |

| First Street Federal Courthouse Los Angeles<br>350 W 1st Street<br>Los Angeles, CA 90012 | |
|---|---|

SHORT TITLE OF CASE:
S, M.S. , I.H., et al v. Angus, Oliver et al.

| DATE:<br>03/31/2025 | TIME:<br>10:00 AM | DEP./DIV. | CASE NUMBER:<br>2:23-cv-09957-MWF-MAR |
|---|---|---|---|
| | **Declaration of Service** | | Ref. No. or File No:<br>M.S. |

United States District Court

I certify that I am authorized to serve the Summons and Complaint in the within action pursuant to F.R.Civ.P 4(c) and that I served the:

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION - Instagram(Meta).02-24-25**

On: **Meta Platforms, Inc.**

I served the summons at:

**1 Meta Wy  Menlo Park, CA 94025**

On: **2/24/2025**          Date:  **05:20 PM**

In the above mentioned action  by personally serving to and leaving with

**Luis Lopez  -  Lead Security/Authorized to Accept**

A declaration of diligence and/or mailing is attached if applicable

Person attempting service:

  a. Name: **Gregory Vartanian**
  b. Address: **500 Allerton Street Suite 105, Redwood City, CA 94063**
  c. Telephone number: **650-364-9612**
  d. **The fee** for this service was: **125.00**
  e. I am an independent contractor:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the return of service and statement of fees is true and correct.

**Gregory Vartanian**                              Date: **02/26/2025**

**Declaration of Service**                              **Invoice #: 11396444**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**Instagram Attachment**

The following records, data, or information for Instagram user "OLIVER ANGUS" between the dates of April 17, 2020, through June 18, 2024:

1. **All Basic Subscriber Information** related to the user "OLIVER ANGUS", including:
   a. Subscriber registration information, including, but not limited to, names, account creation information, account creation date(s), associated email addresses, phone numbers, and IP addresses of individuals or entities used upon creation of account(s).

   b. Other personal identifiers, including names, usernames, login names, email addresses, and screen names.

   c. Telephone or instrument number or other subscriber number or identity, including any temporary assigned network addresses.

   d. Addresses associated with the account(s).

   e. Billing records or records of session times and durations.

   f. Length of service and types of service utilized.

   g. The means and source of payment for such a service (including bank account or credit card number).

   h. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

   i. Status of account(s).

/ / /

2. **All Transactional Information** related to the user OLIVER ANGUS, including:

    a. Device information for all devices associated with the OLIVER ANGUS user account including device make and model(s), device serial number(s), and associated phone number(s).

    b. Documents sufficient to identify every IP Address used to access the OzoneMusic5 account, from the time of account creation through June 18, 2024.

    c. The dates and times of each instance of access to the OLIVER ANGUS account, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as private messages.

    d. All activity logs or log files for the account and all other documents showing OLIVER ANGUS's activities from the time of account creation through June 18, 2024, including but not limited to uploading videos, making comments on other users' videos, reactions to other users' videos, saving or bookmarking other users' videos, messaging, following, or "friending" other users, participating in live chats, and/or other activities through the Instagram app, *excluding* information that may contain content data, such as private messages.

    e. Documents or metadata sufficient to identify the specific user OLIVER ANGUS friended, sent a message, followed, reacted, or otherwise interacted with, from the time of account creation through June 18, 2024.

    f. Documents or metadata sufficient to identify the specific post OLIVER ANGUS saved, downloaded, reacted to, commented on, or otherwise interacted with, as well as the user that made the post, from the time of

account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

g.  Documents or metadata sufficient to identify the date and time of any post, and its user, which OLIVER ANGUS viewed more than five times, *excluding* information that may contain content data, such as the post itself.

h.  Documents or metadata sufficient to identify the date, time, and user associated with any instance of OLIVER ANGUS's use of Instagram features, and records of the date and time of OLIVER ANGUS's use of the features, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the original or dueted post.

i.  All IP logs for OLIVER ANGUS's username or IP address, including information about the actions taken by a user IP or IP address on Instagram, the type of action taken, the date and time of the action, and the user ID and IP address associated with the action from the time the account was created and continued until June 18, 2024.

j.  Documents or metadata sufficient to identify the date and time of all posts made by user OLIVER ANGUS from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

k.  Documents or metadata sufficient to identify the location or "geotag," if any, associated with any of user OLIVER ANGUS's activities on Instagram, from the time of account creation or as far back as possible through June 18, 2024, *excluding* information that may contain content data, such as the content of the posts themselves.

l.  Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS, for all posts made from the time of account creation through June 18, 2024, included one or more photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the photo, the audio, or video files themselves.

m. Documents or metadata sufficient to identify whether each post made by user OLIVER ANGUS for all posts made from the time of account creation through June 18, 2024 included one or more files other than photos, audio files, or video files, and the number of each such filetype that was included in the post, *excluding* information that may contain content data, such as the files themselves.

n.  Documents or metadata sufficient to identify the number of characters of text included in each post made by user OLIVER ANGUS for all posts made from the time of account creation through June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

o.  Documents or metadata sufficient to identify the size (in KB, MB, etc) of each post made by user OLIVER ANGUS for all posts made between April 17, 2020 and June 18, 2024, *excluding* information that may contain content data, such as the content of the post itself.

p.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a video or audio, documents or metadata sufficient to identify the length of the video or audio of each post, *excluding* information that may contain content data.

q.  For each post made by user OLIVER ANGUS between April 17, 2020 and June 18, 2024 that included a photo, video or audio, documents or

metadata sufficient to identify whether any filters, added text, or other manipulation was performed on the photo, video, or audio, *excluding* information that may contain content data, such as any actual text content that was added.

r. For any posts made by user OLIVER ANGUS from the time the account was created and continued until June 18, 2024 that included added text superimposed over the video or photo itself, documents and metadata sufficient to identify the total number of characters of the added text as well as the timestamps when the added text was visible, *excluding* information that may contain content data, such as any actual text content that was added.

s. All data showing account logins and/or logouts for OLIVER ANGUS's account, from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

t. The types of services utilized by OLIVER ANGUS, the length of service (including start date), and the means and source of any payments associated with the service from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

u. All privacy settings and other account settings, including privacy settings for individual Instagram posts and activities, and all records showing which Instagram users have been blocked by OLIVER ANGUS's account and which accounts have blocked OLIVER ANGUS from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

v. All records regarding parental controls, including screen time management, restricted mode, and/or family pairing from the time the

account was created and continued until June 18, 2024, *excluding* information that may contain content data.

w. Records pertaining to the date and time of all communications between Instagram and any person regarding OLIVER ANGUS's Instagram account, including contacts with support services and records of actions taken from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as any post that may have been discussed in the communications.

x. Any investigation(s) Instagram may have conducted into OLIVER ANGUS's account as a result of complaints, "flags" by OLIVER ANGUS or by other users regarding content posted by OLIVER ANGUS, or for any other reason, whether the purpose of the investigation was to determine whether to suspend an account, report activity to a government agency, ban or block particular posts, or for any other purpose from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data, such as the particular posts complained about.

y. All requests to delete OLIVER ANGUS's account(s), including date and time, provided telephone number, and verification code from the time the account was created and continued until June 18, 2024.

z. All names of accounts associated by browser cookie and/ or Machine ID from the time the account was created and continued until June 18, 2024.

3. **Other Non-Content information** relating to user OLIVER ANGUS, including:

a. Any other information ordinarily captured by Instagram in the ordinary course of business regarding or relating to OLIVER ANGUS's account(s) from the time the account was created and continued until June 18, 2024, *excluding* information that may contain content data.

Ex. 15

**Karla Jinez**

| | |
|---|---|
| **From:** | Rosa Hirji <rosa@rkhlawoffice.com> |
| **Sent:** | Friday, February 27, 2026 4:26 PM |
| **To:** | Isabelle Geczy |
| **Cc:** | alex@rkhlawoffice.com; Ariel Harman-Holmes; Travis Wester; Guadalupe Ramirez-Gomez; Dan Stormer; Olu Orange (law office); Kate McFarlane; Bina Ahmad; Santiago Villegas; Tami Galindo; Juan Aviles; Karla Jinez |
| **Subject:** | Re: Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence |

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Dear Ms. Geczy,

Thanks for your email. I am writing to correct your omissions about the substance of our conversation and to clarify the Family Defendants' access to the ozonemusic5 account.

1. I asked if the Plaintiffs had requested Meta produce information related to Oliver Angus' Instagram accounts. On September 2, 2025 Judge Rocconi denied the Family Defendants' motion to quash the Plaintiffs' subpoenas regarding the same. *You stated that you were not the attorney responsible for that issue and were unaware of any subsequent action taken after the order.* As of September 2, 2025, Plaintiffs were in a superior position to obtain all information they were, and are seeking regarding Oliver Angus's Instagram account. Your silence on this matter indicates that Plaintiffs failed to pursue discovery after dragging Family Defendants through expensive litigation, and now Plaintiffs attempt to cover up their own lack of diligence by making unfounded accusations against Family Defendants.

2. You provided no specific information or basis for your accusation that Family Defendants acted to "delete the account" or destroyed evidence. You stated that Family Defendants had an affirmative duty to preserve the account, but could not specify what actions you believe they should have taken to preserve an account over which they had limited control. In fact, the Family Defendants' provision of an account screenshot demonstrates their effort to preserve it. Your letter accuses the Family Defendants of "obstructionist conduct," without citing that conduct. Family Defendants pursuit of their right to quash a subpoena is not obstructionist.

3. On or around June 8, 2024, Family Defendants accessed the ozonemusic5 Instagram account to look for any images of Plaintiffs and took a screenshot of the post that was later disclosed in discovery in response to the RFP, Set 1. In October 2025, Family Defendants discovered they no longer had access to that account. Family Defendants have attempted in good faith to access the account several times but were unsuccessful. **Family Defendants did not close or delete the account**. Family Defendants have made a reasonable and diligent search of all of Oliver's social media accounts in response to discovery and produced what they found.

4. Please explain why you need an authorization from my clients when you already have a court order?

Sincerely,

1

Rosa Hirji

On Wed, Feb 25, 2026 at 3:26 PM Isabelle Geczy <igeczy@hadsellstormer.com> wrote:

Counsel,

Thank you for your time last Thursday (2/19) to meet and confer in-person regarding Plaintiffs' forthcoming motion for sanctions for spoliation of evidence.

As discussed during our meet and confer, Plaintiffs and Family Defendants are in agreement that the Instagram account with the username "ozonemusic5" belonged to Oliver Angus.

Additionally, as discussed, you provided that the Instagram post Family Defendants produced as a screenshot at FAM DEF 538-539 possessed metadata dating the post to October 2022. As discussed, Family Defendants maintain that they "lost access" to the Instagram account in June 2024, due to "losing the password." A subsequent attempt to recover the Instagram account in July 2024 was not successful, according to Family Defendants. Additionally, you stated that while the contents of FAM DEF 538-539 were sent to your office (Hirji, Chau & Rodriguez LLP) by the Family Defendants for production in response to Plaintiffs' discovery requests, the Family Defendants do not recall how they obtained the contents of FAM DEF 538-539.

As you mentioned at the end of our discussion, should your clients have further information about their timeline of accessing the Instagram, or other social media accounts you maintain were "hacked" or where the password was "lost", please do not hesitate to let me know.

Finally, attached for your client's signature is an Authorization for Release of Records for the ozonemusic5 Instagram account. By COB tomorrow please either provide the signed release or inform me of your client's refusal to sign.

Thanks again for meeting last Thursday, especially after a deposition.

