BORDIN SEMMER LLP
Joshua Bordin-Wosk, State Bar No. 241077
jbordinwosk@bordinsemmer.com
Bryan C. Swaim, State Bar No. 289729
bswaim@bordinsemmer.com
Jennifer L. Stone, State Bar No. 325493
jstone@bordinsemmer.com
101 Continental Blvd., Suite 700
El Segundo, CA 90245
Telephone: (323) 457-2110
Facsimile: (323) 457-2120

Attorneys for Defendants,
MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, and SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT

Additional counsel listed on next page.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, I.H., a minor, by and through her guardian ad litem, Candace Hernandez,<br><br>Plaintiffs,<br><br>v.<br><br>O.A., M.A., J.A., Marae Cruce, Gregory Pitts, Antonio Shelton, Santa Monica Malibu Unified School District and Does 1 through 10,<br><br>Defendants. | Case No.: 2:23-cv-09957-SRM-MAR<br>Hon. Serena R. Murillo<br>Department 5D<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>TAC Filed: October 21, 2024<br>Pretrial Conf.: February 17, 2027<br>Trial Date: TBD |

Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A., and J.A.

Howard L. Jacobs
*howard.jacobs@athleteslawyer.com*
**LAW OFFICES OF HOWARD L. JACOBS**
31111 Agoura Rd., Suite 225
Westlake Village, CA 91361

*Attorneys for Defendants* O.A., M.A., and J.A.

Defendants Santa Monica Malibu Unified School District ("District"), Marae Cruce, Gregory Pitts, and Antonio Shelton (collectively, "District Defendants"), and Defendants O.A., M.A., and J.A. (collectively, "Family Defendants"), hereby submit the following Reply brief in support of their respective Motions for Summary Judgment against the Third Amended Complaint ("TAC") Plaintiffs M.S., a minor, by and through his guardian ad litem, Jessica DeVita, I.H., a minor, by and through her guardian ad litem, Candace Hernandez ("Plaintiffs").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. DISTRICT DEFENDANTS' ARGUMENT IN REPLY

#### A. Summary Judgment Should Be Granted on Plaintiffs' First, Second, and Ninth Claims For Relief Because These Claims Have Been Rendered Moot.

As an initial matter, Plaintiffs agreed to dismiss their Eighth claim for relief as to the District Defendants, thus the District Defendants will not address the mootness of that claim. *See* Joint Brief at p. 56:6-7.

Plaintiffs' opposition arguments concerning their First, Second, and Ninth claims for relief are insufficient to cure the mootness of these claims. As demonstrated in the Joint Brief Re Defendants' Motion For Summary Judgment ("Joint Brief"), these claims have been rendered moot because a student's graduation moots claims for declaratory and injunctive relief. Joint Brief at p. 11:26-12:7. Although a claim for monetary damages can survive mootness after a student's graduation, Plaintiffs sought only injunctive and declaratory relief with their First, Second, and Ninth claims for relief. Joint Brief at 12:7-15.

In opposition, Plaintiffs attempt to argue that they did request monetary damages as to these claims. Plaintiffs point to paragraphs 58 (as to the First claim for relief) and 68 (as to the Second claim) of the TAC, which state that Plaintiffs were "damaged in an amount to be proven at trial." Joint Brief at p. 57:23-27. Plaintiffs also cite their prayer for relief, which "…seeks damages by requesting them 'against each Defendant' and '…such other relief as is just and proper.'" Joint Brief at p. 58:1-2.

However, nowhere in these excerpts (nor anywhere else in the TAC) do Plaintiffs request monetary damages directly in connection with the First, Second, and Ninth claims for relief. Paragraphs 58 and 68 of the TAC mention nothing of *monetary* damages; these paragraphs only state that Plaintiffs were generally damaged by the alleged actions of Defendants. Similarly, the prayer for relief does not directly request monetary damages in connection with the First, Second, and Ninth causes of action. Plaintiffs' arguments do nothing to change the fact that Plaintiffs explicitly request only injunctive and declaratory relief for with these claims.

Plaintiffs also argue that even if they did not seek monetary damages in conjunction with these claims, the fact that they are entitled to damages for these claims, in and of itself, somehow saves these claims from mootness. Joint Brief at p. 58:3-27. The availability of monetary damages for these claims is not relevant to the determination of mootness. In *Doe v. Madison School District No. 321*, 177 F.3d 789 (9th Cir. 1999), the relevant claim did not survive mootness because "…the student-plaintiff has not *requested* damages." (*Doe v. Madison School Dist.,* 177 F.3d at 798; emphasis added.) The key factor here is that Plaintiffs did not *request* monetary damages for these claims. The availability of damages in and of itself does not help these claims survive mootness.

