Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., J.A., *and* M.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiffs,<br><br>v.<br><br>O.A., et al.<br><br>Defendants. | CASE NO. 2:23–CV–09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**FAMILY DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S AUGUST 4, 2026 ORDER [DKT. 417] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a) AND LOCAL RULE 72-2.1; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2026<br>Trial Date: TBD<br><br>Hearing Date: November 18, 2026<br>Hearing Time: 1:30 PM |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 18, 2026 at 1:30 PM, or as soon thereafter as the matter may be heard in the above entitled court, located at First Street Courthouse, 350 West First Street, Courtroom 5D, Los Angeles, California, Defendants O.A., J.A., and M.A. ("Family Defendants") respectfully move pursuant to Federal Rule of Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A), and Local Rule 72-2.1 for review of paragraphs 2 through 7 of Magistrate Judge Margo A. Rocconi's August 4, 2026 Order granting Plaintiffs' Motion to Compel an Independent Medical Examination of O.A. ("Dkt. 417").

Family Defendants request modification of the provisions governing the examination so that they account for the medical and cognitive risks already established in the record and incorporate protections substantially consistent with those this Court recently affirmed for O.A.'s deposition. Family Defendants also request that the examination be defined with sufficient specificity to comply with Federal Rule of Civil Procedure 35(a)(2)(B), and that the Court clarify the relationship between Dkt. 417 and the limited reopening of fact discovery established by Dkt. 414.

Dkt. 417 directs O.A. to undergo an examination by a "licensed forensic psychologist or psychiatrist," but does not identify the examiner or define the scope of the examination. Dkt. 417 at 9–10. Plaintiffs have since designated Ashley W. Azcarraga, Psy.D., and supplied proposed dates, time, and location in their Notice of IME. The principal issues requiring modification concern the manner, conditions, and scope of the examination, including the medical safeguards necessary for O.A. to participate safely. On August 19, 2026, Family Defendants requested that Plaintiffs participate in a videoconference regarding the issues raised by this Motion and explained that the deadline for Rule 72 review required filing that day. Plaintiffs' counsel advised that she was unavailable that

day and thereafter declined a conference, advising Family Defendants to proceed with filing. Harman-Holmes Decl. ¶¶ 2-4, Ex. A.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the record in this action, the Declaration of Ariel S. Harman-Holmes and exhibits thereto, and such further argument as the Court may permit.

DATED: August 19, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Ariel Harman-Holmes

Rosa K. Hirji
Alexander F. Rodriguez
Ariel S. Harman-Holmes
Attorneys for Family Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The principal issue presented by this Motion is how the Rule 35 examination of O.A. should occur safely and fairly.

The medical evidence before the Court establishes that significant emotional stress can trigger vomiting in O.A. and place him at risk of metabolic crisis, further neurological injury, and other serious consequences associated with his TANGO2 disorder. This Court recently reviewed that evidence in detail and affirmed substantial protections for O.A.'s deposition. It concluded that the four-hour limit and accompanying conditions struck a "judicious balance" between Plaintiffs' right to obtain discovery and the need to ensure that O.A. did not suffer "serious physical harm from the stress and anxiety from the deposition." Dkt. 414 at 7.

Those protections addressed both O.A.'s medical vulnerability and his cognitive limitations. Among other conditions, the Court required Plaintiffs' counsel to move on when O.A. could not remember an event or detail and to avoid repetitive questions; limited the deposition to four hours of testimony, excluding breaks; permitted Dr. Boles and O.A.'s parents to accompany him; and required questioning to proceed calmly and respectfully without conduct likely to agitate him. Id. at 7–8. Dkt. 417 itself recites those protections.

The record provides an even more direct reason to consider those safeguards in connection with an IME. Dr. Boles specifically identified "a comprehensive/independent medical evaluation" as one of the major stressors for which he could identify no accommodation that would significantly reduce the risk of a vomiting episode. Dkt. 163-4, Boles Decl. ¶ 23. Yet Dkt. 417 imposes materially weaker protections. It contains no four-hour total limit; permits the examiner to exclude the physician accompanying O.A.; and does not address the manner in which the history and clinical interview should be conducted despite O.A.'s documented memory, comprehension, and communication deficits.

