Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
Bina Ahmad, Esq. [SB. #329387]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. #349594]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
bahmad@hadsellstormer.com / kmcfarlane@hadsellstormer.com
igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,<br><br>Plaintiffs,<br><br>v.<br><br>O.A., J.A., M.A., MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,<br><br>Defendants. | Case No.: 2:23-cv-09957-SRM-MAR<br><br>[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE DEPOSITION ERRATA OF DEFENDANT M.A.**<br><br>DATE: November 25, 2026<br>TIME: 1:30 p.m.<br>CRTRM: 5D<br><br>[*Filed concurrently herewith: 1) Ricketts Decl & Exs; 2) [Prop] Order*]<br><br>Complaint filed: November 22, 2023<br>Motion Cutoff: November 27, 2026<br>Discovery Cutoff: September 11, 2026<br>Trial Date: Not set |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on November 25, 2026, at 1:30 p.m., or as soon as counsel may be heard in Courtroom 5D of the First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, California 90012, Plaintiffs M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez ("Plaintiffs"), will and hereby does move this Court for an order to strike the deposition errata of Defendant M.A.

This Motion is and will be based upon this Notice of Motion; the pleadings and records on file with this court; the concurrently filed Declarations and accompanying exhibits; any evidence of which the Court may take judicial notice prior to or at the hearing of this matter; and upon such oral or documentary evidence as may be presented at the hearing of this motion.

This motion is made following meet and confer efforts, pursuant to Local Rule 7-3. These discussions took place in person on May 14, 2026. Declaration of Morgan Ricketts ("Ricketts Decl.") ¶ 2.

Dated: August 25, 2026

Respectfully Submitted,

ORANGE LAW OFFICES

HADSELL STORMER RENICK & DAI LLP

By: /s/ - Morgan Ricketts

Olu K. Orange
Dan Stormer
Morgan Ricketts
Bina Ahmad
Kate McFarlane
Isabelle Geczy

Attorneys for Plaintiffs M.S. and I.H.

## I. INTRODUCTION

At deposition, Defendant M.A. ("M.A.") admitted to spoliating key social media evidence in this case after being served with the complaint. Plaintiffs then met and conferred with counsel for the Family Defendants to discuss an intended motion for terminating sanctions. One month after the last of those discussions, and six weeks after discovery had closed, M.A. submitted an errata to his deposition containing two changes. Those changes contradict his earlier testimony about the timing of his deletions, and would have the effect of erasing his admissions of spoliation. Under the law of this Circuit, such changes are improper and subject to strike. Because this is a discovery motion, it would normally be brought before the magistrate within the discovery cut-off; however, because Plaintiffs did not receive the errata until six weeks after the cut-off had passed, Plaintiffs respectfully request that the Court nonetheless address this issue on its merits.

## II. RELEVANT BACKGROUND

On February 12, 2026, Plaintiffs took the deposition of Defendant M.A. Ricketts Dec. ¶ 3. He testified as follows:

Q When you say you went with him to let him --
went with him through the Reddit posts to let him know
that this material is inappropriate, when was that?
A I don't recall. When we became aware of it.
Q Aware of what?
A Aware of the post.
Q And how did you become aware?
A I don't recall. I'm sure it was through some of
this proceeding.
Q Okay. This proceeding, being the lawsuit?
A Yes.
Q And when you let him know that it's
inappropriate, what did you tell him about?
A Would have been talked about online, things that
you say will not be taken as you mean them in jest, can be
taken out of context and used in ways to paint you as a
bad person. If someone read that and assumed that you
meant those words, what would you think?

He said, well, that would be crazy.

But that's how this works. You do not get to tell someone how to read your words and how to think about it. He doesn't have the capacity to think that way.

And then, you know, of top of that, disrespectful to women, all of the things that you want your kids to do better at.

Q And you said you talked to him about Reddit and the others. When you say "the others," is that the other, I guess, services like Reddit?

MS. HIRJI: Misstates testimony.

THE WITNESS: I don't know if I was referring to others being the other things that you have in here. I'm not sure what I --

BY MR. ORANGE:

Q That's fair. We'll get to them.

