Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiffs,<br><br>v.<br><br>O.A., et al.<br><br>Defendants. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**FAMILY DEFENDANTS' NOTICE OF MOTION AND MOTION TO BIFURCATE TRIAL UNDER RULE 42, OR, IN THE ALTERNATIVE, TO SEVER PLAINTIFFS' CLAIMS UNDER RULE 21; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2027<br>Trial Date: TBD<br><br>Hearing Date: December 16, 2026<br>Hearing Time: 1:30 PM |

**TO THE COURT, ALL INTERESTED PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 16, 2026 at 1:30 PM, or as soon thereafter as the matter may be heard before the Honorable Serena R. Murillo in Courtroom 5A of the First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Defendants O.A., J.A., and M.A. (the "Family Defendants") will move for an order under Federal Rule of Civil Procedure 42(b) directing two trials before separate juries: one of Plaintiff M.S.'s remaining claims and one of Plaintiff I.H.'s remaining claims. Each trial would include all Defendants against whom the respective Plaintiff's claims remain. Alternatively, the Family Defendants request severance into separate actions under Rule 21.

Separate trials would allow each jury to decide one Plaintiff's complete claims while distinguishing the timing and recipients of alleged notice and assessing that Plaintiff's injuries. The motion addresses overlapping evidence, including evidence potentially admissible under Federal Rule of Evidence 415, and requests that the Court preserve completed discovery and reserve evidentiary rulings.

This motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Alexander F. Rodriguez and its exhibits, the pleadings and orders on file, and any further argument the Court permits.

//

//

//

//

//

//

//

Pursuant to Local Rule 7-3, counsel initiated the meet-and-confer process on July 29, 2026, and met in person on August 7, 2026 to discuss the substance of this motion and its potential resolution. Plaintiffs and the SMMUSD Defendants oppose the requested relief. Rodriguez Decl. ¶¶ 3–4.

DATED: September 24, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Alexander F. Rodriguez
Attorneys for Family Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendants O.A., J.A., and M.A. (collectively herein "Family Defendants") respectfully request separate jury trials of M.S.'s and I.H.'s remaining claims. Both Plaintiffs allege misconduct by O.A. over multiple years, and some of their notice evidence overlaps. But the consequences of that evidence differ by incident and Defendant. A report about I.H. in November 2022 may bear on notice before alleged later misconduct against M.S.; the report alone does not establish what a Defendant knew before an alleged October 2022 incident. Similarly, evidence that school employees witnessed an incident does not, without more, establish that J.A. or M.A. knew about it. A combined trial would require the jury to apply those distinctions while assessing both Plaintiffs' full allegations and claimed injuries.

Rule 415 may permit evidence concerning one Plaintiff in the other's trial, including qualifying propensity evidence. This motion does not seek a categorical exclusion of that evidence. It asks the Court to separate the adjudication of each Plaintiff's claims while deciding the admissibility and use of particular evidence through motions in limine and trial rulings. Each jury would decide the complete claims of one Plaintiff, including liability and damages, against the Defendants who remain in that Plaintiff's case.

The parties have already conducted discovery jointly. Separate trials may require some witnesses to testify twice, but that burden must be weighed against the risk of imposing liability based on another Defendant's knowledge or awarding damages based on the other Plaintiff's injuries. Rule 42(b) permits the Court to protect against that prejudice without undoing joint discovery. If the Court declines that relief, the Family Defendants alternatively request severance under Rule 21.

## II. RELEVANT BACKGROUND

Plaintiffs filed the Third Amended Complaint ("TAC") on October 21, 2024. Dkt. 108; Rodriguez Decl. ¶ 5, Ex. A. M.S. alleges off-campus incidents on

October 10 and November 4, 2022, a separate on-campus incident on November 4, and other conduct extending over several years through May 2023. TAC ¶¶ 20–26. I.H. alleges different incidents at the Family Defendants' home and at school, including a November 22, 2022 classroom biting incident at which school employees allegedly were present. *Id.* ¶¶ 30–35.

The TAC also alleges connections between the two Plaintiffs' notice theories. It alleges that Jessica DeVita reported physical abuse of M.S. to school personnel in June 2022 and that the school failed to protect both M.S. and I.H. TAC ¶ 38. It alleges that Candace Hernandez reported the November 2022 biting incident and that the school thereafter failed to protect both students. *Id.* ¶ 45. Those allegations make some evidence relevant to both cases, but they also require separate determinations of the recipient, timing, and significance of each report.

The alleged injuries and surrounding circumstances differ as well. M.S. alleges fear of retaliation, therapy, and a sedative prescription. TAC ¶ 29. I.H. alleges physical injuries from the classroom biting incident and fear of further harm. *Id.* ¶¶ 31, 35. Each Plaintiff must establish the injuries for which that Plaintiff seeks recovery and their connection to the conduct of the Defendants sued. I.H.'s testimony also illustrates that the Plaintiffs did not share every relevant experience: when I.H. was in seventh grade and M.S. was in sixth, she rarely spoke to him. Rodriguez Decl. ¶ 6, Ex. B, I.H. Dep. 140:23–141:8. That testimony concerns their relationship during that period; the requested separation rests on the differences in the claims and proof described below.

