Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiffs,<br><br>v.<br><br>O.A., et al.<br><br>Defendants. | CASE NO. 2:23-CV-09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**FAMILY DEFENDANTS' EX PARTE APPLICATION TO CLARIFY AND IMPLEMENT JULY 31, 2026 ORDER GRANTING LEAVE TO PROCEED UNDER PARTY INITIALS OR PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2026<br>Trial Date: TBD |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Defendants O.A., M.A., and J.A. (collectively, the "Family Defendants") apply ex parte for an order clarifying the scope of the Court's July 31, 2026 Order granting their Motion for Reconsideration of Leave to Proceed Under Party Initials or Pseudonym and establishing a procedure to implement that ruling. Dkt. 414. Dkt. 199 requested prospective use of initials and protection of earlier identifying filings. Dkt. 414 described that retrospective request and granted reconsideration without qualification. Its operative language leaves the scope of relief for the existing public docket and the implementation procedure unresolved. Id. at 16, 18, 24. The public docket, CM/ECF party information, docket text, and filings dating from the beginning of the case continue to disclose the Family Defendants' legal names.

The Family Defendants request an order:

1. clarifying that Dkt. 414 protects the Family Defendants' identities throughout the record, including filings made before July 31, 2026;
2. directing the Clerk to replace the Family Defendants' legal names with O.A., M.A., and J.A. in the public case caption and CM/ECF party information, and to correct publicly visible docket text as affected entries are identified through the phased review;
3. temporarily limiting nonparty remote electronic access under Rule 5.2(e)(2) to presently public filings and attachments filed before July 31, 2026, while preserving remote access for the parties and counsel and electronic access at the courthouse;
4. requiring the parties, within fourteen days, to submit a joint status report proposing a phased schedule under which each party reviews and prepares redacted public versions of its own filings, the Family Defendants identify affected Court-generated materials and docket text, and the parties identify any disputes requiring Court resolution;

5. directing the parties, after approval of the phased schedule, to file public versions redacting only the Family Defendants' legal names and information that directly reveals which person corresponds to each pseudonym, with the existing unredacted versions remaining temporarily restricted pending a document-specific determination under Rule 5.2 and Local Rule 79-5; and
6. authorizing rolling notices identifying affected entries filed on or after July 31, 2026, and any earlier entries that cannot be restricted immediately because of system limitations.

This application seeks clarification of the scope of the Court's unqualified grant of Dkt. 199 and instructions that will give the ruling practical effect. If the Court concludes that Dkt. 414 left the earlier record unresolved, the Family Defendants alternatively request the same relief under Federal Rule of Civil Procedure 5.2(d)-(f), the Court's inherent authority over its docket, and the findings already made in Dkt. 414.

Ex parte consideration is necessary because the information the Court found should be protected remains publicly available each day. A regularly noticed motion would leave those disclosures accessible for at least another 28 days. The docket chronology also shows diligence throughout the period after Dkt. 414. On July 31, Dkt. 414 resolved six pending motions, and Dkt. 415 required proposed redactions by August 12. During the following weeks, the Family Defendants filed their summary-judgment reply, addressed the order compelling O.A.'s independent medical examination, prepared emergency papers concerning the threatened August 7 deposition of O.A., opposed Plaintiffs' ex parte application to reopen the depositions of M.A. and J.A., and sought review of the Magistrate Judge's examination order. See Dkts. 416-420, 424-426, 429.

The Court's schedule also required counsel to complete the remaining fact and expert discovery within a compressed period. Counsel contacted chambers on August 31 seeking implementation guidance and attempting to avoid unnecessary

motion practice. Counsel continued complying with immediate discovery and expert deadlines while awaiting guidance, then prepared this application when chambers did not respond. Immediate clarification will address the continuing disclosure while preserving orderly, docket-specific review.

