Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiffs,<br><br>v.<br><br>O.A., et al.<br><br>Defendants. | CASE NO. 2:23-CV-09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**DECLARATION OF ARIEL S. HARMAN-HOLMES IN SUPPORT OF FAMILY DEFENDANTS' EX PARTE APPLICATION TO CLARIFY AND IMPLEMENT JULY 31, 2026 ORDER**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2026<br>Trial Date: TBD |

**DECLARATION OF ARIEL S. HARMAN-HOLMES**

I, Ariel S. Harman-Holmes, declare:

1. I am an attorney duly licensed to practice before this Court and an attorney with Hirji, Chau & Rodriguez, LLP, counsel for Defendants O.A., M.A., and J.A. (collectively, the "Family Defendants"). I have personal knowledge of the matters stated in this declaration and, if called, could and would testify competently to them.
2. On April 4, 2024, the Family Defendants filed their Motion for Leave to Proceed Under Pseudonym. Dkt. 49. Among other relief, the motion asked the Court to remove or seal earlier filings identifying the Family Defendants and replace captions with O.A., M.A., and J.A.
3. On September 23, 2025, the Family Defendants filed their Motion for Reconsideration of Leave to Proceed Under Party Initials or Pseudonym. Dkt. 199. The notice requested an order requiring the parties to use initials, directing that previous filings be sealed to protect the Family Defendants' identities, and requiring redaction of their personally identifying information from future filings.
4. On July 31, 2026, the Court entered an Order granting the motion for reconsideration. Dkt. 414. The Order recited the requested relief concerning earlier filings, concluded that the five governing factors favored granting leave to proceed under initials or pseudonyms, and stated that the motion was granted.
5. After entry of Dkt. 414, the Family Defendants' legal names continued to appear in the public case caption, CM/ECF party information, docket text, prior filings, and Court orders.
6. On August 31, 2026, our office emailed chambers, with all counsel copied, to ask whether the Clerk could change the case caption and party names administratively and whether the Court intended Dkt. 414 to include the

retrospective protection requested in Dkt. 199 or preferred a request for clarification or an implementation order.

7. Plaintiffs' counsel Olu K. Orange responded to chambers and all counsel that same day. He stated that Plaintiffs understood Dkt. 414 to operate prospectively and to leave earlier docket entries and filings unchanged.

8. Chambers did not respond to the August 31, 2026 inquiry. In the weeks immediately following entry of Dkt. 414, our office was required to address several other deadlines and orders in this action. Dkt. 414 resolved six pending motions, and Dkt. 415 required the parties to submit notices concerning proposed redactions by August 12, 2026. The Family Defendants also filed their summary-judgment reply on August 3, addressed the August 4 order compelling an independent medical examination of O.A., prepared emergency papers concerning the threatened August 7 deposition of O.A., opposed Plaintiffs' ex parte application to reopen the depositions of M.A. and J.A., and sought review of the Magistrate Judge's examination order. See Dkts. 416-420, 424-426, 429.

9. During the same period, counsel was required to complete the remaining fact and expert discovery within a compressed schedule, including coordinating O.A.'s examination and deposition and preparing expert disclosures and depositions.

10. Our office contacted chambers on August 31 to obtain implementation guidance and avoid unnecessary motion practice. While awaiting a response, we continued addressing the Court-ordered discovery and expert schedule. When no response was received, we prepared this application.

11. On September 25, 2026, I reviewed the public docket. The Family Defendants' legal names remained publicly displayed in party information and docket text, and earlier publicly accessible filings and Court orders continued to identify them. Public access to the names prevents the Family

Defendants from receiving the practical protection afforded by the July 31 Order.

12. The docket report contained at least 430 numbered entries as of August 31, 2026, many with multiple attachments. A complete document-by-document review will require a phased process. Temporary limitation of nonparty remote access will protect the Family Defendants' identities while that review proceeds.

13. A regularly noticed motion would leave the identifying information publicly accessible for at least another 28 days. The proposed temporary limitation on nonparty remote access would reduce further dissemination while the parties prepare narrowly redacted public replacements and the Court makes document-specific determinations.

14. On September 24, 2026, at 10:28 a.m., I emailed the draft application to counsel for Plaintiffs and the District Defendants, advised that the Family Defendants intended to file it on September 25, and requested their positions and any proposed revisions. At 4:57 p.m., Plaintiffs' counsel Olu K. Orange responded that Plaintiffs oppose the application. On September 25, 2026, at approximately 12:52 p.m., after a deposition conducted by Zoom, I orally advised Mr. Orange and counsel for the District Defendants Jennifer Stone of the date and substance of the application. Mr. Orange was present and had already confirmed Plaintiffs' opposition. Ms. Stone stated that the District Defendants will not oppose.

15. At the same time the application is filed, it will be served through CM/ECF and concurrently by email on counsel for Plaintiffs and the District Defendants. The email will advise that opposition papers are due within 24 hours after service or by 3:00 p.m. on the first court day after service, whichever is later, under Section X.A of the Court's Standing Order.

//

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 25, 2026, at Los Angeles, California.

Ariel Harman-Holmes

Ariel S. Harman-Holmes