Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.

Plaintiffs,

v.

O.A., et al.

Defendants.

CASE NO. 2:23–CV–09957-SRM-MAR
*Assigned for all purposes to the Honorable Serena R. Murillo*

**FAMILY DEFENDANTS' EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON THEIR CONCURRENTLY FILED SCHEDULING MOTION AND FOR LIMITED INTERIM RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES**

| | |
|---|---|
| Complaint Filed: | November 22, 2023 |
| TAC Filed: | October 21, 2024 |
| Discovery Cutoff: | September 11, 2026 |
| Pretrial Conference: | February 17, 2026 |
| Trial Date: | TBD |

## APPLICATION

Defendants O.A., M.A., and J.A. ("Family Defendants") apply for an order shortening time to hear their concurrently filed motion concerning the expert-discovery schedule and granting limited interim relief from the October 2, 2026 cutoff and related heard-before-cutoff requirement.

The Court's schedule allowed two weeks between initial expert disclosures and the expert-discovery cutoff, and one week between rebuttal disclosures and that cutoff. Family Defendants requested coordinated scheduling, proposed dates, served notices, sought supporting materials, and repeatedly requested a conference. Plaintiffs did not make their retained experts Murphy, Jajko, and Jaime Hernandez available for examination during that period. Each scheduled deposition resulted in a recorded nonappearance.

On the afternoon of October 2, Plaintiffs supplied updated dates extending into November. Family Defendants promptly coordinated counsel's availability and accepted dates. They will take the offered depositions to avoid further prejudice while pursuing their objections to the disclosures, testimony, and discovery failures. Those examinations should proceed while the substantive disputes are adjudicated, with a defined opportunity for Family Defendants' experts to address the resulting information.

Family Defendants request the following relief:

1. Shorten time to hear the concurrently filed scheduling motion on October 14, 2026, at 1:30 p.m., or the earliest available date accommodating the ordered briefing schedule. Family Defendants propose opposition to that motion within three court days after entry of the shortening-time order and a reply within two court days after the opposition deadline.
2. Grant interim relief, effective as to the October 2 cutoff, permitting the specifically identified expert disputes to be presented and heard after October 2

while the scheduling motion is pending. This relief should encompass the concurrently submitted proceedings before Magistrate Judge Rocconi and any necessary completion of their procedural requirements. Judge Rocconi would retain authority over the applicable discovery procedures, briefing, hearing schedule, and substantive requests.

3. Expressly include the outstanding retained-expert depositions in the interim schedule: Jaime Hernandez on October 21, Murphy on November 5, and Jajko on November 12, or earlier mutually agreed dates, with completion by November 12 unless further ordered. These examinations should be permitted while the exclusion and sanctions requests remain pending.
4. Permit necessary responsive expert analysis and supplemental disclosures confined to information obtained through the identified production and examinations. Such disclosures should be due fourteen calendar days after the later of complete relevant production or the last relevant deposition, subject to further order on the noticed motion.
5. If Dr. Manny Tau's examination is properly requested, permit the limited accommodation described in the September 29 correspondence on a remaining available date among October 13, 14, 15, 19, or 22.
6. Grant the necessary exception to the District Court's prefiling conference and conference-timing requirements for the scheduling motion and this application, to the extent applicable.

The proposed shortened briefing concerns the noticed scheduling motion. Opposition to this ex parte application remains governed by the Court's ordinary ex parte procedures unless the Court orders otherwise.

Family Defendants are concurrently submitting their substantive motion before Judge Rocconi seeking sanctions, principally exclusion or limitation of the challenged testimony, and appropriate expenses on the applicable legal grounds. The scheduling relief requested here would allow those issues to be adjudicated and the

accepted depositions to proceed without requiring Family Defendants to abandon their objections.

Specific production disputes, the adequacy of disclosures, justification or harmlessness, exclusion, expense entitlement, and any necessary additional or repeat deposition leave remain for adjudication in the applicable proceedings. The noticed scheduling motion addresses the final conditions for completing the outstanding discovery and the deadlines for challenges that depend on it.

