Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiffs,<br><br>v.<br><br>O.A., et al.<br><br>Defendants. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**DECLARATION OF ARIEL S. HARMAN-HOLMES IN SUPPORT OF FAMILY DEFENDANTS' MOTION FOR RELIEF FROM EXPERT DISCOVERY AND RELATED MOTION DEADLINES AND RELATED EX PARTE APPLICATION**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2026<br>Trial Date: TBD |

I, Ariel S. Harman-Holmes, declare:

1. I am an attorney licensed to practice in California and an attorney with Hirji, Chau & Rodriguez LLP, counsel for Defendants O.A., M.A., and J.A. in this action. I have participated in the expert-discovery scheduling and communications described below. Except where I identify information supplied by another person or reflected in a record I reviewed, I have personal knowledge of these facts and could testify competently to them.
2. Exhibits A through I are true and correct copies of correspondence and related documents maintained in the course of our representation. They contain the selected messages, portions of email chains, and attachments identified in the exhibit index. Some duplicate or earlier quoted correspondence is omitted. Exhibit G includes Plaintiffs' September 25 rebuttal expert disclosure. Exhibit I includes the October 2 correspondence described below, including Travis Wester's acceptance of deposition dates and Mr. Orange's subsequent messages concerning the conference request and Hernandez's changed availability. All dates below are in 2026 unless otherwise stated. All times are Pacific time.
3. The Court's July 31 order set initial expert disclosures for September 18, rebuttal disclosures for September 25, and the expert-discovery cutoff for October 2. Dkt. 414, printed page 22. Dkt. 143, printed page 2, requires discovery motions to be heard before the discovery cutoff. Our scheduling efforts during the September 18–October 2 period were directed toward completing the necessary expert examinations within that schedule.
4. Prior requests concerning the case schedule include Defendants' September 15, 2025 motion to continue deadlines, Dkt. 183; the October 22, 2025 joint stipulation, Dkt. 274, granted November 10, 2025 in Dkt. 287; Plaintiffs' March 13 ex parte application, Dkt. 353; and the March 18 and April 2 joint stipulations, Dkts. 359 and 366. The Court's July 31 order modified the

schedule and denied Dkts. 183, 353, 359, and 366 as moot. Dkt. 414, printed pages 22–24. The same order separately denied Family Defendants' April 8 request for additional fact depositions, Dkt. 373. Id. at printed page 21. The parties had also stipulated concerning the retained-expert deposition limit in Dkt. 361. These requests and dispositions are reflected in the docket and orders I reviewed.

5. On September 21 at 10:00 a.m., Rosa Hirji emailed counsel requesting cooperation in arranging depositions within the two-week expert-discovery period. She proposed Zoom depositions and electronic production of materials by 5:30 p.m. the preceding day, provided Dr. Gottlieb's availability, stated that Dr. Katz's availability was being obtained, and requested dates for Plaintiffs' experts. Her message, with the subject beginning "Re: Deft's Expert Disclosures," is Exhibit A.

6. On September 22 at 10:18 a.m., our paralegal, Travis Wester, emailed counsel for the SMMUSD Defendants to coordinate proposed dates for Plaintiffs' experts: September 24 for Murphy, September 25 for Jajko, and October 1 for Jaime Hernandez. He also provided Dr. Katz's then-available full day. That message, with the subject "Dates for Depos of Plfs Experts," is Exhibit B. The September 22 notice-service message, deposition notices, and subsequent communications are included in Exhibit C.

7. On September 23, counsel exchanged communications concerning Murphy's scheduled deposition, remote arrangements, and payment. At 2:45 p.m., Kate McFarlane stated that Murphy was unavailable and that counsel would provide availability. Travis asked whether any of Plaintiffs' retained experts was available within the discovery period and again requested alternative dates. At 4:12 p.m., Ms. McFarlane responded: "None of them are presently available, but we are offering to extend the discovery cut-off as to those depos." This

correspondence, with the subject beginning "RE: Defendants' Expert Deposition Notices," is Exhibit C.

8. The September 23 correspondence also reported that Jajko was out of town, would return October 5, and would then begin a trial, with later October dates suggested. Counsel reported that Hernandez was abroad and discussed availability after the cutoff. Jajko's deposition was renoticed for September 28 after counsel raised a conflict with the September 25 date. The correspondence includes Mr. Orange's objection to proceeding September 28; Plaintiffs did not confirm that Jajko was available that day. These communications are included in Exhibits C and D.

9. Murphy did not appear for the September 24 deposition. I appeared and made an on-the-record statement of nonappearance that morning, at approximately 10:16 a.m. No examination of Murphy was completed.

10. On September 24 at 2:21 p.m., I emailed counsel concerning Murphy's nonappearance, the lack of retained-expert availability within the cutoff, and the resulting scheduling and preparation problems. I raised exclusion and expenses, requested that Plaintiffs produce their retained experts, and explained that our existing October commitments affected our ability to accommodate later depositions. That message is included in Exhibit D.

11. Mr. Orange responded September 24 at approximately 3:41 p.m. He asserted that the deposition dates had been selected unilaterally, that Plaintiffs learned of them upon receipt of the September 22 notices, and that Plaintiffs had provided notice of Murphy's unavailability and a formal objection. He offered a stipulation extending time for the depositions. His response is included in Exhibit D.

12. I responded September 24 at 5:41 p.m., referring to Ms. Hirji's September 21 scheduling request and the arrangements for payment and remote examination. I asked counsel to identify, for each retained expert, available dates and times

by October 2, when availability had first been sought, and the status of supporting materials. That correspondence is included in Exhibit D. On September 25 at 3:25 p.m., Mr. Orange wrote that Hernandez's October calendar was filling and referred to October 8 and 9 and the week of October 19. That message, with the subject beginning "Dr. Hernandez," is Exhibit E.

13. Jajko did not appear for the September 28 deposition. Jennifer Stone also appeared, and I made the nonappearance record. No examination of Jajko was completed.

14. On October 1, Jenny Chau, an attorney at our firm, appeared and made the nonappearance record for Jaime Hernandez. I rely on Ms. Chau's report concerning that event. Her separate declaration accompanies this submission.

15. At 10:13 p.m. on September 25, Ms. McFarlane served Plaintiffs' rebuttal expert disclosure by email. The email and disclosure are Exhibit G. The nonretained designees identified in my subsequent correspondence were Westbrook, Willison, Nishii, Dayton, Kammes, Haglund, Jennifer Hernandez, Van Order, Medberry, Duarte, and Tortora.

16. After reviewing the September 25 disclosure, I identified objections in my September 29 email. I explained that Willison's description identified topics concerning cognitive ability, judgment, and sexual consequences without adequately identifying his conclusions and their factual bases. Westbrook's description similarly identified subjects including damages, cognitive functioning, and suggestibility without adequately summarizing her opinions and supporting facts. I also objected to new affirmative opinions presented as rebuttal. I requested withdrawal or limitation of the challenged opinions, identification of any timely disclosures claimed to supply the missing information, or specific proposed disclosure language and an explanation of justification and harmlessness. That email is included in Exhibit F.

17. The September 28 correspondence concerning Westbrook and Willison includes Plaintiffs' objections to the notices, corrections to retained-expert and party labels, and communications concerning service on those witnesses. That correspondence is Exhibit H.

18. On October 1 at 5:33 p.m., Travis wrote that Westbrook's deposition would not proceed because service had not been accomplished. That message is included in Exhibit H. No examination of Westbrook was completed pursuant to that notice.

19. In the same message, Travis attached a proof of service for Willison and stated that his deposition would proceed October 2. Willison did not appear for that deposition session. I appeared and made the nonappearance record. No examination of Willison was completed during that session.

20. On the evening of September 29, I sent a detailed follow-up concerning the retained experts, Plaintiffs' September 25 nonretained designations, supporting materials, possible court relief, and scheduling. I again requested availability within the cutoff, information about efforts to obtain each expert's availability, and identification of materials produced, outstanding, or withheld and the basis for withholding. The Murphy categories I identified included testing protocols, answer sheets, score reports, printouts, and analyses. I requested counsel's positions concerning exclusion and expenses and proposed terms for further discovery, including firm deposition dates, supporting materials at least two business days beforehand, and time for responsive expert work. My message and Mr. Orange's September 30 reply are Exhibit F.

21. Our firm was also preparing and making our retained experts available for examination. Dr. Gottlieb's deposition was taken September 25. Our firm prepared Dr. Katz for his October 2 deposition. We performed that work without having completed the planned examinations of Plaintiffs' retained experts. My September 29 message addressed the effect on our preparation and

explained that continued efforts to schedule or take later depositions did not resolve the disclosure and discovery disputes.

22. In my September 29 message, I requested a response by noon September 30 stating counsel's positions and providing two or three times for a brief videoconference September 30 or October 1. I offered to confer before a deposition, during a recess, or after adjournment. If counsel could not confer on either date, I requested an explanation of the constraints and the earliest available time. Exhibit F contains that request.

23. On September 30 at 9:49 a.m., Mr. Orange replied that the experts' availability might have changed and that he would check for new dates and get back to me. His reply supplied no deposition dates and did not address the requested videoconference, production issues, or requested court relief. His reply is included in Exhibit F.

24. As of October 1, no new dates or additional materials had followed that reply, and no videoconference had occurred. The production and protected-access issues identified in my September 29 request remained unresolved.

25. Our firm has five attorneys. During the two-week expert-discovery period, we were working to schedule and take approximately twenty-five depositions while preparing and making our own experts available. We paused work in numerous other cases to devote our resources to those efforts. Scheduling additional examinations after October 2 requires us to coordinate existing commitments and reallocate resources to further expert preparation and discovery.

26. Expert disclosures in the related state case begin the following week. We must also resume work in the other matters paused during the federal expert-discovery period. Our experts will need time to review materials and testimony obtained through the remaining discovery, perform necessary analysis, and prepare any resulting supplemental disclosures. Those needs were among the

reasons I requested concrete production and deposition dates together with a defined period for responsive expert work.

27. My September 29 email also addressed information provided to our firm concerning Dr. Manny Tau's unexpected child-abduction emergency assignment arising around September 23. I identified his reported unavailability during September 28–October 2 and the week of October 5, and the dates supplied for his availability: October 13, 14, 15, 19, and 22. I requested Plaintiffs' position on a limited accommodation if his deposition is sought.

28. We have continued working to secure the remaining examinations while maintaining our disclosure objections and requests for exclusion, limitation, and expenses. We intend to take the retained-expert depositions on workable dates to obtain the information we need and reduce further prejudice. Our efforts to arrange those examinations do not reflect a conclusion that the disclosures were adequate or that later depositions, standing alone, would resolve the preparation problems.

29. On October 2 at approximately 2:30 p.m., Mr. Orange provided updated availability: November 6 or 12 by Zoom for Jajko; October 29 at 12:30 p.m. or November 5 at 12:30 p.m. for Murphy; and October 19, 21, or 23 by Zoom for Hernandez. He asked us to coordinate with other counsel and select dates, and stated that he would advise us if availability changed. Every offered date was after the October 2 cutoff. This message is included in Exhibit I.

30. At 3:14 p.m., I emailed counsel stating that we intended to serve notices for selected dates after coordinating counsel's availability and file the noticed scheduling motion and related ex parte application before Judge Murillo that day. I renewed the request for a videoconference that afternoon, before filing, concerning those requests and the contemplated motion before Magistrate Judge Rocconi. I described the requested relief, including an expedited hearing

and interim relief concerning the requirement that discovery motions be heard before the cutoff. I requested Plaintiffs' position on the ex parte application and proposed a scheduling stipulation preserving both sides' substantive positions. That email is included in Exhibit I.

31. At 3:23 p.m., Mr. Orange responded that he was confused, wanted to be helpful, and did not understand the request. He asked me to explain or simplify it. He did not propose a conference time. That message is included in Exhibit I.

32. At 3:27 p.m., Ms. Stone provided her availability for the depositions: October 19 or 21 for Hernandez, November 5 for Murphy, and November 12 for Jajko. At 3:32 p.m., Mr. Orange asked whether those dates worked for us. At 3:45 p.m., Travis responded that Family Defendants would serve amended notices for those dates, selecting October 19 for Hernandez. These messages are included in Exhibit I.

33. At 3:47 p.m., I responded to Mr. Orange's request for clarification. I explained that we would notice selected dates and take the depositions to avoid further prejudice while pursuing resolution of the remaining disputes. I requested production before the depositions, identifying Murphy's testing protocols, answer sheets, printouts, score reports, and analyses. For Jajko and Hernandez, I asked whether additional nonprotected review notes or supporting materials existed that had not been produced. I requested identification of where any previously produced materials could be found and, otherwise, what would be provided, when, and what was being withheld. I also asked whether Plaintiffs would stipulate to an order allowing the remaining expert disputes to be heard after the cutoff and providing time for our experts to address the resulting production and testimony. I again requested a brief videoconference that afternoon and asked Mr. Orange to provide a time. That email is included in Exhibit I.

34. At 3:55 p.m., Mr. Orange stated that previously scheduled matters prevented him from joining a call that afternoon. He asked whether I was proposing production after the depositions and whether the experts could then be redeposed. My preceding email had requested production before examination. He did not propose an alternative conference time or state Plaintiffs' position on the ex parte application. His message is included in Exhibit I.

35. At 3:57 p.m., Mr. Orange sent a separate message stating that Hernandez was now available only October 21 and that he had just heard from him again. This changed the October 19 availability Travis had accepted at 3:45 p.m. The message is included in Exhibit I.

36. No videoconference concerning these requests had occurred by the conclusion of the correspondence described above. Mr. Orange's October 2 responses did not state whether Plaintiffs opposed the ex parte application or agreed to the requested scheduling stipulation. They supplied no production date and did not resolve the material-specific questions in my 3:47 p.m. email. We therefore had updated post-cutoff deposition availability, but no agreement addressing production before examination, responsive expert work, or the procedure for presenting and hearing the remaining disputes.

37. We were unable to give oral notice before filing this application. At 3:14 p.m. on October 2, I provided written notice identifying the intended filing date, requested relief, and proposed expedited hearing, and requested Plaintiffs' position. I clarified the requested relief and renewed the request for a call at 3:47 p.m. At 3:55 p.m., Mr. Orange stated that previously scheduled matters prevented him from joining a call that afternoon. These communications are included in Exhibit I. Given the written notice provided, the responses received, and the need to seek relief before expiration of the October 2 cutoff, I request that the Court excuse the oral-notice requirement.

38. Upon filing, the ex parte application and supporting papers will be served through CM/ECF and by email to counsel, with the concurrent telephonic notice required by the Court's Standing Order. The service notice will state that opposition to this ordinary ex parte application is due within twenty-four hours or one court day after service, unless the Court orders otherwise, and will identify the actual service time. My 3:14 p.m. email used a different formulation referring to 3:00 p.m. on the next court day; the service notice will correct that formulation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 2, 2026.

Dated: October 2, 2026

**HIRJI, CHAU & RODRIGUEZ LLP**

By: *Ariel Harman-Holmes*

Ariel S. Harman-Holmes

Attorneys for Defendants O.A., M.A., and J.A.

# MOTION EXHIBITS

M.S., et al. v. O.A., et al. | Case No. 2:23-cv-09957-SRM-MAR

Exhibits A-I

| Ex. | Description / date | PDF pp. | MUR page numbers |
|---|---|---|---|
| A | Rosa Hirji scheduling request<br>September 21, 2026 | 2-3 | MUR-0001 through MUR-0002 |
| B | Scheduling coordination with SMMUSD counsel<br>September 22, 2026 | 4-5 | MUR-0003 through MUR-0004 |
| C | Retained-expert availability, notices, and service<br>September 22-23, 2026 | 6-47 | MUR-0005 through MUR-0046 |
| D | Retained-expert meet-and-confer correspondence<br>September 22-24, 2026 | 48-54 | MUR-0047 through MUR-0053 |
| E | Hernandez scheduling follow-up<br>September 25, 2026 | 55-56 | MUR-0054 through MUR-0055 |
| F | Follow-up meet-and-confer request and reply<br>September 29-30, 2026 | 57-61 | MUR-0056 through MUR-0060 |
| G | Plaintiffs' rebuttal expert disclosure and service<br>September 25, 2026 | 62-69 | MUR-0061 through MUR-0068 |
| H | Westbrook and Willison scheduling, notices, and service<br>September 28-October 1, 2026 | 70-105 | MUR-0069 through MUR-0104 |
| I | Expert scheduling, renewed conference requests, and notice of contemplated motions<br>October 2, 2026 | 106-112 | MUR-0105 through MUR-0111 |

M.S., et al. v. O.A., et al.
Case No. 2:23-cv-09957-SRM-MAR

# EXHIBIT A

## Rosa Hirji scheduling request

September 21, 2026

1. Rosa Hirji email, September 21 at 10:00:13 a.m.; top message only

## EMAIL COPY

**From:** Rosa Hirji <rosa@rkhlawoffice.com>

**Sent (Pacific):** Monday, September 21, 2026, 10:00:13 a.m. PDT

**Original Date header:** Mon, 21 Sep 2026 10:00:13 -0700

**To:** Travis Wester <travis@rkhlawoffice.com>

**Cc:** Karla Jinez <kjinez@hadsellstormer.com>, Bina Ahmad <bahmad@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Tami Galindo <tgalindo@hadsellstormer.com>, Dan Stormer <dstormer@hadsellstormer.com>, Olu Orange <orangelawoffices@att.net>, Isabelle Geczy <igeczy@hadsellstormer.com>, Kate McFarlane <KMcFarlane@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Bryan Swaim <BSwaim@bordinsemmer.com>, Tiffanie Levin <tlevin@bordinsemmer.com>, Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>, Jennifer Stone <JStone@bordinsemmer.com>, Ariel Harman-Holmes <ariel@rkhlawoffice.com>, Jenny Chau <jenny@rkhlawoffice.com>, Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>, Kimberly Alfaro <clerk@rkhlawoffice.com>, Alexander Rodriguez <alex@rkhlawoffice.com>

**Subject:** Re: Deft's Expert Disclosures [M.S., et al. v. Angus, et al. | 2:23-cv-09957-SRM-MAR]

**Copy scope:** Complete top message; stops before quoted September 18 disclosure service.

Hello all:

As you know, we have a two week period to conduct expert depositions. I suggest we cooperate in scheduling the retained experts' depositions so they proceed expeditiously. Due to the tight schedule, Defendants propose that we conduct all expert depositions via Zoom. Furthermore, if there are any RFPs for retained experts, the witness should produce them electronically by 5:30 PM the day before the deposition.

Please be on notice that Dr. Gottlieb has informed me that his only availability for an all day deposition is this Friday, September 25. Alternatively, he is available on Friday October 2, from 3:30-5:30. We are obtaining Dr. Katz's availability.

Please let me know if you agree to our proposal and send the dates that your experts are available.

Sincerely,

Rosa

M.S., et al. v. O.A., et al.
Case No. 2:23-cv-09957-SRM-MAR

# EXHIBIT B

## Scheduling coordination with SMMUSD counsel

September 22, 2026

1. Travis Wester email, September 22 at 10:18:22 a.m.; complete standalone message

## EMAIL COPY

**From:** Travis Wester <travis@rkhlawoffice.com>

**Sent (Pacific):** Tuesday, September 22, 2026, 10:18:22 a.m. PDT

**Original Date header:** Tue, 22 Sep 2026 10:18:22 -0700

**To:** Bryan Swaim <BSwaim@bordinsemmer.com>, Tiffanie Levin <tlevin@bordinsemmer.com>, Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>, Jennifer Stone <JStone@bordinsemmer.com>

**Cc:** Rosa Hirji <rosa@rkhlawoffice.com>, Ariel Harman-Holmes <ariel@rkhlawoffice.com>, Jenny Chau <jenny@rkhlawoffice.com>, Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>, Kimberly Alfaro <clerk@rkhlawoffice.com>, Alexander Rodriguez <alex@rkhlawoffice.com>, AngusFederalZ12082865@lohc.filevineapp.com

**Subject:** Dates for Depos of Plfs Experts [M.S., et al. v. Angus, et al. | 2:23-cv-09957-SRM-MAR]

**Copy scope:** Complete standalone message to SMMUSD counsel.

Greetings counsel,

Family Defendants aim to serve deposition notices regarding Plaintiffs' expert witnesses in the above entitled matter today.

