Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiffs,<br><br>v.<br><br>O.A., et al.<br><br>Defendants. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**FAMILY DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON THEIR SCHEDULING MOTION AND FOR LIMITED INTERIM RELIEF**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2027<br>Trial Date: TBD |

//

//

//

//

//

Defendants O.A., M.A., and J.A. ("Family Defendants") submit this reply to Plaintiffs' opposition at Dkt. 440 and request consideration of the accompanying Supplemental Declaration of Ariel S. Harman-Holmes. The declaration provides additional facts concerning counsel's diligence, the preparation and overnight filing of the motions, and the circumstances underlying Plaintiffs' criticism of counsel's correspondence. It also corrects the application's statement concerning the filing date.

Plaintiffs do not oppose advancing the hearing in principle. Their proposed order would advance the hearing on Dkt. 437 to October 14, but it would leave unresolved the October 2 discovery cutoff and the requirement that discovery motions be heard before that cutoff. Those restrictions are the reason Family Defendants requested interim scheduling relief. Advancing the hearing without addressing them would leave the parties' ability to obtain adjudication of the outstanding discovery disputes uncertain while the scheduling motion remains pending.

Plaintiffs suggest that both sides were too ambitious in estimating the time needed to complete expert discovery. The Court's schedule, however, set September 18 for initial expert disclosures, September 25 for rebuttal disclosures, and October 2 for completion of expert discovery. Dkt. 414, p. 22. Within that period, Family Defendants pursued Plaintiffs' retained-expert depositions and supporting materials, evaluated the newly designated nonretained opinions, and prepared and produced their own experts. Plaintiffs examined Gottlieb and Katz but did not produce Murphy, Jajko, or Jaime Hernandez for examination within the scheduled period. Harman-Holmes Supp. Decl. ¶¶ 3, 7–8, 15. The record does not support treating those failures as a shared miscalculation.

Rule 16(b)(4) permits modification of the schedule for good cause. The inquiry principally considers the requesting party's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). For ex parte relief, the Court

also considers whether ordinary motion procedures would cause irreparable prejudice and whether the applicant was without fault in creating the need for expedited relief or whether the circumstances resulted from excusable neglect. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492–493 (C.D. Cal. 1995); Standing Order § X(A).

The supplemental declaration addresses diligence in obtaining discovery and preparing the necessary court requests. The litigation team began discussing expert preparation and deposition strategy before the initial disclosure deadline and continued throughout the discovery period. The team worked through the September 26–27 weekend to evaluate the nonretained disclosures, the outstanding examinations and materials, and the available procedural remedies. Counsel then sent the September 29 meet-and-confer letter and requested a videoconference on September 30 or October 1. Plaintiffs' September 30 response promised updated availability but supplied neither dates nor a conference arrangement. Harman-Holmes Supp. Decl. ¶¶ 2, 5–6.

The work continued as the remaining examinations and scheduling problems developed. On the cutoff morning, counsel prepared for and took Willison's nonappearance and immediately afterward defended Katz's deposition. Counsel also continued preparing the motions and renewed the conference request. Plaintiffs supplied updated retained-expert dates at approximately 2:30 p.m., all after the cutoff, and changed Hernandez's availability again that afternoon. Family Defendants coordinated availability, accepted dates, served notices, and revised the papers to reflect those developments. Id. ¶¶ 7, 9, 11–12.

Counsel and the firm's sole paralegal worked simultaneously on the Murillo and Rocconi papers until almost 2:00 a.m. The scheduling motion and ex parte application before this Court completed filing at 1:13 a.m. and 1:27 a.m. on October 3. The supplemental declaration corrects the statement on page 9 of Dkt. 438 that Family Defendants presented the requests on October 2. Id. ¶¶ 12–14.

Family Defendants ask the Court to consider that brief overnight delay in the context of the documented discovery efforts and continuing work to complete the filings, find the delay excusable, and grant the requested scheduling relief.

The ordinary twenty-eight-day notice period under Local Rule 6-1 exceeded the entire expert-discovery window. That circumstance did not eliminate the need to pursue expedited relief diligently. It does explain why ordinary motion procedures could not resolve disputes arising from the September 18 and September 25 disclosures before October 2. The declarations and correspondence document the intervening work: pursuing examinations and materials, analyzing the disclosures, seeking a conference, researching relief, and preparing the papers. Family Defendants also maintain their request for an exception to the applicable District Court prefiling conference requirements. The September 29 request and renewed October 2 request did not result in a live conference before filing. Harman-Holmes Supp. Decl. ¶¶ 5–6, 9.

The threatened prejudice concerns both access to discovery and the ability to use it meaningfully. Dkt. 143 requires discovery motions to be heard before the cutoff. Without a specific scheduling exception, that requirement could foreclose consideration of the outstanding discovery requests before the Court decides Dkt. 437. The accepted depositions also require preparation using discoverable supporting materials and an opportunity for Family Defendants' experts to evaluate and respond to the resulting information. Accepting later dates mitigates the prejudice; it does not establish that the disclosure failures were harmless or eliminate the need for responsive expert work.

The application requested limited interim relief in addition to an earlier hearing. Dkt. 438, pp. 2–3. That relief directly concerns the subject of the scheduling motion. It would allow the identified disputes to proceed through the appropriate judicial procedures and address the examinations Plaintiffs offered after the cutoff. Magistrate Judge Rocconi would retain authority over the procedures and merits of

the referred discovery requests, including disputed production, protective arrangements, and any necessary additional or repeat deposition leave.

If the Court elects to reserve the detailed discovery conditions for the expedited hearing, Family Defendants request, at minimum, an interim order modifying the October 2 cutoff and the requirement that the identified discovery motions be heard before it. That order should permit presentation and hearing of the identified expert disputes after October 2, including the proceedings concerning Dkt. 436, subject to the assigned judge's procedures and any granted exceptions. Family Defendants maintain the remaining requests in Dkts. 437 and 438 for the Court's determination. The parties can brief their substantive positions without treating the expired hearing requirement as a bar to consideration.

Plaintiffs' separate accusation concerning preparation of the papers rests on speculation about their style. The opposition identifies no particular citation, passage, or evidence supporting that accusation. Counsel's supplemental declaration explains the sustained workload, limited sleep, and immediate pressure under which the correspondence occurred, including Mr. Orange's request for clarification and counsel's response. Harman-Holmes Supp. Decl. ¶ 10. Criticism of an email's length does not resolve the discovery failures or justify the requested categorical directive concerning preparation of future papers. The Court should decide the application on the factual record, the governing standards, and the relief needed to address the unfinished discovery.

Finally, the shortened briefing schedule must permit briefing to conclude before the hearing. Plaintiffs' proposed order allows an opposition within three court days after entry and a reply within two court days after the opposition is filed. Dkt. 440-1. Because October 12 is a court holiday, an order entered October 7 would allow an opposition on October 13 and a reply on October 15, after the proposed October 14 hearing. Family Defendants therefore request fixed briefing deadlines that accommodate the hearing, or the earliest available hearing date following

completion of the ordered briefing.

Family Defendants request that the Court consider the supplemental declaration, grant the application at Dkt. 438, and establish an expedited hearing and workable briefing schedule for Dkt. 437. At minimum, the Court should grant the interim scheduling exception described above and the necessary exception to the District Court prefiling conference requirements, while reserving the remaining discovery conditions for determination on the expedited motion.

DATED: October 7, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

/s/ Ariel Harman-Holmes

Ariel S. Harman-Holmes
Attorneys for Defendants
O.A., M.A., and J.A.