Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.

Plaintiffs,

v.

O.A., et al.

Defendants.

CASE NO. 2:23−CV−09957-SRM-MAR
*Assigned for all purposes to the Honorable Serena R. Murillo*

**SUPPLEMENTAL DECLARATION OF ARIEL S. HARMAN-HOLMES IN SUPPORT OF FAMILY DEFENDANTS' EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON THEIR SCHEDULING MOTION AND FOR LIMITED INTERIM RELIEF**

| | |
|---|---|
| Complaint Filed: | November 22, 2023 |
| TAC Filed: | October 21, 2024 |
| Discovery Cutoff: | September 11, 2026 |
| Pretrial Conference: | February 17, 2027 |
| Trial Date: | TBD |

//

//

//

//

//

**SUPPLEMENTAL DECLARATION OF ARIEL S. HARMAN-HOLMES**

I, Ariel S. Harman-Holmes, declare:

1. I am an attorney with Hirji, Chau & Rodriguez LLP, counsel for Defendants O.A., M.A., and J.A. I have personal knowledge of the facts stated below and could testify competently to them. I submit this declaration to supplement my declarations supporting Dkts. 437 and 438 and to explain our work before the expert-discovery cutoff and the overnight filing sequence. All times stated below are Pacific Daylight Time.
2. Our litigation team began meeting and discussing expert preparation and deposition strategy before the September 18 initial expert-disclosure deadline. Those discussions continued throughout the expert-discovery period, through both scheduled meetings and frequent informal conversations. As we received reports and disclosures and encountered scheduling and production problems, we evaluated their effect on our examinations, our experts' ability to respond, and the relief we would need from the Court.
3. During the two-week expert-discovery period, our firm's five attorneys worked to coordinate and prepare for approximately twenty-five depositions in this action and the related state action. We reviewed documents and reports, prepared witnesses and examinations, attended depositions, addressed discovery objections, and repeatedly adjusted schedules. We also prepared our own experts and made them available for examination. We postponed work in other cases to devote substantial resources to these obligations.
4. During the expert-discovery period and the preparation and filing of these papers, I devoted more than ninety hours to this federal action alone while continuing to handle my responsibilities across my entire caseload, including the related state action. While completing the deposition work, I was also

working to file two motions. The motion before Judge Murillo sought relief from the expert-discovery cutoff and the requirement that discovery motions be heard before that cutoff, so that the outstanding expert disputes, delayed examinations, and necessary responsive expert work could proceed. The motion before Magistrate Judge Rocconi sought sanctions, principally exclusion or limitation of Plaintiffs' challenged expert testimony and appropriate expenses, with alternative discovery relief if the testimony were permitted. I also prepared the related ex parte application asking Judge Murillo to expedite the scheduling motion's hearing and grant interim relief.

5. Through the weekend of September 26–27, our team reviewed the newly served nonretained-expert disclosures, evaluated whether they identified the witnesses' opinions and supporting facts, and compared the purported rebuttal opinions with the subjects addressed in the initial reports. We examined the deposition scheduling history and outstanding requests for expert materials, assessed the resulting gaps in our preparation, and researched disclosure requirements, deposition leave, and procedures for expedited relief.

6. On September 29, I sent the detailed meet-and-confer letter addressing the uncompleted retained-expert depositions, supporting materials, deficiencies in the nonretained-expert disclosures, exclusion and expenses, and conditions for discovery after the cutoff. I requested a videoconference on September 30 or October 1 and offered to accommodate counsel's deposition commitments. Mr. Orange responded on September 30 that he would check for changed expert availability and provide new dates. His response did not supply those dates or arrange the requested conference.

7. On Friday morning, October 2, I prepared for and took the nonappearance of Plaintiffs' designated nonretained rebuttal expert Dr. Willison. Immediately afterward, I defended the deposition of our retained expert Dr. Katz. Despite

those consecutive obligations, I continued working to complete the motions, declarations, proposed orders, and exhibits that day and into the evening.

8. Travis Wester is our firm's only paralegal. We rely on him to format and assemble our papers for electronic filing, check signatures and attachments, and ensure that the submissions satisfy the Court's technical filing requirements. During the same period, he was also preparing a large volume of discovery responses in the related state action and preparing notices and subpoenas for Plaintiffs' expert witnesses. As the cutoff approached, our team was still attempting to secure expert examinations that should have occurred within the Court's schedule. Plaintiffs had not produced Murphy, Jajko, or Jaime Hernandez for their noticed depositions, although Plaintiffs completed examinations of our experts Gottlieb and Katz.

9. At approximately 2:30 p.m. on October 2, Mr. Orange supplied updated retained-expert availability, with dates extending into November. We coordinated counsel's availability and accepted dates that afternoon. At 3:55 p.m., Mr. Orange stated that previously scheduled matters prevented him from joining a call that afternoon and did not propose another conference time in that response. At 3:57 p.m., he advised that Jaime Hernandez was available only on October 21, replacing the October 19 date we had initially accepted. I continued revising the papers to reflect those developments. I also renewed our request for a videoconference.

10. In his 3:23 p.m. email that afternoon, Mr. Orange said he was "thoroughly confused" and asked me to simplify my explanation. I responded by explaining that we would take the offered depositions while seeking an order addressing production, responsive expert work, and adjudication of the outstanding disputes after the cutoff. Plaintiffs' opposition at Dkt. 440 subsequently criticized the length and clarity of my emails and speculated about how our papers were prepared. By that afternoon, I was exhausted

after repeated long workdays and limited sleep. That fatigue may have made my correspondence longer and less focused than usual as I attempted to explain several related procedural issues under immediate time pressure.

11. We served deposition notices on October 2. We have continued working to amend the notices as necessary to secure the examinations. We intend to take the depositions to obtain the information needed for our defense while maintaining the objections and requests for relief identified in our papers.

12. At 6:16 p.m. on October 2, I sent the drafts to Mr. Wester for preparation and filing. I continued revising and finalizing the scheduling motion and related ex parte application before Judge Murillo while he worked on revising and finalizing the sanctions motion before Magistrate Judge Rocconi and preparing the documents for submission. At approximately 10:15 p.m., he told me that we would not have all the papers ready for filing by midnight. We continued working simultaneously, coordinating revisions and completing the submissions, until almost 2:00 a.m. on October 3.

13. I have reviewed the Court's Notices of Electronic Filing. The notice for Dkt. 436 states that the transaction entered on October 3 at 12:08 a.m. and that the document filed on October 2. The notices for Dkts. 437 and 438 state that those documents filed on October 3, with transaction times of 1:13 a.m. and 1:27 a.m., respectively.

14. Page 9 of Dkt. 438 states, "Family Defendants present the current requests on October 2." That sentence reflected our plan to file the papers on October 2. It is incorrect as to the scheduling motion at Dkt. 437 and the application to shorten time at Dkt. 438. We completed those filings after midnight on October 3, at the times stated in paragraph 13.

15. Our work to obtain the expert depositions and resolve the outstanding expert issues began before the cutoff and has continued after filing. We pursued deposition dates, served notices, requested supporting materials, appeared

for the scheduled examinations, prepared and produced our own experts, and repeatedly requested a conference to resolve the disputes. Despite those efforts, Plaintiffs did not produce Murphy, Jajko, or Jaime Hernandez for examination during the Court's expert-discovery period. We must now continue preparing for and completing the delayed examinations, obtaining the necessary supporting materials, and securing an opportunity for our experts to respond. That work must continue beyond the cutoff because Plaintiffs did not produce their retained experts within the schedule we worked diligently to meet.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2026, at North Hills, CA.

Ariel S. Harman-Holmes