Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. #101967]
Morgan E. Ricketts, Esq. [S.B. #268892]
Bina Ahmad, Esq. [SB. #329387]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. # 349594]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
bahmad@hadsellstormer.com / kmcfarlane@hadsellstormer.com
igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,

Plaintiffs,

v.

O.A., M.A., J.A., MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,

Defendants.

Case No.: 2:23-CV-09957-SRM-MAR

[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REOPEN DISCOVERY FOR IME OF DEFENDANT O.A.**

DATE: November 18, 2026
TIME: 1:30 p.m.
CRTRM: 5D

[*Filed concurrently herewith: 1) McFarlane Decl & Ex; and 2) [Prop] Order*]

Complaint filed: November 22, 2023
Discovery Cutoff: September 11, 2026
FPTC: February 17, 2027
Trial Date: Not set

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on November 18, 2026 at 1:30 p.m., or as soon as counsel may be heard in Courtroom 5D of the First Street U.S. Courthouse, 350 W 1st Street, Los Angeles, California 90012, Plaintiffs M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez ("Plaintiffs"), will and hereby does move this Court for an order reopening discovery for IME of Defendant O.A.

This Motion is and will be based upon this Notice of Motion; the pleadings and records on file with this Court; the declaration and attached exhibit; any evidence of which the Court may take judicial notice prior to or at the hearing of this matter; and upon such oral or documentary evidence as may be presented at the hearing of this motion.

This motion is made following meet and confer efforts, pursuant to Local Rule 7-3. These discussions took place over the phone between Morgan Ricketts and Ariel Harman-Holmes on August 6, 2026. Declaration of Kate McFarlane ("McFarlane Decl.") ¶3.

Dated: October 9, 2026

Respectfully Submitted,

ORANGE LAW OFFICES
HADSELL STORMER RENICK & DAI LLP

By: /s/ - Kate McFarlane
Olu K. Orange
Dan Stormer
Morgan Ricketts
Bina Ahmad
Kate McFarlane
Isabelle Geczy
Attorneys for Plaintiffs M.S. and I.H.

## I. Introduction

Four days after this Court issued its Order reopening discovery for three limited purposes, Dkt. 414, Judge Rocconi issued an Order granting Plaintiffs' Motion to Compel Independent Medical Examination ("IME") of O.A. Defendant O.A. Dkt 417. Therefore, Plaintiffs respectively requests the Court re-open discovery for the additional limited purpose of allowing Plaintiffs to conduct an IME of O.A.

## II. Procedural History

On October 8, 2025 Plaintiffs filed a Motion to Compel an IMPE of O.A. and J.A. Dkt 244-250. Defendants opposed. *Id*. On March 13, 2026 fact discovery closed while this motion was still pending before the Magistrate Judge. On July 31, 2026, this Court issued an order which, in part, reopened discovery for three purposes only. Dkt. 414. However, following that Order and the close of fact discovery, Judge Rocconi ruled on Plaintiffs' Motion to Compel an IME of O.A. and J.A., granting that motion as to O.A. Dkt. 417.

## III. Argument

Federal Rule of Civil Procedure 16(b)(4) permits a judge to modify a schedule if there is good cause. Because a scheduling order controls the timing of discovery, Rule 16(b)(4)'s good cause standard governs any request to reopen discovery. Ferguson v. Cook County, Illinois, 349 F.R.D. 210 (2025). Federal courts have discretion to manage pretrial discovery and to reopen discovery even when the period for discovery has, pursuant to a scheduling order, closed, where the court finds good cause warrants such an extension or reopening. *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 274 F.R.D. 63 (2011).

Good cause to reopen discovery requires a showing, among other things, that the party seeking the extension was diligent in its discovery efforts yet could not complete discovery by the court-ordered deadline. *Marcin Engineering, LLC. v. Founders at Grizzly Ranch, LLC.*, 219 F.R.D. 516 (2003). In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party

seeking amendment of the scheduling order. *Ferguson v. Cook County, Illinois*, 349 F.R.D. 210 (2025).

Courts also consider a multi-factor analysis, including: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that discovery will lead to relevant evidence. The good cause inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Diligence is one of the most important factors the court considers. *Id.*, *Hamidi v. Serv. Emps. Int'l Union Loc. 1000*, 386 F. Supp. 3d 1289, 1298 (E.D. Cal. 2019), aff'd, No. 19-17442, 2021 WL 4958855 (9th Cir. Oct. 26, 2021).

Here, Plaintiffs acted diligently during the discovery period by consistently seeking an IME of O.A. through meet and confer efforts with Family Defendants, finally, by filing a Motion to Compel an IME of O.A. on October 8, 2025, approximately five months before the fact discovery cut-off on March 13, 2026. Dkt. 244. Plaintiffs could not reasonably foresee that Judge Rocconi would not issue an order regarding their Motion to Compel an IME until after the fact discovery cut off, and after this Court issued a new scheduling order re-opening discovery for only three limited purposes.

Judge Rocconi explained the relevance of this IME in her order granting Plaintiffs' Motion to Compel by stating, "the Family Defendants' own position indicates that the issue of O.A.'s limitations is not confined to the deposition context, but rather will be raised in response to Plaintiffs' substantive claims." Dkt. 417 at pg. 7. Family Defendants argue that O.A.'s condition "is relevant to the reasonableness of his actions," squarely putting his condition at issue in defense of the claims against him. Dkt. 246 at 31:12–13; Dkt. 417 at pg. 7. Judge Rocconi agrees: "The Family Defendants, having made clear their intention to rely upon evidence of O.A.'s disability in opposition to

Plaintiffs' claims, have put that disability squarely 'in controversy" for purposes of Rule 35." Dkt. 417 at pg. 8. Therefore, the likelihood that this IME will lead to related evidence has already been established by Judge Rocconi.

As to the other factors, there is not currently a trial date set, although the Final Pretrial Conference is presently set for February 17, 2026. Dkt. 414. This request is, of course, opposed by Family Defendants as evidenced by their tireless efforts to block Plaintiffs' IME of O.A. This factor should not persuade the Court against reopening discovery for this limited purpose based on a magistrate judge's Order finding this discovery is relevant to Plaintiffs' claims. The non-moving party would not be prejudiced by discovery reopening for this limited purpose, as it would not affect any other deadlines in this case.

Therefore, the factors weigh heavily in favor of this Court briefly reopening discovery for purposes of Plaintiffs conducting an IME of O.A.

## IV. Conclusion

Plaintiffs respectively requests the Court re-open discovery for the limited purpose of allowing Plaintiffs to conduct an IME of O.A.

Dated: October 9, 2026

Respectfully Submitted,

ORANGE LAW OFFICES
HADSELL STORMER RENICK & DAI LLP

By: /s/ - Kate McFarlane

Olu K. Orange
Dan Stormer
Morgan Ricketts
Bina Ahmad
Kate McFarlane
Isabelle Geczy
Attorneys for Plaintiffs M.S. and I.H.

## Certificate of Compliance

The undersigned, counsel of record for Plaintiffs M.S. and I.H., certifies that this brief contains 1,047 words, which complies with the word limit of L.R. 11-6.1

Dated: October 9, 2026

/s/ - Kate McFarlane

Kate McFarlane