Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiff,<br><br>v.<br><br>O.A., et al.<br><br>Defendant. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**FAMILY DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON THEIR MOTION TO REOPEN DISCOVERY FOR AN INDEPENDENT MEDICAL EXAMINATION OF DEFENDANT O.A.**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2027<br>Trial Date: TBD |

//

//

//

//

## I. INTRODUCTION

Plaintiffs ask for extraordinary relief based on the convenience of hearing two related motions together. Their application identifies no irreparable prejudice from ordinary motion procedures and provides no declaration explaining why expedited relief is necessary. Judge Murillo's Standing Order requires both a showing of irreparable prejudice and an explanation establishing that the applicant is without fault in creating the need for ex parte relief, or acted through excusable neglect. Plaintiffs establish neither.

The omitted chronology matters. On August 17, 2026, Plaintiffs served a notice setting O.A.'s examination for September 2 and September 8, 2026. O.A. and M.A. appeared at the noticed location at 10:00 a.m. on September 2. The examiner was not there. When M.A. called her, she told him that the lawyers who retained her had informed her that the examination had been canceled, including both noticed dates. M.A. had received no advance notice of the cancellation. Harman-Holmes Decl. ¶¶ 2–4, Ex. A; M.A. Decl. ¶¶ 2–9. Plaintiffs' October filings omit the notice, the appearance, and the examiner's explanation.

Family Defendants request denial of the ex parte application, Dkt. 446. They will separately oppose the underlying motion, Dkt. 445, through the applicable briefing procedure. The Court need not decide whether discovery should be reopened to determine that Plaintiffs have not justified ex parte treatment.

## II. RELEVANT CHRONOLOGY

Plaintiffs emphasize that they filed their original Rule 35 motion in October 2025, before the March 13, 2026 discovery cutoff, and that the Magistrate Judge did not rule until August 4, 2026. Dkt. 445 at 1–2; Dkt. 446 at 2. The subsequent events are equally relevant. This Court's July 31 order reopened fact discovery through September 11, 2026 for three limited purposes: O.A.'s deposition, production of specified juvenile court records, and production of O.A.'s treatment records from Dr. Willison. An IME was not included. The order also set September

18 for initial expert disclosures, September 25 for rebuttal disclosures, and October 2 for the expert discovery cutoff. Dkt. 414 at 22 & n.5.

By August 6, Plaintiffs' counsel knew that the IME required a separate request to modify the schedule. In the email Plaintiffs themselves submit, Morgan Ricketts acknowledged learning that discovery had reopened only for limited purposes and stated that she intended to seek reopening for the IME by an ex parte application to be filed no later than the following Monday. Dkt. 445-1, Ex. 1. That email establishes Plaintiffs' awareness of the scheduling issue more than two months before the present filings.

Plaintiffs then served their August 17 IME notice for September 2 and September 8, both before the September 11 deadline for the limited fact discovery authorized by Dkt. 414. Harman-Holmes Decl. ¶¶ 2–3, Ex. A. Family Defendants do not contend that those dates brought the IME within the three authorized purposes. The notice establishes that Plaintiffs had selected an examiner, location, and dates, and M.A.'s declaration establishes that O.A. appeared for the first appointment despite the pending dispute over the orders.

On August 20, 2026, Family Defendants filed their Rule 72(a) motion for review of Dkt. 417, noticing a hearing for November 18, 2026. Dkt. 429 at 1–2. That motion requests examination safeguards and clarification that Dkt. 417 did not itself expand the limited discovery authorized by Dkt. 414 or dispense with modification under Rule 16(b)(4). Id. at 10–11. Before filing, Family Defendants advised Plaintiffs' counsel of the scheduling issue in their August 19 correspondence. Dkt. 429-2 at 3. Plaintiffs therefore had further notice of that issue before the September appointments and their October request for expedited relief.

M.A. took a day off work and rearranged his schedule to accompany O.A. They arrived at 301 Arizona Avenue in Santa Monica at 10:00 a.m. on September 2 and spent approximately ten minutes with reception trying to locate Dr. Ashley W. Azcarraga or Vorwerk Forensic Psychology. Reception could not locate an

office or reservation. M.A. called the number in the notice and left a message. Dr. Azcarraga promptly returned his call and told him that the attorneys who retained her had informed her that both appointments were canceled. The examination did not occur. M.A. Decl. ¶¶ 4–10.

Plaintiffs filed the present motion and application on October 9, 2026, 64 days after the August 6 email and 37 days after the September 2 appointment. Neither filing explains what happened to the noticed examination, who canceled it, why it was canceled, or how those events support a request for expedited treatment. Dkt. 445 at 1–3; Dkt. 446 at 1–4. The declarations address meet and confer and notice, without supplying those missing facts. Dkt. 445-1 ¶¶ 1–3; Dkt. 446 at 5.

## III. PLAINTIFFS HAVE NOT MET THE EX PARTE STANDARD

### A. Judicial economy does not establish irreparable prejudice

Under *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995), an applicant must establish that ordinary noticed motion procedures would irreparably prejudice its cause and that it is without fault in creating the crisis requiring ex parte relief, or that the crisis resulted from excusable neglect. The inquiry concerns the need to bypass ordinary procedures. This Court's Standing Order adopts that standard and requires facts supporting both elements. Standing Order for Newly Assigned Civil Cases § X.A, at 19–20.

