Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A., *and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiff,<br><br>v.<br><br>O.A., et al.<br><br>Defendant. | CASE NO. 2:23−CV−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**FAMILY DEFENDANTS' OPPOSED EX PARTE APPLICATION TO APPROVE SHORTENED NOTICE AND ESTABLISH THE BRIEFING PROCEDURE FOR DKT. 436; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conference: February 17, 2027<br>Trial Date: TBD |

//

//

//

//

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Family Defendants O.A., J.A., and M.A. request an order approving shortened notice and establishing the procedure for their pending expert-discovery motion at Dkt. 436, as corrected by Dkt. 441. They request that the Court retain the noticed October 28, 2026 hearing at 11:00 a.m. in Courtroom 790, excuse the uncompleted prefiling live conference, permit separate opposition and reply papers in place of a joint stipulation, and set opposition for October 19 and reply for October 23. If the Court declines to retain October 28, Family Defendants request a continued hearing and a court-approved procedure that keeps Dkt. 436 pending without requiring withdrawal and refiling.

Family Defendants also request a limited waiver under Local Rule 7-19.2 of additional or updated oral notice. Written notice was given on October 7 and October 9, and counsel discussed the application with Plaintiffs' counsel Kate McFarlane by telephone on October 9. Plaintiffs oppose. No additional oral notice to other counsel is represented. Family Defendants request that any opposition to this application be permitted within 24 hours after service of the filed application, unless the Court orders otherwise.

The Court is asked to establish the requested briefing schedule immediately, or enter an interim order suspending the existing briefing deadlines while it decides the application. Filing this application does not itself suspend or extend any deadline. Family Defendants seek no immediate ruling excluding testimony, imposing sanctions, compelling production, or authorizing post-cutoff discovery. Scheduling relief remains the subject of the related applications before Judge Murillo at Dkts. 437 and 438.

This is Family Defendants' initial application to Judge Rocconi for this procedural relief. The related application at Dkt. 438 was presented to Judge Murillo. This application is based on Local Rules 6-1, 7-19 through 7-19.2, and 37-

1 through 37-3; Judge Rocconi's Standing Order on Discovery Disputes; the accompanying memorandum, declaration, and proposed order; and the existing record, including Dkts. 436 and 441–444.

**Opposing Counsel**

Olu Orange, Orange Law Offices
3435 Wilshire Boulevard, Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900
Email: orangelawoffices@att.net; oluorange@att.net

Dan Stormer, Morgan Ricketts, Kate McFarlane, Isabelle Geczy, and Santiago Villegas
Hadsell Stormer Renick & Dai LLP
128 North Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600
Email: dstormer@hadsellstormer.com; mricketts@hadsellstormer.com; kmcfarlane@hadsellstormer.com; igeczy@hadsellstormer.com; svillegas@hadsellstormer.com

DATED: October 13, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

Ariel Harman-Holmes

Ariel S. Harman-Holmes
Attorneys for Defts. O.A., J.A., and M.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE REQUEST CONCERNS THE PROCEDURE FOR A PENDING MOTION

Dkt. 436 seeks exclusion and sanctions concerning Plaintiffs' expert disclosures and availability, with focused discovery as a conditional alternative. Plaintiffs' Dkt. 444 objects to the notice and conference procedure and requests withdrawal. Family Defendants request a judicial cure that preserves the pending motion and gives Plaintiffs a defined opportunity to respond on the merits. The requested order would decide only notice, briefing, and calendaring. It would reserve the underlying disputes and any relief dependent on modification of the discovery schedule.

## II. THE COURT MAY APPROVE SHORTENED NOTICE AND A DIFFERENT BRIEFING PROCEDURE

Local Rule 6-1 requires at least 28 days' notice unless a rule or court order provides otherwise, and authorizes the Court to shorten that period. Local Rule 37-2 requires a joint stipulation unless the Court orders otherwise. Local Rule 37-2.4 permits an alternative declaration procedure for specified failures to cooperate, but it is not an automatic exemption whenever no joint stipulation was completed. Family Defendants therefore request an order authorizing the procedure for Dkt. 436 rather than relying on the absence of a stipulation as sufficient compliance.

An ex parte request must justify expedited treatment. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492–93 (C.D. Cal. 1995), requires irreparable prejudice from ordinary procedure and a showing that the applicant is without fault in creating the crisis or that the crisis resulted from excusable neglect. *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), also recognizes a routine procedural order that cannot be obtained through a regularly noticed motion, including an order shortening time, as an appropriate subject of ex parte relief. That recognition does not dispense with a

showing supporting expedited action.

Local Rule 37-3 and paragraph 6 of Judge Rocconi's discovery standing order require diligence for expedited discovery relief near a cutoff. Local Rule 37-3 also reserves the Court's discretion to permit ex parte treatment otherwise. Family Defendants request that discretion for this limited procedural order. They do not ask this application to supply District Judge scheduling relief or an immediate decision on the discovery merits. They request a procedure for the motion already filed, with any relief requiring modification of the schedule reserved for Judge Murillo's ruling.

