Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants* O.A., M.A.*, and* J.A.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.<br><br>Plaintiff,<br><br>v.<br><br>O.A., et al.<br><br>Defendant. | CASE NO. 2:23−cv−09957-SRM-MAR<br>*Assigned for all purposes to the Honorable Serena R. Murillo*<br><br>**DECLARATION OF ARIEL S. HARMAN-HOLMES IN SUPPORT OF FAMILY DEFENDANTS' OPPOSED EX PARTE APPLICATION REGARDING DKT. 436**<br><br>Complaint Filed: November 22, 2023<br>TAC Filed: October 21, 2024<br>Discovery Cutoff: September 11, 2026<br>Pretrial Conf.: February 17, 2027<br>Trial Date: TBD<br><br>Underlying Hr'g: October 28, 2026<br>Hearing Time: 11:00 AM |

//

//

//

**DECLARATION OF ARIEL S. HARMAN-HOLMES**

I, Ariel S. Harman-Holmes, declare:

1. I am an attorney with Hirji, Chau & Rodriguez, LLP, counsel for Family Defendants O.A., J.A., and M.A. I have personal knowledge of the communications and events described below and could testify competently to them. Unless otherwise stated, times are Pacific Daylight Time.

2. Family Defendants filed the motion at Dkt. 436 concerning Plaintiffs' expert disclosures, deposition availability, and production of the documents requested in the deposition notices. The motion seeks exclusion and sanctions, with discovery as a conditional alternative. It was noticed for October 28, 2026 at 11:00 a.m. before Judge Rocconi in Courtroom 790.

3. The notice of electronic filing for Dkt. 436 was issued on October 3, 2026 at 12:08 a.m. and identifies the document as filed on October 2. My filed supplemental declaration at Dkt. 443 describes the preparation, transfer, and overnight filing sequence. I do not contend that service provided 28 days' notice of the October 28 hearing.

4. On September 29, 2026, I sent Plaintiffs' counsel a detailed written request to meet and confer about the expert disputes. I requested a videoconference on September 30 or October 1 and offered to work around deposition schedules or use the earliest alternative time. That correspondence is already filed at Dkt. 436-3, Exhibit 10.

5. Mr. Orange's September 30 response stated that he would check expert availability without proposing a conference time. On October 2, I renewed the conference request and clarified the outstanding production and procedural issues. Mr. Orange stated that he could not confer that afternoon because of other commitments and did not supply an alternative time. Those communications are already filed at Dkt. 436-3, Exhibits 11 and 18A. No substantive live conference on the underlying expert disputes occurred before Dkt. 436 was filed.

6. On October 7, 2026 at 8:00 a.m., I sent written notice of the intended application before Judge Rocconi concerning Dkt. 436. The email described shortened notice for the October 28 hearing, relief from the uncompleted live conference, separate briefing, proposed opposition and reply dates, and requested suspension of ordinary briefing deadlines pending a ruling. It was sent to Mr. Orange and copied to Plaintiffs' and District counsel and our team. A true and correct copy is attached as Exhibit 1.

7. On October 7, Family Defendants filed the errata at Dkt. 441, their reply concerning the related Murillo application at Dkt. 442, and my supplemental declaration at Dkt. 443. The errata corrected the identified filing and caption errors. Those filings did not constitute the separate application now being presented to Judge Rocconi.

8. On October 9, 2026, I spoke by telephone with Plaintiffs' counsel Kate McFarlane. In addition to discussing Plaintiffs' proposed IME application, I gave notice of our intended application concerning Dkt. 436, described the requested procedural relief, and advised that we intended to file on Monday, October 12. Ms. McFarlane stated that Plaintiffs would oppose our application. The discussion concerning our application did not include a detailed substantive conference about the underlying expert-discovery disputes.

9. On October 9 at 5:33 p.m., I sent Ms. McFarlane an email confirming our discussion, updating the intended filing date, describing the relief sought, and recording Plaintiffs' opposition. I copied Plaintiffs' and District counsel and offered a further telephone or video conference on Monday after 10:00 a.m. I received no acceptance of that offer. A true and correct copy of the email, including the quoted message to which I replied, is attached as Exhibit 2.

10. The October 7 and October 12 dates in those emails were intended filing dates. The application was not filed on either date. The emails accurately preserve the notice given at those times; they are not proof that the application had been

filed.

11. I did not complete the application for filing on October 7, 2026, because I was occupied with other pending matters. The underlying motion at Dkt. 436 had already been filed. I subsequently advised Plaintiffs' counsel that we intended to file the application on October 12. We did not file on October 12 because it was a court holiday.

12. The October 9 call with Ms. McFarlane is the only oral notice described in this declaration. I made no additional oral notice efforts to other counsel. I do not represent that every party received separate oral notice or that the call completed the substantive conference required for the underlying motion. The application requests a limited waiver of additional or updated oral notice and an opportunity for the parties to oppose after service.

13. As of October 12, 2026, no order had been entered granting the relief sought in the related Murillo filings or excusing the procedural requirements for Dkt. 436. This application does not assume that reserving deposition dates, giving notice, or filing an application authorizes post-cutoff discovery.

14. The October 2 correspondence supplied post-cutoff expert dates. Our team selected Hernandez on October 19, Murphy on November 5, and Jajko on November 12. Mr. Orange then advised that Hernandez could appear only on October 21. The communications are already filed at Dkt. 436-3, Exhibits 18B and 18C. The proposed October 28 hearing is after the proposed Hernandez date. Any post-cutoff deposition remains dependent on the necessary scheduling relief.

15. Family Defendants now propose opposition on October 19, reply on October 23, and the October 28 hearing. Those dates require a court order and replace the October 14 and October 21 briefing proposal in the emails. If the Court declines to retain October 28, we request a continued hearing and a court-approved procedure that keeps Dkt. 436 pending. We will comply with any further conference or briefing directions the Court imposes.

16. Our office will promptly serve the filed application and supporting papers on counsel for all parties. We do not treat the filing of this application as an order suspending the existing briefing deadlines.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 13, 2026, at North Hills, California.

Ariel Harman-Holmes

Ariel S. Harman-Holmes