UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

M.S. et al.,

Plaintiffs,

v.

O.A., et al.,

Defendants.

Case No. 2:23-cv-09957-SRM-MAR

**ORDER STRIKING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND JOINT APPLICATION FOR LEAVE TO FILE UNDER SEAL, AND DENYING AS MOOT DEFENDANTS' *EX PARTE* APPLICATION TO SEAL [404, 405, 406]**

Before the Court is Defendants Santa Monica Malibu Unified School District, Marae Cruce, Gregory Pitts, Antonio Shelton, Oliver Angus, Michael Angus, and Jamie Angus's (collectively, "Defendants") Unopposed *Ex Parte* Application to Seal. Dkt 406.

**I. BACKGROUND**

Defendants filed a Motion for Summary Judgment ("Motion"). Dkt. 404. The Parties jointly filed an Application for Leave to File Under Seal regarding the Motion ("Application"). Dkt. 405. However, Defendants contend the Motion and Application were inadvertently filed publicly despite containing sensitive and confidential information regarding Plaintiffs M.S. and I.H. (collectively, "Plaintiffs"). Dkt. 406. The Parties further

jointly filed a Notice of Errata, stating that the Motion and Application were mistakenly filed without redactions of Plaintiffs' sensitive and confidential information. Dkt. 407.

**II. DISCUSSION**

"[N]o case or document may be filed under seal without first obtaining approval by the Court." C.D. Cal. L.R. 79-5.2. "Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations marks and citation omitted). Generally, a "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate[ ] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure …" *Id.* at 1178–79 (alteration in original) (internal quotation marks and citations omitted). However, where the documents or information the parties seek to file under seal are unrelated or only "tangentially related" to the underlying claims, the presumption of public access can be overcome simply by showing "good cause." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016).

Here, the Parties assert that the Motion and Application contain confidential and sensitive information regarding the Plaintiffs, including their identities, birth dates, and confidential medical information. Dkt. 406 at 4–6. After considering the Parties' submissions, the Court finds compelling reasons and good cause to seal the Motion and Application. The original motion was filed publicly and sealed by the Clerk pending this application. *See* Dkt. 404, 405. Defendants then refiled the Motion with purportedly appropriate redactions, and the Parties jointly refiled the Application accordingly. Dkt. 408, 409.

**III. CONCLUSION**

In light of the Court's findings and to most efficiently address the filing errors, the Court modifies the case schedule and **ORDERS** as follows:

/ / /

1. Defendants' *Ex Parte* Application to Seal, Dkt. 406, is **GRANTED**;
2. Defendants' Motion for Summary Judgment, Dkt. 404, and the Parties' Joint Application for Leave to File Under Seal, Dkt. 405, are **SEALED** from public view, and **DENIED AS MOOT**;

**IT IS SO ORDERED.**

Dated: October 13, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE