Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. #349594]
Santiago Villegas, Esq. [S.B. #366637]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
svillegas@hadsellstormer.com / kmcfarlane@hadsellstormer.com
igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,

Plaintiffs,

v.

O.A., M.A., J.A., MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,

Defendants.

Case No.: 2:23-cv-09957-SRM-MAR

[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]

**PLAINTIFFS' OPPOSITION TO FAMILY DEFENDANTS' OPPOSED EX PARTE APPLICATION TO APPROVE SHORTENED NOTICE AND ESTABLISH THE BRIEFING PROCEDURE FOR DKT. 436; REQUEST FOR LEAVE TO FILE MOTION FOR SANCTIONS RE COUNSEL'S FAILURE TO COMPLY WITH COURT PROCEDURES AND FEDERAL RULES**

| | |
|---|---|
| Complaint filed: | November 22, 2023 |
| Discovery Cutoff: | September 11, 2026 |
| FPTC: | February 17, 2027 |
| Trial Date: | Not set |

# OPPOSITION

## I. INTRODUCTION

On October 2, 2026, Family Defendants filed their Motion for Discovery and Sanctions (Dkt. 436) without completing the required prefiling meet-and-confer conference, without submitting a joint stipulation, and without providing the requisite 28 days' notice. Then, on October 14, 2026, Family Defendants sought extraordinary ex parte relief to excuse their failure to comply with the procedural requirements governing discovery motions.

Family Defendants acknowledge each of these procedural failures. They concede that no substantive live conference occurred before Dkt. 436 was filed, that their written correspondence did not satisfy the conference requirement, and that their motion did not provide the requisite notice. Nevertheless, they contend that the Court should exercise its discretion to excuse these deficiencies because of the approaching expert depositions.

Critically, the underlying motion seeks potentially case-dispositive evidentiary sanctions in additional to an award of attorneys' fees and costs against Plaintiffs. Even so, Family Defendants seek an expedited briefing schedule requiring Plaintiffs to oppose such a consequential motion by October 19, 2026, with a hearing on October 28, 2026. Such a proposed schedule substantially departs from the ordinary briefing periods prescribed by the Local Rules.

However, Judge Rocconi's Judicial Procedures expressly require strict compliance with Local Rule 37 and provide that the Court may strike discovery motions filed in violation of that Rule. Judge Rocconi's Standing Order on Discovery Disputes further states that written correspondence cannot replace the required telephonic or in-person conference.

Family Defendants should not be permitted to bypass the Court's expressly established procedures merely because they filed their motion without complying with them.

Further, Family Defendants have not established the extraordinary circumstances

necessary for ex parte relief, nor do they explain how the requested relief would prevent irreparable prejudice.

Accordingly, the application should be denied. Further, Plaintiffs request the opportunity to seek sanctions against Family Defendants and their counsel, jointly and severally, for their repeated frivolous filings and failure to follow procedures, which has had the effect of driving up litigation costs and causing this litigation to consume undue attorney and judicial resources disproportional to the needs of the case.

## II. RELEVANT FACTUAL BACKGROUND

On September 29, 2026, Family Defendants requested, via email, a videoconference concerning the parties' expert-discovery disputes, proposing September 30 or October 1, with alternative times if necessary. On September 30, Plaintiffs' counsel, Olu Orange, responded, via email, that the experts' availability may have changed and that he would obtain updated dates. (Ricketts Decl. ¶2, Exh. 3; Dkt. 448-1 ¶¶ 4–5.)

On October 2, Mr. Orange provided, via email, updated dates for Drs. Jajko, Murphy, and Hernandez, offering October and November dates and requesting that counsel coordinate their availability. Family Defendants responded, via email, that they intended to serve deposition notices for selected dates. (Ricketts Decl. ¶ 3, Exh. 1; ¶4, Exh. 2.) That afternoon, Family Defendants renewed their request, via email, for an immediate videoconference concerning their anticipated motions and requested relief. Mr. Orange explained, via email, that he had previously scheduled matters and could not participate in a call that afternoon. He also requested clarification concerning the procedure Family Defendants proposed, including whether they sought production after the depositions and whether the experts would be subject to further examination. (Ricketts Decl. ¶ 4, Exh. 2.) Family Defendants nevertheless filed Dkt. 436 on October 2, 2026.

On October 7, Plaintiffs' counsel Morgan Ricketts advised Family Defendants, via email, that Dkt. 436 did not comply with the joint-stipulation procedure or applicable

notice requirements and requested that the motion be withdrawn and refiled following an appropriate meet and confer. (Ricketts Decl. ¶6, Exh. 6.)

