Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. #349594]
Santiago Villegas, Esq. [S.B. #366637]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
svillegas@hadsellstormer.com / kmcfarlane@hadsellstormer.com
igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,

Plaintiffs,

v.

O.A., M.A., J.A., MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,

Defendants.

Case No.: 2:23-cv-09957-SRM-MAR

[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]

**DECLARATION OF MORGAN E. RICKETTS AND EXHIBITS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO FAMILY DEFENDANTS' OPPOSED EX PARTE APPLICATION TO APPROVE SHORTENED NOTICE AND ESTABLISH THE BRIEFING PROCEDURE FOR DKT. 436**

| | |
|---|---|
| Complaint filed: | November 22, 2023 |
| Discovery Cutoff: | September 11, 2026 |
| FPTC: | February 17, 2027 |
| Trial Date: | Not set |

# DECLARATION OF MORGAN E. RICKETTS

I, Morgan E. Ricketts, hereby declare as follows:

1. I am a partner at the law firm of Hadsell Stormer Renick & Dai LLP. I am an attorney licensed to practice law in California and before this Court, and am counsel of record for Plaintiff in this action. The information contained herein is based on my personal knowledge, or upon review of files and documents generated or received and regularly maintained by my office in connection with this case. If called upon, I could testify in a court of law to the accuracy of the matters set forth herein. This Declaration is submitted in support of Plaintiff's Opposition to Family Defendants' Ex Parte Application to Approve Shortened Notice and Establish the Briefing Procedure for Dkt. 436.

2. On September 29, 2026, Ms. Harman-Holmes emailed Plaintiffs' counsel requesting a videoconference concerning the parties' expert-discovery disputes, proposing September 30 or October 1, 2026, with alternative times if necessary. On September 30, 2026, Mr. Orange responded that the experts' availability may have changed and that he would obtain updated dates. On October 2, 2026, Ms. Harman-Holmes renewed her request for a videoconference and addressed the parties' remaining expert-discovery disputes. Attached hereto as **Exhibit 3** is a true and correct copy of the October 2, 2026 email correspondence, including the preceding email communications.

3. On October 2, 2026, Plaintiffs' counsel Olu Orange communicated with counsel for Family Defendants regarding the availability of Plaintiffs' retained experts, Drs. Jajko, Murphy, and Hernandez, for depositions. Attached hereto as **Exhibit 1** is a true and correct copy of the October 2, 2026 email correspondence reflecting these communications.

4. On October 2, 2026, Family Defendants' counsel Ariel Harman-Holmes requested a videoconference concerning the parties' expert-discovery disputes and proposed relief. That afternoon, Mr. Orange responded that he had previously scheduled matters and could not participate in a call. Mr. Orange also requested clarification

concerning the procedure Family Defendants proposed, including whether they sought production of expert materials after depositions and whether the experts would be subject to further examination. Attached hereto as **Exhibit 2** is a true and correct copy of the October 2, 2026 email correspondence reflecting these communications.

5. On October 7, 2026, at approximately 8:00 a.m., Ms. Harman-Holmes emailed Plaintiffs' counsel announcing Family Defendants' intention to file an ex parte application that day concerning Dkt. 436. The email identified the relief Family Defendants intended to seek, including shortened notice for the October 28, 2026 hearing, relief from the uncompleted live conference requirement, permission to file separate opposition and reply papers, and suspension of the ordinary briefing deadlines pending a ruling. Attached hereto as **Exhibit 7** is a true and correct copy of Ms. Harman-Holmes's October 7, 2026 email.

6. On October 7, 2026, at approximately 2:41 p.m., I emailed Ms. Harman-Holmes regarding Family Defendants' Motion for Discovery and Sanctions (Dkt. 436). I advised that discovery motions were required to comply with the joint-stipulation procedure and applicable notice requirements. I requested that Family Defendants withdraw Dkt. 436 and refile it with appropriate notice after meeting and conferring in accordance with Local Rule 37-1. Attached hereto as **Exhibit 6** is a true and correct copy of my October 7, 2026 email, including the Notice of Electronic Filing for Dkt. 436 that I forwarded with my correspondence.

7. On October 9, 2026, at approximately 5:33 p.m., Ms. Harman-Holmes emailed Plaintiffs' counsel Kate McFarlane regarding Family Defendants' intended ex parte application concerning Dkt. 436. In that email, Ms. Harman-Holmes advised that Family Defendants intended to file their application on October 12, 2026, rather than October 7, 2026, as previously announced. Ms. Harman-Holmes also described the procedural relief Family Defendants intended to request, including shortened notice, relief from the uncompleted prefiling conference requirement, and permission to file separate opposition and reply papers instead of a joint stipulation. Attached hereto as

**Exhibit 4** is a true and correct copy of that October 9, 2026 email correspondence.

8. On October 9, 2026, at approximately 4:05 p.m., Ms. McFarlane emailed Ms. Harman-Holmes regarding Plaintiffs' intended ex parte application seeking to shorten time for a hearing on their Motion to Reopen Discovery for O.A.'s independent medical examination. In that email, Ms. McFarlane also advised that she had attempted to reach Ms. Harman-Holmes by telephone, left a message with her secretary, and attempted to call her direct line. Attached hereto as **Exhibit 5** is a true and correct copy of Ms. McFarlane's October 9, 2026 email.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 15, 2026 in Pasadena, California.

Morgan Ricketts

Morgan E. Ricketts

Ex. 1

**From:** Olu Orange
**To:** travis@rkhlawoffice.com
**Cc:** JStone@bordinsemmer.com; ariel@rkhlawoffice.com; Tami Galindo; Alexander Rodriguez; Kate McFarlane; Juan Aviles; Joshua Bordin-Wosk; Bryan Swaim; Erin Woodard; rosa@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer; Morgan Ricketts; Isabelle Geczy; Santiago Villegas; Karla Jinez
**Subject:** Re: DEPO DATES -- Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR (3600.118)
**Date:** Friday, October 2, 2026 4:20:12 PM
**Attachments:** image001.png

---

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi Mr. Wester,

Please see my email about Dr. Hernandez no longer having availability on 10/19. He is now available on 10/21.

Thanks,
Olu Orange

Sent from AT&T Yahoo Mail on Android

On Fri, Oct 2, 2026 at 3:45 PM, Travis Wester
<travis@rkhlawoffice.com> wrote:

> Greetings counsel,
>
> Family Defendants will serve amended deposition notices for the foregoing dates (Dr. Hernandez will be on October 19th).
>
> Kind regards,
>
> Travis Wester
> Paralegal
>
> **Hirji, Chau & Rodriguez, LLP**
> 5173 Overland Avenue
> Culver City, CA 90230
> Phone: (310) 391-0330
> Phone: (310) 391-0332
> Fax: (310) 943-0311
> Email: travis@rkhlawoffice.com
> Website: lawyer4children.com
> Like us on Facebook!
>
> STATEMENT OF CONFIDENTIALITY*:* This e-mail message contains information that may be

confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Fri, Oct 2, 2026 at 3:32 PM Olu Orange <oluorange@att.net> wrote:

Hi Ariel,

Do these dates (from Jennifer) work for you too?

Thanks!
Olu

Sent from AT&T Yahoo Mail on Android

On Fri, Oct 2, 2026 at 3:27 PM, Jennifer Stone <JStone@BordinSemmer.com> wrote:

Hi Counsel,

Here is our availability:

Dr. Hernandez: October 19th or 21st

Dr. Murphy: November 5th

Dr. Jajko: November 12th

Thank you.

JENNIFER STONE

*Attorney*

101 Continental Blvd., Suite 700
El Segundo, California 90245
jstone@bordinsemmer.com
TEL 323.457.2110
FAX 323.457.2120
Los Angeles | San Diego | Bay Area

BORDIN | SEMMER
TRIAL COUNSEL

**STRICTLY CONFIDENTIAL/SUBJECT TO ATTORNEY-CLIENT PRIVILEGE/ATTORNEY WORK PRODUCT**

Confidentiality Note: This e-mail (and any attachments hereto) is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. Dissemination, distribution or copying of this e-mail or the information contained herein by anyone other than the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, is prohibited. If you have received this e-mail in error, please notify us immediately (telephone (323) 457-2110 (U.S.A.) or e-mail jstone@bordinsemmer.com and destroy the original message and all copies. Thank you.

---

**From:** [ ORANGE ] <oluorange@att.net>
**Sent:** Friday, October 2, 2026 2:31 PM
**To:** ariel@rkhlawoffice.com; Tami Galindo <tgalindo@hadsellstormer.com>
**Cc:** Alexander Rodriguez <alex@rkhlawoffice.com>; travis@rkhlawoffice.com; Kate McFarlane <kmcfarlane@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Joshua Bordin-Wosk <JBordinWosk@BordinSemmer.com>; Bryan Swaim <BSwaim@BordinSemmer.com>; Jennifer Stone <JStone@BordinSemmer.com>; Erin Woodard <EWoodard@bordinsemmer.com>; rosa@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer <dstormer@hadsellstormer.com>; Morgan Ricketts <mricketts@hadsellstormer.com>; Isabelle Geczy <igeczy@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** DEPO DATES -- Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

Hi Ariel,

This is what I have so far from our people as far as availability. You were right, it did change a little.

