Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. #349594]
Santiago Villegas, Esq. [S.B. #366637]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
svillegas@hadsellstormer.com / kmcfarlane@hadsellstormer.com
igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,<br><br>Plaintiffs,<br><br>v.<br><br>O.A., M.A., J.A., MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,<br><br>Defendants. | Case No.: 2:23-cv-09957-SRM-MAR<br><br>[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]<br><br>**PLAINTIFFS' OPPOSITION TO FAMILY DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S AUGUST 4, 2026 ORDER [DKT. 417] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a) AND LOCAL RULE 72-2.1**<br><br>*[Stormer Declaration; Lee Declaration and Exhibit 1; Azcarraga Declaration filed concurrently herewith]*<br><br>DATE: November 18, 2026<br>TIME: 1:30 p.m.<br>CRTRM: 5D<br><br>Complaint filed: November 22, 2023<br>Discovery Cutoff: September 11, 2026<br>FPTC: February 17, 2027<br>Trial Date: Not set |

# OPPOSITION

## I. INTRODUCTION

The conditions Family Defendants ask to be imposed on the independent mental examination should not be granted, as they have been shown to be both unscientific and not necessary for O.A.'s safety.

Second, the discovery cut-off should be extended to permit this IME to go forward. Plaintiff's Motion to Reopen Discovery for the purpose of obtaining the IME, is concurrently set for hearing on November 18 along with the instant Motion. Dkt. 445.

## II. RELEVANT FACTUAL BACKGROUND

O.A. has now appeared for five sessions of his deposition – two in this action, and three in the state court action. Those dates were: August 7 and August 13 (this action), and September 24, October 2, and October 20 (state court action). All of these dates were in 2026. Stormer Decl. ¶ 3; Lee Decl. ¶¶ 5-7.

At no time in any of those sessions, the first of which lasted from 10am to 3:51pm, has O.A. become ill, vomited, or shown any sign of medical distress. The only sign of fatigue noted by Plaintiffs' counsel was when he yawned once at the end of the August 7 session. Stormer Decl. ¶ 6.

The state court judge ordered O.A. to appear for two sessions of his deposition, neither of which were to exceed four hours. Lee Decl. ¶ 4, Exh. 1 p. 4, subsection B.

## III. ARGUMENT

### a. The Requested Modifications Should Not Be Granted

Family Defendants request the following modifications to Judge Rocconi's order:

**1. A time limitation of four hours.**

This modification should not be ordered.

It was not ordered in O.A.'s state court deposition; instead, the state court ordered that O.A. complete the full seven hours of deposition with sessions not to exceed four hours. Lee Declaration, Exh. 1. O.A. has now completed approximately eight hours of deposition without medical incident or observable signs of distress or fatigue, and

walked two blocks to lunch and back during the first of his deposition sessions. See Stormer Declaration; Lee Declaration.

Dr. Azcarraga states that she does not know if she will need more than four hours, will not be able to make that assessment until the examination is underway, and usually does need more than four hours and expects that she will need that time here. Azcarraga Decl. ¶ 8.

Plaintiffs' IME should not be limited to four hours. Instead, it should be limited to seven hours, in two sessions of no more than four hours each, excluding breaks.

**2. The right for OA's physician to be present at all times during the clinical interview and examination.**

While Plaintiffs do not oppose O.A.'s physician of choice attending the examination in a separate room so as to be available if needed and to evaluate him during breaks, it is not standard and not appropriate for a third party to observe the questioning. Dr. Azcarraga declares:

> This is not an accepted method because it is well understood that observation impacts responses. Such a condition would materially change the process and in my opinion, render it unscientific and nonstandard. I will not be able to fully assess O.A. with a third party present.

Dr. Azcarraga also attests that the testing materials themselves are copyrighted and that she is under an obligation not to release those materials to third parties, and having a third party present could prevent her from using the tests.

Dr. Azcarraga further explains that she is able to accommodate timed breaks as often as every 45 minutes to one hour to ensure that O.A. is checked regularly and does not become distressed. Azcarraga Decl. ¶ 7. She also always monitors evaluees for signs of fatigue so that she can suggest a break. Azcarraga Decl. ¶ 6.

**3. A prohibition on repetitive questioning or agitating OA.**

Plaintiffs and Dr. Azcarraga agree that no interrogative, aggressive, or raised-voice questioning should be conducted with O.A. Azcarraga Declaration ¶ 3. However, Dr. Azcarraga affirms that it is a part of the clinical process to be able to ask questions

about the same subject matter in different ways, and to be able to ask sensible follow-up questions. Azcarraga Decl. ¶ 3.

**4. Dates.**

Dr. Azcarraga is available January 13, 20, 21, and 28. Plaintiffs request that the Court order O.A. to appear on January 13, 20, and if needed, 21 and 28 to complete his seven hours of examination, and that Dr. Azcarraga have 21 days from the completion of the examination to prepare and disclose her expert report.

It is not Plaintiffs' intention to require O.A. to appear on three days; however, if he becomes tired after an hour or two and ends the first or second session very early, Plaintiffs request that he be ordered to appear as many times as necessary to complete the examination.

**b. Discovery Cut-Off**

As Family Defendants concede, Plaintiffs' motion for O.A.'s IME was timely and filed during the discovery window, on October 8, 2025. Dkt. 244. On August 4, 2026, a ruling was issued. However, by then discovery had already closed and been reopened by this Court for specified purposes. Dkt. 414. Those purposes did not include the IME (see Dkt. 414, fn. 5).

Plaintiffs have separately filed a Motion to Reopen Discovery for purposes of obtaining this IME. Dkt. 445. It is set for hearing on November 18, 2026, but Plaintiffs believe that the Court could simply order the IME now and take that motion off calendar as moot. If the Court is not inclined to order the IME because the discovery cut-off has passed, Plaintiffs respectfully request the opportunity to be heard on the matter.

## IV. CONCLUSION

The Court should order that the IME is to go forward on January 13, 20, 21, and 28, on consecutive days until the seven hours are exhausted, at a location to be selected by Family Defendants. If the Court so orders, it should also take the November 18 hearing date off calendar as moot.

The Court should also order that Dr. Azcarraga may have two weeks from the date

of the last session to prepare and disclose her expert report, and up to thirty days thereafter to appear for deposition.

The Court should further order that no person may be present to observe the examination, but that O.A.'s physician and one parent may wait outside the examination room for medical consultation during breaks as desired.

The examiner already agrees not to agitate or interrogate O.A., to allow him breaks as needed, and to allow him to eat or drink as needed. No court order is needed for these matters.

Dated: October 28, 2026

Respectfully Submitted,
ORANGE LAW OFFICES
HADSELL STORMER RENICK & DAI LLP

By: */s/* Morgan Ricketts
Olu K. Orange
Dan Stormer
Morgan Ricketts
Kate McFarlane
Isabelle Geczy
Santiago Villegas
Attorneys for Plaintiffs M.S. and I.H.

**Certificate of Compliance**

The undersigned, counsel of record for Plaintiffs M.S. and I.H., certifies that this brief contains 1090 words, which complies with the word limit of L.R. 11-6.1

Dated: October 28, 2026

/s/- Morgan Ricketts
Morgan Ricketts