Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. #349594]
Santiago Villegas, Esq. [S.B. #366637]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
svillegas@hadsellstormer.com / kmcfarlane@hadsellstormer.com
igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,

Plaintiffs,

v.

O.A., M.A., J.A., MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,

Defendants.

Case No.: 2:23-cv-09957-SRM-MAR

[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]

**DECLARATION OF DAN STORMER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO FAMILY DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S AUGUST 4, 2026 ORDER [DKT. 417] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a) AND LOCAL RULE 72-2.1**

DATE: November 18, 2026
TIME: 1:30 p.m.
CRTRM: 5D

Complaint filed: November 22, 2023
Discovery Cutoff: September 11, 2026
FPTC: February 17, 2027
Trial Date: Not set

# DECLARATION OF DAN STORMER

I, Dan Stormer, hereby declare as follows:

1. I am a founding partner at the law firm of Hadsell Stormer Renick & Dai LLP. I am an attorney licensed to practice law in California and before this Court, and am counsel of record for Plaintiffs in this action. The information contained herein is based on my personal knowledge, or upon review of files and documents generated or received and regularly maintained by my office in connection with this case. If called upon, I could testify in a court of law to the accuracy of the matters set forth herein.

2. This Declaration is submitted in support of Plaintiffs' Opposition to Family Defendants' Motion for Review of Magistrate Judge's August 4, 2026 Order [Dkt. 417] Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1.

3. On August 7, 2026, and August 13, 2026, I took the deposition of O.A. in this case, at the El Segundo law offices of counsel for School Defendants, Bordin Semmer.

4. The August 7 session began at 10am and ended at 3:51pm, with breaks, including a break for lunch. O.A. attended, along with both parents and a physician (Dr. Boles). Attorney Ariel Harman-Holmes defended the deposition and attorney Alex Rodriguez attended as well. Jennifer Stone was present on behalf of School Defendants.

5. O.A. arrived to the August 7 session in a motorized wheelchair. He appeared not to be familiar with its controls and struggled to park it at the deposition table. I began the examination by showing videos of O.A. playing flag football, jumping over high piles of objects as a challenge, and moving a weighted punching bag across a room. I inquired about his participation in Beyond Karate. He admitted he had not needed a wheelchair on the days he was shown playing football or participating in his karate classes. After the first break, O.A. never used his wheelchair again that day or in the second session of his deposition. In fact, during the lunch break, my colleagues and I walked to get lunch two blocks away from the deposition location, and while we were eating next to the window of the restaurant, we saw O.A. and his entire group walk by.

They had all walked the two blocks rather than driving, even though parking is plentiful in this area and it would have been easy to find parking near the restaurant. O.A. was not in his wheelchair. He walked back to the deposition after lunch was over, as well.

6. O.A. never showed signs of distress during the deposition. A break was taken at 3:38 pm because Dr. Boles stated that O.A. was "showing signs" of fatigue. I observed, just before Dr. Boles said that, that O.A. yawned. After the break, Ms. Harman-Holmes stated that "due to O.A.'s level of fatigue" they asked to conclude the first session at 3:51 p.m.

7. The second session took place on August 13, 2026 at the same location. It began at 10am and concluded at 12:10 pm, with breaks.

8. At no point during the August 13 deposition did O.A. show any signs of distress.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 28, 2026 in Pasadena, California.

Dan Stormer