Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. #349594]
Santiago Villegas, Esq. [S.B. #366637]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
svillegas@hadsellstormer.com / kmcfarlane@hadsellstormer.com
igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,

Plaintiffs,

v.

O.A., M.A., J.A., MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,

Defendants.

Case No.: 2:23-cv-09957-SRM-MAR

[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]

**DECLARATION OF HANNAH LEE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO FAMILY DEFENDANTS' MOTION FOR REVIEW OF MAGISTRATE JUDGE'S AUGUST 4, 2026 ORDER [DKT. 417] PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 72(a) AND LOCAL RULE 72-2.1**

DATE: November 18, 2026
TIME: 1:30 p.m.
CRTRM: 5D

Complaint filed: November 22, 2023
Discovery Cutoff: September 11, 2026
FPTC: February 17, 2027
Trial Date: Not set

# DECLARATION OF HANNAH LEE

I, Hannah Lee, hereby declare as follows:

1. I am a Senior Counsel at the law firm of Clyde & Co. US LLP. I am an attorney licensed to practice law in California and before this Court, and am counsel of record for Jessica DeVita in a state court defamation action filed by M.A., J.A., and O.A. The information contained herein is based on my personal knowledge, or upon review of files and documents generated or received and regularly maintained by my office in connection with this case. If called upon, I could testify in a court of law to the accuracy of the matters set forth herein.

2. This Declaration is submitted in support of Plaintiffs' Opposition to Family Defendants' Motion for Review of Magistrate Judge's August 4, 2026 Order [Dkt. 417] Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72-2.1.

3. I took the deposition of O.A. in the state court action, 24STCV in three sessions. O.A., J.A., and M.A. never argued in the state court action that we could not take O.A.'s deposition at all, and never claimed that he could die if deposed.

4. O.A., J.A., and M.A. did seek and obtain a protective order. The order was materially the same in all respects to the terms of the protective order for O.A.'s deposition that was granted in this federal action, except that the Court ordered the deposition not to exceed 7 hours over the course of two sessions, neither of which could exceed 4 hours excluding breaks. I am attaching a true and correct copy of that Minute Order to this Declaration as **Exhibit 1**.

5. The first session took place on September 24, 2026 from 10:12 am to 11:37 am, at which time O.A.'s counsel asked to take a break to make a copy of O.A.'s Reddit posts, which are some of the most inflammatory and problematic evidence for O.A.'s case in the state court. Following a ten minute break to review the Reddit posts, O.A.'s counsel represented that he was too fatigued to continue and would need to adjourn for the day. O.A. did not have any medical complications during the session and never showed any signs of distress. I did not observe any signs of fatigue during the

questioning.

6. The second session took place on October 2, 2026. O.A. did not have any medical complications during the session and never showed any signs of distress or fatigue that I saw. He said after about an hour that he was tired and wanted to stop, so we ended the deposition.

7. The third session took place on October 20, 2026 from 11:13am to 12:41pm. O.A. did not have any medical complications during the session and never showed any signs of distress or fatigue that I saw. He again said after about an hour of questioning that he was tired and wanted to stop, so we ended the deposition.

8. O.A. never appeared in a wheelchair for any of the sessions of his deposition. He walked in and out all three times without assistance.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on October 28, 2026 in Pasadena, California.

/s/ Hannah Lee

Hannah Lee

# INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Minute Order dated July 23, 2026 in Los Angeles Superior Court case number 24STCV07875 |

Exh. 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 400

**24STCV07875** July 23, 2026
**O. A, BY AND THROUGH HIS GUARDIAN AD LITEM, J.A, et al. vs JESSICA DEVITA** 8:30 AM

Judge: Honorable Dean J. Kitchens
Judicial Assistant: Juliete Ramirez
Courtroom Assistant: M. Quinteros

CSR: Cesar Rodriguez, CSR# 13269
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Alexander Rodriguez and Ariel Harman-Holmes for Rosa Karim Hirji

For Defendant(s): Anoushe Siroon Marandjian and Jennifer Viney; Margo Bouchet for Kevin R. Sutherland via (LACOURTCONNECT)

