Rosa K. Hirji (SBN 204722)
*rosa@rkhlawoffice.com*
Alexander F. Rodriguez (SBN 322700)
*alex@rkhlawoffice.com*
Ariel S. Harman-Holmes (SBN 315234)
*ariel@rkhlawoffice.com*
**HIRJI, CHAU & RODRIGUEZ, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel: (310) 391-0330 // Fax: (310) 943-0311

*Attorneys for Defendants O.A., M.A., and J.A.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian ad litem, Jessica DeVita, et al.

Plaintiffs,

v.

O.A., et al.

Defendants.

**Case No. 2:23-cv-09957-SRM-MAR**
Assigned to the Honorable Serena R. Murillo

**FAMILY DEFENDANTS' RESPONSE AND LIMITED NONOPPOSITION TO PLAINTIFFS' MOTION TO STRIKE M.A.'S ERRATA**
Memorandum of Points and Authorities [Dkt. 430]

Hearing: November 25, 2026
Time: 1:30 p.m.
Courtroom: 5D

Complaint filed: November 22, 2023

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants O.A., M.A., and J.A. respectfully submit this response to Plaintiffs' Motion to Strike Deposition Errata of Defendant M.A. (Dkt. 430), set for hearing on November 25, 2026, at 1:30 p.m. in Courtroom 5D. Family Defendants do not oppose an order striking the April 28, 2026 errata in its entirety. They dispute Plaintiffs' characterization that the corrections were a sham or an effort to conceal post-litigation deletion of evidence.

This response is based on the following Memorandum of Points and Authorities; the accompanying Declaration of Jenny Chau, Declaration of Rosa K. Hirji, and Exhibits A–C; and the records and papers on file in this action, including Dkts. 380-2, 381, 387, 387-1 through 387-4, 390, 430, 430-1, and 430-2.

Dated: November 4, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

JENNY CHAU
Attorneys for Family Defendants O.A., M.A., and J.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Family Defendants do not oppose Plaintiffs' request for an order striking M.A.'s April 28, 2026 errata. After receiving the reporting agency's errata notice, defending counsel assumed that she had requested transcript review on the record at the deposition. During preparation of this response, counsel reviewed the deposition record and realized that she had not made that request. Declaration of Rosa K. Hirji ("Hirji Decl.") ¶¶ 2–3. Family Defendants therefore do not ask the Court to accept the corrections under Rule 30(e) and respectfully request that the Court adopt Plaintiffs' proposed order at Dkt. 430-2, PageID 28267.

Family Defendants submit this response because Plaintiffs also characterize the corrections as an effort to retract an admission of spoliation. Dkt. 430, PageID 28227, 28232. That characterization is disputed and should not follow from nonopposition to striking the errata. The questioning moved between particular posts and repeated conversations without identifying when the removal occurred. M.A. subsequently explained the earlier incident he meant and declared that he had not deleted any social media posts after this lawsuit began. Declaration of Jenny Chau ("Chau Decl.") ¶¶ 2, 6–7, Exs. A, C.

That signed explanation was provided to Plaintiffs on April 17, before the April 28 errata and before Plaintiffs filed their terminating-sanctions motion. Chau Decl. ¶¶ 6–9; Dkt. 380-2 ¶ 31, PageID 10917. Family Defendants maintain that the errata was an effort to clarify confusing testimony, not to manufacture a different account. They ask that the Court resolve this motion by striking the errata without treating that disposition as an admission that M.A.'s explanation was false or that he deleted evidence during litigation.

//

//

//

## II. RELEVANT FACTUAL AND PROCEDURAL HISTORY

### A. The examination addressed different posts and repeated conversations

Plaintiffs' counsel took M.A.'s deposition on February 12, 2026. Chau Decl. ¶ 2. The disputed examination began with counsel reading from an investigator's report describing a November 28, 2023 Reddit comment. M.A. then discussed reviewing Reddit posts with O.A. and explaining why the material was inappropriate. Id., Ex. A, 118:16–120:4.

Asked when he reviewed the posts, M.A. answered, "I don't recall. When we became aware of it." Counsel asked what he became aware of, and M.A. answered, "Aware of the post." Counsel then asked how he became aware. M.A. responded, "I don't recall. I'm sure it was through some of this proceeding," and agreed that "this proceeding" meant the lawsuit. Id., Ex. A, 120:6–16.

