UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S. et al., Plaintiffs, v. O.A., et al., Defendants. | Case No. 2:23-cv-09957-SRM-MAR<br><br>**ORDER DENYING DEFENDANTS' *EX PARTE* APPLICATION TO SHORTEN TIME [460]; STRIKING DEFENDANTS' MOTIONS [458; 459]; AND DENYING AS MOOT DEFENDANTS' *EX PARTE* APPLICATION FOR LEAVE TO FILE UNDER SEAL [461]** |

Before the Court is Defendants O.A., M.A., and J.A.'s ("Defendants") *Ex Parte* Application to Shorten Time for Hearing and for Limited Interim Relief ("*Ex Parte* Application"). Dkt. 460. Plaintiffs M.S., a minor, by and through his guardian ad litem, Jessica DeVita; and I.H., a minor, by and through her guardian ad litem, Candace Hernandez's ("Plaintiffs") oppose. Dkt. 468. Having considered the Parties' submissions, relevant legal authorities, and record in this case, the Court **DENIES** the *Ex Parte* Application. Dkt. 460.

On October 28, 2026, Defendants filed two motions: (1) Defendants' Motion to Terminate or Remove Jessica DeVita as Guardian Ad Litem for Plaintiff M.S.; and (2) Defendants' Motion to Disqualify Mr. Olu Orange and Orange Law Offices, P.C. from

Representing Plaintiff M.S. (collectively, the "Motions"). Dkt. 458; 459. However, Defendants improperly noticed the Motions for hearing on November 25, 2026, despite the Court's closure of the motion calendar that day. Defendants thus seek *ex parte* relief to shorten time on the Motions so that they may be heard on November 25, 2026—the last day to hear motions per the Court's Amended Scheduling Order. *See* Dkt. 414.

*Ex parte* applications are solely for extraordinary relief, rarely justified, and should be filed sparingly. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995); *see also Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (recognizing that the "circumstances justifying the issuance of an ex parte order are extremely limited"). To justify *ex parte* relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Mission Power*, 883 F. Supp. at 492.

Defendants fail to address how they will be irreparably prejudiced if the *Ex Parte* Application is denied, or how they are without fault for creating this crisis or that the crisis occurred as a result of excusable neglect. Rather, Defendants merely argue that motions "should be heard on the merits, and not be denied due [to] the Court's unavailability to hear the motion before the Court's scheduling order deadline." Dkt. 460 at 4–5. The Court finds that Defendants would suffer no greater prejudice had they made this request by way of a regularly noticed motion. Even if the deadline has expired, Defendants are not precluded from filing a motion to modify and reopen this deadline, assuming good cause exists.

Moreover, the record reflects that Defendants' alleged crisis did not occur as a result of excusable neglect. Defendants had at least seven months to raise these concerns to the Court but waited until only a month prior to the motion deadline. Dkt. 468 at 5; 468-2. Thus, the Court finds that because Defendants were not diligent in resolving this issue earlier, they have not met their burden to justify *ex parte* relief. *See Mission Power*, 883 F.

Supp. at 492. Because Defendants have not met either requirement for *ex parte* relief, such relief is not justified here. Accordingly, the Court **ORDERS** as follows:

1) Defendants' *Ex Parte* Application to Shorten Time to Hear Defendants' Motions, Dkt. 460, is **DENIED**; and
2) Defendants' Motion to Terminate or Remove Jessica DeVita as Guardian Ad Litem for Plaintiff M.S, Dkt. 458, and Motion to Disqualify Mr. Olu Orange and Orange Law Offices, P.C. from Representing Plaintiff M.S., Dkt. 459, are **STRICKEN**; and
3) Defendants' *Ex Parte* Application for Leave to File Under Seal, Dkt. 461, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: November 23, 2026



HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE