Olu K. Orange, Esq. [S. B. #213653]
ORANGE LAW OFFICES, P.C.
3435 Wilshire Blvd., Suite 2910
Los Angeles, California 90010
Telephone: (213) 736-9900 / Facsimile: (213) 417-8800
Email: orangelawoffices@att.net

Dan Stormer, Esq. [S.B. # 101967]
Morgan E. Ricketts, Esq. [S.B. # 268892]
Kate McFarlane, Esq. [S.B. #340706]
Isabelle Geczy, Esq. [S.B. #349594]
Santiago Villegas, Esq. [S.B. #366637]
HADSELL STORMER RENICK & DAI LLP
128 N. Fair Oaks Avenue
Pasadena, California 91103
Telephone: (626) 585-9600 / Facsimile: (626) 577-7079
Emails: dstormer@hadsellstormer.com / mricketts@hadsellstormer.com
svillegas@hadsellstormer.com / kmcfarlane@hadsellstormer.com
igeczy@hadsellstormer.com

*Attorneys for Plaintiffs M.S. and I.H.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

M.S., a minor, by and through his guardian *ad litem*, Jessica DeVita; and I.H., a minor, by and through her guardian *ad litem*, Candace Hernandez,

Plaintiffs,

v.

O.A., M.A., J.A., MARAE CRUCE, GREGORY PITTS, ANTONIO SHELTON, SANTA MONICA MALIBU UNIFIED SCHOOL DISTRICT and Does 1 through 10,

Defendants.

Case No.: 2:23-cv-09957-SRM-MAR

[Assigned to the Honorable Serena R. Murillo – Courtroom 5D]

**PLAINTIFFS' OPPOSITION TO FAMILY DEFENDANTS' MOTION TO BIFURCATE TRIAL UNDER RULE 42, OR, IN THE ALTERNATIVE, TO SEVER PLAINTIFFS' CLAIMS UNDER RULE 21 (DKT. 433)**

DATE: December 16, 2026
TIME: 1:30 p.m.

Complaint filed: November 22, 2023
Discovery Cutoff: September 11, 2026
FPTC: February 17, 2027
Trial Date: Not set

# I. INTRODUCTION

Family Defendants seek two trials before separate juries—one for M.S. and one for I.H.—or, alternatively, severance into independent actions. The Motion should be denied for four reasons: (1) extending litigation conflicts with Family Defendants' prior representations that legal proceedings pose serious medical risks for O.A; (2) the December 16, 2026 hearing falls after the Court's November 25 motion cutoff without an order extending that deadline; (3) pending motions for summary judgment may materially alter the claims and parties requiring trial; and (4) judicial economy and fairness favor a single trial of the substantially overlapping evidence, rather than duplicative proceedings. (Dkts. 433, 414, 491.)

Family Defendants acknowledge that O.A. and other witnesses may testify in both proposed trials and that two trials may not reduce total court time. (Dkt. 433 at 7.) They do not explain how this duplication comports with the medical concerns they previously advanced to limit O.A.'s deposition. (Dkts. 157-2, 163-2, 168, 417.) Nor have they shown why any risk of jury confusion cannot be addressed through instructions and individualized verdict forms rather than repeated proceedings.

Plaintiffs opposed Family Defendants' attempt to advance the hearing to November 25 but did not oppose a limited extension permitting the Motion to be heard December 16. However, that accommodation did not modify the scheduling order. (Dkt. 469; (Dkt. 453 – 2.) As Judge Murillo recently explained, an expired deadline may be reopened by motion upon a showing of good cause. (Dkt. 491 at 2:21–23.) No such relief has been obtained for Dkt. 433.

Because summary judgment remains unresolved, bifurcation or severance may prove unnecessary or require a different division of issues than the one proposed. The Court should deny the Motion or defer consideration until the surviving claims and Defendants are known.

Moreover, Family Defendants have not demonstrated that separate proceedings would promote judicial economy or avoid prejudice that cannot be addressed through

careful jury instructions and individualized verdict forms. Plaintiffs' claims involve the same alleged principal wrongdoer, overlapping factual questions concerning notice and failures to protect, and common witnesses and evidence. As Family Defendants acknowledge, separate trials may require those witnesses to testify twice and may not reduce the total time required to adjudicate the claims. (Dkt. 433 at 1, 7.)