Best,

*Isabelle Geczy*

Associate Attorney

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

igeczy@hadsellstormer.com

Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

---

**From:** Rosa Hirji <rosa@rkhlawoffice.com>
**Sent:** Friday, February 13, 2026 4:39 PM
**To:** Isabelle Geczy <igeczy@hadsellstormer.com>
**Cc:** alex@rkhlawoffice.com; Ariel Harman-Holmes <ariel@rkhlawoffice.com>; Travis Wester <travis@rkhlawoffice.com>; Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>; Dan Stormer <dstormer@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Bina Ahmad <bahmad@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** Re: Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Thanks for the timestamp Isabelle. See you on 2/19 at Bordin Semmers office. The depo starts at 1pm.

On Fri, Feb 13, 2026 at 4:20 PM Isabelle Geczy <igeczy@hadsellstormer.com> wrote:

Hi Rosa,

It's surprising that you were unaware of our letter yesterday, as it was sent on Wednesday, February 11, at 6:54 PM.

Setting that aside, Plaintiffs will make ourselves available to meet and confer in-person on Thursday, February 19 at Bordin Semmer about our motion for sanctions for spoliation.

Best,

*Isabelle Geczy*

Associate Attorney

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

igeczy@hadsellstormer.com

Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

**From:** Rosa Hirji <rosa@rkhlawoffice.com>
**Sent:** Friday, February 13, 2026 1:01 PM
**To:** Isabelle Geczy <igeczy@hadsellstormer.com>
**Cc:** alex@rkhlawoffice.com; Ariel Harman-Holmes <ariel@rkhlawoffice.com>; Travis Wester <travis@rkhlawoffice.com>; Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>; Dan Stormer <dstormer@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Bina Ahmad <bahmad@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** Re: Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi Isabelle,

You sent this after hours on Thursday (7pm) and I did not see it until now. I was at your office yesterday but Mr. Orange did not mention this. My client testified yesterday that Oliver's account was hacked and closed by the IG. I will get further information but there was no action on our part to close the account. I cannot come to Pasadena in the next seven days.

I will be at the District office at the next deposition, on Feb 19 and am available for an in person meeting and confer at that time.

Rosa

On Wed, Feb 11, 2026 at 6:54 PM Isabelle Geczy <igeczy@hadsellstormer.com> wrote:

Counsel,

Please find attached our letter seeking to meet and confer regarding Plaintiffs' planned motion for sanctions due to spoliation of evidence.

As counsel for the Family Defendants will already be present at our offices tomorrow, Plaintiffs can make themselves available following the deposition to meet and confer regarding the motion for sanctions. Should this be unacceptable, please advise me of three possible days and times when you are available to meet at our office in Pasadena within the next seven days.

Regards,

Isabelle Geczy

*Isabelle Geczy*

Associate Attorney

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

igeczy@hadsellstormer.com

Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

--

Rosa K. Hirji

Managing Partner

**Hirji, Chau & Rodriguez LLP**

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: rosa@rkhlawoffice.com

Website: http://lawyer4children.com/

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

--

Rosa K. Hirji

Managing Partner

**Hirji, Chau & Rodriguez LLP**

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: rosa@rkhlawoffice.com

Website: http://lawyer4children.com/

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

--

Rosa K. Hirji

Managing Partner
**Hirji, Chau & Rodriguez LLP**
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: rosa@rkhlawoffice.com
Website: http://lawyer4children.com/

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

Ex. 16



HADSELL
STORMER
& RENICK
DAI | LLP

March 27, 2026

**VIA ELECTRONIC MAIL ONLY**

Rosa K. Hirji
Alexander F. Rodriguez
Ariel S. Harman-Holmes
HIRJI, CHAU & RODRIGUEZ, LLP
5173 Overland Avenue
Culver City, CA 90230
Emails: rosa@rkhlawoffice.com
      alex@rkhlawoffice.com
      ariel@rkhlawoffice.com

      **Re:**   **M.S. et al. v. Oliver Angus, et. al**
            Case No. 2:23−CV−09957-SRM-MAR

Counsel,

      I am writing to meet and confer regarding Plaintiffs' planned motion for sanctions for spoliation of evidence in USDC CACD Case No. CV23-09957-SRM-MAR.

      As you are well aware, the parties have already met and conferred regarding Oliver Angus's Instagram account, ozonemusic5. Based on both our in-person meeting on February 19, 2026, as well as subsequent correspondence from your office on February 27, 2026, Plaintiffs understand your articulated position is that Family Defendants did not close or delete the ozonemusic5 account, and that the selective preservation of a single post was sufficient effort to preserve the account. Plaintiffs disagree. We therefore believe the parties have reached an impasse as to this issue, and we will be moving forward with filing our motion for sanctions for spoliation of evidence regarding the ozonemusic5 Instagram account.

      In addition to the spoliation of the ozonemusic5 Instagram account, Plaintiffs will also be moving for sanctions for spoliation pertaining to Oliver Angus's OzoneMusicOpinions Reddit account. Plaintiffs have raised the issue of deleted posts and comments from this Reddit account at earlier junctures in the litigation. *See, e.g.* Dkt. 149, p. 17-18, Dkt. 149-2, ¶ 6. However, it was not until Michael Angus admitted to deleting social media content together with Oliver that Plaintiffs grasped the extent of the Family Defendants' spoliation across social media platforms. Dep. Tr. of Michael Angus, Feb. 12, 2026, 122:11-17. Plaintiffs have already identified at least

***Hadsell Stormer Renick & Dai LLP***

March 27, 2026
Page 2

one Reddit post that pertained specifically to the litigation, which was deleted by the user OzoneMusicOpinions, according to Reddit.

Plaintiffs will be seeking terminating sanctions against the Family Defendants under Fed. R. Civ. P. 37(e)(2), as the Family Defendants acted with intent to deprive Plaintiffs of using Oliver Angus's social media ESI in the present litigation. To impose terminating sanctions under Rule 37(e)(2), "a district court need only find that the Rule 37(e) prerequisites are met, the spoliating party acted with the intent required under Rule 37(e)(2), and lesser sanctions are insufficient to address the loss of the ESI." *Jones v. Riot Hosp. Grp. LLC*, 95 F.4th 730, 735 (9th Cir. 2024). Intent to deprive "is most naturally understood as involving the willful destruction of evidence with the purpose of avoiding its discovery by an adverse party." *Id.*

In the interest of satisfying CACD LR 7-3, Plaintiffs desire to meet and confer in the next week regarding our motion. Plaintiffs can make themselves available to meet and confer in-person at our offices in Pasadena on the following days, during the following windows:

- Monday, March 30, from 12:00 PM – 2:00 PM
- Tuesday, March 31, from 10:30 AM – 1:30 PM
- Wednesday, April 1, from 10:30 AM – 12:30; 3:00-4:00 PM

Should none of these times be acceptable, please reply with at least three possible days and times when you are available to meet in-person next week (March 30, 2026 - April 3, 2026).

Regards,

Isabelle M. Geczy

Ex. 17

## Karla Jinez

| | |
|---|---|
| **From:** | Isabelle Geczy |
| **Sent:** | Wednesday, April 8, 2026 11:31 AM |
| **To:** | Jenny Chau; Travis Wester |
| **Cc:** | Rosa Hirji; alex@rkhlawoffice.com; Ariel Harman-Holmes; Guadalupe Ramirez-Gomez; Dan Stormer; Morgan Ricketts; Olu Orange (law office); Kate McFarlane; Bina Ahmad; Santiago Villegas; Tami Galindo; Juan Aviles; Karla Jinez |
| **Subject:** | RE: Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence |

Hi Jenny,

Thanks so much for meeting last week at our office. I'm writing to confirm our meet and confer efforts last Tuesday (March 31, 2026), about Plaintiffs' motion for sanctions for spoliation of evidence. During our meeting, we predominantly discussed the spoliation of Oliver Angus's OzoneMusicOpinions Reddit account; as Plaintiffs already met and conferred with the Family Defendants about Oliver Angus's Instagram account (ozonemusic5), on February 19, 2026, and we both subsequently agreed that significant further discussion of the Instagram account was not merited.

Based upon our discussion, Plaintiffs understand the Family Defendants' ultimate position to be that Michael Angus does not recall when he deleted various posts made by his son; but that even if he did delete posts while the litigation was pending, he did so as a parent instructing his son that the posts were inappropriate. Furthermore, Plaintiffs understand the Family Defendants' position to be that Michael Angus's deposition testimony is ambiguous as to whether he deleted Oliver's social media posts during the litigation, or prior to it. Plaintiffs understand this to be the Family Defendants' ultimate position because while Family Defendants' counsel initially stated at the commencement of the meet and confer that Michael Angus carried out the deletions prior to the commencement of litigation, at the end of the meet and confer, Family Defendants' counsel stated that Michael Angus had no specific recollection of when he deleted the posts, and no specific recollection of whether it was before or after the litigation had commenced.

Furthermore, the parties also discussed the initial position taken by the Family Defendants regarding Plaintiffs' social media subpoenas in Family Defendants' letter dated June 27, 2024, wherein they argued that Plaintiffs' subpoenas violated the Stored Communications Act and that all relevant information sought by Plaintiffs through the subpoenas "could be obtained through other sources, such as written or oral discovery." Plaintiffs reminded Family Defendants that following this letter, Plaintiffs did then revise our subpoenas to conform with the Stored Communications Act. Plaintiffs also then sought the contents of the Instagram and Reddit posts through written discovery and sought to depose Oliver Angus, but Family Defendants have refused to produce him for a deposition.  Plaintiffs further explained that they had been diligently following up with the social media companies.

Finally, the parties discussed what Plaintiffs believed was actually deleted. First, Plaintiffs explained that they had no way of knowing the totality of what was deleted, but that Plaintiffs had already uncovered one post made by the OzoneMusicOpinions Reddit account about a conflict Oliver Angus had with one of the Plaintiffs, that Reddit identified as being subsequently deleted by the user, OzoneMusicOpinions. This kind of spoliation was indicator enough to Plaintiffs that subject matter relevant to the litigation was deleted with the intent to deprive Plaintiffs of evidence to be used in the litigation. Family Defendants

reiterated their position that Oliver's account, the OzoneMusicOpinions account, was still public, and Plaintiffs reiterated that posts that were deleted were obviously no longer public, because they had been deleted.

After the parties met for approximately 30 minutes, we agreed that we were at an impasse, and Plaintiffs stated we would move forward with filing the motion.

Best,
Isabelle

*Isabelle Geczy*
Associate Attorney
**HADSELL STORMER RENICK & DAI LLP**
128 N. Fair Oaks Ave.
Pasadena, California 91103
T (626) 585-9600
F (626) 577-7079
igeczy@hadsellstormer.com
Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

---

**From:** Isabelle Geczy
**Sent:** Monday, March 30, 2026 11:52 AM
**To:** 'Travis Wester' <travis@rkhlawoffice.com>; 'Jenny Chau' <jenny@rkhlawoffice.com>
**Cc:** Rosa Hirji <rosa@rkhlawoffice.com>; alex@rkhlawoffice.com; Ariel Harman-Holmes <ariel@rkhlawoffice.com>; Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>; Dan Stormer <dstormer@hadsellstormer.com>; Morgan Ricketts <mricketts@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Bina Ahmad <bahmad@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** RE: Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence

Hi Travis,
Thanks very much. When Jenny arrives at our office tomorrow she should call 626-585-9600 and someone will be able to promptly let her in for our meet and confer.
Best,

*Isabelle Geczy*

2

Associate Attorney

**HADSELL STORMER RENICK & DAI LLP**

128 N. Fair Oaks Ave.
Pasadena, California 91103
T (626) 585-9600
F (626) 577-7079
igeczy@hadsellstormer.com
Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

**From:** Travis Wester <travis@rkhlawoffice.com>
**Sent:** Monday, March 30, 2026 11:27 AM
**To:** Isabelle Geczy <igeczy@hadsellstormer.com>
**Cc:** Rosa Hirji <rosa@rkhlawoffice.com>; alex@rkhlawoffice.com; Ariel Harman-Holmes <ariel@rkhlawoffice.com>; Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>; Dan Stormer <dstormer@hadsellstormer.com>; Morgan Ricketts <mricketts@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Bina Ahmad <bahmad@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** Re: Request to Meet and Confer re: Motion for Sanctions for Spoliation of Evidence

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Greetings counsel,

Attorney Jenny Chau is available to meet and confer at your office tomorrow, March 31st at 10:30 AM.