As to the Ninth claim for relief, Plaintiffs further argue that this claim is distinguishable from the *Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300 cited by the District Defendants. Joint Brief at pp. 18:23-19:10, 63:12-64:2. The cases cited by Plaintiff discuss whether a student's right to public education can be defined as a liberty interest or a property interest; however, none stands for the proposition that monetary damages are available under Article, I, Section 7 as Plaintiff claims. As noted by District Defendants in the Joint Brief, the law is explicit that there is no private right of action for damages directly under Article, I, Section 7. (*Katzberg v. Regents of University of California* (2002) 29 Cal.4th 300, 303.) "There is no cause of action for damages for alleged violations of…article I, section 7, subdivision (a)

(due process and equal protection), when such an action is not tied to an established common law or statutory action." (*Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 391.)

Regardless of the *availability* of monetary damages for Plaintiffs' Ninth claim, Plaintiffs failed to affirmatively *request* monetary damages for their Ninth claim for relief. Plaintiffs' arguments in opposition to remedy that key fact. As demonstrated above, and in the Joint Brief, since declaratory and injunctive relief are no longer available, and Plaintiffs failed to request monetary damages, Plaintiffs' First, Second, and Ninth claims for relief are subject to summary judgment as moot.

## II. FAMILY DEFENDANTS' ARGUMENT IN REPLY

Plaintiffs' opposition confirms that many of the parties' disagreements concern the credibility and weight of competing evidence, which the Court need not resolve on summary judgment. The Family Defendants therefore do not use this Reply to reargue whether particular alleged contacts occurred. Three narrower issues warrant response: Plaintiffs' generalized disability evidence does not itself establish legal incapacity to consent; Plaintiffs' assault theory does not identify apprehension of imminent contact; and Plaintiffs do not connect their evidence of parental notice to a particular available precaution and the causation of a particular injury.

### A. <u>Plaintiffs' Generalized Disability Evidence Does Not Establish Incapacity to Consent to Each Alleged Encounter</u>

Plaintiffs rely on *Cynthia M. v. Rodney E.* (1991) 228 Cal.App.3d 1040, but that decision does not establish that minority, disability, below-average intellectual functioning, or social vulnerability categorically eliminates the capacity to consent. To the contrary, *Cynthia M.* rejected a fixed rule based on age and recognized that a minor acquires the capacity to consent to different conduct at different stages of development. *Id.* at 1045. Capacity therefore requires a functional assessment of whether the minor could understand and weigh the relevant risks and benefits.

//

Plaintiffs largely rely on evidence concerning M.S.'s general adaptive functioning, communication, maturity, and social judgment, together with Jessica DeVita's opinion that he lacked the ability of an "average person" to make decisions about sexual intimacy. (PAF 70; Joint Appendix of Objections ("JAO"), Objection Nos. 4–5.) But generalized evidence of disability does not establish what M.S. understood during any particular alleged encounter. Nor does the assertion that O.A. misrepresented one potential risk—whether a sexually transmitted infection could result—establish that M.S. was legally incapable of consenting to any sexual conduct. (PAF 217.) It may bear on what M.S. understood or believed, but it is not a substitute for an incident-specific determination of capacity.

Plaintiffs' showing as to I.H. is still more generalized. They identify educational deficits involving language, comprehension, recall, adaptive functioning, and social cues, but cite no competent opinion connecting those deficits to her ability to understand and weigh the risks and benefits of the particular conduct at issue. Plaintiffs cannot convert the existence of an intellectual or developmental disability into a rule of incapacity that *Cynthia M.* expressly declined to adopt. The Court should therefore evaluate the alleged encounters under the ordinary element of actual consent rather than treating incapacity as established merely by diagnosis or educational history.

### B. Plaintiffs' Evidence Does Not Establish the Imminent Apprehension Required for Assault

Plaintiffs combine their assault argument with evidence offered to prove completed batteries and sexual batteries. But assault is a distinct tort. It requires that the plaintiff reasonably believed harmful or offensive contact was about to occur, or that it reasonably appeared the defendant was about to carry out a threat. *So v. Shin* (2013) 212 Cal.App.4th 652, 668–669. Evidence that contact occurred does not, standing alone, establish that the Plaintiff anticipated it before it occurred.

//

As to M.S., Plaintiffs argue that O.A.'s alleged stabbing of M.S.'s backpack was a "metaphorical threat" to stab M.S. because a backpack is ordinarily worn over vital organs. That interpretation does not establish that O.A. threatened immediate contact or that M.S. then believed O.A. was about to stab him. The undisputed record reflects that M.S. reported the incident later and that SMMUSD disciplined O.A. for possessing a weapon, not for threatening M.S. with it. (JAF 194–203.) M.S.'s later fear that O.A. might harm or kill him likewise concerns possible future retaliation, not apprehension that O.A. was about to carry out an immediate harmful contact. (See PAF 128–130.)