Rule 35 gives the Court authority to establish those conditions and requires the Court's order to specify the manner, conditions, and scope of the examination. Fed. R. Civ. P. 35(a)(2)(B). The Court should modify Dkt. 417 accordingly.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their Motion to Compel Independent Medical Examinations of O.A. and J.A. on October 8, 2025, before the March 13, 2026 fact discovery cutoff. Dkt. 244; Dkt. 287 at 2.

The Family Defendants' opposition raised the risk another evaluation would pose to O.A.'s health and relied on the medical evidence previously submitted in connection with his deposition. Dr. Boles had explained that stress and fasting make a vomiting episode highly likely and that such an episode can progress to a severe metabolic crisis. He also specifically identified detailed questioning, a comprehensive or independent medical evaluation, and sitting in court or deposition for hours as major stressors. Dkt. 163-4, Boles Decl. ¶¶ 16–24.

On July 31, 2026, this Court entered Dkt. 414. In affirming the protections imposed on O.A.'s deposition, the Court found sufficient evidence to justify shortening the presumptive deposition period and concluded that the restrictions appropriately balanced Plaintiffs' discovery rights against the risk of serious physical harm. Dkt. 414 at 6–8.

Dkt. 414 also reopened fact discovery through September 11, 2026 for three expressly identified "limited purposes": Plaintiffs' deposition of O.A., production of juvenile court records responsive to Requests for Production Nos. 41 and 42, and production of O.A.'s treatment records from Dr. Willison. Id. at 22 n.5.

Four days later, Magistrate Judge Rocconi issued Dkt. 417. The Order found that O.A.'s condition was in controversy because the Family Defendants intend to rely upon his disability and limitations in responding to Plaintiffs' substantive claims and found good cause for Plaintiffs to independently evaluate those limitations. Dkt. 417 at 6–9.

The operative provisions direct O.A. to undergo an IME by a "licensed forensic psychologist or psychiatrist" within ten miles of his residence. Dkt. 417 at 9. If the examiner certifies that more than four hours are necessary, O.A. may request that the examination be divided over two days. Id. One parent and one physician may accompany him, but the examiner may exclude either from portions of the examination at the examiner's discretion. Id. The examination is to be audio recorded, and the resulting materials remain confidential. Id. at 9–10.

Plaintiffs subsequently designated Dr. Azcarraga and noticed September 2 and September 8, 2026 for the examination. Their Notice describes an examination that includes history-taking, a clinical interview, a mental-status examination, and psychological testing.

**III. STANDARD OF REVIEW**

Rule 72(a) requires a district judge to modify or set aside any portion of a magistrate judge's nondispositive ruling that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

As this Court explained in Dkt. 414, legal conclusions are reviewed de novo to determine whether they are contrary to law, including whether the magistrate judge applied an incorrect legal standard or failed to consider an element of the applicable standard. Dkt. 414 at 3–4; *Stebbins v. CMDR ImperialSalt*, No. 8:24-cv-01486, 2024 WL 6883903, at *3 (C.D. Cal. Oct. 25, 2024); *Williams v. Allison*, No. EDCV 22-02277, 2023 WL 2559216, at *1 (C.D. Cal. Feb. 23, 2023). Discretionary discovery rulings and factual determinations are reviewed for clear error. Dkt. 414 at 3–4.

**IV. ARGUMENT**

A. DKT. 417 SHOULD BE MODIFIED TO COMPLY WITH RULE 35(a)(2)(B)

Rule 35(a)(2)(B) requires an examination order to "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons

who will perform it." The Supreme Court has enforced that requirement where an order authorized examinations in broad areas without adequately delineating their conditions and scope. *Schlagenhauf v. Holder*, 379 U.S. 104, 121 n.16 (1964).

The required specifications belong in the court's order. *Daum v. Allstate Fire & Casualty Insurance Co.*, No. CV 13-64-BU-DLC, 2014 WL 12600126, at *2 (D. Mont. Oct. 28, 2014). Courts confronted with incomplete terms have directed the parties to supply the necessary particulars rather than deny an otherwise warranted examination. See *Alexander v. City of Bellingham*, No. C07-0868-MAT, 2008 WL 2077970, at *2–3 (W.D. Wash. May 15, 2008); *Mims v. Kalakau*, No. 2:24-cv-00342-APG-DJA, 2025 WL 1137267, at *3 (D. Nev. Apr. 9, 2025).