Okay. So on how many occasions did you talk to him about these posts? Was it just that one occasion?

MS. HIRJI: Vague and ambiguous.

THE WITNESS: We talked to him about things multiple times because a component -- a significant component of his disability is the fact that he doesn't retain information and doesn't remember things.

So an example: I put medicine on this foot two nights ago and walked out of the room to get him a glass of water and came back in, and he said, "Are you going to put the medicine on my foot or what?"

I said, "O.A., I just did that."

"No, you didn't. It's right here."

"O.A., look at your foot."

He just -- he doesn't remember and can't remember things that are -- that happened five minutes ago. So it's -- one of the things that we do is to talk to him about things repeatedly to reinforce.

So, yes, I spoke to him about it on multiple occasions.

BY MR. ORANGE:

Q After you spoke to him about it, did he take the post down?

A We did that together. So the accounts where we were able to do it, we did it.

Some accounts, as I said, had been hacked. And

> we couldn't get access, we couldn't delete them. You
> couldn't change anything about them.

Ricketts Dec. ¶ 3, Ex. 1.

The parties never agreed to any additional time to submit changes or corrections to the deposition transcript. Ricketts Dec. ¶ 4.

On February 19, 2026, Plaintiffs' counsel met and conferred with counsel for Family Defendants regarding Plaintiffs' intention to file a motion for terminating sanctions. Ricketts Dec. ¶ 5. The topic of that meet and confer was Family Defendants' spoliation of O.A.' Instagram account. Ricketts Dec. ¶ 5, Ex. 2.

On February 25, Defendant M.A.' deposition transcript became available for download. Ricketts Dec. ¶ 6.

On March 13, 2026, discovery in this case closed. Dkt. 287.

On March 31, 2026, Plaintiffs' counsel again met with counsel for Family Defendants regarding the anticipated motion for terminating sanctions. Ricketts Dec. ¶ 7. The topic of that meet and confer was Family Defendants' spoliation of various Reddit posts by O.A. Ricketts Dec. ¶ 7, Ex. 3.

On April 28, 2026, Defendant M.A. submitted an errata to his deposition transcript containing two changes. Ricketts Dec. ¶ 8. The changes are as shown in the chart below with changes to the language in bold:

| **Page, Line** | **Reason for Change** | **Original Answer:** | **Errata Change:** |
|---|---|---|---|
| 120:13-14 | To clarify the record | **I don't recall. I'm sure it was through** some of this proceeding. | **I spoke with O.A. about inappropriate posts whenever we became aware of it. We were aware of some inappropriate posts prior to the commencement of this litigation, and we learned of others during** some of this |

| | | | |
|---|---|---|---|
| | | | proceeding. |
| 122:13-14 | To clarify the record | We did that together. So the accounts where we were able to do it, we did it. **I don't recall. I'm sure it was through some of this proceeding.** | **Prior to this lawsuit,** we did that together. So the accounts where we were able to do it, we did it. **We did not take down any posts once this lawsuit was initiated.** |

Ricketts Dec. ¶ 8, Ex. 4.

On April 29, 2026, which was the last day to file motions (pending an outstanding stipulation to continue various case deadlines), Plaintiffs filed their spoliation motion.

On May 1, 2026, Plaintiffs' counsel emailed counsel for Family Defendants to seek a time to meet and confer and received no response. She followed up on May 5, 2026. Defendants replied and took the position that without Plaintiffs' authorities, they were not required to provide a time to meet and confer, and even once authorities were provided, they had ten days within which to agree to a meeting. In response, still on May 5, Plaintiffs provided a draft of this Motion to the Family Defendants. Family Defendants did not agree to make themselves available to meet and confer until May 14, 2026.

On May 14, 2026, the parties met and conferred in person at Plaintiffs' counsel's office regarding this motion and an unrelated motion for sanctions against defense counsel for a total of approximately one hour, at the conclusion of which the parties agreed they had exhausted all possibility of agreement and further meet and confer would not be productive. During the meet and confer, defense counsel cited *Bronson v. Samsung Elecs. Am. Inc.*, 390 F. Supp. 3d, 1067 (N.D. Cal. 2019). but Plaintiffs do not agree that this case authorizes the type of changes proposed in M.A.'s errata.