On July 31, 2026, the Court reopened fact discovery through September 11, 2026 for three limited purposes: O.A.'s deposition, production of juvenile court records responsive to Requests for Production Nos. 41 and 42, and production of O.A.'s treatment records from Dr. Willison. Dkt. 414 at 22 n.5. The Court also extended the last date to hear motions to November 27, 2026 and set the final pretrial conference for February 17, 2027, with the trial date to be determined at

that conference. Id. at 22–24. The Family Defendants seek separate trials on the existing discovery record, without reopening discovery or disturbing the Court's discovery rulings. Common pretrial matters can remain coordinated under the Court's schedule.

Counsel initiated the meet-and-confer process on July 29, 2026 and met in person with Plaintiffs' counsel Morgan Ricketts and SMMUSD's counsel Jennifer Stone on August 7, 2026. Plaintiffs and the SMMUSD Defendants stated that they would oppose separate trials primarily on grounds of judicial economy and cost. Rodriguez Decl. ¶¶ 3–4.

## III. ARGUMENT

### A. Rule 42(b) permits separate trials to avoid prejudice

Rule 42(b) authorizes separate trials for convenience, to avoid prejudice, or to expedite and economize, while preserving the federal right to a jury trial. Its grounds are stated in the alternative; avoidance of prejudice is an independent basis for relief. The Court has broad discretion over bifurcation. *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). The Family Defendants seek the exercise of that discretion based on the particular allocation of notice, liability, and damages evidence in this case.

#### i. The Overlapping Evidence Has Different Significance for Different Claims

The clearest example is the sequence of alleged reports. M.S. alleges off-campus incidents in October and early November 2022, while I.H.'s classroom biting incident allegedly occurred later that November. TAC ¶¶ 23–24, 31. Evidence that a Defendant learned of the latter incident may bear on what that Defendant should have done afterward. Without additional evidence of earlier knowledge, however, it cannot establish that Defendant's notice before M.S.'s October incident. A verdict must rest on the information available at the time relevant to the particular claim, rather than a cumulative account of everything

alleged to have become known during the parties' histories.

The identity of the person receiving information matters just as much. I.H. alleges that school employees were present during the classroom incident; M.S. alleges that his mother reported physical abuse to a school administrator. TAC ¶¶ 31, 38. Those allegations do not themselves establish when either parent learned the same information or what opportunity either parent had to act. Even where a report is admissible in both Plaintiffs' cases, the jury must identify the Defendant to whom notice is attributable and the alleged injury that a different response could have prevented.

The evidence of harm presents a separate risk. Testimony about M.S.'s alleged treatment and fear addresses his claimed injuries; I.H.'s alleged bruising and pain address hers. TAC ¶¶ 29, 31, 35. Trying both complete damages cases together would expose the same jury to evidence that may be compelling yet have no bearing on the amount recoverable by the other Plaintiff. Separate trials would place those accounts in the context of the claims to which they relate, subject to any independent basis for admitting particular evidence.

These distinctions also explain the different roles of witnesses. DeVita's alleged June 2022 communication concerns what she told school personnel about M.S.; Hernandez's alleged report concerns the school's response to I.H.'s November incident. TAC ¶¶ 38, 45. Both witnesses may have information relevant to both trials. Their potential overlap does not make the content, recipients, or timing of their reports interchangeable. The Court can preserve relevant notice testimony in each trial without requiring each jury to decide both Plaintiffs' complete cases.

### ii. Rule 415 Does Not Eliminate the Need to Distinguish Liability and Damages

Federal Rule of Evidence 415 permits qualifying evidence of another sexual assault or act of child molestation in a civil case involving such a claim. That

evidence may support a propensity inference. The Family Defendants therefore do not contend that any inference from one Plaintiff's account to the other's is necessarily improper. In *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1267–69 (9th Cir. 2000), the Ninth Circuit recognized the rule's allowance of propensity evidence while holding that the evidence remains subject to Rule 403. The Court must evaluate the particular proffer, including its probative value and risk of unfair prejudice.

Even if evidence of conduct involving one Plaintiff is admitted against O.A. in the other's trial, its admission does not dispense with proof of the separate claims against J.A., M.A., or the SMMUSD Defendants. Nor does it establish the other Plaintiff's damages. Those questions require their own evidentiary connections. The requested separation would allow the Court to admit qualifying evidence, permit the responsive defense evidence, and identify its proper use without presenting the other Plaintiff's entire liability and damages case as a second demand for relief before the same jury.

The Family Defendants request no advance determination that any particular evidence is inadmissible. Motions in limine and trial rulings would govern evidence offered under Rules 401, 403, 415, and any other applicable rule. The order separating trials should expressly reserve those determinations.