## MEET-AND-CONFER AND EX PARTE NOTICE

On September 24, 2026, at 10:28 a.m., counsel emailed the draft application to counsel for Plaintiffs and the District Defendants, advised that the Family Defendants intended to file on September 25, and requested their positions and any proposed revisions. At 4:57 p.m., Plaintiffs' counsel Olu K. Orange responded that Plaintiffs oppose. On September 25, 2026, at approximately 12:52 p.m., after a deposition conducted by Zoom, the undersigned orally advised Mr. Orange and counsel for the District Defendants Jennifer Stone of the date and substance of the application. Mr. Orange was present and had already confirmed Plaintiffs' opposition. Ms. Stone stated that the District Defendants will not oppose. The filed papers will be served through CM/ECF and concurrently by email, with notice of the opposition deadline stated in Section X.A of the Court's Standing Order.

## COUNSEL INFORMATION UNDER LOCAL RULE 7-19

Counsel for Plaintiffs: Olu K. Orange, Orange Law Offices PC, 3435 Wilshire Boulevard, Suite 2910, Los Angeles, CA 90010; (213) 736-9900; o.orange@orangelawoffices.com. Morgan E. Ricketts, Hadsell Stormer Renick & Dai LLP, 128 North Fair Oaks Avenue, Suite 204, Pasadena, CA 91103; (626) 585-9600; mricketts@hadsellstormer.com.

Counsel for the District Defendants: Jennifer Stone, Bordin Semmer LLP, 101 Continental Boulevard, Suite 700, El Segundo, CA 90245; (323) 457-2110; jstone@bordinsemmer.com. All counsel of record will be served through CM/ECF and concurrently by email.

This application is based on the accompanying Memorandum of Points and Authorities, the Declaration of Ariel S. Harman-Holmes, the record in this action,

and any argument the Court permits.

DATED: September 25, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Ariel S. Harman-Holmes
Attorneys for Family Defendants

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The Court has decided that the Family Defendants may litigate under initials or pseudonyms. Dkt. 414 at 18, 24. Dkt. 199 expressly requested prospective use of initials and protection of earlier identifying filings. Dkt. 199 at 2-3. Dkt. 414 described that request and granted reconsideration without qualification. Dkt. 414 at 16, 18, 24. The operative language omitted the scope of relief for the existing record and the procedure for implementing it. The public docket therefore continues to expose the Family Defendants' legal names throughout the case. Clarification and implementation are required to give the ruling practical effect.

The requested order protects the Family Defendants' identities from the beginning of the case while preserving public access to the substance of the litigation. A temporary limit on nonparty remote access will remain in place during a phased review. The parties and counsel will retain remote access, and electronic courthouse access will remain available. The parties will then file public versions redacting only the Family Defendants' legal names and information that directly reveals which person corresponds to each pseudonym. The Court can determine the treatment of each unredacted original through the docket-specific process required by Rule 5.2 and Local Rule 79-5.

## II. RELEVANT PROCEDURAL HISTORY

### A. Both Pseudonym Motions Requested Protection of the Earlier Record

On April 4, 2024, the Family Defendants moved for leave to proceed pseudonymously. Dkt. 49. The requested relief included an order "directing that all previous filings that identify Family Defendants be removed or sealed, and all captions be replaced" with O.A., M.A., and J.A. Dkt. 49 at 2; see also id. at 16. The Court denied that motion on June 11, 2024. Dkt. 74.

The Family Defendants later moved for reconsideration based on changed circumstances in the related state proceedings. Dkt. 199. The notice of motion

again requested an order requiring initials in all court filings, directing that all previous filings be sealed to protect the Family Defendants' identities, and requiring redaction of their personally identifying information in future filings. Dkt. 199 at 2. The memorandum repeated that requested relief. Id. at 3-4.

**B. The July 31 Order Recited the Requested Retrospective Relief and Granted the Motion**

The Court's July 31 Order accurately described the original motion as requesting four forms of relief, including an order directing that "all previous filings identifying the Family Defendants be removed or sealed" and replacing all captions with initials. Dkt. 414 at 16. After reconsidering the Advanced Textile factors in light of the changed circumstances, the Court concluded that "the balance of the five factors weigh in favor of granting the defense motion for leave to proceed under party initials or a pseudonym." Id. at 18. The Court then ordered that the motion to reconsider "is GRANTED," and repeated that ruling in the conclusion. Id. at 18, 24. The conclusion states without qualification that Dkt. 199 is granted.