**NOTICE AND COUNSEL'S POSITIONS**

At 3:14 p.m. on October 2, 2026, Ariel S. Harman-Holmes notified counsel by email that Family Defendants intended to file the noticed scheduling motion and related ex parte application that day. The message described the requested relief, proposed an October 14 hearing, requested Plaintiffs' position on the application, and renewed the request for a videoconference before filing.

At 3:47 p.m., counsel further explained that Family Defendants would take the offered depositions to avoid additional prejudice and sought a stipulation addressing production before examination, an opportunity for responsive expert work, and adjudication of the remaining disputes after the cutoff.

At 3:55 p.m., Olu Orange stated that previously scheduled matters prevented him from joining a call that afternoon. He asked further questions about production and possible additional examination but did not state Plaintiffs' position on the ex parte application or propose another conference time. Jennifer Stone supplied the SMMUSD Defendants' deposition availability but did not state a position on the requested ex parte relief in the correspondence reproduced in Exhibit I.

The supporting declaration describes the written notice, conference requests, actual telephone notice efforts, and any updated positions. Family Defendants request consideration of the application after the other parties have the opportunity to respond under the Court's ex parte procedures.

Known contact information for counsel receiving notice is:

Plaintiffs' counsel Olu K. Orange, Orange Law Offices, P.C., 3435 Wilshire Boulevard, No. 2910, Los Angeles, California 90010; telephone (213) 736-9900; email oluorange@att.net and orangelawoffices@att.net.

Plaintiffs' counsel Kate McFarlane, Dan Stormer, Morgan Ricketts, and Isabelle Geczy, Hadsell Stormer Renick & Dai LLP, 128 North Fair Oaks Avenue, Pasadena, California 91103; telephone (626) 585-9600; emails kmcfarlane@hadsellstormer.com, dstormer@hadsellstormer.com, mricketts@hadsellstormer.com, and igeczy@hadsellstormer.com.

SMMUSD Defendants' counsel Jennifer Stone, Joshua Bordin-Wosk, and Bryan Swaim, Bordin Semmer LLP, 101 Continental Boulevard, Suite 700, El Segundo, California 90245; telephone (323) 457-2110; emails jstone@bordinsemmer.com, jbordinwosk@bordinsemmer.com, and bswaim@bordinsemmer.com.

This application is based on the following memorandum, the declarations of Ariel S. Harman-Holmes and Jenny Chau, Exhibits A through I, the concurrently filed scheduling motion, the Court's orders, and the record.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE COURT'S COMPRESSED EXPERT SCHEDULE AND THE OUTSTANDING DISCOVERY REQUIRE PROMPT SCHEDULING RELIEF

Dkt. 414 set initial expert disclosures for September 18, rebuttal disclosures for September 25, and completion of expert discovery for October 2. Dkt. 414, printed p. 22. Dkt. 143 requires discovery motions to be heard before the applicable cutoff. Dkt. 143, printed p. 2.

Within that two-week period, Family Defendants sought to examine Plaintiffs' retained experts, obtain supporting materials, prepare and produce their own experts, and evaluate the nonretained opinions designated on September 25. Plaintiffs did not produce Murphy, Jajko, or Jaime Hernandez for examination within the Court's schedule. Their September 24, September 28, and October 1 deposition sessions resulted in recorded nonappearances. Harman-Holmes Decl. ¶¶ 5–14; Chau Decl. ¶¶ 2–3.

Family Defendants also identified specific disclosure and production disputes. The September 29 correspondence addressed Murphy's testing protocols, answer sheets, score reports, printouts, and analyses, and requested clarification of the production and withholding status for the other retained experts. It identified deficiencies in the September 25 nonretained disclosures, particularly the summaries for Westbrook and Willison, and challenged affirmative opinions presented as rebuttal. Harman-Holmes Decl. ¶¶ 15–20; Exs. F–G.