The proposed dates are as follows:

9/24: Murphy
9/25: Jajko
10/1: Hernandez

Also, please note that 9/29 is the only date that Dr. Katz is available for a full day of testimony, so you may want to put that on the tentative.

Please confirm the dates listed above work for your office as soon as possible.

Thank you,

Travis Wester
Paralegal

*Hirji, Chau & Rodriguez, LLP*
5173 Overland Avenue
<https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
Culver City, CA 90230
<https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>

Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: travis@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook <https://www.facebook.com/rkhlawoffice>!

STATEMENT OF CONFIDENTIALITY*: *This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

M.S., et al. v. O.A., et al.
Case No. 2:23-cv-09957-SRM-MAR

# EXHIBIT C

## Retained-expert availability, notices, and service

September 22-23, 2026

1. Kate McFarlane email, September 23 at 4:12:16 p.m.; chain through September 22 notice service
2. Murphy notice and requests for production; deposition set for September 24
3. Original Jajko notice and requests for production; deposition set for September 25
4. Hernandez notice and requests for production; deposition set for October 1
5. Amended Jajko notice-service email, September 23 at 9:35:58 a.m.
6. Amended Jajko notice and requests for production; deposition set for September 28

## EMAIL COPY

**From:** Kate McFarlane <KMcFarlane@hadsellstormer.com>

**Sent (Pacific):** Wednesday, September 23, 2026, 4:12:16 p.m. PDT

**Original Date header:** Wed, 23 Sep 2026 23:12:16 +0000

**To:** Travis Wester <travis@rkhlawoffice.com>

**Cc:** Karla Jinez <kjinez@hadsellstormer.com>, Bina Ahmad <bahmad@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Tami Galindo <tgalindo@hadsellstormer.com>, Dan Stormer <dstormer@hadsellstormer.com>, "Olu Orange (law office)" <orangelawoffices@att.net>, Isabelle Geczy <igeczy@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Bryan Swaim <BSwaim@bordinsemmer.com>, Tiffanie Levin <tlevin@bordinsemmer.com>, Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>, Jennifer Stone <JStone@bordinsemmer.com>, Howard Jacobs <howard.jacobs@athleteslawyer.com>, Rosa Hirji <rosa@rkhlawoffice.com>, Ariel Harman-Holmes <ariel@rkhlawoffice.com>, Jenny Chau <jenny@rkhlawoffice.com>, Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>, Kimberly Alfaro <clerk@rkhlawoffice.com>, Alexander Rodriguez <alex@rkhlawoffice.com>, Angela Olvera <olveracourtreporting@aol.com>

**Subject:** RE: Defendants' Expert Deposition Notices [M.S., et al. v. Angus, et al. | 2:23-cv-09957-SRM-MAR]

**Copy scope:** Chain through Travis Wester's September 22, 11:46 a.m. notice-service message; subsequent spam-scanning footer omitted.

Travis,

None of them are presently available, but we are offering to extend the discovery cut-off as to those depos.

We have no preference as to payment, whether its attorney-to-attorney or directly with the experts, so whichever you prefer.

Thanks.

Best,

Kate McFarlane (she/her/hers)
Attorney
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Ave.
Pasadena, California 91103
T (626) 585-9600
F (626) 577-7079
kmcfarlane@hadsellstormer.com<mailto:kmcfarlane@hadsellstormer.com>
[Updated Letterhead - Top]
NOTICE: This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

From: Travis Wester <travis@rkhlawoffice.com>
Sent: Wednesday, September 23, 2026 3:04 PM
To: Kate McFarlane <KMcFarlane@hadsellstormer.com>
Cc: Karla Jinez <kjinez@hadsellstormer.com>; Bina Ahmad <bahmad@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Dan Stormer <dstormer@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Isabelle Geczy <igeczy@hadsellstormer.com>; Morgan Ricketts <mricketts@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Bryan Swaim <BSwaim@bordinsemmer.com>; Tiffanie Levin <tlevin@bordinsemmer.com>; Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>; Jennifer Stone <JStone@bordinsemmer.com>; Howard Jacobs <howard.jacobs@athleteslawyer.com>; Rosa Hirji <rosa@rkhlawoffice.com>; Ariel Harman-Holmes <ariel@rkhlawoffice.com>; Jenny Chau <jenny@rkhlawoffice.com>; Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>; Kimberly Alfaro <clerk@rkhlawoffice.com>; Alexander Rodriguez <alex@rkhlawoffice.com>; Angela Olvera

<olveracourtreporting@aol.com>
Subject: Re: Defendants' Expert Deposition Notices [M.S., et al. v. Angus, et al. | 2:23-cv-09957-SRM-MAR]

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.
Greetings counsel,

Thank you for the notice regarding Dr. Murphy's deposition.

To clarify, and in light of the fact that Plaintiffs have not offered alternate dates for Dr. Murphy's deposition, are any of Plaintiffs' retained experts available during the expert discovery window, which the parties have been aware of since July 31, 2026?

Finally, while Mr. Orange's email of today at 2:09 PM indicates that Plaintiffs' position is that the tendering of expert witness deposition fees should be made subsequent to the deposition, it does not clarify whether Plaintiffs would prefer payment arrangements be made attorney-to-attorney or with the retained experts directly.

Please advise on both topics mentioned above.

Thank you,

Travis Wester
Paralegal

Hirji, Chau & Rodriguez, LLP
5173 Overland Avenue <https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
Culver City, CA 90230<https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: travis@rkhlawoffice.com<mailto:travis@rkhlawoffice.com>
Website: lawyer4children.com<http://lawyer4children.com/>
Like us on Facebook<https://www.facebook.com/rkhlawoffice>!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Wed, Sep 23, 2026 at 2:47 PM Kate McFarlane
<KMcFarlane@hadsellstormer.com<mailto:KMcFarlane@hadsellstormer.com>> wrote:
Hello Travis,

Dr. Murphy is not available for deposition tomorrow.

We will let you know her availability. Regarding payment, please reference my colleague, Olu Orange's, email sent today at 2:09 PM.

Thank you.

Best,

Kate McFarlane (she/her/hers)
Attorney
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Ave.<https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>
Pasadena, California 91103<https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>
T (626) 585-9600<tel:(626)%20585-9600>
F (626) 577-7079<tel:(626)%20577-7079>
kmcfarlane@hadsellstormer.com<mailto:kmcfarlane@hadsellstormer.com>

[Updated Letterhead - Top]
NOTICE: This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

From: Travis Wester <travis@rkhlawoffice.com<mailto:travis@rkhlawoffice.com>>
Sent: Wednesday, September 23, 2026 1:26 PM
To: Karla Jinez <kjinez@hadsellstormer.com<mailto:kjinez@hadsellstormer.com>>; Bina Ahmad <bahmad@hadsellstormer.com<mailto:bahmad@hadsellstormer.com>>; Juan Aviles <javiles@hadsellstormer.com<mailto:javiles@hadsellstormer.com>>; Tami Galindo <tgalindo@hadsellstormer.com<mailto:tgalindo@hadsellstormer.com>>; Dan Stormer <dstormer@hadsellstormer.com<mailto:dstormer@hadsellstormer.com>>; Olu Orange (law office) <orangelawoffices@att.net<mailto:orangelawoffices@att.net>>; Isabelle Geczy <igeczy@hadsellstormer.com<mailto:igeczy@hadsellstormer.com>>; Kate McFarlane <KMcFarlane@hadsellstormer.com<mailto:KMcFarlane@hadsellstormer.com>>; Morgan Ricketts <mricketts@hadsellstormer.com<mailto:mricketts@hadsellstormer.com>>; Santiago Villegas <svillegas@hadsellstormer.com<mailto:svillegas@hadsellstormer.com>>
Cc: Bryan Swaim <BSwaim@bordinsemmer.com<mailto:BSwaim@bordinsemmer.com>>; Tiffanie Levin <tlevin@bordinsemmer.com<mailto:tlevin@bordinsemmer.com>>; Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com<mailto:JBordinWosk@bordinsemmer.com>>; Jennifer Stone <JStone@bordinsemmer.com<mailto:JStone@bordinsemmer.com>>; Howard Jacobs <howard.jacobs@athleteslawyer.com<mailto:howard.jacobs@athleteslawyer.com>>; Rosa Hirji <rosa@rkhlawoffice.com<mailto:rosa@rkhlawoffice.com>>; Ariel Harman-Holmes <ariel@rkhlawoffice.com<mailto:ariel@rkhlawoffice.com>>; Jenny Chau <jenny@rkhlawoffice.com<mailto:jenny@rkhlawoffice.com>>; Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com<mailto:guadalupe@rkhlawoffice.com>>; Kimberly Alfaro <clerk@rkhlawoffice.com<mailto:clerk@rkhlawoffice.com>>; Alexander Rodriguez <alex@rkhlawoffice.com<mailto:alex@rkhlawoffice.com>>; Angela Olvera <olveracourtreporting@aol.com<mailto:olveracourtreporting@aol.com>>
Subject: Re: Defendants' Expert Deposition Notices [M.S., et al. v. Angus, et al. | 2:23-cv-09957-SRM-MAR]

[EXTERNAL EMAIL] DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.
Greetings counsel,

Kindly confirm Dr. Murphy's remote deposition for tomorrow.

Additionally, please advise how Plaintiffs would like to handle payment to the noticed experts for their depositions.

Thank you,

Travis Wester
Paralegal

Hirji, Chau & Rodriguez, LLP
5173 Overland Avenue <https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
Culver City, CA 90230<https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
Phone: (310) 391-0330<tel:(310)%20391-0330>
Phone: (310) 391-0332<tel:(310)%20391-0332>
Fax: (310) 943-0311<tel:(310)%20943-0311>
Email: travis@rkhlawoffice.com<mailto:travis@rkhlawoffice.com>
Website: lawyer4children.com<http://lawyer4children.com/>
Like us on Facebook<https://www.facebook.com/rkhlawoffice>!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you

may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Tue, Sep 22, 2026 at 11:46 AM Travis Wester
<travis@rkhlawoffice.com<mailto:travis@rkhlawoffice.com>> wrote:
Greetings counsel,

Attached, please find Defendants' Deposition Notices for retained experts Dr. Murphy, Dr. Jajko, and Dr. Hernandez in the above entitled matter.

Kind regards,

Travis Wester
Paralegal

Hirji, Chau & Rodriguez, LLP
5173 Overland Avenue <https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
Culver City, CA 90230<https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
Phone: (310) 391-0330<tel:(310)%20391-0330>
Phone: (310) 391-0332<tel:(310)%20391-0332>
Fax: (310) 943-0311<tel:(310)%20943-0311>
Email: travis@rkhlawoffice.com<mailto:travis@rkhlawoffice.com>
Website: lawyer4children.com<http://lawyer4children.com/>
Like us on Facebook<https://www.facebook.com/rkhlawoffice>!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiff,<br><br>v.<br><br>Oliver Angus, et al.<br><br>Defendant. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**DEFENDANTS' NOTICE OF TAKING THE DEPOSITION OF LISA M. MURPHY, Ph.D.**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2026<br>Trial Date: TBD<br><br>Date: September 24, 2026<br>Time: 10:00 AM<br>Address: VIA REMOTE VIDEOCONFERENCE |

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that on September 24, 2026 at 10:00 AM, Defendants O.A., M.A., and J.A. ("Family Defendants") will conduct the deposition, on oral examination, of Plaintiffs M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez ("PLAINTIFFS") retained expert witness LISA M. MURPHY, Ph.D. The deposition will take place via Zoom, and continue day to day, Saturdays, Sundays and holidays excepted, until complete.

The deposition will be coordinated by ANGELA OLIVERA (CSR No. 7265) whose physical address is:

Olvera Court Reporting
3812 Abbott Drive
Bakersfield, California 93312
(661) 587-9040

Said deposition will be recorded stenographically by a certified shorthand reporter and may be videotaped. Furthermore, plaintiff intends to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer.

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by ANGELA OLIVERA (CSR No. 7265) or, in the alternative, video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Pursuant to Fed. R. Civ. P. Rule 30, the deposition testimony will be taken stenographically, and under oath by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment authorized to administer an oath. Please take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the purposes of

providing the oath/affirmation to the deponent and capturing the proceeding.

We further reserve the right to utilize the following: (1) Record the deposition utilizing audio or video technology; (2) Instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to the proceeding to request and receive it in realtime; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript. Furthermore, Plaintiff intends to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer. Plaintiff reserves the right to use said videotaped deposition at the trial of the within action pursuant to Fed. R. Civ. P. Rule 32(a)(5)(A). Said deposition is to continue from day to day, excluding Sundays and holidays, until completed.

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(4), this deposition will be conducted via videoconferencing technology, and counsel for the noticing party plans to appear remotely via this technology. Counsel for the noticing party proposes a stipulation wherein the deponent need not appear at his or her deposition in person and in the presence of the deposition officer, and assumes that counsel for all parties receiving this notice agrees to said stipulation in the absence of any timely objections in this regard.

The deponent is required to have access to a computer with a webcam and a stable internet connection in order for the deposition to proceed virtually via videoconference.

Counsel for the noticing party will provide information for virtual access to the remote deposition videoconferencing portal at least two (2) days prior the deposition date. This may include the application Zoom, Skype, or similar application, or logging into the Court Reporter's website.

If an interpreter is required to translate testimony, notice must be given to this noticing party at least ten (10) business days prior to the deposition and the specific language and/or dialect must be designated.

**PLEASE TAKE FURTHER NOTICE** Pursuant to Federal Rules of Civil Procedure, Rule 30 and 34, the deponent shall produce the following documents, tangible things or writings as defined by Federal Rules of Evidence, Rule 1001(a) at her deposition:

If any document requested herein is withheld under any claim of privilege, deponent is requested to provide the following:

**a.** The date of the document;

**b.** The title of the document;

**c.** The name of the author and addressee;

**d.** A brief summary of the subject matter;

**e.** The type of document; and

**f.** The factual and legal basis upon which the privilege is asserted.

Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive, as required by Fed. R. of Civ. P. Rule 45(e)(1)(A).

## DEFINITIONS

1. The terms "WRITING" and/or "WRITINGS" and "DOCUMENT" and/or "DOCUMENTS" as used herein have the meaning ascribed "writings" by Federal Rules of Evidence, Rule 1001(a) and include, without limitation, the original (or, if the original is unavailable, a copy) of any writing,

handwriting, typewriting, printing, photostat, photograph, photocopy, and every other means of communication or recording upon any tangible thing, including computer disks and/or drives, as well as pictures, sounds, symbols and combinations thereof, translated, if necessary, into reasonably usable form. These terms include, without limitation, letters, memoranda, correspondence, drawings, graphs, charts, photographs, phonographic records, compact discs, reports, investigations, written communications of any sort, contracts, agreements, handwritten notes, analyses, work papers, calendars, diaries, canceled checks, receipts, electronic mail messages, images recorded via x-ray or magnetic resonance imaging (MRI) technology, and any other writings or data compilations from which information can be obtained, including non-original copies and drafts of any of the foregoing.

2. The term “YOU,” “YOUR” as used herein shall mean and refer to LISA M. MURPHY, Ph.D., her agents, employees, servants, representatives, and all other persons acting on YOUR behalf.
3. The term "PLAINTIFFS" refers to Plaintiff M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez, as defined above, and/or any agent, or any other person or entity acting on his behalf or on whose behalf he is acting.
4. The term “COMMUNICATION(S)” refers to any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversation, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, or seminars.

//

//

//

//

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR DOCUMENTS NO. 1:**

All reports, WRITINGS and other DOCUMENTS prepared by YOU, or by any other person at YOUR direction, in the course of preparing an opinion on this case.

**REQUEST FOR DOCUMENTS NO. 2:**

All reports, WRITINGS and other DOCUMENTS provided to YOU by PLAINTIFFS counsel to assist the deponent in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 3**:

All reports, WRITINGS and other DOCUMENTS provided to PLAINTIFFS and/or their counsel by YOU to assist the YOU in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 4:**

All reports, WRITINGS and other DOCUMENTS upon which YOU relied upon in informing an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 5:**

All reports, WRITING and other DOCUMENTS upon which YOU relied upon in forming an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 6:**

YOUR notes and writings generated in connection with this case**.**

**REQUEST FOR DOCUMENTS NO. 7:**

All reports, WRITINGS and other DOCUMENTS which memorialize the terms upon which YOU have been retained by PLAINTIFFS, either as consultant or as an expert trial witness.

**REQUEST FOR DOCUMENTS NO. 8:**

All time or billing records for the work performed or the costs incurred by YOU with respect to this case.

**REQUEST FOR DOCUMENTS NO. 9:**

All reports, writings and other documents which reflect YOUR compensation in

connection to this case.

**REQUEST FOR DOCUMENTS NO. 10:**

All reports, WRITINGS and other DOCUMENTS, not otherwise produced, prepared by YOU or by any other person at YOUR direction, that reflect, refer to, or contain, any opinion of YOU in connection to this case.

**REQUEST FOR DOCUMENTS NO. 11:**

YOUR entire file concerning treatment, diagnosis, evaluation, consultation, analysis, contact with PLAINTIFFS and/or their counsel, research, investigation and evaluation of the issues concerning YOUR opinions and their bases.

**REQUEST FOR DOCUMENTS NO. 12:**

All WRITINGS or DOCUMENTS reflecting COMMUNICATIONS between PLAINTIFFS' counsel and YOU concerning this case.

**REQUEST FOR DOCUMENTS NO. 13:**

A copy of YOUR C.V. or other resume.

**REQUEST FOR DOCUMENTS NO. 14:**

A copy of any and all relevant articles upon which YOU have relied upon in formulating YOUR opinions in this case.

**REQUEST FOR DOCUMENTS NO. 15:**

A listing of any and all articles or publication authored in whole or in part by YOU.

**REQUEST FOR DOCUMENTS NO. 16:**

All assessment protocols YOU administered to PLAINTIFFS, including, but not limited to, answer sheets, print outs, score reports, and score analyses.

DATED: September 22, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Rosa K. Hirji
Attorneys for Family Defendants

*M.S., et al. v. O.A., et al.*

2:23−cv−09957-SRM-MAR

**PROOF OF SERVICE**

(FRCP 5)

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF LOS ANGELES )**

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 5173 Overland Avenue, Culver City, CA 90230.

On September 22, 2026, I served the within ***DEFENDANTS' NOTICE OF TAKING THE DEPOSITION OF LISA M. MURPHY, Ph.D.*** on the interested parties in said action by delivering, or causing to be delivered, **[X] a true and correct copy** or **[ ] the original** thereof by one or more of the means set forth below:

☐ **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by __________________.

☒ **VIA ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified below using the address(es) indicated.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: September 22, 2026

______________________________
TRAVIS WESTER

# SERVICE LIST

| | |
|---|---|
| Olu K. Orange, Esq.<br>*orangelawoffices@att.net*<br>ORANGE LAW OFFICES, P.C.<br>3435 Wilshire Blvd, No. 2910<br>Los Angeles, CA 90010 | **Attorneys for Plaintiffs M.S. and I.H.** |
| Dan Stormer, Esq.<br>*dstormer@hadsellstormer.com*<br>Morgan E. Ricketts, Esq.<br>*mricketts@hadsellstormer.com*<br>Kate McFarlane<br>*kmcfarlane@hadsellstormer.com*<br>Bina Ahmad<br>*bahmad@hadsellstormer.com*<br>HADSELL STORMER RENICK & DAI LLP<br>128 N. Fair Oaks Avenue<br>Pasadena, California 91103 | **Attorneys for Plaintiffs M.S. and I.H.** |
| Joshua Bordin-Wosk<br>*jbordinwosk@bordinsemmer.com*<br>Bryan C. Swaim<br>*bswaim@bordinsemmer.com*<br>Jennifer Stone<br>*JStone@bordinsemmer.com*<br>BORDIN SEMMER LLP<br>6100 Center Drive, Suite 1100<br>Los Angeles, CA 90045 | **Attorneys for Defendants Marae Cruce, Gregory Pitts, Antonio Shelton, and Santa Monica Malibu Unified School District** |
| Howard L. Jacobs<br>*howard.jacobs@athleteslawyer.com*<br>LAW OFFICES OF HOWARD L. JACOBS<br>31111 Agoura Rd., Suite 225<br>Westlake Village, CA 91361 | **Attorneys for Defendants Oliver Angus, Michael Angus, and Jamie Angus** |

Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A., *and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiff,<br><br>v.<br><br>Oliver Angus, et al.<br><br>Defendant. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**DEFENDANTS' NOTICE OF TAKING THE DEPOSITION OF MELISSA JAJKO, Psy.D.**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2026<br>Trial Date: TBD<br><br>Date: September 25, 2026<br>Time: 10:00 AM<br>Address: VIA REMOTE VIDEOCONFERENCE |

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that on September 25, 2026 at 10:00 AM, Defendants O.A., M.A., and J.A. ("Family Defendants") will conduct the deposition, on oral examination, of Plaintiffs M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez ("PLAINTIFFS") retained expert witness MELISSA JAJKO, Psy.D. The deposition will take place via Zoom, and continue day to day, Saturdays, Sundays and holidays excepted, until complete.