Plaintiffs' stated reason is that their motion concerns the same IME as Family Defendants' pending Rule 72(a) motion for review, noticed for hearing on November 18, 2026. Dkt. 446 at 3–4; Dkt. 429 at 1-2. They identify no examination appointment that will be lost, evidence that will disappear, or other irreparable harm if their motion proceeds under ordinary procedures. Their underlying motion states that no trial date is set and that reopening would not affect other deadlines. Dkt. 445 at 3. Those assertions do not explain an emergency requiring an immediate calendaring decision.

Nor does the application explain what time must be shortened. October 9 to November 18 is 40 days, exceeding Local Rule 6-1's ordinary 28-day notice period. The Court's Standing Order provides for Wednesday civil motion hearings, subject to closed dates. Standing Order § VII.B, at 12. Plaintiffs identify no closed date, reservation problem, or other calendaring obstacle that requires relief outside the ordinary procedure. Even if the Court must authorize use of the requested date, Plaintiffs must explain why that authorization requires ex parte treatment.

The authority Plaintiffs cite does not supply the missing showing. *Hawai'i v. Trump*, 233 F. Supp. 3d 850, 853 (D. Haw. 2017), concerned a stay pending appellate proceedings involving another court's nationwide injunction. Its discussion of inherent docket control, citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), recognizes the Court's discretion. It does not hold that related issues or a convenient hearing date dispense with the requirements for ex parte relief. The Court's authority to manage its calendar is undisputed; Plaintiffs' entitlement to extraordinary treatment is unsupported.

**B. Plaintiffs have not explained the need for expedited relief**

The period during which the original Rule 35 motion awaited a ruling may bear on Plaintiffs' earlier diligence. It does not explain their conduct after August 4. By August 6, Plaintiffs knew of the scheduling issue. By August 17, they had noticed two appointments. On September 2, O.A. appeared. Plaintiffs' application does not account for these events or explain why any present urgency arose despite their diligence.

M.A.'s account attributes the cancellation explanation to Dr. Azcarraga. Family Defendants do not ask the Court to resolve every factual issue concerning the cancellation on this application. But Plaintiffs cannot establish freedom from fault through papers that omit the noticed appointments and supply no explanation for their failure to occur. Their characterization of Family Defendants' efforts as obstruction also fails to account for O.A.'s actual attendance. Dkt. 445 at 3; M.A.

Decl. ¶¶ 5–10.

The ex parte application rests on a claim of judicial efficiency rather than evidence addressing the necessity for expedited relief. Notice to opposing counsel under Local Rule 7-19 does not establish the substantive grounds required by *Mission Power*. The supporting declaration recounts the October 9 notice communications and Family Defendants' opposition, but identifies no crisis, cause of delay, or excusable neglect. Dkt. 446 at 5.

**IV. THE RULE 35 RULING DOES NOT RESOLVE RULE 16 DILIGENCE**

Plaintiffs also rely on Dkt. 417's determination that O.A.'s condition is in controversy and that an examination could produce relevant evidence. Those findings do not resolve whether Plaintiffs diligently sought modification of the schedule or justify expedited consideration of that question. Rule 16(b)(4) requires good cause to modify the schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), makes the movant's diligence the primary inquiry.

This Court applied that distinction in Dkt. 414. In addressing Family Defendants' request for additional depositions, the Court considered scheduling modification separately from substantive permission to take the discovery and required an explanation for the timing of the request. Dkt. 414 at 21. Plaintiffs' own cited authority likewise denied reopening based on the absence of diligence. *Hamidi v. Service Employees International Union Local 1000*, 386 F. Supp. 3d 1289, 1299 (E.D. Cal. 2019). Relevance and the absence of an imminent trial do not answer the omitted chronology.

The proposed reopening also follows the scheduled close of expert discovery. Any examination and resulting Rule 35(b) report must be considered with an appropriate opportunity for Family Defendants to evaluate the report and address any new opinions, including any necessary related discovery. Family Defendants preserve those issues for their opposition to Dkt. 445. Plaintiffs' assertion that no other deadline would be affected supplies neither a plan for that

process nor a basis for extraordinary calendaring relief.

**V. CONCLUSION**

Family Defendants request that the Court deny Dkt. 446 and leave Plaintiffs to proceed through ordinary motion procedures. If the Court nevertheless elects to hear Dkt. 445 on November 18, Family Defendants request that the order address only the hearing date, preserve full ordinary opposition and reply periods, and reserve any decision reopening discovery or authorizing an examination until the underlying motion is fully briefed. Family Defendants continue to oppose that motion and reserve their arguments concerning diligence, prejudice, and the conditions of any examination.

DATED: October 13, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Ariel Harman-Holmes

Ariel S. Harman-Holmes
Attorneys for Defts. O.A., J.A., and M.A.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants O.A., J.A., and M.A., certifies that this brief contains 1,699 words, which complies with the word limit of Local Rule 11-6.1. This count includes headings and citations and excludes the caption, signature block, and this certificate.

DATED: October 13, 2026

Ariel Harman-Holmes

Ariel S. Harman-Holmes