## III. THE RECORD SUPPORTS A PROCEDURAL ORDER WHILE ACKNOWLEDGING THE UNCOMPLETED CONFERENCE

The September 29 correspondence identified the disputes and requested a videoconference on September 30 or October 1, with alternative times if necessary. Olu Orange's September 30 response addressed checking expert availability without supplying a conference time. On October 2, counsel renewed the request, clarified the outstanding production and procedural issues, and requested a call. Mr. Orange stated that he could not confer that afternoon because of other commitments and supplied no alternative time. Dkt. 436-3, Exs. 10, 11, and 18A; Harman-Holmes Decl. ¶¶ 4–5.

Family Defendants acknowledge that no substantive live conference occurred before Dkt. 436 was filed. The correspondence does not replace the conference required by the standing order. Nor did counsel's requested next-day response shorten Local Rule 37-1's ten-day conference period or independently establish every predicate for Local Rule 37-2.4. The requested relief is discretionary approval of a workable procedure based on the documented efforts and the present posture.

The prior conference ruling in Dkt. 414 is addressed directly. There, the Court found nothing showing even an attempt to meet and confer on the earlier

sanctions motion. Dkt. 414 at 19–20; Dkt. 436-3, Ex. 19. The present record contains specific requests and responses. That difference supports consideration of a procedural cure; it does not establish that the required conference was completed. The October 9 telephone discussion supplied notice of this application and Plaintiffs' opposition, without resolving the underlying expert disputes. Harman-Holmes Decl. ¶¶ 8–12.

## IV. A PROMPT BRIEFING ORDER WILL PRESERVE A FAIR OPPORTUNITY TO RESPOND

The notice of electronic filing for Dkt. 436 records entry on October 3 shortly after midnight and identifies October 2 as the filing date. Under either date, the October 28 hearing did not provide the ordinary 28-day notice. Family Defendants request approval of shortened notice and a new briefing schedule, rather than a finding that ordinary notice was satisfied. Dkt. 443 ¶¶ 12–14; Harman-Holmes Decl. ¶¶ 2–3.

Plaintiffs already have the moving papers and have filed their procedural objection. The proposed October 19 opposition and October 23 reply dates would allow merits briefing before October 28. They replace the October 14 and October 21 proposal stated in the notice emails and require the Court's approval. Dkt. 444 should not be treated as a concession on the merits or as a substitute for the merits opposition the proposed order would permit.

The expert dates offered in the correspondence create a concrete need to resolve the procedure: Hernandez on October 21, Murphy on November 5, and Jajko on November 12. October 28 is after the proposed Hernandez date. Reserving those dates did not authorize discovery beyond the cutoff, and this application does not do so. The unsettled briefing procedure affects how the pending disputes can be resolved before the later proposed depositions. Dkt. 436-3, Exs. 18B–18C; Harman-Holmes Decl. ¶ 14.

Counsel originally announced October 7, then advised of October 12. The

declaration explains the delay: other pending matters occupied counsel after the underlying motion had already been filed, and October 12 was a court holiday. Family Defendants do not attribute those changes to Plaintiffs or contend that workload automatically establishes excusable neglect. They ask the Court to consider that explanation with the pre-cutoff efforts and filing chronology documented in Dkt. 443. If the Court finds shortened notice unwarranted, a continued hearing and directed conference or joint-stipulation procedure can preserve fair consideration without withdrawal and refiling. Harman-Holmes Decl. ¶¶ 10–11, 15.

**V. ACTUAL NOTICE SUPPORTS A LIMITED NOTICE WAIVER**

The October 7 and October 9 emails disclosed the relief sought and were copied to Plaintiffs' and District counsel. During the October 9 call, Ms. McFarlane stated that Plaintiffs would oppose. The confirming email offered a further telephone or video conference on Monday after 10:00 a.m. Harman-Holmes Decl. ¶¶ 6–9, Exs. 1–2.

Local Rule 7-19.1 requires reasonable, good-faith oral notice efforts to all other parties. Family Defendants acknowledge that only the October 9 call to Ms. McFarlane is documented and request a limited waiver of additional or updated oral notice under Local Rule 7-19.2. The written notice, actual discussion, disclosed opposition, and opportunity to respond after service support that request. No waiver of the right to oppose is sought.

**VI. REQUESTED ORDER**

Family Defendants request approval of shortened notice for October 28; relief from the uncompleted prefiling live conference; separate opposition and reply papers in place of a joint stipulation; opposition on October 19 and reply on October 23; and the limited notice waiver described above. Alternatively, they request a continued hearing and a court-approved procedure that keeps Dkt. 436 pending. They also request an immediate briefing order or interim relief from the

existing deadlines. All underlying merits and any District Judge scheduling determinations should remain reserved.

DATED: October 13, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

/s/ Ariel Harman-Holmes

Ariel S. Harman-Holmes
Attorneys for Defts. O.A., J.A., and M.A.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants O.A., J.A., and M.A., certifies that this brief contains 1,183 words, which complies with the word limit of Local Rule 11-6.1. This count includes headings and citations and excludes the caption, signature block, and this certificate. I used a computer-generated whitespace word count to determine the number of words.

DATED: October 13, 2026

/s/ Ariel Harman-Holmes

Ariel S. Harman-Holmes