Also on October 7, Family Defendants announced, via email, their intent to file the present ex parte application that day. They did not do so; rather, on October 9, they announced, via email, that the application would instead be filed on October 12. Ultimately, the application was filed on October 14. Family Defendants' counsel acknowledges that the October 7 application was not completed because she was occupied with other pending matters and that the October 12 filing did not occur because it was a court holiday. (Dkt. 448-1 ¶¶ 10–11; Ricketts Decl. ¶ 5, Exh. 7; ¶ 7, Exh. 4)

Family Defendants now seek an order excusing the uncompleted prefiling conference, dispensing with the joint-stipulation requirement, approving shortened notice, and permitting separate opposition and reply papers, while retaining Dkt. 436 for consideration. (Dkt. 448 at pgs. 2, 4–5.)

## III. LEGAL STANDARD

Ex parte applications are "nearly always improper," and "the opportunities for legitimate [ones] are extremely limited." *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 192, 193 (C.D. Cal. 1989). Filing an ex parte application is justified only when: (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought). *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013) (citing *Intermagnetics*, 101 B.R. at 193).

To obtain ex parte relief, the moving party must show: "(1) the moving party is without fault in creating the crisis that requires ex parte relief or the crisis occurred as a result of excusable neglect; and (2) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Altair Instruments, Inc. v. Telebrands Corp.*, No. CV 19-08967-PSG (JC),

2020 WL 6106821, at *2 (C.D. Cal. July 10, 2020) (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)); see also Local Rule 37- 3 ("Unless the Court in its discretion otherwise allows, no discovery motions may be filed or heard on an *ex parte* basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party.").

## IV. ARGUMENT

### A. Family Defendants' Failure to Complete the Required Conference Violates Judge Rocconi's Express Standing Order

Judge Rocconi's Standing Order on Discovery Disputes, ¶ 2, expressly provides: "Emails and written correspondence may supplement, but shall not replace, required telephonic and/or in-person conferences of counsel to resolve discovery disputes. Pro forma or perfunctory email exchanges shall not be considered adequate pre-filing conferences of counsel."

Family Defendants expressly acknowledge that no substantive live conference concerning the underlying expert disputes occurred before Dkt. 436 was filed. (Dkt. 448 at pg. 2; Dkt. 448-1 ¶ 5.) They further acknowledge that their correspondence did not replace the conference required by the Standing Order. (Dkt. 448 at 2.)

Nevertheless, Family Defendants ask the Court to excuse this requirement retroactively and permit their motion to proceed.

Judge Rocconi's Judicial Procedures, § 1(a), expressly provide: "Strict compliance with Local Civil Rule 37 is required. The Court may strike any discovery motion filed in violation of this Rule."Accordingly, the parties are required to engage in substantive discussions before invoking judicial intervention and the provisions expressly contemplate striking discovery motions filed in violation of the governing procedures.

Family Defendants' admission that the required conference never occurred establishes the procedural deficiency of Dkt. 436. Although the Court retains discretion to authorize an alternative procedure, Family Defendants have not demonstrated why

their noncompliance should be excused.

Therefore, the Court should decline to retroactively excuse the conference requirement and should strike Dkt. 436 or require its withdrawal and refiling following compliance with the applicable procedures.

**B. Family Defendants Have Not Established Diligence or Excusable Neglect**

Family Defendants acknowledge that Dkt. 436 was filed without the requisite prefiling conference and without the ordinary 28-day notice. (Dkt. 448-1 ¶¶ 3–5.) They further concede that their correspondence did not establish every prerequisite for proceeding without a joint stipulation under Local Rule 37-2.4. (Dkt. 448 at pg2.)

Although Family Defendants requested a conference on Tuesday September 29 and again on Friday October 2, those requests did not result in a substantive conference before filing. On Friday October 2, Family Defendants requested an immediate conference that afternoon, and Plaintiffs' counsel explained that he had previously scheduled commitments. Additionally, Plaintiffs were communicating regarding expert deposition dates and requesting clarification of the procedure Family Defendants proposed. (Ricketts Decl. ¶ 2, Exh. 3; ¶3, Exh. 1; ¶4, Exh. 2.)

These circumstances do not establish that Plaintiffs refused to confer or that Family Defendants were entitled to disregard the Court's procedures.

Family Defendants' subsequent conduct likewise undermines their claimed urgency. They announced an October 7 ex parte filing but failed to complete the application because counsel was occupied with other pending matters. They then announced an October 12 filing, which did not occur because it was a court holiday. The application was ultimately filed on October 14. (Ricketts Decl. ¶5, Exh. 7; ¶7, Exh. 4; Dkt. .448-1 ¶¶ 10-11.)