Dr. Jajko: November 6th or 12th via Zoom

Dr. Murphy: October 29th at 12:30 pm *or* November 5th at 12:30 pm

Dr. Hernandez: October 19th, 21st or 23rd via Zoom

Please confer with necessary folks on your end. Then, please let me know what dates you'd like. If availability changes again before you contact me -- or has changed by the time you contact me, I'll let you know. Same for you Jen Stone -- please let me know, and I'll do the same.

Thanks so much! Have a great weekend everybody!

-Olu

On Wednesday, September 30, 2026 at 09:49:49 AM PDT, Olu Orange <orangelawoffices@att.net> wrote:

Hi Ariel,

I think the experts' availabilities may have changed. Thank you for raising this important point. I'll check on new dates and get back to you.

Thanks so much!

Olu

Sent from AT&T Yahoo Mail on Android

On Tue, Sep 29, 2026 at 8:25 PM, Ariel Harman-Holmes

<ariel@rkhlawoffice.com> wrote:

> Counsel,
>
> I'm following up on my September 24 email sent at 5:41 p.m. With expert discovery closing this Friday, October 2, we need to address the outstanding retained-expert depositions, Plaintiffs' September 25 nonretained rebuttal disclosures, and the court relief necessary to resolve these issues.

Rosa requested coordinated scheduling and proposed remote depositions on September 21, before the notices were served. We cleared counsel's calendars for the authorized expert discovery window. We have your September 23 correspondence stating that none of Plaintiffs' three retained experts were available within that window, as well as Olu's September 25 follow-up offering October 8, 9, and the week of October 19 for Hernandez. For Jajko, you proposed the weeks of October 12 or 19 following her return and trial commitment. We still need dates for Murphy.

Please answer the following separately for Murphy, Jajko, and Hernandez:

1. Has the expert's availability changed, and can Plaintiffs make the expert available for deposition, remotely if necessary, on or before October 2?
2. If so, on what date and at what time?
3. When did Plaintiffs first ask the expert about availability during the September 19 through October 2 discovery window, and what efforts have been made to secure availability?
4. Which requested expert materials have been produced, which remain outstanding or are being withheld, and when will the remaining materials be produced? Please identify the basis for any withholding.

We acknowledge receipt of the September 23 and September 25 responses and objections. We need to resolve the actual production issues, including access to Murphy's testing protocols, answer sheets, score reports, printouts, and analyses, and the other requested materials supporting the experts' opinions.

Please confirm whether the previously offered October dates remain available and provide any additional October and November availability, beginning with the earliest dates. We have conflicting deposition and other commitments in October. Travis will follow up with dates defense counsel can attend, and we will work to identify the earliest workable dates. Meanwhile, Gottlieb's deposition proceeded September 25, Samples' deposition is scheduled for tomorrow, and Katz's deposition remains scheduled for Friday.

Any deposition after October 2 requires court authorization. Coordinating or taking a later deposition does not waive our objections to Plaintiffs' diligence, the adequacy or timeliness of their disclosures, the admissibility of their experts' opinions, or the prejudice and expenses caused by delayed discovery. The delay has disrupted our planned opportunity to examine Plaintiffs' experts and materials before preparing and defending our experts and assessing challenges to Plaintiffs' testimony.

We intend to seek appropriate relief, including exclusion where warranted and reasonable expenses caused by the missed depositions and delayed discovery. If the testimony is permitted, we will seek firm dates for the depositions and production of materials, with terms addressing the resulting prejudice, costs, and need for responsive expert analysis. For any later deposition, we propose complete production at least two business days beforehand.

We also need to address the September 25 nonretained rebuttal disclosures for Westbrook, Willison, Nishii, Dayton, Kammes, Haglund, Jennifer Hernandez, Van Order, Medberry, Duarte, and Tortora. These entries identify subjects but do not adequately summarize the actual opinions and supporting facts required by Rule 26(a)(2)(C). For example, Willison's entry lists O.A.'s cognitive ability, judgment, and understanding of sexual conduct and its consequences without stating his conclusions or their factual basis. Westbrook's entry similarly lists allegations, damages, cognitive functioning, and suggestibility without adequately identifying her opinions and supporting facts.

Please advise whether Plaintiffs will withdraw the challenged expert testimony or limit it to

adequately and timely disclosed opinions. If you contend that another timely disclosure supplies the missing information, identify its service date and the specific portions relied upon. If Plaintiffs propose supplemental disclosures, please provide the proposed language and your position on why the deficiencies were substantially justified or harmless. We reserve our objections to late disclosures, new opinions, and the scope of any claimed rebuttal, and intend to seek exclusion under Rule 37(c)(1).

Travis served corrected Westbrook and Willison notices on September 28 and is handling witness service. We acknowledge the conflict you identified with Katz's October 2 deposition at 10:30 a.m. Witness availability and workable deposition times still need to be resolved, including the scheduling issues raised by Willison's counsel. We will coordinate with the witnesses' counsel and request your cooperation in resolving the overlap. If their challenged expert testimony is permitted and the examinations cannot be completed before the cutoff, we will seek specific court authorization to examine them afterward.

For Dr. Tau, we will seek limited court authorization for a later deposition based on an unexpected emergency child-abduction matter arising around September 23 that prevents his deposition before October 2. His earliest available date is October 13, with additional availability October 14, 15, 19, and 22. Please identify the earliest date Plaintiffs' counsel can attend and whether Plaintiffs oppose a limited court order authorizing that deposition after the cutoff.

Please also confirm whether Kuo's deposition will proceed tomorrow. Tami's 11:52 a.m. email today said it would not, while Kate's 3:58 p.m. email said it would proceed. Our existing service and notice objections remain reserved.

Please respond by noon tomorrow, September 30, with your positions and two or three times for a brief videoconference tomorrow or Thursday, October 1. We recognize the deposition commitments on both sides and will try to accommodate a conference before a deposition, during a recess, or after adjournment. If neither day is possible, please explain the constraints and identify the earliest available time.

Best,
Ariel

On Mon, Sep 28, 2026 at 11:22 AM Tami Galindo <tgalindo@hadsellstormer.com> wrote:

> Good Morning Counsel,
>
> Yes, both Dr. Boles and Dr. Kuo have been served.
>
> Sincerely,
>
> *Tami D. Galindo*
>
> (she, her, hers)

Paralegal

**Hadsell Stormer Renick & Dai LLP**

---

**From:** Alexander Rodriguez <alex@rkhlawoffice.com>
**Sent:** Wednesday, September 23, 2026 6:05 PM
**To:** Olu Orange (law office) <orangelawoffices@att.net>
**Cc:** travis@rkhlawoffice.com; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; ariel@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer <dstormer@hadsellstormer.com>; Morgan Ricketts <mricketts@hadsellstormer.com>; Isabelle Geczy <igeczy@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Dear Plaintiffs' counsel,

The Family Defendants received Plaintiffs' notice of taking the depositions of non-retained experts Dr. Richard Boles and Alice Kuo, M.D. The Family Defendants do not control these non-retained experts and therefore lack the authority to accept a deposition notice or subpoena on their behalf. Therefore, if Plaintiffs seek to depose these non-retained experts, then Plaintiffs must issue a subpoena to compel attendance pursuant to Rules 30 and 45.

Please confirm that Plaintiffs have served subpoenas in compliance with Rule 45.

Thank you,

Alex Rodriguez

On Wed, Sep 23, 2026 at 1:45 PM [ ORANGE LAW ] <orangelawoffices@att.net> wrote:

Dear counsel,

I have also heard back from Dr. Hernandez about his depo availability. Similarly, he is currently unavailable -- and he is abroad (see note re Dr. Jajko below). Dr. Hernandez will be available on October 8th and 9th. He also has other possibilities later in October. If the 8th or 9th is not agreeable, please propose dates in late October and I will confirm with him. We will stipulate as necessary.

Thanks.

Olu

On 9/23/2026 9:29 AM, Olu Orange wrote:

Dear Mr. Wester & counsel,

Please hold off on sending that amended notice. Last night I heard back from Dr. Jajko re her availability. She is now on a trip out of town. She returns October 5th, at which time she starts a trial. Please provide possible dates during the week of 10/12 or 10/19. We will stipulate as necessary.

Thanks,

Olu

Sent from AT&T Yahoo Mail on Android

On Wed, Sep 23, 2026 at 9:16 AM, Travis Wester

<travis@rkhlawoffice.com> wrote:

Greetings counsel,

Defendants will amend Dr. Jajko's deposition notice for Monday, September 28th.

Thank you,

Travis Wester

Paralegal

**Hirji, Chau & Rodriguez, LLP**

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: travis@rkhlawoffice.com

Website: lawyer4children.com

Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Tue, Sep 22, 2026 at 6:08 PM Kate McFarlane <KMcFarlane@hadsellstormer.com> wrote:

> Counsel,
>
> Please note that based on Family Defendants' representations, the only full day that Lev Gottlieb is available for deposition is this Friday, September 25th, so we noticed that deposition accordingly. However, we see that you noticed Melissa Jajko's deposition for

that same day.