**NATURE OF PROCEEDINGS:** Hearing on Motion for Protective Order for the Deposition of O.A. [1889]; Hearing on Motion to Seal Records in Connection with Plaintiffs' Request for Leave to Submit Limited Supplemental Evidence [3898]

Pursuant to Government Code sections 68086, 70044, and California Rules of Court, rule 2.956, Cesar Rodriguez, CSR#13269, certified shorthand reporter is appointed as an official Court reporter pro tempore in these proceedings, and is ordered to comply with the terms of the Court Reporter Agreement. The Order is signed and filed this date.

The Court's tentative ruling is posted online for the parties to review.

The matters are called for hearing.

The Court having fully considered the arguments of all parties, both written and oral, now rules as follows:

The Court tenders the following decision in the matter *O. A., et al. v. Jessica DeVita*, Los Angeles County Superior Court case number 24STCV07875, set for hearing on July 23, 2026. O.A., J.A., and M.A. (collectively, Plaintiffs) move for a protective order for the deposition of O.A. by Jessica DeVita (Defendant). Plaintiffs also move to seal additional records submitted in opposition to the continued motion for summary judgment. Separately, Defendant moves for a protective order canceling the deposition of M.S. The Court grants all motions.

A. Plaintiffs' motion to seal is granted.

Plaintiffs move for the sealing of certain additional documents filed in support of their further opposition to Defendant's motion for summary judgment. Pursuant to California Rule of

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 400

**24STCV07875**
**O. A, BY AND THROUGH HIS GUARDIAN AD LITEM, J.A, et al. vs JESSICA DEVITA**

July 23, 2026
8:30 AM

Judge: Honorable Dean J. Kitchens
Judicial Assistant: Juliete Ramirez
Courtroom Assistant: M. Quinteros

CSR: Cesar Rodriguez, CSR# 13269
ERM: None
Deputy Sheriff: None

Court, rule 2.550(d), the court may order that a record be sealed if it finds facts that establish the following: (1) There exists an overriding interest that overcomes the right of public access to the record; (2) The overriding interest supports sealing the record; (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) The proposed sealing is narrowly tailored; and (5) No less restrictive means exist to achieve the overriding interest. The burden of showing there are less restrictive means of achieving the overriding interest lies with one who is seeking disclosure of the allegedly confidential information. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1224.)

A "reasoned decision about sealing or unsealing records cannot be made without . . . (1) identifying the specific information claimed to be entitled to such treatment; (2) identifying the nature of the harm threatened by disclosure; and (3) identifying and accounting for countervailing considerations. The burden of presenting information sufficient to accomplish the first two steps is logically placed on the party seeking the sealing of the documents, who is presumptively in the best position to know what disclosures will harm and how." (*H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 894.)

Plaintiffs filed the present motion to seal to protect certain materials from the public record, including records of juvenile court proceedings. There is an overriding interest in safeguarding the confidentiality of a minor's records to prevent collateral consequences. (T.N.G. v. Superior Court (1971) 4 Cal.3d 767, 776.) This interest supports sealing the designated materials. There is a substantial probability that disclosure of the records in question would prejudice Plaintiffs, as they contain identifying information about a minor and their sensitive juvenile court records. The sealing request is narrowly tailored and applies to only specific documents containing the relevant information. No less restrictive means exist of protecting the information. Thus, Plaintiffs have satisfied every requirement of rule 2.550(d). Accordingly, Plaintiffs' unopposed motion to seal is granted.