Counsel next asked what M.A. told O.A. about inappropriate posts. M.A. described explaining that words intended in jest could be taken out of context, that O.A. could not control how others understood his words, and that he wanted O.A. to do better in his treatment of women. Id., Ex. A, 120:17–121:5. Counsel then asked whether M.A. spoke with O.A. on "just that one occasion." M.A. explained that O.A.'s difficulty retaining information required repeated conversations, and confirmed: "So, yes, I spoke to him about it on multiple occasions." Id., Ex. A, 121:15–122:9.

After that discussion, counsel asked: "After you spoke to him about it, did he take the post down?" M.A. answered: "We did that together. So the accounts where we were able to do it, we did it." He added that some accounts were inaccessible. Id., Ex. A, 122:11–17. The removal question did not identify which of the repeated conversations it referenced, and the answer did not state a removal date.

### B. Counsel raised the ambiguity and M.A. supplied a sworn explanation

On March 31, 2026, Jenny Chau met with Plaintiffs' counsel Isabelle Geczy concerning the anticipated motion for terminating sanctions and the alleged deletion

of Reddit posts. The discussion included the uncertainty about which posts and time periods the testimony addressed. Chau Decl. ¶ 3. Geczy summarized the meeting in an April 8 email; Chau responded on April 13. Id. ¶¶ 4–5, Ex. B; see also Dkt. 387-3, PageID 11637–11638.

Chau's April 13 email acknowledged that M.A. did not have a specific recollection of when the review and removal occurred and that removal likely preceded litigation. The email also explained that the questioning left unclear whether the testimony concerned a specific post, a particular period, or posts generally, and advised that M.A. would provide a declaration clarifying his testimony. Chau Decl. ¶¶ 4–5, Ex. B (Apr. 13 email). Family Defendants do not suggest that counsel expressed certainty at that stage.

M.A. addressed the subject himself in a signed declaration dated April 17. Referring expressly to his answer at deposition page 122, he stated that he meant a Reddit post he reviewed with O.A. concerning O.A.'s comment to M.S.'s Reddit post, before the lawsuit. He further declared: "I have not deleted any social media posts after the commencement of this lawsuit." Chau Decl. ¶¶ 6–7, Ex. C ¶¶ 12–13; Dkt. 387-4, PageID 11646.

Chau provided that declaration to Plaintiffs on April 17. Chau Decl. ¶ 6; Dkt. 387-1 ¶ 23, PageID 11631. Plaintiffs' counsel independently confirms receiving it that day. Dkt. 380-2 ¶ 31, PageID 10917. The explanation therefore preceded the errata; it was not first disclosed through proposed changes to the transcript.

**C. The errata followed the declaration and addressed the same distinction**

M.A.'s signed certification and errata are dated April 28, and Plaintiffs acknowledge submission on that date. Chau Decl. ¶ 8; Dkt. 430-1 ¶ 8, Ex. 4, PageID 28236–28237, 28263–28265. The two entries distinguish awareness of some posts before litigation from awareness of others during litigation, and identify the removals described by M.A. as occurring before the lawsuit. Each entry identifies clarification as its stated reason. Chau Decl. ¶ 8; Dkt. 430-1, Ex. 4, PageID 28265.

Plaintiffs filed their terminating-sanctions motion on April 29 and a corrected motion on April 30. Dkts. 380, 381. Family Defendants filed their opposition and supporting declarations on May 6, including M.A.'s April 17 declaration. Chau Decl. ¶ 9; Dkts. 387, 387-1, 387-4. The separate May 6 declaration also addressed Instagram access and denied intentionally deleting the Instagram account or instructing anyone else to delete it. Chau Decl. ¶ 10; Dkt. 387-2 ¶¶ 12–19, PageID 11634.

Chau and Plaintiffs' counsel Morgan Ricketts met and conferred regarding the errata motion on May 14 without resolving the dispute. Chau Decl. ¶ 11. Plaintiffs filed the present motion on August 25. Dkt. 430, PageID 28225–28226. Its notice and conclusion request an order striking the errata; the proposed order does the same. Id., PageID 28226, 28233; Dkt. 430-2, PageID 28267.

## III. ARGUMENT

### A. Family Defendants do not oppose striking the errata under Rule 30(e)

Rule 30(e)(1) governs review and proposed corrections to deposition testimony, including the requirement of a request before the deposition is completed and the period following notification that the transcript is available. *Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224–26 (9th Cir. 2005), recognizes both those procedural requirements and the limits on contradictory revisions. Family Defendants do not ask the Court to find that the proposed corrections satisfy Rule 30(e). They do not oppose striking both entries, and no ruling retaining any part of the errata is requested.