Accordingly, Plaintiffs respectfully request that the Court DENY Family Defendants' Motion.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Family Defendants initiated the meet-and-confer process on July 29, 2026, and met with Plaintiffs' counsel and District Defendants' counsel on August 7, 2026. (Dkt. 433-1.) They filed Dkt. 433 on September 24, noticing the Motion for December 16, 2026, after the November 25 hearing cutoff. (Dkts. 433, 414, 491 at 2.)

On October 22, Family Defendants announced their intention to seek an earlier November 25 hearing or permission to retain the December 16 date. (Dkt. 453-2.) On October 23, Plaintiffs opposed shortening time but agreed to a limited extension of the hearing cutoff for this Motion alone; they later filed their opposition to the ex parte application. (Dkt. 453 – 2; Dkt. 469.)

On November 23, 2026, the Court denied Family Defendants' ex parte request concerning separate guardian ad litem and counsel-disqualification motions and struck those motions, noting that a party may move to modify and reopen an expired deadline upon a showing of good cause. (Dkt. 491 at 2–3.) No order extending the hearing cutoff for Dkt. 433 has been obtained.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 20(a)(1) permits plaintiffs to join in one action where their claims arise from the same transaction, occurrence, or series of transactions or occurrences and involve a common question of law or fact. Rule 20(a)(3) expressly provides that neither a plaintiff nor a defendant need be interested in obtaining or defending against all the relief demanded, and that judgment may be entered according

to each plaintiff's rights and each defendant's liabilities.

Federal Rule of Civil Procedure 42(b) provides that, for convenience, to avoid prejudice, or to expedite and economize, the Court may order separate trials of one or more claims or issues.

Rule 21 separately authorizes severance of claims. Unlike separate trials under Rule 42(b), severance creates independent actions, each proceeding to its own judgment. In determining whether severance is appropriate, the Court may consider convenience, prejudice, and whether severance will promote the expeditious resolution of litigation. (Fed. R. Civ. P. 21; *Fisher v. United States*, 2015 WL 5723638, at *7 (C.D. Cal. June 18, 2015).)

Finally, Rule 16(b)(4) provides that a scheduling order may be modified only for good cause and with the judge's consent. (Fed. R. Civ. P. 16(b)(4); Dkt. 491.)

## IV. ARGUMENT

### A. Family Defendants' Request for Two Separate Trials Conflicts With Their Prior Representations Concerning O.A.'s Medical Risks.

In seeking protective relief, Family Defendants represented that the stress of litigation caused a "precipitous decline" in O.A.'s health and impaired his brain development. They asserted that treating professionals believed participation in legal proceedings could cause serious injury, including "sudden cardiac death," and that he suffered an April 10, 2025 metabolic crisis attributed to litigation-related stress. (Dkts. 157-2, 163-2.)

The Court recognized Family Defendants' assertion that O.A.'s condition posed a risk of death if deposed, and it imposed limitations intended to protect him from serious physical harm. (Dkts. 417, 168.) These representations and protections are difficult to reconcile with a request for two trials that could require O.A. to prepare for and give testimony twice.

Family Defendants expressly acknowledge "the possibility that common witnesses, including O.A., his parents, and school personnel, would testify in both trials"

and concede that "two shorter trials [do not] necessarily require less total court time." (Dkt. 433 at 7:8–11.) Their alternative severance request would likewise create two independent actions involving claims against O.A. (Dkt. 433 at 8.) Yet the Motion does not address how the added preparation, testimony, or prolonged proceedings would affect the very medical risks previously asserted.

Family Defendants principally identify possible jury confusion concerning notice, liability, and damages. But appropriate instructions, evidentiary rulings, and individualized verdict forms could address those concerns without requiring O.A. to participate in overlapping testimony before two juries. Family Defendants have not reconciled their proposed duplication with the medical burdens they previously emphasized.

**B. The Court Has Not Authorized Family Defendants Motion to Be Heard After the November 25, 2026 Motion Cutoff.**

Family Defendants filed their Motion September 24, 2026, but noticed it for December 16, after the Court's November 25 deadline for hearing motions. (Dkts. 433, 414; Dkt. 491 at 2:1–5.) Their October 22 correspondence recognized the conflict and proposed an ex parte request to advance the hearing or retain the later date. (Dkt. 453-2.) While Plaintiffs opposed advancing the hearing to November 25, they did not oppose extending the cutoff solely to permit a December 16 hearing. (Dkt. 453-2; Dkt. 469.) However, their limited nonopposition was not judicial authorization to modify the schedule. Rule 16(b)(4) requires both good cause and the Court's consent.