Kind regards,


Travis Wester
Paralegal


**Hirji, Chau & Rodriguez, LLP**
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330

Phone: (310) 391-0332
Fax: (310) 943-0311
Email: travis@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Mon, Mar 30, 2026 at 10:49 AM Travis Wester <travis@rkhlawoffice.com> wrote:

Greetings counsel,

Our office is reviewing availability and will respond shortly.

Thank you,

Travis Wester
Paralegal

**Hirji, Chau & Rodriguez, LLP**
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: travis@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Fri, Mar 27, 2026 at 3:46 PM Isabelle Geczy <igeczy@hadsellstormer.com> wrote:

Counsel,

Please find attached our letter requesting to meet and confer regarding Plaintiffs' planned motion for terminating sanctions due to spoliation of evidence. As discussed in our letter, while the parties have

already met and conferred about Oliver Angus's Instagram account (ozonemusic5), Plaintiffs seek to meet and confer regarding the spoliation of Oliver's Reddit account (OzoneMusicOpinions).

Plaintiffs can make themselves available to meet and confer in-person at our offices in Pasadena on the following days, during the following windows:

- Monday, March 30, from 12:00 PM – 2:00 PM
- Tuesday, March 31, from 10:30 AM – 1:30 PM
- Wednesday, April 1, from 10:30 AM – 12:30; 3:00-4:00 PM

Should none of these times be acceptable, please reply with at least three possible days and times when you are available to meet next week (March 30, 2026 - April 3, 2026).

Best,

Isabelle


*Isabelle Geczy*

Associate Attorney

**HADSELL STORMER RENICK & DAI LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

igeczy@hadsellstormer.com

Pronouns: she, her, hers



**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

Ex. 18

Meta Platforms Business Record Page 1

**Service** Instagram

**Internal Ticket Number** 15291416

**Target** 21849829027

**Account Identifier** OzoneMusic5

**Account Type** InstagramUser

**Generated** 2026-04-09 20:33:02 UTC

**Date Range** 2020-04-17 00:00:00 UTC to 2024-06-18 23:59:00 UTC

**Name Definition** Name: Provided by the account holder.

First: First name provided by the account holder.

**Name** **First** Ozone

**Emails Definition** Registered Email Addresses: Displays a list of email addresses registered by the account holder.

Verified: An email address which has been added to an account and the date and timestamp the account was verified by the account holder .

Unverified: An email address which has been added to an account but has not been verified by the account holder.

Primary: An email address which:

- is the account holder's original primary email they signed up to Instagram with or

- is the account holders email if they changed their primary email through their notifications settings or

- is changed to primary email address by Meta, independent of the user, because the user removes the current primary email address without designating a replacement, or

- is used for various business logic decisions e.g. which email address Meta should send notification emails to.

**Registered Email Addresses** mikeangus@mac.com (Verified on 2022-02-10 12:37:45)

**Vanity Definition** Vanity: Username associated with the account at the time the records were generated. The vanity may not match the account identifier originally submitted given an account holder has the ability to change their vanity.

**Vanity Name**

Meta Platforms Business Record Page 2

ozonemusic5

**Registration Date Definition** Registration Date: Date and timestamp of account creation.

**Registration Date** 2019-10-05 00:01:31 UTC

**Registration Ip Definition** Registration IP: IP address associated with account creation.

**Registration Ip** 45.51.112.55

**Account End Date Definition** Account End Date: Displays the status of the account at the time the records were generated.

Time: Date and timestamp the account was closed.

**Account Closure Date** **Account Still Active** false

**Time** 2024-07-28 22:01:38 UTC

**Phone Numbers Definition** Phone numbers: Phone number(s) provided by the account holder. "Verified" indicates the account holder responded to a text sent to the listed phone number.

Unverified: Unverified phone number associated to the account.

**Phone Numbers** +13103441269 Verified on 2022-02-10 20:33:10 UTC

**Logins Definition** Logins: Logins information collected at the time the account was logged into.

IP Address: IP address and source port/port number associated with the login. Source port/ port numbers are provided when available. If available, it is located at the end of the IP address, after the colon.

Time: Date and timestamp of the login.

Shared Access: The authorized account holder associated with the login.

**Logins** **Time** 2022-02-10 23:54:32 UTC

**Ip** 24.24.170.215

**Time** 2022-02-10 20:31:20 UTC

**Ip** 24.24.170.215

**Time**

2022-02-08 18:56:21 UTC

**Ip** 91.149.244.108

**Time** 2022-02-08 15:25:57 UTC

Case 2:23-cv-09957-SRM-MAR     Document 381-1     Filed 04/30/26     Page 303 of 382
Page ID #:11388

**Ip** 24.24.170.215

**Time** 2021-05-16 23:56:40 UTC

**Ip** 24.24.170.215

**Profile Uri Definition** Profile URI

**Profile Uri** https://www.instagram.com/uid/21849829027

**Threads Registration Date Definition**     Threads Registration Date: The date and timestamp when the account holder registered an account on the Threads App.

**Threads Registration Date** Unknown

Ex. 19



DEFT(S) __4__ (1-5) PLF(S) _____ EXHIBIT FOR I.D.
ANGELA OLVERA, CSR # 7265
DATE: September 8, 2025
WITNESS: I. M. H.
(Volume II, Pages 203-331)

4 -1

Plaintiff's-002383



4-2

Plaintiff's-002384



4-3

Plaintiff's-002385



4-4

Plaintiff's-002386



Plaintiff's-002387

Ex. 20



Skip to main content    ./relationships ✕    Search in r/relationships      Log In   •••

**r/relationships** • 2y ago
OzoneMusicOpinions

# Advice about me and my girlfriend of 1 year

Archived post. New comments cannot be posted and votes cannot be cast.

🚫 Sorry, this post has been removed by the moderators of r/relationships.

⬆ 1 ⬇    💬 1      ↱ Share

**Target_Official** • Promoted    •••

The exclusive Pokémon x Target collection drops in stores May 2 and online May 3 for a limited time!

**Learn More**      target.com



Sort by:   Best ⌄      🔍 Search Comments

**AutoModerator** MOD • 2y ago

The above submission has been **removed** because:

- It does not appear to contain a tl;dr or any sort of short summary. Please create anew post including a tl;dr. Refer to FAQ: <u>What is TL;DR? Why do I need it?</u> for some pointers. If you feel you are receiving this message in error, please <u>contact the moderators</u> and include your problem Please note if you feel your post is too short for a tl;dr we will likely consider it too short to get meaningful input.

You must make a new post with the amended information. Please ensure that the submission complies to **all the rules** listed in the sidebar, and in the <u>wiki</u> (relevant for mobile users). When you are done, please repost your submission.

*I am a bot, and this action was performed automatically. Please <u>contact the moderators of this subreddit</u> if you have any questions or concerns.*

Skip to main content

Log In

---

 r/relationships • 7d ago

**My husband (32m) seems completely indifferent to my cancer diagnosis and I (28f) don't know how to handle it**

1.6K upvotes · 315 comments

---

 r/relationships • 2d ago

**I'm(M22) about to visit my overwhelmed BM(F19) and daughter for the first time since she's been born, any tips?**

335 upvotes · 51 comments

---

 r/relationships • 4d ago

**Today is the 3 month anniversary of my mom's (60F) death and my dad (55M) is in a hotel with another woman**

300 upvotes · 257 comments

---

 r/relationships • 2d ago

**How do I (28F) support my husband's (30M) dreams after five years of rejection?**

229 upvotes · 75 comments

---

 r/relationships • 1d ago

**I just went through a life-threatening medical experience and subsequent life-changing diagnosis and my partner will not talk to me about it**

131 upvotes · 39 comments

---

 r/relationships • 4d ago

**How to move on after ghosting?**

127 upvotes · 25 comments

---

 r/relationships • 2d ago

**My partner can't see me as her forever person after six years. 35M and 34F.**

49 upvotes · 47 comments

---

Skip to main content

Log In

43 upvotes · 80 comments

PROMOTED ···



 r/relationships • 2d ago

**my boyfriend (21m) basically has just moved in with me (22f) without asking**

41 upvotes · 52 comments

 r/relationships • 23h ago

 NSFW

**My girlfriend(20F) loves receiving pleasure but seems hesitant to give it back to me(19M).Why?**

40 upvotes · 41 comments

 r/relationships • 2d ago

**No desire for my husband what should I do**

39 upvotes · 50 comments

 r/relationships • 15h ago

**Boyfriend didn't appreciate the birthday gifts I got for him**

28 upvotes · 20 comments

 r/relationships • 2d ago

**I 27f have been broken up by 27m because I'm "too much "**

27 upvotes · 23 comments

 r/relationships • 17h ago

4/28/26, 9:35 PM
Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/20/26    Page 314 of 382
Advice about me and my girlfriend of 1 year : r/relationships
Page ID #:11399

Skip to main content

Log In

---

 r/relationships • 2d ago

[UPDATE] I don't want my mother's boyfriend (37F) and (55M) to sleepover at my house.

20 upvotes · 4 comments

---

 r/relationships • 3d ago

My boyfriend wants to break up after I opened up about my depression

17 upvotes · 28 comments

---

 r/relationships • 4h ago

My(31F) MIL(70 F) is mad my fiancé and I are going away on Mother's Day.

15 upvotes · 5 comments

---

 r/relationships • 2d ago

Wife thinks she wants to leave...

14 upvotes · 39 comments

---

 r/relationships • 16h ago

Bf wants me to spend 17 days at his parents house, I've never met them before!

13 upvotes · 24 comments

---

 r/relationships • 2d ago

I (35F) Love My Boyfriend, But His Lack of Self-Care Is Affecting My Attraction — How Do I Bring It Up Kindly

13 upvotes · 23 comments

---

 r/relationships • 2d ago

Should I tell his wife? 25(F) him 35(M)

13 upvotes · 25 comments

---

 r/relationships • 3d ago

I'm not sure if this is cheating or I'm overreacting...

13 upvotes · 29 comments

---

 r/relationships • 2d ago

Did my (M33) girlfriend (F31) cheat on me?

11 upvotes · 12 comments

---

Log In

11 upvotes · 15 comments

r/relationships • 4d ago

## Silent Treatment/Stonewalling Fiance

11 upvotes · 34 comments

TOP POSTS

Reddit

**reReddit: Top posts of November 28, 2023**

Reddit

**reReddit: Top posts of November 2023**

Reddit

**reReddit: Top posts of 2023**

Reddit Rules          Privacy Policy   User Agreement          Your Privacy Choices          Accessibility

Reddit, Inc. © 2026. All rights reserved.

Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/30/26    Page 316 of 382
Page ID #:11401



Skip to main content

./relationships ✕   Search in r/relationships

Log In   •••

---

**r/relationships** • 2y ago
OzoneMusicOpinions

# Advice about me and my girlfriend of 1 year

🗄 Archived post. New comments cannot be posted and votes cannot be cast.

🚫 Sorry, this post has been removed by the moderators of r/relationships.

⬆ 1 ⬇    💬 1    ↗ **Share**

◎ Target_Official • Promoted                                    •••

The exclusive Pokémon x Target collection drops in stores May 2 and online May 3 for a limited time!

**Learn More**                              target.com



Sort by:  Best ⌄    🔍 Search Comments

**AutoModerator** MOD • 2y ago

The above submission has been **removed** because:

- It does not appear to contain a tl;dr or any sort of short summary. Please create anew post including a tl;dr. Refer to FAQ: <u>What is TL;DR? Why do I need it?</u> for some pointers. If you feel you are receiving this message in error, please <u>contact the moderators</u> and include your problem Please note if you feel your post is too short for a tl;dr we will likely consider it too short to get meaningful input.

You must make a new post with the amended information. Please ensure that the submission complies to **all the rules** listed in the sidebar, and in the <u>wiki</u> (relevant for mobile users). When you are done, please repost your submission.

---

*I am a bot, and this action was performed automatically. Please <u>contact the moderators of this subreddit</u> if you have any questions or concerns.*

Skip to main content

Log In

---

 r/relationships • 7d ago

**My husband (32m) seems completely indifferent to my cancer diagnosis and I (28f) don't know how to handle it**

1.6K upvotes · 315 comments

---

 r/relationships • 2d ago

**I'm(M22) about to visit my overwhelmed BM(F19) and daughter for the first time since she's been born, any tips?**

335 upvotes · 51 comments

---

 r/relationships • 4d ago

**Today is the 3 month anniversary of my mom's (60F) death and my dad (55M) is in a hotel with another woman**

300 upvotes · 257 comments

---

 r/relationships • 2d ago

**How do I (28F) support my husband's (30M) dreams after five years of rejection?**

229 upvotes · 75 comments

---

 r/relationships • 1d ago

**I just went through a life-threatening medical experience and subsequent life-changing diagnosis and my partner will not talk to me about it**

131 upvotes · 39 comments

---

 r/relationships • 4d ago

**How to move on after ghosting?**

127 upvotes · 25 comments

---

 r/relationships • 2d ago

**My partner can't see me as her forever person after six years. 35M and 34F.**

49 upvotes · 47 comments

---

Skip to main content

Log In

43 upvotes · 80 comments

PROMOTED

···



 r/relationships • 2d ago

**my boyfriend (21m) basically has just moved in with me (22f) without asking**

41 upvotes · 52 comments

 r/relationships • 23h ago

 NSFW

**My girlfriend(20F) loves receiving pleasure but seems hesitant to give it back to me(19M).Why?**

40 upvotes · 41 comments

 r/relationships • 2d ago

**No desire for my husband what should I do**

39 upvotes · 50 comments

 r/relationships • 15h ago

**Boyfriend didn't appreciate the birthday gifts I got for him**

28 upvotes · 20 comments

 r/relationships • 2d ago

**I 27f have been broken up by 27m because I'm "too much "**

27 upvotes · 23 comments

 r/relationships • 17h ago

Skip to main content

Log In

---

 r/relationships • 2d ago

### [UPDATE] I don't want my mother's boyfriend (37F) and (55M) to sleepover at my house.

20 upvotes  ·  4 comments

---

 r/relationships • 3d ago

### My boyfriend wants to break up after I opened up about my depression

17 upvotes  ·  28 comments

---

 r/relationships • 4h ago

### My(31F) MIL(70 F) is mad my fiancé and I are going away on Mother's Day.

15 upvotes  ·  5 comments

---

 r/relationships • 2d ago

### Wife thinks she wants to leave...

14 upvotes  ·  39 comments

---

 r/relationships • 16h ago

### Bf wants me to spend 17 days at his parents house, I've never met them before!

13 upvotes  ·  24 comments

---

 r/relationships • 2d ago

### I (35F) Love My Boyfriend, But His Lack of Self-Care Is Affecting My Attraction — How Do I Bring It Up Kindly

13 upvotes  ·  23 comments

---

 r/relationships • 2d ago

### Should I tell his wife? 25(F) him 35(M)

13 upvotes  ·  25 comments

---

 r/relationships • 3d ago

### I'm not sure if this is cheating or I'm overreacting...

13 upvotes  ·  29 comments

---

 r/relationships • 2d ago

### Did my (M33) girlfriend (F31) cheat on me?

11 upvotes  ·  12 comments

---

4/28/26, 9:35 PM
Case 2:23-cv-09957-SRM-MAR   Document 381-1   Filed 04/20/26   Page 320 of 382
Advice about me and my girlfriend of 1 year : r/relationships
Page ID #:11405

🔍 [                    ]                                              Log In

11 upvotes · 15 comments

👫 r/relationships • 4d ago

**Silent Treatment/Stonewalling Fiance**

11 upvotes · 34 comments

**TOP POSTS**

🔴 Reddit

**reReddit: Top posts of November 28, 2023**

🔴 Reddit

**reReddit: Top posts of November 2023**

🔴 Reddit

**reReddit: Top posts of 2023**

Reddit Rules          Privacy Policy   User Agreement          Your Privacy Choices          Accessibility

Reddit, Inc. © 2026. All rights reserved.

Skip to main content

./relationships ✕  Search in r/relationships

Log In ···



r/relationships • 2y ago
OzoneMusicOpinions

## Advice about me and my girlfriend of a little over 1 year

Archived post. New comments cannot be posted and votes cannot be cast.

🚫 Sorry, this post has been removed by the moderators of r/relationships.

⬆ 1 ⬇   💬 1   ↗ Share

airbnb • Promoted ···

Hosting is great. Doing everything yourself is less great. Luckily, co-hosts can help.

Sign Up                                                  airbnb.com

Sort by: Best ⌄   🔍 Search Comments

AutoModerator  MOD • 2y ago

4/28/26, 9:36 PM
Case 2:23-cv-09957-SRM-MAR · Document 381-1 · Filed 04/30/26 · Page 322 of 382
Page ID #:11407
Advice about me and my girlfriend of a little over 4 year 2 relationships

Skip to main content

Log In

tl;dr. Refer to FAQ: <u>What is TL;DR? Why do I need it?</u> for some pointers. If you feel you are receiving this message in error, please <u>contact the moderators</u> and include your problem Please note if you feel your post is too short for a tl;dr we will likely consider it too short to get meaningful input.

You must make a new post with the amended information. Please ensure that the submission complies to **all the rules** listed in the sidebar, and in the <u>wiki</u> (relevant for mobile users). When you are done, please repost your submission.

---

*I am a bot, and this action was performed automatically. Please <u>contact the moderators of this subreddit</u> if you have any questions or concerns.*

---

 r/relationships • 7d ago

**My husband (32m) seems completely indifferent to my cancer diagnosis and I (28f) don't know how to handle it**

1.6K upvotes · 315 comments

 r/relationships • 2d ago

**I'm(M22) about to visit my overwhelmed BM(F19) and daughter for the first time since she's been born, any tips?**

335 upvotes · 51 comments

 r/relationships • 4d ago

**Today is the 3 month anniversary of my mom's (60F) death and my dad (55M) is in a hotel with another woman**

300 upvotes · 257 comments

 r/relationships • 2d ago

**How do I (28F) support my husband's (30M) dreams after five years of rejection?**

229 upvotes · 75 comments

 r/relationships • 1d ago

**I just went through a life-threatening medical experience and subsequent life-changing diagnosis and my partner will not talk to me about it**

131 upvotes · 39 comments

 r/relationships • 4d ago

4/28/26, 9:36 PM
Case 2:23-cv-09957-SRM-MAR   Document 381-1   Filed 04/30/26   Page 323 of 382
Advice about me and my girlfriend of a little over a year: relationships
Page ID #:11408

Skip to main content

Log In

---

 r/relationships • 2d ago

**My partner can't see me as her forever person after six years. 35M and 34F.**

49 upvotes  ·  47 comments

---

 r/relationships • 2h ago

**Took too long to decide about children now my partner has mentally checked out**

44 upvotes  ·  80 comments

---

PROMOTED                                    •••



---

 r/relationships • 2d ago

**my boyfriend (21m) basically has just moved in with me (22f) without asking**

41 upvotes  ·  52 comments

---

 r/relationships • 23h ago

 NSFW

**My girlfriend(20F) loves receiving pleasure but seems hesitant to give it back to me(19M).Why?**

40 upvotes  ·  41 comments

---

 r/relationships • 2d ago

**No desire for my husband what should I do**

39 upvotes  ·  50 comments

---

 r/relationships • 15h ago

**Boyfriend didn't appreciate the birthday gifts I got for him**

---

Skip to main content

Log In

 r/relationships • 2d ago

### I 27f have been broken up by 27m because I'm "too much "

27 upvotes · 23 comments

 r/relationships • 17h ago

### 20F unsure if my relationship expectations are too restrictive

20 upvotes · 43 comments

 r/relationships • 2d ago

### [UPDATE] I don't want my mother's boyfriend (37F) and (55M) to sleepover at my house.

20 upvotes · 4 comments

 r/relationships • 3d ago

### My boyfriend wants to break up after I opened up about my depression

17 upvotes · 28 comments

 r/relationships • 4h ago

### My(31F) MIL(70 F) is mad my fiancé and I are going away on Mother's Day.

15 upvotes · 5 comments

 r/relationships • 2d ago

### Wife thinks she wants to leave...

14 upvotes · 39 comments

 r/relationships • 16h ago

### Bf wants me to spend 17 days at his parents house, I've never met them before!

13 upvotes · 24 comments

 r/relationships • 2d ago

### I (35F) Love My Boyfriend, But His Lack of Self-Care Is Affecting My Attraction — How Do I Bring It Up Kindly

13 upvotes · 23 comments

 r/relationships • 2d ago

### Should I tell his wife? 25(F) him 35(M)

13 upvotes · 25 comments

 r/relationships • 3d ago

Q

Log In

r/relationships • 2d ago

**Did my (M33) girlfriend (F31) cheat on me?**

11 upvotes · 12 comments

r/relationships • 3d ago

**I got upset after my boyfriend called me "dumb" in public**

11 upvotes · 15 comments

r/relationships • 4d ago

**Silent Treatment/Stonewalling Fiance**

11 upvotes · 34 comments

TOP POSTS

Reddit

**reReddit: Top posts of November 28, 2023**

Reddit

**reReddit: Top posts of November 2023**

Reddit

**reReddit: Top posts of 2023**

Reddit Rules    Privacy Policy  User Agreement    Your Privacy Choices    Accessibility

Reddit, Inc. © 2026. All rights reserved.

Skip to main content

./relationships ✕     Search in r/relationships

Log In     •••

r/relationships • 2y ago
OzoneMusicOpinions

## Me (18M) my GF (17F)

Archived post. New comments cannot be posted and votes cannot be cast.

🚫  Sorry, this post has been removed by the moderators of r/relationships.

⬆ 1 ⬇     💬 1     ↗ Share

 SimplePractice • Promoted     •••

Pick your payers. SimplePractice handles the applications and helps you get paneled fast.

Sign Up                                    simplepractice.com

Sort by: Best ⌄     🔍 Search Comments

**AutoModerator** MOD • 2y ago

Skip to main content

Log In

tl;dr. Refer to FAQ: <u>What is TL;DR? Why do I need it?</u> for some pointers. If you feel you are receiving this message in error, please <u>contact the moderators</u> and include your problem Please note if you feel your post is too short for a tl;dr we will likely consider it too short to get meaningful input.