The same defect applies to I.H.'s assault claim. Plaintiffs cite alleged touching, forced sexual conduct, and the November 2022 classroom bite. Those allegations may concern completed contact, but Plaintiffs identify no evidence that I.H. perceived an impending contact before it occurred. (JAF 270–323.) Because Plaintiffs do not identify evidence supporting this independent element, O.A. is entitled to summary adjudication of the Eleventh Claim for assault even if other intentional-tort claims remain disputed.

C. Plaintiffs Do Not Establish the Remaining Elements of Liability Against J.A. and M.A.

The Family Defendants do not contend that Plaintiffs must prove the Parents knew of a prior sexual assault identical to the conduct alleged here. Consistent with the Court's prior ruling, *Romero v. Superior Court* (2001) 89 Cal.App.4th 1068 requires actual knowledge of an assaultive propensity sufficient to make the later harm reasonably foreseeable. *Id.* at 1082–1084. Although actual knowledge may be established circumstantially, the circumstances must show that the defendant "must have known," not merely "should have known," of the relevant propensity. *Id.* at 1083.

Plaintiffs rely principally on the Willison records to establish that knowledge. The Family Defendants maintain their psychotherapist-patient privilege objection stated

in JAO Objection No. 1. Even assuming those records are considered, however, they do not eliminate Plaintiffs' separate obligation to prove an available means of control, an unreasonable failure to use it, and causation.[1] Evidence of concerns involving boundaries, sexualized communications, or impulsivity does not itself establish that any particular precaution by J.A. or M.A. would have prevented any particular alleged incident.

Instead, Plaintiffs propose categorical precautions: the Parents should have supervised O.A. whenever he was outside school and warned anyone who might come into contact with him. (Joint Brief at 68–69.) That does not supply the required incident-by-incident causal connection. The alleged October and November 2022 incidents involving M.S. occurred in the DeVita home, where J.A. and M.A. did not control the premises or supervise the boys inside M.S.'s room. (JAF 162–192.) The fact that a parent helped arrange a playdate does not establish the ability to supervise another family's home or that a warning concerning known sexualized communications would have prevented the alleged conduct.

Plaintiffs' theory is also insufficient as to the June 2018 pool party. It is undisputed that J.A. and M.A. were present, the family hired lifeguards, multiple parents attended, approximately twelve adults were present, and neither I.H. nor any adult reported an assault during or after the event. (JAF 279–287.) Plaintiffs do not identify what additional reasonable supervision was required, how the Parents were supposed to anticipate the alleged over-the-clothing contact, or how a different precaution probably would have prevented it. The mere fact that an alleged contact occurred does not establish negligent supervision.

Finally, Plaintiffs' reliance on alternative pleading does not answer the motion. Family Defendants do not dispute that Rule 8 permits inconsistent theories at the pleading stage. But at summary judgment, Plaintiffs must produce evidence

[1] Family Defendants' discussion of the Willison records assumes their consideration solely for purposes of this Reply and does not waive their privilege objection.

supporting the elements of each theory they intend to present. Their general negligence claim against J.A. and M.A. still requires duty, breach, and causation, and cannot survive solely because Plaintiffs are permitted to plead it in the alternative to nonstatutory parental liability.

For these reasons, the Family Defendants respectfully request summary adjudication of the Eleventh Claim against O.A. and the Sixth and Tenth Claims against J.A. and M.A., together with the additional relief requested in their moving papers.

## III. CONCLUSION

For the foregoing reasons, and for the reasons demonstrated in the Motion for Summary Judgment, the District Defendants and Family Defendants respectfully request that the Court grant the Motion for Summary Judgment or, in the alternative, grant summary adjudication on each claim alleged in Plaintiffs' Third Amended Complaint. District Defendants and Family Defendants further request such other and further relief as the Court deems just and proper.

Dated: August 3, 2026

**BORDIN SEMMER, LLP**

Jennifer Stone

Joshua Bordin-Wosk
Bryan C. Swaim
Jennifer L. Stone
Attorneys for District Defendants

DATED: August 3, 2026

**HIRJI, CHAU & RODRIGUEZ, LLP**

Ariel Harman-Holmes

Rosa K. Hirji
Alex Rodriguez
Ariel Harman-Holmes
Attorneys for Family Defendants

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Ariel Harman-Holmes, attest that the other signatories listed, and on whose behalf this filing is submitted, concur in the filing content and have authorized this filing.

DATED: August 3, 2026

Ariel Harman-Holmes

Ariel Harman-Holmes