Plaintiffs' subsequent Notice identifies Dr. Azcarraga and supplies proposed dates, time, and location, reducing the practical significance of Dkt. 417's omissions concerning those particulars. The material deficiencies requiring resolution concern the manner, conditions, and scope of the examination, particularly the safeguards necessary in light of O.A.'s established medical and cognitive limitations. Any remaining logistical particulars can be reflected in the operative order without requiring the Court to select them unilaterally.

## B. THE EXAMINATION REQUIRES CONDITIONS RESPONSIVE TO O.A.'S ESTABLISHED MEDICAL AND COGNITIVE LIMITATIONS

The record already establishes both the medical risk posed by prolonged stress and the cognitive limitations affecting O.A.'s ability to participate in questioning. Dkt. 417 acknowledges the deposition protections this Court affirmed, yet its operative conditions substantially reduce those safeguards. The examination should proceed under conditions tailored to the same documented risks.

The first protection concerns repetitive questioning. Plaintiffs' Notice contemplates a history and clinical interview in addition to psychological testing. During that interview, O.A. will necessarily be asked to retrieve autobiographical

information and respond to questions about his history and functioning. This Court has already ordered that when O.A. cannot remember an event or detail, the questioner must move on and avoid repetitive questioning. Dkt. 414 at 7. That protection should apply equally here. Clarification is appropriate when O.A. does not understand a question. Once he states that he cannot remember the event or detail being sought, however, the examiner should move to another subject rather than repeatedly reframe the same inquiry in an effort to obtain a different response.

The interview should also be conducted calmly and respectfully, with clear and concrete questions suited to O.A.'s documented comprehension and communication limitations. The Court imposed a materially identical restriction on his deposition to reduce agitation. Id. at 7–8. Applying it to the conversational portion of the IME allows the examiner to obtain relevant history without increasing stress through avoidable questioning practices.

Duration and breaks are equally important. Dkt. 417 imposes no four-hour total limit. Instead, it permits O.A. to request two days only after the examiner certifies that more than four hours are necessary. Dkt. 417 at 9. Plaintiffs' Notice then contemplates two examination days continuing until completion or until O.A. asks to stop for medical reasons.

That framework places responsibility for detecting medical deterioration primarily on O.A. despite a record documenting significant deficits in judgment, self-monitoring, comprehension, and communication. Dr. Boles has also explained that stress and fasting are important triggers for O.A.'s vomiting syndrome and that a resulting episode can progress to metabolic crisis. Dkt. 163-4, Boles Decl. ¶¶ 16–24. The Court should instead limit the examination to four total hours of active examination time, excluding breaks, across no more than two days. Regular breaks should be provided, with additional breaks whenever O.A., his parent, or Dr. Boles determines one is needed. O.A. should remain free to eat, hydrate, and take prescribed medication as medically necessary.

Dr. Boles's role requires a corresponding modification. Courts generally disfavor third-party observers during psychological examinations because their presence may interfere with testing. See *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609–10 (C.D. Cal. 1995). But those cases turn on the circumstances presented. In *Newman v. San Joaquin Delta Community College District*, the court rejected an in-room support person where the plaintiff acknowledged that the examination was "not necessarily dangerous" and presented no evidence that the proposed testing would cause actual physical harm. 272 F.R.D. 505, 513–14 (E.D. Cal. 2011). The court nevertheless permitted the support person to remain nearby and available during breaks. Id.

Here, the record contains the evidence of medical danger that was absent in *Newman*. Dr. Boles is O.A.'s treating metabolic physician, and he specifically identified a comprehensive or independent medical evaluation as a major stressor capable of precipitating a vomiting episode. Dkt. 163-4, Boles Decl. ¶ 23. His presence therefore serves a medical function distinct from that of an ordinary observer or support person.