Ricketts Dec. ¶ 2.

Although the parties completed their meet and confer on May 14, and Plaintiffs

already had this motion prepared at that time, on May 26 the Court "encouraged" the parties to "refrain from filing any additional applications or motions until the Court resolves [numerous outstanding motions]". Dkt. 400. The Court has since ruled on the majority of those outstanding motions, so Plaintiffs respectfully file this motion now.

## III. ARGUMENT

Under Federal Rule of Civil Procedure 30(e)(1), a deponent may, on request, review the transcript of his deposition and submit a signed statement listing "changes in form or substance ... and the reasons for making them." Fed. R. Civ. P. 30(e)(1). "While the language of [Rule]30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1225 (9th Cir. 2005). The Ninth Circuit went on to make clear that "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Id*. at 1226. Indeed, under Rule 30(e) a deponent "may not 'alter what was said under oath ... A deposition is not a take home examination.'" *Fosselman v. Dimmer*, No. 1:12-cv-01302-DAD-SAB (PC), 2017 WL 1254685, at *16 (E.D. Cal. Feb. 17, 2017) (quoting *Garcia v. Pueblo Country Club*, 299 F3d 1233, 1242 n. 5 (10th Cir. 2022)). As one court explained,

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all and then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Greenway v. Int'l Paper Co.*, 144 F.R.D. 322, 325 (W.D. La. 1992).

"In the Ninth Circuit, Rule 30(e) deposition errata are subject to the 'sham rule,' which precludes a party from creating 'an issue of fact by an affidavit contradicting his prior deposition testimony.'" *Greer v. Pac. Gas & Elec. Co.*, No. 1:15-CV-01066-EPG, 2017 WL 2389567, at *4 (E.D. Cal. June 1, 2017) (quoting *Karpenski v. Am. Gen. Life*

*Companies, LLC*, 999 F.Supp.2d 1218, 1224–25 (W.D. Wash. 2014)). To determine "whether a deposition errata constitutes a sham, courts consider circumstances including the number of corrections, whether the corrections fundamentally change the prior testimony, the impact of the corrections on the cases (including whether they pertain to dispositive issues), the timing of the submission of corrections, and the witness's qualifications to testify." *Greer*, 2017 WL 2389567, at *4 (quoting *Karpenski*, 999 F.Supp.2d at 1224–25). "Even where a court finds that errata are not shams, the court may still strike portions that constitute contradictory rather than corrective changes." *Id*. (citation omitted).

Here, Defendants knew they were facing a motion for terminating sanctions – while not a summary judgment motion, it is also potentially a dispositive motion. Their late revisions to M.A.'s deposition testimony are an attempt to "take back" the admission that the deletions happened during this lawsuit. This is unquestionably a fundamental change to the prior testimony; the impact of the "correction" is substantial in that it would remove a key supporting fact in Plaintiffs' Motion for Terminating Sanctions; and the timing of the errata was suspicious as well: long after the thirty days provided for transcript changes by Rule 30, but just one day before Plaintiffs had to file their Motion for Terminating Sanctions.

Defendants are not permitted to make this "contradictory" change to M.A.'s testimony. Plaintiffs respectfully submit that these proposed changes "alter what was said under oath" in violation of the Ninth Circuit's clear holding in *Hambleton Bros.*, and request that it be stricken.

/ / /

/ / /

/ / /

## IV. CONCLUSION

Because M.A.'s deposition errata contains only substantive changes to his testimony, and not corrective changes to reflect what was actually testified to, the entire errata should be stricken.

Dated: August 25, 2026

Respectfully Submitted,

ORANGE LAW OFFICES
HADSELL STORMER RENICK & DAI LLP

By: /s/ - Morgan Ricketts
Olu K. Orange
Dan Stormer
Morgan Ricketts
Bina Ahmad
Kate McFarlane
Isabelle Geczy
Attorneys for Plaintiffs M.S. and I.H.

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs M.S. and I.H., certifies that this brief contains 2,003 words, which complies with the word limit of L.R. 11-6.1

Dated: August 25, 2026

/s/ - Morgan Ricketts
Morgan Ricketts