**iii. Separate Trials Would Provide Protection Beyond Instructions Alone**

Separate verdict forms and limiting instructions would help identify the claims, but they would leave the same jury to hear both complete cases and repeatedly change its use of the same evidence. A report may be relevant to later notice but not earlier notice; evidence of an act may be admissible against O.A. without establishing parental knowledge; and injury testimony may support one Plaintiff's damages without supporting the other's. The concern is the accumulation of those different uses throughout a combined trial, particularly when the evidence includes

alleged sexual abuse and its claimed consequences.

In *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296–97 (9th Cir. 2000), the Ninth Circuit upheld separation after the district court weighed individualized proof, jury confusion, and prejudice against the efficiencies of joinder. *Coleman* involved ten employees and different state laws, circumstances absent here. Its relevance is the court's assessment of the actual trial burden and potential prejudice despite common allegations. Here, the reasons for separate trials are the changing significance of notice evidence and the risk of carrying findings about one Plaintiff's injuries or one Defendant's knowledge into another claim.

Separate juries would still need appropriate instructions and evidentiary rulings. They would, however, decide relief for only one Plaintiff. Evidence concerning the other Plaintiff would be presented to the extent admissible in that case, rather than as an additional complete case requiring its own liability and damages verdict. That narrower task would reduce the risk of the particular errors described above.

**iv. <u>Each Trial Would Encompass Complete Claims and Preserve Jury Rights</u>**

Rule 42(b) requires the Court to preserve the right to a jury trial. Relatedly, issues submitted separately must be sufficiently separable to avoid injustice. See *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 499–500 (1931) (addressing a proposed retrial limited to damages). The Family Defendants propose to keep liability, causation, and damages together for each Plaintiff and to include all Defendants facing that Plaintiff's remaining claims. The proposal does not divide liability from damages or parental liability from O.A.'s liability within either Plaintiff's case.

The principal overlap identified in the TAC concerns reports of misconduct and the school's response. The ultimate inquiry nevertheless depends on which alleged injury is at issue and what each Defendant knew and did beforehand. To

address any genuinely common factual issue requiring a single determination, the Court can direct the parties to identify that issue before fixing trial sequence and verdict forms. The Family Defendants do not request a procedure that would require a second jury to reexamine a binding finding by the first. Trial sequence and any necessary treatment of common issues should remain subject to the Court's further order.

**v. <u>Completed Joint Discovery Preserves Substantial Efficiencies</u>**

The Family Defendants acknowledge the costs of a second jury selection and the possibility that common witnesses, including O.A., his parents, and school personnel, would testify in both trials. They do not claim that two shorter trials necessarily require less total court time. The justification is the reduced risk of an erroneous allocation of liability or damages, balanced against the additional presentation of overlapping evidence.

The requested relief would preserve discovery already conducted and would not itself reopen discovery or require depositions to be repeated. Common evidentiary and legal questions can also be addressed in coordinated pretrial proceedings. *Coleman* likewise recognized that parties could benefit from coordinated discovery notwithstanding separate proceedings. 232 F.3d at 1297. The Court can require a joint statement identifying common witnesses, the testimony expected to repeat, and estimated trial time before setting the two trials. That would permit scheduling based on the actual burden while preserving the protection afforded by separate juries.

**B. Alternatively, The Court Should Sever the Claims Under Rule 21**

Rule 20(a)(1) requires both a right to relief arising from the same transaction, occurrence, or series of transactions or occurrences and a question of law or fact common to the plaintiffs. The transaction requirement concerns factual similarity. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Rule 21 permits severance of claims into separate actions. Even where Rule 20's threshold

requirements are met, the Court must consider fundamental fairness and prejudice. *Coleman*, 232 F.3d at 1296.

Plaintiffs' overlapping notice allegations present common questions. The Family Defendants do not argue that Rule 20 requires common questions to predominate. They contend that the separate alleged encounters and injuries, and the conduct attributed to each Defendant in connection with them, warrant separate actions if the Court declines separate trials within this action. The notice allegations linking the two Plaintiffs must be considered in assessing whether the claims arise from a common series of occurrences; similarity in the alleged wrongs alone does not resolve that inquiry. See *Coughlin*, 130 F.3d at 1350–51.

The Court need not conclude that joinder was improper at the outset to grant discretionary relief now. Even if the alleged notice connections satisfy Rule 20, the reasons set out in Section iii. A support severance on fairness grounds. Each Plaintiff could pursue the remaining claims against the same Defendants in a separate action, with coordinated pretrial management and use of discovery already obtained. The Family Defendants request that any severance order preserve that coordination and reserve scheduling and evidentiary questions for further order.

//

//

//

//

//

//

//

//

//

//

//

## IV. CONCLUSION

For the foregoing reasons, the Family Defendants respectfully request two trials before separate juries under Rule 42(b): one of M.S.'s remaining claims and one of I.H.'s remaining claims, each against all Defendants who remain subject to that Plaintiff's claims. Alternatively, they request severance under Rule 21. The Court should preserve completed discovery and reserve trial sequence, treatment of common issues, and evidentiary rulings for further order. Lastly, the Family Defendants further request any relief the Court deems appropriate to avoid prejudice and jury confusion and to effectuate the separate proceedings.

DATED: September 24, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Alexander F. Rodriguez
Attorneys for Family Defendants