**C. The Public Docket Still Displays the Family Defendants' Legal Names**

On August 31, 2026, the Family Defendants contacted chambers, copied all counsel, and asked whether the Clerk could update the caption and party names administratively and whether the Court preferred a request for clarification or an implementation order concerning prior filings. Plaintiffs responded that same day that they understood the Order to operate only prospectively. Chambers did not respond. The public docket continues to list the Family Defendants by their legal names, and earlier docket text, filings, and Court orders remain publicly accessible with those names.

//

//

//

## III. ARGUMENT

### A. Ex Parte Relief Is Necessary to Prevent the Continued Defeat of the July 31 Order

An ex parte applicant must establish irreparable prejudice if relief awaits regular noticed-motion procedures and diligence throughout the period leading to the request. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); Civil Standing Order section X.A. The Family Defendants satisfy both requirements.

The Court found that current circumstances warrant protecting the Family Defendants' identities. Dkt. 414 at 18. Yet their names remain available through the case caption, CM/ECF party information, docket text, filings, and Court orders. Each day of continued access frustrates the relief already granted and permits further dissemination of information that later redaction cannot fully retrieve. Waiting at least 28 days for a noticed motion would prolong that harm. See C.D. Cal. L.R. 6-1, 7-4.

The docket chronology establishes diligence. On July 31, 2026, Dkt. 414 resolved six pending motions, and Dkt. 415 required the parties to submit proposed redactions by August 12. During the following weeks, the Family Defendants filed their summary-judgment reply, addressed the order compelling an independent medical examination of O.A., prepared emergency papers concerning the threatened August 7 deposition of O.A., opposed Plaintiffs' ex parte application to reopen the depositions of M.A. and J.A., and sought review of the Magistrate Judge's examination order. See Dkts. 416-420, 424-426, 429.

During the same period, counsel was required to complete the remaining fact and expert discovery within the compressed schedule established by the Court. Counsel contacted chambers on August 31, 2026, seeking implementation guidance and attempting to avoid unnecessary motion practice. Counsel continued addressing the immediate discovery and expert deadlines while awaiting guidance,

then prepared this application when chambers did not respond. The requested temporary relief follows that period of continuous work and preserves the Court's ability to conduct a phased, record-specific review.

**B. Rule 60(a) Authorizes Clarification Needed to Implement the Court's Original Intent**

Rule 60(a) permits a court to correct an oversight or omission in an order or other part of the record. The rule authorizes clarification that memorializes the original decision, reflects its necessary implications, implements its purpose, or permits enforcement. *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297-99 (9th Cir. 2014). Relief under Rule 60(a) must remain faithful to the Court's original intent. Id. at 1298-99.

Dkt. 199 expressly requested prospective use of initials and protection of the record created before the Court granted pseudonymity. Dkt. 414 described the original motion as requesting removal or sealing of earlier filings identifying the Family Defendants, reconsidered the governing factors in light of changed circumstances, and granted the motion for reconsideration without qualification. Dkt. 414 at 16, 18, 24. The structure and language of the Order support retrospective application.

The operative language omitted directions for the existing public docket. The Family Defendants ask the Court to state the intended scope of its unqualified grant and provide the Clerk and the parties with the directions needed to carry out that intent. This clarification faithfully memorializes and implements the relief presented and granted, as permitted by Rule 60(a). See *Tattersalls*, 745 F.3d at 1297-99.

The Court also has inherent authority to manage its docket and control documents filed in its proceedings. *Ready Transportation, Inc. v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404-05 (9th Cir. 2010). That authority supports instructions to the Clerk and the parties needed to make the public docket conform

to an existing order.