Updated retained-expert dates arrived at 2:30 p.m. on October 2. After coordination with SMMUSD counsel, Family Defendants accepted November 5 for Murphy, November 12 for Jajko, and initially October 19 for Hernandez. At 3:57 p.m., Plaintiffs' counsel reported that Hernandez was now available only October 21. Harman-Holmes Decl. ¶¶ 25–31; Ex. I.

Family Defendants will proceed with the offered examinations to avoid compounding the prejudice. A court-established schedule should accommodate that mitigation effort and the responsive work it requires while preserving adjudication of the sanctions and exclusion requests.

**II. THE COURT MAY SHORTEN TIME AND MODIFY THE IDENTIFIED SCHEDULING REQUIREMENTS**

Local Rule 6-1 permits the Court to shorten the ordinary twenty-eight-day notice period. Rule 16(b)(4) permits modification of a scheduling order for good cause. The good-cause inquiry principally considers the diligence of the party requesting relief. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

An applicant seeking ex parte relief must establish prejudice from ordinary noticed procedures and show that the need for expedited relief was not created by its own lack of diligence, or resulted from excusable neglect. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The Court's Standing Order, section X(A), applies that standard.

Local Rule 37-3 likewise addresses irreparable injury or prejudice not attributable to the moving party's lack of diligence. Its ordinary twenty-one-day hearing interval could not have produced a hearing within the September 18–October 2 expert period after the disclosures were served. The twenty-eight-day interval applicable to the District Court scheduling motion was longer still.

Family Defendants therefore request an express order addressing the Court's schedule. The filing of the motions does not itself resolve the heard-before-cutoff requirement. Interim relief is needed while the noticed scheduling request receives adversarial briefing.

The October 2 expert-discovery cutoff also does not itself establish a universal deadline for every expert-related exclusion motion. The requested order addresses discovery-related timing and any related procedural bar that could otherwise prevent

adjudication of the identified disputes. The noticed motion separately requests an appropriate schedule for later challenges that depend on information obtained through the delayed examinations and production.

**III. THE RECORD ESTABLISHES DILIGENCE AND PREJUDICE**

A. Family Defendants pursued scheduling, production, and resolution throughout the available period.

The chronology begins with a September 21 request for coordinated remote depositions. On September 22, Family Defendants proposed dates and served notices. After receiving Plaintiffs' September 23 statements of unavailability, counsel continued requesting workable dates and supporting materials. Murphy's nonappearance prompted further correspondence on September 24 identifying the preparation problems and requesting each expert's availability within the cutoff. Harman-Holmes Decl. ¶¶ 5–12; Exs. A–E.

Jajko's September 28 examination did not occur. On September 29, counsel sent a detailed follow-up covering retained-expert availability, disputed materials, non-retained disclosures, exclusion, expenses, and proposed terms for any later discovery. Counsel requested a videoconference September 30 or October 1 and offered to accommodate the parties' deposition commitments. Harman-Holmes Decl. ¶¶ 13, 20–22; Ex. F.

Plaintiffs' September 30 response promised to check for changed availability and provide new dates. It supplied no dates and did not address the requested conference or substantive positions. No conference occurred before Hernandez's October 1 nonappearance. Harman-Holmes Decl. ¶¶ 23–24.

On October 2, Family Defendants renewed the conference request, described the intended filings, requested positions on the ex parte application, coordinated the newly offered dates, and clarified the requested production and response schedule. Plaintiffs' counsel then stated that he could not join a call that afternoon. Harman-Holmes Decl. ¶¶ 25–32; Ex. I.

Family Defendants acted on the availability information as it was supplied. Continued efforts to obtain dates and resolve the disputes were particularly significant after Plaintiffs promised updated availability on September 30. The last retained-expert nonappearance occurred October 1, and the revised dates were supplied on the cutoff afternoon.

Even a discovery motion filed immediately after the September 23 unavailability statements could not have been heard by October 2 on ordinary notice. Earlier expedited relief was theoretically available, but the intervening period was spent pursuing examinations, production, scheduling commitments, and a conference within the brief discovery window. The record documents those efforts.