The deposition will be coordinated by ANGELA OLIVERA (CSR No. 7265) whose physical address is:

Olvera Court Reporting
3812 Abbott Drive
Bakersfield, California 93312
(661) 587-9040

Said deposition will be recorded stenographically by a certified shorthand reporter and may be videotaped. Furthermore, plaintiff intends to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer.

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by ANGELA OLIVERA (CSR No. 7265) or, in the alternative, video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Pursuant to Fed. R. Civ. P. Rule 30, the deposition testimony will be taken stenographically, and under oath by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment authorized to administer an oath. Please take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the purposes of

providing the oath/affirmation to the deponent and capturing the proceeding.

We further reserve the right to utilize the following: (1) Record the deposition utilizing audio or video technology; (2) Instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to the proceeding to request and receive it in realtime; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript. Furthermore, Plaintiff intends to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer. Plaintiff reserves the right to use said videotaped deposition at the trial of the within action pursuant to Fed. R. Civ. P. Rule 32(a)(5)(A). Said deposition is to continue from day to day, excluding Sundays and holidays, until completed.

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(4), this deposition will be conducted via videoconferencing technology, and counsel for the noticing party plans to appear remotely via this technology. Counsel for the noticing party proposes a stipulation wherein the deponent need not appear at his or her deposition in person and in the presence of the deposition officer, and assumes that counsel for all parties receiving this notice agrees to said stipulation in the absence of any timely objections in this regard.

The deponent is required to have access to a computer with a webcam and a stable internet connection in order for the deposition to proceed virtually via videoconference.

Counsel for the noticing party will provide information for virtual access to the remote deposition videoconferencing portal at least two (2) days prior the deposition date. This may include the application Zoom, Skype, or similar application, or logging into the Court Reporter's website.

If an interpreter is required to translate testimony, notice must be given to this noticing party at least ten (10) business days prior to the deposition and the specific language and/or dialect must be designated.

**PLEASE TAKE FURTHER NOTICE** Pursuant to Federal Rules of Civil Procedure, Rule 30 and 34, the deponent shall produce the following documents, tangible things or writings as defined by Federal Rules of Evidence, Rule 1001(a) at her deposition:

If any document requested herein is withheld under any claim of privilege, deponent is requested to provide the following:

**a.** The date of the document;

**b.** The title of the document;

**c.** The name of the author and addressee;

**d.** A brief summary of the subject matter;

**e.** The type of document; and

**f.** The factual and legal basis upon which the privilege is asserted.

Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive, as required by Fed. R. of Civ. P. Rule 45(e)(1)(A).

**DEFINITIONS**

1. The terms "WRITING" and/or "WRITINGS" and "DOCUMENT" and/or "DOCUMENTS" as used herein have the meaning ascribed "writings" by Federal Rules of Evidence, Rule 1001(a) and include, without limitation, the original (or, if the original is unavailable, a copy) of any writing,

handwriting, typewriting, printing, photostat, photograph, photocopy, and every other means of communication or recording upon any tangible thing, including computer disks and/or drives, as well as pictures, sounds, symbols and combinations thereof, translated, if necessary, into reasonably usable form. These terms include, without limitation, letters, memoranda, correspondence, drawings, graphs, charts, photographs, phonographic records, compact discs, reports, investigations, written communications of any sort, contracts, agreements, handwritten notes, analyses, work papers, calendars, diaries, canceled checks, receipts, electronic mail messages, images recorded via x-ray or magnetic resonance imaging (MRI) technology, and any other writings or data compilations from which information can be obtained, including non-original copies and drafts of any of the foregoing.

2. The term “YOU,” “YOUR” as used herein shall mean and refer to MELISSA JAJKO, Psy.D., her agents, employees, servants, representatives, and all other persons acting on YOUR behalf.
3. The term "PLAINTIFFS" refers to Plaintiff M.S., by and through his guardian ad litem, Jessica DeVita, and I.H., by and through her guardian ad litem, Candace Hernandez, as defined above, and/or any agent, or any other person or entity acting on his behalf or on whose behalf he is acting.
4. The term “COMMUNICATION(S)” refers to any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversation, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, or seminars.

//

//

//

//

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR DOCUMENTS NO. 1:**

All reports, WRITINGS and other DOCUMENTS prepared by YOU, or by any other person at YOUR direction, in the course of preparing an opinion on this case.

**REQUEST FOR DOCUMENTS NO. 2:**

All reports, WRITINGS and other DOCUMENTS provided to YOU by PLAINTIFFS counsel to assist the deponent in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 3**:

All reports, WRITINGS and other DOCUMENTS provided to PLAINTIFFS and/or their counsel by YOU to assist the YOU in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 4:**

All reports, WRITINGS and other DOCUMENTS upon which YOU relied upon in informing an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 5:**

All reports, WRITING and other DOCUMENTS upon which YOU relied upon in forming an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 6:**

YOUR notes and writings generated in connection with this case**.**

**REQUEST FOR DOCUMENTS NO. 7:**

All reports, WRITINGS and other DOCUMENTS which memorialize the terms upon which YOU have been retained by PLAINTIFFS, either as consultant or as an expert trial witness.

**REQUEST FOR DOCUMENTS NO. 8:**

All time or billing records for the work performed or the costs incurred by YOU with respect to this case.

**REQUEST FOR DOCUMENTS NO. 9:**

All reports, writings and other documents which reflect YOUR compensation in

connection to this case.

**REQUEST FOR DOCUMENTS NO. 10:**

All reports, WRITINGS and other DOCUMENTS, not otherwise produced, prepared by YOU or by any other person at YOUR direction, that reflect, refer to, or contain, any opinion of YOU in connection to this case.

**REQUEST FOR DOCUMENTS NO. 11:**

YOUR entire file concerning treatment, diagnosis, evaluation, consultation, analysis, contact with PLAINTIFFS and/or their counsel, research, investigation and evaluation of the issues concerning YOUR opinions and their bases.

**REQUEST FOR DOCUMENTS NO. 12:**

All WRITINGS or DOCUMENTS reflecting COMMUNICATIONS between PLAINTIFFS' counsel and YOU concerning this case.

**REQUEST FOR DOCUMENTS NO. 13:**

A copy of YOUR C.V. or other resume.

**REQUEST FOR DOCUMENTS NO. 14:**

A copy of any and all relevant articles upon which YOU have relied upon in formulating YOUR opinions in this case.

**REQUEST FOR DOCUMENTS NO. 15:**

A listing of any and all articles or publication authored in whole or in part by YOU.

**REQUEST FOR DOCUMENTS NO. 16:**

All assessment protocols YOU administered to PLAINTIFFS, including, but not limited to, answer sheets, print outs, score reports, and score analyses.

DATED: September 22, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Rosa K. Hirji
Attorneys for Family Defendants

*M.S., et al. v. O.A., et al.*

2:23−cv−09957-SRM-MAR

**PROOF OF SERVICE**
(FRCP 5)

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF LOS ANGELES )**

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 5173 Overland Avenue, Culver City, CA 90230.

On September 22, 2026, I served the within ***DEFENDANTS' NOTICE OF TAKING THE DEPOSITION OF MELISSA JAJKO, Psy.D.*** on the interested parties in said action by delivering, or causing to be delivered, **[X] a true and correct copy** or **[ ] the original** thereof by one or more of the means set forth below:

☐ **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by __________________.

☒ **VIA ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified below using the address(es) indicated.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: September 22, 2026

______________________________
TRAVIS WESTER

**SERVICE LIST**

Olu K. Orange, Esq.
*orangelawoffices@att.net*
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd, No. 2910
Los Angeles, CA 90010

**Attorneys for Plaintiffs M.S. and I.H.**

Dan Stormer, Esq.
*dstormer@hadsellstormer.com*
Morgan E. Ricketts, Esq.
*mricketts@hadsellstormer.com*
Kate McFarlane
*kmcfarlane@hadsellstormer.com*
Bina Ahmad
*bahmad@hadsellstormer.com*
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103

**Attorneys for Plaintiffs M.S. and I.H.**

Joshua Bordin-Wosk
*jbordinwosk@bordinsemmer.com*
Bryan C. Swaim
*bswaim@bordinsemmer.com*
Jennifer Stone
*JStone@bordinsemmer.com*
BORDIN SEMMER LLP
6100 Center Drive, Suite 1100
Los Angeles, CA 90045

**Attorneys for Defendants Marae Cruce, Gregory Pitts, Antonio Shelton, and Santa Monica Malibu Unified School District**

Howard L. Jacobs
*howard.jacobs@athleteslawyer.com*
LAW OFFICES OF HOWARD L. JACOBS
31111 Agoura Rd., Suite 225
Westlake Village, CA 91361

**Attorneys for Defendants Oliver Angus, Michael Angus, and Jamie Angus**

Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiff,<br><br>v.<br><br>Oliver Angus, et al.<br><br>Defendant. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**DEFENDANTS' NOTICE OF TAKING THE DEPOSITION OF JAIME E. HERNANDEZ, Ed.D.**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2026<br>Trial Date: TBD<br><br>Date: October 1, 2026<br>Time: 10:00 AM<br>Address: VIA REMOTE VIDEOCONFERENCE |

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that on October 1, 2026 at 10:00 AM, Defendants O.A., M.A., and J.A. ("Family Defendants") will conduct the deposition, on oral examination, of Plaintiffs M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez ("PLAINTIFFS") retained expert witness JAIME E. HERNANDEZ, Ed.D. The deposition will take place via Zoom, and continue day to day, Saturdays, Sundays and holidays excepted, until complete.

The deposition will be coordinated by ANGELA OLIVERA (CSR No. 7265) whose physical address is:

Olvera Court Reporting
3812 Abbott Drive
Bakersfield, California 93312
(661) 587-9040

Said deposition will be recorded stenographically by a certified shorthand reporter and may be videotaped. Furthermore, plaintiff intends to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer.

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by ANGELA OLIVERA (CSR No. 7265) or, in the alternative, video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Pursuant to Fed. R. Civ. P. Rule 30, the deposition testimony will be taken stenographically, and under oath by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment authorized to administer an oath. Please take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the purposes of

providing the oath/affirmation to the deponent and capturing the proceeding.

We further reserve the right to utilize the following: (1) Record the deposition utilizing audio or video technology; (2) Instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to the proceeding to request and receive it in realtime; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript. Furthermore, Plaintiff intends to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer. Plaintiff reserves the right to use said videotaped deposition at the trial of the within action pursuant to Fed. R. Civ. P. Rule 32(a)(5)(A). Said deposition is to continue from day to day, excluding Sundays and holidays, until completed.

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(4), this deposition will be conducted via videoconferencing technology, and counsel for the noticing party plans to appear remotely via this technology. Counsel for the noticing party proposes a stipulation wherein the deponent need not appear at his or her deposition in person and in the presence of the deposition officer, and assumes that counsel for all parties receiving this notice agrees to said stipulation in the absence of any timely objections in this regard.

The deponent is required to have access to a computer with a webcam and a stable internet connection in order for the deposition to proceed virtually via videoconference.

Counsel for the noticing party will provide information for virtual access to the remote deposition videoconferencing portal at least two (2) days prior the deposition date. This may include the application Zoom, Skype, or similar application, or logging into the Court Reporter's website.

If an interpreter is required to translate testimony, notice must be given to this noticing party at least ten (10) business days prior to the deposition and the specific language and/or dialect must be designated.

**PLEASE TAKE FURTHER NOTICE** Pursuant to Federal Rules of Civil Procedure, Rule 30 and 34, the deponent shall produce the following documents, tangible things or writings as defined by Federal Rules of Evidence, Rule 1001(a) at her deposition:

If any document requested herein is withheld under any claim of privilege, deponent is requested to provide the following:

**a.** The date of the document;

**b.** The title of the document;

**c.** The name of the author and addressee;

**d.** A brief summary of the subject matter;

**e.** The type of document; and

**f.** The factual and legal basis upon which the privilege is asserted.

Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive, as required by Fed. R. of Civ. P. Rule 45(e)(1)(A).

**DEFINITIONS**

1. The terms "WRITING" and/or "WRITINGS" and "DOCUMENT" and/or "DOCUMENTS" as used herein have the meaning ascribed "writings" by Federal Rules of Evidence, Rule 1001(a) and include, without limitation, the original (or, if the original is unavailable, a copy) of any writing,

handwriting, typewriting, printing, photostat, photograph, photocopy, and every other means of communication or recording upon any tangible thing, including computer disks and/or drives, as well as pictures, sounds, symbols and combinations thereof, translated, if necessary, into reasonably usable form. These terms include, without limitation, letters, memoranda, correspondence, drawings, graphs, charts, photographs, phonographic records, compact discs, reports, investigations, written communications of any sort, contracts, agreements, handwritten notes, analyses, work papers, calendars, diaries, canceled checks, receipts, electronic mail messages, images recorded via x-ray or magnetic resonance imaging (MRI) technology, and any other writings or data compilations from which information can be obtained, including non-original copies and drafts of any of the foregoing.

2. The term “YOU,” “YOUR” as used herein shall mean and refer to JAIME E. HERNANDEZ, Ed.D., his agents, employees, servants, representatives, and all other persons acting on YOUR behalf.
3. The term "PLAINTIFFS" refers to Plaintiff M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez, as defined above, and/or any agent, or any other person or entity acting on his behalf or on whose behalf he is acting.
4. The term “COMMUNICATION(S)” refers to any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversation, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, or seminars.

//

//

//

//

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR DOCUMENTS NO. 1:**

All reports, WRITINGS and other DOCUMENTS prepared by YOU, or by any other person at YOUR direction, in the course of preparing an opinion on this case.

**REQUEST FOR DOCUMENTS NO. 2:**

All reports, WRITINGS and other DOCUMENTS provided to YOU by PLAINTIFFS counsel to assist the deponent in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 3**:

All reports, WRITINGS and other DOCUMENTS provided to PLAINTIFFS and/or their counsel by YOU to assist the YOU in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 4:**

All reports, WRITINGS and other DOCUMENTS upon which YOU relied upon in informing an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 5:**

All reports, WRITING and other DOCUMENTS upon which YOU relied upon in forming an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 6:**

YOUR notes and writings generated in connection with this case**.**

**REQUEST FOR DOCUMENTS NO. 7:**

All reports, WRITINGS and other DOCUMENTS which memorialize the terms upon which YOU have been retained by PLAINTIFFS, either as consultant or as an expert trial witness.

**REQUEST FOR DOCUMENTS NO. 8:**

All time or billing records for the work performed or the costs incurred by YOU with respect to this case.

**REQUEST FOR DOCUMENTS NO. 9:**

All reports, writings and other documents which reflect YOUR compensation in

connection to this case.

**REQUEST FOR DOCUMENTS NO. 10:**

All reports, WRITINGS and other DOCUMENTS, not otherwise produced, prepared by YOU or by any other person at YOUR direction, that reflect, refer to, or contain, any opinion of YOU in connection to this case.

**REQUEST FOR DOCUMENTS NO. 11:**

YOUR entire file concerning treatment, diagnosis, evaluation, consultation, analysis, contact with PLAINTIFFS and/or their counsel, research, investigation and evaluation of the issues concerning YOUR opinions and their bases.

**REQUEST FOR DOCUMENTS NO. 12:**

All WRITINGS or DOCUMENTS reflecting COMMUNICATIONS between PLAINTIFFS' counsel and YOU concerning this case.

**REQUEST FOR DOCUMENTS NO. 13:**

A copy of YOUR C.V. or other resume.

**REQUEST FOR DOCUMENTS NO. 14:**

A copy of any and all relevant articles upon which YOU have relied upon in formulating YOUR opinions in this case.

**REQUEST FOR DOCUMENTS NO. 15:**

A listing of any and all articles or publication authored in whole or in part by YOU.

**REQUEST FOR DOCUMENTS NO. 16:**

All assessment protocols YOU administered to PLAINTIFFS, including, but not limited to, answer sheets, print outs, score reports, and score analyses.

DATED: September 22, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Rosa K. Hirji
Attorneys for Family Defendants

*M.S., et al. v. O.A., et al.*

2:23−cv−09957-SRM-MAR

**PROOF OF SERVICE**
(FRCP 5)

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF LOS ANGELES )**

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 5173 Overland Avenue, Culver City, CA 90230.

On September 22, 2026, I served the within ***DEFENDANTS' NOTICE OF TAKING THE DEPOSITION OF JAIME E. HERNANDEZ, Ed.D.*** on the interested parties in said action by delivering, or causing to be delivered, **[X] a true and correct copy** or **[ ] the original** thereof by one or more of the means set forth below:

☐ **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by __________________.

☒ **VIA ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified below using the address(es) indicated.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: September 22, 2026

___________________________
TRAVIS WESTER

# SERVICE LIST

| | |
|---|---|
| Olu K. Orange, Esq.<br>*orangelawoffices@att.net*<br>ORANGE LAW OFFICES, P.C.<br>3435 Wilshire Blvd, No. 2910<br>Los Angeles, CA 90010 | **Attorneys for Plaintiffs M.S. and I.H.** |
| Dan Stormer, Esq.<br>*dstormer@hadsellstormer.com*<br>Morgan E. Ricketts, Esq.<br>*mricketts@hadsellstormer.com*<br>Kate McFarlane<br>*kmcfarlane@hadsellstormer.com*<br>Bina Ahmad<br>*bahmad@hadsellstormer.com*<br>HADSELL STORMER RENICK & DAI LLP<br>128 N. Fair Oaks Avenue<br>Pasadena, California 91103 | **Attorneys for Plaintiffs M.S. and I.H.** |
| Joshua Bordin-Wosk<br>*jbordinwosk@bordinsemmer.com*<br>Bryan C. Swaim<br>*bswaim@bordinsemmer.com*<br>Jennifer Stone<br>*JStone@bordinsemmer.com*<br>BORDIN SEMMER LLP<br>6100 Center Drive, Suite 1100<br>Los Angeles, CA 90045 | **Attorneys for Defendants Marae Cruce, Gregory Pitts, Antonio Shelton, and Santa Monica Malibu Unified School District** |
| Howard L. Jacobs<br>*howard.jacobs@athleteslawyer.com*<br>LAW OFFICES OF HOWARD L. JACOBS<br>31111 Agoura Rd., Suite 225<br>Westlake Village, CA 91361 | **Attorneys for Defendants Oliver Angus, Michael Angus, and Jamie Angus** |

## EMAIL COPY

**From:** Travis Wester <travis@rkhlawoffice.com>

**Sent (Pacific):** Wednesday, September 23, 2026, 9:35:58 a.m. PDT

**Original Date header:** Wed, 23 Sep 2026 09:35:58 -0700

**To:** Karla Jinez <kjinez@hadsellstormer.com>, Bina Ahmad <bahmad@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Tami Galindo <tgalindo@hadsellstormer.com>, Dan Stormer <dstormer@hadsellstormer.com>, Olu Orange <orangelawoffices@att.net>, Isabelle Geczy <igeczy@hadsellstormer.com>, Kate McFarlane <KMcFarlane@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>

**Cc:** Bryan Swaim <BSwaim@bordinsemmer.com>, Tiffanie Levin <tlevin@bordinsemmer.com>, Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>, Jennifer Stone <JStone@bordinsemmer.com>, Rosa Hirji <rosa@rkhlawoffice.com>, Ariel Harman-Holmes <ariel@rkhlawoffice.com>, Jenny Chau <jenny@rkhlawoffice.com>, Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>, Kimberly Alfaro <clerk@rkhlawoffice.com>, Alexander Rodriguez <alex@rkhlawoffice.com>, Howard Jacobs <howard.jacobs@athleteslawyer.com>, Angela Olvera <olveracourtreporting@aol.com>, AngusFederalZ12082865@lohc.filevineapp.com

**Subject:** Plf's Am Ntc re Dr Jajko [M.S., et al. v. Angus, et al. | 2:23-cv-09957-SRM-MAR]

**Copy scope:** Complete amended-notice service email.

**Attachments:** ANGUS Am Depo Ntc JAJKO.pdf

Greetings counsel,

Attached, please find *Defendants' Amended Deposition Notice re Dr. Jajko*
in the above entitled matter.