**C. Family Defendants Have Not Established Irreparable Prejudice**

Family Defendants do not identify an imminent injury that the requested procedural order would prevent. Rather, they seek to preserve a pending motion despite acknowledged deficiencies in the manner in which it was filed. This does not meet the

standard of "irreparable prejudice" because if this ex parte is denied, the only result will be that Family Defendants must withdraw their pending motion and refile it in compliance with court procedures and the federal rules.

Judge Rocconi's Judicial Procedures expressly provide that, absent an emergency, ex parte applications are not an acceptable means of presenting discovery disputes to the Court. The Court has previously stricken several discovery motions for failure to adequately meet and confer – including one in which the parties met and conferred in person, for three hours, but due to Family Defendants' counsel's misrepresentation that Plaintiffs agreed to follow up on the completed meet and confer and never did (in fact, the agreement to follow up was on an entirely different motion), the Court struck that motion for failure to comply with procedures. (Dkt. 347.)

Family Defendants' attempt to circumvent these same procedures now, via ex parte, is an abuse of the litigation process and a violation of counsel's Rule 11 certification that the legal contentions filed and presented to the Court are warranted under existing law or a nonfrivolous argument for extending, modifying, or reversing existing law.

Family Defendants contend that expedited relief is necessary because of the approaching expert depositions. However, taking a deposition is not irreparable harm or immediate danger. Further, the procedural relief requested would not resolve the underlying discovery disputes as Family Defendants seek to retain the October 28 hearing even though one proposed deposition, that of Dr. Hernandez, is scheduled for October 21. (Dkt. 448 at pg. 3; Dkt. 448-1 ¶ 14.) Thus, their requested procedure would not resolve the underlying disputes before that deposition date. The application therefore fails to establish the irreparable prejudice necessary to justify ex parte relief.

**D. Family Defendants Have Not Established Good Cause to Dispense With Joint-Stipulation and Notice Requirements**

Local Rule 37-2 establishes the joint-stipulation procedure for discovery motions, unless the Court orders otherwise. Local Rule 37-2.4 provides an alternative procedure

in specified circumstances where the required cooperation cannot be obtained.

Family Defendants concede that no joint stipulation was filed and that their correspondence did not independently establish every predicate for proceeding under Local Rule 37-2.4. (Dkt. 448 at page 2.) Nevertheless, they ask the Court to authorize separate briefing while preserving their already-filed motion.

Family Defendants also acknowledge that the motion did not provide the ordinary 28-day notice required under Local Rule 6-1. (Dkt. 448-1 ¶ 3.) Rather than properly noticing the motion, they request retroactive approval of the shortened period and a new briefing schedule. Although the Court possesses discretion to modify these procedural requirements, Family Defendants must demonstrate why the circumstances justify that relief. Their desire to preserve Dkt. 436 does not independently establish good cause to excuse multiple procedural deficiencies. Moreover, given the potentially case-dispositive evidentiary sanctions and momentary relief sought, Plaintiffs should be afforded the ordinary briefing periods prescribed by Local Rules to meaningfully oppose Dkt. 436. Family Defendants have not established good cause to deprive Plaintiffs of that opportunity.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court DENY Family Defendants' Ex Parte Application to Approve Shortened Notice and Establish the Briefing Procedure for Dkt. 436.

Plaintiffs further request that the Court strike Dkt. 436, or require its withdrawal and refiling, for failure to comply with Local Rule 37 and Judge Rocconi's Standing Order on Discovery Disputes.

Alternatively, should the Court permit Dkt. 436 to remain pending, Plaintiffs respectfully request that the Court require completion of the substantive meet-and-confer process and establish a briefing schedule that affords Plaintiffs adequate time to respond, without deeming the underlying procedural deficiencies cured or prejudging the merits of the discovery disputes.

Finally, Plaintiffs request leave to file a Motion for sanctions against the Family Defendants and their counsel, jointly and severally, for their (1) failure to comply with procedures that this Court has previously and repeatedly emphasized as mandatory, and (2) failure to withdraw and re-file when the deficiencies were pointed out to them, instead filing an additional ex parte request necessitating a response on short notice.

Dated: October 15, 2026

Respectfully Submitted,

ORANGE LAW OFFICES

HADSELL STORMER RENICK & DAI LLP

By: /s/ Morgan Ricketts

Olu K. Orange
Dan Stormer
Morgan Ricketts
Kate McFarlane
Isabelle Geczy
Santiago Villegas
Attorneys for Plaintiffs M.S. and I.H.

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs M.S. and I.H., certifies that this brief contains less than 2207 words, which complies with the word limit of L.R. 11-6.1

Dated: October 15, 2026

/s/- Morgan Ricketts

Morgan Ricketts