Please re-notice Jajko's deposition for another day or provide alternative dates for Gottlieb's deposition to go forward for a full day. A 2-hour window for one of defendants' retained experts is not sufficient.

Thank you.

Best,

*Kate McFarlane* (she/her/hers)

Attorney

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

kmcfarlane@hadsellstormer.com

**NOTICE:** This electronic mail transmissionâ€"and any attachmentsâ€"contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

---

**From:** Juan Aviles <javiles@hadsellstormer.com>

**Sent:** Tuesday, September 22, 2026 6:04 PM
**To:** Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; alex@rkhlawoffice.com; ariel@rkhlawoffice.com; Travis Wester <travis@rkhlawoffice.com>; guadalupe@rkhlawoffice.com
**Cc:** Dan Stormer <dstormer@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Morgan Ricketts <mricketts@hadsellstormer.com>; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Isabelle Geczy <igeczy@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

Good afternoon Counsel,

Attached please find the following documents, being served via email only:

1. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS RETAINED EXPERT LEV GOTTLIEB, PHD AND REQUEST FOR PRODUCTION OF DOCUMENTS;

2. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF NONRETAINED EXPERT DR. RICHARD G. BOLES, DEPOSITION SUBPOENA, AND REQUEST FOR PRODUCTION OF DOCUMENTS;

3. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS RETAINED EXPERT MARY SAMPLES AND REQUEST FOR PRODUCTIN OF DOCUMENTS;

4. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF NONRETAINED EXPERT ALICE KUO, M.D., DEPOSITON SUBPOENA, AND REQUESTS FOR PRODUCTION OF DOCUMENTS; and

5. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS RETAINED EXPERT STAN KATZ AND REQUESTS FOR PRODUCTION OF DOCUMENTS.

Sincerely,

*Juan Aviles*

Paralegal

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

javiles@hadsellstormer.com

**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

--

Alex Rodriguez

Partner

**Hirji, Chau & Rodriguez LLP**

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: alex@rkhlawoffice.com

Website: lawyer4children.com

Like us on Facebook!

STATEMENT OF CONFIDENTIALITY*:* This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

---

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters,

--

Ariel Harman-Holmes

Senior Litigation Attorney

Hirji, Chau & Rodriguez, LLP

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: ariel@rkhlawoffice.com

Website: lawyer4children.com

Like us on Facebook!

STATEMENT OF CONFIDENTIALITY*:* This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

Ex. 2

**From:** Olu Orange
**To:** Ariel Harman-Holmes
**Cc:** Tami Galindo; Alexander Rodriguez; travis@rkhlawoffice.com; Kate McFarlane; Juan Aviles; Joshua Bordin-Wosk; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer; Morgan Ricketts; Isabelle Geczy; Santiago Villegas; Karla Jinez
**Subject:** Re: DEPO DATES -- Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR
**Date:** Friday, October 2, 2026 3:55:44 PM

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Hi Ariel,

Sorry. I have previously scheduled matters to attend to this afternoon. I can't get on a call.

Are you saying that you want to allow all experts to produce their requested materials after their depositions? I still think I'm lost a bit on this. If so, would they be able to be re-deposed? I'm unclear. Or, is this about something else?

Olu

Sent from AT&T Yahoo Mail on Android

On Fri, Oct 2, 2026 at 3:47 PM, Ariel Harman-Holmes
<ariel@rkhlawoffice.com> wrote:

> Olu,
>
> The immediate issue is that expert discovery closes today, but all the dates you offered are after the cutoff. We will notice selected dates today and take the depositions to avoid further prejudice. That does not resolve the remaining issues.
>
> We need to address production before the depositions, including Murphy's testing protocols, answer sheets, printouts, score reports, and analyses. For Jajko and Hernandez, we need to clarify whether there are additional nonprotected review notes or supporting materials that have not been produced. If those materials have already been provided, please identify where; otherwise, please tell us what will be provided and when, and what is being withheld.
>
> We are asking whether Plaintiffs will stipulate to a court order allowing the remaining expert disputes to be heard after the cutoff and giving our experts time after production and the depositions to address what we learn. Both sides can preserve their positions on exclusion, the adequacy of the disclosures, prejudice, and expenses. Taking the depositions does not mean we agree that the delay has been cured.
>
> You do not need to agree with our substantive objections to agree on a procedure for

resolving them. That is what we need to discuss before filing today.

Can you join a brief videoconference this afternoon? Please give me a time and I'll send a link.

Best,
Ariel

On Fri, Oct 2, 2026 at 3:23 PM Olu Orange <oluorange@att.net> wrote:

Hi Ariel,

I am thoroughly confused. Can you please explain, or possibly simplify? I would like to be helpful. But, I truly don't understand all this.

Thanks,
Olu

Sent from AT&T Yahoo Mail on Android

On Fri, Oct 2, 2026 at 3:14 PM, Ariel Harman-Holmes <ariel@rkhlawoffice.com> wrote:

Counsel,

We will serve deposition notices today for selected dates offered in Olu's 2:30 p.m. email, after coordinating counsel's availability. Please confirm that Plaintiffs will hold the selected dates and produce the experts if the Court authorizes the depositions. Our efforts to secure those dates preserve our objections to Plaintiffs' expert disclosures and testimony, and to the prejudice and expenses caused by the delayed discovery.

We intend to file our noticed motion and related ex parte application before Judge Murillo today, Friday, October 2. I am renewing our request for a videoconference today, before filing, concerning that relief and the contemplated motion before Magistrate Judge Rocconi. Please respond immediately with your available times this afternoon. We will make every effort to accommodate them.

We requested coordinated scheduling on September 21, following the September 18 expert disclosures, and proposed dates and served notices beginning September 22. On September 23, Plaintiffs advised that their retained experts were unavailable within the discovery window. Murphy's September 24, Jajko's September 28, and Jaime Hernandez's October 1 depositions resulted in recorded nonappearances. Plaintiffs have provided no deposition dates within the Court's schedule.

We raised these issues on September 24 and followed up in detail on September 29, requesting your positions on the disputed matters and a videoconference September 30 or October 1. We offered to accommodate a conference around the parties' deposition commitments. Olu's September 30 response promised updated availability

but did not address the conference request, outstanding materials, disclosure objections, or requested court relief. Today's email provides post-cutoff dates, including November dates for Jajko, but leaves those other issues unresolved.

The Court allowed two weeks for expert discovery and only one week after rebuttal disclosures. Even a discovery motion filed immediately after Plaintiffs' September 23 statements of unavailability could not have been heard before October 2 on ordinary twenty-one-day notice. During this period, we continued pursuing the outstanding discovery and preparing and producing our own experts for examination. Plaintiffs' September 25 nonretained rebuttal disclosures also required us to address newly designated opinions and the adequacy of their supporting disclosures.

Before Judge Murillo, we will seek an order permitting the identified expert disputes to be presented and heard after October 2. If the challenged testimony is permitted, we will seek express authorization for the necessary depositions, production, and responsive expert analysis and disclosures, with appropriate deadlines for challenges that depend on that work. We will also address the limited accommodation requested for Dr. Tau.

The ex parte application will request an expedited hearing on the noticed motion, proposed for October 14 at 1:30 p.m. or the Court's earliest available date, and interim relief from the October 2 heard-before-cutoff requirement while that motion is pending. We will request the necessary relief from ordinary conference and notice requirements based on the shortened schedule, our efforts to resolve the disputes, and the actual conference record.

Before Magistrate Judge Rocconi, exclusion or limitation remains our primary requested remedy. The grounds include deficient expert disclosures, inadequate summaries of nonretained experts' opinions and supporting facts, opinions exceeding proper rebuttal, Plaintiffs' failure to make their retained experts available for timely examination, and the resulting prejudice.

If the challenged testimony is permitted, we will alternatively seek enforceable deposition and production orders, including appropriate access to Murphy's testing materials, any necessary additional or repeat deposition leave, and conditions allowing meaningful responsive expert work. We will also address appropriate expenses caused by the discovery failures.

Please advise whether Plaintiffs will stipulate today to a court order permitting the identified motions to be presented and heard after the cutoff and, if the testimony is permitted, authorizing discovery on firm dates, complete production or protected access at least two business days before examination, and responsive expert work within fourteen days after the later of complete relevant production or the last relevant deposition. Any scheduling stipulation can preserve both sides' positions on exclusion, prejudice, and expenses. Please also identify any challenged testimony Plaintiffs will withdraw or limit and any outstanding materials they will produce.

Please state whether you oppose today's ex parte application and which relief you oppose. We need to discuss these issues and possible resolution during today's videoconference.

We will promptly serve the filed papers. Under Judge Murillo's posted procedures, opposition to the ex parte application is due at the later of twenty-four hours after service or 3:00 p.m. on the next court day, unless the Court orders otherwise. We will confirm the deadline upon service.