B. Plaintiffs' motion for a protective order is granted.

Plaintiffs seek a protective order providing O.A. certain medical accommodations for his upcoming deposition, including the following: (1) that he may select the location; (2) that he may be accompanied by his parents, physicians, and counsel; (3) that counsel will avoid repetitive questions if he cannot remember; (4) that the deposition may not exceed 4 hours with breaks that may be taken as needed; and (5) that only one attorney may question O.A. and may not raise their voice or agitate him.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**Civil Division**
Central District, Stanley Mosk Courthouse, Department 400

**24STCV07875**
**O. A, BY AND THROUGH HIS GUARDIAN AD LITEM, J.A, et al. vs JESSICA DEVITA**

July 23, 2026
8:30 AM

Judge: Honorable Dean J. Kitchens
Judicial Assistant: Juliete Ramirez
Courtroom Assistant: M. Quinteros

CSR: Cesar Rodriguez, CSR# 13269
ERM: None
Deputy Sheriff: None

Code of Civil Procedure section 2025.420(b) provides that "[t]he court, for good cause shown, may make any order that justice requires to protect any party or other person from unwarranted annoyance, embarrassment, or oppression, or undue burden and expense."

The protective order may include one or more of the following directions: (1) that all or some items or categories in the demand need not be produced at all; (2) that the time to respond to a set of demands be extended; (3) that the place of production be changed; (4) that the inspection, copying, testing, or sampling be made under specified terms and conditions; (5) that a trade secret or other confidential information not be disclosed, or disclosed only in a certain way to certain people; or (6) that the items produced be sealed and only opened after a court order. (*Id.*, § 2025.420, subd. (b).)

Code of Civil Procedure section 2017.020, subd. (a), provides that "[t]he court shall limit the scope of discovery if it determines that the burden, expense, intrusiveness of that discovery clearly outweighs the likelihood that the information sought will lead to the discovery of admissible evidence." Additionally, the court shall restrict the frequency or extent of the use of a discovery method if it determines either of the following:

1. The discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

2. The selected method of discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, and the importance of the issues at stake in the litigation.

(Code Civ. Proc.,§ 2019.030, subd. (a).)

Here, O.A. suffers from a rare genetic medical condition that makes participation in legal proceedings potentially damaging. This creates a greater risk that the taking of his deposition will result in unwarranted annoyance, embarrassment, or oppression. Indeed, the Court finds that given O.A.'s condition, a protective order is proper. They have demonstrated good cause in that the lack of the suggested protections could prove harmful to O.A. Defendant argues against the application of the fourth protection, which would limit the deposition to 4 hours. With the breaks also allowed for under that proposed protection, Defendant's time for deposing O.A. would be severely limited. The same protection for O.A. can be achieved by splitting the deposition into two sessions on separate days, each not exceeding 4 hours. Defendant also argues that the third restriction would limit the scope of her questioning, but that provision would only limit the use

of repetitive questions. Thus, the Court finds the proposed protective order warranted and proper but amends the fourth protection to allow for 2 separate sessions not exceeding 4 hours with breaks. Accordingly, Plaintiffs' motion for a protective order is granted with that edit to the 4th protection.

C. <u>Defendant's motion for a protective order is granted.</u>

Defendant seeks a protective order postponing the deposition of M.S. until proper medical accommodations are provided. M.S. suffers from autism and is intellectually disabled. Thus, similarly to O.A., a deposition will be potentially harmful to him. Defendant seeks protections similar to those afforded O.A. under the Plaintiffs' protective order. In the interest of fairness, the Court grants those exact same protections in the deposition of M.S. However, the Court does not make any particular order as to when the depositions must take place in relation to one another. Accordingly, Defendant's motion is granted in part: M.S.'s deposition will go forward, but the same protections applied to the deposition of O.A. as discussed above will be applied to the taking of M.S.'s deposition as well.

**<u>Conclusion:</u>**

The motions are granted in part. Plaintiffs' requested documents are sealed. With respect to the depositions of O.A. and M.S., the following restrictions apply: (1) the deponent may select the location as between the offices of counsel; (2) he may be accompanied by his parents, physicians, other support personnel, and counsel, but there shall be no "coaching"; (3) deposing counsel will avoid repetitive questions if the deponent cannot remember; (4) the deposition may not exceed the usual 7 hours with breaks that may be taken as needed, but must be split over two sessions neither of which may exceed 4 hours; and (5) only one attorney may question the deponent and may not raise their voice or agitate him.
Judicial assistant is to give notice.

Certificate of Service is attached.