The remaining purpose of this response is to explain why that position does not concede Plaintiffs' factual premise. The Court can grant the specific relief sought without determining that M.A. fabricated his explanation or admitted deleting evidence during litigation.

//

//

**B. The record supports a genuine explanation of the testimony**

Plaintiffs connect the answer about awareness at page 120 with the answer about removal at page 122 and treat them as one admission of post-litigation deletion. The intervening testimony matters: counsel asked whether there had been one conversation, and M.A. explained that there had been many. Chau Decl. ¶ 2, Ex. A, 120:6–122:17. The later removal question did not identify which conversation it meant. Plaintiffs' chart also appends the page 120 awareness answer to the page 122 removal answer, although those words were not part of the removal answer. Dkt. 430, PageID 28230; compare Chau Decl., Ex. A, 120:12–16 with 122:11–17.

Family Defendants recognize that the examination included a reference to a November 2023 comment and that M.A. associated his awareness of a post with the lawsuit. They do not dispute those portions of the transcript. But a posting date read from a report is not a removal date supplied by M.A. The subsequent discussion of repeated conversations permits the explanation that his removal answer concerned a different, earlier incident. His April 17 declaration identifies that incident. Chau Decl. ¶¶ 2, 6–7, Ex. A, 118:16–122:17, Ex. C ¶ 12.

The related sham-affidavit doctrine requires a clear and unambiguous inconsistency and a factual determination that the contradiction is a sham. *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). It also recognizes legitimate explanations and clarification of prior testimony. Id. at 1080–81. Those principles do not establish that these corrections belong in the transcript under Rule 30(e), and Family Defendants do not seek that result. They do show why exclusion of the errata need not carry a finding that the witness's explanation was fabricated.

M.A.'s explanation is specific. He identifies the earlier Reddit exchange he meant, while his declaration also acknowledges the testimony that he learned of posts through the lawsuit. Chau Decl. ¶¶ 6–7, Ex. C ¶¶ 5–13. His position is that he discussed inappropriate posts with O.A. on different occasions, but did not delete

social media posts after litigation began. Family Defendants continue to maintain that position.

**C. The chronology does not require treating the explanation as a sham**

Plaintiffs emphasize that the errata followed discussions of a terminating-sanctions motion. Dkt. 430, PageID 28232. The complete chronology includes the explanation provided before the errata: counsel identified the ambiguity in the April 13 email, and M.A. supplied his signed declaration on April 17. Chau Decl. ¶¶ 4–8, Exs. B–C. The April 28 errata addressed the same distinction between learning about posts and removing a post earlier. Its timing does not establish that the explanation first appeared as a last-minute revision to avoid the sanctions motion.

Nor should the separate May 6 Instagram declaration be treated simply as another version of the Reddit removal answer. It addresses account access, recovery efforts, and M.A.'s denial that he intentionally deleted or directed deletion of the Instagram account. Chau Decl. ¶ 10; Dkt. 387-2 ¶¶ 12–19, PageID 11634. Plaintiffs challenge those facts in the terminating-sanctions briefing, but that dispute does not require resolution to strike the errata. See Dkt. 390, PageID 11834–11836.

Family Defendants are not asking the Court to decide the underlying chronology in their favor through this response. They ask only that consent to exclusion not be treated as abandonment of M.A.'s sworn explanation or as an admission of fabrication or spoliation. The order proposed by Plaintiffs can resolve the errata motion without reaching those issues.

**IV. CONCLUSION**

Family Defendants do not oppose an order striking M.A.'s April 28, 2026 errata in its entirety. They respectfully request that the Court confine its ruling to that relief and not treat their nonopposition as an admission that the errata was a sham, that M.A.'s separate declaration was false, or that he deleted evidence after this lawsuit began.

Dated: November 4, 2026

HIRJI, CHAU & RODRIGUEZ, LLP

JENNY CHAU
Attorneys for Family Defendants O.A., M.A., and J.A.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Family Defendants O.A., M.A., and J.A., certifies that this brief contains 1,870 words, excluding the items exempted by L.R. 11-6.1, and complies with the word limit of L.R. 11-6.1.

Dated: November 4, 2026

JENNY CHAU