In its November 23 Order addressing different motions, Judge Murillo stated: "Even if the deadline has expired, Defendants are not precluded from filing a motion to modify and reopen this deadline, assuming good cause exists." (Dkt. 491 at 2:21–23.) Although Dkt. 433 was filed before the cutoff, it remains noticed for a hearing afterward. The Court has not granted an extension for that hearing, and Family Defendants have not obtained permission to proceed on December 16. Accordingly, the Motion should not be heard absent an order modifying the schedule.

**C. The Motion Is Premature Because Summary Judgment May change the Claims and Parties Requiring Trial.**

The Court has not ruled on the pending motions for summary judgment. Those rulings may eliminate claims or parties, narrow issues of liability, or otherwise change the evidence required at trial. Family Defendants' proposed order expressly contemplates two trials of each Plaintiff's surviving claims against only those Defendants against whom the claims remain. (Dkt. 433-4 at 1.) The proposed structure therefore depends on determinations the Court has not yet made.

Resolving summary judgment first will permit the Court to assess the actual risk of confusion, degree of evidentiary overlap, and cost of separate trials. It may also eliminate some of the concerns on which Family Defendants rely. Committing now to separate juries or independent actions risks unnecessary duplication.

Because the scope of trial remains undetermined, the Court cannot yet assess which potential sources of jury confusion will actually remain. Those concerns can be evaluated after summary judgment, when the Court knows which claims, parties, and evidentiary questions require trial.

The Court should deny the Motion as premature.

**D. Judicial Economy and Fairness Require Denial of the Request.**

Neither separate trials under Rule 42(b) nor severance into independent actions under Rule 21 would advance the convenience of the parties or the expeditious resolution of this litigation. Both Plaintiffs allege misconduct by O.A. and related failures by other Defendants to respond to reports and protect them. The allegations involve common questions concerning O.A.'s conduct, Defendants' knowledge and notice, and their responses. Although the incidents and injuries differ, those differences do not eliminate the substantial overlap in witnesses and evidence.

Family Defendants acknowledge that discovery proceeded jointly, that O.A., his parents, and school personnel may testify in both proposed trials, and that two trials would not necessarily take less total court time. Requiring the Court and parties to present

substantially the same evidence twice would increase expense, duplicate witness preparation and testimony, and prolong resolution. Severance under Rule 21 would compound these burdens by creating separate actions and independent judgments.

Nor have Family Defendants shown unfair prejudice that requires separate proceedings. Rule 20(a)(3) permits judgment for each Plaintiff according to that Plaintiff's rights and against each Defendant according to that Defendant's liabilities. (Fed. R. Civ. P. 20(a)(3).) Carefully tailored jury instructions, separate verdict questions, and rulings on the admissibility and limited use of particular evidence can address the distinctions Family Defendants identify without duplicating the proceedings. Having already benefited from joint discovery, Family Defendants identify no material prejudice from maintaining the claims in one action. Judicial economy and fairness therefore independently favor denying both requested forms of relief. (Dkt. 433 at 3–7.)

## V. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court DENY Family Defendants' Motion to Bifurcate Trial Under Rule 42, or, in the Alternative, to Sever Plaintiffs' Claims Under Rule 21 (Dkt. 433).

Alternatively, Plaintiffs request that consideration of bifurcation or severance be deferred until the Court resolves summary judgment and identifies the claims and parties remaining for trial.

Dated: November 25, 2026

Respectfully Submitted,
ORANGE LAW OFFICES
HADSELL STORMER RENICK & DAI LLP

By: */s/* - Morgan E. Ricketts
Olu K. Orange
Dan Stormer
Morgan Ricketts
Kate McFarlane
Isabelle Geczy
Santiago Villegas
Attorneys for Plaintiffs M.S. and I.H.

## Certificate of Compliance

The undersigned, counsel of record for Plaintiffs M.S. and I.H., certifies that this brief contains less than 1,747 words, which complies with the word limit of L.R. 11-6.1

Dated: November 25, 2026

/s/ - Morgan E. Ricketts
Morgan E. Ricketts