You must make a new post with the amended information. Please ensure that the submission complies to **all the rules** listed in the sidebar, and in the <u>wiki</u> (relevant for mobile users). When you are done, please repost your submission.

*I am a bot, and this action was performed automatically. Please <u>contact the moderators of this subreddit</u> if you have any questions or concerns.*

 r/relationships • 7d ago

**My husband (32m) seems completely indifferent to my cancer diagnosis and I (28f) don't know how to handle it**

1.6K upvotes　·　315 comments

 r/relationships • 2d ago

**I'm(M22) about to visit my overwhelmed BM(F19) and daughter for the first time since she's been born, any tips?**

335 upvotes　·　51 comments

 r/relationships • 4d ago

**Today is the 3 month anniversary of my mom's (60F) death and my dad (55M) is in a hotel with another woman**

300 upvotes　·　257 comments

 r/relationships • 2d ago

**How do I (28F) support my husband's (30M) dreams after five years of rejection?**

229 upvotes　·　75 comments

 r/relationships • 1d ago

**I just went through a life-threatening medical experience and subsequent life-changing diagnosis and my partner will not talk to me about it**

131 upvotes　·　39 comments

 r/relationships • 4d ago

 r/relationships • 2d ago

**My partner can't see me as her forever person after six years. 35M and 34F.**

49 upvotes · 47 comments

 r/relationships • 2h ago

**Took too long to decide about children now my partner has mentally checked out**

44 upvotes · 81 comments

PROMOTED                              •••



 r/relationships • 2d ago

**my boyfriend (21m) basically has just moved in with me (22f) without asking**

41 upvotes · 52 comments

 r/relationships • 23h ago

🔞 NSFW

**My girlfriend(20F) loves receiving pleasure but seems hesitant to give it back to me(19M).Why?**

40 upvotes · 41 comments

 r/relationships • 2d ago

**No desire for my husband what should I do**

39 upvotes · 50 comments

 r/relationships • 15h ago

**Boyfriend didn't appreciate the birthday gifts I got for him**

Skip to main content

Log In

 r/relationships • 1d ago

### I 27f have been broken up by 27m because I'm "too much "

27 upvotes · 23 comments

 r/relationships • 17h ago

### 20F unsure if my relationship expectations are too restrictive

20 upvotes · 43 comments

 r/relationships • 2d ago

### [UPDATE] I don't want my mother's boyfriend (37F) and (55M) to sleepover at my house.

20 upvotes · 4 comments

 r/relationships • 3d ago

### My boyfriend wants to break up after I opened up about my depression

17 upvotes · 28 comments

 r/relationships • 4h ago

### My(31F) MIL(70 F) is mad my fiancé and I are going away on Mother's Day.

15 upvotes · 5 comments

 r/relationships • 2d ago

### Wife thinks she wants to leave...

14 upvotes · 39 comments

 r/relationships • 16h ago

### Bf wants me to spend 17 days at his parents house, I've never met them before!

13 upvotes · 24 comments

 r/relationships • 2d ago

### I (35F) Love My Boyfriend, But His Lack of Self-Care Is Affecting My Attraction — How Do I Bring It Up Kindly

13 upvotes · 23 comments

 r/relationships • 2d ago

### Should I tell his wife? 25(F) him 35(M)

13 upvotes · 25 comments

 r/relationships • 3d ago

4/28/26, 9:36 PM
Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/30/26    Page 330 of 382
me (18m) my gf (17F) : relationships
Page ID #:11415

 r/relationships • 2d ago

## Did my (M33) girlfriend (F31) cheat on me?

11 upvotes  ·  12 comments

 r/relationships • 3d ago

## I got upset after my boyfriend called me "dumb" in public

11 upvotes  ·  15 comments

 r/relationships • 4d ago

## Silent Treatment/Stonewalling Fiance

11 upvotes  ·  34 comments

TOP POSTS

 Reddit

## reReddit: Top posts of November 28, 2023

 Reddit

## reReddit: Top posts of November 2023

 Reddit

## reReddit: Top posts of 2023

Reddit Rules          Privacy Policy  User Agreement          Your Privacy Choices          Accessibility

Reddit, Inc. © 2026. All rights reserved.

4/28/26, 9:37 PM    Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/30/26    Page 331 of 382
Me and my long-distance GF : r/relationships
Page ID #:11416

Skip to main content    ./relationships ✕    Search in r/relationships    Log In    •••

r/relationships • 2y ago
OzoneMusicOpinions

# Me and my long-distance GF

| | Archived post. New comments cannot be posted and votes cannot be cast. |

| ⃠ | Sorry, this post has been removed by the moderators of r/relationships. |

⬆ 1 ⬇    💬 1    ↗ Share

SCH WAB  **Schwab_Official** • Promoted    •••

Your overall tax liability is heavily dependent on where you live. Here's your state-by-state guide to who charges what.

**Learn More**    schwab.com



Sort by:  **Best** ⌄    🔍 Search Comments

🛡 **AutoModerator**  MOD • 2y ago

The above submission has been **removed** because:

- It does not include the ages and genders of those involved. If you feel you are receiving this message in error or are confused, please contact the moderators and explain your problem.

You must make a new post with the amended information. Please ensure that the submission complies to **all the rules** listed in the sidebar, and in the wiki (relevant for mobile users). When you are done, please repost your submission.

---

*I am a bot, and this action was performed automatically. Please contact the moderators of this subreddit if you have any questions or concerns.*

Skip to main content

Log In

My husband (32m) seems completely indifferent to my cancer diagnosis and I (28f) don't know how to handle it

1.6K upvotes · 315 comments

 r/relationships • 2d ago

I'm(M22) about to visit my overwhelmed BM(F19) and daughter for the first time since she's been born, any tips?

335 upvotes · 51 comments

 r/relationships • 4d ago

Today is the 3 month anniversary of my mom's (60F) death and my dad (55M) is in a hotel with another woman

300 upvotes · 257 comments

 r/relationships • 2d ago

How do I (28F) support my husband's (30M) dreams after five years of rejection?

229 upvotes · 75 comments

 r/relationships • 1d ago

I just went through a life-threatening medical experience and subsequent life-changing diagnosis and my partner will not talk to me about it

131 upvotes · 39 comments

 r/relationships • 4d ago

How to move on after ghosting?

127 upvotes · 25 comments

 r/relationships • 2d ago

My partner can't see me as her forever person after six years. 35M and 34F.

49 upvotes · 47 comments

 r/relationships • 2h ago

Took too long to decide about children now my partner has mentally checked out

44 upvotes · 83 comments

PROMOTED                                    •••

Skip to main content

Log In



Catch the Collection May 2
Limited Time Only

Explore Now

©2026 Pokémon / Nintendo / Creatures / GAME FREAK.

 r/relationships • 2d ago

**my boyfriend (21m) basically has just moved in with me (22f) without asking**

41 upvotes · 52 comments

 r/relationships • 23h ago

 NSFW

**My girlfriend(20F) loves receiving pleasure but seems hesitant to give it back to me(19M).Why?**

40 upvotes · 41 comments

 r/relationships • 2d ago

**No desire for my husband what should I do**

39 upvotes · 50 comments

 r/relationships • 15h ago

**Boyfriend didn't appreciate the birthday gifts I got for him**

28 upvotes · 20 comments

 r/relationships • 2d ago

**I 27f have been broken up by 27m because I'm "too much "**

27 upvotes · 23 comments

 r/relationships • 17h ago

**20F unsure if my relationship expectations are too restrictive**

20 upvotes · 43 comments

 r/relationships • 2d ago

**[UPDATE] I don't want my mother's boyfriend (37F) and (55M) to sleepover at my house.**

4/28/26, 9:37 PM
Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/30/26    Page 334 of 382
Me and my long-distance Girlfriend/relationships
Page ID #:11419

Skip to main content

Log In



**My boyfriend wants to break up after I opened up about my depression**

17 upvotes · 28 comments

 r/relationships • 4h ago

**My(31F) MIL(70 F) is mad my fiancé and I are going away on Mother's Day.**

15 upvotes · 5 comments

 r/relationships • 2d ago

**Wife thinks she wants to leave...**

14 upvotes · 39 comments

 r/relationships • 16h ago

**Bf wants me to spend 17 days at his parents house, I've never met them before!**

13 upvotes · 24 comments

 r/relationships • 2d ago

**I (35F) Love My Boyfriend, But His Lack of Self-Care Is Affecting My Attraction — How Do I Bring It Up Kindly**

13 upvotes · 23 comments

 r/relationships • 2d ago

**Should I tell his wife? 25(F) him 35(M)**

13 upvotes · 25 comments

 r/relationships • 3d ago

**I'm not sure if this is cheating or I'm overreacting...**

13 upvotes · 29 comments

 r/relationships • 2d ago

**Did my (M33) girlfriend (F31) cheat on me?**

11 upvotes · 12 comments

 r/relationships • 3d ago

**I got upset after my boyfriend called me "dumb" in public**

11 upvotes · 15 comments

r/relationships • 4d ago

4/28/26, 9:37 PM
Case 2:23-cv-09957-SRM-MAR     Document 381-1     Filed 04/30/26     Page 335 of 382
Me and my long-distance girlfriend...relationships
Page ID #:11420

 Log In

---

TOP POSTS

 Reddit

**reReddit: Top posts of November 28, 2023**

---

 Reddit

**reReddit: Top posts of November 2023**

---

 Reddit

**reReddit: Top posts of 2023**

---

Reddit Rules

Privacy Policy   User Agreement          Your Privacy Choices          Accessibility

Reddit, Inc. © 2026. All rights reserved.

4/28/26, 9:36 PM
Case 2:23-cv-09957-SRM-MAR        Document 381-1    Filed 04/30/26        Page 336 of 382
Me and my long-distance GF : r/relationships
Page ID #:11421

Skip to main content

 ./relationships ✕ | Search in r/relationships

Log In   •••

 **r/relationships** • 2y ago
OzoneMusicOpinions

🗄   •••

# Me and my long-distance GF

🗄   Archived post. New comments cannot be posted and votes cannot be cast.

🚫   Sorry, this post has been removed by the moderators of r/relationships.

⬆ 1 ⬇     💬 1     ↪ **Share**

Ⓢ **TrainWithStepful** • Promoted                •••

Focus on yourself & your medical assistant career ✨

[ Apply Now ]

stepful.com



Sort by:   Best ⌄     🔍 Search Comments

 **AutoModerator** MOD • 2y ago

4/28/26, 9:36 PM
Case 2:23-cv-09957-SRM-MAR          Document 381-1     Filed 04/30/26       Page 337 of 382
Me and my long-distance GF | r/relationships
Page ID #:11422

Skip to main content

Log In

tl;dr. Refer to FAQ: What is TL;DR? Why do I need it? for some pointers. If you feel you are receiving this message in error, please contact the moderators and include your problem Please note if you feel your post is too short for a tl;dr we will likely consider it too short to get meaningful input.

You must make a new post with the amended information. Please ensure that the submission complies to **all the rules** listed in the sidebar, and in the wiki (relevant for mobile users). When you are done, please repost your submission.