Dr. Boles should remain on site and immediately available throughout the examination. He should be permitted to remain with O.A. during the history, clinical interview, mental-status examination, and similar portions solely for medical monitoring, without assisting O.A. in answering questions. During any portion of the examination for which applicable administration requirements call for the exclusion of third parties, Dr. Boles may remain immediately outside the examination room. The examiner should not otherwise have unilateral discretion to remove him from the premises or prevent immediate access to him. Dr. Boles should also be authorized to require a break or terminate the session if continuation presents an unacceptable medical risk.

Dkt. 417's existing provision permitting one parent to accompany O.A. should remain. During portions of the examination for which applicable

administration requirements call for the exclusion of third parties, the parent may remain nearby and available to O.A. during breaks.

Finally, the scope of the interview should correspond to the purpose for which Dkt. 417 authorized the examination. The examiner may inquire into O.A.'s developmental, educational, medical, psychological, cognitive, and functional history to the extent reasonably necessary to evaluate his mental functioning, abilities and limitations, capacity, symptom validity, and disability-related functioning. Dkt. 417 at 6–8. The interview should not become an unrestricted forensic interrogation into the underlying allegations of this lawsuit where the inquiry does not bear on those evaluative purposes.

These conditions address the medical, cognitive, and questioning concerns established by the present record while leaving the examiner discretion to conduct the examination within the boundaries established by the Court. Rule 35 expressly entrusts the Court with setting those boundaries.

C. DKT. 417 DOES NOT ADDRESS THE LIMITED REOPENING OF DISCOVERY ESTABLISHED BY DKT. 414

Dkt. 414 reopened fact discovery through September 11, 2026 for three expressly identified "limited purposes": Plaintiffs' deposition of O.A., production of juvenile court records responsive to Requests for Production Nos. 41 and 42, and production of O.A.'s treatment records from Dr. Willison. Dkt. 414 at 22 n.5. The IME was not included.

The same order treated modification of the scheduling order as a threshold question separate from whether the discovery at issue was substantively authorized. In addressing additional depositions, the Court first considered whether Rule 16(b)(4) permitted modification of the scheduling order and only then considered whether Rule 30 permitted the requested discovery. Id. at 21. That approach is consistent with *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992), and *Smahi v. STMicroelectronics, Inc.*, 827 F. Supp. 3d

1271, 1274 (N.D. Cal. 2026).

Dkt. 417 resolved the Rule 35 question but did not address Rule 16(b)(4), determine that Dkt. 414 should be modified, or find good cause to expand the limited reopening. Dkt. 417 at 4–10. Plaintiffs' Rule 35 motion preceded the original discovery cutoff, and the period during which that motion remained pending may be relevant to a Rule 16 determination. See *City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1066–67 (9th Cir. 2017). The Rule 16 determination nevertheless remains distinct from the substantive Rule 35 ruling.

The Court should therefore clarify that Dkt. 417 does not itself enlarge the discovery permitted by Dkt. 414 or dispense with any modification required by Rule 16(b)(4).

**V. CONCLUSION**

For the foregoing reasons, Family Defendants respectfully request modification of paragraphs 2 through 7 of Dkt. 417 to establish the conditions necessary for O.A.'s examination under Rule 35(a)(2)(B). The examination should be limited to four total hours of active examination time, excluding breaks, divided over no more than two days; include regular and medically necessary breaks with access to food, hydration, and medication; require calm, clear questioning during the interview and require the examiner to move on when O.A. states that he cannot remember an event or detail; permit Dr. Boles to remain on site throughout, to accompany O.A. during the interview and other portions except where applicable administration requirements call for the exclusion of third parties, and to require a break or termination for medical reasons; preserve O.A.'s access to a parent; and limit the interview to matters reasonably necessary to evaluate the mental, cognitive, developmental, and functional issues for which Dkt. 417 authorized the examination. Dkt. 417's existing provisions concerning audio recording, confidentiality, and the Rule 35(b) report should remain in effect. The Court should further clarify that Dkt. 417 does not itself expand the limited discovery

authorized by Dkt. 414 or dispense with any modification required under Rule 16(b)(4).

DATED: August 19, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

/s/ Ariel Harman-Holmes

Rosa K. Hirji
Alexander F. Rodriguez
Ariel S. Harman-Holmes
Attorneys for Family Defendants