**C. The Court May Protect the Family Defendants' Identities in Earlier Filings**

Rule 5.2 supplies an independent procedural basis for the requested implementation. For good cause, a court may require redaction beyond the automatic identifiers listed in Rule 5.2(a) and may limit a nonparty's remote electronic access to filed documents. Fed. R. Civ. P. 5.2(e). The Court may direct that unredacted filings be placed under seal and that redacted versions be filed on the public record. Fed. R. Civ. P. 5.2(d), (f). Rule 5.2(h) waives only the automatic protections in Rule 5.2(a) as to a person's own information; the Court's authority under Rule 5.2(e) remains available.

Courts applying the Ninth Circuit's pseudonymity standard have protected identities in materials already filed. In *Balance Studio, Inc. v. Cybernet Entertainment, LLC*, the court ordered three earlier filings struck and refiled using the pseudonym. 204 F. Supp. 3d 1098, 1103 (N.D. Cal. 2016). In *Doe v. Becerra*, the court granted pseudonymity and extended protection to previously filed material containing the petitioner's name. 787 F. Supp. 3d 1083, 1095-96 (E.D. Cal. 2025). In *V.A. v. Saul*, the Ninth Circuit withdrew an earlier disposition and issued a revised disposition using initials while leaving the remainder of the record public. 830 F. App'x 202, 202 (9th Cir. 2020). These authorities support retrospective correction of identifying material.

The Court has already performed the relevant *Advanced Textile* balancing and found that the present circumstances favor pseudonymity. Dkt. 414 at 18. That finding supports redaction of the names and direct identifiers that would otherwise defeat anonymity. See *Jane Roes 1-2 v. SFBSC Management, LLC*, 77 F. Supp. 3d 990, 997 (N.D. Cal. 2015) (explaining that a decision allowing anonymity justifies redaction of names and identifying information from filings). The same reasons supporting pseudonymity provide compelling reasons to protect the identifying

information wherever it appears in the existing record. See *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

**D. Temporary Restriction and Phased Review Are Narrowly Tailored**

The proposed process preserves public access to the merits of this case while protecting the Family Defendants' identities. At the outset, Rule 5.2(e)(2) permits the Court to limit nonparty remote electronic access to the pre-July 31 filings covered by the retrospective request. The parties and counsel will retain remote access, and members of the public may review the record electronically at the courthouse. The parties will then review their own filings in phases and prepare public versions redacting only the Family Defendants' legal names and information that directly reveals which person corresponds to each pseudonym. The Court will determine the status of each unredacted original through the record-specific process required by Rule 5.2 and Local Rule 79-5.

Temporary restriction is needed while the parties complete that review. *Civil Beat Law Center for the Public Interest, Inc. v. Maile* recognizes a court's authority to temporarily seal access to court records while a sealing or redaction request is decided, and it requires final treatment on a case-by-case basis. 117 F.4th 1200 (9th Cir. 2024). The proposed procedure follows that sequence: immediate protection against remote dissemination, a joint phased schedule, redacted public replacements, and a record-specific determination for each unredacted original.

The caption and CM/ECF party information can be corrected immediately. The joint status report will address affected docket text and Court-generated materials in phases. The Family Defendants will identify those entries and prepare proposed redacted versions for the Court's review, changing only the protected identity information. This allocation gives the Court control over its own orders and gives the Clerk a specific list of docket text requiring correction.

**IV. CONCLUSION**

The Family Defendants respectfully request that the Court grant the application,

clarify that Dkt. 414 protects their identities throughout the record from the inception of the case, and enter the proposed implementation order. Pending the phased review, immediate temporary restriction of nonparty remote access to the pre-July 31 filings will protect the identities while preserving party access, courthouse access, and the eventual public filing of narrowly redacted replacements. The Family Defendants also request authorization to identify affected later entries, and any earlier entries affected by system limitations, through rolling notices.

DATED: September 25, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

/s/ Ariel Harman-Holmes

Ariel S. Harman-Holmes
Attorneys for Family Defendants

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants O.A., M.A., and J.A., certifies that this memorandum contains 1,852 words, which complies with the word limit of L.R. 11-6.1.

DATED: September 25, 2026

/s/ Ariel Harman-Holmes

Ariel S. Harman-Holmes