**B. Ordinary scheduling would jeopardize adjudication and meaningful expert preparation.**

The immediate prejudice is the risk that the identified discovery requests will be foreclosed by the heard-before-cutoff requirement before the scheduling motion can be decided. Dkt. 414 illustrates the significance of seeking necessary leave before a cutoff: the Court denied the earlier additional-fact-deposition request because leave was sought after discovery had closed. Dkt. 414, printed p. 21. Family Defendants present the current requests on October 2 and seek an express order permitting their resolution afterward.

The preparation prejudice extends beyond securing a deposition date. Family Defendants need the discoverable materials supporting the challenged opinions, examination concerning those materials and opinions, and an authorized period for their own experts to respond. A later deposition without that opportunity leaves the expert preparation incomplete.

During this period, the firm's five attorneys worked to coordinate approximately twenty-five depositions, prepare and produce defense experts, and complete the authorized discovery while other matters were paused. Expert disclosures in the related state action begin the following week. Harman-Holmes

Decl. ¶¶ 21, 33–34. These circumstances explain the practical effect of shifting expert work into October and November. The requested relief remains tied to the specific unfinished discovery and the information obtained from it.

Accepting the later dates mitigates that prejudice. Its effect on exclusion, harmlessness, or expense entitlement will be determined on the substantive record. Participation should not itself be treated as withdrawal of the objections.

**IV. THE CONFERENCE RECORD SUPPORTS A LIMITED DISTRICT COURT EXCEPTION**

Family Defendants requested a videoconference September 30 or October 1 and offered several ways to accommodate the parties' scheduled depositions. Plaintiffs' September 30 response did not answer that request. Family Defendants renewed it on October 2, before filing, and explained both contemplated motions and possible stipulated relief. At 3:55 p.m., Plaintiffs' counsel stated that he could not join a call that afternoon and proposed no alternative time. Harman-Holmes Decl. ¶¶ 22–23, 26–32.

An in-person, telephone, or video conference concerning the present motions has not occurred. Family Defendants request an express exception to the applicable District Court conference and lead-time requirements based on the documented requests, compressed schedule, outstanding examinations, and expiring cutoff. Counsel remain available to confer promptly as directed.

The requested District Court exception is confined to these scheduling papers. Judge Rocconi retains authority to determine compliance with Local Rule 37 and his procedures, and to decide any separately requested exception in the concurrently submitted discovery proceedings.

**V. THE REQUESTED INTERIM ORDER ALLOWS DISCOVERY AND ADJUDICATION TO PROCEED ON A DEFINED SCHEDULE**

The proposed interim order identifies the particular disputes, permits their presentation and hearing after October 2, and provides for the retained-expert

examinations already being coordinated. It also authorizes the responsive work arising from those examinations and allows the limited Tau accommodation if his examination is properly requested.

The substantive sanctions request remains before Judge Rocconi. Questions concerning protected expert materials, nonparty process, any necessary Rule 30 leave, disclosure deficiencies, justification or harmlessness, and expenses will be decided through the applicable proceedings. The noticed scheduling motion will establish the final conditions and any necessary adjustment to deadlines for challenges dependent on the delayed discovery.

Prompt scheduling will permit those matters to proceed with briefing while preserving the parties' positions. If the Court retains the regularly noticed hearing rather than advancing it, the limited interim relief remains necessary to preserve that process.

**VI. CONCLUSION**

Family Defendants request that the Court shorten time for the concurrently filed scheduling motion, grant the accompanying limited interim relief concerning the October 2 cutoff and heard-before-cutoff requirement, and grant the necessary District Court conference exception.

Dated: October 2, 2026

HIRJI, CHAU & RODRIGUEZ LLP

By: *Ariel Harman-Holmes*

Ariel S. Harman-Holmes

Attorneys for Defendants O.A., M.A., and J.A.