Kind regards,

Travis Wester
Paralegal

*Hirji, Chau & Rodriguez, LLP*
5173 Overland Avenue
<https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
Culver City, CA 90230
<https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>

Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: travis@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook <https://www.facebook.com/rkhlawoffice>!

STATEMENT OF CONFIDENTIALITY*: *This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A., *and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiff,<br><br>v.<br><br>Oliver Angus, et al.<br><br>Defendant. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**DEFENDANTS' AMENDED NOTICE OF TAKING THE DEPOSITION OF MELISSA JAJKO, Psy.D.**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2026<br>Trial Date: TBD<br><br>Date: September 28, 2026<br>Time: 10:00 AM<br>Address: VIA REMOTE VIDEOCONFERENCE |

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that on September 28, 2026 at 10:00 AM, Defendants O.A., M.A., and J.A. ("Family Defendants") will conduct the deposition, on oral examination, of Plaintiffs M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez ("PLAINTIFFS") retained expert witness MELISSA JAJKO, Psy.D. The deposition will take place via Zoom, and continue day to day, Saturdays, Sundays and holidays excepted, until complete.

The deposition will be coordinated by ANGELA OLIVERA (CSR No. 7265) whose physical address is:

Olvera Court Reporting
3812 Abbott Drive
Bakersfield, California 93312
(661) 587-9040

Said deposition will be recorded stenographically by a certified shorthand reporter and may be videotaped. Furthermore, plaintiff intends to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer.

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by ANGELA OLIVERA (CSR No. 7265) or, in the alternative, video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Pursuant to Fed. R. Civ. P. Rule 30, the deposition testimony will be taken stenographically, and under oath by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment authorized to administer an oath. Please take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the purposes of

providing the oath/affirmation to the deponent and capturing the proceeding.

We further reserve the right to utilize the following: (1) Record the deposition utilizing audio or video technology; (2) Instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to the proceeding to request and receive it in realtime; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript. Furthermore, Plaintiff intends to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer. Plaintiff reserves the right to use said videotaped deposition at the trial of the within action pursuant to Fed. R. Civ. P. Rule 32(a)(5)(A). Said deposition is to continue from day to day, excluding Sundays and holidays, until completed.

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(4), this deposition will be conducted via videoconferencing technology, and counsel for the noticing party plans to appear remotely via this technology. Counsel for the noticing party proposes a stipulation wherein the deponent need not appear at his or her deposition in person and in the presence of the deposition officer, and assumes that counsel for all parties receiving this notice agrees to said stipulation in the absence of any timely objections in this regard.

The deponent is required to have access to a computer with a webcam and a stable internet connection in order for the deposition to proceed virtually via videoconference.

Counsel for the noticing party will provide information for virtual access to the remote deposition videoconferencing portal at least two (2) days prior the deposition date. This may include the application Zoom, Skype, or similar application, or logging into the Court Reporter's website.

If an interpreter is required to translate testimony, notice must be given to this noticing party at least ten (10) business days prior to the deposition and the specific language and/or dialect must be designated.

**PLEASE TAKE FURTHER NOTICE** Pursuant to Federal Rules of Civil Procedure, Rule 30 and 34, the deponent shall produce the following documents, tangible things or writings as defined by Federal Rules of Evidence, Rule 1001(a) at her deposition:

If any document requested herein is withheld under any claim of privilege, deponent is requested to provide the following:

**a.** The date of the document;

**b.** The title of the document;

**c.** The name of the author and addressee;

**d.** A brief summary of the subject matter;

**e.** The type of document; and

**f.** The factual and legal basis upon which the privilege is asserted.

Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive, as required by Fed. R. of Civ. P. Rule 45(e)(1)(A).

**DEFINITIONS**

1. The terms "WRITING" and/or "WRITINGS" and "DOCUMENT" and/or "DOCUMENTS" as used herein have the meaning ascribed "writings" by Federal Rules of Evidence, Rule 1001(a) and include, without limitation, the original (or, if the original is unavailable, a copy) of any writing,

handwriting, typewriting, printing, photostat, photograph, photocopy, and every other means of communication or recording upon any tangible thing, including computer disks and/or drives, as well as pictures, sounds, symbols and combinations thereof, translated, if necessary, into reasonably usable form. These terms include, without limitation, letters, memoranda, correspondence, drawings, graphs, charts, photographs, phonographic records, compact discs, reports, investigations, written communications of any sort, contracts, agreements, handwritten notes, analyses, work papers, calendars, diaries, canceled checks, receipts, electronic mail messages, images recorded via x-ray or magnetic resonance imaging (MRI) technology, and any other writings or data compilations from which information can be obtained, including non-original copies and drafts of any of the foregoing.

2. The term "YOU," "YOUR" as used herein shall mean and refer to MELISSA JAJKO, Psy.D., her agents, employees, servants, representatives, and all other persons acting on YOUR behalf.
3. The term "PLAINTIFFS" refers to Plaintiff M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez, as defined above, and/or any agent, or any other person or entity acting on his behalf or on whose behalf he is acting.
4. The term "COMMUNICATION(S)" refers to any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversation, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, or seminars.

//

//

//

//

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR DOCUMENTS NO. 1:**

All reports, WRITINGS and other DOCUMENTS prepared by YOU, or by any other person at YOUR direction, in the course of preparing an opinion on this case.

**REQUEST FOR DOCUMENTS NO. 2:**

All reports, WRITINGS and other DOCUMENTS provided to YOU by PLAINTIFFS counsel to assist the deponent in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 3**:

All reports, WRITINGS and other DOCUMENTS provided to PLAINTIFFS and/or their counsel by YOU to assist the YOU in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 4:**

All reports, WRITINGS and other DOCUMENTS upon which YOU relied upon in informing an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 5:**

All reports, WRITING and other DOCUMENTS upon which YOU relied upon in forming an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 6:**

YOUR notes and writings generated in connection with this case**.**

**REQUEST FOR DOCUMENTS NO. 7:**

All reports, WRITINGS and other DOCUMENTS which memorialize the terms upon which YOU have been retained by PLAINTIFFS, either as consultant or as an expert trial witness.

**REQUEST FOR DOCUMENTS NO. 8:**

All time or billing records for the work performed or the costs incurred by YOU with respect to this case.

**REQUEST FOR DOCUMENTS NO. 9:**

All reports, writings and other documents which reflect YOUR compensation in

connection to this case.

**REQUEST FOR DOCUMENTS NO. 10:**

All reports, WRITINGS and other DOCUMENTS, not otherwise produced, prepared by YOU or by any other person at YOUR direction, that reflect, refer to, or contain, any opinion of YOU in connection to this case.

**REQUEST FOR DOCUMENTS NO. 11:**

YOUR entire file concerning treatment, diagnosis, evaluation, consultation, analysis, contact with PLAINTIFFS and/or their counsel, research, investigation and evaluation of the issues concerning YOUR opinions and their bases.

**REQUEST FOR DOCUMENTS NO. 12:**

All WRITINGS or DOCUMENTS reflecting COMMUNICATIONS between PLAINTIFFS' counsel and YOU concerning this case.

**REQUEST FOR DOCUMENTS NO. 13:**

A copy of YOUR C.V. or other resume.

**REQUEST FOR DOCUMENTS NO. 14:**

A copy of any and all relevant articles upon which YOU have relied upon in formulating YOUR opinions in this case.

**REQUEST FOR DOCUMENTS NO. 15:**

A listing of any and all articles or publication authored in whole or in part by YOU.

**REQUEST FOR DOCUMENTS NO. 16:**

All assessment protocols YOU administered to PLAINTIFFS, including, but not limited to, answer sheets, print outs, score reports, and score analyses.

DATED: September 23, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Rosa K. Hirji
Attorneys for Family Defendants

*M.S., et al. v. O.A., et al.*

2:23−cv−09957-SRM-MAR

**PROOF OF SERVICE**
(FRCP 5)

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF LOS ANGELES )**

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 5173 Overland Avenue, Culver City, CA 90230.

On September 23, 2026, I served the within ***DEFENDANTS' AMENDED NOTICE OF TAKING THE DEPOSITION OF MELISSA JAJKO, Psy.D.*** on the interested parties in said action by delivering, or causing to be delivered, **[X] a true and correct copy** or **[ ] the original** thereof by one or more of the means set forth below:

☐ **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by __________________.

☒ **VIA ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified below using the address(es) indicated.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: September 23, 2026

______________________
TRAVIS WESTER

# SERVICE LIST

| | |
|---|---|
| Olu K. Orange, Esq.<br>*orangelawoffices@att.net*<br>ORANGE LAW OFFICES, P.C.<br>3435 Wilshire Blvd, No. 2910<br>Los Angeles, CA 90010 | **Attorneys for Plaintiffs M.S. and I.H.** |
| Dan Stormer, Esq.<br>*dstormer@hadsellstormer.com*<br>Morgan E. Ricketts, Esq.<br>*mricketts@hadsellstormer.com*<br>Kate McFarlane<br>*kmcfarlane@hadsellstormer.com*<br>Bina Ahmad<br>*bahmad@hadsellstormer.com*<br>HADSELL STORMER RENICK & DAI LLP<br>128 N. Fair Oaks Avenue<br>Pasadena, California 91103 | **Attorneys for Plaintiffs M.S. and I.H.** |
| Joshua Bordin-Wosk<br>*jbordinwosk@bordinsemmer.com*<br>Bryan C. Swaim<br>*bswaim@bordinsemmer.com*<br>Jennifer Stone<br>*JStone@bordinsemmer.com*<br>BORDIN SEMMER LLP<br>6100 Center Drive, Suite 1100<br>Los Angeles, CA 90045 | **Attorneys for Defendants Marae Cruce, Gregory Pitts, Antonio Shelton, and Santa Monica Malibu Unified School District** |
| Howard L. Jacobs<br>*howard.jacobs@athleteslawyer.com*<br>LAW OFFICES OF HOWARD L. JACOBS<br>31111 Agoura Rd., Suite 225<br>Westlake Village, CA 91361 | **Attorneys for Defendants Oliver Angus, Michael Angus, and Jamie Angus** |

M.S., et al. v. O.A., et al.
Case No. 2:23-cv-09957-SRM-MAR

# EXHIBIT D

## Retained-expert meet-and-confer correspondence

September 22-24, 2026

1. Ariel Harman-Holmes email, September 24 at 5:41:50 p.m.; chain through Kate McFarlane's September 22, 6:08 p.m. message

## EMAIL COPY

**From:** Ariel Harman-Holmes <ariel@rkhlawoffice.com>

**Sent (Pacific):** Thursday, September 24, 2026, 5:41:50 p.m. PDT

**Original Date header:** Thu, 24 Sep 2026 17:41:50 -0700

**To:** "[ ORANGE LAW ]" <orangelawoffices@att.net>

**Cc:** Alexander Rodriguez <alex@rkhlawoffice.com>, travis@rkhlawoffice.com, Kate McFarlane <KMcFarlane@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>, "bswaim@bordinsemmer.com" <bswaim@bordinsemmer.com>, "jstone@bordinsemmer.com" <jstone@bordinsemmer.com>, "ewoodard@bordinsemmer.com" <ewoodard@bordinsemmer.com>, "rosa@rkhlawoffice.com" <rosa@rkhlawoffice.com>, "guadalupe@rkhlawoffice.com" <guadalupe@rkhlawoffice.com>, Dan Stormer <dstormer@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Isabelle Geczy <igeczy@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Tami Galindo <tgalindo@hadsellstormer.com>, Karla Jinez <kjinez@hadsellstormer.com>

**Subject:** Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

**Copy scope:** Chain through Kate McFarlane's September 22, 6:08 p.m. message; stops before Juan Aviles's September 22, 6:04 p.m. service message.

Olu,

Your response still does not answer the issue we raised: when will Plaintiffs produce their retained experts before the October 2 expert discovery cutoff?

Your account of the scheduling history is also incomplete. On September 21, before the deposition notices were served, Rosa wrote to all counsel specifically proposing that the parties cooperate in scheduling the retained expert depositions. Because of the compressed window, she proposed remote depositions, electronic production of expert materials by 5:30 p.m. the preceding day, provided Dr. Gottlieb's availability, and expressly asked you to provide the dates your experts were available. That was the scheduling discussion you now claim should have occurred.

Both sides exchanged their expert disclosures on the evening of September 18. Plaintiffs served theirs at 8:08 p.m., and Defendants served ours at 9:50 p.m. Both sides then served deposition notices on September 22. The difference is that Defendants anticipated the obvious need for depositions during the two-week window and arranged for the defense experts Plaintiffs noticed to be available. Plaintiffs did not provide dates in response to Rosa's September 21 request and are now saying that none of their three retained experts can be deposed before the cutoff.

Your assertion that you did not know until September 22 which experts we intended to depose does not explain this. Plaintiffs had designated Murphy, Jajko, and Hernandez to testify, and Plaintiffs have known since July 31 when expert discovery would close. You did not need to know which of those experts we would ultimately depose to determine whether the experts Plaintiffs chose to designate had any availability during the only authorized deposition window. Nor have you addressed our proposal to conduct the depositions remotely.

We understood that Murphy would not appear on September 24. We attended because she remained noticed for deposition and made a record when Plaintiffs did not produce her. Your office's repeated announcement that she would not attend did not cancel the notice, produce the witness, or change the Court's deadline. Suggesting that we appeared because we somehow expected her to show up misses the point entirely. Asking us not to make a

record of further nonappearances likewise does nothing to resolve the discovery problem.

Your effort to recast this as a failure of courtesy by Defendants is unsupported by the record. We initiated the scheduling discussion, proposed accommodations designed to make the depositions possible, provided our experts' availability, and accommodated the depositions Plaintiffs noticed. Plaintiffs' failure to coordinate with their own retained experts is not a failure by Defendants to confer.

Please also do not characterize enforcement of the Court's discovery schedule as my "feelings and thoughts." That phrasing is condescending and serves no purpose. This is an objective discovery problem. A general offer to stipulate to unspecified dates after the cutoff, on a schedule that allows Plaintiffs to depose the defense experts first, is not a solution and is not compliance with the Court's order.

Please answer the following directly for each of Murphy, Jajko, and Hernandez:

1.

Will Plaintiffs produce the expert for deposition, remotely if necessary, on or before October 2?
2.

If so, on what date and at what time?
3.

If not, when did Plaintiffs first ask the expert about availability during the September 19 through October 2 discovery window?
4.

When will the expert's requested materials be produced?

If Plaintiffs will not produce their retained experts within the discovery window, please say so directly. We will proceed accordingly and seek appropriate relief from the Court.

Sincerely,

Ariel

On Thu, Sep 24, 2026 at 3:41 PM [ ORANGE LAW ] <orangelawoffices@att.net> wrote:

> Hi Ariel,

> Thank you for your email. Please know that we hear and appreciate your
> feelings and your thoughts on this. However, we believe we can work with
> y'all to get this done -- and we will continue to have faith in our
> collective ability to be successful in that regard. Here are my thoughts in
> response:

> 1) you (and/or your colleagues) unilaterally selected dates for the
> depositions and noticed them without conferring with us -- so, we did not
> know who you wanted to depose or when you wanted to depose them, or even if
> you were deposing any of them until you noticed them two days ago on Sept
> 22nd. Much differently, you sent us dates your experts are available and we
> worked scrupulously to set deposition dates and times that corresponded
> with your expressed needs and limitations. We hoped (and still hope) to
> receive the same courtesy from you.

> 2) on September 23, 2026, at 2:45 pm, Plaintiffs' counsel (Kate) wrote to
> you via email and informed you "Dr. Murphy is not available for deposition
> tomorrow." Later at 4:12 pm, she also informed you that the depositions you

> noticed were not available to proceed, but that Plaintiffs would stipulate
> as necessary to accomplish them. Yet again, at 5:06 pm, on September 23rd,
> you were notified that "Dr. Murphy is not available on September 24, 2026
> and will not appear for deposition on that date. Plaintiffs are amenable to
> meet and confer regarding Dr. Murphy's availability" in formal objections
> served upon you (see page 1, line 27). We do not understand why you would
> think Dr. Murphy would be there after Kate said three times that she would
> not be.

> 3) we do however make room for the possibility that you simply ignored our
> notice to you that the deponents are not available and proceeded anyway
> with Dr. Murphy's -- and plan to proceed with Drs. Jajko and Hernandez too,
> even though we have informed you that they are not available to proceed.
> Please don't. Plaintiffs reiterate our desire to meet, confer and stipulate
> to dates when our experts are available for deposition and hope that
> defendants will work with us on that. Indeed, we will continue to update
> you with our experts' availability with the hope of working this out as
> soon as possible.

> Ariel, we will continue to do our very best to minimize acrimony and
> maximize collegiality. Thank you for your efforts to do the same.

> Warmest regards,

> Olu

> On 9/24/2026 2:21 PM, Ariel Harman-Holmes wrote:

> Counsel,

> Dr. Murphy did not appear for her noticed deposition this morning. We
> appeared and made a record of her nonappearance, and you have not offered a
> date for her deposition within the expert discovery window.

> Your emails also say Dr. Jajko is away until October 5 and Dr. Hernandez
> is unavailable until October 8 or 9. Plaintiffs have known since July 31
> that expert discovery closes October 2, but are now telling us that *none
> of their three retained experts can be deposed during that window*. We
> cleared counsel's calendars for expert depositions during these two weeks
> and arranged for our other retained experts to be available despite the
> short window. We have existing commitments in October and are unavailable
> for the dates you've proposed. Moving all three of Plaintiffs' expert
> depositions past the cutoff would deprive us of the opportunity we planned
> for to examine their opinions and materials, prepare our experts, and
> assess any challenges to their testimony.

> We are proceeding with our deposition notices within the existing window
> and expect Plaintiffs to produce their experts on the noticed dates, along
> with the requested expert materials. Please tell us immediately if
> Plaintiffs will not do so.

> Rule 26(b)(4)(A) permits us to depose Plaintiffs' designated testifying
> experts. The Ninth Circuit has confirmed that the Court may order a party
> to use its best efforts to produce its expert for deposition and impose
> sanctions if that order is disobeyed. *Sali v. Corona Regional Medical
> Center*, No. 15-56389, slip op. at 3, 11–12 (9th Cir. Mar. 19, 2018). If
> Plaintiffs do not produce their experts within the discovery window, we
> intend to seek sanctions and move to exclude the testimony of any expert we
> have been unable to depose. We will also seek the fees and costs caused by
> the nonappearances, including an order requiring Plaintiffs to pay the
> costs of any depositions the Court permits after the cutoff.

> We have not agreed to extend the deadline, and a proposed stipulation to

> take the depositions later does not change the Court’s order.