Best,
Ariel

On Fri, Oct 2, 2026 at 2:30 PM [ ORANGE ] <oluorange@att.net> wrote:

> Hi Ariel,
>
> This is what I have so far from our people as far as availability. You were right, it did change a little.
>
> Dr. Jajko: November 6th or 12th via Zoom
>
> Dr. Murphy: October 29th at 12:30 pm *or* November 5th at 12:30 pm
>
> Dr. Hernandez: October 19th, 21st or 23rd via Zoom
>
> Please confer with necessary folks on your end. Then, please let me know what dates you'd like. If availability changes again before you contact me -- or has changed by the time you contact me, I'll let you know. Same for you Jen Stone -- please let me know, and I'll do the same.
>
> Thanks so much! Have a great weekend everybody!
>
> -Olu
>
> On Wednesday, September 30, 2026 at 09:49:49 AM PDT, Olu Orange <orangelawoffices@att.net> wrote:
>
> Hi Ariel,
>
> I think the experts' availabilities may have changed. Thank you for raising this important point. I'll check on new dates and get back to you.
>
> Thanks so much!
>
> Olu
>
> Sent from AT&T Yahoo Mail on Android
>
> On Tue, Sep 29, 2026 at 8:25 PM, Ariel Harman-Holmes <ariel@rkhlawoffice.com> wrote:
>
>> Counsel,
>>
>> I'm following up on my September 24 email sent at 5:41 p.m. With expert discovery closing this Friday, October 2, we need to address the outstanding retained-expert depositions, Plaintiffs' September 25 nonretained rebuttal disclosures, and the court relief necessary to resolve these issues.

Rosa requested coordinated scheduling and proposed remote depositions on September 21, before the notices were served. We cleared counsel's calendars for the authorized expert discovery window. We have your September 23 correspondence stating that none of Plaintiffs' three retained experts were available within that window, as well as Olu's September 25 follow-up offering October 8, 9, and the week of October 19 for Hernandez. For Jajko, you proposed the weeks of October 12 or 19 following her return and trial commitment. We still need dates for Murphy.

Please answer the following separately for Murphy, Jajko, and Hernandez:

1. Has the expert's availability changed, and can Plaintiffs make the expert available for deposition, remotely if necessary, on or before October 2?

2. If so, on what date and at what time?

3. When did Plaintiffs first ask the expert about availability during the September 19 through October 2 discovery window, and what efforts have been made to secure availability?

4. Which requested expert materials have been produced, which remain outstanding or are being withheld, and when will the remaining materials be produced? Please identify the basis for any withholding.

We acknowledge receipt of the September 23 and September 25 responses and objections. We need to resolve the actual production issues, including access to Murphy's testing protocols, answer sheets, score reports, printouts, and analyses, and the other requested materials supporting the experts' opinions.

Please confirm whether the previously offered October dates remain available and provide any additional October and November availability, beginning with the earliest dates. We have conflicting deposition and other commitments in October. Travis will follow up with dates defense counsel can attend, and we will work to identify the earliest workable dates. Meanwhile, Gottlieb's deposition proceeded September 25, Samples' deposition is scheduled for tomorrow, and Katz's deposition remains scheduled for Friday.

Any deposition after October 2 requires court authorization. Coordinating or taking a later deposition does not waive our objections to Plaintiffs' diligence, the adequacy or timeliness of their disclosures, the admissibility of their experts' opinions, or the prejudice and expenses caused by delayed discovery. The delay has disrupted our planned opportunity to examine Plaintiffs' experts and materials before preparing and defending our experts and assessing challenges to Plaintiffs' testimony.

We intend to seek appropriate relief, including exclusion where warranted and reasonable expenses caused by the missed depositions and delayed discovery. If the testimony is permitted, we will seek firm dates for the depositions and production of materials, with terms addressing the resulting prejudice, costs, and need for responsive expert analysis. For any later deposition, we propose complete production at least two business days beforehand.

We also need to address the September 25 nonretained rebuttal disclosures for Westbrook, Willison, Nishii, Dayton, Kammes, Haglund, Jennifer Hernandez, Van Order, Medberry, Duarte, and Tortora. These entries identify subjects but do not adequately summarize the actual opinions and supporting facts required by Rule 26(a)(2)(C). For example, Willison's entry lists O.A.'s cognitive ability, judgment, and understanding of sexual conduct and its consequences without stating his conclusions or their factual basis. Westbrook's entry similarly lists allegations, damages, cognitive functioning, and suggestibility without adequately identifying her opinions and supporting facts.

Please advise whether Plaintiffs will withdraw the challenged expert testimony or limit it to adequately and timely disclosed opinions. If you contend that another timely disclosure supplies the missing information, identify its service date and the specific portions relied upon. If Plaintiffs propose supplemental disclosures, please provide the proposed language and your position on why the deficiencies were substantially justified or harmless. We reserve our objections to late disclosures, new opinions, and the scope of any claimed rebuttal, and intend to seek exclusion under Rule 37(c)(1).

Travis served corrected Westbrook and Willison notices on September 28 and is handling witness service. We acknowledge the conflict you identified with Katz's October 2 deposition at 10:30 a.m. Witness availability and workable deposition times still need to be resolved, including the scheduling issues raised by Willison's counsel. We will coordinate with the witnesses' counsel and request your cooperation in resolving the overlap. If their challenged expert testimony is permitted and the examinations cannot be completed before the cutoff, we will seek specific court authorization to examine them afterward.

For Dr. Tau, we will seek limited court authorization for a later deposition based on an unexpected emergency child-abduction matter arising around September 23 that prevents his deposition before October 2. His earliest available date is October 13, with additional availability October 14, 15, 19, and 22. Please identify the earliest date Plaintiffs' counsel can attend and whether Plaintiffs oppose a limited court order authorizing that deposition after the cutoff.

Please also confirm whether Kuo's deposition will proceed tomorrow. Tami's 11:52 a.m. email today said it would not, while Kate's 3:58 p.m. email said it would proceed. Our existing service and notice objections remain reserved.

Please respond by noon tomorrow, September 30, with your positions and two or three times for a brief videoconference tomorrow or Thursday, October 1. We recognize the deposition commitments on both sides and will try to accommodate a conference before a deposition, during a recess, or after adjournment. If neither day is possible, please explain the constraints and identify the earliest available time.

Best,
Ariel

On Mon, Sep 28, 2026 at 11:22 AM Tami Galindo <tgalindo@hadsellstormer.com> wrote:

> Good Morning Counsel,
>
> Yes, both Dr. Boles and Dr. Kuo have been served.
>
> Sincerely,
>
> *Tami D. Galindo*
>
> (she, her, hers)
>
> Paralegal
>
> **Hadsell Stormer Renick & Dai LLP**

**From:** Alexander Rodriguez <alex@rkhlawoffice.com>
**Sent:** Wednesday, September 23, 2026 6:05 PM
**To:** Olu Orange (law office) <orangelawoffices@att.net>
**Cc:** travis@rkhlawoffice.com; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; ariel@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer <dstormer@hadsellstormer.com>; Morgan Ricketts <mricketts@hadsellstormer.com>; Isabelle Geczy <igeczy@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Dear Plaintiffs' counsel,

The Family Defendants received Plaintiffs' notice of taking the depositions of non-retained experts Dr. Richard Boles and Alice Kuo, M.D. The Family Defendants do not control these non-retained experts and therefore lack the authority to accept a deposition notice or subpoena on their behalf. Therefore, if Plaintiffs seek to depose these non-retained experts, then Plaintiffs must issue a subpoena to compel attendance pursuant to Rules 30 and 45.

Please confirm that Plaintiffs have served subpoenas in compliance with Rule 45.

Thank you,

Alex Rodriguez

On Wed, Sep 23, 2026 at 1:45 PM [ ORANGE LAW ] <orangelawoffices@att.net> wrote:

> Dear counsel,

I have also heard back from Dr. Hernandez about his depo availability. Similarly, he is currently unavailable -- and he is abroad (see note re Dr. Jajko below). Dr. Hernandez will be available on October 8th and 9th. He also has other possibilities later in October. If the 8th or 9th is not agreeable, please propose dates in late October and I will confirm with him. We will stipulate as necessary.

Thanks.