_I am a bot, and this action was performed automatically. Please underline contact the moderators of this subreddit if you have any questions or concerns._

 r/relationships • 7d ago

**My husband (32m) seems completely indifferent to my cancer diagnosis and I (28f) don't know how to handle it**

1.6K upvotes  ·  315 comments

 r/relationships • 2d ago

**I'm(M22) about to visit my overwhelmed BM(F19) and daughter for the first time since she's been born, any tips?**

335 upvotes  ·  51 comments

 r/relationships • 4d ago

**Today is the 3 month anniversary of my mom's (60F) death and my dad (55M) is in a hotel with another woman**

300 upvotes  ·  257 comments

 r/relationships • 2d ago

**How do I (28F) support my husband's (30M) dreams after five years of rejection?**

229 upvotes  ·  75 comments

 r/relationships • 1d ago

**I just went through a life-threatening medical experience and subsequent life-changing diagnosis and my partner will not talk to me about it**

131 upvotes  ·  39 comments

 r/relationships • 4d ago

 r/relationships • 2d ago

**My partner can't see me as her forever person after six years. 35M and 34F.**

49 upvotes · 47 comments

 r/relationships • 2h ago

**Took too long to decide about children now my partner has mentally checked out**

44 upvotes · 82 comments

PROMOTED · · ·



Only at ⊙

POKÉMON

Catch the Collection May 2
Limited Time Only

Explore Now

©2026 Pokémon / Nintendo / Creatures / GAME FREAK.

 r/relationships • 2d ago

**my boyfriend (21m) basically has just moved in with me (22f) without asking**

41 upvotes · 52 comments

 r/relationships • 23h ago

 NSFW

**My girlfriend(20F) loves receiving pleasure but seems hesitant to give it back to me(19M).Why?**

40 upvotes · 41 comments

 r/relationships • 2d ago

**No desire for my husband what should I do**

39 upvotes · 50 comments

r/relationships • 15h ago

**Boyfriend didn't appreciate the birthday gifts I got for him**

4/28/26, 9:36 PM
Case 2:23-cv-09957-SRM-MAR    Document 281-1    Filed 04/30/26    Page 339 of 382
Me and my long-distance girlrelationships
Page ID #:11424

Skip to main content

Log In

 r/relationships • 2d ago

### I 27f have been broken up by 27m because I'm "too much "

27 upvotes · 23 comments

 r/relationships • 17h ago

### 20F unsure if my relationship expectations are too restrictive

20 upvotes · 43 comments

 r/relationships • 2d ago

### [UPDATE] I don't want my mother's boyfriend (37F) and (55M) to sleepover at my house.

20 upvotes · 4 comments

 r/relationships • 3d ago

### My boyfriend wants to break up after I opened up about my depression

17 upvotes · 28 comments

 r/relationships • 4h ago

### My(31F) MIL(70 F) is mad my fiancé and I are going away on Mother's Day.

15 upvotes · 5 comments

 r/relationships • 2d ago

### Wife thinks she wants to leave...

14 upvotes · 39 comments

 r/relationships • 16h ago

### Bf wants me to spend 17 days at his parents house, I've never met them before!

13 upvotes · 24 comments

 r/relationships • 2d ago

### I (35F) Love My Boyfriend, But His Lack of Self-Care Is Affecting My Attraction — How Do I Bring It Up Kindly

13 upvotes · 23 comments

 r/relationships • 2d ago

### Should I tell his wife? 25(F) him 35(M)

13 upvotes · 25 comments

r/relationships • 3d ago

4/28/26, 9:36 PM
Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/30/26    Page 340 of 382
Me and my long-distance Girlfriend relationships
Page ID #:11425

 r/relationships • 2d ago

## Did my (M33) girlfriend (F31) cheat on me?

11 upvotes · 12 comments

 r/relationships • 3d ago

## I got upset after my boyfriend called me "dumb" in public

11 upvotes · 15 comments

 r/relationships • 4d ago

## Silent Treatment/Stonewalling Fiance

11 upvotes · 34 comments

**TOP POSTS**

 Reddit

## reReddit: Top posts of November 28, 2023

 Reddit

## reReddit: Top posts of November 2023

 Reddit

## reReddit: Top posts of 2023

Reddit Rules        Privacy Policy  User Agreement        Your Privacy Choices        Accessibility

Reddit, Inc. © 2026. All rights reserved.

Ex. 21

Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/20/26    Page 342 of 382
Page ID #:11427

 ./pokemongo ✕    Search in r/pokemongo

Log In

r/pokemongo • 2y ago
OzoneMusicOpinions

⊟    ...

# Is this a problem? I have hatched 10 eggs in one week

Question

⊟    Archived post. New comments cannot be posted and votes cannot be cast.

🚫    Sorry, this post has been removed by the moderators of r/pokemongo.

⌃ 1 ⌄    💬 0    ↱ Share

 expedia • Promoted    ...

Expedia x IShowSpeed. Visit ExSPEEDia.com to travel like IShowSpeed.

Book Now    exspeedia.com



 r/pokemongo • 3d ago

## 10 years & 54.000 candies later

5K upvotes · 128 comments



 r/pokemongo • 1d ago

## I'm starting to think excellent throws and berries don't matter

3.8K upvotes · 69 comments



4/28/26, 9:51 PM

Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/20/26    Page 343 of 382
Page ID #:11428

Is this a problem? I have hatched 10 eggs in one week : r/pokemongo

Skip to main content

Log In



3.4K upvotes  ·  142 comments

PROMOTED

•••



 r/pokemongo • 3d ago

Well thanks for the carry!

2.8K upvotes  ·  87 comments

4/28/26, 9:51 PM Case 2:23-cv-09957-SRM-MAR Is this a problem? I have hatched 10 eggs in one week. : r/pokemongo Filed 04/20/26 Page 344 of 382

Page ID #:11429

Skip to main content

Log In



2.8K upvotes · 276 comments

 r/pokemongo • 3d ago

## Fine, I'll do it myself.



2.7K upvotes · 77 comments

 r/pokemongo • 2d ago

## CHAT I AM CRYING



2.6K upvotes · 113 comments

 r/pokemongo • 3d ago

## caught big mama



2.6K upvotes · 44 comments

PROMOTED





 r/pokemongo • 5d ago

## Shiny grampa made my day



2.5K upvotes · 31 comments

4/28/26, 9:51 PM
Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/20/26    Page 345 of 382
Is this a problem? I have hatched 10 eggs in one week : r/pokemongo
Page ID #:11430

Skip to main content

Log In



2.5K upvotes  ·  42 comments

---

 r/pokemongo • 2d ago

is there a way to get them back?



2.4K upvotes  ·  161 comments

---

 r/pokemongo • 7d ago

Someone show me a worse shiny then this, I honestly can't even tell the difference



2.3K upvotes  ·  731 comments

---

 r/pokemongo • 23h ago

My first Orthworm raid and I got this!



2.2K upvotes  ·  46 comments

---

 r/pokemongo • 7d ago

What's your rarest shiny?



2.1K upvotes  ·  1.2K comments

---

 r/pokemongo • 1d ago

One way to get a free raid pass



2K upvotes  ·  38 comments

---

 r/pokemongo • 2d ago

Do You Want To Evolve Caterpie



1.9K upvotes  ·  25 comments

---

Skip to main content

Log In



1.9K upvotes · 86 comments

 r/pokemongo • 4d ago

This guy was massive on world map..

1.8K upvotes · 84 comments

 r/pokemongo • 4d ago

Got a random invite to a G Max Gengar

1.8K upvotes · 23 comments

 r/pokemongo • 20h ago

Local gym bully gets taste of there own medicine

1.7K upvotes · 219 comments

 r/pokemongo • 1d ago

Mad but worth it

1.7K upvotes · 43 comments

 r/pokemongo • 14h ago

This new update is so greedy and money hungry!

1.5K upvotes · 275 comments

 r/pokemongo • 5d ago

My first shiny Pokémon!!!

1.4K upvotes · 35 comments



Log In

1.2K upvotes · 70 comments

 r/pokemongo • 1d ago



### Pokemon Go Dark Mode concept:

1.2K upvotes · 63 comments

**TOP POSTS**

 Reddit

reReddit: Top posts of January 8, 2024

 Reddit

reReddit: Top posts of January 2024

 Reddit

reReddit: Top posts of 2024

Reddit Rules    Privacy Policy    User Agreement    Your Privacy Choices    Accessibility

Reddit, Inc. © 2026. All rights reserved.

Skip to main content

 ./brooklynninenine ✕    Search in r/brooklynninenine      Log In   •••

---

**r/brooklynninenine** • 2y ago
OzoneMusicOpinions

🗃 •••

# Played Bananagrams with the fam and got this

Humour

> 🗄   Archived post. New comments cannot be posted and votes cannot be cast.

> 🚫   Sorry, this post has been removed by the moderators of r/brooklynninenine.

⬆ 0 ⬇    💬 0    ↗ **Share**

---

🛍 **shopify** • Promoted    •••

Have great products but nowhere to sell them? Get everything you need to start your online business in one place.

**Sign Up**

shopify.com

🖼Clickable image which will reveal the video player: Have great products but nowhere to sell them? Get everything you need to start your

---

**r/brooklynninenine** • 2d ago

## Same diet, Different attitude



7.2K upvotes · 37 comments

---

**r/brooklynninenine** • 1d ago

## I love undercover Holt



6.2K upvotes · 55 comments

---

4/28/26, 9:51 PM
Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/30/26    Page 349 of 382
Page ID #:11434
Played Bananagrams with the fam and got this : r/brooklynninenine

Skip to main content

Log In

4.6K upvotes  ·  30 comments



 twistedtea  •  Promoted

Cold, refreshing, and calling your name. Twisted Tea Hard Iced Tea.



twistedtea.com

Shop Now

 r/brooklynninenine  •  4d ago

"I was born for politics. I have great hair and I love lying"



2.7K upvotes  ·  29 comments

 r/brooklynninenine  •  12h ago

"Did you tell them I feel so bad I have a tummy ache?"



2.5K upvotes  ·  13 comments

 r/brooklynninenine  •  7d ago

Saw this meme about w40k darktide and was reminded of here



2.4K upvotes  ·  14 comments

 r/brooklynninenine  •  1d ago

Scully's best line; "Weird, it's the exact same color as my color blind awareness ribbon"



2.4K upvotes  ·  34 comments

 r/brooklynninenine  •  5d ago

Always thought it was INSANE that Jake and Amy didn't discuss having kids before they got married 🪙



1.7K upvotes  ·  84 comments

Skip to main content

Log In

1.5K upvotes · 45 comments

 r/brooklynninenine • 5d ago

## S1 EP.13 The Bet



1.4K upvotes · 12 comments

 r/brooklynninenine • 2d ago

## Just noticed an error - the American Flag bar should always be worn above every other medal. Amy would definitely know this and never get it wrong



1.3K upvotes · 51 comments

 r/brooklynninenine • 6d ago

## Just an example of Charles going full boyle



973 upvotes · 10 comments

 r/brooklynninenine • 4d ago

## Who's your favorite one-off character?



934 upvotes · 249 comments

 r/brooklynninenine • 6d ago

## Did Gina get a massive settlement for getting hit by a bus?



563 upvotes · 45 comments

 r/brooklynninenine • 1d ago

## Why do you think Charles, Rosa and Jake never aimed for a higher promotion?



557 upvotes · 97 comments

4/28/26, 9:51 PM
Case 2:23-cv-09957-SRM-MAR    Document 381-1    Filed 04/30/26    Page 351 of 382
Played Bananagrams with the fam and got this : r/brooklynninenine
Page ID #:11436

Skip to main content

Log In

532 upvotes · 36 comments



 r/brooklynninenine • 6d ago

I replayed this scene an unhealthy amount of times.....



474 upvotes · 10 comments

 r/brooklynninenine • 21h ago

Would a captain be that involved in cases in real life as Holt was in the show?