> Ariel

> On Wed, Sep 23, 2026 at 6:05 PM Alexander Rodriguez <alex@rkhlawoffice.com>
> wrote:

>> Dear Plaintiffs’ counsel,

>> The Family Defendants received Plaintiffs’ notice of taking the
>> depositions of non-retained experts Dr. Richard Boles and Alice Kuo,
>> M.D. The Family Defendants do not control these non-retained experts and
>> therefore lack the authority to accept a deposition notice or subpoena on
>> their behalf. Therefore, if Plaintiffs seek to depose these non-retained
>> experts, then Plaintiffs must issue a subpoena to compel attendance
>> pursuant to Rules 30 and 45.

>> Please confirm that Plaintiffs have served subpoenas in compliance
>> with Rule 45.

>> Thank you,

>> Alex Rodriguez

>> On Wed, Sep 23, 2026 at 1:45 PM [ ORANGE LAW ] <orangelawoffices@att.net>
>> wrote:

>>> Dear counsel,

>>> I have also heard back from Dr. Hernandez about his depo availability.
>>> Similarly, he is currently unavailable -- and he is abroad (see note re Dr.
>>> Jajko below). Dr. Hernandez will be available on October 8th and 9th. He
>>> also has other possibilities later in October. If the 8th or 9th is not
>>> agreeable, please propose dates in late October and I will confirm with
>>> him. We will stipulate as necessary.

>>> Thanks.

>>> Olu

>>> On 9/23/2026 9:29 AM, Olu Orange wrote:

>>> Dear Mr. Wester & counsel,

>>> Please hold off on sending that amended notice. Last night I heard back
>>> from Dr. Jajko re her availability. She is now on a trip out of town. She
>>> returns October 5th, at which time she starts a trial. Please provide
>>> possible dates during the week of 10/12 or 10/19. We will stipulate as
>>> necessary.

>>> Thanks,
>>> Olu

>>> Sent from AT&T Yahoo Mail on Android
>>> <https://go.onelink.me/107872968?pid=InProduct&c=Global_Internal_YGrowth_AndroidEmailSig__AndroidUsers&af_wl=ym&af_sub1=Internal&af_sub2=Global_YGrowth&af_sub3=EmailSignature&af_web_dp=https://more.att.com/currently/imap>

>>> On Wed, Sep 23, 2026 at 9:16 AM, Travis Wester
>>> <travis@rkhlawoffice.com> <travis@rkhlawoffice.com> wrote:
>>> Greetings counsel,

>>> Defendants will amend Dr. Jajko's deposition notice for Monday,
>>> September 28th.

>>> Thank you,

>>> Travis Wester
>>> Paralegal

>>> *Hirji, Chau & Rodriguez, LLP*
>>> 5173 Overland Avenue
>>> <https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
>>> Culver City, CA 90230
>>> <https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>

>>> <https://www.google.com/maps/search/5173+Overland%0D%0A++++++++++++++++++++++
++++++++++++++++++++++++++Avenue%C2%A0+%0D%0A++++++++++++++++++++++
+++++++++++++++++++++++%0D%0A++++++++++++++++++++++++++++++++++++
+++++++Culver+City,+CA%0D%0A++++++++++++++++++++++++++++++++++++++++++
++++++90230?entry=gmail&source=g>
>>> <https://www.google.com/maps/search/5173%0D%0A+++++++++++++++++++++++++++++
+++++++++++++++++++++++++++++Overland%0D%0A+++++++++++++++++++++++
+++++++++++++++++++++++++++++++++Avenue%C2%A0+%0D%0A+++++++++++++++
++++++++++++++++++++++++++++++++++++++++++%0D%0A+++++++++++++++++
++++++++++++++++++++++++++++++++++++++Culver%0D%0A+++++++++++++++++
+++++++++++++++++++++++++++++++++++++++++City,+CA+90230?entry=gmail&source=g>
>>> Phone: (310) 391-0330

>>> <https://www.google.com/maps/search/5173+Overland%0D%0A++++++++++++++++++++++
++++++++++++++++++++++++++Avenue%C2%A0+%0D%0A++++++++++++++++++++++
+++++++++++++++++++++++%0D%0A++++++++++++++++++++++++++++++++++++
+++++++Culver+City,+CA%0D%0A++++++++++++++++++++++++++++++++++++++++++
++++++90230?entry=gmail&source=g>

>>> <https://www.google.com/maps/search/5173+Overland%0D%0A++++++++++++++++++++++
++++++++++++++++++++++++++Avenue%C2%A0+%0D%0A++++++++++++++++++++++
+++++++++++++++++++++++%0D%0A++++++++++++++++++++++++++++++++++++
+++++++Culver+City,+CA%0D%0A++++++++++++++++++++++++++++++++++++++++++
++++++90230?entry=gmail&source=g>
>>> Phone: (310) 391-0332

>>> <https://www.google.com/maps/search/5173+Overland%0D%0A++++++++++++++++++++++
++++++++++++++++++++++++++Avenue%C2%A0+%0D%0A++++++++++++++++++++++
+++++++++++++++++++++++%0D%0A++++++++++++++++++++++++++++++++++++
+++++++Culver+City,+CA%0D%0A++++++++++++++++++++++++++++++++++++++++++
++++++90230?entry=gmail&source=g>
>>> <https://www.google.com/maps/search/5173%0D%0A+++++++++++++++++++++++++++++
+++++++++++++++++++++++++++++Overland%0D%0A+++++++++++++++++++++++
+++++++++++++++++++++++++++++++++Avenue%C2%A0+%0D%0A+++++++++++++++
++++++++++++++++++++++++++++++++++++++++++%0D%0A+++++++++++++++++
++++++++++++++++++++++++++++++++++++++Culver%0D%0A+++++++++++++++++
+++++++++++++++++++++++++++++++++++++++++City,+CA+90230?entry=gmail&source=g>
>>> Fax: (310) 943-0311
>>> Email: travis@rkhlawoffice.com
>>> Website: lawyer4children.com
>>> Like us on Facebook <https://www.facebook.com/rkhlawoffice>!

>>> STATEMENT OF CONFIDENTIALITY*: *This e-mail message contains
>>> information that may be confidential and privileged. Unless you are the
>>> addressee (or authorized to receive messages for the addressee), you may
>>> not use, copy, or disclose this message (or any information contained in
>>> it) to anyone. If you have received this message in error, please advise
>>> the sender by reply e-mail and delete this message.

>>> On Tue, Sep 22, 2026 at 6:08 PM Kate McFarlane <
>>> KMcFarlane@hadsellstormer.com> wrote:

>>> Counsel,

>>> Please note that based on Family Defendants' representations, the only
>>> full day that Lev Gottlieb is available for deposition is this Friday,
>>> September 25th, so we noticed that deposition accordingly. However, we
>>> see that you noticed Melissa Jajko's deposition for that same day.

>>> Please re-notice Jajko's deposition for another day or provide
>>> alternative dates for Gottlieb's deposition to go forward for a full day. A
>>> 2-hour window for one of defendants' retained experts is not sufficient.

>>> Thank you.

>>> <https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>

>>> Best,

>>> *Kate McFarlane *(she/her/hers)

>>> Attorney

>>> *Hadsell Stormer Renick & Dai LLP*

>>> 128 N. Fair Oaks Ave.
>>> <https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>

>>> Pasadena, California 91103
>>> <https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>

>>> T (626) 585-9600

>>> F (626) 577-7079

>>> kmcfarlane@hadsellstormer.com

>>> <https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+++++++++++++++++++++++++++++++++++++++++++++Pasadena,+California+91103?entry=gmail&source=g>

>>> [image: Updated Letterhead - Top]

>>> <https://www.google.com/maps/search/128+N.%0D%0A+++++++++++++++++++++++++++++++++++++++Fair+Oaks+Ave.+%0D%0A++++++++++++++++++++++++++++++++++++++Pasadena,%0D%0A++++++++++++++++++++++++++++++++++++++California+91103?entry=gmail&source=g>

>>> *NOTICE: *This electronic mail transmission—and any
>>> <https://www.google.com/maps/search/128+N.%0D%0A+++++++++++++++++++++++++++++++++++++++Fair+Oaks+Ave.+%0D%0A++++++++++++++++++++++++++++++++++++++Pasadena,%0D%0A++++++++++++++++++++++++++++++++++++++California+91103?entry=gmail&source=g>
>>> attachments—contains privileged and confidential information. This
>>> information is intended solely for use by the recipients identified in
>>> the "To," "Cc" and "Bcc" fields. If you are not an intended recipient,
>>> please note that any disclosure, copying, distribution, or use of the
>>> contents of this transmission is prohibited. If you have received this
>>> transmission in error, please immediately delete it and notify the sender.

M.S., et al. v. O.A., et al.
Case No. 2:23-cv-09957-SRM-MAR

# EXHIBIT E

## Hernandez scheduling follow-up

September 25, 2026

1. Olu Orange email, September 25 at 3:25:59 p.m.; top message only

## EMAIL COPY

**From:** "[ ORANGE LAW ]" <orangelawoffices@att.net>

**Sent (Pacific):** Friday, September 25, 2026, 3:25:59 p.m. PDT

**Original Date header:** Fri, 25 Sep 2026 15:25:59 -0700

**To:** travis@rkhlawoffice.com, Kate McFarlane <KMcFarlane@hadsellstormer.com>

**Cc:** Juan Aviles <javiles@hadsellstormer.com>, Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>, "bswaim@bordinsemmer.com" <bswaim@bordinsemmer.com>, "jstone@bordinsemmer.com" <jstone@bordinsemmer.com>, "ewoodard@bordinsemmer.com" <ewoodard@bordinsemmer.com>, "rosa@rkhlawoffice.com" <rosa@rkhlawoffice.com>, "alex@rkhlawoffice.com" <alex@rkhlawoffice.com>, "ariel@rkhlawoffice.com" <ariel@rkhlawoffice.com>, "guadalupe@rkhlawoffice.com" <guadalupe@rkhlawoffice.com>, Dan Stormer <dstormer@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Isabelle Geczy <igeczy@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Tami Galindo <tgalindo@hadsellstormer.com>, Karla Jinez <kjinez@hadsellstormer.com>

**Subject:** Dr. Hernandez -- Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

**Copy scope:** Complete top message; earlier quoted correspondence omitted as duplicative of Exhibit D.

Dear counsel,

Dr. Hernandez has reached out again to mention that his October is filling up fast. He is currently available October 8th and 9th -- and the week of October 19th. What are Defendants' proposals for the date of his deposition?

Thank you. Have a great weekend!

Olu

M.S., et al. v. O.A., et al.
Case No. 2:23-cv-09957-SRM-MAR

# EXHIBIT F

## Follow-up meet-and-confer request and reply

September 29-30, 2026

1. Olu Orange reply, September 30 at 9:49:49 a.m.; complete top message
2. Ariel Harman-Holmes email, September 29 at 8:24:55 p.m.; complete top message

## EMAIL COPY

**From:** Olu Orange <orangelawoffices@att.net>

**Sent (Pacific):** Wednesday, September 30, 2026, 9:49:49 a.m. PDT

**Original Date header:** Wed, 30 Sep 2026 16:49:49 +0000

**To:** ariel@rkhlawoffice.com, Tami Galindo <tgalindo@hadsellstormer.com>

**Cc:** Alexander Rodriguez <alex@rkhlawoffice.com>, "travis@rkhlawoffice.com" <travis@rkhlawoffice.com>, Kate McFarlane <KMcFarlane@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>, "bswaim@bordinsemmer.com" <bswaim@bordinsemmer.com>, "jstone@bordinsemmer.com" <jstone@bordinsemmer.com>, "ewoodard@bordinsemmer.com" <ewoodard@bordinsemmer.com>, "rosa@rkhlawoffice.com" <rosa@rkhlawoffice.com>, "guadalupe@rkhlawoffice.com" <guadalupe@rkhlawoffice.com>, Dan Stormer <dstormer@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Isabelle Geczy <igeczy@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Karla Jinez <kjinez@hadsellstormer.com>

**Subject:** Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

**Copy scope:** Complete September 30 top reply; original September 29 message reproduced separately immediately afterward.

Hi Ariel,

I think the experts' availabilities may have changed. Thank you for raising this important point. I'll check on new dates and get back to you.

Thanks so much!

Olu

Sent from AT&T Yahoo Mail on Android

## EMAIL COPY

**From:** Ariel Harman-Holmes <ariel@rkhlawoffice.com>

**Sent (Pacific):** Tuesday, September 29, 2026, 8:24:55 p.m. PDT

**Original Date header:** Tue, 29 Sep 2026 20:24:55 -0700

**To:** Tami Galindo <tgalindo@hadsellstormer.com>

**Cc:** Alexander Rodriguez <alex@rkhlawoffice.com>, "Olu Orange (law office)" <orangelawoffices@att.net>, "travis@rkhlawoffice.com" <travis@rkhlawoffice.com>, Kate McFarlane <KMcFarlane@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>, "bswaim@bordinsemmer.com" <bswaim@bordinsemmer.com>, "jstone@bordinsemmer.com" <jstone@bordinsemmer.com>, "ewoodard@bordinsemmer.com" <ewoodard@bordinsemmer.com>, "rosa@rkhlawoffice.com" <rosa@rkhlawoffice.com>, "guadalupe@rkhlawoffice.com" <guadalupe@rkhlawoffice.com>, Dan Stormer <dstormer@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Isabelle Geczy <igeczy@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Karla Jinez <kjinez@hadsellstormer.com>

**Subject:** Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

**Copy scope:** Complete September 29 top message; stops before Tami Galindo's quoted September 28 message.

Counsel,

I'm following up on my September 24 email sent at 5:41 p.m. With expert discovery closing this Friday, October 2, we need to address the outstanding retained-expert depositions, Plaintiffs' September 25 nonretained rebuttal disclosures, and the court relief necessary to resolve these issues.

Rosa requested coordinated scheduling and proposed remote depositions on September 21, before the notices were served. We cleared counsel's calendars for the authorized expert discovery window. We have your September 23 correspondence stating that none of Plaintiffs' three retained experts were available within that window, as well as Olu's September 25 follow-up offering October 8, 9, and the week of October 19 for Hernandez. For Jajko, you proposed the weeks of October 12 or 19 following her return and trial commitment. We still need dates for Murphy.

Please answer the following separately for Murphy, Jajko, and Hernandez:

1. Has the expert's availability changed, and can Plaintiffs make the expert available for deposition, remotely if necessary, on or before October 2?
2. If so, on what date and at what time?
3. When did Plaintiffs first ask the expert about availability during the September 19 through October 2 discovery window, and what efforts have been made to secure availability?
4. Which requested expert materials have been produced, which remain outstanding or are being withheld, and when will the remaining materials be produced? Please identify the basis for any withholding.

We acknowledge receipt of the September 23 and September 25 responses and objections. We need to resolve the actual production issues, including access to Murphy's testing protocols, answer sheets, score reports, printouts, and analyses, and the other requested materials supporting the experts' opinions.

Please confirm whether the previously offered October dates remain available and provide any additional October and November availability, beginning with the earliest dates. We have conflicting deposition and other commitments in October. Travis will follow up with dates defense counsel can attend, and we will work to identify the earliest workable dates. Meanwhile, Gottlieb's deposition proceeded September 25, Samples' deposition is scheduled for tomorrow, and Katz's deposition remains scheduled for Friday.

Any deposition after October 2 requires court authorization. Coordinating or taking a later deposition does not waive our objections to Plaintiffs' diligence, the adequacy or timeliness of their disclosures, the admissibility of their experts' opinions, or the prejudice and expenses caused by delayed discovery. The delay has disrupted our planned opportunity to examine Plaintiffs' experts and materials before preparing and defending our experts and assessing challenges to Plaintiffs' testimony.

We intend to seek appropriate relief, including exclusion where warranted and reasonable expenses caused by the missed depositions and delayed discovery. If the testimony is permitted, we will seek firm dates for the depositions and production of materials, with terms addressing the resulting prejudice, costs, and need for responsive expert analysis. For any later deposition, we propose complete production at least two business days beforehand.

We also need to address the September 25 nonretained rebuttal disclosures for Westbrook, Willison, Nishii, Dayton, Kammes, Haglund, Jennifer Hernandez, Van Order, Medberry, Duarte, and Tortora. These entries identify subjects but do not adequately summarize the actual opinions and supporting facts required by Rule 26(a)(2)(C). For example, Willison's entry lists O.A.'s cognitive ability, judgment, and understanding of sexual conduct and its consequences without stating his conclusions or their factual basis. Westbrook's entry similarly lists allegations, damages, cognitive functioning, and suggestibility without adequately identifying her opinions and supporting facts.

Please advise whether Plaintiffs will withdraw the challenged expert testimony or limit it to adequately and timely disclosed opinions. If you contend that another timely disclosure supplies the missing information, identify its service date and the specific portions relied upon. If Plaintiffs propose supplemental disclosures, please provide the proposed language and your position on why the deficiencies were substantially justified or harmless. We reserve our objections to late disclosures, new opinions, and the scope of any claimed rebuttal, and intend to seek exclusion under Rule 37(c)(1).

Travis served corrected Westbrook and Willison notices on September 28 and is handling witness service. We acknowledge the conflict you identified with Katz's October 2 deposition at 10:30 a.m. Witness availability and workable deposition times still need to be resolved, including the scheduling issues raised by Willison's counsel. We will coordinate with the witnesses' counsel and request your cooperation in resolving the overlap. If their challenged expert testimony is permitted and the examinations cannot be completed before the cutoff, we will seek specific court authorization to examine them afterward.

For Dr. Tau, we will seek limited court authorization for a later deposition based on an unexpected emergency child-abduction matter arising around September 23 that prevents his deposition before October 2. His

earliest available date is October 13, with additional availability October 14, 15, 19, and 22. Please identify the earliest date Plaintiffs' counsel can attend and whether Plaintiffs oppose a limited court order authorizing that deposition after the cutoff.

Please also confirm whether Kuo's deposition will proceed tomorrow. Tami's 11:52 a.m. email today said it would not, while Kate's 3:58 p.m. email said it would proceed. Our existing service and notice objections remain reserved.

Please respond by noon tomorrow, September 30, with your positions and two or three times for a brief videoconference tomorrow or Thursday, October 1. We recognize the deposition commitments on both sides and will try to accommodate a conference before a deposition, during a recess, or after adjournment. If neither day is possible, please explain the constraints and identify the earliest available time.

Best,
Ariel

M.S., et al. v. O.A., et al.
Case No. 2:23-cv-09957-SRM-MAR

# EXHIBIT G

## Plaintiffs' rebuttal expert disclosure and service

September 25, 2026

1. Kate McFarlane service email, September 25 at 10:13:40 p.m.; top message only
2. Plaintiffs' rebuttal expert witness disclosures

## EMAIL COPY

**From:** Kate McFarlane <KMcFarlane@hadsellstormer.com>

**Sent (Pacific):** Friday, September 25, 2026, 10:13:40 p.m. PDT

**Original Date header:** Sat, 26 Sep 2026 05:13:40 +0000

**To:** Tami Galindo <tgalindo@hadsellstormer.com>, "jbordinwosk@bordinsemmer.com" <jbordinwosk@bordinsemmer.com>, "bswaim@bordinsemmer.com" <bswaim@bordinsemmer.com>, "jstone@bordinsemmer.com" <jstone@bordinsemmer.com>, "tlevin@bordinsemmer.com" <tlevin@bordinsemmer.com>, "rosa@rkhlawoffice.com" <rosa@rkhlawoffice.com>, "jenny@rkhlawoffice.com" <jenny@rkhlawoffice.com>, "alex@rkhlawoffice.com" <alex@rkhlawoffice.com>, "ariel@rkhlawoffice.com" <ariel@rkhlawoffice.com>, Travis Wester <travis@rkhlawoffice.com>, "guadalupe@rkhlawoffice.com" <guadalupe@rkhlawoffice.com>, Kimberly Alfaro <clerk@rkhlawoffice.com>

**Cc:** Dan Stormer <dstormer@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Isabelle Geczy <igeczy@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Karla Jinez <kjinez@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, "Olu Orange (law office)" <orangelawoffices@att.net>

**Subject:** RE: M.S., et al. v. O.A., et al.

**Copy scope:** Complete September 25 top service message; stops before Tami Galindo's September 25, 5:44 p.m. message.

**Attachments:** Pltfs' Rebuttal Expert Witness Disclosures.pdf

Good evening,

Attached please find the following document, being served via email only:

PLAINTIFFS' REBUTTAL EXPERT WITNESS DISCLOSURES

Best,

Kate McFarlane (she/her/hers)
Attorney
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Ave.
Pasadena, California 91103
T (626) 585-9600
F (626) 577-7079
kmcfarlane@hadsellstormer.com<mailto:kmcfarlane@hadsellstormer.com>
[Updated Letterhead - Top]
NOTICE: This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. #101967]
Morgan E. Ricketts, Esq. [S.B. #268892]
Bina Ahmad, Esq. [SB. #329387]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. # 349594]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
bahmad@hadsellstormer.com / kmcfarlane@hadsellstormer.com
igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,

Plaintiffs,

v.