Olu

On 9/23/2026 9:29 AM, Olu Orange wrote:

> Dear Mr. Wester & counsel,
>
> Please hold off on sending that amended notice. Last night I heard back from Dr. Jajko re her availability. She is now on a trip out of town. She returns October 5th, at which time she starts a trial. Please provide possible dates during the week of 10/12 or 10/19. We will stipulate as necessary.
>
> Thanks,
>
> Olu
>
> Sent from AT&T Yahoo Mail on Android
>
> On Wed, Sep 23, 2026 at 9:16 AM, Travis Wester
>
> <travis@rkhlawoffice.com> wrote:
>
>> Greetings counsel,
>>
>> Defendants will amend Dr. Jajko's deposition notice for Monday, September 28th.
>>
>> Thank you,
>>
>> Travis Wester
>>
>> Paralegal

**Hirji, Chau & Rodriguez, LLP**

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: travis@rkhlawoffice.com

Website: lawyer4children.com

Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Tue, Sep 22, 2026 at 6:08 PM Kate McFarlane <KMcFarlane@hadsellstormer.com> wrote:

> Counsel,
>
> Please note that based on Family Defendants' representations, the only full day that Lev Gottlieb is available for deposition is this Friday, September 25th, so we noticed that deposition accordingly. However, we see that you noticed Melissa Jajko's deposition for that same day.
>
> Please re-notice Jajko's deposition for another day or provide alternative dates for Gottlieb's deposition to go forward for a full day. A 2-hour window for one of defendants' retained experts is not sufficient.
>
> Thank you.
>
> Best,

*Kate McFarlane* (she/her/hers)

Attorney

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

kmcfarlane@hadsellstormer.com

**NOTICE:** This electronic mail transmissionâ€"and any attachmentsâ€"contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

---

**From:** Juan Aviles <javiles@hadsellstormer.com>
**Sent:** Tuesday, September 22, 2026 6:04 PM
**To:** Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; alex@rkhlawoffice.com; ariel@rkhlawoffice.com; Travis Wester <travis@rkhlawoffice.com>; guadalupe@rkhlawoffice.com
**Cc:** Dan Stormer <dstormer@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Morgan Ricketts <mricketts@hadsellstormer.com>; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Isabelle Geczy <igeczy@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

Good afternoon Counsel,

Attached please find the following documents, being served via email only:

1. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS RETAINED EXPERT LEV GOTTLIEB, PHD AND REQUEST FOR PRODUCTION OF DOCUMENTS;
2. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF NONRETAINED EXPERT DR. RICHARD G. BOLES, DEPOSITION SUBPOENA, AND REQUEST FOR PRODUCTION OF DOCUMENTS;
3. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS RETAINED EXPERT MARY SAMPLES AND REQUEST FOR PRODUCTIN OF DOCUMENTS;
4. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF NONRETAINED EXPERT ALICE KUO, M.D., DEPOSITON SUBPOENA, AND REQUESTS FOR PRODUCTION OF DOCUMENTS; and
5. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS RETAINED EXPERT STAN KATZ AND REQUESTS FOR PRODUCTION OF DOCUMENTS.

Sincerely,

*Juan Aviles*

Paralegal

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

javiles@hadsellstormer.com

**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that

any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

--

Alex Rodriguez

Partner

**Hirji, Chau & Rodriguez LLP**

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: alex@rkhlawoffice.com

Website: lawyer4children.com

Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

---

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters,

Ariel Harman-Holmes
Senior Litigation Attorney

Hirji, Chau & Rodriguez, LLP
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: ariel@rkhlawoffice.com
Website: lawyer4children.com

Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

--

Ariel Harman-Holmes
Senior Litigation Attorney

Hirji, Chau & Rodriguez, LLP
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: ariel@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

--

Ariel Harman-Holmes
Senior Litigation Attorney

Hirji, Chau & Rodriguez, LLP
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: ariel@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook!

STATEMENT OF CONFIDENTIALITY*:* This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

# Ex. 3

**From:** Ariel Harman-Holmes
**To:** Olu Orange (personal)
**Cc:** Tami Galindo; Alexander Rodriguez; travis@rkhlawoffice.com; Kate McFarlane; Juan Aviles; Joshua Bordin-Wosk; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer; Morgan Ricketts; Isabelle Geczy; Santiago Villegas; Karla Jinez
**Subject:** Re: DEPO DATES -- Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR
**Date:** Friday, October 2, 2026 3:48:04 PM

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Olu,

The immediate issue is that expert discovery closes today, but all the dates you offered are after the cutoff. We will notice selected dates today and take the depositions to avoid further prejudice. That does not resolve the remaining issues.

We need to address production before the depositions, including Murphy's testing protocols, answer sheets, printouts, score reports, and analyses. For Jajko and Hernandez, we need to clarify whether there are additional nonprotected review notes or supporting materials that have not been produced. If those materials have already been provided, please identify where; otherwise, please tell us what will be provided and when, and what is being withheld.

We are asking whether Plaintiffs will stipulate to a court order allowing the remaining expert disputes to be heard after the cutoff and giving our experts time after production and the depositions to address what we learn. Both sides can preserve their positions on exclusion, the adequacy of the disclosures, prejudice, and expenses. Taking the depositions does not mean we agree that the delay has been cured.

You do not need to agree with our substantive objections to agree on a procedure for resolving them. That is what we need to discuss before filing today.

Can you join a brief videoconference this afternoon? Please give me a time and I'll send a link.

Best,
Ariel

On Fri, Oct 2, 2026 at 3:23 PM Olu Orange <oluorange@att.net> wrote:

> Hi Ariel,
>
> I am thoroughly confused. Can you please explain, or possibly simplify? I would like to be helpful. But, I truly don't understand all this.
>
> Thanks,
> Olu

Sent from AT&T Yahoo Mail on Android

On Fri, Oct 2, 2026 at 3:14 PM, Ariel Harman-Holmes <ariel@rkhlawoffice.com> wrote:

Counsel,

We will serve deposition notices today for selected dates offered in Olu's 2:30 p.m. email, after coordinating counsel's availability. Please confirm that Plaintiffs will hold the selected dates and produce the experts if the Court authorizes the depositions. Our efforts to secure those dates preserve our objections to Plaintiffs' expert disclosures and testimony, and to the prejudice and expenses caused by the delayed discovery.

We intend to file our noticed motion and related ex parte application before Judge Murillo today, Friday, October 2. I am renewing our request for a videoconference today, before filing, concerning that relief and the contemplated motion before Magistrate Judge Rocconi. Please respond immediately with your available times this afternoon. We will make every effort to accommodate them.

We requested coordinated scheduling on September 21, following the September 18 expert disclosures, and proposed dates and served notices beginning September 22. On September 23, Plaintiffs advised that their retained experts were unavailable within the discovery window. Murphy's September 24, Jajko's September 28, and Jaime Hernandez's October 1 depositions resulted in recorded nonappearances. Plaintiffs have provided no deposition dates within the Court's schedule.

We raised these issues on September 24 and followed up in detail on September 29, requesting your positions on the disputed matters and a videoconference September 30 or October 1. We offered to accommodate a conference around the parties' deposition commitments. Olu's September 30 response promised updated availability but did not address the conference request, outstanding materials, disclosure objections, or requested court relief. Today's email provides post-cutoff dates, including November dates for Jajko, but leaves those other issues unresolved.

The Court allowed two weeks for expert discovery and only one week after rebuttal disclosures. Even a discovery motion filed immediately after Plaintiffs' September 23 statements of unavailability could not have been heard before October 2 on ordinary twenty-one-day notice. During this period, we continued pursuing the outstanding discovery and preparing and producing our own experts for examination. Plaintiffs' September 25 nonretained rebuttal disclosures also required us to address newly designated opinions and the adequacy of their supporting disclosures.

Before Judge Murillo, we will seek an order permitting the identified expert disputes to be presented and heard after October 2. If the challenged testimony is permitted, we will seek express authorization for the necessary depositions, production, and responsive expert analysis and disclosures, with appropriate deadlines for challenges that depend on that work. We will also address the limited accommodation requested for Dr. Tau.

The ex parte application will request an expedited hearing on the noticed motion, proposed for October 14 at 1:30 p.m. or the Court's earliest available date, and interim

relief from the October 2 heard-before-cutoff requirement while that motion is pending. We will request the necessary relief from ordinary conference and notice requirements based on the shortened schedule, our efforts to resolve the disputes, and the actual conference record.

Before Magistrate Judge Rocconi, exclusion or limitation remains our primary requested remedy. The grounds include deficient expert disclosures, inadequate summaries of nonretained experts' opinions and supporting facts, opinions exceeding proper rebuttal, Plaintiffs' failure to make their retained experts available for timely examination, and the resulting prejudice.

If the challenged testimony is permitted, we will alternatively seek enforceable deposition and production orders, including appropriate access to Murphy's testing materials, any necessary additional or repeat deposition leave, and conditions allowing meaningful responsive expert work. We will also address appropriate expenses caused by the discovery failures.

Please advise whether Plaintiffs will stipulate today to a court order permitting the identified motions to be presented and heard after the cutoff and, if the testimony is permitted, authorizing discovery on firm dates, complete production or protected access at least two business days before examination, and responsive expert work within fourteen days after the later of complete relevant production or the last relevant deposition. Any scheduling stipulation can preserve both sides' positions on exclusion, prejudice, and expenses. Please also identify any challenged testimony Plaintiffs will withdraw or limit and any outstanding materials they will produce.

Please state whether you oppose today's ex parte application and which relief you oppose. We need to discuss these issues and possible resolution during today's videoconference.

We will promptly serve the filed papers. Under Judge Murillo's posted procedures, opposition to the ex parte application is due at the later of twenty-four hours after service or 3:00 p.m. on the next court day, unless the Court orders otherwise. We will confirm the deadline upon service.