410 upvotes · 37 comments

 r/brooklynninenine • 3d ago

Man I've done so many rewatches, TIL the pilot episode was directed by Phil Lord & Christopher Miller



356 upvotes · 39 comments

 r/brooklynninenine • 1d ago

Why oh why did I not notice this sooner?!



300 upvotes · 47 comments

 r/brooklynninenine • 5d ago

New Moo Moo Subaru



297 upvotes · 16 comments

 r/brooklynninenine • 4d ago

Biggest wasted talent?



292 upvotes · 57 comments

 r/brooklynninenine • 7d ago

Who else hates the gintars episode?

Played Bananagrams with the fam and got this : r/brooklynninenine

 r/brooklynninenine • 2h ago

**Happy April 28th!!!!!**



263 upvotes · 10 comments

 r/brooklynninenine • 7d ago

**Their teeth are more yellow and they have meatier haunches**



236 upvotes · 12 comments

**TOP POSTS**

 Reddit

**reReddit: Top posts of December 26, 2023**

 Reddit

**reReddit: Top posts of December 2023**

 Reddit

**reReddit: Top posts of 2023**

Reddit Rules    Privacy Policy  User Agreement    Your Privacy Choices    Accessibility

Reddit, Inc. © 2026. All rights reserved.

Ex. 22

Skip to main content        /TayamillerOF_  ✕        Search in r/TayamillerOF_                    Log In        •••



**r/TayamillerOF_** • 2y ago
OzoneMusicOpinions

 NSFW

# Roleplay

🚫    Sorry, this post has been removed by the moderators of r/TayamillerOF_.

⬆ 99 ⬇        💬 4            ↗ Share

Join the conversation

Sort by:  Best ⌄        🔍  Search Comments

 **LoveBreedingCelebs** • 2y ago

Absolutely love her fat tits 😍

⊖    ⬆ 3 ⬇    💬 Reply    ↗ Share    •••

 **OzoneMusicOpinions** OP • 2y ago

Who doesn't?

⬆ 2 ⬇    💬 Reply    ↗ Share    •••

 **[deleted]** • 2y ago

Comment removed by moderator

⊖    ⬆ 1 ⬇    💬 Reply    ↗ Share    •••

 **OzoneMusicOpinions** OP • 2y ago

Hmu

⬆ 1 ⬇    💬 Reply    ↗ Share    •••



354 upvotes  ·  6 comments

 r/TayamillerOF_ • 4d ago

One of her best looks



275 upvotes  ·  6 comments

 r/TayamillerOF_ • 5d ago

Easily her hottest video in a while


0:14

237 upvotes  ·  5 comments

 r/TayamillerOF_ • 5d ago

Good morning 😃



229 upvotes  ·  4 comments

 r/TayamillerOF_ • 4d ago

She looks spectacular as X 23


4

221 upvotes

 r/TayamillerOF_ • 6d ago

Ig story



194 upvotes

 r/TayamillerOF_ • 3d ago

Hockey 🏒


4

157 upvotes

 r/TayamillerOF_ • 6d ago

She Looks so Good in this New Jeans

 🔍 [                    ]                                          Log In



r/TayamillerOF_ • 1h ago

Wonderful Girl 🖤

72 upvotes

---

 r/TayamillerOF_ • 2d ago

Would any of you guys smash Taya's friend?

54 upvotes    ·    26 comments

---

 r/TayamillerOF_ • 7h ago

Taya reading all your comments.

52 upvotes    ·    1 comment

---

 r/TayamillerOF_ • 2d ago

Is her exclusive content on IG worth subscribing?

4 upvotes    ·    3 comments

---

Reddit Rules            Privacy Policy    User Agreement       Your Privacy Choices         Accessibility

Reddit, Inc. © 2026. All rights reserved.

 Skip to main content    ./TayamillerOF_  ✕    Search in r/TayamillerOF_                Log In    •••

**r/TayamillerOF_** • 2y ago
OzoneMusicOpinions

 NSFW

# RP

🚫   Sorry, this post has been removed by the moderators of r/TayamillerOF_.

⬆ 0 ⬇    💬 1    ↗ Share

Join the conversation

Sort by:  Best ⌄    🔍 Search Comments

 **Honest_Ratio_9617** • 2y ago

Sure

⬆ 1 ⬇    💬 Reply    ↗ Share    •••

 r/TayamillerOF_ • 1d ago

👻

355 upvotes · 6 comments



r/TayamillerOF_ • 4d ago

One of her best looks

275 upvotes · 6 comments



Skip to main content

Log In



237 upvotes  ·  5 comments

---

 r/TayamillerOF_ • 5d ago

### Good morning 😛



229 upvotes  ·  4 comments

---

 r/TayamillerOF_ • 4d ago

### She looks spectacular as X 23



221 upvotes

---

 r/TayamillerOF_ • 6d ago

### Ig story



194 upvotes

---

 r/TayamillerOF_ • 3d ago

### Hockey 🏑



157 upvotes

---

 r/TayamillerOF_ • 6d ago

### She Looks so Good in this New Jeans

142 upvotes  ·  2 comments

---

 r/TayamillerOF_ • 7h ago

### Wonderful Girl 🖤



72 upvotes

---

 r/TayamillerOF_ • 2d ago

### Would any of you guys smash Taya's friend?





Log In

 r/TayamillerOF_ • 11d ago

Taya reading all your comments.

52 upvotes · 1 comment

r/TayamillerOF_ • 2d ago

Is her exclusive content on IG worth subscribing?

4 upvotes · 3 comments

Reddit Rules          Privacy Policy  User Agreement        Your Privacy Choices        Accessibility

Reddit, Inc. © 2026. All rights reserved.

Skip to main content

 /RateMyRack ✕    Search in r/RateMyRack    Log In    •••

 **r/RateMyRack** • 2y ago    •••
Killer_Smilet

 NSFW

# Rate them and you will get a surprise

VOTE NOW

 Sorry, this post was removed by Reddit's filters.

⬆ 368 ⬇    💬 83    ↗ Share

Join the conversation

Sort by: Best ⌄    🔍 Search Comments

 **OzoneMusicOpinions** • 2y ago

9/10. I like petite women 😊

⬆ 2 ⬇    💬 Reply    ↗ Share    •••

⊕ **AutoModerator** MOD • 2y ago • 📌 Stickied comment

 **Micp1144** • 2y ago

Small but sexy 5/10

⬆ 2 ⬇    💬 Reply    ↗ Share    •••

 **[deleted]** • 2y ago

7/10

⬆ 2 ⬇    💬 Reply    ↗ Share    •••

 **semasswood** • 2y ago

5/10. Cute starting point

⬆ 2 ⬇    💬 Reply    ↗ Share    •••

 **Emotional_Bar2417** • 2y ago

Rate them and you will get a surprise on RateMyRack

Skip to main content

Log In

---

 **Bother-Immediate** • 2y ago

10/10

 **Dblocked436** • 2y ago

10/10 perfection for me

 **Impossible_Dirt_2294** • 2y ago

10

 **Infamous-Discount517** • 2y ago

10/10

 **[deleted]** • 2y ago

9/10 I love your tiny tits 😍

 **Prudent_Lesbian_1978** • 2y ago

10/10 Wonderful shape and the size that I like!

 **[deleted]** • 2y ago

9/10

 **HornyThrowaway7525** • 2y ago

7/10, they're very cute

 **headsbig** • 2y ago

Skip to main content

Log In

 **Baba_yaga1989** • 2y ago

Stunning 10/10

 **[deleted]** • 2y ago

8/10

 **[deleted]** • 2y ago

10

 **thisoneisforfun83** • 2y ago

9

 **trancekiller1982** • 2y ago

9/10

 **[deleted]** • 2y ago

10/10

 **Effective-Guess3600** • 2y ago

9

 **Useful-Calendar9630** • 2y ago

10/10

Skip to main content

Log In

18  NSFW

**Please rate my boobs honestly**

1.1K upvotes  ·  54 comments

18  r/RateMyRack • 3d ago

18  NSFW

**rate mine**

856 upvotes  ·  32 comments

18  r/RateMyRack • 2d ago

18  NSFW

**Please rate honestly are they too big?**

842 upvotes  ·  67 comments

18  r/RateMyRack • 2d ago

18  NSFW

**Rate them for your favorite teen**

763 upvotes  ·  30 comments

18  r/RateMyRack • 5d ago

18  NSFW

**My rack is waiting for your rate**

739 upvotes  ·  43 comments

18  r/RateMyRack • 6d ago

18  NSFW

**What's your rating for me :3**

730 upvotes  ·  43 comments

18  r/RateMyRack • 4d ago

18  NSFW

**Rate my shower time MILF rack**

703 upvotes  ·  38 comments

Skip to main content

Log In

**Rate my Texas MILF rack**

607 upvotes · 73 comments

---

**18** r/RateMyRack • 3d ago

**18** NSFW

**Rate them now... please**

421 upvotes · 26 comments

---

**18** r/RateMyRack • 2d ago

**18** NSFW

**ready to rate my rack?**

420 upvotes · 41 comments

---

**18** r/RateMyRack • 5d ago

**18** NSFW

**What do you think of my beauties?**

382 upvotes · 13 comments

---

**18** r/RateMyRack • 5d ago

**18** NSFW

**Rate my natural rack please!**

382 upvotes · 23 comments

---

**18** r/RateMyRack • 7d ago

**18** NSFW

**Please rate my rack**

367 upvotes · 47 comments

---

**18** r/RateMyRack • 6d ago

**18** NSFW

**Big boobs and a big bush, good combi or nah? Please rate** 🖤

340 upvotes · 60 comments

---

Skip to main content

Log In

**Rate my natural nurse titties**

339 upvotes · 37 comments

---

**18** r/RateMyRack • 6d ago

**18** NSFW

**16years after playboy.. still fuckable?**

331 upvotes · 19 comments

---

**18** r/RateMyRack • 3d ago

**18** NSFW

**What do you think of my milkers**

290 upvotes · 13 comments

---

**18** r/RateMyRack • 4d ago

**18** NSFW

**Asking for a rate**

290 upvotes · 25 comments

---

**18** r/RateMyRack • 7d ago

**18** NSFW

**Please rate honestly**

276 upvotes · 65 comments

---

**18** r/RateMyRack • 2d ago

**18** NSFW

**An honest rate please**

270 upvotes · 37 comments

---

**18** r/RateMyRack • 9h ago

**18** NSFW

**Please rate honestly are they too big?**

269 upvotes · 29 comments

---

Rate my rack for real?

257 upvotes · 36 comments

**18** r/RateMyRack • 3d ago

**18** NSFW

Too big to small or good size?

242 upvotes · 60 comments

**18** r/RateMyRack • 2d ago

**18** NSFW

Sun-kissed and waiting for your rating please...

233 upvotes · 34 comments

**18** r/RateMyRack • 4d ago

**18** NSFW

Rate them for your favorite Barbie girl

227 upvotes · 15 comments

Reddit Rules          Privacy Policy  User Agreement          Your Privacy Choices          Accessibility

Reddit, Inc. © 2026. All rights reserved.

Ex. 23

M.S. vs Oliver Angus, et al.,
2:23-cv-09957-SRM-MAR        Vol II September 8, 2025                Page203

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

_____

M.S., a minor, by and through )
his guardian ad litem,        )
Jessica DeVita, et al.,       )
                              )
            Plaintiff,        )        Case No.
                              )
         vs.                  ) 2:23-cv-09957-SRM-MAR
                              )
Oliver Angus, et al.,         )        VOLUME II
                              )
            Defendant.        )    (Pages 203 - 331)
_____)

**CERTIFIED COPY**

CONTINUED VIDEOTAPED DEPOSITION OF:

I.M.H.