O.A., M.A., J.A., MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,

Defendants.

Case No.: 2:23-CV-09957-SRM-MAR

[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]

**PLAINTIFFS' REBUTTAL EXPERT WITNESS DISCLOSURES (FRCP 26(a)(2))**

| | |
|---|---|
| Complaint filed: | November 22, 2023 |
| Discovery Cutoff: | September 11, 2026 |
| FPTC: | February 17, 2027 |
| Trial Date: | TBD |

In accordance with Rule 26(a)(2) of the Federal Rule of Civil Procedure, Plaintiffs M.S. and I.H., hereby provide their rebuttal expert witness disclosures as follows:

**NON-RETAINED EXPERTS**

**Dr. Robyn Westbrook**, 10921 Wilshire Blvd., #403, Los Angeles, CA 90024, (310) 279-8489/(310) 825-0867

Dr. Westbrook's expected testimony includes rebuttal relating to M.S.'s allegations against O.A., M.S.'s damages, cognitive functioning, and suggestibility. Her testimony will be based on her observations and treatment of M.S.

**Dr. David Willison**, 10850 Wilshire Blvd., Suite 850, Los Angeles, CA 90024, (415) 412-4613

Dr. Willison's expected testimony will include rebuttal as to M.S.'s allegations against O.A., M.S.'s damages, cognitive functioning, and suggestibility, as well as O.A.'s cognitive ability, developmental profile, ability to exercise reasonable judgment, including the ability to understand the physical nature of the act, its moral character, its probably consequences in the context of sexual conduct with other minors with disability, and the comparison of O.A.'s developmental, cognitive, and communication disabilities to plaintiffs'. His testimony will be based on his observations and treatment of M.S. and O.A.

**Dr. Jeffrey Nishii**, Westside Regional Center, 590 I Green Valley Circle, Suite 320, Culver City, CA 90230, (310) 258-4000

Dr. Nishii's expected testimony will include rebuttal as to M.S.'s cognitive functioning, suggestibility, behavior, mental functioning, and damages. His testimony will be based on his observations and psychological assessment performed on M.S.

**Dr. Jeffrey P. Dayton**, UCLA Santa Monica Emergency Department 1250 16TH Street, Santa Monica, CA 90404, (424)-259-8405

Dr. Dayton's expected testimony will be rebuttal as to M.S.'s allegations against O.A., M.S.'s damages, cognitive functioning, and suggestibility. His testimony will be based on his based on his observations and treatment of M.S.

**Dr. Rebecca R. Kammes**, UCLA PEERS Clinic, UCLA Semel Institute for Neuroscience and Human Behavior, 300 Medical Plaza, Los Angeles CA, 90095, (310) 267-3377

Dr. Kammes' expected testimony will include rebuttal as to M.S.'s allegations against O.A., M.S.'s damages, cognitive functioning, and suggestibility. Her testimony will be based on her observations and treatment of M.S.

**Kayee Haglund**, NP, Planned Parenthood, 1316 3rd Street Promenade, Ste 201, Santa Monica, CA 90401, (800) 576-5544

Ms. Haglund's expected testimony will include rebuttal as to M.S.'s allegations against O.A., M.S.'s damages, and suggestibility. Her testimony will be based on her observations and treatment of M.S.

**Jennifer Hernandez**, MA, Planned Parenthood, 1316 3rd Street Promenade, Ste 201, Santa Monica, CA, 90401, (800) 576-5544

Ms. Hernandez's expected testimony will include rebuttal as to M.S.'s allegations against O.A., M.S.'s damages, and suggestibility. Her testimony will be based on her observations and treatment of M.S.

**Alyson Marie Van Order**, Licensed Clinical Social Worker at the Stuart House, UCLA Santa Monica Medical Center, 1250 16th Street, Santa Monica, California 90404, (424) 259-7208

Ms. Van Order's expected testimony will include rebuttal as to M.S. and I.H.'s allegations against O.A., M.S. and I.H.'s damages, their cognitive functioning, and their suggestibility. Her testimony will be based on her observations and forensic interviews of M.S. and I.H.

**Noelle Medberry**, Vista Del Mar Family Service of Santa Monica, 1533 Euclid St., Santa Monica, CA 90404, (310) 451-9747

Dr. Medberry's expected testimony will include rebuttal as to M.S.'s allegations against O.A., M.S.'s damages, cognitive functioning, and suggestibility. Her testimony will based on her observations and treatment of M.S.

**Kimberly Duarte**, 3001 West Vernon Ave. Los Angeles, CA 90008, (323) 954-1464

Ms. Duarte's expected testimony will include rebuttal as to M.S.'s allegations against O.A., M.S.'s damages, cognitive functioning, and suggestibility. Her testimony will be based on her observations and treatment of M.S.

**Emily Tortora**, Vista Del Mar Family Service of Santa Monica, 1533 Euclid St., Santa Monica, CA 90404, (310) 451-9747

Ms. Tortora's expected testimony will include rebuttal as to I.H.'s allegations against O.A., I.H.'s damages, cognitive functioning, and suggestibility. Her testimony will based on her observations and treatment of I.H.

Plaintiffs reserve the right to call as an expert witness any witness designated by any other party to this matter. Plaintiffs further reserve the right and give notice that these witnesses disclosed as nonretained expert rebuttal witnesses will also be called as percipient fact witnesses. Plaintiffs further reserve the right to supplement this expert witness disclosure and expert witness report provided with this disclosure.

Dated: September 25, 2026

Respectfully Submitted,

ORANGE LAW OFFICES

HADSELL STORMER RENICK & DAI LLP

By: ______________________________

Olu K. Orange
Dan Stormer
Morgan Ricketts
Bina Ahmad
Kate McFarlane
Attorneys for Plaintiffs M.S. and I.H.

# PROOF OF SERVICE

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 128 N. Fair Oaks Avenue, Pasadena, California 91103.

On September 25, 2026, I served the foregoing document described as: **REBUTTAL EXPERT WITNESS DISCLOSURES** on the interested parties in this cause addressed as follows:

| | |
|---|---|
| Joshua Bordin-Wosk<br>Bryan C. Swaim<br>Jennifer L. Stone<br>BORDIN SEMMER LLP<br>101 Continental Blvd., Ste. 700<br>El Segundo, CA 90245<br>Email: jbordinwosk@bordinsemmer.com<br>bswaim@bordinsemmer.com<br>jstone@bordinsemmer.com<br>tlevin@bordinsemmer.com (paralegal) | **Attorneys for Defendants MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON and SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT** |
| Rosa K. Hirji<br>Jenny Chau<br>Alexander F. Rodriguez<br>Ariel Harman-Holmes<br>LAW OFFICES OF HIRJI & CHAU, LLP<br>5173 Overland Ave.<br>Culver City, CA 90230<br>Email: rosa@rkhlawoffice.com<br>jenny@rkhlawoffice.com<br>alex@rkhlawoffice.com<br>ariel@rkhlawoffice.com<br>travis@rkhlawoffice.com (paralegal)<br>guadalupe@rkhlawoffice.com (file clerk)<br>clerk@rkhlawoffice.com (clerk) | **Attorneys for Defendants O.A., M.A. and J.A.** |

XX **BY EMAIL**

XX My electronic business address is kmcfarlane@hadsellstormer.com and I served the above-mentioned document electronically on the parties listed at the e-mail addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

Executed on September 25, 2026, at Pasadena, California.

XX (Federal) I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Kate McFarlane
Declarant

M.S., et al. v. O.A., et al.
Case No. 2:23-cv-09957-SRM-MAR

# EXHIBIT H

## Westbrook and Willison scheduling, notices, and service

September 28-October 1, 2026

1. Travis Wester email, October 1 at 5:33:01 p.m.; chain through September 28 original notice service
2. Corrected Westbrook notice and requests for production
3. Corrected Willison notice and requests for production
4. Willison subpoena, attachment, and proof of service

## EMAIL COPY

**From:** Travis Wester <travis@rkhlawoffice.com>

**Sent (Pacific):** Thursday, October 1, 2026, 5:33:01 p.m. PDT

**Original Date header:** Thu, 01 Oct 2026 17:33:01 -0700

**To:** Kate McFarlane <KMcFarlane@hadsellstormer.com>

**Cc:** Karla Jinez <kjinez@hadsellstormer.com>, Bina Ahmad <bahmad@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Tami Galindo <tgalindo@hadsellstormer.com>, Dan Stormer <dstormer@hadsellstormer.com>, "Olu Orange (law office)" <orangelawoffices@att.net>, Isabelle Geczy <igeczy@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Bryan Swaim <BSwaim@bordinsemmer.com>, Tiffanie Levin <tlevin@bordinsemmer.com>, Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>, Jennifer Stone <JStone@bordinsemmer.com>, Rosa Hirji <rosa@rkhlawoffice.com>, Ariel Harman-Holmes <ariel@rkhlawoffice.com>, Jenny Chau <jenny@rkhlawoffice.com>, Guadalupe Ramirez-Gomez <guadalupe@rkhlawoffice.com>, Kimberly Alfaro <clerk@rkhlawoffice.com>, Alexander Rodriguez <alex@rkhlawoffice.com>

**Subject:** Re: Defendants' Deposition Notices [M.S., et al. v. Angus, et al. | 2:23-cv-09957-SRM-MAR]

**Copy scope:** Complete chain through the September 28 original notice-service message.

**Attachments:** 26.09.28 FΔ Subpoena to WILLISON w POS.pdf

Greetings counsel,

Please find the subpoena to Dr. Willsion with POS attached. His deposition will proceed.

Dr. Westbrook has been actively evading service, despite all due diligence. Therefore, her deposition will not proceed tomorrow.

Kind regards,

Travis Wester
Paralegal

*Hirji, Chau & Rodriguez, LLP*
5173 Overland Avenue
<https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>
Culver City, CA 90230
<https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>

Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: travis@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook <https://www.facebook.com/rkhlawoffice>!

STATEMENT OF CONFIDENTIALITY*: *This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Thu, Oct 1, 2026 at 3:57 PM Kate McFarlane <KMcFarlane@hadsellstormer.com> wrote:

> Hello Travis and counsel,

> Have Dr. Westbrook and Dr. Willison been properly served for their

> depositions tomorrow? If so, please send us copies of the proofs of
> service.

> Have they confirmed they are attending?

> Thank you.

> <https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>

> Best,

> *Kate McFarlane *(she/her/hers)

> Attorney

> *Hadsell Stormer Renick & Dai LLP*

> 128 N. Fair Oaks Ave.
> <https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>

> Pasadena, California 91103
> <https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>

> T (626) 585-9600

> F (626) 577-7079

> kmcfarlane@hadsellstormer.com

> [image: Updated Letterhead - Top]

> *NOTICE: *This electronic mail transmission—and any
> attachments—contains privileged and confidential information. This
> information is intended solely for use by the recipients identified in
> the "To," "Cc" and "Bcc" fields. If you are not an intended recipient,
> please note that any disclosure, copying, distribution, or use of the
> contents of this transmission is prohibited. If you have received this
> transmission in error, please immediately delete it and notify the sender.

> *From:* Travis Wester <travis@rkhlawoffice.com>
> *Sent:* Monday, September 28, 2026 5:34 PM
> *To:* Kate McFarlane <KMcFarlane@hadsellstormer.com>
> *Cc:* Karla Jinez <kjinez@hadsellstormer.com>; Bina Ahmad <
> bahmad@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>;
> Tami Galindo <tgalindo@hadsellstormer.com>; Dan Stormer <
> dstormer@hadsellstormer.com>; Olu Orange (law office) <
> orangelawoffices@att.net>; Isabelle Geczy <igeczy@hadsellstormer.com>;
> Morgan Ricketts <mricketts@hadsellstormer.com>; Santiago Villegas <
> svillegas@hadsellstormer.com>; Bryan Swaim <BSwaim@bordinsemmer.com>;
> Tiffanie Levin <tlevin@bordinsemmer.com>; Joshua Bordin-Wosk <
> JBordinWosk@bordinsemmer.com>; Jennifer Stone <JStone@bordinsemmer.com>;
> Rosa Hirji <rosa@rkhlawoffice.com>; Ariel Harman-Holmes <
> ariel@rkhlawoffice.com>; Jenny Chau <jenny@rkhlawoffice.com>; Guadalupe
> Ramirez-Gomez <guadalupe@rkhlawoffice.com>; Kimberly Alfaro <
> clerk@rkhlawoffice.com>; Alexander Rodriguez <alex@rkhlawoffice.com>
> *Subject:* Re: Defendants' Deposition Notices [M.S., et al. v. Angus, et
> al. | 2:23-cv-09957-SRM-MAR]

> *[EXTERNAL EMAIL]* DO NOT CLICK links or attachments unless you recognize
> the sender and know the content is safe.

> Greetings counsel,

> Thank you for pointing out the clerical errors contained in the previous

> drafts.

> Please find corrected versions attached.

> We understand that service on the witnesses is the obligation of
> Defendants. Please note that these documents are being served to provide
> notice to the parties.

> As to the other issues you raise, I would defer to counsel.

> Kind regards,

> <https://www.google.com/maps/search/5173+Overland+Avenue+%0D%0A+Culver+City,+CA%0D%0A+90230?entry=gmail&source=g>

> Travis Wester

> Paralegal

> *Hirji, Chau & Rodriguez, LLP*

> 5173 Overland Avenue
> <https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>

> Culver City, CA 90230
> <https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>

> Phone: (310) 391-0330

> Phone: (310) 391-0332

> Fax: (310) 943-0311

> Email: travis@rkhlawoffice.com

> Website: lawyer4children.com

> Like us on Facebook <https://www.facebook.com/rkhlawoffice>!

> STATEMENT OF CONFIDENTIALITY*: *This e-mail message contains information
> that may be confidential and privileged. Unless you are the addressee (or
> authorized to receive messages for the addressee), you may not use, copy,
> or disclose this message (or any information contained in it) to anyone. If
> you have received this message in error, please advise the sender by reply
> e-mail and delete this message.

> On Mon, Sep 28, 2026 at 5:20 PM Kate McFarlane <
> KMcFarlane@hadsellstormer.com> wrote:

> Hello Travis,

> Dr. Katz’s deposition is currently scheduled for October 2 at 10:30 AM.
> Plaintiffs served him with that subpoena on Saturday and provided your
> office with the proof of service earlier today. Both of these notices for
> deposition of Dr. Westbrook and Dr. Willison conflict with Dr. Katz’s
> previously scheduled deposition.

> Furthermore, these notices identify both Dr. Willison and Dr. Westbrook as
> Plaintiffs’ “retained experts.” They are not, and we cannot and will not
> accept service on their behalf. Further, both of the bodies of these
> notices misidentify the subpoenaing party as Plaintiffs.

> Thanks.

> Best,

> <https://www.google.com/maps/search/128%0D%0A+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,%0D%0A+California+91103?entry=gmail&source=g>

> *Kate McFarlane *(she/her/hers)

> Attorney

> *Hadsell Stormer Renick & Dai LLP*

> 128 N. Fair Oaks Ave.
> <https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>

> Pasadena, California 91103
> <https://www.google.com/maps/search/128+N.+Fair+Oaks+Ave.+%0D%0A+Pasadena,+California+91103?entry=gmail&source=g>

> T (626) 585-9600

> F (626) 577-7079

> kmcfarlane@hadsellstormer.com

> [image: Updated Letterhead - Top]

> *NOTICE: *This electronic mail transmission—and any
> attachments—contains privileged and confidential information. This
> information is intended solely for use by the recipients identified in
> the "To," "Cc" and "Bcc" fields. If you are not an intended recipient,
> please note that any disclosure, copying, distribution, or use of the
> contents of this transmission is prohibited. If you have received this
> transmission in error, please immediately delete it and notify the sender.

> *From:* Travis Wester <travis@rkhlawoffice.com>
> *Sent:* Monday, September 28, 2026 5:10 PM
> *To:* Karla Jinez <kjinez@hadsellstormer.com>; Bina Ahmad <
> bahmad@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>;
> Tami Galindo <tgalindo@hadsellstormer.com>; Dan Stormer <
> dstormer@hadsellstormer.com>; Olu Orange (law office) <
> orangelawoffices@att.net>; Isabelle Geczy <igeczy@hadsellstormer.com>;
> Kate McFarlane <KMcFarlane@hadsellstormer.com>; Morgan Ricketts <
> mricketts@hadsellstormer.com>; Santiago Villegas <
> svillegas@hadsellstormer.com>
> *Cc:* Bryan Swaim <BSwaim@bordinsemmer.com>; Tiffanie Levin <
> tlevin@bordinsemmer.com>; Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>;
> Jennifer Stone <JStone@bordinsemmer.com>; Rosa Hirji <
> rosa@rkhlawoffice.com>; Ariel Harman-Holmes <ariel@rkhlawoffice.com>;
> Jenny Chau <jenny@rkhlawoffice.com>; Guadalupe Ramirez-Gomez <
> guadalupe@rkhlawoffice.com>; Kimberly Alfaro <clerk@rkhlawoffice.com>;
> Alexander Rodriguez <alex@rkhlawoffice.com>
> *Subject:* Defendants' Deposition Notices [M.S., et al. v. Angus, et al.
> | 2:23-cv-09957-SRM-MAR]

> *[EXTERNAL EMAIL]* DO NOT CLICK links or attachments unless you recognize
> the sender and know the content is safe.

> Greetings counsel,

> Attached, please find the following documents in the above entitled matter:

> - *Family Defendants' Second Amended Notice of Taking the Deposition
> of Dr. Willison*
> - *Family Defendants' Third Amended Notice of Taking the Deposition of
> Dr. Westbrook*

> Kind regards,

> Travis Wester

> Paralegal

> <https://www.google.com/maps/search/5173%0D%0A+Overland+Avenue+%0D%0A+Culver%0D%0A+City,+CA+90230?entry=gmail&source=g>

> *Hirji, Chau & Rodriguez, LLP*

> 5173 Overland Avenue
> <https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>

> Culver City, CA 90230
> <https://maps.google.com/?q=5173+Overland+Avenue%C2%A0+Culver+City,+CA+90230&entry=gmail&source=g>

> Phone: (310) 391-0330

> Phone: (310) 391-0332

> Fax: (310) 943-0311

> Email: travis@rkhlawoffice.com

> Website: lawyer4children.com

> Like us on Facebook <https://www.facebook.com/rkhlawoffice>!

> STATEMENT OF CONFIDENTIALITY*: *This e-mail message contains information
> that may be confidential and privileged. Unless you are the addressee (or
> authorized to receive messages for the addressee), you may not use, copy,
> or disclose this message (or any information contained in it) to anyone. If
> you have received this message in error, please advise the sender by reply
> e-mail and delete this message.
> ------------------------------

> This email has been scanned for spam & viruses. If you believe this email
> should have been stopped by our filters, click here
> <https://portal.mailanyone.net/index.html#/outer/reportspam?token=dXNlcj1LTWNGYXJsYW5lQGhhZHNlbGxzdG9ybWVyLmNvbTt0cz0xNzkwNjQyMDkwO3V1aWQ9NkFCQjA3QTc5OTgyQkFENUM1QTE3RDcwQ0FGRjg5MTY7dG9rZW49ZDdlZjA3YTBmNzJmZTEzMWY1YTUxNjJmNGFlZGJmZmQyZmQ1NDMxNTs%3D>
> to report it.

Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Oliver Angus, et al.<br><br>Defendant. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**DEFENDANTS' THIRD AMENDED NOTICE OF TAKING THE DEPOSITION OF DR. ROBYN WESTBROOK**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2026<br>Trial Date: TBD<br><br>Date: October 2, 2026<br>Time: 2:30 PM<br>Address: VIA REMOTE VIDEOCONFERENCE |

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that on October 2, 2026 at 2:30 PM, Defendants O.A., M.A., and J.A. ("Family Defendants") will conduct the deposition, on oral examination, of Plaintiffs M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez ("PLAINTIFFS") non-retained expert witness DR. ROBYN WESTBROOK. The deposition will take place via Zoom, and continue day to day, Saturdays, Sundays and holidays excepted, until complete.

The deposition will be coordinated by ANGELA OLIVERA (CSR No. 7265) whose physical address is:

Olvera Court Reporting
3812 Abbott Drive
Bakersfield, California 93312
(661) 587-9040

Said deposition will be recorded stenographically by a certified shorthand reporter and may be videotaped. Furthermore, Family Defendants intend to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer.

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by ANGELA OLIVERA (CSR No. 7265) or, in the alternative, video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Pursuant to Fed. R. Civ. P. Rule 30, the deposition testimony will be taken stenographically, and under oath by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment authorized to administer an oath. Please take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the purposes of

providing the oath/affirmation to the deponent and capturing the proceeding.

We further reserve the right to utilize the following: (1) Record the deposition utilizing audio or video technology; (2) Instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to the proceeding to request and receive it in realtime; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript. Furthermore, Family Defendants intend to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer. Family Defendants reserve the right to use said videotaped deposition at the trial of the within action pursuant to Fed. R. Civ. P. Rule 32(a)(5)(A). Said deposition is to continue from day to day, excluding Sundays and holidays, until completed.

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(4), this deposition will be conducted via videoconferencing technology, and counsel for the noticing party plans to appear remotely via this technology. Counsel for the noticing party proposes a stipulation wherein the deponent need not appear at his or her deposition in person and in the presence of the deposition officer, and assumes that counsel for all parties receiving this notice agrees to said stipulation in the absence of any timely objections in this regard.

The deponent is required to have access to a computer with a webcam and a stable internet connection in order for the deposition to proceed virtually via videoconference.

Counsel for the noticing party will provide information for virtual access to the remote deposition videoconferencing portal at least two (2) days prior the deposition date. This may include the application Zoom, Skype, or similar application, or logging into the Court Reporter's website.

If an interpreter is required to translate testimony, notice must be given to this noticing party at least ten (10) business days prior to the deposition and the specific language and/or dialect must be designated.

The SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION TO DR. ROBYN WESTBROOK pursuant to Fed. R. Civ. P. Rule 45 is attached hereto.

DATED: September 28, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Rosa K. Hirji
Attorneys for Family Defendants

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

M.S., et al.,
*Plaintiff*
v.
Oliver Angus, et al.
*Defendant*

Civil Action No. 2:23-cv-09957-SRM-MAR

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: DR. ROBYN WESTBROOK

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Via VIDEOCONFERENCE | Date and Time: 10/02/2026 2:30 pm |
|---|---|

The deposition will be recorded by this method: Stenographic & Videography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/28/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants O.A., M.A., and J.A. , who issues or requests this subpoena, are:

Rosa K. Hirji (SBN 204722) / 5173 Overland Avenue, Culver City, CA 90230 / rosa@rkhlawoffice.com / (310) 391-0330

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-09957-SRM-MAR

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________________
______________________________________________
______________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________
______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**INSTRUCTIONS**

If any document requested herein is withheld under any claim of privilege, deponent is requested to provide the following:

1) The date of the document;
2) The title of the document;
3) The name of the author and addressee;
4) A brief summary of the subject matter;
5) The type of document; and
6) The factual and legal basis upon which the privilege is asserted.

Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive, as required by Fed. R. of Civ. P. Rule 45(e)(1)(A).

**DEFINITIONS**

1. The terms "WRITING" and/or "WRITINGS" and "DOCUMENT" and/or "DOCUMENTS" as used herein have the meaning ascribed "writings" by Federal Rules of Evidence, Rule 1001(a) and include, without limitation, the original (or, if the original is unavailable, a copy) of any writing, handwriting, typewriting, printing, photostat, photograph, photocopy, and every other means of communication or recording upon any tangible thing, including computer disks and/or drives, as well as pictures, sounds, symbols and combinations thereof, translated, if necessary, into reasonably usable form. These terms include, without limitation, letters, memoranda, correspondence, drawings, graphs, charts, photographs, phonographic records, compact discs, reports, investigations, written communications of any sort, contracts, agreements, handwritten notes, analyses, work papers, calendars, diaries, canceled checks, receipts, electronic mail messages, images recorded via x-ray or magnetic resonance imaging (MRI) technology, and any other writings or data compilations from which information can be obtained, including non-original copies and drafts of any of the foregoing.
2. The term "YOU," "YOUR" as used herein shall mean and refer to DR. ROBYN WESTBROOK, her agents, employees, servants, representatives, and all other persons acting on YOUR behalf.
3. The term "PLAINTIFFS" refers to Plaintiff M.S., by and through his guardian ad litem, Jessica DeVita, and I.H., by and through her guardian ad litem, Candace Hernandez, as defined above, and/or any agent, or any other person or entity acting on his behalf or on whose behalf he is acting.
4. The term "COMMUNICATION(S)" refers to any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversation, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, or seminars.

//
//

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR DOCUMENTS NO. 1:**
All reports, WRITINGS and other DOCUMENTS prepared by YOU, or by any other person at YOUR direction, in the course of preparing an opinion on this case.

**REQUEST FOR DOCUMENTS NO. 2:**
All reports, WRITINGS and other DOCUMENTS provided to YOU by PLAINTIFFS counsel to assist the deponent in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 3**:
All reports, WRITINGS and other DOCUMENTS provided to PLAINTIFFS and/or their counsel by YOU to assist the YOU in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 4:**
All reports, WRITINGS and other DOCUMENTS upon which YOU relied upon in informing an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 5:**
All reports, WRITING and other DOCUMENTS upon which YOU relied upon in forming an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 6:**
YOUR notes and writings generated in connection with this case**.**

**REQUEST FOR DOCUMENTS NO. 7:**
All reports, WRITINGS and other DOCUMENTS which memorialize the terms upon which YOU have been retained by PLAINTIFFS, either as consultant or as an expert trial witness.

**REQUEST FOR DOCUMENTS NO. 8:**
All time or billing records for the work performed or the costs incurred by YOU with respect to this case.

**REQUEST FOR DOCUMENTS NO. 9:**
All reports, writings and other documents which reflect YOUR compensation in connection to this case.

**REQUEST FOR DOCUMENTS NO. 10:**
All reports, WRITINGS and other DOCUMENTS, not otherwise produced, prepared by YOU or by any other person at YOUR direction, that reflect, refer to, or contain, any opinion of YOU in connection to this case.

**REQUEST FOR DOCUMENTS NO. 11:**
YOUR entire file concerning treatment, diagnosis, evaluation, consultation, analysis, contact with PLAINTIFFS and/or their counsel, research, investigation and evaluation of the issues concerning YOUR opinions and their bases.

**REQUEST FOR DOCUMENTS NO. 12:**
All WRITINGS or DOCUMENTS reflecting COMMUNICATIONS between PLAINTIFFS' counsel and YOU concerning this case.

**REQUEST FOR DOCUMENTS NO. 13:**
A copy of YOUR C.V. or other resume.

**REQUEST FOR DOCUMENTS NO. 14:**
A copy of any and all relevant articles upon which YOU have relied upon in formulating YOUR opinions in this case.

**REQUEST FOR DOCUMENTS NO. 15:**
A listing of any and all articles or publication authored in whole or in part by YOU.

**REQUEST FOR DOCUMENTS NO. 16:**
All assessment protocols YOU administered to PLAINTIFFS, including, but not limited to, answer sheets, print outs, score reports, and score analyses.

*M.S., et al. v. O.A., et al.*

2:23−cv−09957-SRM-MAR

**PROOF OF SERVICE**

(FRCP 5)

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF LOS ANGELES )**

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 5173 Overland Avenue, Culver City, CA 90230.

On September 28, 2026, I served the within ***DEFENDANTS' THIRD AMENDED NOTICE OF TAKING THE DEPOSITION DR. ROBYN WESTBROOK*** on the interested parties in said action by delivering, or causing to be delivered, **[X] a true and correct copy** or **[ ] the original** thereof by one or more of the means set forth below:

☐ **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by __________________.

☒ **VIA ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified below using the address(es) indicated.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: September 28, 2026

______________________________
TRAVIS WESTER

# SERVICE LIST

| | |
|---|---|
| Olu K. Orange, Esq.<br>*orangelawoffices@att.net*<br>ORANGE LAW OFFICES, P.C.<br>3435 Wilshire Blvd, No. 2910<br>Los Angeles, CA 90010 | **Attorneys for Plaintiffs M.S. and I.H.** |
| Dan Stormer, Esq.<br>*dstormer@hadsellstormer.com*<br>Morgan E. Ricketts, Esq.<br>*mricketts@hadsellstormer.com*<br>Kate McFarlane<br>*kmcfarlane@hadsellstormer.com*<br>Bina Ahmad<br>*bahmad@hadsellstormer.com*<br>HADSELL STORMER RENICK & DAI LLP<br>128 N. Fair Oaks Avenue<br>Pasadena, California 91103 | **Attorneys for Plaintiffs M.S. and I.H.** |
| Joshua Bordin-Wosk<br>*jbordinwosk@bordinsemmer.com*<br>Bryan C. Swaim<br>*bswaim@bordinsemmer.com*<br>Jennifer Stone<br>*JStone@bordinsemmer.com*<br>BORDIN SEMMER LLP<br>6100 Center Drive, Suite 1100<br>Los Angeles, CA 90045 | **Attorneys for Defendants Marae Cruce, Gregory Pitts, Antonio Shelton, and Santa Monica Malibu Unified School District** |
| Howard L. Jacobs<br>*howard.jacobs@athleteslawyer.com*<br>LAW OFFICES OF HOWARD L. JACOBS<br>31111 Agoura Rd., Suite 225<br>Westlake Village, CA 91361 | **Attorneys for Defendants Oliver Angus, Michael Angus, and Jamie Angus** |

Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.

Plaintiffs,

v.

Oliver Angus, et al.

Defendant.

CASE NO. 2:23−CV−09957-SRM-MAR
*Assigned for all purposes to the Honorable Serena R. Murillo*

**DEFENDANTS' SECOND AMENDED NOTICE OF TAKING THE DEPOSITION OF L. DAVID WILLISON, IV, MD, Ph.D.**

| | |
|---|---|
| Complaint Filed: | November 22, 2023 |
| TAC Filed: | October 21, 2024 |
| Discovery Cutoff: | September 11, 2026 |
| Pretrial Conference: | February 17, 2026 |
| Trial Date: | TBD |

| | |
|---|---|
| Date: | October 2, 2026 |
| Time: | 10:00 AM |
| Address: | VIA REMOTE VIDEOCONFERENCE |

**TO ALL INTERESTED PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

YOU ARE HEREBY NOTIFIED that on October 2, 2026 at 10:00 AM, Defendants O.A., M.A., and J.A. ("Family Defendants") will conduct the deposition, on oral examination, of Plaintiffs M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez ("PLAINTIFFS") non-retained expert witness L. DAVID WILLISON, IV, MD, Ph.D. The deposition will take place via Zoom, and continue day to day, Saturdays, Sundays and holidays excepted, until complete.

The deposition will be coordinated by ANGELA OLIVERA (CSR No. 7265) whose physical address is:

Olvera Court Reporting
3812 Abbott Drive
Bakersfield, California 93312
(661) 587-9040

Said deposition will be recorded stenographically by a certified shorthand reporter and may be videotaped. Furthermore, Family Defendants intend to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer.

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by ANGELA OLIVERA (CSR No. 7265) or, in the alternative, video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Pursuant to Fed. R. Civ. P. Rule 30, the deposition testimony will be taken stenographically, and under oath by a court reporter certified to record depositions or a digital reporter utilizing state-of-the-art digital recording equipment authorized to administer an oath. Please take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the purposes of

providing the oath/affirmation to the deponent and capturing the proceeding.

We further reserve the right to utilize the following: (1) Record the deposition utilizing audio or video technology; (2) Instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to the proceeding to request and receive it in realtime; (3) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (4) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript. Furthermore, Family Defendants intend to record the testimony by stenographic method utilizing the instant visual display of the testimony. A copy of said deposition notice shall be given to the deposition officer. Family Defendants reserve the right to use said videotaped deposition at the trial of the within action pursuant to Fed. R. Civ. P. Rule 32(a)(5)(A). Said deposition is to continue from day to day, excluding Sundays and holidays, until completed.

**PLEASE TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(4), this deposition will be conducted via videoconferencing technology, and counsel for the noticing party plans to appear remotely via this technology. Counsel for the noticing party proposes a stipulation wherein the deponent need not appear at his or her deposition in person and in the presence of the deposition officer, and assumes that counsel for all parties receiving this notice agrees to said stipulation in the absence of any timely objections in this regard.

The deponent is required to have access to a computer with a webcam and a stable internet connection in order for the deposition to proceed virtually via videoconference.

Counsel for the noticing party will provide information for virtual access to the remote deposition videoconferencing portal at least two (2) days prior the deposition date. This may include the application Zoom, Skype, or similar application, or logging into the Court Reporter's website.

If an interpreter is required to translate testimony, notice must be given to this noticing party at least ten (10) business days prior to the deposition and the specific language and/or dialect must be designated.

The SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION TO L. DAVID WILLISON, IV, MD, Ph.D. pursuant to Fed. R. Civ. P. Rule 45 is attached hereto.

DATED: September 28, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Rosa K. Hirji
Attorneys for Family Defendants

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| M.S., et al., <br> *Plaintiff* <br> v. <br> Oliver Angus, et al. <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 2:23-cv-09957-SRM-MAR |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: L. DAVID WILLISON, IV, MD, Ph.D.

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
| Via VIDEOCONFERENCE | 10/02/2026 10:00 am |

The deposition will be recorded by this method: Stenographic & Videography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/28/2026

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants O.A., M.A., and J.A. , who issues or requests this subpoena, are:

Rosa K. Hirji (SBN 204722) / 5173 Overland Avenue, Culver City, CA 90230 / rosa@rkhlawoffice.com / (310) 391-0330

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-09957-SRM-MAR

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________________
______________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________________
*Server's signature*

______________________________________________
*Printed name and title*

______________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**INSTRUCTIONS**

If any document requested herein is withheld under any claim of privilege, deponent is requested to provide the following:

1) The date of the document;
2) The title of the document;
3) The name of the author and addressee;
4) A brief summary of the subject matter;
5) The type of document; and
6) The factual and legal basis upon which the privilege is asserted.

Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive, as required by Fed. R. of Civ. P. Rule 45(e)(1)(A).

**DEFINITIONS**

1. The terms “WRITING” and/or “WRITINGS” and “DOCUMENT” and/or “DOCUMENTS” as used herein have the meaning ascribed “writings” by Federal Rules of Evidence, Rule 1001(a) and include, without limitation, the original (or, if the original is unavailable, a copy) of any writing, handwriting, typewriting, printing, photostat, photograph, photocopy, and every other means of communication or recording upon any tangible thing, including computer disks and/or drives, as well as pictures, sounds, symbols and combinations thereof, translated, if necessary, into reasonably usable form. These terms include, without limitation, letters, memoranda, correspondence, drawings, graphs, charts, photographs, phonographic records, compact discs, reports, investigations, written communications of any sort, contracts, agreements, handwritten notes, analyses, work papers, calendars, diaries, canceled checks, receipts, electronic mail messages, images recorded via x-ray or magnetic resonance imaging (MRI) technology, and any other writings or data compilations from which information can be obtained, including non-original copies and drafts of any of the foregoing.
2. The term “YOU,” “YOUR” as used herein shall mean and refer to **L.** DAVID WILLISON, IV, MD, Ph.D., his agents, employees, servants, representatives, and all other persons acting on YOUR behalf.
3. The term “PLAINTIFFS” refers to Plaintiff M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez, as defined above, and/or any agent, or any other person or entity acting on his behalf or on whose behalf he is acting.
4. The term “COMMUNICATION(S)” refers to any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversation, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, or seminars.

//
//

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR DOCUMENTS NO. 1:**
All reports, WRITINGS and other DOCUMENTS prepared by YOU, or by any other person at YOUR direction, in the course of preparing an opinion on this case.

**REQUEST FOR DOCUMENTS NO. 2:**
All reports, WRITINGS and other DOCUMENTS provided to YOU by PLAINTIFFS counsel to assist the deponent in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 3**:
All reports, WRITINGS and other DOCUMENTS provided to PLAINTIFFS and/or their counsel by YOU to assist the YOU in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 4:**
All reports, WRITINGS and other DOCUMENTS upon which YOU relied upon in informing an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 5:**
All reports, WRITING and other DOCUMENTS upon which YOU relied upon in forming an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 6:**
YOUR notes and writings generated in connection with this case**.**

**REQUEST FOR DOCUMENTS NO. 7:**
All reports, WRITINGS and other DOCUMENTS which memorialize the terms upon which YOU have been retained by PLAINTIFFS, either as consultant or as an expert trial witness.

**REQUEST FOR DOCUMENTS NO. 8:**
All time or billing records for the work performed or the costs incurred by YOU with respect to this case.

**REQUEST FOR DOCUMENTS NO. 9:**
All reports, writings and other documents which reflect YOUR compensation in connection to this case.

**REQUEST FOR DOCUMENTS NO. 10:**
All reports, WRITINGS and other DOCUMENTS, not otherwise produced, prepared by YOU or by any other person at YOUR direction, that reflect, refer to, or contain, any opinion of YOU in connection to this case.

**REQUEST FOR DOCUMENTS NO. 11:**
YOUR entire file concerning treatment, diagnosis, evaluation, consultation, analysis, contact with PLAINTIFFS and/or their counsel, research, investigation and evaluation of the issues concerning YOUR opinions and their bases.

**REQUEST FOR DOCUMENTS NO. 12:**
All WRITINGS or DOCUMENTS reflecting COMMUNICATIONS between PLAINTIFFS' counsel and YOU concerning this case.

**REQUEST FOR DOCUMENTS NO. 13:**
A copy of YOUR C.V. or other resume.

**REQUEST FOR DOCUMENTS NO. 14:**
A copy of any and all relevant articles upon which YOU have relied upon in formulating YOUR opinions in this case.

**REQUEST FOR DOCUMENTS NO. 15:**
A listing of any and all articles or publication authored in whole or in part by YOU.

**REQUEST FOR DOCUMENTS NO. 16:**
All assessment protocols YOU administered to PLAINTIFFS, including, but not limited to, answer sheets, print outs, score reports, and score analyses.

*M.S., et al. v. O.A., et al.*

2:23−cv−09957-SRM-MAR

**PROOF OF SERVICE**
(FRCP 5)

**STATE OF CALIFORNIA )**
**) ss.**
**COUNTY OF LOS ANGELES )**

I am employed in the aforesaid county; I am over the age of eighteen years and not a party to the within entitled action; my business address is: 5173 Overland Avenue, Culver City, CA 90230.

On September 28, 2026, I served the within ***DEFENDANTS' SECOND AMENDED NOTICE OF TAKING THE DEPOSITION OF L. DAVID WILLISON, IV, MD, Ph.D.*** on the interested parties in said action by delivering, or causing to be delivered, **[X] a true and correct copy** or **[ ] the original** thereof by one or more of the means set forth below:

☐ **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by __________________.