Best,
Ariel

On Fri, Oct 2, 2026 at 2:30 PM [ ORANGE ] <oluorange@att.net> wrote:

> Hi Ariel,
>
> This is what I have so far from our people as far as availability. You were right, it did change a little.
>
> Dr. Jajko: November 6th or 12th via Zoom
>
> Dr. Murphy: October 29th at 12:30 pm *or* November 5th at 12:30 pm
>
> Dr. Hernandez: October 19th, 21st or 23rd via Zoom
>
> Please confer with necessary folks on your end. Then, please let me know what dates you'd like.

If availability changes again before you contact me -- or has changed by the time you contact me, I'll let you know. Same for you Jen Stone -- please let me know, and I'll do the same.

Thanks so much! Have a great weekend everybody!

-Olu

On Wednesday, September 30, 2026 at 09:49:49 AM PDT, Olu Orange <orangelawoffices@att.net> wrote:

Hi Ariel,

I think the experts' availabilities may have changed. Thank you for raising this important point. I'll check on new dates and get back to you.

Thanks so much!

Olu

Sent from AT&T Yahoo Mail on Android

On Tue, Sep 29, 2026 at 8:25 PM, Ariel Harman-Holmes <ariel@rkhlawoffice.com> wrote:

Counsel,

I'm following up on my September 24 email sent at 5:41 p.m. With expert discovery closing this Friday, October 2, we need to address the outstanding retained-expert depositions, Plaintiffs' September 25 nonretained rebuttal disclosures, and the court relief necessary to resolve these issues.

Rosa requested coordinated scheduling and proposed remote depositions on September 21, before the notices were served. We cleared counsel's calendars for the authorized expert discovery window. We have your September 23 correspondence stating that none of Plaintiffs' three retained experts were available within that window, as well as Olu's September 25 follow-up offering October 8, 9, and the week of October 19 for Hernandez. For Jajko, you proposed the weeks of October 12 or 19 following her return and trial commitment. We still need dates for Murphy.

Please answer the following separately for Murphy, Jajko, and Hernandez:

1. Has the expert's availability changed, and can Plaintiffs make the expert available for deposition, remotely if necessary, on or before October 2?

2. If so, on what date and at what time?

3. When did Plaintiffs first ask the expert about availability during the September 19 through October 2 discovery window, and what efforts have been made to secure availability?

4. Which requested expert materials have been produced, which remain outstanding or are being withheld, and when will the remaining materials be produced? Please identify the basis for any withholding.

We acknowledge receipt of the September 23 and September 25 responses and objections.

We need to resolve the actual production issues, including access to Murphy's testing protocols, answer sheets, score reports, printouts, and analyses, and the other requested materials supporting the experts' opinions.

Please confirm whether the previously offered October dates remain available and provide any additional October and November availability, beginning with the earliest dates. We have conflicting deposition and other commitments in October. Travis will follow up with dates defense counsel can attend, and we will work to identify the earliest workable dates. Meanwhile, Gottlieb's deposition proceeded September 25, Samples' deposition is scheduled for tomorrow, and Katz's deposition remains scheduled for Friday.

Any deposition after October 2 requires court authorization. Coordinating or taking a later deposition does not waive our objections to Plaintiffs' diligence, the adequacy or timeliness of their disclosures, the admissibility of their experts' opinions, or the prejudice and expenses caused by delayed discovery. The delay has disrupted our planned opportunity to examine Plaintiffs' experts and materials before preparing and defending our experts and assessing challenges to Plaintiffs' testimony.

We intend to seek appropriate relief, including exclusion where warranted and reasonable expenses caused by the missed depositions and delayed discovery. If the testimony is permitted, we will seek firm dates for the depositions and production of materials, with terms addressing the resulting prejudice, costs, and need for responsive expert analysis. For any later deposition, we propose complete production at least two business days beforehand.

We also need to address the September 25 nonretained rebuttal disclosures for Westbrook, Willison, Nishii, Dayton, Kammes, Haglund, Jennifer Hernandez, Van Order, Medberry, Duarte, and Tortora. These entries identify subjects but do not adequately summarize the actual opinions and supporting facts required by Rule 26(a)(2)(C). For example, Willison's entry lists O.A.'s cognitive ability, judgment, and understanding of sexual conduct and its consequences without stating his conclusions or their factual basis. Westbrook's entry similarly lists allegations, damages, cognitive functioning, and suggestibility without adequately identifying her opinions and supporting facts.

Please advise whether Plaintiffs will withdraw the challenged expert testimony or limit it to adequately and timely disclosed opinions. If you contend that another timely disclosure supplies the missing information, identify its service date and the specific portions relied upon. If Plaintiffs propose supplemental disclosures, please provide the proposed language and your position on why the deficiencies were substantially justified or harmless. We reserve our objections to late disclosures, new opinions, and the scope of any claimed rebuttal, and intend to seek exclusion under Rule 37(c)(1).

Travis served corrected Westbrook and Willison notices on September 28 and is handling witness service. We acknowledge the conflict you identified with Katz's October 2 deposition at 10:30 a.m. Witness availability and workable deposition times still need to be resolved, including the scheduling issues raised by Willison's counsel. We will coordinate with the witnesses' counsel and request your cooperation in resolving the overlap. If their challenged expert testimony is permitted and the examinations cannot be completed before the cutoff, we will seek specific court authorization to examine them afterward.

For Dr. Tau, we will seek limited court authorization for a later deposition based on an unexpected emergency child-abduction matter arising around September 23 that prevents his deposition before October 2. His earliest available date is October 13, with additional availability October 14, 15, 19, and 22. Please identify the earliest date Plaintiffs' counsel can attend and whether Plaintiffs oppose a limited court order authorizing that deposition after the cutoff.

Please also confirm whether Kuo's deposition will proceed tomorrow. Tami's 11:52 a.m. email today said it would not, while Kate's 3:58 p.m. email said it would proceed. Our existing

service and notice objections remain reserved.

Please respond by noon tomorrow, September 30, with your positions and two or three times for a brief videoconference tomorrow or Thursday, October 1. We recognize the deposition commitments on both sides and will try to accommodate a conference before a deposition, during a recess, or after adjournment. If neither day is possible, please explain the constraints and identify the earliest available time.

Best,
Ariel

On Mon, Sep 28, 2026 at 11:22 AM Tami Galindo <tgalindo@hadsellstormer.com> wrote:

Good Morning Counsel,

Yes, both Dr. Boles and Dr. Kuo have been served.

Sincerely,

*Tami D. Galindo*

(she, her, hers)

Paralegal

**Hadsell Stormer Renick & Dai LLP**

---

**From:** Alexander Rodriguez <alex@rkhlawoffice.com>
**Sent:** Wednesday, September 23, 2026 6:05 PM
**To:** Olu Orange (law office) <orangelawoffices@att.net>
**Cc:** travis@rkhlawoffice.com; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Juan Aviles <javiles@hadsellstormer.com>; Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; ariel@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer <dstormer@hadsellstormer.com>; Morgan Ricketts <mricketts@hadsellstormer.com>; Isabelle Geczy <igeczy@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** Re: M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Dear Plaintiffs' counsel,

The Family Defendants received Plaintiffs' notice of taking the depositions of non-retained experts Dr. Richard Boles and Alice Kuo, M.D. The Family Defendants do not control these non-retained experts and therefore lack the authority to accept a deposition notice or subpoena on their behalf. Therefore, if Plaintiffs seek to depose these non-retained experts, then Plaintiffs must issue a subpoena to compel attendance pursuant to Rules 30 and 45.

Please confirm that Plaintiffs have served subpoenas in compliance with Rule 45.

Thank you,

Alex Rodriguez

On Wed, Sep 23, 2026 at 1:45 PM [ ORANGE LAW ] <orangelawoffices@att.net> wrote:

> Dear counsel,
>
> I have also heard back from Dr. Hernandez about his depo availability. Similarly, he is currently unavailable -- and he is abroad (see note re Dr. Jajko below). Dr. Hernandez will be available on October 8th and 9th. He also has other possibilities later in October. If the 8th or 9th is not agreeable, please propose dates in late October and I will confirm with him. We will stipulate as necessary.
>
> Thanks.
>
> Olu
>
> On 9/23/2026 9:29 AM, Olu Orange wrote:
>
> > Dear Mr. Wester & counsel,
> >
> > Please hold off on sending that amended notice. Last night I heard back from Dr. Jajko re her availability. She is now on a trip out of town. She returns October 5th, at which time she starts a trial. Please provide possible dates during the week of 10/12 or 10/19. We will stipulate as necessary.
> >
> > Thanks,

Olu

Sent from AT&T Yahoo Mail on Android

On Wed, Sep 23, 2026 at 9:16 AM, Travis Wester <travis@rkhlawoffice.com> wrote:

> Greetings counsel,
>
> Defendants will amend Dr. Jajko's deposition notice for Monday, September 28th.
>
> Thank you,
>
> Travis Wester
>
> Paralegal
>
> **Hirji, Chau & Rodriguez, LLP**
>
> 5173 Overland Avenue
>
> Culver City, CA 90230
>
> Phone: (310) 391-0330
>
> Phone: (310) 391-0332
>
> Fax: (310) 943-0311
>
> Email: travis@rkhlawoffice.com
>
> Website: lawyer4children.com
>
> Like us on Facebook!
>
> STATEMENT OF CONFIDENTIALITY*:* This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

On Tue, Sep 22, 2026 at 6:08 PM Kate McFarlane <KMcFarlane@hadsellstormer.com> wrote:

Counsel,

Please note that based on Family Defendants' representations, the only full day that Lev Gottlieb is available for deposition is this Friday, September 25th, so we noticed that deposition accordingly. However, we see that you noticed Melissa Jajko's deposition for that same day.