MONDAY, SEPTEMBER 8, 2025

9:01 A.M.

Reported By:  Angela Olvera, CSR No. 7265

MS. HARMAN-HOLMES:  Plaintiff's.  Sorry.

Q.   (By Ms. Harman-Holmes)  So, I.H. --

A.   Um-hum.

Q.   -- during the pandemic, we were talking about how you would do Zoom meetings with O.A. or O.A. and M.S.  Do you remember?

A.   Yes.

Q.   Okay.  Did you send out the requests or the invitations for the meetings?

A.   Yes.

Q.   How often did you do that?

A.   Only one time.  It was, like, during -- during my birthday, actually.

Q.   Okay.  I'm actually going to move on from Exhibit 3.

Okay.  So this is Exhibit 4.  It is -- I'll hand out copies.  Just give me a moment.

Okay.  Here's one for you two.  Here's one for you.  And here's one for you.

(Whereupon, Defendants' Exhibit No. 4 was marked for identification.)

Q.   (By Ms. Harman-Holmes)  Okay.  So this is Exhibit 4.  I.H., do you recognize what this is?

A.   Yes.

Q.   What is this?

M.S. vs Oliver Angus, et al.,
2:23-cv-09957-SRM-MAR                Vol II September 8, 2025                    Page227

A.    Instagram.

Q.    What is it?

A.    Instagram.

Q.    Okay.  Any particular account, or is it a chat, or what is it exactly?

A.    A chat.

Q.    What is the chat called?

A.    "Anime lovers."

Q.    Do you know who started this chat?

A.    Probably -- probably I did.

Q.    Do you remember starting this chat?

A.    No.

Q.    Can you tell who is in this chat with you?

A.    Rachel --

Q.    Okay.

A.    -- and Bryan.

Q.    Who is Rachel?

A.    My friend.

Q.    And who is Bryan?

A.    My friend.

Q.    Bryan was your boyfriend for a while, wasn't he?

A.    Yes.  Boyfriend, yes.

Q.    Was he still your boyfriend at the time of this chat, August 6th, 2022?

A.    Yes.

Q.    When did Bryan stop being your boyfriend, if he did?

A.    This year.

Q.    This year?

A.    Yes.

Q.    Okay.  So Rachel's in the chat and Bryan is in the chat.

You can look through all of the pages.  There's Bates stamps on the bottom right that say "Plaintiff's-002383" through "2387."

So who else is in this chat group?

A.    Ariella.

Q.    Okay.

A.    Bryan.

Q.    Um-hum.  Yeah.

A.    Probably O.A.

Q.    Okay.  Anyone else?

A.    No.

Q.    Okay.  So, I.H., can you look at the first page that has "2383" in the bottom right corner.

So it looks like on the first page it's just people saying hi.  Is that right?  That's the one that says "2383," the first page.

A.    Yeah.

M.S. vs Oliver Angus, et al.,
2:23-cv-09957-SRM-MAR                Vol II September 8, 2025                Page229

Q.   Okay.  So then moving on to "2384," it looks like it's the same exact thing.

So let's move on to "2385."

Okay.  So then at the top of "2385" it looks like someone sent an angry face.  Do you remember who that is?

A.   Probably O.A.

Q.   Probably O.A.?

Why do you think it was O.A.?

A.   'Cause it says "Blocked."

Q.   And why does it being blocked mean that it was probably O.A.?

A.   Yes.

Q.   No.  Why --

A.   Oh.

Q.   -- does it?

A.   Because my friends blocked him from my phone over and over and over again.

Q.   Wait.  Her -- your friends --

A.   Yes.

Q.   -- blocked him from your phone?

A.   Yes.

Q.   Can you explain that more?

A.   One time they saw a message on my phone from Instagram, and it was Ariel who took my phone and

says, like, a mean voice message.  I don't know -- I do not know what she said.

Q.   Wait.  You said that Ariella said a mean voice message?

A.   Yes.

Q.   That who sent a mean voice message?

A.   To O.A.

Q.   That she sent a mean voice message --

A.   Um-hum.

Q.   -- to O.A.?

A.   Yeah.

Q.   Do you know when that was?

A.   Probably 2022.

Q.   Before or after this chat, if you know?

A.   Like, after.

Q.   Okay.  Was O.A. already blocked when this chat happened?

A.   Yes.

Q.   Okay.  So then what does it say underneath the frowny face or the angry face?

A.   Ariella sent him, like:  Why are you so mad dumb.

Q.   Um-hum.  And what about below that?

A.   Bryan says "Fuck off my friends bitch".

Q.   And below that?

M.S. vs Oliver Angus, et al.,
2:23-cv-09957-SRM-MAR            Vol II September 8, 2025            Page231

A.    "That".                                        09:34:13

Q.    And who says "That"?                           09:34:13

A.    Probably O.A.                                  09:34:16

Q.    Okay.  And then what is under that?            09:34:17

A.    Bryan.  This is me bitch.                      09:34:21

Q.    And under that?                                09:34:24

A.    Ariella.  Why are you so mad O.A.              09:34:25

Q.    And under that?                                09:34:29

A.    I never did anything to and yet you send me    09:34:30
very mean voice message -- messages on I.H.'s        09:34:35
account.                                             09:34:39

Q.    Under that?                                     09:34:39

A.    Look, O.A., I don't want to be friends with    09:34:40
you anymore.                                         09:34:42

Q.    Who said that?                                  09:34:44

A.    Bryan said that.                                09:34:46

And then --                                          09:34:47

Q.    Were O.A. and Bryan ever friends?              09:34:49

A.    They were like frenemies, per                  09:34:52
se.  Frenemies.                                      09:34:58

Q.    Frenemies?                                      09:35:00

What does "frenemies" mean to you?                   09:35:01

A.    It's like they're, like, acting like friends   09:35:03
but also enemies together, always constantly         09:35:04
fighting.                                            09:35:08

Q.   Okay.  And what does it say under where Bryan wrote "Look O.A. I can't be friends anymore with you"?

A.   O.A. said "OK".

Q.   And under that, what does it say?

A.   Bryan said "What ever".

Q.   And then Blocked says something.  What does Blocked say?

A.   "Whatever".

That was -- "There was too much conflict between us, anyway".

Q.   Do you think this is still O.A.?

A.   Yeah.

Q.   Okay.  Next, "2386."  What does it say at the top of the chat?

A.   Blocked --

MS. RICKETTS:  I'm sorry.  We missed a -- a message on the last page.

MS. HARMAN-HOLMES:  Oh, we did?

MS. RICKETTS:  Yeah.

MS. HARMAN-HOLMES:  Oh, you're right.

Q.   (By Ms. Harman-Holmes)  Okay.  So going back to "2385," I.H.

A.   Um-hum.

Q.   After Blocked says "There was too much

conflict between us, anyway", then on the far right at the very bottom, what does that say?

A.    "Yea me too".

Q.    Is that you writing that or someone else?

A.    Probably me.

Q.    Okay.  So then moving on to "2386," go back up to the top and "Blocked."  What does Blocked say?

A.    "What?  You're not going to be friends with me anymore?"

Q.    And what's the message under that?

A.    Ariella.  "I never did anything to and yet you send me very mean voice messages on I.H.'s account".

Q.    Okay.  So it looks like Ariella's replying to that message that O.A. sent earlier.

A.    Yeah.

Q.    What does she stay with the -- say with the "Stop right there"?

A.    First of all, you called me a bitch two times and you call me toxic a lot of -- lot of times when you are the one toxic.

Q.    And what does O.A. say after that?

A.    He said "How was I toxic?!?!?!?!

"Y'know, I actually see it".

Q.    And what does Bryan say?

A.   He said "Fuck off my friend leave O.A. you are so toxic".

Q.   And what does Blocked or O.A. say?

A.   "So, are you guys".

Q.   And what does Bryan say?

A.   You said that you won't be friends with any -- everyone, but you -- only problem is you.

Q.   Okay.  And then there's a message on the right in blue.  What does it say?

A.   "We're not toxic it's you because you say all this shit but you can't get a fucking reality check so shut the fuck up".

Q.   And then what happened?

A.   Bryan said:  I hate you you will never be the same person ever thing you did this just wright.

Q.   And then what does Ariella say?

A.   Bryan, O.A. left -- leave -- left the group chat.

Q.   Okay.  So --

MS. RICKETTS:  So in between that there were some renamings of the group and people leaving the group.

MS. HARMAN-HOLMES:  Yes.

Q.   (By Ms. Harman-Holmes)  Do you know who was renaming the group?

M.S. vs Oliver Angus, et al.,
2:23-cv-09957-SRM-MAR          Vol II September 8, 2025                    Page330

REPORTER'S CERTIFICATE

I, Angela Olvera, CSR No. 7265, Certified Shorthand Reporter, certify:

That the foregoing proceedings were taken before me at the time and place therein set forth, at which time the witness was put under oath by me;

That the testimony of the witness, the questions propounded, and all objections and statements made at the time of the examination were recorded stenographically by me and were thereafter transcribed;

That a review of the transcript by the deponent was requested;

That the foregoing is a true and correct transcript of my shorthand notes so taken.

I further certify that I am not a relative or employee of any attorney of the parties, nor financially interested in the action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 7th day of November, 2025.

ANGELA OLVERA, CSR NO. 7265

Ex. 24

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

_____

M.S., a minor, by and through )
his guardian ad litem,        )    **CERTIFIED COPY**
Jessica DeVita, et al.,       )
                              )
          Plaintiff,          )         Case No.
                              )
          vs.                 ) 2:23-cv-09957-SRM-MAR
                              )
Oliver Angus, et al.,         )        VOLUME I
                              )
          Defendant.          )   (Pages 1 - 165)
_____)

VIDEOTAPED DEPOSITION OF:

                  M.S.

        WEDNESDAY, SEPTEMBER 24, 2025

                10:12 A.M.

Reported By:  Angela Olvera, CSR No. 7265

A.    Yeah.

Q.    Okay.  Do you also say "These discussions are better for FaceTime"?

A.    Yeah.

Q.    Okay.  I'm done with this exhibit.

I'm going to identify the next exhibit as 36.

(Whereupon, Defendants' Exhibit No. 36 was marked for identification.)

Q.    (By Ms. Hirji)  Let me know when you're ready.

A.    I'm ready.

Q.    Do you recognize this document?

A.    Yes.

Q.    What is it?

A.    It's a conversation between me and my friend Remy about how O.A. used to take pictures of girls without their permission, like, at school on the campus and they didn't know about it.

Q.    And you say he would zoom in into their breasts; right?

A.    Yes.

Q.    And you said -- you told him it was creepy?

A.    Yeah.

Q.    Okay.  You were looking at pictures of

M.S. vs Oliver Angus, et al.,
2:23-cv-09957-SRM-MAR          Vol I September 24, 2025                    Page164

REPORTER'S CERTIFICATE

I, Angela Olvera, CSR No. 7265, Certified Shorthand Reporter, certify:

That the foregoing proceedings were taken before me at the time and place therein set forth, at which time the witness was put under oath by me;

That the testimony of the witness, the questions propounded, and all objections and statements made at the time of the examination were recorded stenographically by me and were thereafter transcribed;

That a review of the transcript by the deponent was requested;

That the foregoing is a true and correct transcript of my shorthand notes so taken.

I further certify that I am not a relative or employee of any attorney of the parties, nor financially interested in the action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 3rd day of October, 2025.

_____

ANGELA OLVERA, CSR NO. 7265