☒ **VIA ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified below using the address(es) indicated.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

DATED: September 28, 2026

______________________________
TRAVIS WESTER

# SERVICE LIST

Olu K. Orange, Esq.
*orangelawoffices@att.net*
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd, No. 2910
Los Angeles, CA 90010

**Attorneys for Plaintiffs M.S. and I.H.**

Dan Stormer, Esq.
*dstormer@hadsellstormer.com*
Morgan E. Ricketts, Esq.
*mricketts@hadsellstormer.com*
Kate McFarlane
*kmcfarlane@hadsellstormer.com*
Bina Ahmad
*bahmad@hadsellstormer.com*
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103

**Attorneys for Plaintiffs M.S. and I.H.**

Joshua Bordin-Wosk
*jbordinwosk@bordinsemmer.com*
Bryan C. Swaim
*bswaim@bordinsemmer.com*
Jennifer Stone
*JStone@bordinsemmer.com*
BORDIN SEMMER LLP
6100 Center Drive, Suite 1100
Los Angeles, CA 90045

**Attorneys for Defendants Marae Cruce, Gregory Pitts, Antonio Shelton, and Santa Monica Malibu Unified School District**

Howard L. Jacobs
*howard.jacobs@athleteslawyer.com*
LAW OFFICES OF HOWARD L. JACOBS
31111 Agoura Rd., Suite 225
Westlake Village, CA 91361

**Attorneys for Defendants Oliver Angus, Michael Angus, and Jamie Angus**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

M.S., et al.,
*Plaintiff*
v.
Oliver Angus, et al.
*Defendant*

Civil Action No. 2:23-cv-09957-SRM-MAR

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: L. DAVID WILLISON, IV, MD, Ph.D.

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Via VIDEOCONFERENCE | Date and Time: 10/02/2026 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic & Videography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/28/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants O.A., M.A., and J.A., who issues or requests this subpoena, are:

Rosa K. Hirji (SBN 204722) / 5173 Overland Avenue, Culver City, CA 90230 / rosa@rkhlawoffice.com / (310) 391-0330

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:23-cv-09957-SRM-MAR

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* L. DAVID WILLISON, IV, MD, Ph.D.
on *(date)* September 28, 2026 .

☒ I served the subpoena by delivering a copy to the named individual as follows: L. DAVID WILLISON, IV, MD, Ph.D.
c/o Michael M. Karsaz, Esq. // Murchison & Cumming LLP // 18201 Von Karman Ave., Suite 950, Irvine, CA 92612
via EMAIL to mkarsaz@murchisonlaw.com on *(date)* 9/28/2026 ; or

❐ I returned the subpoena unexecuted because: ______________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ 0 for travel and $ 0 for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: September 28, 2026

[signature]
*Server's signature*

Travis Wester, Paralegal, Hirji, Chau & Rodriguez, LLP
*Printed name and title*

5173 Overland Ave, Culver City, CA 90230 // travis@rkhlawoffice.com
*Server's address*

Additional information regarding attempted service, etc.:

Service effectuated via electronic correspondence per prior agreement of counsel.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

**INSTRUCTIONS**

If any document requested herein is withheld under any claim of privilege, deponent is requested to provide the following:

1) The date of the document;
2) The title of the document;
3) The name of the author and addressee;
4) A brief summary of the subject matter;
5) The type of document; and
6) The factual and legal basis upon which the privilege is asserted.

Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive, as required by Fed. R. of Civ. P. Rule 45(e)(1)(A).

**DEFINITIONS**

1. The terms "WRITING" and/or "WRITINGS" and "DOCUMENT" and/or "DOCUMENTS" as used herein have the meaning ascribed "writings" by Federal Rules of Evidence, Rule 1001(a) and include, without limitation, the original (or, if the original is unavailable, a copy) of any writing, handwriting, typewriting, printing, photostat, photograph, photocopy, and every other means of communication or recording upon any tangible thing, including computer disks and/or drives, as well as pictures, sounds, symbols and combinations thereof, translated, if necessary, into reasonably usable form. These terms include, without limitation, letters, memoranda, correspondence, drawings, graphs, charts, photographs, phonographic records, compact discs, reports, investigations, written communications of any sort, contracts, agreements, handwritten notes, analyses, work papers, calendars, diaries, canceled checks, receipts, electronic mail messages, images recorded via x-ray or magnetic resonance imaging (MRI) technology, and any other writings or data compilations from which information can be obtained, including non-original copies and drafts of any of the foregoing.
2. The term "YOU," "YOUR" as used herein shall mean and refer to **L.** DAVID WILLISON, IV, MD, Ph.D., his agents, employees, servants, representatives, and all other persons acting on YOUR behalf.
3. The term "PLAINTIFFS" refers to Plaintiff M.S., by and through his guardian ad litem, Jessica DeVita**,** and I.H., by and through her guardian ad litem, Candace Hernandez, as defined above, and/or any agent, or any other person or entity acting on his behalf or on whose behalf he is acting.
4. The term "COMMUNICATION(S)" refers to any oral, written or electronic transmission of information, including but not limited to meetings, discussions, conversation, telephone calls, telegrams, memoranda, letters, telecopies, telexes, conferences, messages, notes, or seminars.

//
//

## REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR DOCUMENTS NO. 1:**
All reports, WRITINGS and other DOCUMENTS prepared by YOU, or by any other person at YOUR direction, in the course of preparing an opinion on this case.

**REQUEST FOR DOCUMENTS NO. 2:**
All reports, WRITINGS and other DOCUMENTS provided to YOU by PLAINTIFFS counsel to assist the deponent in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 3**:
All reports, WRITINGS and other DOCUMENTS provided to PLAINTIFFS and/or their counsel by YOU to assist the YOU in preparing an opinion in this case.

**REQUEST FOR DOCUMENTS NO. 4:**
All reports, WRITINGS and other DOCUMENTS upon which YOU relied upon in informing an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 5:**
All reports, WRITING and other DOCUMENTS upon which YOU relied upon in forming an opinion in connection with this case.

**REQUEST FOR DOCUMENTS NO. 6:**
YOUR notes and writings generated in connection with this case**.**

**REQUEST FOR DOCUMENTS NO. 7:**
All reports, WRITINGS and other DOCUMENTS which memorialize the terms upon which YOU have been retained by PLAINTIFFS, either as consultant or as an expert trial witness.

**REQUEST FOR DOCUMENTS NO. 8:**
All time or billing records for the work performed or the costs incurred by YOU with respect to this case.

**REQUEST FOR DOCUMENTS NO. 9:**
All reports, writings and other documents which reflect YOUR compensation in connection to this case.

**REQUEST FOR DOCUMENTS NO. 10:**
All reports, WRITINGS and other DOCUMENTS, not otherwise produced, prepared by YOU or by any other person at YOUR direction, that reflect, refer to, or contain, any opinion of YOU in connection to this case.

**REQUEST FOR DOCUMENTS NO. 11:**
YOUR entire file concerning treatment, diagnosis, evaluation, consultation, analysis, contact with PLAINTIFFS and/or their counsel, research, investigation and evaluation of the issues concerning YOUR opinions and their bases.

**REQUEST FOR DOCUMENTS NO. 12:**
All WRITINGS or DOCUMENTS reflecting COMMUNICATIONS between PLAINTIFFS' counsel and YOU concerning this case.

**REQUEST FOR DOCUMENTS NO. 13:**
A copy of YOUR C.V. or other resume.

**REQUEST FOR DOCUMENTS NO. 14:**
A copy of any and all relevant articles upon which YOU have relied upon in formulating YOUR opinions in this case.

**REQUEST FOR DOCUMENTS NO. 15:**
A listing of any and all articles or publication authored in whole or in part by YOU.

**REQUEST FOR DOCUMENTS NO. 16:**
All assessment protocols YOU administered to PLAINTIFFS, including, but not limited to, answer sheets, print outs, score reports, and score analyses.

M.S., et al. v. O.A., et al.
Case No. 2:23-cv-09957-SRM-MAR

# EXHIBIT I

## October 2 expert scheduling, renewed conference requests, and notice of contemplated motions

October 2, 2026

1. Olu Orange email, October 2 at 3:55 p.m.; chain through his October 2, 2:30 p.m. availability message

2. Travis Wester email, October 2 at 3:45 p.m.; includes Olu Orange's 3:32 p.m. inquiry and Jennifer Stone's 3:27 p.m. availability

3. Olu Orange email, October 2 at 3:57 p.m.; complete top message updating Hernandez's availability

Selected October 2 portions are reproduced. Earlier quoted correspondence is omitted; the excerpt boundaries are identified above.

Gmail

**Ariel Harman-Holmes <ariel@rkhlawoffice.com>**

---

# Re: DEPO DATES -- Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

1 message

---

**Olu Orange** <oluorange@att.net> Fri, Oct 2, 2026 at 3:55 PM
Reply-To: Olu Orange <oluorange@att.net>
To: Ariel Harman-Holmes <ariel@rkhlawoffice.com>
Cc: Tami Galindo <tgalindo@hadsellstormer.com>, Alexander Rodriguez <alex@rkhlawoffice.com>, "travis@rkhlawoffice.com" <travis@rkhlawoffice.com>, Kate McFarlane <kmcfarlane@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>, "bswaim@bordinsemmer.com" <bswaim@bordinsemmer.com>, "jstone@bordinsemmer.com" <jstone@bordinsemmer.com>, "ewoodard@bordinsemmer.com" <ewoodard@bordinsemmer.com>, "rosa@rkhlawoffice.com" <rosa@rkhlawoffice.com>, "guadalupe@rkhlawoffice.com" <guadalupe@rkhlawoffice.com>, Dan Stormer <dstormer@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Isabelle Geczy <igeczy@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Karla Jinez <kjinez@hadsellstormer.com>

Hi Ariel,

Sorry. I have previously scheduled matters to attend to this afternoon. I can't get on a call.

Are you saying that you want to allow all experts to produce their requested materials after their depositions? I still think I'm lost a bit on this. If so, would they be able to be re-deposed? I'm unclear. Or, is this about something else?

Olu

Sent from AT&T Yahoo Mail on Android

On Fri, Oct 2, 2026 at 3:47 PM, Ariel Harman-Holmes
<ariel@rkhlawoffice.com> wrote:

> Olu,
>
> The immediate issue is that expert discovery closes today, but all the dates you offered are after the cutoff. We will notice selected dates today and take the depositions to avoid further prejudice. That does not resolve the remaining issues.
>
> We need to address production before the depositions, including Murphy's testing protocols, answer sheets, printouts, score reports, and analyses. For Jajko and Hernandez, we need to clarify whether there are additional nonprotected review notes or supporting materials that have not been produced. If those materials have already been provided, please identify where; otherwise, please tell us what will be provided and when, and what is being withheld.
>
> We are asking whether Plaintiffs will stipulate to a court order allowing the remaining expert disputes to be heard after the cutoff and giving our experts time after production and the depositions to address what we learn. Both sides can preserve their positions on exclusion, the adequacy of the disclosures, prejudice, and expenses. Taking the depositions does not mean we agree that the delay has been cured.
>
> You do not need to agree with our substantive objections to agree on a procedure for resolving them. That is what we need to discuss before filing today.
>
> Can you join a brief videoconference this afternoon? Please give me a time and I'll send a link.
>
> Best,
> Ariel
>
> On Fri, Oct 2, 2026 at 3:23 PM Olu Orange <oluorange@att.net> wrote:
>
>> Hi Ariel,
>>
>> I am thoroughly confused. Can you please explain, or possibly simplify? I would like to be helpful. But, I truly don't

understand all this.

Thanks,
Olu

Sent from AT&T Yahoo Mail on Android

On Fri, Oct 2, 2026 at 3:14 PM, Ariel Harman-Holmes
<ariel@rkhlawoffice.com> wrote:

Counsel,

We will serve deposition notices today for selected dates offered in Olu's 2:30 p.m. email, after coordinating counsel's availability. Please confirm that Plaintiffs will hold the selected dates and produce the experts if the Court authorizes the depositions. Our efforts to secure those dates preserve our objections to Plaintiffs' expert disclosures and testimony, and to the prejudice and expenses caused by the delayed discovery.

We intend to file our noticed motion and related ex parte application before Judge Murillo today, Friday, October 2. I am renewing our request for a videoconference today, before filing, concerning that relief and the contemplated motion before Magistrate Judge Rocconi. Please respond immediately with your available times this afternoon. We will make every effort to accommodate them.

We requested coordinated scheduling on September 21, following the September 18 expert disclosures, and proposed dates and served notices beginning September 22. On September 23, Plaintiffs advised that their retained experts were unavailable within the discovery window. Murphy's September 24, Jajko's September 28, and Jaime Hernandez's October 1 depositions resulted in recorded nonappearances. Plaintiffs have provided no deposition dates within the Court's schedule.

We raised these issues on September 24 and followed up in detail on September 29, requesting your positions on the disputed matters and a videoconference September 30 or October 1. We offered to accommodate a conference around the parties' deposition commitments. Olu's September 30 response promised updated availability but did not address the conference request, outstanding materials, disclosure objections, or requested court relief. Today's email provides post-cutoff dates, including November dates for Jajko, but leaves those other issues unresolved.

The Court allowed two weeks for expert discovery and only one week after rebuttal disclosures. Even a discovery motion filed immediately after Plaintiffs' September 23 statements of unavailability could not have been heard before October 2 on ordinary twenty-one-day notice. During this period, we continued pursuing the outstanding discovery and preparing and producing our own experts for examination. Plaintiffs' September 25 nonretained rebuttal disclosures also required us to address newly designated opinions and the adequacy of their supporting disclosures.

Before Judge Murillo, we will seek an order permitting the identified expert disputes to be presented and heard after October 2. If the challenged testimony is permitted, we will seek express authorization for the necessary depositions, production, and responsive expert analysis and disclosures, with appropriate deadlines for challenges that depend on that work. We will also address the limited accommodation requested for Dr. Tau.

The ex parte application will request an expedited hearing on the noticed motion, proposed for October 14 at 1:30 p.m. or the Court's earliest available date, and interim relief from the October 2 heard-before-cutoff requirement while that motion is pending. We will request the necessary relief from ordinary conference and notice requirements based on the shortened schedule, our efforts to resolve the disputes, and the actual conference record.

Before Magistrate Judge Rocconi, exclusion or limitation remains our primary requested remedy. The grounds include deficient expert disclosures, inadequate summaries of nonretained experts' opinions and supporting facts, opinions exceeding proper rebuttal, Plaintiffs' failure to make their retained experts available for timely examination, and the resulting prejudice.

If the challenged testimony is permitted, we will alternatively seek enforceable deposition and production orders, including appropriate access to Murphy's testing materials, any necessary additional or repeat deposition leave, and conditions allowing meaningful responsive expert work. We will also address appropriate expenses caused by the discovery failures.

Please advise whether Plaintiffs will stipulate today to a court order permitting the identified motions to be presented and heard after the cutoff and, if the testimony is permitted, authorizing discovery on firm dates, complete production or protected access at least two business days before examination, and responsive expert work within fourteen days after the later of complete relevant production or the last relevant deposition. Any scheduling stipulation can preserve both sides' positions on exclusion, prejudice, and expenses. Please also identify any challenged testimony Plaintiffs will withdraw or limit and any outstanding materials they will produce.

Please state whether you oppose today's ex parte application and which relief you oppose. We need to discuss these issues and possible resolution during today's videoconference.

We will promptly serve the filed papers. Under Judge Murillo's posted procedures, opposition to the ex parte application is due at the later of twenty-four hours after service or 3:00 p.m. on the next court day, unless the Court orders otherwise. We will confirm the deadline upon service.

Best,
Ariel

On Fri, Oct 2, 2026 at 2:30 PM [ ORANGE ] <oluorange@att.net> wrote:

Hi Ariel,

This is what I have so far from our people as far as availability. You were right, it did change a little.

Dr. Jajko: November 6th or 12th via Zoom

Dr. Murphy: October 29th at 12:30 pm *or* November 5th at 12:30 pm

Dr. Hernandez: October 19th, 21st or 23rd via Zoom

Please confer with necessary folks on your end. Then, please let me know what dates you'd like. If availability changes again before you contact me -- or has changed by the time you contact me, I'll let you know. Same for you Jen Stone -- please let me know, and I'll do the same.

Thanks so much! Have a great weekend everybody!

-Olu

Gmail

**Ariel Harman-Holmes <ariel@rkhlawoffice.com>**

---

## Re: DEPO DATES -- Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR (3600.118)

1 message

---

**Travis Wester** <travis@rkhlawoffice.com> Fri, Oct 2, 2026 at 3:45 PM
To: Olu Orange <oluorange@att.net>
Cc: JStone@bordinsemmer.com, "ariel@rkhlawoffice.com" <ariel@rkhlawoffice.com>, Tami Galindo <tgalindo@hadsellstormer.com>, Alexander Rodriguez <alex@rkhlawoffice.com>, Kate McFarlane <kmcfarlane@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>, Bryan Swaim <BSwaim@bordinsemmer.com>, Erin Woodard <EWoodard@bordinsemmer.com>, "rosa@rkhlawoffice.com" <rosa@rkhlawoffice.com>, "guadalupe@rkhlawoffice.com" <guadalupe@rkhlawoffice.com>, Dan Stormer <dstormer@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Isabelle Geczy <igeczy@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Karla Jinez <kjinez@hadsellstormer.com>

Greetings counsel,

Family Defendants will serve amended deposition notices for the foregoing dates (Dr. Hernandez will be on October 19th).

Kind regards,

Travis Wester
Paralegal

**Hirji, Chau & Rodriguez, LLP**
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: travis@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook!

STATEMENT OF CONFIDENTIALITY*:* This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Fri, Oct 2, 2026 at 3:32 PM Olu Orange <oluorange@att.net> wrote:

> Hi Ariel,
>
> Do these dates (from Jennifer) work for you too?
>
> Thanks!
> Olu
>
> Sent from AT&T Yahoo Mail on Android
>
> On Fri, Oct 2, 2026 at 3:27 PM, Jennifer Stone
> <JStone@BordinSemmer.com> wrote:

Hi Counsel,

Here is our availability:

Dr. Hernandez: October 19th or 21st

Dr. Murphy: November 5th

Dr. Jajko: November 12th

Thank you.

JENNIFER STONE

*Attorney*

101 Continental Blvd., Suite 700
El Segundo, California 90245
jstone@bordinsemmer.com
TEL 323.457.2110
FAX 323.457.2120
Los Angeles | San Diego | Bay Area

BORDIN | SEMMER
TRIAL COUNSEL

**STRICTLY CONFIDENTIAL/SUBJECT TO ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT**

Confidentiality Note: This e-mail (and any attachments hereto) is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information contained herein by anyone other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify us immediately (telephone (323) 457-2110 (U.S.A.) or e-mail jstone@bordinsemmer.com and destroy the original message and all copies. Thank you.

Gmail

**Ariel Harman-Holmes <ariel@rkhlawoffice.com>**

---

## RE: DEPO DATES -- Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR (3600.118)

1 message

---

**Olu Orange** <oluorange@att.net> Fri, Oct 2, 2026 at 3:57 PM
Reply-To: Olu Orange <oluorange@att.net>
To: JStone@bordinsemmer.com, "ariel@rkhlawoffice.com" <ariel@rkhlawoffice.com>, Tami Galindo <tgalindo@hadsellstormer.com>
Cc: Alexander Rodriguez <alex@rkhlawoffice.com>, "travis@rkhlawoffice.com" <travis@rkhlawoffice.com>, Kate McFarlane <kmcfarlane@hadsellstormer.com>, Juan Aviles <javiles@hadsellstormer.com>, Joshua Bordin-Wosk <JBordinWosk@bordinsemmer.com>, Bryan Swaim <BSwaim@bordinsemmer.com>, Erin Woodard <EWoodard@bordinsemmer.com>, "rosa@rkhlawoffice.com" <rosa@rkhlawoffice.com>, "guadalupe@rkhlawoffice.com" <guadalupe@rkhlawoffice.com>, Dan Stormer <dstormer@hadsellstormer.com>, Morgan Ricketts <mricketts@hadsellstormer.com>, Isabelle Geczy <igeczy@hadsellstormer.com>, Santiago Villegas <svillegas@hadsellstormer.com>, Karla Jinez <kjinez@hadsellstormer.com>

Hi Jennifer & Ariel,

Dr. Hernandez is now only available on Oct 21st. I just heard from him again.

Thanks,
Olu

Sent from AT&T Yahoo Mail on Android