Please re-notice Jajko's deposition for another day or provide alternative dates for Gottlieb's deposition to go forward for a full day. A 2-hour window for one of defendants' retained experts is not sufficient.

Thank you.

Best,

*Kate McFarlane* (she/her/hers)

Attorney

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

kmcfarlane@hadsellstormer.com

**NOTICE:** This electronic mail transmissionâ€”and any attachmentsâ€”contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

---

**From:** Juan Aviles <javiles@hadsellstormer.com>
**Sent:** Tuesday, September 22, 2026 6:04 PM
**To:** Joshua Bordin-Wosk <jbordinwosk@bordinsemmer.com>; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; alex@rkhlawoffice.com; ariel@rkhlawoffice.com; Travis Wester <travis@rkhlawoffice.com>; guadalupe@rkhlawoffice.com
**Cc:** Dan Stormer <dstormer@hadsellstormer.com>; Olu Orange (law office) <orangelawoffices@att.net>; Morgan Ricketts <mricketts@hadsellstormer.com>; Kate McFarlane <KMcFarlane@hadsellstormer.com>; Isabelle Geczy <igeczy@hadsellstormer.com>; Santiago Villegas <svillegas@hadsellstormer.com>; Tami Galindo <tgalindo@hadsellstormer.com>; Karla Jinez <kjinez@hadsellstormer.com>
**Subject:** M.S., et al. v. O.A., et al. 2:23-cv-09957-SRM-MAR

Good afternoon Counsel,

Attached please find the following documents, being served via email only:

1. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS RETAINED EXPERT LEV GOTTLIEB, PHD AND REQUEST FOR PRODUCTION OF DOCUMENTS;

2. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF NONRETAINED EXPERT DR. RICHARD G. BOLES, DEPOSITION SUBPOENA, AND REQUEST FOR PRODUCTION OF DOCUMENTS;

3. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS RETAINED EXPERT MARY SAMPLES AND REQUEST FOR PRODUCTIN OF DOCUMENTS;

4. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF NONRETAINED EXPERT ALICE KUO, M.D., DEPOSITON SUBPOENA, AND REQUESTS FOR PRODUCTION OF DOCUMENTS; and

5. PLAINTIFFS' NOTICE OF TAKING THE DEPOSITION OF DEFENDANTS RETAINED EXPERT STAN KATZ AND

REQUESTS FOR PRODUCTION OF DOCUMENTS.

Sincerely,

*Juan Aviles*

Paralegal

**Hadsell Stormer Renick & Dai LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

javiles@hadsellstormer.com

**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

--

Alex Rodriguez

Partner

**Hirji, Chau & Rodriguez LLP**

5173 Overland Avenue

Culver City, CA 90230

Phone: (310) 391-0330

Phone: (310) 391-0332

Fax: (310) 943-0311

Email: alex@rkhlawoffice.com

Website: lawyer4children.com

Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

---

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

--

Ariel Harman-Holmes
Senior Litigation Attorney

Hirji, Chau & Rodriguez, LLP
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: ariel@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook!

STATEMENT OF CONFIDENTIALITY: This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

--

Ariel Harman-Holmes
Senior Litigation Attorney

Hirji, Chau & Rodriguez, LLP
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: ariel@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook!

> STATEMENT OF CONFIDENTIALITY*:* This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

--

Ariel Harman-Holmes
Senior Litigation Attorney

Hirji, Chau & Rodriguez, LLP
5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: ariel@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook!

STATEMENT OF CONFIDENTIALITY*:* This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

Ex. 4

**From:** Ariel Harman-Holmes
**To:** Kate McFarlane
**Cc:** Olu Orange (personal); Tami Galindo; Alexander Rodriguez; travis@rkhlawoffice.com; Juan Aviles; Joshua Bordin-Wosk; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer; Morgan Ricketts; Isabelle Geczy; Santiago Villegas; Karla Jinez; Jenny Chau
**Subject:** Re: Notice of Ex Parte Application - M.S. v. O.A.
**Date:** Friday, October 9, 2026 5:33:26 PM

---

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Kate,

This confirms our meet and confer today. We will oppose both Plaintiffs' ex parte application and the underlying motion to reopen discovery for O.A.'s IME. You advised that the underlying motion will be attached as an exhibit to the ex parte application.

As we discussed, we intend to file our ex parte application before Judge Rocconi on Monday, October 12, concerning our pending sanctions motion at Dkt. 436. This updates the filing date stated in my October 7 email.

We will request shortened notice for the October 28 hearing at 11:00 a.m., relief from the uncompleted live conference requirement, and permission to file separate opposition and reply papers instead of a joint stipulation. We propose opposition due October 14 and reply due October 21, and will ask that the ordinary briefing deadlines be suspended pending a ruling on the application. Our requests concerning the discovery cutoff remain before Judge Murillo.

You advised that Plaintiffs will oppose our application. If anyone from your office would like to meet and confer further by telephone or videoconference, we are available Monday any time after 10:00 a.m.

Best,
Ariel

On Fri, Oct 9, 2026 at 4:05 PM Kate McFarlane <kmcfarlane@hadsellstormer.com> wrote:

> Good afternoon Ariel,
>
> I have called and left a message with your secretary for you to return my call, but I did not hear back. I also attempted to call your direct line, but you do not have a voicemail box set up so I could not leave a message.
>
> This is your formal notice that we intend to file an *ex parte* application before Judge Murrillo today, October 9, 2026 Requesting to Shorten Time for a hearing on our Motion to Reopen Discovery for O.A.'s IME in light of Judge Rocconi's Order in Dkt. 417 granting Plaintiff's Motion to Compel O.A.'s IME.
>
> We are requesting that our hearing be set on November 18, 2026 at 1:30 PM, the same date

as your Motion for Review of Judge Rocconi's order in Dkt. 417, since these two issues are directly related and that would be in the interest of judicial efficiency.

Please let me know today if you will be opposing this *ex parte* application.

Thank you.

Best,

*Kate McFarlane* (she/her/hers)

Attorney

**HADSELL STORMER RENICK & DAI LLP**

128 N. Fair Oaks Ave.

Pasadena, California 91103

T (626) 585-9600

F (626) 577-7079

kmcfarlane@hadsellstormer.com

**NOTICE:** This electronic mail transmissionâ€"and any attachmentsâ€"contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

--

Ariel Harman-Holmes
Senior Litigation Attorney

Hirji, Chau & Rodriguez, LLP

5173 Overland Avenue
Culver City, CA 90230
Phone: (310) 391-0330
Phone: (310) 391-0332
Fax: (310) 943-0311
Email: ariel@rkhlawoffice.com
Website: lawyer4children.com
Like us on Facebook!

STATEMENT OF CONFIDENTIALITY*:* This e-mail message contains information that may be confidential and privileged. Unless you are the addressee (or authorized to receive messages for the addressee), you may not use, copy, or disclose this message (or any information contained in it) to anyone. If you have received this message in error, please advise the sender by reply e-mail and delete this message.

---

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

# Ex. 5

**From:** Kate McFarlane
**To:** Ariel Harman-Holmes; Olu Orange (personal)
**Cc:** Tami Galindo; Alexander Rodriguez; travis@rkhlawoffice.com; Juan Aviles; Joshua Bordin-Wosk; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer; Morgan Ricketts; Isabelle Geczy; Santiago Villegas; Karla Jinez; Jenny Chau
**Subject:** Notice of Ex Parte Application - M.S. v. O.A.
**Date:** Friday, October 9, 2026 4:05:50 PM

---

Good afternoon Ariel,

I have called and left a message with your secretary for you to return my call, but I did not hear back. I also attempted to call your direct line, but you do not have a voicemail box set up so I could not leave a message.

This is your formal notice that we intend to file an *ex parte* application before Judge Murrillo today, October 9, 2026 Requesting to Shorten Time for a hearing on our Motion to Reopen Discovery for O.A.'s IME in light of Judge Rocconi's Order in Dkt. 417 granting Plaintiff's Motion to Compel O.A.'s IME.

We are requesting that our hearing be set on November 18, 2026 at 1:30 PM, the same date as your Motion for Review of Judge Rocconi's order in Dkt. 417, since these two issues are directly related and that would be in the interest of judicial efficiency.

Please let me know today if you will be opposing this *ex parte* application.

Thank you.

Best,

*Kate McFarlane* (she/her/hers)
Attorney
**HADSELL STORMER RENICK & DAI LLP**
128 N. Fair Oaks Ave.
Pasadena, California 91103
T (626) 585-9600
F (626) 577-7079
kmcfarlane@hadsellstormer.com

**NOTICE:** This electronic mail transmissionâ€”and any attachmentsâ€”contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc" and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

Ex. 6

**From:** Morgan Ricketts
**To:** Ariel Harman-Holmes
**Cc:** Stevens; Travis Wester; Alexander Rodriguez; Rosa Hirji; Jenny Chau
**Subject:** FW: Activity in Case 2:23-cv-09957-SRM-MAR M.S. et al v. Oliver Angus et al Motion for Discovery
**Date:** Wednesday, October 7, 2026 2:41:55 PM

---

Ariel,

You filed a Motion for discovery regarding Plaintiffs' experts and for sanctions before Judge Rocconi. Discovery motions are supposed to be filed as Joint Stipulations. Where they are not filed as Joint Stipulations, Local Rule 6-1 applies to require 28 days of notice. See Local Rule 37-2.4. You have provided us with less than the required notice.

Please confirm you will withdraw the motion and refile with appropriate notice.

In addition, please make sure that before you refile, you meet and confer in advance in accordance with Local Rule 37-1.

I would note that I think of you as an excellent writer, and it may be exhaustion rather than AI, but whatever is going on, the difference is quite noticeable. I hope to see a return to your old style soon.

*Morgan Ricketts*
Partner
**HADSELL STORMER RENICK & DAI LLP**
128 N Fair Oaks Ave
Pasadena, CA 91103
T (626) 585-9600
F (626) 577-7079
mricketts@hadsellstormer.com

**NOTICE:** This electronic mail transmission—and any attachments—contains privileged and confidential information. This information is intended solely for use by the recipients identified in the "To," "Cc," and "Bcc" fields. If you are not an intended recipient, please note that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please immediately delete it and notify the sender.

---

**From:** cacd_ecfmail@cacd.uscourts.gov <cacd_ecfmail@cacd.uscourts.gov>
**Sent:** Saturday, October 3, 2026 12:09 AM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:23-cv-09957-SRM-MAR M.S. et al v. Oliver Angus et al Motion for Discovery

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Notice of Electronic Filing**

The following transaction was entered by Harman-Holmes, Ariel on 10/3/2026 at 0:08 AM PDT and filed on 10/2/2026

| | |
|---|---|
| **Case Name:** | M.S. et al v. Oliver Angus et al |
| **Case Number:** | 2:23-cv-09957-SRM-MAR |
| **Filer:** | Jamie Angus<br>Michael Angus<br>Oliver Angus |
| **Document Number:** | 436 |

**Docket Text:**
**NOTICE OF MOTION AND MOTION for Discovery regarding Plaintiffs' Experts , MOTION for Sanctions FRCP 16(f)(2) & 37(c)(1)(A) filed by Family Defendants Jamie Angus, Michael Angus, Oliver Angus. Motion set for hearing on 10/28/2026 at 11:00 AM before Magistrate Judge Margo A. Rocconi. (Attachments: # (1) Declaration of Ariel Harman-Holmes, # (2) Declaration of Jennifer Stone, # (3) Exhibit, # (4) Proposed Order)(Harman-Holmes, Ariel)**

**2:23-cv-09957-SRM-MAR Notice has been electronically mailed to:**

Alexander Faustino Rodriguez alex@rkhlawoffice.com, travis@rkhlawoffice.com

Ariel Harman-Holmes ariel@rkhlawoffice.com

Bina Ahmad bahmad@hadsellstormer.com, javiles@hadsellstormer.com, tgalindo@hadsellstormer.com

Bryan Christopher Swaim bswaim@bordinsemmer.com, ewoodard@bordinsemmer.com, jstone@bordinsemmer.com, tlevin@bordinsemmer.com

Craig C Lang craiglanglegal@gmail.com

Dan Stormer dstormer@hadsellstormer.com, tgalindo@hadsellstormer.com

Daniel K Dik ddik@fwcllp.com

Howard L Jacobs howard.jacobs@yahoo.com, howard.jacobs@athleteslawyer.com

Isabelle Maxine Geczy igeczy@hadsellstormer.com, kjinez@hadsellstormer.com

Jasmine Sadeghani asilva@fisherphillips.com, yjuarez@fisherphillips.com

Jennifer Stone jstone@bordinsemmer.com, tlevin@bordinsemmer.com

Jenny Chau jenny@rkhlawoffice.com, travis@rkhlawoffice.com

Joshua Bordin-Wosk jbordinwosk@bordinsemmer.com

Kate Kolomyjec McFarlane KMcFarlane@hadsellstormer.com, kjinez@hadsellstormer.com, tgalindo@hadsellstormer.com

Morgan E Ricketts mricketts@hadsellstormer.com, javiles@hadsellstormer.com, kjinez@hadsellstormer.com, tgalindo@hadsellstormer.com

Olu K Orange orangelawoffices@att.net

Patricia M Ford molly.ford@santamonica.gov, andrew.cabello@santamonica.gov, genevieve.fenster@santamonica.gov, maral.torosian@santamonica.gov

Rosa Karim Hirji rosa@rkhlawoffice.com, travis@rkhlawoffice.com

Sophia Brigitte Arim sarim@bordinsemmer.com

**2:23-cv-09957-SRM-MAR Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\fakepath\ANGUS Notice and Motion.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/3/2026] [FileNumber=43731143-0
] [a195350176f606c0ebaadb22e263b7ff360b0f23ac2d2685d83976bf2ff6a82d555
61a667956d7a25dfdbb103cbf291a379d18f232602dbffc39cf13f0ed3390]]
**Document description:**Declaration of Ariel Harman-Holmes
**Original filename:**C:\fakepath\ANGUS Dec of AHH.pdf
**Electronic document Stamp:**

[STAMP cacdStamp_ID=1020290914 [Date=10/3/2026] [FileNumber=43731143-1
] [42cd5a127fd6fd4e6f58826a240cb228e21cb8f521c90376ed6349538a69767caf9
4dcff2085fb6993b6b2e12d5c8020b863c04d6e2382c7ab9ab1609698f67f]]
**Document description:**Declaration of Jennifer Stone
**Original filename:**C:\fakepath\ANGUS Dec of JS.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/3/2026] [FileNumber=43731143-2
] [4f69189e03996dc76d7664016f80eb4d69938bfbdd2501d02d19dca322ef1df3b54
e07084f225cdaa64ac664aa6bdb95d461b3e9536537855bd31557e61b4acc]]
**Document description:**Exhibit
**Original filename:**C:\fakepath\Expert Discovery Exhibits 1-22.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/3/2026] [FileNumber=43731143-3
] [52a7b25a77e45621441847638d11ed33209b9a23a8c39d7804f6d16c9729fa93792
7ff211fd0a71a0591cd4985ab040b0a8c3d1f70e00adf3917b9471cae4d06]]
**Document description:**Proposed Order
**Original filename:**C:\fakepath\ANGUS Proposed Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=10/3/2026] [FileNumber=43731143-4
] [9736772000516322c6bc5bc2c00c7232bcd34ba60cc96f12d35b33d3226b5766e68
c56f05594f2b0305e4610cf68246ae9ced5ba0b7b38ba6cb409d7a4199a8d]]

---

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.

# Ex. 7

**From:** Ariel Harman-Holmes
**To:** Olu Orange (personal)
**Cc:** Tami Galindo; Alexander Rodriguez; travis@rkhlawoffice.com; Kate McFarlane; Juan Aviles; Joshua Bordin-Wosk; bswaim@bordinsemmer.com; jstone@bordinsemmer.com; ewoodard@bordinsemmer.com; rosa@rkhlawoffice.com; guadalupe@rkhlawoffice.com; Dan Stormer; Morgan Ricketts; Isabelle Geczy; Santiago Villegas; Karla Jinez; Jenny Chau
**Subject:** Notice of Ex Parte Application Regarding Dkt. 436 | M.S. v. O.A.
**Date:** Wednesday, October 7, 2026 8:00:33 AM

**[EXTERNAL EMAIL]** DO NOT CLICK links or attachments unless you recognize the sender and know the content is safe.

Counsel,

We intend to file an ex parte application before Judge Rocconi today, October 7, concerning our pending sanctions motion at Dkt. 436.

We'll ask her to approve shortened notice for the October 28 hearing at 11:00 a.m., excuse the uncompleted live conference, and allow separate opposition and reply papers instead of a joint stipulation. We propose opposition due October 14 and reply due October 21. We'll also ask her to suspend the ordinary briefing deadlines until she rules.

We need an approved procedure for resolving the pending expert disputes as the delayed depositions approach. Our requests concerning the discovery cutoff remain before Judge Murillo.

Please let me know this morning whether you oppose the application or agree to the proposed procedure. I'll also call to give oral notice and discuss your position.

Under Judge Rocconi's posted procedures, opposition to the ex parte application should be filed and served within 24 hours of oral notice, unless she orders otherwise. We'll promptly serve the filed papers.

Best,
Ariel

This email has been scanned for spam & viruses. If you believe this email should have been stopped by our filters, click here to report it.